Nazanin Mazgani, Esq.  (SBN 270258)
10954 Massachusetts Avenue
Los Angeles, CA  90024
Phone: (310) 892-0820
Email: mazganilaw@gmail.com
*Attorney for Mahvash Mazgani, Appellee*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re, MAHVASH MAZGANI | )  Case No.:  **2:25-cv-02230-SSS** |
| | ) |
| Debtor In | )  Bankruptcy Case No.: 2:19-bk-21655-BR |
| Possession | )  Adversary Case No.: 2:20-ap-01637- BR |
| | ) |
| _____ | ) |
| | )  DEFENDANT MAHVASH MAZGANI'S |
| | )  NOTICE OF RELATED CASES, I.E., THIS |
| KEVIN MODA, | )  CASE AND *ASLAN v MAZGANI* |
| | )  [2:24-cv-02762-WLH-SK(x)] |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MAHVASH MAZGANI, | ) |
| | ) |
| Debtor | ) |
| | ) |

\ \ \

## 1.  THIS CASE ARISES FROM THE SAME OR CLOSELY RELATED TRANSACTIONS, HAPPENINGS OR EVENTS.

Kevin Moda has recently filed another appeal in the case of *Kevin Moda v. Mahvash Mazgani*, Case No. 2:25-cv-02230-SSS (or Adv. Case No. 2:20-ap-01637) ("Latest Appeal").  The Latest Appeal stems from the bankruptcy court's order dismissing the adversary case Moda had filed against Mahvash Mazgani (Adv. Case No. 2:20-ap-01637) in her bankruptcy case (Case No. 2:19-bk-21655-BR).

This Court, Hon. Wesley L. Hsu, has already heard multiple appeals relating to Mr. Moda and Mahvash Mazgani, specifically one appeal which related to three different bankruptcy court orders in Case No. 2:23-cv-08894 (or Adv. Case No. 2:20-ap-01637), wherein the Court entered an Order on Appeal dated September 4, 2024.  In the Court's Order (attached as **Exhibit A** hereto), this Court affirmed the bankruptcy court's order denying a termination of stay in Mahvash Mazgani's bankruptcy case and determined it did not have jurisdiction to decide the appeal of the other orders.  The Order also states in relevant part:

> "This appeal stems from Appellant Kevin Moda's ("Kevin Moda" or "Moda") attempts to enforce a state court judgment against Appellee Mahvash Mazgani ("Mahvash Mazgani" or "Mazgani"), despite a bankruptcy stay in place barring him from doing so.  The Court recounts the following facts from  its Order Granting the Motion to Dismiss With Prejudice (the "*Aslan* Order of Dismissal," Docket No. 43) **in the related case *Aslan v. Mazgani, et al.,* Case No. 2:24-cv-02762-WLH-SK (C.D. Cal.)** . . ."

\ \ \

As the Court states above, the "08894 case" is related to this case ("02762") and, therefore, it also relates to the Latest Appeal.

The case of ***Aslan v. Mazgani***, which involves property of Mahvash Mazgani's bankruptcy estate, was dismissed with prejudice on June 10, 2024. However, Plaintiff, Mehmet Veli Aslan (Aslan) has filed a Rule 60(b), (d) motion, and the motion is on the calendar for June 13, 2025, at 1:30p.m. in front of Judge Hsu. Aslan has also filed and recorded a Notice of Pendency of Action in violation of the bankruptcy stay under his attorney Vip Bhola who has been sanctioned by the bankruptcy court judge, Judge Barry Russell. Since Judge Hsu has ruled on several cases involving Debtor, Mahvash Mazgani, he would be best suited to rule on this appeal because he knows the procedural background.

**2. THIS CASE AND THE LATEST APPEAL CALL FOR THE SAME DETERMINATION OF THE SAME OR SUBSTANTIALLY RELATED QUESTIONS OF LAW AND FACT.**

Since Moda's adversary case has been dismissed for his wrongdoings in the bankruptcy court, this case is substantially related to the same questions of law and fact already adjudicated by Judge Hsu.

Furthermore, in ***Aslan v Mazgani* [2:24-cv-02762-WLH-SK(x)]**, Moda, through Plaintiff Aslan, is seeking the same determination as the latest motion-that the Properties belong to him even though the State Court Judgment against Mahvash Mazgani is on

appeal. All the appeals discuss the same set of facts relating to the State Court Judgment and continue to ask the court to declare that the subject Properties are actually owned by him even though the judgment is on appeal and there is a stay in place relating to Mahvash Mazgani's bankruptcy.

### 3. IF THIS CASE WERE HEARD BY A JUDGE OTHER THAN THE HONORABLE WESLEY L. HSU, IT WOULD ENTAIL A SUBSTANTIAL DUPLICATION OF LABOR.

The Honorable Wesley L. Hsu should be the proper Judge to hear Moda's appeal since he has already been assigned to the related District Court cases involving the same parties and facts as cases 2:24-cv-01011-WLH, 2:24-cv-02762-WLH-SK; 2:24-cv-03245-WLH, 2:24-cv-02529, 2:24-cv-05798-WLH, 2:23-cv-08894, as well as 2:24-cv-02762-WLH-SK. As the facts in all these cases are quite complicated and "long," it would take a substantial amount of time for a new judge to read, analyze and understand all the facts and issues of law when Hon. Wesley L. Hsu is already familiar with them, as well as, Moda's tactics in trying to get a favorable determination that he should be allowed to enforce the judgment against the subject Properties of Mahvash Mazgani's bankruptcy estate.

### 4. CONCLUSION

In light of the above, Defendants respectfully request that the Court relate this case with the Latest Appeal so that the Hon. Wesley L. Hsu can hear and determine further motions and/or appeals in both cases.

DEFENDANT MAHVASH MAZGANI'S NOTICE OF RELATED CASES

Dated:  May 29, 2025                    __/s/Nazanin    Mazgani_____

                                                        Nazanin Mazgani
                                    Attorney for Defendant Mahvash Mazgani

# EXHIBIT "A"

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MAHVASH MAZGANI,<br><br>Debtor. | Case No. 2:23-cv-08894-WLH<br><br>Bankr. Case No.: 2:19-bk-21655-BR<br><br>Adversary Case No.: 2:20-ap-01637-BR |
| KEVIN MODA,<br><br>Appellant,<br><br>v.<br><br>MAHVASH MAZGANI,<br><br>Appellee. | **ORDER ON APPEAL**<br><br>Related Cases:<br><br>2:24-cv-01011-WLH (CLOSED)<br>2:24-cv-02762-WLH-SK (CLOSED)<br>2:24-cv-03245-WLH<br>2:24-cv-02529-WLH<br>2:24-cv-05798-WLH |

Before the Court is the appeal of three orders of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"): (1) the Order Granting Application of Chapter 11 Debtor and Debtor in Possession to Employ Klapach & Klapach, P.C. as Debtor's Special Litigation Counsel, Effective July 7, 2023 (the "Order Appointing Special Litigation Counsel," Bkr. Docket No. 851[1]); (2) the Order Denying Disgorgement of Fees Paid to Professionals from October 3, 2019, to Present (the "Order Denying Disgorgement of Professional Fees," Bkr. Docket No. 852); and (3) the Order Denying Motion for Order Confirming Termination of Stay or That No Stay is in Effect (the "Order Denying Termination of Stay," Bkr. Docket No. 877). (Notice of Appeal, Docket No. 1 at 2). The Court finds it does not have jurisdiction to decide the appeal of the first two orders. As to the Order Denying Termination of Stay, the Court **AFFIRMS.**

## I.   BACKGROUND

### A. <u>The Underlying Action</u>

This appeal stems from Appellant Kevin Moda's ("Kevin Moda" or "Moda") attempts to enforce a state court judgment against Appellee Mahvash Mazgani ("Mahvash Mazgani" or "Mazgani"), despite a bankruptcy stay in place barring him from doing so. The Court recounts the following facts from its Order Granting the Motion to Dismiss With Prejudice (the "*Aslan* Order of Dismissal," Docket No. 43) in the related case *Aslan v. Mazgani, et al.*, Case No. 2:24-cv-02762-WLH-SK (C.D. Cal.):

> In 2019, an involuntary bankruptcy petition was filed in the [Bankruptcy Court] against Mahvash Mazgani …. At the time, [Mazgani and her daughters, Nazanin and Neyaz Mazgani, (collectively, the "Mazganis")] were plaintiffs in an action against Kevin Moda in the Los Angeles County Superior Court. At issue in the state court action was the rightful ownership of two properties: one at 141 South Clark Drive, Unit 320, Los Angeles, California 90048 (the "Clark Property"), and another at

---

[1] "Bkr. Docket" references are to the docket in *In re Mazgani*, Case No. 2:19-bk-21655-BR (Bkr. C.D. Cal.).

2

10950 Massachusetts Avenue, Los Angeles, California 90024 (the "Massachusetts Property").

On July 16, 2020, Moda filed a motion in the bankruptcy action, *In re Mazgani*, for relief from the automatic bankruptcy stay so the state court action could proceed. The motion specified that Moda "agree[d] that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate," except that Moda would be able to file a proof of claim and/or an adversary complaint with the Bankruptcy Court. On September 16, 2020, the Honorable Barry Russell of the Bankruptcy Court granted Moda's motion "to allow [the] pending state court action … to continue in the state court forum."

On October 2, 2020, Moda filed a Cross-Complaint in the state court action, asserting that the Mazganis owed him a non-dischargeable debt arising out of Mahvash Mazgani's alleged defrauding of Moda and mishandling of a trust held for Moda's benefit. The same day, Moda filed an adversary action against Mahvash Mazgani in the Bankruptcy Court. The adversary action is rooted in the same allegations as Moda's Cross-Complaint in the state court proceeding.

On July 7, 2023, Moda obtained a judgment against Mahvash Mazgani in the state court action (the "State Court Judgment"). Through the State Court Judgment, the state court awarded Moda both the Clark Property and the Massachusetts Property. On July 12, 2023, the Mazganis appealed the State Court Judgment.

On September 21, 2023, Moda filed a motion for an "Order Confirming Termination of Stay" in the Bankruptcy Court. In brief, Moda argued that the State Court Judgment "led to excluding the [Clark and Massachusetts] properties from the automatic stay." Therefore, Moda argued, he could enforce the State Court Judgment regardless of the bankruptcy stay. On October 18, 2023, Judge Russell denied Moda's motion and confirmed that "the automatic stay remains in effect as to enforcement of any judgment in the Superior Court case." Moda then appealed that order to this Court.

Despite the pending appeal, and in complete disregard of Judge Russell's order, Moda and his attorney, Vipan Bhola, violated the stay. In an order dated January 19, 2024, Judge Russell found that Moda and Bhola

had "attempt[ed] to enforce Mr. Moda's non-final Superior Court judgment by: 1) Mr. Moda sending letters to Debtor [Mahvash Mazgani]'s tenants identifying himself as owner of Debtor's property and directing them to suspend payment of rents to Debtor; and 2) by Mr. Bhola filing an *Ex Parte* Application for Mr. Moda in the Superior Court seeking such an order." Judge Russell ordered Moda and Bhola to pay compensatory sanctions and punitive damages for their violation of the stay.

Nevertheless, Moda continued to violate the stay. On March 20, 2024, Judge Russell issued a contempt order against Moda for

A.  Recording a Grant Deed on February 26, 2024 signed by Moda purporting to grant [the Clark Property] to Mehmet Veli Aslan (Recorded Doc. No. 20240122024);

B.  Recording a Grant Deed on February 26, 2024 signed by Moda purporting to grant [the Massachusetts Property] to Mehmet Veli Aslan (Recorded Doc. No. 20240122023);

C.  Causing to be delivered a Notice of Ownership Change dated February 29, 2024 purportedly signed by "V. Aslan" to Debtor's tenants residing at [the Massachusetts Property], which stated that the new owner of the property is Mehmet Veli Aslan, M.D.; that rent payments shall be made payable to Mehmet Veli Aslan, M.D.; and "Until further notice, please do not remit any rent"; and "RENT OBLIGATIONS ALL SUSPENDED UNTIL FURTHER NOTICE";

D.  Causing to be delivered a Three-Day Notice to Pay Rent or Quit dated March 6, 2024 purportedly signed by Mehmet Veli Aslan, M.D. to Debtor's tenants residing at [the Massachusetts Property]. Said Three-Day Notice instructs the tenants on Page 2 to pay rent to an individual named David Duval at an address in West Hollywood and on Page 3 to pay rent to an account at Wells Fargo Bank in the name of John Gross.

E.  Causing to be delivered a "Notice to Tenants and Trespassers" dated March 6, 2024 purportedly signed by Mehmet Veli Aslan, M.D. delivered to Debtor's tenants residing at [the Massachusetts Property]. Said Notice instructs the tenants to remove all personal items from their garages by March 11, 2024 or the items "will be considered abandoned and subject to removal."

Among other remedial actions, Judge Russell ordered Moda to record recissions of both grant deeds recorded on February 26, 2024, that purported to deliver the Clark and Massachusetts Properties to Aslan (the "Grant Deeds"). Judge Russell further ordered Moda to provide proof of his remedial actions by March 25, 2024, or "pay sanctions of $1,000 per day to Debtor's attorneys of record from and after March 25, 2024 until proof of all the Remedial Actions is provided." …

On June 4, 2024, Judge Russell issued an Order to Show Cause Why Additional Punitive Measures Should Not Be Imposed on Kevin Moda for His Failure to Remediate His Actions Taken in Violation of the Automatic Stay. That order explains that Moda has never provided proof of the remedial measures Judge Russell ordered him to take in the Order Holding Moda in Contempt. Nor has Moda paid any of the ordered sanctions.

(*Aslan* Order of Dismissal at 2–5 (citations omitted)).

## B. <u>The Appeals and Civil Case</u>

While the events described above were occurring in the Bankruptcy Court, Moda and Bhola filed a series of appeals and a related civil case in this Court. Moda filed the instant appeal (the "Lead Appeal") on October 23, 2023, and elected to have it heard by the district court. (Notice of Appeal at 2).

On February 5, 2024, Moda filed another appeal, Case No. 2:24-cv-01011 (C.D. Cal.) (the "Second Appeal"), this time of the Bankruptcy Court's January 19, 2024, Order Granting Debtor's Motion for Damages and Sanctions Against Kevin Moda and Vipan K. Bhola for Willful Violation of the Automatic Stay (Bkr. Docket No. 993). In that order, described briefly at section I.A, *supra*, the Bankruptcy Court found that

Moda and Bhola violated the automatic stay and awarded Mahvash Mazgani compensatory sanctions and punitive damages against Moda and Bhola, jointly and severally, in the total amount of $34,956. (*Id.* at 2). This Court dismissed the Second Appeal with prejudice on March 27, 2024, because Moda failed to meet a jurisdictional deadline. (Order Granting Mot. to Dismiss, Second Appeal Docket No. 19).

On April 4, 2024, Aslan—the person to whom Moda purported to transfer the Properties via the Grant Deeds—initiated the *Aslan v. Mazgani* action against Mahvash Mazgani's daughters, Nazanin and Neyaz Mazgani.[2] Aslan, with the help of his counsel, Bhola, sought to enforce the State Court Judgment and take control of the Properties. Defendants Nazanin and Neyaz Mazgani filed a Motion to Dismiss on April 26, 2024. On June 10, 2024, the Court dismissed the action with prejudice after finding that the Grant Deeds were invalid because their execution violated the bankruptcy stay, and therefore Aslan did not have standing to bring the action. (*See Aslan* Order of Dismissal at 6). On June 18, 2024, Aslan brought his Motion for Reconsideration. (*Aslan* Docket No. 44). The Court denied the Motion for Reconsideration as frivolous on August 15, 2024. (*Aslan* Docket No. 50).

On March 20, 2024, Moda filed yet another appeal, Case No. 2:24-cv-02529 (C.D. Cal.) (the "Third Appeal"). This time, Moda appealed two orders issued by the Bankruptcy Court on March 20, 2024: (1) the Order Holding Kevin Moda and Vipan K. Bhola in Contempt for Their Failure to Pay Sanctions Ordered by the Court for the Willful Violation of the Automatic Stay, (Bkr. Docket No. 1080), and (2) the Order Holding Kevin Moda in Contempt for His Continued and Willful Violation of the Automatic Stay, (Bkr. Docket No. 1081). To date, Moda has not filed the statement of issues or designation of record required to be filed within fourteen days under Federal

---

[2] Clemente R. Cuevas was also a defendant in this action. The Clerk of Court entered default against Cuevas on May 8, 2024.

Rule of Bankruptcy Procedure 8009(a)(1). (*See* Appeal Deficiency Notice, Third Appeal Docket No. 9)

On April 16, 2024, Moda filed a fourth appeal, Case No. 2:24-cv-03245 (C.D. Cal.) (the "Fourth Appeal"), this time of the Bankruptcy Court's April 11, 2024, Order Denying Creditor Kevin Moda's Motion for Damages and Sanctions Against Mahvash Mazgani, Felton Newell, Joseph S. Klapach, and James R. Selth for Willful Violation of the Automatic Stay, (Bkr. Docket No. 1104). With the underlying motion, Moda sought to impose damages and sanctions against Mahvash Mazgani and her counsel for violating the automatic stay by appealing the State Court Judgment. The Bankruptcy Court denied the motion as "frivolous on its face." (*Id.* at 2). To date, Moda has not filed the statement of issues or designation of record required to be filed within fourteen days under Federal Rule of Bankruptcy Procedure 8009(a)(1). (*See* Appeal Deficiency Notice, Fourth Appeal Docket No. 7).

Finally, on June 14, 2024, Moda filed a fifth appeal, Case No. 2:24-cv-05798 (C.D. Cal.) (the "Fifth Appeal"). The Notice of Appeal in that case says the appeal is being taken from the "[o]rder imposing contempt sanctions against Kevin Moda" that was purportedly entered by the Bankruptcy Court on June 4, 2024. (Fifth Appeal Docket No. 1). There is no such order on the Bankruptcy Docket. The only order entered on June 4, 2024, is the Order to Show Cause Why Additional Punitive Measures Should Not Be Imposed on Kevin Moda for His Failure to Remediate His Actions Taken in Violation of the Automatic Stay (Bkr. Docket No. 1124). Moda did not attach the order being appealed from to his Notice of Appeal. To date, Moda has not filed the statement of issues or designation of record required to be filed within fourteen days under Federal Rule of Bankruptcy Procedure 8009(a)(1). (*See* Appeal Deficiency Notice, Fifth Appeal Docket No. 7).

In each one of these cases, Moda, through his counsel Vip Bhola, has filed a series of unrelated motions, briefs, and *ex parte* applications, most of which number in

the hundreds of pages and none of which have had merit. For example, Moda filed several motions in this appeal alone requesting to remove Judge Barry Russell from the underlying bankruptcy action, despite this Court's issuance of multiple orders denying the request. Between December 4 and December 8, 2023, Moda filed a Motion to Withdraw the Reference, (Docket No. 11); an *Ex Parte* Application to Advance the Hearing on the Motion to Withdraw the Reference, (Docket No. 14), that substantially rehashed the Motion to Withdraw the Reference; and an unsanctioned Reply, (Docket No. 16), Declaration, (Docket No. 17), and "Supplement," (Docket No. 18), to the *Ex Parte* Application to Advance the Hearing on the Motion to Withdraw the Reference. The Court denied the Motion to Withdraw the Reference on December 11, 2023. (Order Denying Mot. to Withdraw Ref., Docket No. 21). On December 14, 2023, Moda filed a Motion for Reconsideration of the Order Denying the Motion to Withdraw the Reference. (Docket No. 22). On December 20, 2023, the Court, noting that Moda had not shown any change in the facts or law or any oversight by the Court that would merit reconsideration, denied the Motion for Reconsideration. (Order Denying Mot. for Reconsideration, Docket No. 23). Nevertheless, on January 8, 2024, Moda filed a "Motion to Disqualify Article I Bankruptcy Judge, Barry Russell." (Docket No. 24). On February 7, 2024, the Court issued an order denying that motion. (Order Denying Motion to Disqualify, Docket No. 29). The Court explained that the Motion to Disqualify was improperly filed in this action; that the Motion to Disqualify was procedurally improper under 28 U.S.C. § 455; that Moda had shown no evidence of bias or prejudice on the part of Judge Russell; that Moda had attempted to mislead the Court by making material, misleading statements of the law; and that Moda had wasted the time and resources of this Court and opposing counsel by filing repetitive, meritless motions. (*Id.* at 3–4). "In sum," the Court wrote, "the Motion is procedurally improper, factually and legally meritless, and a waste of judicial resources …. [T]hough the Court is not imposing sanctions at this time, Moda and Bhola are on notice that the Court may

8

impose significant sanctions for the filing of further frivolous motions and briefs as well as any intentionally misleading arguments." (*Id.* at 5).

Moda then changed tack and began requesting that this Court compel the dismissal of the Mazganis' appeal of the State Court Judgment. On April 18, 2024, Moda filed an "*Ex Parte* Application for Order to Debtor That She Must Dismiss the Unauthorized Appeals That She Filed." (Docket No. 49). On April 22, 2024, the Court issued an order denying that *ex parte* application and explaining that "[i]n light of Appellant's repeated abuse of the *ex parte* procedures, the absolute lack of merit to the instant *Ex Parte* Application, and the consistency with which Appellant files frivolous motions," the *ex parte* application was denied, and "[i]f Appellant files any future motions that the Court determines to be frivolous, the Court will set an order to show cause why sanctions should not be imposed under Rule 9011(c)(1)(B)." (Order re *Ex Parte* Application for Order to Debtor, Docket No. 50). Nevertheless, just *three days later*, on April 25, 2024, Moda filed a "Motion to Dismiss the Appeals Filed From State Court Judgments." (Docket No. 52). The next day, April 26, 2024, Moda filed a "Motion to Order All Related Matters Dismissed for Lack of Jurisdiction." (Docket No. 54). Those motions both rehashed the *ex parte* application that the Court had already denied on April 22, 2024. The Court has not ruled on those motions because they are not related to this appeal.

Finally, on June 21, 2024, Moda filed an "*Ex Parte* Application to Expedite Appeal." (Docket No. 59). On June 27, 2024, he filed an "Amended *Ex Parte* Application to Expedite Appeal." (Docket No. 62). Both motions again request that the Court remove Judge Russell from the bankruptcy action. The Court has not ruled on those motions either, and they are not pertinent to this decision.

## II. JURISDICTION

As discussed above, the three orders that are actually on appeal in this Lead Appeal are: (1) the Order Appointing Special Litigation Counsel, (2) the Order Denying

Disgorgement of Professional Fees, and (3) the Order Denying Termination of Stay. (Notice of Appeal at 2). United States district courts "have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; ... and (3) with leave of the court, from other interlocutory orders and decrees." *In re Heartwise, Inc.*, 648 B.R. 715, 723 (C.D. Cal. 2022) (quoting, with alterations, 28 U.S.C. § 158(a)). "A final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). An interlocutory order, on the other hand, "is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *In re Merle's Inc.*, 481 F.2d 1016, 1018 (9th Cir. 1973).

The Court declines to consider Moda's appeal of the Order Appointing Special Litigation Counsel and the Order Denying Disgorgement of Professional Fees as interlocutory orders for which Moda never sought leave to appeal. The Order Appointing Special Litigation Counsel is interlocutory because it determined only an "intervening matter," not the merits of the case. *See, e.g. In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992) ("Where the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory."). The same is true of the Order Denying Disgorgement of Professional Fees. In that order, the Bankruptcy Court denied Moda's motion to disgorge interim fees Mazgani paid to professionals pursuant to orders of the bankruptcy court. (*See* Mot. for Disgorgement of Professional Fees, Bkr. Docket No. 815). "It is well established, that an order authorizing the interim award of fees is an interlocutory order." *In re Stewart*, 157 B.R. 893, 895 (B.A.P. 9th Cir. 1993).

"Interlocutory orders are not appealable as of right; the [appellant] must first file a formal motion for leave to appeal." *Id.* (citation omitted). If the appellant does not file a motion for leave to appeal an interlocutory order, the Court may, at its discretion, "treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004.

For the sake of efficiency, the Court construes the Notice of Appeal as a motion for leave to appeal the Order Appointing Special Litigation Counsel and the Order Denying Disgorgement of Professional Fees. Generally, a district court may, at its discretion, grant a motion for leave to appeal "in order to avoid wasteful litigation and expense, when (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation." *United States Bakery v. Svenhard's Swedish Bakery*, 632 B.R. 312, 320 (E.D. Cal. 2021) (citations and quotations omitted). None of those grounds are met here. The Court therefore denies leave to appeal the Order Appointing Special Litigation Counsel and the Order Denying Disgorgement of Professional Fees.

The Order Denying Termination of Stay, on the other hand, is an appealable final order. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 42 (2020) (holding that an order denying a motion "for an order 'terminating, annulling, modifying, or conditioning' the stay" is a "final, immediately appealable decision[]" (quoting § 362(d))). The Court will consider the appeal of that order only.

## III.   DISCUSSION

Courts review the grant or denial of relief from a stay for abuse of discretion. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). "Decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision." *Id.*

The Bankruptcy Court did not abuse its discretion in finding that the stay was still in place. Moda's main argument in his Motion for an Order Confirming Termination of the Stay or That No Stay is in Effect appears to be as follows: (1) under California Code of Civil Procedure § 1049, "[a]n action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed unless the Judgment is sooner satisfied"; (2) the state court case had not "concluded" per § 1049 since there was no final determination upon appeal, the time to appeal had not passed, and the State Court Judgment had not been satisfied; (3) the Bankruptcy Court's September 15, 2020, order approving Moda's request to lift the stay remained in effect until the conclusion of state court case; and (4) since the state court action had not concluded, the stay was still lifted. (Bkr. Docket No. 835 at 30). Moda then reasoned that because the stay was lifted, he could enforce the State Court Judgment. In doing so, Moda asserted that the Bankruptcy Court "granted a limitless lift of the stay" that allowed Moda to execute the State Court Judgment and take possession of the Properties. (*Id.* at 34).

Moda is correct that the stay was lifted so the state court action could proceed to a final judgment on the merits. He is incorrect, though, when he argues that the Bankruptcy Court "granted a limitless lift of the stay" that somehow allowed him to enforce the State Court Judgment that was on appeal. Though he frequently cites to the record to attempt to prove that the Bankruptcy Court's lift of the stay was "limitless," none of the cited transcripts or orders comes anywhere close to stating as much. (*See, e.g.*, *id.* at 34 (quoting transcript of hearing in which the Bankruptcy Court grants the motion for relief from the stay so the action can proceed in state court)). Moreover, Moda's attempt to drastically broaden the scope of the Bankruptcy Court's lift of the automatic stay is unsupported by precedent because in the Ninth Circuit, "the terms of an order lifting the automatic stay are strictly construed." *Id.* at 935 (9th Cir. 2009) (citing *Noli v. Comm'r*, 860 F.2d 1521, 1525 (9th Cir. 1988)).

Ultimately, Moda specifically agreed in his original motion to lift the stay that "the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate." Neither the law nor the facts support Moda's position that the stay was lifted so Moda could enforce the State Court Judgment. As the Court wrote in the *Aslan* Order of Dismissal, "[l]ike each of Moda's bankruptcy appeals in this Court, this case is another clear attempt by Moda and Bhola to circumvent the authority of the Bankruptcy Court, enforce the State Court Judgment that is currently on appeal, and take possession of the Massachusetts and Clark Properties." (*Id.* at 6). The Bankruptcy Court did not abuse its discretion in denying Moda's request to confirm the stay was terminated or lift the stay so Moda could take possession of properties that, at least for now, are not rightfully his.

## IV.    ORDER TO SHOW CAUSE RE SANCTIONS

Finally, the Court sets an Order to Show Cause re Sanctions to address Moda and Bhola's pattern of bringing frivolous motions, rehashing issues that have already been decided, and filing voluminous, irrelevant exhibits. Their conduct bears a strong resemblance to the conduct of the appellant's attorneys in *Limerick v. Greenwald*, 749 F.2d 97 (1st Cir. 1984), in which the First Circuit imposed attorney's fees against appellants' counsel under 28 U.S.C. § 1927 and imposed double costs against appellants under Federal Rule of Appellate Procedure 38. As the First Circuit explained,

> Counsel's course of conduct in the filing of hundreds of pages of irrelevant documents, in citing to dozens of cases unrelated to the real issues in these appeals, in bringing repetitive motions without a shred of rational basis, and in seeking to resurrect matters long since finally concluded has been at least irresponsible and has come perilously close to an abuse of process.

> Lawsuits are expensive and time consuming to courts and litigants alike. When an attorney fails to take an objective look at his case and appeals simply because the rules allow him to appeal, he commits a wrong against the courts and against the parties who must respond to his appeal.

13

> Despite exploding caseloads we have been very reluctant to enter sanctions for frivolous or vexatious appeals because we do not wish to chill the right to appeal. Where, as here, though, the counsel for appellant has not simply filed a frivolous and vexatious appeal but is before this court for the fourth time raising fundamentally the same issues, the need to impose sanctions is obvious. To fail to do so would be to permit counsel to continue a course of conduct which has passed the border of advocacy and entered the realm of harassment.

*Id.* at 101. This Court similarly finds that Moda and Bhola's conduct has "come perilously close to an abuse of process" and has "entered the realm of harassment" to the point that sanctions are warranted.

The Court explained to Moda and Bhola that it would set an order to show cause why sanctions should not be imposed under Federal Rule of Bankruptcy Procedure 9011 if they filed any future frivolous motions. That was four frivolous motions ago. The Court therefore finds it necessary to set an Order to Show Cause re Sanctions so that Moda and Bhola may be heard as to why sanctions should not be imposed against them and allocated between them. *See Seith v. Atl. Fin. Sav. Bank*, 15 F.3d 1089 (9th Cir. 1994) (stating that "sanctions are to be allocated between counsel and client according to their relative culpability").

## V.    CONCLUSION

The Bankruptcy Court's Order Denying Termination of Stay is **AFFIRMED**. The Court lacks jurisdiction over the other two orders filed with the Notice of Appeal. All pending motions in this case are **DENIED** as moot, including, for the avoidance of doubt, all pending *ex parte* applications.

///

///

///

///

14

The Court issues an **ORDER TO SHOW CAUSE** why attorney's fees and costs should not be imposed as a sanction under Federal Rule of Bankruptcy Procedure 9011 against Moda and Bhola.  The hearing is set for September 27, 2024 at 1:30 p.m., and a response to the Order to Show Cause is due by September 20, 2024.


        **IT IS SO ORDERED.**


Dated:  September 4, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

15

## **PROOF OF SERVICE OF DOCUMENT**

I, Nazanin Mazgani, declare that I am over the age of 18 and a party to this action. my address is: 10954 Massachusetts Ave, Los Angeles, California 90024

On **May 29, 2025**, I served a copy of the following documents described as **DEFENDANT MAHVASH MAZGANI'S NOTICE OF RELATED CASES, I.E., THIS CASE AND *ASLAN v MAZGANI* [2:25-cv-02762-WLH-SK(x)]**

on the interested party(ies) in this action as follows:  in the manner set forth below:

**[ x ] TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  On May 29, 2025, I checked the CM/ECF docket for this proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) state below:

ATTORNEY FOR PLAINTIFF FELIX T WOO fwoo@ftwlawgroup.com

**[ ]  SERVED BY UNITED STATES MAIL**:  On May 22, 2024, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy of the above-indicated document(s) in a sealed envelope and deposited with the United States Postal Service, California, with First Class postage thereon fully prepaid, and addressed as follows:

**[ ]  SERVED BY OVERNIGHT DELIVERY OR PERSONAL SERVICE:**  On May 29, 2025, I served the following persons and/or entities by personal delivery or overnight mail service by depositing true and correct copies of the above-indicated document(s) in an envelope or package designated by said service with delivery fees paid and placing same in a box or other facility regularly maintained by: [ ] GSO OVERNITE; [ ] U.S. EXPRESS MAIL SERVICE; [  ] FEDERAL EXPRESS; [  ] PERSONAL SERVICE.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 29, 2025, at Los Angeles, California.

 _/s/Nazanin Mazgani_____
 Nazanin  Mazgani