1
2
3
4

FELIX T. WOO (CA SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone:   (213) 335-3960
Facsimile:    (213) 344-4498

5

Attorney for Appellant Kevin Moda

6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| In re:<br><br>MAHVASH MAZGANI,<br><br>          Debtor-in-Possession.<br>_____<br><br>KEVIN MODA,<br><br>          Appellant,<br><br>   vs.<br><br>MAHVASH MAZGANI,<br><br>          Appellee. | District Court Case No.: 25-cv-02230-SSS<br><br>Bankruptcy Case No.: 2:19-bk-21655-BR<br><br>Adversary Case No.: 2:20-ap-01637-BR<br><br>Chapter 11<br><br>**APPELLANT'S APPENDIX (EXCERPTS OF RECORD) VOLUME 3 OF 6**<br><br>Judge: Sunshine S. Sykes |

22
23
24
25
26
27
28

**ER-285**

**Nazanin Mazgani, Esq. (SBN 270258)**
**Law Offices of Nazanin Mazgani**
10954 Massachusetts Avenue
Los Angeles, CA 90024
Phone: (424) 256-0095
Email: mazganilaw@gmail.com

Attorney for Defendant/Debtor,
Mahvash Mazgani

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | ) **Chapter 7** |
| | ) |
| MAHVASH MAZGANI, | ) **Case No.: 2:19-bk-21655-BR** |
| | ) |
| Debtor | ) **Adv. No.: 2:20-ap-01637-BR** |
| | ) |
| | ) |
| | ) DEBTOR/DEFENDANT MAHVASH |
| KEVIN MODA | ) MAZGANI'S ANSWER TO PLAINTIFF'S |
| | ) COMPLAINT FOR NON- |
| Plaintiff, | ) DISCHARGEABILITY OF DEBT AND |
| v. | ) DENIAL OF DISCHARGE |
| | ) |
| MAHVASH MAZGANI, | ) |
| | ) |
| | ) |
| Defendant. | ) Judge: Hon. Barry Russell |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

\ \ \

\ \ \

1

Defendant Mahvash Mazgani ("Mazgani" or "Defendant"), by and through her attorney of record, hereby responds to Plaintiff's complaint for non-dischargeability of debt and denial of discharge ("Complaint") filed by Plaintiff Kevin Moda ("Plaintiff") and states as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1.    Paragraph 1 is a legal conclusion to which no response is required.

2.    Paragraph 2 is a legal conclusion to which no response is required.

3.    Paragraph 3 is a legal conclusion to which no response is required.

4.    Paragraph 4 is a legal conclusion to which no response is required.

## PARTIES

5.    Defendant admits ¶5 of the Complaint.

6.    Defendant admits ¶6 of the Complaint.

## GENERAL ALLEGATIONS

7.    Defendant admits that she is Plaintiff's paternal aunt and emigrated to the United States in 1981 with her now deceased husband and two daughters. Defendant denies that based on their financial status that she and her family boarded with Plaintiff's parents for one year and then boarded in homes of other relatives. Defendant also denies that she and her family "struggled throughout the and that they "only survived with the assistance of public welfare, and funds from family and relatives." Defendant admits that her husband passed away in 2002, but denies that she was "left to her own device to sustain a living as a social worker."

8.    Defendant admits that from 2000 to 2003, she and the Plaintiff "significantly bonded with one other(sic)" because Plaintiff was serving a 3.5 years prison sentence at Terminal Island Federal Prison for defrauding the elderly and Defendant was paying for Plaintiff's commissary and attorneys' fees. Defendant denies the remainder of the allegations contained in ¶8 of the Complaint.

9.    Defendant admits she had a familial relationship with Plaintiff, but denies the remainder of the allegations contained in ¶9 of Plaintiff's Complaint.

10.    Defendant admits that she has two adult daughters Neyaz Mazgani and Nazanin Mazgani who are Plaintiff's cousins. Defendant lacks information and belief as to the truth of the allegation in paragraph 10 that "Plaintiff thought he had a close familial relationship with his cousins" and, therefore, denies said allegation. Defendant denies the rest of the allegation that they "were taking advantage of his contacts as they were fond of Plaintiff's lavish ways and enjoyed the nightlife with him; he effectively served as their primary source and contact to entertainment."

11.    Defendant admits the allegation contained in ¶11 of the Complaint.

12.    Defendant denies all the allegations contained in ¶12 of the Complaint in their entirety.

13.    Defendant denies that she told Plaintiff "that his money would be kept segregated from all other monies and kept in a trust account" as set forth in ¶13 of the Complaint.

14.    Defendant denies that she told Plaintiff "that the trust account was accessible to no one but her and that only the money of Plaintiff would be placed therein" as set forth in paragraph 14 of the Complaint.

15.    Defendant denies all the allegations contained in ¶15 of the Complaint in their entirety.

16.    Defendant denies the allegation in ¶16 that "Based on the strong family ties with his aunt and the trust reposed in Defendant" and admits that "Plaintiff gave Defendant cash and other assets to be held in safekeeping for Plaintiff's future benefit."

17.    Defendant denies the allegation contained in ¶17 of the Complaint in its entirety.

18.    Defendant denies the allegation contained in ¶18 of the Complaint in its entirety.

19.    Defendant denies all allegations contained in ¶19 of the Complaint.

3

DEBTOR/DEFENDANT MAHVASH MAZGANI'S ANSWER TO PLAINTIFF'S COMPLAINT FOR NON-
DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE     **ER-288**

20. Defendant denies all allegations contained in ¶20 of the Complaint in their entirety.

21. Defendant denies all allegations contained in ¶21 of the Complaint in their entirety.

22. Defendant denies the allegations contained in ¶ 22 of the Complaint in their entirety.

23. Defendant denies the allegations contained in ¶23 of the Complaint in their entirety.

24. Defendant denies the allegations contained in ¶24 of the Complaint in their entirety.

25. Defendant denies the allegations contained in ¶25 of the Complaint in their entirety.

## TRUST ASSETS

26. Defendant denies the allegation contained in ¶26 of the Complaint in its entirety.

27. Defendant denies the allegation contained in ¶27 of the Complaint in its entirety.

28. Defendant denies the allegation contained in ¶28 of the Complaint in its entirety.

29. Defendant denies the allegations contained in ¶29 of the Complaint in their entirety.

30. Defendant denies the allegations contained in ¶30 of the Complaint in their entirety.

31. Defendant denies the allegations contained in ¶31 of the Complaint in their entirety.

32. Defendant denies the allegation in the first sentence of ¶32 that states: "With intent to defraud Plaintiff," but admits that "in April 2007 Defendant created the 'Mahvash Mazgani Family Trust.'" Defendant denies the remainder of the allegations contained in ¶32 of the Complaint in their entirety.

33. Defendant denies the allegations contained in ¶33 of the Complaint in their entirety.

34. Defendant denies the allegations contained in ¶34 of the Complaint in their entirety.

35. Defendant admits that "Plaintiff continued to give cash and endorse checks to Defendant" to hold for him. Defendant lacks information and belief and is without knowledge as to the truth of the remainder of the allegations in ¶35 and, therefore, denies the remainder of the allegations contained in ¶35 of the Complaint.

36. Defendant denies the allegations contained in ¶36 of the Complaint in its entirety.

4

37. Defendant denies the allegations contained in ¶37 of the Complaint in their entirety.

38. Defendant denies the allegations contained in ¶38 of the Complaint in their entirety.

39. Defendant denies the allegations contained in ¶39 of the Complaint in their entirety.

40. Defendant denies the allegation contained in ¶40 of the Complaint in its entirety.

41. Defendant is without knowledge and lacks sufficient information and belief as to the truth of the allegations contained in ¶41 of the Complaint. Therefore, Defendant denies the allegations contained in ¶41 of the Complaint.

42. Defendant denies the allegation contained in ¶42 of the Complaint in its entirety.

43. Defendant denies the allegations contained in ¶43 of the Complaint in their entirety.

44. Defendant is without knowledge and lacks sufficient information to form a belief as to the truth or the meaning of the allegations contained in ¶44 of the Complaint. Therefore, Defendant denies the allegations contained in ¶44 of the Complaint.

45. Defendant admits the allegations in ¶45 that "check number 3529 issued from the personal checking account of Defendant at Wells Fargo Bank ending in 494, dated June 23, 2008, in the amount of $57,500 with reference to a "loan", made payable to Trust Account of Gina Lisitsa, Esq." and that on "July 10, 2008, in the same amount of $57,500 was made payable back to Mahvash Mazgani." Defendant denies the remaining allegations contained in ¶45 of the Complaint.

46. Defendant is lacks sufficient information and belief regarding the truth of the allegations contained ¶46 of the Complaint and, therefore, denies the allegations contained ¶46 in their entirety.

47. Defendant denies the allegations contained in ¶47 of the Complaint in their entirety.

48. Defendant denies the allegation contained in ¶48 of the Complaint in its entirety.

DEBTOR/DEFENDANT MAHVASH MAZGANI'S ANSWER TO PLAINTIFF'S COMPLAINT FOR NON-
DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE    **ER-290**

49. Defendant admits that the property was previously owned by Daniel Zavala. Defendant denies the remainder of the allegations contained in ¶49 of the Complaint in their entirety.

50. Defendant admits that on or about November 14, 2008 the 3rd Street Property was purchased for \$430,000.00 after Plaintiff negotiated a short sale on October 30, 2008 with HomeEq Servicing. Defendant denies the remaining allegations contained in ¶50 of the Complaint in their entirety.

51. Defendant admits that Plaintiff negotiated the sale of the 3rd Street Property with cooperation of Defendant for Five Hundred and Seventy Thousand Dollars (\$570,000). Defendant lacks sufficient information and belief as to the truth of the remaining allegations in ¶51 and, therefore, denies the remaining allegations contained in ¶51 of the Complaint.

52. Defendant denies the allegations contained in ¶52 of the Complaint in their entirety.

53. Defendant denies the allegations contained in ¶53 of the Complaint in their entirety.

54. Defendant admits that she opened an E*TRADE account ending in 3668 for herself to which Plaintiff was provided passwords for online trading. Defendant denies the remaining allegations contained in ¶54 of the Complaint.

55. Defendant denies the allegation contained in ¶55 of the Complaint in its entirety.

56. Defendant admits that the E*TRADE account ending in 3668 was closed on or about August 20, 2010. Defendant denies the remainder of the allegations contained in ¶56 of the Complaint.

57. Defendant denies the allegation contained in ¶57 of the Complaint in its entirety.

58. Defendant admits that a transaction involving the Clark property occurred in 2010, that address of the Clark property is 141 South Clark Drive, Apt. No. 320, Los Angeles, CA 90048

6

DEBTOR/DEFENDANT MAHVASH MAZGANI'S ANSWER TO PLAINTIFF'S COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE   **ER-291**

and that Plaintiff's girlfriend lived in the Clark property. Defendant denies the remainder the

allegation contained in ¶58 of the Complaint.

      59.    Defendant denies the allegation contained in ¶59 of the Complaint in its entirety.

      60.    Defendant denies the allegation contained in ¶63 of the Complaint in its entirety.

      61.    Defendant admits that on April 24, 2010 the California Residential Purchase

Agreement and Joint Escrow Instructions was entered into between Mahvash Mazgani Family Trust

and the seller, Debra Ricci. Defendant denies the remaining allegations in ¶61 of the Complaint.

      62.    Defendant admits that she sought to obtain a loan from Intercap Lending. Defendant

denies the remaining allegations contained in ¶62 of the Complaint.

      63.    Defendant denies the allegation contained in ¶63 of the Complaint in its entirety.

      64.    Defendant admits the allegation in ¶64 that "On August 12, 2010, Neyaz wired

$239,640.50 from account number ending with 6560 held at Wells Fargo to Diamond Quality

Escrow." Defendant denies the remaining allegations contained in ¶64 of the Complaint.

      65.    Defendant admits that "On August 13, 2010, Suburban Mortgage wired $104,911.37

into Chicago Title Company to fund a portion Defendant's purchase of the property" and that "on

August 14, 2010, Suburban Mortgage wrote the Chicago Title and asked that the August 13, 2010,

wire be rescinded." Defendant denies the remaining allegations contained in ¶65 of the Complaint.

      66.    Defendant lacks sufficient information and belief as to the truth of the allegation

contained in ¶66 of the Complaint and, therefore, denies the allegation contained in ¶66 of the

Complaint.

      67.    Defendant lacks sufficient information and belief as to the truth of the allegation

contained in ¶67 of the Complaint and, therefore, Defendant denies the allegation contained in ¶67

of the Complaint.

      68.    Defendant admits:

7

- That on August 17, 2010, $106,000.00 was wired from a Wells Fargo Bank account ending with 4796;

- That Defendant purchased the property in her own name and then transferred the property to the Mahvash Mazgani Family Trust;

- That Debra C. Ricci transferred title in the Clark Property to Defendant on August 18, 2010;

- That the property was subsequently transferred to the Mahvash Mazgani Family Trust on August 27, 2010.

Defendant denies the remaining allegations contained in ¶68 of the Complaint.

69. Defendant denies the allegations contained in ¶69 of the Complaint in their entirety.

70. Defendant denies the allegation contained in ¶70 of the Complaint in its entirety

71. Defendant lacks sufficient information and belief as to the truth of the allegation which states: "Since August 2010, the property has had a fair market rental value of no less than $2,500.00 per month" and, therefore, Defendant denies this allegation. Defendant denies the remainder of the allegations contained in ¶71.

72. Defendant denies the allegation contained in ¶72 of the Complaint in its entirety.

73. Defendant denies the allegations contained in ¶73 of the Complaint in their entirety.

74. Defendant denies the allegations contained in ¶74 of the Complaint in their entirety.

75. Defendant admits that:

- A check dated Check number 103 dated April 10, 2010 in the amount of $10,000 was deposited into a Wells Fargo bank account number ending with 3494;

- Check number 109 dated May 9, 20 I 0, in the amount of $30,000, made payable to "M Mazgani" was deposited into a Wells Fargo bank account ending with 6505;

8

1       • Check number 116 dated May 21, 2010, in the amount of $10,000, made payable to

2           the order of "M Mazgani" was deposited into a Wells Fargo account number ending

3           with 4796;

4

5       • Check number 104 dated December 6, 2010 in the amount of $5000 paid to the Order

6           of "M. Mazgani" was deposited into an account number ending with 1206; and

7       • That a transaction receipt dated May 29, 2013, reflects a deposit in the amount of

8           $13,000 in to a Wells Fargo bank account number ending with 3494;

9

10  Defendant denies the remaining allegations contained in ¶75 of the Complaint.

11      76.    Defendant denies the allegations contained in ¶76 of the Complaint in their entirety.

12      77.    Defendant denies the allegations contained in ¶77 of the Complaint in their entirety.

13      78.    Defendant denies the allegations contained in ¶78 of the Complaint in their entirety.

14
        79.    Defendant denies the allegations contained in ¶79 of the Complaint in their entirety.
15
        80.    Defendant denies the allegations contained in ¶80 of the Complaint in their entirety.
16

17      81.    Defendant denies the allegation contained in ¶81 that states: "In or around January

18  2016, Plaintiff requested that Defendant return Plaintiff's Watches and Jewelry, and Defendant

19  refused to return these valuable items to Plaintiff." Defendant lacks sufficient information and belief
20
    as to the truth of the allegation contained in ¶81 of the Complaint that states: "Prior to this date,
21
    Plaintiff did not know, and had no reason to know, that Defendant would refuse to return these
22
23  items." Defendant has no knowledge of what Plaintiff knew or should have known and, therefore,

24  Defendant denies this allegation.

25
        82.    Defendant denies the allegations contained in ¶82 of the Complaint in their entirety.
26

27                              **THE NON-TRUST ASSETS**

28      83.    Defendant admits that she received a loan of $60,000 from Plaintiff and denies the

    remainder of the allegations contained in ¶83 of the Complaint.

                                        9

## THE CIVIL CONSPIRACY

84.  Defendant denies the allegations contained in ¶84 of the Complaint in their entirety.

85.  Defendant denies the allegations contained in ¶85 of the Complaint in their entirety.

86.  Defendant admits that "Nazanin and Neyaz were also appointed as successor trustees of the Trust." Defendant denies the remainder of the allegations contained in ¶86 of the Complaint.

87.  Defendant denies the allegations contained in ¶87 of the Complaint.

88.  Defendant denies the allegation contained in ¶88 which states: "In doing so, Neyaz acted to further her own individual economic interests, in knowing breach of trust." Defendant lacks sufficient information and belief as to the truth of the allegation contained in the remainder of ¶88 of the Complaint as Defendant would not know when Plaintiff made a discovery. Therefore, Defendant denies the remainder of the allegations.

89.  Defendant denies the allegations contained in ¶89 of the Complaint in their entirety.

90.  Defendant denies the allegation contained in ¶90 which states: "Nazanin further conspired against Plaintiff when she agreed to, actively participated in, and knowingly benefitted from, Defendant's breach of fiduciary duties by residing on the Clark Property rent-free and, on information and belief, taking money from the Trust and lending the same to third parties." Defendant lacks sufficient information and belief as to the truth of the allegation contained in the remainder of ¶90 of the Complaint as Defendant would not know when Plaintiff made a discovery. Therefore, Defendant denies the remainder of the allegations.

91.  Defendant denies the allegations contained in ¶91 of the Complaint in their entirety.

92.  Defendant denies the allegations contained in ¶92 of the Complaint in their entirety.

93.  Paragraph 93 of the Complaint contains legal conclusions or statements to which no response is required.

10

**FIRST CLAIM FOR RELIEF**

94.     Defendant hereby incorporates all preceding paragraphs as if fully restated herein.

95.     Paragraph 95 of the Complaint contains legal conclusions or statements to which no response is required.

96.     Defendant denies the allegations contained in ¶96 of the Complaint in their entirety.

97.     Defendant denies the allegations contained in ¶97 of the Complaint in their entirety.

98.     Defendant denies the allegations contained in ¶98 of the Complaint in their entirety.

99.     Defendant denies the allegations contained in ¶99 of the Complaint in their entirety.

100.    Defendant denies the allegations contained in ¶100 of the Complaint in their entirety.

101.    Defendant denies the allegations contained in ¶101 of the Complaint in their entirety.

102.    Defendant denies the allegations contained in ¶102 of the Complaint in their entirety.

103.    Defendant denies the allegations contained in ¶103 of the Complaint in their entirety.

104.    Defendant denies the allegations contained in ¶104 of the Complaint in their entirety.

105.    Defendant denies the allegations contained in ¶105 of the Complaint in their entirety.

106.    Defendant denies the allegations contained in ¶106 of the Complaint in their entirety.

107.    Paragraph 107 of the Complaint contains legal conclusions or statements to which no response is required.

108.    Paragraph 108 of the Complaint contains legal conclusions or statements to which no response is required.

**SECOND CLAIM FOR RELIEF**

109.    Defendant hereby incorporates all preceding paragraph as if fully restated herein.

110.    Paragraph 110 of the Complaint contains legal conclusions or statements to which no response is required.

111.    Defendant denies the allegations contained in ¶111 of the Complaint in their entirety.

11

112.    Paragraph 112 of the Complaint contains legal conclusions or statements to which no response is required.

113.    Defendant denies the allegation contained in ¶113 of the Complaint in its entirety.

114.    Paragraph 114 of the Complaint contains legal conclusions or statements to which no response is required.

115.    Paragraph 115 of the Complaint contains legal conclusions or statements to which no response is required.

### THIRD CLAIM FOR RELIEF

116.    Defendant hereby incorporates all preceding paragraph as if fully restated herein.

117.    Paragraph 117 of the Complaint contains legal conclusions or statements to which no response is required.

118.    Defendant denies the allegation contained in ¶118 of the Complaint in their entirety.

119.    Defendant denies the allegation contained in ¶119 of the Complaint in their entirety.

120.    Paragraph 120 of the Complaint contains legal conclusions or statements to which no response is required.

### FOURTH CLAIM FOR RELIEF

121.    Defendant hereby incorporates all preceding paragraph as if fully restated herein.

122.    Paragraph 122 of the Complaint contains legal conclusions or statements to which no response is required.

123.    Defendant denies the allegation contained in ¶123 of the Complaint in their entirety.

124.    Defendant denies the allegation contained in ¶124 of the Complaint in their entirety.

125.    Paragraph 125 of the Complaint contains legal conclusions or statements to which no response is required.

### FIFTH CLAIM FOR RELIEF

12

126. Defendant hereby incorporates all preceding paragraph as if fully restated herein.

127. Paragraph 127 of the Complaint contains legal conclusions or statements to which no response is required.

128. Defendant denies the allegation contained in ¶128 of the Complaint in their entirety.

129. Paragraph 129 of the Complaint contains legal conclusions or statements to which no response is required.

## SIXTH CLAIM FOR RELIEF

130. Defendant hereby incorporates all preceding paragraph as if fully restated herein.

131. Paragraph 127 of the Complaint contains legal conclusions or statements of law to which no response is required.

132. Defendant denies the allegation contained in ¶132 of the Complaint in their entirety.

133. Defendant denies the allegation contained in ¶133 of the Complaint in their entirety.

134. Paragraph 134 of the Complaint contains legal conclusions or statements to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1. As a first affirmative defense Defendant alleges that the complaint, and each and every claim for relief, fails to state facts sufficient to constitute any claim against the Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Plaintiff's Conduct Direct Cause)

2. As a second affirmative defense to each claim for relief and the entire complaint, the Defendant is informed and believes, and on that basis alleges, that if Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by

13

the conduct, acts, omissions, activities, carelessness, recklessness and/or negligence of Plaintiff,

thereby completely or partially barring Plaintiff's recovery.

### THIRD AFFIRMATIVE DEFENSE
### (Plaintiff's Comparative Negligence)

3.    As a third affirmative defense to each claim for relief and the entire complaint, the

Defendant is informed and believes and on that basis alleges that Plaintiff's alleged damages, if any,

were and are wholly or partly contributed or proximately caused by Plaintiff's own carelessness,

recklessness and/or negligence, thus barring or diminishing Plaintiff's recovery herein according to the

principles of comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.    This answering Defendant is informed and believes, and on that basis alleges, that

Plaintiff's complaint and each claim for relief alleged therein against this answering Defendant, is

barred by the conduct, actions, and/or inactions of the Plaintiff which constitutes a waiver of any right

or claim Plaintiff may or might have had in reference to the matters and things alleged in the

Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

5.    This answering Defendant is informed and believes, and on that basis alleges, that

Plaintiff's complaint and each claim for relief alleged therein against this answering Defendant, is

barred by the conduct, actions, and/or inactions of Plaintiff and/or Plaintiff's agents, representatives,

servants and employees, which constitutes an estoppel against any relief sought herein.

### SIXTH AFFIRMATIVE DEFENSE
### (Uncertain Allegations)

6.    This answering Defendant is informed and believes, and on that basis alleges, that

14

Plaintiff's claims are barred because the allegations of Plaintiff are uncertain.

## SEVENTH AFFIRMATIVE DEFENSE
### (Offset)

7.      This answering Defendant is informed and believes, and on that basis alleges, that any amounts allegedly owed by this answering Defendant to Plaintiff herein must be offset by amounts Plaintiff owes Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.      This answering Defendant is informed and believes, and on that basis alleges, that to the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

## NINTH AFFIRMATIVE DEFENSE
### (No Reasonable Cause)

9.      This answering Defendant is informed and believes, and on that basis alleges, that Plaintiff brought its complaint without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts and law to warrant the filing of said Complaint against this answering Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Fiduciary Relationship)

10.     At no time did a fiduciary relationship exist between this answering Defendant and Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Ratification of Actions)

11.     This answering Defendant is informed and believes, and on that basis alleges, that

15

Plaintiff consented, approved, and/or ratified the actions and performances allegedly made by this

answering Defendant, by Plaintiff's supervisors, inspectors, managers, and/or employees, thereby

barring Plaintiffs from recovering any damages or relief from this answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

12.     This answering Defendant is informed and believes, and on that basis alleges, that

Defendant is not liable for the damages claimed in the Complaint because Plaintiff's claims for relief

are barred, in whole or in part, under the statute of frauds.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent)

13.     This answering Defendant is informed and believes, and on that basis alleges, that at the

time and place referred to and described in Plaintiff's complaint, Plaintiff voluntarily and knowingly

participated in conduct, which said conduct constituted a legal consent.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

14.     This answering Defendant is informed and believes, and on that basis alleges, that each

claim for relief is barred under the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Action Brought in Bad Faith)

15.     This answering Defendant is informed and believes, and on that basis alleges, that this

Complaint was brought without reasonable cause and without a good faith belief that there was a

justifiable controversy under the facts of the law which warranted the filing of the Complaint against

this answering Defendant.

DEBTOR/DEFENDANT MAHVASH MAZGANI'S ANSWER TO PLAINTIFF'S COMPLAINT FOR NON-
DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE    **ER-301**

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

16.    This answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's complaint and each claim for relief alleged therein against this answering Defendant, is barred as the issues have been litigated in the state court and a judgment issued.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

17.    This answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's complaint and each claim for relief, in whole or in part, are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Right to Amend)

18.    This answering Defendant specifically and generally reserves the right to amend her Answer and any affirmative defense alleged herein above, as allowed or permitted by law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Fraud)

19.    This answering Defendant alleges that Plaintiff's complaint and each claim for relief alleged therein against this answering Defendant is barred as there was no fraud on the part of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Speculative Damages)

20.    The damages alleged by Plaintiff in the Complaint are not recoverable because such alleged damages are speculative.

17

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Proximate Cause)

21.     The damages alleged by Plaintiff in the Complaint are not recoverable because such alleged damages are not proximately caused by any action of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Justification/Privilege/Excuse)

22.     This answering Defendant alleges that her actions respecting the subject matter alleged in the Complaint were undertaken in good faith, with due care and with the absence of any intent to injury Plaintiff, and constituted lawful, proper and justified means to further Defendant's legitimate business purposes. Because Defendant's actions were justified, excused and/or privileged, Plaintiff is barred, in whole or in part, from recovery on the claims for relief alleged in the Complaint. Without admitting any conduct, the transactions that actually occurred either were conducted with Plaintiff's authorization, approval and/or ratification or were not conducted with Plaintiff's money or property.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

23.     The Complaint and alleged claims for relief fail, in whole or in part, based on the doctrine of unjust enrichment. Without admitting any conduct, the transactions that actually occurred either were conducted for Plaintiff's benefit and with his authorization, approval and/or ratification, or were not conducted with his money or property. Furthermore, Plaintiff's story about how his Aunt allegedly convinced him to place funds in her name for safekeeping is a fiction. Defendant is informed and believes and thereon alleges that Plaintiff was instead attempting to hide his assets (a) to avoid creditors and various legal obligations such as judgments and/or restitution orders, (b) because they were the proceeds of illegal activities and/or (c) to avoid his tax obligations. Having obtained the benefit of this wrongful conduct, he would now be unjustly enriched by an award of damages.

WHEREFORE, this answering Defendant prays:

18

1    WHEREFORE, this answering Defendant prays:

2       1.    That Plaintiff take nothing by way of his Complaint;

3       2.    That judgment be entered in favor of Defendant;

4

5       3.    That the alleged debt of Plaintiff be discharged;

6       4.    That this answering Defendant be dismissed from this action with attorney's fees

7    and costs of suit incurred; and

8       5.    For such other and further relief as the Court may deem just and proper.

9

10

11    Dated: January 13, 2021    /s/ Nazanin Mazgani

12    NAZANIN MAZGANI, Attorney for
     Defendant, Mahvash Mazgani

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10954 Massachusetts Ave, LA, CA 90024

A true and correct copy of the foregoing document entitled (*specify*): Debtor/Defendant Mahvash Mazgani's
Answer to Plaintiff's Complaint for Non-Dischargeability of Debts and Denial of Discharge

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/14/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __01/14/2021____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Hon. Barry Russell
255 E Temple St, Suite 1660
Los Angeles, California 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/14/2021 | Nazanin Mazgani | /s/Nazanin Mazgani |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**ER-305**

ATTACHMENT TO PROOF OF SERVICE:

NEF LIST FOR ADVERSARY PROCEEDING

- **Gregory Kent Jones (TR)**    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- **Donald W Reid**    don@donreidlaw.com, ecf@donreidlaw.com
- **James R Selth**    jim@wsrlaw.net, jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**ER-306**

1       UNITED STATES BANKRUPTCY COURT

2       CENTRAL DISTRICT OF CALIFORNIA

3                 --oOo--

4   In Re:                        ) Case No. 2:19-bk-21655-BR
                                  )
5   MAHVASH MAZGANI,              ) Chapter 11
                                  )
6           Debtor.               ) Los Angeles, California
    _____) Tuesday, December 1, 2020
7                                 ) 10:00 a.m.
    MODA,                         )
8                                 ) Adv. No. 2:20-ap-01637-BR
            Plaintiff,            )
9                                 )
    vs.                           )
10                                )
    MAZGANI,                      )
11                                )
            Debtor.               )
12  _____)
                                  )
13  IGLESIAS,                     ) Adv. No. 2:20-ap-01638-BR
                                  )
14          Plaintiff,            )
                                  )
15  vs.                           )
                                  )
16  MAZGANI,                      )
                                  )
17          Debtor.               )
    _____)
18

19                               CONT'D STATUS CONFERENCE TO
                                 SUBCHAPTER 5 CHAPTER 11 CASE
20
                                 CONT'D HRG RE DEBTOR'S MOTION
21                               FOR DAMAGES AND SANCTIONS
                                 AGAINST CARMELO IGLESIAS AND
22                               DANYAL ROODBARI FOR WILLFUL
                                 VIOLATION OF THE AUTOMATIC
23                               STAY

24

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.

ii

```
 1                    HRG. RE DEBTOR'S MOTION FOR
                      ORDER DISALLOWING CLAIM NO. 3
 2                    FILED BY DEBORAH R. BRONNER &
                      ASSOCIATES
 3
                      HRG. RE MOTION FOR ALLOWANCE
 4                    AND TO COMPEL PAYMENT OF
                      ADMINISTRATIVE CLAIM; THE
 5                    ORANTES LAW FIRM PC,
                      CREDITOR'S ATTORNEY, PERIOD:
 6                    TO, FEE: $55,382.50, EXPENSES:
                      $1,775.01
 7
                      HRG. RE APPLICATION FOR
 8                    COMPENSATION FOR FINAL FEES
                      AND EXPENSES; HEIDE KURTZ
 9                    (TR), TRUSTEE CHAPTER 7,
                      PERIOD: 5/28/2020 TO
10                    7/15/2020, FEE: $7,848.23,
                      EXPENSES: $78.30
11
                      HRG. RE APPLICATION FOR
12                    PAYMENT OF FINAL FEES AND
                      EXPENSES FOR LEVENE, NEALE,
13                    BENDER, YOO & BRILL L.L.P.,
                      TRUSTEE'S ATTORNEY, PERIOD:
14                    6/1/2020 TO 7/29/2020, FEE:
                      $11,016.50, EXPENSES: $92.65
15
                      STATUS CONFERENCE RE COMPLAINT
16                    FOR NON-DISCHARGEABILITY OF
                      DEBT PURSUANT TO 11 U.S.C.
17                    SECTION 523(A)(2)(A), 11
                      U.S.C. SECTION 523(A)(4), 11
18                    U.S.C. SECTION 523(A)(6),
                      DENIAL OF DISCHARGE PURSUANT
19                    TO 11 U.S.C. SECTION
                      727(A)(2), 11 U.S.C. SECTION
20                    727(A)(3), 11 U.S.C. SECTION
                      727(A)(4)
21
                      HRG. RE MOTION TO DISMISS
22                    PLAINTIFF'S CLAIMS FOR RELIEF
                      IN HIS COMPLAINT FOR DENIAL OF
23                    DISCHARGE UNDER 11 U.S.C.
                      727(A)(2) & (A)(4)(A)
24
                      HRG. RE MOTION TO STAY
25                    ADVERSARY PROCEEDINGS
```

iii

1                          STATUS COMPLAINT RE COMPLAINT
                      FOR NON-DISCHARGEABILITY OF
2                          DEBT PURSUANT TO 11 U.S.C.
                      SECTION 523(A)(6)

3

4                  TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE BARRY RUSSELL
5           UNITED STATES BANKRUPTCY JUDGE

6
   APPEARANCES:
7

   For the Debtor:                JAMES SELTH, ESQ.
8                               Weintraub & Selth
                           11766 Wilshire Boulevard
9                               Suite 1170
                           Los Angeles, California 90025
10                              (310) 207-1494

11   For Kevin Moda:                DEBORAH BRONNER, ESQ.
                           Law Offices of Deborah Bronner
12                              11600 Washington Place
                           Suite 116A
13                              Los Angeles, California 90066
                           (310) 572-1286
14

   Subchapter V Trustee:        GREG JONES, ESQ.
15                              Stradling, Yocca, Carlson
                            & Rauth
16                            100 North Santa Monica
                            Boulevard, Suite 1400
17                            Los Angeles, California 90067
                           (424) 214-7044
18

   Chapter 7 Trustee:           HEIDE KURTZ, ESQ.
19                              2515 Western Avenue, Suite 11
                           San Pedro, California 90752
20                              (310) 572-1286

21   For Fee Applicants:          CARMELA PAGAY, ESQ.
                           Levene, Neale, Bender, Yoo
22                              & Brill, L.L.P.
                           10250 Constellation Boulevard
23                              Suite 1700
                           Los Angeles, California 90067
24                              (310) 229-1234

25

```
                                                                    iv

 1  APPEARANCES:  (Cont'd.)

 2                              DANYAL ROODBARI, ESQ.
                                Law Offices of Danyal Roodbari
 3                              118 West Orange Street
                                Covina, California 91725
 4                              (626) 899-4643

 5  Court Recorder:             Wanda Toliver
                                United States Bankruptcy Court
 6                              Edward R. Roybal Federal
                                  Building
 7                              255 East Temple Street
                                Los Angeles, California 90012
 8
    Transcriber:                Jordan Keilty
 9                              Echo Reporting, Inc.
                                2160 Fletcher Parkway
10                              Suite 209
                                El Cajon, California 92020
11                              (858) 453-7590

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

<u>LOS ANGELES, CALIFORNIA TUESDAY, DECEMBER 1, 2020 10:00 A.M.</u>

2                           --oOo--

3        (Call to order of the Court.)

4            THE CLERK:  Number 5, 6, 7, 9, and 10, Mazgani.

5            THE COURT:  All right.  Well, okay.  Well, let me

6  -- let me do this.  Why don't you, because there might be

7  slightly different appearances on different matters, but on

8  Number 9, that is the application for fees.  Now, finally we

9  get to Ms. Kurtz on this matter, and I -- I don't see -- I

10 don't see -- I'm not aware of any objections.

11           Are you aware of any?

12           MS. KURTZ (zoom):  No, I did not see any

13 objections, your Honor.  This is Heide Kurtz, Chapter 7

14 Trustee.

15           THE COURT:  Okay.  Very well.  Then that case and

16 that application will be approved.  If you'll prepare an

17 order, I appreciate it.

18           And then the next one is the application for

19 payment of fees from Levene, Neale, Bender, Yoo and Brill.

20 And also in that one I also do not see any -- any

21 opposition, and let's see, now who is appearing on that?

22           MS. PAGAY (zoom):  Good morning.  Carmela Pagay

23 for the fee applicants.

24           THE COURT:  Okay.

25           MS. PAGAY:  For Levene, Neale.

*Echo Reporting, Inc.*

**ER-311**

2

```
1          THE COURT:  All right.  And, again, I've not seen
2   any -- any opposition to that.  You've not seen any I
3   assume, is that correct?
4          MS. PAGAY:  I have not.  Correct, your Honor.  I
5   have not seen one.
6          THE COURT:  All right.  Then that will -- seems
7   reasonable on its face, but you never know until it's in
8   opposition.  But I will approve that, and if you will
9   prepare an order, I will -- I will approve that.
10         MS. PAGAY:  Thank you very much.  I will do that,
11  your Honor.
12         THE COURT:  Thank you.  That's Number -- let's
13  see.  That's Number 9 and 10.  Excuse me just one second.
14         And the next item on there, and I -- I see Mr.
15  Jones as well as the other counsel.  This is just a -- a
16  status conference on the case itself.  Excuse me just one
17  second.
18         All right.  Well, again, in view of what happened
19  in the past, namely, sending the litigation as to these two
20  properties to the Superior Court.  Obviously, as I indicated
21  before and issued an order to that effect, as far as the
22  plan and finalization, nothing can happen until that's
23  happened, but there may be other things going on too.  I
24  mean, there is -- there's still the case.
25         So let me ask maybe -- well, let me ask Mr. Selth
```

3

1 and then Mr. Jones as far as -- and anybody else, because

2 this is just a status report, just what is the status of

3 what's going on.

4          So let me ask you, Mr. Selth, if you wish to tell

5 me just what's going on and other people I see on the line

6 that may have something to say.  I see Mr. Moda and Mr.

7 Roodbari, et cetera.

8          So, in any case, let me ask you, Mr. Selth, as far

9 as the status of the case itself -- and then next I'm going

10 to ask Mr. Jones, and then if anybody else wishes to chime

11 in -- again, this is just status of the case as opposed to

12 any particular litigation, although I would like to know

13 what's going on in the State Court.  I really don't know.

14          But, Mr. Selth, I'll ask you first.

15          MR. SELTH (zoom):  Good morning, your Honor.

16 James Selth on behalf of the Debtor.  We filed the status

17 report, your Honor, on November 17th, and in that status

18 report we stated that the -- in the Superior Court case

19 there is a trial setting conference scheduled for January

20 7th.

21          THE COURT:  Right, and I saw that.

22          MR. SELTH:  That's what I know about the Superior

23 Court case.  The bankruptcy case, as your Honor points out,

24 we won't be able to close a plan until that Superior Court

25 case is resolved.  Meanwhile, we have filed at least one

4

1  claim objection.  We will file other claim objections as

2  necessary.  But there really probably isn't anything else

3  going on in the bankruptcy case other than claim objections

4  that may be filed.  The status conference can be continued

5  either 90 or 120 days, something appropriate to keep track

6  of this.

7          THE COURT:  All right.  And then I'll have Mr.

8  Jones.  What do you have to say?

9          MR. JONES (zoom):  I don't -- your Honor, I don't

10  have a whole lot to add.  I appreciate Mr. Selth is

11  administering the case and filing claim objections in the

12  interim while the other case is in Superior Court to try to

13  keep some momentum going in the case.

14          THE COURT:  All right.  And anybody else wish to

15  say anything about what's going on?  For instance, I know I

16  saw Mr. Moda, are you there?

17          THE CLERK:  He is there.

18          THE COURT:  I think you're there.

19          MR. MODA (zoom):  Yes, your Honor, I'm here.

20          THE COURT:  Yeah.  How -- what's happened -- I

21  know I saw some request from you as far as some things that

22  you were not happy about.  I don't want to get too entangled

23  in what's going on in the Superior Court, but do we have --

24  is that -- you saw the status report that was filed.  Was it

25  January 12th, was it, Mr. Selth?

5

1          MR. SELTH:  January 7 is what the Superior Court
2    docket shows.
3          THE COURT:  Okay.  Mr. Moda, so things are just
4    going along in Superior Court, is that correct?
5          MR. MODA:  Superior Court and Appellate Court,
6    your Honor.
7          THE COURT:  Okay.  All right.  Anybody else wish
8    to -- as far as the status, I knew it would be relatively
9    short because essentially that's what's going on, but if I
10   don't hear from anybody else, what I will do is continue the
11   status conference approximately about three months or a
12   little bit less than that.  Again, if anything crucial
13   happens, motions, of course, can be made.  I don't encourage
14   ex parte, that is, the motions, but certainly within the
15   time limits, normally 21 days for motions.  I'm not
16   encouraging anything in particular, but if something else
17   comes -- comes up that needs my attention, I would certainly
18   look at it, but as far as the status, I think probably
19   approximately 90 days is probably as -- as good as anything.
20         So, Stacy, do we have a date for that?
21         THE CLERK:  We have March 16th at 2:00.
22         THE COURT:  I'm sorry.  March?
23         THE CLERK:  16th at 2:00.
24         THE COURT:  Okay.  March 16th at 2:00 p.m., and I
25   would like again, two weeks prior to that, a status report.

*Echo Reporting, Inc.*

**ER-315**

6

1  And by that time I assume at least there's a hearing on

2  January -- early January in the -- as far as the -- as far

3  as the -- the litigation in the State Court, and so -- all

4  right.  So that takes care of the status.  And then the next

5  item is -- Stacy?

6           THE CLERK:  The next item Number 6.

7           THE COURT:  Yes, Number 6, that -- that is the --

8  dealing with Mr. Roodbari, and the -- let me have -- that is

9  the -- the Movant in that, that is the -- the estate.  So

10 I'll first ask, Mr. Selth -- by the way, I did see this

11 declaration of Mr. Roodbari, but there was supposed to be --

12 you know, I didn't see any Exhibit 1 attached.

13           Did you see that, Mr. Selth?

14           MR. SELTH:  There's no exhibit to what I -- what

15 was filed with the Court.  What was that supposed to be?

16           THE COURT:  Okay.  Mr. Roodbari, I read your

17 declaration.  You reference an Exhibit 1, but I -- it was

18 not attached.  Is that accurate?

19           MR. ROODBARI (zoom):  I guess, I -- yes, your

20 Honor.  I guess it didn't go through with the filing, but

21 the exhibit was supposed to be the billing statement.

22           THE COURT:  No.  I understand what it was supposed

23 to be, but -- but I didn't have it, but I always like to ask

24 because it's not -- you know, the world is not perfect.

25 But, indeed, just so you know, I didn't get it, and Mr.

7

1    Selth didn't.  So obviously I can't consider that.

2           So let me get back to Mr. Selth.  It's your --

3    your request.  There was a complaint that somehow the fees

4    were, you know, higher than you had indicated initially.  In

5    any case, I'll let you briefly respond to -- since you are

6    the Movant in this.

7           MR. SELTH:  Thank you, your Honor.  First of all,

8    as requested, I did inform the Court that Mr. Roodbari had

9    filed the request for dismissal with the Superior Court of

10   the void actions on the -- November 3rd I believe it was,

11   and I confirmed, and I've attached a copy of it to my

12   declaration that was handed to the clerk November 6th.  I

13   also confirmed on the case docket that the notice of

14   withdrawal of lis pendens was filed.  I have not been able

15   to confirm when it was recorded.  Mr. Roodbari informed me

16   by email that he had mailed it to the County Recorder and

17   had not received it back yet, which I would give him -- I

18   will take his word for it because I know recordings are

19   taking four to six weeks to get returned from the L.A.

20   County Recorder.

21          So, in terms of his compliance with your order to

22   immediately resolve the violation of stay, that he did do.

23   I would assert that my billings are all applicable only to

24   the void complaint that was filed and only in response to

25   that complaint.  My time entries are accurate.  The missing

8

1   exhibit from Mr. Roodbari's declaration was referring to the

2   time I billed on the -- the request for direct certification

3   of appeal, and that was a separate matter for us to resolve.

4   There was no cost over billing between the two.  I didn't

5   double bill anything which I billed for the (indiscernible)

6   certification, which I did provide to Mr. Roodbari.  There's

7   one thing, the -- the time entries in my -- attached to my

8   declaration filed on November 10th are only as to the

9   violation of stay and everything arising from that.  So I

10  would submit that those -- that's the amount of sanctions

11  plus whatever -- your Honor had mentioned a punitive damage

12  multiplier, which would be based on how much he complied

13  with your order I think.

14          THE COURT:  Well, it was that and, of course, the

15  conduct before us.  So what is your view on that as far as

16  punitive?  It wasn't -- it -- it was left open because two

17  things.  One, I felt and still view that even the original

18  violation, but, again, leaving open the fact of the

19  compliance that was -- that was -- would -- would affect how

20  much punitive damages, and it sounds like Mr. Roodbari has

21  -- has complied with that.

22          So what is your view about -- about the punitive

23  aspect?

24          MR. SELTH:  Well, your Honor, I -- I feel that

25  punitive damages are appropriate in some amount, but I would

9

1 have to leave it to the discretion of the Court.  Obviously,

2 it was a blatant violation of the stay.  We addressed it.

3 Your Honor addressed it.  Mr. Roodbari, after the fact, did

4 correct it.  So I do believe there should be some punitive

5 damages.  I don't believe it's up to me to say what kind of

6 a multiplier your Honor should use.

7            THE COURT:  All right.  Mr. Roodbari, what do you

8 have to say?  It sounds like you did comply, but what about

9 the -- and your -- and you have some comment about

10 consistency or at least double billing.  Unfortunately for

11 you anyway, you haven't presented any exhibit.  So all I'm

12 left with is the statement of Mr. Selth and his billing.  So

13 any comments about that?  And I'll -- yes, I'll ask about

14 just the billings itself.

15            MR. ROODBARI:  Yes, your Honor.  As far as the 105

16 sanctions go, your Honor, I'd like to just bring to your

17 attention Mr. Selth stated in the October 27th hearing that

18 he has spent 3.4 hours up until that moment -- up until that

19 time, and it came out -- at $520 an hour, and perhaps

20 another 45 minutes for the hearing of October 27th.  That

21 comes out to roughly about $2,158.  If he's given the full

22 45 minutes, the 45 minutes was split between the other

23 issues being heard, not just the issue of the 105 sanctions.

24 So, to that extent, on the 105, I believe I overpaid.  I

25 tried to negotiate with Mr. Selth.  He requested $3,000.  I

10

1  forwarded him a cashier's check.

2         As far as the billing for the automatic stay,

3  there's just several dates that are basically used in both

4  billing statements for the --

5         THE COURT:  Well, let me stop you there.

6  Unfortunately, you -- you referred to an exhibit that

7  without the exhibit I'm not going to allow you to -- to go

8  into that.  You -- I read your papers, but you said

9  according to this exhibit, but you didn't attach the

10 exhibit.  So, unfortunately, I -- I can't consider that.

11        MR. ROODBARI:  Okay.  Thank you, your Honor.

12        THE COURT:  All right.  What about -- and I'll ask

13 you -- let me ask you this as far as the punitive aspect.

14 In the State Court action, which I -- as I've said numerous

15 times was -- was not only frivolous, but you basically --

16 and I'll leave it at that.  That is the -- the conduct in

17 the -- in the State Court.  You were warned, and yet you

18 still pursued it.

19        My question is in that State Court litigation,

20 even though you -- you -- did you ask for punitive damages

21 against in particular the Debtor who was the transferee?

22 She really didn't have anything to do with the transfer of

23 the property that you were complaining about.  Did you ask

24 for punitive damages against her, that is, the Debtor in

25 this case, in that -- in your State Court litigation?

11

1    MR. ROODBARI:  No, your Honor.  My -- I said
2 Defendants, but I knew I could not, you know, seek damages
3 of any kind against Mazgani, and that was in my motion for
4 relief from stay was that I was only naming her as the
5 necessary party and that all recovery actions or all damages
6 were geared toward the daughters, Niaz (phonetic) and
7 Nawzani (phonetic).

8    THE COURT:  So you didn't ask for treble damages
9 to the tune of well over $1,000,000 against her personally,
10 the Debtor?

11    MR. ROODBARI:  I said -- no.  I had no intention
12 of going after her, your Honor.

13    THE COURT:  No, no.  My question is because I -- I
14 read the complaint.  This is a rhetorical question, and I
15 don't think you're telling me, quite frankly, the truth.
16 Let me stop you, Mr. Roodbari.  I don't have it right in
17 front of me.  I know you do, Mr. Selth.  Do you have that
18 complaint in front of you?

19    MR. SELTH:  Yes.  I'm pulling it up now, your
20 Honor.

21    THE COURT:  All right, because I read it several
22 times.  It was meant as a rhetorical question because I'm
23 surprised at your answer, Mr. Roodbari.  Mr. Selth, do you
24 have the complaint there?

25    MR. SELTH:  Yes, your Honor.  I'm pulling it up

12

 1  now.  All right.

 2          THE COURT:  Because I've read that complaint

 3  numerous times.  I'm trying to find here.  I have a whole

 4  stack of papers.

 5          MR. ROODBARI:  Your Honor, the complaint asks for

 6  punitive damages, but --

 7          THE COURT:  Yes.

 8          MR. SELTH:  Yes, I have the --

 9          THE COURT:  And what amount?  I mean, once, twice,

10  three?  What was the -- again, it's a rhetorical question.

11  I know the answer.  What did you ask for punitive damages?

12          MR. ROODBARI:  I think it was three times, treble

13  damages or 1.2, something to that effect.

14          THE COURT:  Right.  And why was it?  Why did you

15  pick treble damages, especially -- and you're saying you

16  didn't ask any damages against the Debtor?  You sure about

17  that?

18          MR. ROODBARI:  The Debtor was under automatic stay

19  in --

20          THE COURT:  No.  That's the whole reason you're in

21  the pickle that you're in in the moment.  I'm asking you

22  what the -- I'm going to dig through here.  While I'm

23  looking, do you have it, Mr. Selth, the complaint?

24          MR. SELTH:  Yes, your Honor.

25          THE COURT:  Why don't you -- I have a pile of

13

1 papers here.  Why don't you -- why don't you find where in

2 that complaint it asks for the damages.

3          MR. SELTH:  It's on page 10 under the prayer, and

4 then Section B is the prayer, just:

5               "Plaintiff demands judgment against

6          Defendants as follows:  B, for an award

7          of punitive damages to punish the

8          Defendants and make examples of them but

9          in no less -- in no event less than

10         three times the actual monetary sums

11         under the judgment, ($1,254,941.49)."

12         MR. ROODBARI:  Yes, but the two daughters are

13 Defendants as well, your Honor, yes.

14         THE COURT:  That's right.  No, no, you're correct,

15 but I was asking you, and you weren't straightforward to me

16 it doesn't sound like.  I asked you a very specific

17 question, Mr. Roodbari.  I didn't ask about the daughters.

18 Yes, I understand that.  I said did you ask for damages and

19 -- punitive damages against the Debtor, and you said no.

20 Well, that was not correct, was it?

21         MR. ROODBARI:  The Debtor was -- when I filed it,

22 it was to -- to bring to the Court's attention that the

23 daughters had fraudulently transferred this property to the

24 Debtor.  So my -- my suit for damages was against the people

25 that fraudulently took that property  in when they knew

14

1 there was an abstract filed on it, and they had not right to

2 transfer it out, and they did.  That's where the damages

3 were --

4          THE COURT:  Well, I understand.  Mr. Roodbari, I

5 really would like, you know, to get a straight answer from

6 you, and I really haven't, and it really disappoints me, and

7 I'll ask you again.  Very -- you understand the question.  I

8 asked you very simply did you seek the damages, number one,

9 against the Debtor and, number two, did you ask for punitive

10 damages against the Debtor, and you said no.

11          That's not truthful, is it?  Are you looking at

12 your complaint?  Did you -- in the complaint, it says

13 Defendants plural.  Did the complaint say, no, I'm not --

14 anywhere in the complaint did you -- did it say that you

15 were not asking for punitive damages or damages, for that

16 matter, against the Debtor, yes or no?

17          MR. ROODBARI:  Yes, it appears that way, your

18 Honor.  But my intention was to go after the daughters.  So

19 I guess it came out that way.

20          THE COURT:  Well, you say you guess it came out

21 that way.  That's what your complaint said, isn't it?

22          MR. ROODBARI:  My complaint was for -- yes.  I

23 don't want to argue with your Honor.

24          THE COURT:  Well, no, it's not -- I don't mean to

25 argue with you.  I would like a truthful response, however,

1 Mr. Roodbari.

2          MR. ROODBARI:  I'm telling -- the truth is that I

3 was pursuing the daughters.

4          THE COURT:  Now, what does the complaint say?  No,

5 my question is not some subjective unwritten thoughts in

6 your head.  I'm asking you a very simple question, which I

7 know the answer, and you really were not honest with me, Mr.

8 Roodbari.  What is it -- I'm asking you -- it was your

9 complaint.  What did your complaint ask for?  It asks, did

10 it not -- it asked for treble punitive damages against the

11 -- the daughters but also as to the Debtor, did it not?

12 Isn't that what the complaint asked for?

13          MR. ROODBARI:  It asked for -- against the

14 Defendants.  Yes, you're right, your Honor, it does.

15          THE COURT:  It's including the -- the Debtor?

16          MR. ROODBARI:  Okay.  Yes.

17          THE COURT:  Well, not a matter of okay.  It -- it

18 concerns me.  It just -- I'd like you to just be

19 straightforward, and I get the sense that it's -- I have to

20 -- it's like pulling teeth to get you to give me an honest

21 answer.

22          MR. ROODBARI:  I apologize, and I'm sorry you feel

23 that way, but I -- I've tried to explain that I wasn't going

24 after the -- the Debtor.

25          THE COURT:  But did your complaint say you're not

16

1  going after the Debtor?

2          MR. ROODBARI:  No.  The complaint says we're going

3  after the Defendants.

4          THE COURT:  And --

5          MR. ROODBARI:  So, in that respect, if I misspoke

6  in the complaint, then you're absolutely right.  It appears

7  that I may have asked for the Debtor, but my intentions were

8  to go after the daughters, your Honor.

9          THE COURT:  Well, I don't buy that, Mr. Roodbari.

10 I mean, I -- you seem to be a smart guy.  You know, your

11 complaint says what it says, and saying now when you're

12 faced with damages for violation of the automatic stay, you

13 say, "Well, no, I didn't really mean it."

14         MR. ROODBARI:  Well, that's in my motion for

15 relief, but I'll leave it at that, your Honor.  I don't want

16 to make this any more difficult than it has to be.

17         THE COURT:  Again, I -- tell me if I -- if I'm

18 wrong.  I -- just reading your papers, you -- you filed this

19 totally improper lawsuit in the State Court against the

20 Debtor.  You -- and you did ask in the complaint for

21 damages.  What was it, one point -- how many -- what was it,

22 one point -- I think it was treble, $1.2 million?  I'm

23 trying to remember the exact number.

24         Mr. Selth?

25         MR. SELTH:  One point two five four million and

17

 1  change.

 2       THE COURT:  Right.  And so, again, I'll ask you

 3  again, so no misunderstanding, Mr. Roodbari.  Did your

 4  complaint indeed ask for damages of 1.2 plus million dollars

 5  -- that would be treble punitive damages -- against the

 6  Debtor in this case?  Yes or no, is that what the complaint

 7  said?

 8       MR. ROODBARI:  Well, your Honor, it's -- you want

 9  me to say yes --

10       THE COURT:  No.  I want you to tell me the truth.

11  It's a rhetorical question.

12       MR. ROODBARI:  It appears so, but in my motion

13  that I filed for relief, I made it -- I filed that right

14  away, your Honor, wanting your under -- or your -- your

15  ruling on whether or not this is proper or not.  That's why

16  I filed my motion for relief before Mr. Selth filed his

17  opposition to my -- before he filed his motion for holding

18  me in violation of the stay.

19       THE COURT:  Okay.  And, of course, the only reason

20  you filed your motion was because he -- he told you that if

21  you didn't dismiss the case and get rid of the lis pendens,

22  he was going to seek sanctions against you, did he not?

23       MR. ROODBARI:  Yeah, he said that, but I would

24  rather hear it from your Honor rather than Mr. Selth as far

25  as what the violations may have been.

18

1        THE COURT:  No, the violation was a violation --

2   the violation was filing the -- the complaint seeking

3   damages against the -- the Debtor, and you did that, right?

4   That was before you filed your motion for relief?

5        MR. ROODBARI:  Right, yes.

6        THE COURT:  And, by the way, one thing that

7   occurred to me.  I didn't ask you before, but really I found

8   rather odd that in your -- in your papers, you -- you

9   mentioned that his -- Mr. Selth's complaint that your

10  violating the stay was akin to civil extortion.  Do you

11  remember that?

12       MR. ROODBARI:  Yes.

13       THE COURT:  Do you really believe that?

14       MR. ROODBARI:  Well, I believe he used the

15  strong-arm tactic, and he came on immediately, and he was

16  very forceful about it.

17       THE COURT:  Well, yes, his strong-arm tactic was

18  to tell you, Mr. Roodbari, you were in obvious violation of

19  the automatic stay and if you didn't take corrective

20  actions, that you would -- that he would file a request for

21  sanctions.  That's what he said, right?

22       MR. ROODBARI:  And I immediately filed my motion

23  for relief wanting your opinion on it, your Honor.

24       THE COURT:  No, I understand that, but what was --

25  it concerns me.  That's a very strong -- you know, I

*Echo Reporting, Inc.*

**ER-328**

19

1 understand as a former federal prosecutor myself, I

2 understand what extortion is.  That's threatening criminal

3 -- that's threatening, you know, criminal actions if you

4 don't comply with their request.

5          Is that what was going on there?

6          MR. ROODBARI:  No, your Honor.  No, it was not.  I

7 just was overly -- maybe I used the wrong words there.  I

8 apologize, but it seemed like right away dismiss it or --

9 and I wanted your opinion on it, your Honor.

10          THE COURT:  Well, but his -- but it concerns me.

11 That kind of strong language just concerns me that you would

12 somehow think that simply you can -- just exercising your

13 rights under the -- under the law is somehow, you know,

14 extortion, which is really a crime.  Do you really believe

15 that?

16          MR. ROODBARI:  No, I do not believe that.  I just

17 believe that -- just wanted to emphasize, you know, I was --

18 it came across that no, I don't believe Mr. Selth was trying

19 to extort.

20          THE COURT:  Well, he didn't threaten you to -- he

21 didn't threaten to go to any criminal court, to go to the

22 District Attorney or the U.S. Attorney.  He just said, hey,

23 you -- you violated the stay, and if you don't correct it,

24 you're going to force me to file a motion for sanctions.

25 That's what he said in it, did he not?

20

1         MR. ROODBARI:  Yes.

2         THE COURT:  Well, I'll tell you, I am -- it really

3 concerns me the conduct in this case, Mr. -- Mr. Roodbari,

4 and as well, by the way -- by the way, I never did ask you

5 how -- how is it that you got hired in this case?  I mean,

6 do you know somebody or -- because you're not -- you're

7 obviously not, as I indicated before, you told me you have

8 no bankruptcy experience or anything.  How is it that you

9 became counsel in this?

10        MR. ROODBARI:  I have a little bit of bankruptcy

11 experience but no litigation.  I believe you said "Have you

12 ever been -- litigated a case in front of me?"  That's my

13 understanding.

14        THE COURT:  No.  I asked you if you've ever been

15 in any Bankruptcy Court, and you said no.

16        MR. ROODBARI:  I'm sorry then.  I didn't take it

17 -- no, I have not been in any Bankruptcy Court.  You're

18 right.  But I have done, you know, a little bit of

19 bankruptcy research and law and motions and background, but

20 I know Mr. Moda, Mr. Moda Iglesias.  Iglesias had issues

21 that they needed -- Iglesias and I spoke regarding picking

22 up, taking over the case for him.

23        THE COURT:  Well, all right.  Well, I'm going to

24 -- I'll tell you, Mr. Selth, I am going to -- I'm going to

25 grant your -- your request, the -- for the damages, and this

21

1   is going to have -- the punitive is going to be twice.  I am

2   very -- it really -- even today, Mr. Roodbari, you weren't

3   straightforward with me.  It just astounds me.  I'm trying

4   to be as far as I can.  I get the sense of how -- what you

5   really feel about moving on.  It just does not require any

6   further response, but I find that you're -- even today, you

7   were not honest as far as something that we all know what

8   was in the complaint.  You wouldn't even bring yourself to

9   just say what the facts were that both Mr. Selth and I know.

10  That really concerns me about how you -- what you feel about

11  complying with the law.  So Mr. Selth, I would like you --

12  as a matter of fact, I would like you -- I will prepare the

13  order.  The -- I don't need you to do it, that it will be --

14  and this is against both you, of course, and your client as

15  well, Mr. Roodbari, in this matter, as opposed to the -- the

16  previous one.  All right, Mr. Selth?

17          MR. SELTH:  That's correct.  And I would also ask,

18  your Honor's new order said Mr. Roodbari, Mr. Iglesias and

19  Mr. Roodbari's firm.  I want to make sure that the firm is

20  also included.  And that was in your Honor's original order

21  granting the motion for sanctions, and that -- Law Offices

22  of Daniel Roodbari, A.P.C.

23          THE COURT:  Yes.  And that was against you, the

24  firm, and, of course, against your client, and that -- I

25  will prepare the order that you -- the order will indicate a

22

1  relatively short time period, either 30 or 60 days for the

2  payment of that amount, but I will prepare -- I will prepare

3  that order.  And so that -- that concludes -- that concludes

4  this --

5         MR. ROODBARI:  Your Honor --

6         THE COURT:  Yes?

7         MR. ROODBARI:  Your Honor, I just want to say, you

8  know, hold it against me.  I just want to protect my client.

9  So you can just have it against me and not Mr. Iglesias.

10        THE COURT:  Well, no.  The order will be against

11  both.  Now, it will be jointly.  Now, again, if you want to

12  -- if you end up paying it again, as long as it's paid by

13  the date that I have in the -- in the order, that will be

14  fine.  But, no, it's against -- in fact, I even -- as I

15  thought about it -- I'm not going to change it, but after I

16  started thinking about it more, even the question about the

17  -- the question of the certification, that it occurred to me

18  that I should award sanctions against the client, but I

19  didn't do it at the time, and I'm not going to change it

20  now, but upon reflection, I thought that maybe I should do

21  that.  I'm not going to -- I'm not going to do that.  That's

22  already been paid in any case.

23        But this has been a very -- a very unfortunate

24  hearing for lots of reasons, and it's -- I just -- my

25  attitude is -- and as a federal judge is just to have people

*Echo Reporting, Inc.*

**ER-332**

23

1  comply with the rules and -- and so forth, and this has been

2  a very concerning case to me.

3          So I will prepare that order, and that -- that

4  concludes this particular hearing.  Thank you both.

5          ALL:  Thank you, your Honor.

6          THE CLERK:  Number 7, Mazgani.

7          THE COURT:  Okay.  This is the objection to the

8  claim of -- of Deborah Bronner.

9          Okay.  I see you, Ms. Bronner.  You're there, and,

10 of course, Mr. Selth, you're there.  The -- let me ask you

11 --  a couple of questions have come up, Ms. Bronner.  The --

12 the -- about the -- and I -- it really isn't that important

13 to me, but Mr. -- Mr. Moda -- and I think he's on the line

14 too.  I'm just going to ask you this as a preliminary

15 question.  Did he prepare the papers for you or did he help

16 you or does Mr. Moda -- what was his role as far as your --

17 your time in all this?

18         MR. MODA:  Your Honor, I did work on it.

19         THE COURT:  Yeah.  Well, now, I'm asking, Mr. --

20 Mr. Moda, you said you did work on it?

21         MR. MODA:  I worked on some of the documents, yes.

22         THE COURT:  Okay.  Well, I'm asking Ms. Bronner.

23 You -- is that correct?  What was Mr. Moda's -- isn't that

24 -- this is more curiosity, by the way, on my part, but I

25 know, Mr. Moda, from day one Mr. Selth has been complaining

24

1  about that Mr. Moda was really preparing -- pleading for

2  other people and was really behind the involuntary and so

3  forth.  That's not my -- my concern.  It's just that the

4  name keeps coming up, and -- and you actually, Ms. Bronner,

5  you actually represented Mr. Moda, at least as far as your

6  papers.

7       So what -- what was his role in your -- in your --

8  in your -- what you did in this case?

9       MS. BRONNER:  Yes.  Hi, your Honor.  Good morning.

10 I prepared the papers.  Mr. Moda helped, and I didn't charge

11 for any of his time.

12      THE COURT:  All right.  And let me ask you this.

13 Did you -- you -- you read your -- there was your -- your --

14 your claim, and then there was the opposition by Mr. Selth

15 representing the Debtor, and then your response.  My

16 question is did you actually read -- there's -- did you

17 actually read it?  I assume you did, but in particular, you

18 made a couple of -- one correction.  They -- they -- you

19 claimed without any real evidence of it that the Debtor

20 violated a rule, and you cited the wrong rule.

21      How did that happen?  Is that -- you say an error,

22 but did you actually read the papers or did Mr. Moda prepare

23 the paper?

24      MS. BRONNER:  Yes.  Yes, your Honor.  I read the

25 papers, and I apologize for the typographical error.  It

25

1   should have been 3007-1.

2           THE COURT:  Well, is that just a typographical

3   error?  I mean, they're not even close.  I could understand

4   if it were -- you know, if it were just off by a digit or

5   something.  It's a different rule, is it not?

6           MS. BRONNER:  Yes, your Honor.  I apologize for

7   the error in the papers.  It was inadvertent.

8           THE COURT:  Okay.  What about those cases?  Now,

9   you -- your proposition is an interesting one.  You cited

10  cases.  And, in fact, Mr. Selth responded, and I read all

11  those cases, and none of them really support your position.

12  Did you actually read the cases that you put in your papers?

13          MS. BRONNER:  Yes, your Honor, and I have argument

14  prepared.

15          THE COURT:  All right.  Well, tell me -- and also

16  what is it -- what concerns me, among other things, is a

17  couple of things.  The -- what is -- you -- there's no

18  statutory authority, is there, for what you're claiming?

19  You've cited the -- the statute.  It doesn't say that you

20  can -- that you can apply to this Court, does it?  And is it

21  -- that's number one.

22          Is there -- what is your statutory authority?

23          MS. BRONNER:  Okay.  The statutory authority is

24  Section 330(a)(1), 11 U.S.C. Section 330(a)(1), which

25  provides for a reasonable compensation for services rendered

26

1  by an attorney, reimbursement for actual and necessary

2  expenses.  The statute requires that services that were not

3  reasonable -- not reasonably to benefit the Debtor's estate

4  or not necessary to the administration of the case are not

5  to be allowed.

6          My fee bill meets the criteria.  The services were

7  reasonably likely to benefit the Debtor's estate and were

8  necessary to the administration of the --

9          THE COURT:  Okay.  The only problem with that is

10 you don't -- you didn't represent any of the petitioning

11 creditors, did you?

12         MS. BRONNER:  Well, I had a --

13         THE COURT:  No.  A simple question.  Answer my

14 question.  Did you represent any petitioning creditor?

15         MS. BRONNER:  Yes, your Honor.

16         THE COURT:  You did?

17         MS. BRONNER:  Yes.  I represented Mike Kimmel, and

18 then I was also -- I had an engagement letter from Mike

19 Kimmel, and I was also -- was seeing along with the Orantes

20 Law Firm and appearing -- you know, providing information

21 and --

22         THE COURT:  Let me back up a minute.  In your

23 papers, do you state that you represented any petitioning

24 creditor, simple question, yes or no?

25         MS. BRONNER:  In my papers?

27

1          THE COURT:  Yeah.  That's a --

2          MS. BRONNER:  Let me just check.  I don't want to

3    say -- I don't want to give the wrong answer.

4          THE COURT:  Because I read all your papers, and it

5    doesn't look like -- the only -- your argument is you had

6    some arrangement with Mr. Orantes, but -- and you did, of

7    course, represent Mr. Moda, but -- but he's not a

8    petitioning creditor, even though Mr. Selth seems to

9    indicate he was behind all this.  But, again, that's neither

10   here nor there.  That -- that's just his allegation, and it

11   makes no difference to me one way or the other at this

12   point.

13          But, specifically, you are -- your fees were -- I

14   think, as I understand your argument, that you had some

15   arrangement with Mr. Orantes, but -- but I don't see

16   anything in your declaration, that is, the evidence, that

17   you represented any petitioning creditor.  Am I wrong or

18   have I missed -- totally missed this?  Remember, this is --

19   you shouldn't have to look for this, Ms. Bronner.  This is

20   your -- this is your -- this is your request for a claim in

21   this case.  I would think that you would be able to answer

22   my question directly.  Who -- what -- did you -- your fees

23   for representing a petitioning creditor?  Did you -- that

24   was your client.

25          MS. BRONNER:  The -- the -- Mike Kimmel.

28

 1          THE COURT:  And who is that?

 2          MS. BRONNER:  Well, the -- I filed the notice of

 3  errata, and in the notice of errata, I filed the engagement

 4  letter.

 5          THE COURT:  And that, by the way, is not really an

 6  appropriate thing at the last second to throw in.  Errata is

 7  one thing to have if you miscited a -- a statute.  But you

 8  can't just throw in suddenly something that's -- which is --

 9  by the way, can -- every -- it's all blocked out anyway.

10  This is the -- you can't -- I'm not going to allow you --

11  and does that engagement letter, is that to represent a

12  petitioning creditor?  I'll ask you again.

13          MS. BRONNER:  Mike -- Mike Kimmel is Park Avenue

14  Investments.

15          THE COURT:  What?

16          MS. BRONNER:  His name is Mike Kimmel with Park

17  Avenue Investments.

18          THE COURT:  And that is a -- and you -- have you

19  argued that anywhere in your papers, that -- was he a

20  petitioning creditor?

21          Mr. Selth, was he a petitioning creditor?

22          MR. SELTH:  I believe Park Avenue Investments is a

23  petitioning creditor.

24          THE COURT:  Right.

25          MR. SELTH:  The engagement letter, which is all

29

1 redacted, but it's between Ms. Bronner and the Orantes Law

2 Firm.  Mr. Kimmel is not mentioned anywhere in it.

3          THE COURT:  Is that -- is he mentioned anywhere in

4 that?  First of all, I'm not going to allow that to be

5 filed.  This is not just an oversight.  But is there

6 anything in there that shows that -- that you represented

7 him?

8          MS. BRONNER:  Yes, your Honor.  I understand that

9 you -- that the notice of errata was filed late, but the --

10 I was representing Mike Kimmel.  He signed the engagement

11 letter.

12          THE COURT:  And is there anything in the record to

13 show that?

14          MS. BRONNER:  You mean with the other documents,

15 no, your Honor.

16          THE COURT:  Well, so that's a totally improper --

17 first of all, that document, which is not simply errata, you

18 -- it seems to me you are now suddenly -- your whole

19 argument has been -- and I'm wondering about -- you know,

20 you're being straightforward with me.  The whole argument is

21 that -- that you did work for Mr. Orantes because of -- your

22 whole argument is that you had -- because of your

23 representing Mr. -- Mr. Moda, that as I -- in a nutshell,

24 your argument is you have an experience in suing the Debtor.

25 So you knew more about the Debtor and so forth and that --

30

1  so that you -- you're helping Mr. Orantes.

2        Isn't that your argument?  Did you ever mention

3  what you just said now in your papers anywhere, that you

4  actually were -- you are seeking fees for one of the

5  petitioning creditors?

6        MS. BRONNER:  Well --

7        THE COURT:  I see your -- I didn't see your name

8  anywhere in the record here.  Did you ever -- you -- I saw

9  your name.  I didn't know who you were at that point, but

10 that you were a -- you were listening in, and you were

11 certainly -- you know, anybody can really listen in, any

12 member of the public.  Did you ever make an appearance for

13 them?

14       MS. BRONNER:  I filed declarations with the moving

15 papers.

16       THE COURT:  No.  Did you ever file the -- because

17 I know who the attorneys were.  Mr. Orantes originally

18 represented folks, and then Mr. Sands represented some

19 people and then others.

20       Did you ever file anything with the Court?  Did

21 you ever represent -- actually represented -- you know what

22 that means, to file something with the Court.  Did you

23 represent any of these creditors?

24       MS. BRONNER:  I didn't file anything with the

25 Court.  I was working for the petitioning creditors in

31

1  discovery, and I was preparing for the deposition of Mahvash

2  Mazgani.

3          THE COURT:  There's nothing in this record to show

4  that you were counsel of record for any petitioning

5  creditors.  That's a fair statement, isn't it?

6          MS. BRONNER:  Yes, your Honor.

7          THE COURT:  Okay.  So, I'll go back to the section

8  we're talking about, that you -- that you're -- why don't

9  you give me the number again, that the --

10         MS. BRONNER:  Yes.  It's Section -- it's 11 U.S.C.

11 Section 330(a)(1).

12         THE COURT:  330(a)(1).

13         MS. BRONNER:  Yes.

14         THE COURT:  Okay.  All right.  And you said --

15 where does it say since you're not -- you're not counsel of

16 record for any of the petitioning creditors, how is it that

17 -- how is it that you fit in here?

18         MS. BRONNER:  Okay, your Honor.  The -- the text

19 of the statute says reasonable -- this is (a)(1) then (A):

20              "Reasonable compensation for actual

21              necessary services rendered by the

22              Trustee, examiner, ombudsman,

23              professional person, or attorney or by

24              any professional person employed by such

25              person."

32

 1          so that's where I fit in.  I was offering my --

 2          THE COURT:  No, you're -- that's a very specific

 3  section, however.  That's -- you've sort of managed to skip

 4  over.

 5          Let me -- I'm going to ask Mr. Selth.  Maybe you

 6  can respond to this, Ms. Bronner.

 7          Mr. Selth, the actual section, because I --

 8  because you're not -- you're not being accurate.  The actual

 9  section you are seeking is not that one.  I mean, that's

10  part of it, but it goes further.

11          Mr. Selth, why don't you just walk -- I know the

12  answer, but I think I'll get a better answer from you.  The

13  -- the -- the actual section that's being applied for.

14          MR. SELTH:  Well, as your Honor points out,

15  Section 330(a)(1) -- and the part that Ms. Bronner omitted

16  was these can be one or two -- a consumer privacy ombudsman,

17  an examiner, or a professional person employed under 327 or

18  1103.

19          THE COURT:  Right.

20          MR. SELTH:  Obviously, Ms. Bronner -- Ms. Bronner

21  was never employed by the Court.  So she cannot get fees

22  under Section 330.

23          THE COURT:  That's correct.

24          MR. SELTH:  I think she -- I think she means to

25  say -- helping her out here -- that she was trying to get

1  fees under 503(b)(4).  As your Honor points out, everything

2  that Ms. Bronner ever filed, she said she was the attorney

3  for Kevin Moda.  Who's the declaration she said that she

4  filed in support of the pleadings?  I'm looking at one of

5  them now.  I attached all pleadings filed by Ms. Bronner to

6  my objection to claims, and she says "I'm counsel of record

7  for Mr. Kevin Moda in this matter."

8        And, by the way, Park Avenue Investment Capital by

9  Mike Kimmel, LLC, I'm looking at the addendum to the

10  involuntary petition.  It's Docket Number 39 on the court

11  docket.  On page three it asks for his signature.  It's Mike

12  Kimmel, Park Avenue Investment Capital, LLC by Mike Kimmel

13  Manager.  The petitioner is an individual and not

14  represented by an attorney and under name of petitioner's

15  representative it says an attorney from San Diego named

16  Robert Salgado.  And on the name of the attorney for the

17  petitioning creditor, it's Giovanni Orantes.

18        So not only did Mr. -- was Mr. Orantes the

19  attorney of record in the bankruptcy case per this addendum

20  to involuntary petition for Mike Kimmel's company, but --

21  but the -- his representative in the case -- again, this is

22  docket 39, page three, is an attorney named Robert Salgado.

23  Ms. Bronner isn't even listed as Mr. Kimmel's representative

24  in the addendum.

25        THE COURT:  Well, Ms. Bronner, let me ask you

34

1 again.  I'm really concerned about your representations to

2 this Court.  It doesn't seem that -- first of all, if you

3 represented an individual, the individual was not a

4 petitioning creditor.  It was the entity, right?

5          MS. BRONNER:  Yes.

6          THE COURT:  Is there anything in this record --

7 I'm very -- getting concerned.  Was there anything in this

8 record that -- I think the answer -- we've already answered

9 that you were not representing the -- the petitioning

10 creditor, were you?  There's nothing in here to say that.

11          MS. BRONNER:  I was representing the petitioning

12 creditor, Park Avenue Investments, for the purpose of taking

13 the deposition of Mahvash Mazgani.

14          THE COURT:  Well, I don't see anything in this

15 record to show that, is there?

16          MS. BRONNER:  That doesn't mean --

17          THE COURT:  Well, let me go back, though, to the

18 merits of this, because Section 330 is really not the

19 section, because you were never hired -- you don't qualify

20 there, but in your papers, the real section is, again, Mr.

21 Selth -- again, it will be easier.  Why don't we just -- let

22 me ask you this one last question, Ms. Bronner.  I don't

23 recall you -- have you -- you -- do you do bankruptcy work?

24          MS. BRONNER:  I have done some bankruptcy work,

25 your Honor, but my -- I was brought into this case because

35

1  of my familiarity of the -- the State Court action and the

2  -- my familiarity with having represented Mr. Moda and the

3  -- against this Debtor in State Court.

4            THE COURT:  Okay.  Well, that's what I understand.

5  And, Mr. Selth, the -- in reading your -- your papers, as

6  well as the claimant's, it was Section 503, was it not, the

7  -- the authority that was presented, was it not?  Mr Selth?

8  Specifically 503, let's look at the section again.  503

9  what?  I'm looking at it, but just for the record, let's

10 make sure we're looking at the same thing.

11           MR. SELTH:  You want that from me, your Honor, or

12 Ms. --

13           THE COURT:  Yes --

14           MS. BRONNER:  I --

15           THE COURT:   -- yes, Mr. Selth.

16           MR. SELTH:  It's 503(b)(4).

17           THE COURT:  503(b) as in boy?

18           MR. SELTH:  Yes, (b)(4).

19           THE COURT:  (4), which -- which specifically deals

20 -- let me just read it:

21               "Reasonably compensation for

22           professional services rendered by an

23           attorney or an accountant of an entity

24           whose expenses is allowable" --

25           Again, going back to the -- to subparagraphs (a),

36

1  (b), (c), (d), and (e).

2          -- "based on the time and nature and

3          extent of the value of services," et

4          cetera.

5          Keep going.

6          MR. SELTH:  Do you want me to read it, your Honor?

7          THE COURT:  Yes.

8          MR. SELTH:  "Reasonable -- reasonable

9          consultations for professional services

10         administered by an attorney or an

11         accountant of an entity whose expense is

12         allowable under Subparagraph (a), (b),

13         (c), (d) or (e) of paragraph three based

14         on the time, nature, extent and value of

15         the services and cost of comparable

16         services other than the case under this

17         title and reimbursement for actual

18         necessary expenses incurred by such

19         attorney or accountant."

20         THE COURT:  All right.

21         MR. SELTH:  The case law I -- as I noted, all the

22  case law cite by Ms. Bronner talks about the attorney who

23  filed -- the counsel who filed the petition, not -- and, as

24  I said, Ms. Bronner, in her opposition, flatly misleads the

25  Court by the summary of the holding in In Re Exchange

1 Network case. She was -- she said that -- she claimed in the

2 opposition that it allowed fees for "counsel who assisted in

3 the prosecution of the petition."

4          THE COURT:  Which case was that again?

5          MR. SELTH:  That's the case of In Re Exchange

6 Network.

7          THE COURT:  I read that.  Let me ask you this, Ms.

8 Bronner.  Is that what that case says?  I don't recall that

9 case saying what you say it says.

10          MS. BRONNER:  Okay.  The -- the In Re Exchange

11 Network Corps., in that case, there was only -- there was

12 one attorney that was involved, and hold on.  Let me -- I

13 cited the case in my opposition for the principle that

14 petitioning creditors of a failed involuntary petition are

15 responsible to the debtors for attorney's fees, and I know

16 it's speculative because the involuntary petition was

17 approved, but I do believe that if it hadn't been approved

18 and the attorneys involved had been held responsible, I

19 could have been held responsible.

20          THE COURT:  Well, what I'm saying is show me where

21 in that -- in the sections that were just read it talks

22 about attorneys.  Now, it does say -- and -- where does it

23 say in that section that you -- again, I have -- I don't

24 think I even have to get into it, and I'm not going to get

25 into it -- what if -- to what extent you helped Mr. Orantes,

38

1 but where does it say that you, not as counsel of an entity,

2 where does it say you can -- you can get it?  This is

3 talking about -- that section says that they can do it, and

4 if they got some help from other people, it's okay to

5 basically pay that.

6         What I'm asking you, show me a section that says

7 that you -- as far as it's -- it's clear to me on this

8 record, in spite of which you have said you do not

9 represent, never have represented any -- any of the

10 petitioning creditors in this case.

11        So where does it say that you, not having

12 represented any of them, that you can get -- apply to this

13 Court?  Show me a section that says that, because I -- it's

14 a rhetorical question because I don't think there is any

15 section, but if there is, maybe I'm mistaken.  Where does it

16 say it?  We're looking at 503.  503, which is the section

17 dealing with allowed administrative expenses, where does it

18 say it?

19        MS. BRONNER:  Well, my position, your Honor, is it

20 does say that it has to be the attorney of record.

21        THE COURT:  Well, it says you have to be an

22 attorney -- you have to be an attorney for petitioning

23 creditor.  There is nothing in here -- and what you have

24 said, there is no evidence at all before me that you

25 represented an actual petitioning creditor, and if the -- if

*Echo Reporting, Inc.*

**ER-348**

39

 1 there is, we've been through this conversation.  There's
 2 nothing that you have presented to me so far to show that
 3 you were represented.  What you have alleged in your -- in
 4 your declaration that you had, because of your experience
 5 and so forth representing Mr. Moda against the Debtor, that
 6 you would be helpful in some discovery work and so forth,
 7 but that's a totally different question.
 8        Show me a section that said -- read it to me --
 9 that says that you -- since I -- I'm finding there's no
10 evidence -- there's zero evidence before me that you
11 represented the petitioning creditor.  The evidence is very
12 simple.  Your argument has been you helped out Mr. Orantes.
13        Am I wrong?  Isn't that your argument?
14        MS. BRONNER:  I helped Mr. Orantes and the
15 petitioning creditors with the work that I did to further
16 the cause and the goal of getting the involuntary petition
17 approved.
18        THE COURT:  Yeah, but you were never -- you never
19 represented -- at least in the record before me, there's
20 nothing that shows that you represented -- you represented
21 Mr. Moda clearly, although that's -- but you're not asking
22 for any work you did for him.  Is there any evidence before
23 me that you represented that you actually were counsel for
24 any petitioning creditors?  And I find nothing in this
25 record.  Tell me where it is.

40

1          MS. BRONNER:  All right.  Well, I guess the errata

2    that you said that you wouldn't consider.  I understand

3    that.  So, just so you know, there was an engagement letter

4    in which Park Avenue Investments, LLC hired me, and also in

5    the code section, it says reasonable consultation for

6    professional services rendered by an attorney.  It doesn't

7    say the attorney has to be an attorney of record.

8          THE COURT:  But you still have to be an attorney

9    representing --

10          MS. BRONNER:  It says --

11          THE COURT:  Recognize I'm not going to allow you

12    basically that -- that so-called errata is not an errata.

13    That's something brand new.

14          As a matter of fact, Mr Selth, I'll get back to

15    you.  Anything in that -- I'm not going to consider it, but

16    I did look at it.  I mean, unlike a jury that -- you know,

17    I'm trained.  I can ignore something.  But in that -- all

18    right.  Is there anything in there that shows that --

19    everything else was blocked out.  It seems to me that's

20    something supposedly between Mr. Orantes and -- and Mr.

21    Bronner -- Ms. Bronner.  Isn't that correct?

22          MR. SELTH:  The only name I see other than Ms.

23    Bronner is Mr. Orantes.

24          THE COURT:  Is there anything in that -- in that

25    -- again, I'm not going to consider it, but I'm concerned

41

 1  about the argument.  Is there anything in that exhibit that

 2  shows that you actually represented anybody else in that --

 3  in that document?

 4          MS. BRONNER:  Yes -- yes, your Honor.  In the --

 5  the signing page shows Park Avenue Investments and --

 6          THE COURT:  What page?

 7          MS. BRONNER:  The signing page, your Honor.

 8          THE COURT:  Are you looking at that, Mr. Selth?

 9          MR. SELTH:  Yes.

10          THE COURT:  Where -- what does it say?

11          MR. SELTH:  There's a -- below different Bronner

12  signatures is petitioning creditor, and there's a big black

13  redacted.  There's no name, no --

14          THE COURT:  Yeah.  Did you see what you actually

15  filed, what's been redacted?

16          MS. BRONNER:  Yes, your Honor.

17          THE COURT:  And show me if it indicates anything

18  on there.

19          Stacey, can you find that for me.

20          MR. SELTH:  Document 453.

21          THE COURT:  Yeah.  Can you get that for me.

22          Is there anything in there -- you may be looking

23  at something I'm not looking at.  I'm looking at the thing

24  you filed with the Court.  Is there anything in there

25  that --

42

1          MS. BRONNER:  I understand the block prevents you

2    from seeing the name of the petitioning creditor.  I

3    understand that, your Honor.

4          THE COURT:  Well, I know, but let me get it

5    straight, Ms. Bronner.  I'm getting concerned about how

6    straightforward you are being with me.  I asked a

7    straightforward question.  I'm talking about what you filed

8    with the Court, and you said, oh, yes, it shows it.  But it

9    doesn't show anything, does it?  It's all blocked out, isn't

10   it?

11         MS. BRONNER:  I'm looking for my copy.  Just give

12   me one second, please.

13         THE COURT:  Do you have that Stacey?

14      (Pause.)

15         THE COURT:  Thank you.

16         MS. BRONNER:  The -- the name of the petitioning

17   creditor and the fact that it was signed is blocked out.

18         THE COURT:  Right.  But you're making that

19   argument to me, and I asked you what you filed with the

20   Court, and that wasn't truthful, was it?  That's -- I don't

21   see any of that.  So how could you be telling me what you

22   filed but you didn't file it?  It's all blanked out.  Isn't

23   that true?

24         MS. BRONNER:  I thought -- I thought what I

25   explained to your Honor is that the document that's blocked

43

1  out, when it's not blocked out, it shows that I was

2  representing the petitioning creditor.

3          THE COURT:  Well, that isn't what I understood you

4  said, and how could -- how would you possibly be able to --

5  that may be the case, but that isn't what I understood you

6  said.  I'm looking at what you filed, which, as they say,

7  even that was improperly filed.  But even if it had been

8  properly filed, it doesn't say anything, does it, the

9  document you filed with me?

10         MS. BRONNER:  It doesn't show the name of the

11 petitioning creditor.

12         THE COURT:  Right.  So I'll ask -- right.  So I'll

13 ask you again.  It's a rhetorical question.  There's nothing

14 that -- that you have presented at all that you were

15 represented -- that you -- that you represented any of the

16 petitioning creditors.  Wouldn't that be a fair statement,

17 period?

18         MS. BRONNER:  Yes, your Honor.

19         THE COURT:  All right.  And the -- the statute,

20 again, that we were just reading, is there anything in there

21 that at all talks about representing petitioning creditors?

22 Whether it's of record of not, we can argue that at another

23 time, but there's nothing in this record that you ever

24 represented any petitioning creditors.  Would that be a fair

25 statement?

44

1          MS. BRONNER:  Yes, your Honor.

2          THE COURT:  So tell me again, given the statutory

3    provisions, 330 plus 503, where does it say that -- that

4    someone who is not representing any petitioning creditors

5    can seek reimbursement under this section.  Is there

6    anything?

7          MS. BRONNER:  Well, my understanding is that if --

8    for example, if an accountant provides professional

9    services, the accountant can request -- you know, can submit

10   a claim.  And so the accountant would not be representing

11   petitioning --

12         THE COURT:  Of course.  Of course they would, an

13   accountant for a petitioning creditor.  You're -- I don't

14   know what you just said.  I don't know if you're trying to

15   avert my attention, but you're not -- you're not seeking

16   compensation as an accountant.  You're seeking compensation

17   as an attorney, are you not?

18         MS. BRONNER:  Yes, your Honor.  But the accountant

19   would not be filing any -- any pleadings in court showing --

20         THE COURT:  Well, let me stop you.  Why -- forget

21   what -- you're trying -- I don't know what -- I really don't

22   follow your argument that what or not an accountant would

23   do.  I'm asking you as an attorney.  I think the answer is

24   there's no -- you have not cited me any provision that --

25   that an attorney -- the only people that -- you are seeking

45

1  compensation as an attorney, and you have -- is it -- can

2  you point out -- I think it's a rhetorical question -- any

3  provision that says that -- that you -- that if you're not

4  an attorney of that petitioning creditor, that you're

5  entitled to compensation.  Does it -- show me -- because I

6  know the answer, and I'm trying to -- I'm at a loss to

7  understand your argument, and don't tell me about what

8  accountants can do.  I'm asking you what an attorney -- so,

9  is there any provision that says that you -- that -- and,

10 given the record here, there is zero record of you being an

11 attorney for any petitioning creditors -- that you can seek

12 compensation under this section from the Court.  Is there

13 any provision, because I don't think that you've cited any.

14 Is there any?

15         MS. BRONNER:  No, your Honor.

16         THE COURT:  All right.  Well, that makes this very

17 simple, painfully simple, but from the -- from looking at

18 this, I -- I -- I'm still just surprised.  And, again, maybe

19 you're not a bankruptcy lawyer, but you seem to be a bright

20 -- an attorney -- that you would file something like this

21 with absolutely no authority whatsoever.  I'm not -- so what

22 I'm going to do is very simple.

23         Mr. Selth, I'd like you to prepare a brief order.

24 I'm quite surprised at what you've done, at least as far as

25 this particular part of this -- this action.  So I -- the --

1 I've stated on the record quite clearly, painfully so, that

2 there is no evidence at all in this record that you would at

3 any qualify, and I think you've just agreed that there is --

4 there is no evidence whatsoever that I can see -- and I can

5 only go by this record -- that you are --

6          MS. BRONNER:  Your Honor?

7          THE COURT:  Yes?

8          MS. BRONNER:  I'm sorry.  I just want to point out

9 that in my opposition, I attached a copy of a check that I

10 was paid for representation.  I don't know if that would

11 change your opinion at all.

12          THE COURT:  But that -- no, that doesn't -- that

13 doesn't change -- who were you paid by?

14          MS. BRONNER:  The check came from Greg Royston,

15 and Greg Royston was representing Howard Kapp, and the

16 petitioning creditors together decided that they wanted me

17 to be involved with the --

18          THE COURT:  Well, let me stop you there.  Now

19 you're starting to testify, and that's not -- that's not

20 appropriate.  To say you're reaching, Ms. Bronner, would be

21 an understatement.

22          I suspect in this case that the -- that -- I don't

23 -- I know for one thing that you're not going to be able to

24 get compensation from the estate.  My -- I don't know what

25 your arrangement is with Mr. Moda.  I'm not even going to

47

1   ask Mr. Moda because he's not involved.  Obviously he's --

2   this is not part of the status.  This is after your

3   application, and since he's not a -- he is not a party to

4   that, but I'm going to do this.  I am -- it is clear on this

5   record -- I was painfully going through this with you trying

6   to give you any benefit of the doubt, but there's -- the law

7   is pretty clear on this, and the record is -- is totally

8   devoid of any basis for you to get compensation from this

9   estate.  You can certainly ask Mr. -- you can ask Mr. Moda

10  to pay you or whatever.  I'm not involved in that at all.

11  I'm not suggesting you do or --

12          MR. MODA:  Why would I be involved?

13          THE COURT:  No, I'm not going to ask you, Mr.

14  Moda.  You're not -- you're not part to this.  In the status

15  part of this you were certain welcome.  This is not -- you

16  are not a party to this application.  So --

17          MR. MODA:  -- fees from me.  I didn't incur any

18  fees.

19          THE COURT:  What is that?

20          MR. MODA:  You just told her she's going to come

21  and claim that money from me.

22          THE COURT:  No, I didn't -- no, no, no.  No, I

23  didn't say that at all.  I'm simply -- I am simply -- no.

24  This -- I'm glad that you mentioned that.  I was not

25  suggesting.  I'm just simply saying that you have worked

48

1  with Mr. Moda in the past, and it's possible, but I'm not

2  suggesting that legally you're liable.  Just so you

3  understand, Mr. Moda, that was not my suggestion at all.

4  But --

5            MR. MODA:  I -- she's -- that I would be liable

6  for these fees, and I'm like I didn't --

7            THE COURT:  Mr. Moda --

8            MR. MODA:  I didn't do anything.

9            THE COURT:  Mr. Moda, stop.  I didn't -- if I --

10  if you misunderstood what I said, I'm not suggesting that

11  you would be legally liable, at least not on the record

12  before me.  I'm not suggesting that -- that at all, just so

13  you understand.  So, in any case, what I'm going to do is

14  it's clear on this record, Mr. Selth, as far as this item,

15  there's absolutely no authority whatsoever for -- for the

16  allowance of this claim, and I -- what I'd like you to do is

17  you can just prepare a brief order just for the -- as a

18  matter of fact, I think I'm going to prepare the order.

19  It's going to be a very simple order.  It will basically say

20  -- but I'm not going to prepare it.  There's no reason -- is

21  that for the reasons stated on the record, there's no basis

22  whatsoever for -- for the -- for this claim.

23            I will say this, though, that that -- that ends at

24  least this particular hearing.  And would you, Mr. Jones --

25  I didn't ask you this.  You're sort of an interested

49

1  bystander, not totally bystander because you are, of course,

2  the -- the Trustee in this case.  Did you have any -- any

3  comments, briefly?

4          MR. JONES:  No, your Honor.  I just I wanted to

5  follow and see what -- you know, what's going on for the

6  administration of this case.  I agree with everything you --

7          THE COURT:  Right.  Because what's -- even though

8  there's a -- and, again, just so everybody understands as

9  far as the litigation in the State Court, I have no opinion

10 whatsoever whether Mr. Moda's right or the Debtor's right.

11 That -- I basically turned it over to the State Court, and

12 whatever the State Court rules on that, that's fine with me.

13 There's enough mud being slung by both sides up and back.

14 Reading the papers is quite fascinating, but I have no

15 opinion whatsoever on at the end of the day who should or

16 should not prevail in the State Court.  That will be taken

17 care of in the State Court, but I do have an opinion

18 obviously on the matters that were dealt with today.

19          So I will prepare both those orders, and -- and

20 that -- again, finally, Mr. Moda, just a comment.  I

21 probably shouldn't have even mentioned that.  I'm just

22 saying there are other people out there that -- that might

23 contribute, but I had no -- did not mean at all to -- to

24 imply in any way because there's no evidence before me that

25 in any way, Mr. Moda, you would be liable.  So if I -- if I

50

1 said that, I'm sorry I did.  I did not intend that to be any

2 opinion whatsoever on that.  So I'm glad that you did speak

3 up.  All right.

4          MR. MODA:  I thank the Court for clarifying that

5 issue.

6          THE COURT:  Yeah, because I wouldn't want to be

7 left with an impression that I did not intend, but, in any

8 case, so that concludes this hearing.  This whole case has

9 been very -- very unfortunate on a lot of things, but I am

10 convinced that at the end of the day, especially with Mr.

11 Jones' assistance as a neutral party in there when --

12 especially when the State Court rules whatever they do, that

13 then -- and we can move ahead, and I would like for

14 everybody's sake, including the creditors, including Mr.

15 Moda and all the other creditors, to be able to, you know,

16 conclude this case, but we're going to have to wait until

17 the State Court rules.

18          So, anyway, thank you very much everybody, and

19 that concludes this hearing.  Thank you.

20     (Proceedings concluded.)

21

22

23

24

25

51

```
1        I certify that the foregoing is a correct

2   transcript from the electronic sound recording of the

3   proceedings in the above-entitled matter.

4

5   /s/Jordan Keilty                    1/22/2021
    Transcriber                         Date
6

7   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9   /s/L.L. Francisco
    L.L. Francisco, President
10  Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   Donald W. Reid – SBN 281743
LAW OFFICE OF DONALD W. REID

2   PO Box 2227
Fallbrook, CA 92088

3   (951) 777-2460

4   don@donreidlaw.com

5   Counsel for Plaintiff

6                **UNITED STATES BANKRUPTCY COURT**

7        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

8

9                           Case No. 2:19-bk-21655-BR

10  In re                   Chapter 11

11  MAHVASH MAZGANI,        Adv. No. 2:20-ap-01637-BR

12             Debtor.     **AMENDED STATUS REPORT RE STATE COURT LITIGATION**

13

14                          Status Conference:
Date:       March 16, 2021

15  KEVIN MODA,            Time:       2:00 p.m.

16             Plaintiff,    Courtroom:  1668

17  v.

18  MAHVASH MAZGANI,

19             Defendant.

20

21      This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant

22  Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current

23  status of the state court litigation between the parties.

24      A jury trial is tentatively scheduled to begin on July 26, 2021.  However, that trial date

25  may continued because of the civil jury trial backlog in the LASC as well as pending appeals of

26  interlocutory orders.

27      The parties suggest the Court continues this Status Conference for a continued status

28  conference in mid- to late-August 2021.

**ER-362**

1

2                                          Respectfully submitted by,

3

4       Dated: 2/28/2021                   LAW OFFICE OF DONALD W. REID

5                                          By: /s/Donald W. Reid
                                           Donald W. Reid, Counsel for
6                                          Plaintiff Kevin Moda

7

8       Dated: 2/28/2021                   LAW OFFICES OF NAZANIN MAZGANI

9                                          By:
                                           Nazanin Mazgani, Counsel for
10                                         Defendant Mahvash Mazgani

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

**ER-363**

1

## PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: PO Box 2227, Fallbrook, CA 92088

4

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

5

6

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 1, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

7

8

9

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani    mazganilaw@gmail.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

10

11

12

☐ Service information continued on attached page

13

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 1, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

14

15

16

☐ Service information continued on attached page

17

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:

18

(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 1, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

19

20

21

☐ Service information continued on attached page

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

| March 1, 2021 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

24

25

26

27

28

3

**ER-364**

1  Donald W. Reid – SBN 281743
   LAW OFFICE OF DONALD W. REID
2  PO Box 2227
   Fallbrook, CA 92088
3  (951) 777-2460
4  don@donreidlaw.com

5  Counsel for Plaintiff

6              **UNITED STATES BANKRUPTCY COURT**

7        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

8

9                                          Case No. 2:19-bk-21655-BR

10  In re                                  Chapter 11

11  MAHVASH MAZGANI,                       Adv. No. 2:20-ap-01637-BR

12              Debtor.                    **STATUS REPORT RE STATE COURT
                                           LITIGATION**
13

14                                         Status Conference:
                                           Date:       June 22, 2021
15  KEVIN MODA,                            Time:       2:00 p.m.
                                           Courtroom:  1668
16              Plaintiff,

17  v.

18  MAHVASH MAZGANI,

19              Defendant.

20

21

22        This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant

23  Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current

24  status of the state court litigation between the parties.

25        A jury trial is tentatively scheduled to begin on July 26, 2021.  However, that trial date

26  may continued because of the civil jury trial backlog in the LASC as well as pending appeals of

27  interlocutory orders.

28

                                    1

**ER-365**

1    The parties suggest the Court continues this Status Conference for a continued status

2    conference in mid- to late-September 2021.[1]

3

4                                              Respectfully submitted by,

5

6    Dated: June 10, 2021                      LAW OFFICE OF DONALD W. REID

7                                              By: /s/Donald W. Reid
                                               Donald W. Reid, Counsel for
8                                              Plaintiff Kevin Moda

9

10   Dated: June 10, 2021                      LAW OFFICES OF NAZANIN MAZGANI

11                                             By:
12                                             Nazanin Mazgani, Counsel for
                                               Defendant Mahvash Mazgani
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   _____
     [1] The parties apologize for the late filing of this status report. Plaintiff's counsel mis-calendared the date the JSR was
     due.

2

**ER-366**

1  **PROOF OF SERVICE OF DOCUMENT**

2  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business
3  address is: PO Box 2227, Fallbrook, CA 92088

4  A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE
   COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner
5  required by LBR 5005-2(d); and **(b)** in the manner stated below:

6  **1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant
   to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and
7  hyperlink to the document. On (*date*) June 10, 2021, I checked the CM/ECF docket for this bankruptcy
   case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
8  List to receive NEF transmission at the email addresses stated below:
       • Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
9      • Nazanin Mazgani    mazganilaw@gmail.com
       • Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
10     • James R Selth    jim@wsrlaw.net,
         jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
11     • United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

12                                       ☐    Service information continued on attached page
   **2.   SERVED BY UNITED STATES MAIL**:
13  On (*date*) June 10, 2021, I served the following persons and/or entities at the last known addresses in this
   bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in
14  the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here
   constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the
15  document is filed.

16                                       ☐    Service information continued on attached page

17  **3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION
       OR EMAIL**:
18  (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
   (*date*) June 10, 2021, I served the following persons and/or entities by personal delivery, overnight mail
19  service, or (for those who consented in writing to such service method), by facsimile transmission and/or
   email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight
20  mail to, the judge will be completed no later than 24 hours after the document is filed.

21                                       ☐    Service information continued on attached page

22  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23  ___June 10, 2021___     ___Donald W. Reid___         ___/s/Donald W. Reid___
24  *Date*                  *Printed Name*               *Signature*

25

26

27

28

3

**ER-367**

1 | Donald W. Reid – SBN 281743
LAW OFFICE OF DONALD W. REID
2 | PO Box 2227
Fallbrook, CA 92088
3 | (951) 777-2460
4 | don@donreidlaw.com

5 | Counsel for Plaintiff

6 | **UNITED STATES BANKRUPTCY COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

8 |

| | |
|---|---|
| In re | Case No. 2:19-bk-21655-BR |
| | Chapter 11 |
| MAHVASH MAZGANI, | Adv. No. 2:20-ap-01637-BR |
| Debtor. | **STATUS REPORT RE STATE COURT LITIGATION** |
| | Status Conference: |
| KEVIN MODA, | Date: September 21, 2021 |
| Plaintiff, | Time: 2:00 p.m. |
| v. | Courtroom: 1668 |
| MAHVASH MAZGANI, | |
| Defendant. | |

        This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current status of the state court litigation between the parties.

        Trial in the state court litigation was scheduled to begin on August 17, 2021. However, trial was continued to September 27, 2021 while the Superior Court reviews the long cause trial documents. The parties believe that trial will be continued again as they wait their turn for trial on the long cause docket.

1

**ER-368**

1        The parties suggest the Court continues this Status Conference for a continued status

2 conference in mid-December 2021.

3        Defendant's counsel has a scheduling conflict with this currently scheduled Status

4 Conference, as there is another hearing she must attend in Department 16 of Stanley Mosk at

5 9:30a.m. that morning. Defendant's counsel will do her best to timely attend this Status

6 Conference. Should Defendant's counsel not make this Status Conference on time, counsel for

7 Debtor, Jim Selth, will specially appear on behalf of Defendant's counsel at this Status

8 Conference.

9

10                                  Respectfully submitted by,

11

12 Dated: September 7, 2021              LAW OFFICE OF DONALD W. REID

13                               By: /s/Donald W. Reid

14                               Donald W. Reid, Counsel for
                              Plaintiff Kevin Moda

15

16 Dated: September 7, 2021              LAW OFFICES OF NAZANIN MAZGANI

17                               By:

18                               Nazanin Mazgani, Counsel for
                              Defendant Mahvash Mazgani

19

20

21

22

23

24

25

26

27

28

**ER-369**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: PO Box 2227, Fallbrook, CA 92088

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 7, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Gregory Kent Jones (TR)   gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani   mazganilaw@gmail.com
- Donald W Reid   don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth   jim@wsrlaw.net,
  jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) September 7, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 7, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 7, 2021 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ER-370**

Donald W. Reid – SBN 281743
LAW OFFICE OF DONALD W. REID
PO Box 2227
Fallbrook, CA 92088
(951) 777-2460
don@donreidlaw.com

Counsel for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>MAHVASH MAZGANI,<br><br>               Debtor. | Case No. 2:19-bk-21655-BR<br><br>Chapter 11<br><br>Adv. No. 2:20-ap-01637-BR |
|  | **STATUS REPORT RE STATE COURT LITIGATION** |
| KEVIN MODA,<br><br>               Plaintiff,<br><br>v.<br><br>MAHVASH MAZGANI,<br><br>               Defendant. | Status Conference:<br>Date:     November 30, 2021<br>Time:     10:00 a.m.<br>Courtroom:  1668 |

    This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current status of the state court litigation between the parties.

    Trial in the state court litigation was set for "long cause", meaning the parties are on a waiting list for a trial date. The parties suggest the Court continues this Status Conference for a continued status conference in mid-April 2021.

                               Respectfully submitted by,

1

**ER-371**

1    Dated: 11/15/2021                           LAW OFFICE OF DONALD W. REID

2                                                By: /s/Donald W. Reid
                                                 Donald W. Reid, Counsel for
3                                                Plaintiff Kevin Moda

4

5    Dated: 11/15/2021                           LAW OFFICES OF NAZANIN MAZGANI

6                                                By:
                                                 Nazanin Mazgani, Counsel for
7                                                Defendant Mahvash Mazgani

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

**ER-372**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: PO Box 2227, Fallbrook, CA 92088

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/15/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani    mazganilaw@gmail.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth    jim@wsrlaw.net,
  jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/15/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/15/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/15/2021 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

3

**ER-373**

1  Donald W. Reid – SBN 281743
   LAW OFFICE OF DONALD W. REID
2  PO Box 2227
   Fallbrook, CA 92088
3  (951) 777-2460
   don@donreidlaw.com
4

5  Counsel for Plaintiff

6              **UNITED STATES BANKRUPTCY COURT**

7      **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

8

9  | | Case No. 2:19-bk-21655-BR |

10  In re                        Chapter 11

11  MAHVASH MAZGANI,             Adv. No. 2:20-ap-01637-BR

12          Debtor.              **STATUS REPORT RE STATE COURT
                                 LITIGATION**
13

14  ─────────────────────────    Status Conference:
                                 Date:      February 8, 2022
15  KEVIN MODA,                  Time:      10:00 a.m.
                                 Courtroom: 1668
16          Plaintiff,

17  v.

18  MAHVASH MAZGANI,

19          Defendant.

20

21         This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant

22  Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current

23  status of the state court litigation between the parties.

24         Trial in the state court litigation was set for "long cause", meaning the parties are on a

25  waiting list for a trial date.  There is currently a non-appearance case review in the case set for

26  January 28, 2022 at 11:30 a.m. in Dept. 48.  Trial is likely to be set after the case review.  The

27  parties suggest the Court continues this Status Conference for a continued status conference in

28  mid-May 2021.

                                        1

**ER-374**

1

2                                              Respectfully submitted by,

3

4    Dated: January 25, 2022                   LAW OFFICE OF DONALD W. REID

5                                              By: /s/Donald W. Reid
                                               Donald W. Reid, Counsel for
6                                              Plaintiff Kevin Moda

7

8    Dated: January 25, 2022                   LAW OFFICES OF NAZANIN MAZGANI

9                                              By:
10                                             Nazanin Mazgani, Counsel for
                                               Defendant Mahvash Mazgani
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: PO Box 2227, Fallbrook, CA 92088

4

5

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

6

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 25, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

7

8

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani    mazganilaw@gmail.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

9

10

11

12

&#9744;          Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:

13

On (*date*) January 25, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

14

15

16

&#9744;          Service information continued on attached page

17

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:

18

(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 25, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

19

20

21

&#9744;          Service information continued on attached page

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

| January 25, 2022 | Donald W. Reid | /s/Donald W. Reid |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

24

25

26

27

28

3

**ER-376**

Donald W. Reid – SBN 281743
LAW OFFICE OF DONALD W. REID
PO Box 2227
Fallbrook, CA 92088
(951) 777-2460
don@donreidlaw.com

Counsel for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | Case No. 2:19-bk-21655-BR |
|  | Chapter 11 |
| MAHVASH MAZGANI, | Adv. No. 2:20-ap-01637-BR |
| Debtor. | **STATUS REPORT RE STATE COURT LITIGATION** |
| KEVIN MODA, | Status Conference:<br>Date:        May 17, 2022<br>Time:       2:00 p.m.<br>Courtroom: 1668 |
| Plaintiff, |  |
| v. |  |
| MAHVASH MAZGANI, |  |
| Defendant. |  |

This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current status of the state court litigation between the parties.

Trial in the state court litigation was set for "long cause", meaning the parties are on a waiting list for a trial date. Trial is likely to be set after a case review. The parties suggest the Court continues this Status Conference for a continued status conference in mid-September 2022.

1

**ER-377**

1                                          Respectfully submitted by,

2

3    Dated: May 2, 2022                    LAW OFFICE OF DONALD W. REID

4                                          By: /s/Donald W. Reid
                                           Donald W. Reid, Counsel for
5                                          Plaintiff Kevin Moda

6

7    Dated: May 2, 2022                    LAW OFFICES OF NAZANIN MAZGANI

8                                          By:
9                                          Nazanin Mazgani, Counsel for
                                           Defendant Mahvash Mazgani
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      2

1

# PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: PO Box 2227, Fallbrook, CA 92088

4

5

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

6

7

8

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 2, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

9

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani    mazganilaw@gmail.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com

10

- James R Selth    jim@wsrlaw.net,
  jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com

11

- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

12

☐    Service information continued on attached page

13

**2. SERVED BY UNITED STATES MAIL:**

On (*date*) May 2, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

14

15

16

☐    Service information continued on attached page

17

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:**

18

(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 2, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

19

20

21

☐    Service information continued on attached page

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

| May 2, 2022 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

24

25

26

27

28

**ER-379**

```
 1                   UNITED STATES BANKRUPTCY COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                            --oOo--

 4  In Re:                      )  Case No. 2:19-bk-21655-BR
                                )
 5  MAHVASH MAZGANI,            )  Chapter 11
                                )
 6          Debtor.             )  Los Angeles, California
    _____)  Tuesday, May 17, 2022
 7                              )  2:00 p.m.
    MODA,                       )
 8                              )  Adv. No. 2:20-ap-01637-BR
            Plaintiff,          )
 9                              )
         vs.                    )
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____)

13                                 CONT'D STATUS CONFERENCE RE
                                   COMPLAINT FOR:
14                                 NONDISCHARGEABILITY OF DEBT
                                   PURSUANT TO:
15                                 11 U.S.C. SECTION 523(A)(2)(A)
                                   11 U.S.C. SECTION 523(A)(4)
16                                 11 U.S.C. SECTION 523(A)(6)
                                   DENIAL OF DISCHARGE PURSUANT
17                                 TO:
                                   11 U.S.C. SECTION 727(A)(2)
18                                 11 U.S.C. SECTION 727(A)(3)
                                   11 U.S.C. SECTION 727(A)(4)
19                                 FR. 12-1-2020, 12-15-2020,
                                   3-16-2021, 6-22-2021,
20                                 9-21-2021, 11-30-2021,
                                   2-1-2022
21

22

23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```

*Briggs Reporting Company, Inc.*

ii

```
 1                         ORDER TO SHOW CAUSE WHY KEVIN
                           MODA SHOULD NOT BE DETERMINED
 2                         TO BE A VEXATIOUS LITIGANT

 3                         HRG. RE MOTION FOR SANCTIONS
                           AGAINST KEVIN MODA
 4

 5                         CONT'D HRG. RE DEBTOR'S MOTION
                           FOR ORDER DISALLOWING CLAIM
 6                         NO. 10-PARK AVE INVESTMENT
                           CAPITAL LLC FR. 9-21-2021,
 7                         12-14-2021, 2-1-2022

 8                         CONT'D HRG. RE DEBTOR'S MOTION
                           FOR ORDER DISALLOWING CLAIM
 9                         NO. 12-BEVERLY HILLS LENDERS
                           LLC FR. 9-21-2021, 12-14-2021,
10                         2-1-2022

11                         CONT'D HRG. RE DEBTOR'S MOTION
                           FOR ORDER DISALLOWING CLAIM
12                         NO. 15 HOWARD KAPP FR.
                           9-21-2021,12-14-2021, 2-1-2022
13

14                         CONT'D HRG. RE DEBTOR'S MOTION
                           FOR ORDER DISALLOWING CLAIM
15                         NO. 18-CESA KRAUSS FR.
                           9-21-2021, 12-14-2021,
16                         2-1-2022

17

18                 TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BARRY RUSSELL
19                UNITED STATES BANKRUPTCY JUDGE

20   APPEARANCES:

21   For Plaintiff Kevin Moda:     DONALD W. REID, ESQ.
                                   Post Office Box 2227
22                                 Fallbrook, California 92088
                                   (951) 777-2460
23

24

25
```

*Briggs Reporting Company, Inc.*

**ER-381**

```
                                                                    iii
 1  APPEARANCES:  (cont'd.)

 2  For the Debtor/Defendant:      NAZANIN MAZGANI, ESQ.
                                   Law Offices of Nazanin
 3                                   Mazgani
                                   10954 Massachusetts Avenue
 4                                 Los Angeles, California 90024
                                   (424) 256-0095
 5

 6  For the Debtor:                JAMES R. SELTH, ESQ.
                                   Weintraub & Selth, APC
 7                                 11766 Wilshire Boulevard
                                   Suite 450
 8                                 Los Angeles, California 90025
                                   (310) 207-1494
 9

10  For Creditors Park Ave         W. DEREK MAY, ESQ.
      Investment and Mark          Law Office of W. Derek May
11    Kemmel:                      400 North Mountain Avenue
                                   Suite 215B
12                                 Upland, California 91786
                                   (909) 920-0443
13

14  For the Subchapter V           GREGORY K. JONES, ESQ.
      Trustee:                     Stradling, Yocca, Carlson
15                                   & Rauth
                                   10100 North Santa Monica
16                                   Boulevard
                                   Suite 1400
17                                 Los Angeles, California 90067
                                   (424) 214-7044
18

19  Court Recorder:                Wanda Toliver
                                   United States Bankruptcy Court
20                                 Edward R. Roybal Federal
                                     Building
21                                 255 East Temple Street
                                   Los Angeles, California 90012
22

23  Transcriber:                   Briggs Reporting Company, Inc.
                                   9711 Cactus Street
24                                 Suite B
                                   Lakeside, California 92040
25                                 (310) 410-4151
```

1

```
 1       LOS ANGELES, CALIFORNIA  TUESDAY, MAY 17, 2022  2:00 PM

 2                           --oOo--

 3       (Call to order of the Court.)

 4            THE CLERK:  Calling Number 4 through 10, Mazgani.

 5            THE COURT:  All right.  Want to give the

 6  appearances?

 7            MS. MAZGANI:  Good afternoon, your Honor.  Nazanin

 8  Mazgani appearing on behalf of Debtor and defendant Mahvash

 9  Mazgani in the adversary proceeding.

10            THE COURT:  All right.

11            MS. MAZGANI:  Thank you.

12            MR. SELTH:  Good morning, your Honor.  James Selth

13  of Weintraub and Selth for the Debtor on Numbers 5 through

14  10.  Debtor is present in court.

15            THE COURT:  Okay.

16            MR. MAY:  Good morning, your Honor.  Derek May on

17  behalf of creditors in Matters Number 7 through 10.

18            THE COURT:  Okay.

19            MR. JONES:  Good afternoon, your Honor.  Greg

20  Jones, Subchapter V Trustee.

21            THE COURT:  All right.

22            MR. REID:  And good afternoon, your Honor.  Don

23  Reid on behalf of Kevin Moda, Matters 4 through 6.

24            THE COURT:  Okay.  Well, I have a -- just kind of

25  in reverse order, but we have these claims, and I wanted to
```

2

 1  just -- I'm not going to decide them today, because what I

 2  did was -- I thought it would be decided in the state court,

 3  sent back, and the state court did what they did, and then I

 4  saw it asked for a status, and then, apparently, the

 5  disagreement on it.  Again, I'm not going to decide them

 6  today, but I wanted to make sure, literally, we were on the

 7  same page.

 8          MR. SELTH:  Well, your Honor, if I might, we've

 9  got four different claims, 10, 12, 15, and 18.

10          THE COURT:  Right.  They're slightly different,

11  but yes.

12          MR. SELTH:  Right.

13          THE COURT:  One had to do with arbitration, and

14  the others had to do with the Superior Court.

15          MR. SELTH:  On 10, 12, and 18, basically,

16  unfortunately for my client, the Superior Court found the

17  motion to tax costs was not timely filed.  So I think Mr.

18  May and I agree on the claim numbers listed in my status

19  report.

20          THE COURT:  Well, that was my question after I saw

21  that, not that you'd be happy, but that my attitude is

22  whatever --

23          MR. SELTH:  Yes.

24          THE COURT:  -- to tell you whatever the state

25  court did would be fine, and that's true equally in the

3

1  litigation that is pending.

2          MR. SELTH:  Right.  And as for --

3          THE COURT:  So is that -- I thought that ended it,

4  really.  I mean, you're not happy about it, but it ended it,

5  right?

6          MR. SELTH:  I think, as to 10, 12, and 18, it

7  does.  For Number 15, that's the one where your Honor said

8  that -- or granted relief from stay for the fee arbitration.

9  That's happened.  I attached the award, and we believe the

10 Court can rule on that, that it's a zero claim, based on the

11 fee arbitration award.

12         THE COURT:  Well, let me go through, because I --

13 let me ask as far as the Superior Court, the claims.  You

14 agree with that, right, that the objection would be

15 overruled, then?

16         MR. SELTH:  I think the dollar amounts were the --

17         THE COURT:  Well, as the Court -- I don't know

18 what -- I remember reading the reports, but was there --

19 whatever the claim is the claim.  Why don't you come to the

20 podium, Counsel.  I assume on those the claim is whatever it

21 is, right?  And there was objection to the claim, and then

22 the -- what am I missing, or am I missing something?

23         MR. MAY:  Your Honor, I compared them to the

24 claims, and they're substantially similar, maybe a couple

25 bucks off.

*Briggs Reporting Company, Inc.*

**ER-385**

4

1          THE COURT:  Well, because somebody's got -- you

2   would prepare the order.  I want to make sure the number is

3   right.  So why don't you tell me, just for the record, on

4   the -- there's claims -- well, let's see.  There's 10, 12,

5   15, and 18.  These are claims -- which ones are we talking

6   about?

7          MR. SELTH:  Ten, 12, and 18 are the non-fee

8   arbitration ones.

9          THE COURT:  All right.  Ten, 12, and 18.  So why

10  don't you just state it for the record, and you'll prepare

11  the order.  The plans are allowed in whatever the amount.

12  You tell me, as long as there's no objection from the

13  estate.

14          MR. MAY:  Your Honor, I'm prepared to allow the

15  claims in the amounts set forth on page three of the status

16  report for claims numbers --

17          THE COURT:  Okay.  Well, let me take a look, page

18  three of the status report.  It says claim 10 is 98,574.97.

19          MR. MAY:  Yes.

20          THE COURT:  Twelve is $170,011.94, and 18 is the

21  13,698.68.  So why don't you just prepare an order allowing

22  those claims in those amounts.  That's agreeable?

23          MR. MAY:  Yes, your Honor.

24          MR. SELTH:  Yes, your Honor.

25          THE COURT:  Okay.  So now we go to the

5

1  arbitration, and what's the dispute there?

2          MR. SELTH:  Well, your Honor, as your Honor may

3  remember, we filed an objection to the claim, arguing that

4  the Debtor didn't owe fees.

5          THE COURT:  Right.

6          MR. SELTH:  Your Honor noticed that there had been

7  a pending fee arbitration at the time with the --

8          THE COURT:  Right, and I assumed --

9          MR. SELTH:  And your Honor -- right.

10         THE COURT:  -- whatever the arbitrator decides is

11  fine with me.

12         MR. SELTH:  And that's -- so your Honor granted

13  relief from stay for that purpose only.

14         THE COURT:  Yes.

15         MR. SELTH:  The fee arbitration has been

16  concluded.  There was a full -- I attached the 10-page

17  order, and the fee arbitration award is then zero, based on

18  the -- based on his --

19         THE COURT:  Okay.

20         MR. SELTH:  Yes.

21         THE COURT:  So, again, this is different than the

22  other one, where you're not happy in the others.  You're

23  happy in this one.

24         MR. SELTH:  Yes.

25         THE COURT:  So what about the --

*Briggs Reporting Company, Inc.*

**ER-387**

6

```
 1          MR. SELTH:  We would ask that the Court --
 2          THE COURT:  What about the other side?
 3          MR. SELTH:  -- sustain our objection.
 4          THE COURT:  What about that?
 5          MR. MAY:  Your Honor, the award was a non-binding
 6  award, and Mr. Kapp has filed a rejection in the state court
 7  of the award.
 8          THE COURT:  So I guess I have to -- well, again,
 9  that -- I remember that was my next question.  As I recall,
10  arbitration normally is binding, but, in this case, I
11  don't -- I guess I'm not that familiar.  I always thought
12  that most of the arbitrations are not -- sounds like more of
13  a -- almost like a mediation.  But, in any case, you both
14  agree that that was the agreement, right, non-binding?
15  Because most arbitrations are, but I had never thought about
16  it until you raised the point.
17          MR. SELTH:  We would agree that it was a
18  non-binding arbitration, but we also believe that the Court,
19  having received a detailed report from the arbitration
20  panel, can now make a ruling on the objection to claim.
21          THE COURT:  No, I don't want to do that, because
22  I --
23          MR. SELTH:  Well, the Court -- okay.
24          THE COURT:  I mean, I can, but I'm not prepared to
25  do that today.
```

*Briggs Reporting Company, Inc.*

**ER-388**

7

1          MR. SELTH:  Well, the Debtor does -- I mean, Mr.

2  Kapp does not have relief from stay to proceed in Superior

3  Court, and I should point out that Mr. Kapp, on May 12th,

4  actually filed an amended complaint against the Debtor,

5  without relief from stay, naming the Debtor, and we're

6  trying to bring a motion for sanctions for violating of the

7  stay.

8          THE COURT:  Okay.  No.  What I would prefer to do

9  is not -- I mean, I could do what you suggest, but I'm not

10  prepared to do that.  I didn't think you would be asking to

11  do that.  If you did, I misunderstood.  What I plan on doing

12  is to -- I'll just maybe lift the stay to allow -- in order

13  to have the decision of the arbitration affirmed or

14  whatever, I guess, if that's the term, by the -- it has to

15  go to the Superior Court, right?

16          MR. SELTH:  If it was going to be enforced as a

17  judgment.

18          THE COURT:  Yes.

19          MR. SELTH:  We just think it's a bankruptcy claim,

20  and your Honor could have ruled on it without sending it

21  back to the fee arbitration.

22          THE COURT:  Well, yes and no, because I

23  understood -- again, this is all new, but my understanding

24  was that the parties had agreed to go to arbitration.

25  Right?

8

1          MR. SELTH:  Yes.

2          THE COURT:  And so, therefore, you had to go to

3 arbitration.  I wasn't going to stand in the way.  Right?

4 My assumption was at the time, and probably wouldn't have

5 changed -- my assumption was, like with the Superior Court,

6 you know, whatever the arbitrator did would be fine.  Now

7 that's not happened.

8          So what I plan on doing is -- since you got the

9 arbitration, yes, could I do it?  But I'm not sure --

10 remember, that's not -- the arbitrator is not a special

11 master.  It's a different -- it's different.  The law

12 provides for the Superior Court to -- was it affirm or --

13 whatever the term is.  It doesn't allow me to just look at

14 what the arbitrator found, because then we're talking about

15 collateral estoppel, right?

16          I mean, you, I assume, would like me to do that.

17 The problem with that, I can't really do that, because it's

18 not collateral estoppel until the Superior Court affirms it,

19 right?  I mean, I'm pretty familiar with this area of the

20 law.  I've never had this particular situation come up.  But

21 no, if it were just a normal arbitration affirmed by the

22 Superior Court, I'd say, "Fine."  I'd just look at it, and

23 it's not a -- it usually comes up in dischargeability.  Here

24 it's as a simple, you know, "Is there a claim or not?"  But

25 I'm not prepared to give it that collateral estoppel effect.

9

1 Therefore, I would have to hear the whole thing over again.

2 I don't plan on doing that.

3        So I would rather -- again, it's not what you had

4 hoped for, that I'm just going to lift the stay, and have

5 the Superior Court -- and the Superior Court will do one of

6 two things.  It will either approve it or not approve it,

7 and those are the only two possibilities.  Let's say I --

8 again, I have no, obviously, opinion on what the Superior

9 Court will do.  Let's say the Superior Court agrees there's

10 no fee allowed.  Would that end it?

11        MR. MAY:  Yes.

12        THE COURT:  Okay.

13        MR. MAY:  There is the right to appeal.

14        THE COURT:  No, there's right to appeal, but how

15 much is it?  I forget the amount, the claim.

16        UNIDENTIFIED SPEAKER:  The amount of the claim is

17 what, 140?

18        MR. MAY:  Yes, that's the base amount.  I think

19 the claims --

20        THE COURT:  I think that's what it was.  I was

21 focusing more on the law.  I forget.  What was the claim

22 amount?

23        MR. SELTH:  About 140,000.

24        THE COURT:  At some point, as I'm wearing my

25 mediator hat, it becomes economical to keep -- I mean, I'm

10

1  not telling you guys anything you don't already know.  I

2  mean, I'm not saying you -- whoever wins or loses -- but

3  let's say it is confirmed.  Then it's collateral estoppel,

4  right, if the Superior Court has the power to affirm it,

5  right?

6          MR. SELTH:  Yes.

7          THE COURT:  And then, at that point, then it's res

8  judicata and/or collateral estoppel, either way.  Would that

9  be a fair statement?

10          MR. SELTH:  I think so, but I also -- this also

11  raises an issue about this case moving forward --

12          THE COURT:  No, I understand that --

13          MR. SELTH:  -- in Subchapter V.  Right.

14          THE COURT:  -- but I'm not prepared today -- it

15  never even dawned on me you would ask, but I would have to

16  actually hear the whole thing over again.

17          MR. SELTH:  I guess what I remember --

18          THE COURT:  I think it's easier to go to the

19  Superior Court, quite frankly.  I know this case is not

20  going to be over until, at a minimum -- we've had this

21  discussion some times -- it's not going to be over until the

22  Superior Court -- on the main complaint about the

23  properties -- and that's going to be the -- next, I'm going

24  to ask about that.  But no, I think -- I hear what you're

25  saying, but I think it's more economical, talking about --

11

1  which is an important case in every case -- to do this --

2  this would be, I assume, on the papers, right?  There's not

3  going to be another trial in the Superior Court, is there?

4           MR. SELTH:  Well, so, your Honor, that --

5  remember -- I meant -- it's one thing to just be a simply de

6  novo up or down by the Superior Court, but Mr. Kapp has

7  filed this new -- or served this new complaint, in which he

8  names a bunch of causes of action, brings a fraudulent

9  transfer claim regarding properties that are property of the

10 estate.

11           THE COURT:  Well, wouldn't that --

12           MR. SELTH:  I don't think you're granting relief

13 from stay to this.

14           THE COURT:  Isn't that a violation of the

15 automatic stay?  How did you file that?

16           MR. MAY:  I did not file it, your Honor.

17           MR. SELTH:  Mr. Kapp filed it on his own.  He's an

18 attorney.  He filed it in pro per, I guess.

19           THE COURT:  Well, that wouldn't -- that's

20 clearly --

21           MR. SELTH:  So, I mean, you're granting relief

22 from stay for the de novo --

23           THE COURT:  No, no, no, just --

24           MR. SELTH:  Just to confirm?  Yes.  Okay.

25           THE COURT:  Yes.  No, no.  I can't imagine that

12

1  would not be a severe violation of the stay.  We're only

2  talking about to be able to get the review for this

3  arbitration.  That's all I'm talking about.

4         MR. SELTH:  So maybe you know, Mr. May, but he

5  filed a notice of rejection.  Now, I don't know what that

6  means.  It means, "I'm ignoring it, and I'm going to go

7  forward with my own lawsuit"?  Or do we have to file a

8  petition to -- I mean, I don't know this area.

9         THE COURT:  Well, I'll tell you, maybe we should

10 do this.  I'm going to lift the stay.  What I'd like you --

11 why don't you, one of you, just prepare an order lifting the

12 stay as far as proceeding in the -- just in the -- just

13 dealing with the -- just the arbitration, just the Court,

14 the Superior Court, dealing with it.  I'm not sure even

15 that's a wise decision.  Maybe you should come back.  I'm

16 not -- as you can see, I'm not prepared to rule on it today,

17 because that would require me going through, basically, what

18 the arbitrator did.  I'd have to have, basically, a trial, I

19 guess.

20         MR. SELTH:  So I think we're talking -- we may be

21 talking about two different things.  One is, is it simply a

22 matter of a petition to confirm, or the fact that he's filed

23 a notice of --

24         THE COURT:  No, no, no, just to confirm.  That's

25 all.  It's your petition to confirm, right?

13

```
1          MR. SELTH:  Again, a little outside of my area of
2  expertise, whether a notice of rejection means that we can't
3  do that.
4          THE COURT:  I have no idea.
5          MR. MAY:  Yes.  Do you know?
6          THE COURT:  I admit I have no idea of how this
7  works.
8          MR. MAY:  Your Honor, the Rule 38 of the mandatory
9  fee arbitration, I've got it here.
10          THE COURT:  Okay.
11          MR. MAY:  So, if there's an action pending, the
12  losing party files a rejection to the arbitration award and
13  a request for trial after arbitration.  So it contemplates a
14  trial, not just a simple confirmation of the award.
15          THE COURT:  Well, if it's a trial, then I could
16  probably do it just as easily as -- okay.  I mean, I was
17  assuming that the -- I didn't realize, if it's an objection,
18  that's it.  The Superior Court cannot rule on it.  Right?
19  If that's the case, thank you, because I did not -- you
20  aren't the only one.  I've never had this before.  No, no.
21  There's no reason for the -- now, which -- the -- now, let
22  me do this.  This is the -- and the -- I'm trying to
23  remember.  As far as the actual arbitration -- well, tell me
24  about the case itself, the dispute between the attorney and
25  the estate.  What went on?  Did you both do the arbitration?
```

14

```
 1          MR. SELTH:  No.

 2          THE COURT:  Neither of you did?

 3          UNIDENTIFIED SPEAKER:  Neither of us.

 4          MR. SELTH:  No.

 5          THE COURT:  Okay.

 6          MR. SELTH:  Well, we, in fact, your Honor,

 7  employed special counsel --

 8          THE COURT:  No, no, I --

 9          MR. SELTH:  -- Patrick Maloney to represent the

10  Debtor in the arbitration --

11          THE COURT:  That's true.  I forgot that.

12          MR. SELTH:  -- and, frankly, if your Honor tries

13  it here, I'm going to ask that he handle it, because he --

14          THE COURT:  Well, I guess the question is, is it

15  just a factual -- I don't remember what the dispute was.

16  It's been so long since I've even looked at it.

17          MR. SELTH:  Well, from my point of view, there

18  were several.  One was that there was an absolute conflict

19  of interest since, as the arbitrators found, Mr. Kapp had a

20  direct conflict, since he represented Mr. Moda at the same

21  time he was representing Ms. Mazgani.

22          THE COURT:  Right.

23          MR. SELTH:  He also -- there was also --

24          THE COURT:  Because I did read it, but it's been

25  some time.  I just didn't remember it.
```

15

1        MR. SELTH:  There was also an issue as to -- he

2  never provided invoices or bills, even though he was require

3  to provide regular statements.

4        THE COURT:  All right.

5        MR. SELTH:  So there were numerous issues, but I

6  think what the fee arbitrator -- what the panel, who was a

7  three-arbitrator panel -- that they came down on the --

8  based on the violation of the rule.

9        THE COURT:  Well, I remember it was the conflict

10 of interest, as I recall.

11       MR. SELTH:  Right.  And not only were his fees not

12 enforceable under the retainer, but they were also not

13 entitled to quantum meruit.

14       THE COURT:  So that's more of a -- that was more

15 of a legal question.  I'm just trying to think how long --

16 how long did the arbitration take?

17       MR. SELTH:  It was a half-day, was it?

18       MS. MAZGANI:  It was about a day.

19       MR. SELTH:  It was less than --

20       THE COURT:  Well, there's no reason -- again,

21 this -- again, I have no idea when the Superior Court ruled

22 on the main issue of who owns this property and all the

23 damages.  I don't see any reason why I can't -- there any

24 reason I can't decide that?  The arbitrators clearly were

25 not the Superior Court judge.  You would agree with that,

16

1  would no?  I mean, it's a claim.

2          MR. MAY:  That you have the ability to allow the

3  claim?

4          THE COURT:  I have the ability to decide a claim.

5          MR. MAY:  Yes.

6          THE COURT:  Well, why don't I do this.  You've

7  convinced me now that nothing is going to happen in Superior

8  Court.  Once it's rejected, apparently, that's it, and then

9  you have to start all over again.  Is that -- apparently,

10 you read the rule.  Sounds to me that's the case.

11         So, if that's the case, then, as far as that,

12 remind me at the end of this hearing.  I'm just going to --

13 I probably will need some briefing and all, but it will

14 be -- it's an objection to the claim, and what have you

15 filed already?  You basically went through arbitration, so

16 we didn't have any briefing on it, right?

17         MR. SELTH:  No.  You have my -- was there an

18 arbitration we filed?

19         MS. MAZGANI:  Yes.

20         MR. SELTH:  So there was a -- yes.  As I said --

21         THE COURT:  And there was no need for any

22 testimony.  There were just declarations.  It was objection

23 to the claim.

24         MR. SELTH:  There was testimony.  There was

25 testimony.

17

```
 1          THE COURT:  Well --
 2          MR. SELTH:  How many witnesses, three?
 3          MS. MAZGANI:  Yes, there were three witnesses.
 4          THE COURT:  Well, as you can tell --
 5          MR. SELTH:  Three witnesses.
 6          THE COURT:  -- I am not really sure, other than I
 7  will decide it, and what I'm going to do is continue it, be
 8  thinking about just how to proceed with it, whether we need
 9  something with live testimony or not.  I have no opinion on
10  that.  Why don't you do that.  I'm going to continue this
11  until the next -- we'll give you a date about 60 days, and
12  I'd like a status report, and I'd like you -- I can give
13  you -- let's see.  The only thing -- the only other things
14  are these two motions, right, on the calendar?
15          MR. SELTH:  On today's calendar?
16          THE COURT:  Yes.
17          MR. SELTH:  We've go the OSC re: vexatious
18  litigant, we've got a motion for sanctions, and we've got
19  the adversary.
20          THE COURT:  And the status on the adversary
21  proceeding.
22          MR. SELTH:  Yes.
23          THE COURT:  Okay.  So let me take -- let me ask
24  you about the -- what is the status of the adversary
25  proceeding?  That's basically what's going on in the state
```

18

1  court.  What's going on?

2          MS. MAZGANI:  Your Honor, Nazanin Mazgani.

3          THE COURT:  I just want to know as far as timing

4  of it.

5          MS. MAZGANI:  Okay.

6          THE COURT:  What's going on?

7          MS. MAZGANI:  Your Honor, we're still waiting for

8  the long cause --

9          THE COURT:  It was a long cause.

10         MS. MAZGANI:  -- to set the trial date.

11         THE COURT:  I guess it's longer than one -- and so

12  you have no idea when that will be heard?

13         MS. MAZGANI:  We don't know when that will be

14  heard.  We are coming up on the five-year statutory time

15  limit under the CCP.

16         THE COURT:  So it will have to be done.

17         MS. MAZGANI:  So it needs to be sooner than later,

18  yes, and that's something --

19         THE COURT:  When is that up, the five years?

20         MS. MAZGANI:  I believe it's in June it comes up.

21         THE COURT:  Really?  Okay.  So we're talking,

22  really --

23         MS. MAZGANI:  Yes.  So we're trying to -- so,

24  actually, one question that I had for you is, because of the

25  fact that the long cause is taking such a long time to

19

1   schedule the trial, would it behoove the parties to enter

2   into a stipulation to extend that five-year deadline, or

3   should they put pressure on the Court --

4           THE COURT:  Well, that's not for me to -- of

5   course the parties can do it.  I would have no objection to

6   it, but that's up to the parties.  You know, I can't -- so,

7   yes, I would approve that, if you did it, but, you know,

8   there's certainly -- so what I'm going to do, then, is I'm

9   going to continue the status on it, and then you'll -- June

10  is almost upon us.

11          Do you have a date sometime -- maybe about 60 days

12  from now?

13          THE CLERK:  Yes.  We have July 26th at 2:00.

14          THE COURT:  Okay.  So I'm going to do this.  I'm

15  going to continue that to -- the status to -- July 26 at

16  2:00?

17          THE CLERK:  Yes.

18          THE COURT:  At 2:00 p.m., and I would like a

19  status report two weeks before that, and then I'm going to

20  continue for a status to that same date, the claim.  What

21  was that, 15?  I kind of remember the number of it.  I think

22  it was claim 15 -- to see what you want to do.  But I'll

23  hear it.  It's just a question -- do you think we need to

24  just do it on the papers, or it needs witnesses?  I don't

25  have any opinion, but, you know, give you an idea, to think

20

1  about it.

2          MR. SELTH:  So we can file a status report, each

3  of us, suggesting --

4          THE COURT:  Well, it would be a joint status

5  report, two weeks prior to that same date, two weeks prior

6  to July 26, and put in there just how you want to proceed.

7  Would it be a mini-trial with witnesses, or just on the

8  papers?  A lot of the things you've described could be done

9  just on the papers, but maybe not all of it.  So I want --

10 so my gut tells me, if the arbitrators have heard testimony,

11 probably would hear testimony, but I want you to decide

12 that, and then, after that, I'll just have you brief it, and

13 then we'll just have a hearing.

14          So that's on that.  So now we go -- now we're

15 going to take a minute -- now we have the order to show

16 cause and the vexatious litigant.  How about the damages?

17 You know, the --

18          MR. SELTH:  I'm sorry?

19          THE COURT:  Yes, the claim for damages.  I can

20 tell you right now I think, unfortunately for the Debtor's

21 side, the 9011, I remember I had suggested you do it, but

22 you still have to follow the rules.  Rule 9011 was not

23 complied with, and the portion of the rule that says the

24 Court can do it, that's an OSC, but I never issued an OSC.

25 I did suggest, but that --

21

```
 1          MR. SELTH:  Well --

 2          THE COURT:  But, so you were caught -- so the

 3  bottom line is, as it stands, I can't approve that.

 4          MR. SELTH:  Well, I'd like to address it, because

 5  I did look into that, and I think you're right that under --

 6  sanctions awarded under 9011 cannot -- without the safe

 7  harbor, cannot be awarded to a third party, but they can be

 8  awarded to the Court.

 9          THE COURT:  Right.

10          MR. SELTH:  And so I think that the Court -- under

11  9011, the Court can order sanctions.

12          THE COURT:  Well, but that's only if I issue an --

13  it says I didn't do that, but there's a section -- I had to

14  read that a couple of times.  I haven't -- I'm fairly

15  familiar with the rule, but that's kind of a tricky rule

16  that you have to kind of read once in a while to make sure.

17  But the provision you're talking about says that "The Court

18  may," but I didn't do that.

19          MR. SELTH:  So, at the time --

20          THE COURT:  I mean, I --

21          MR. SELTH:  So, by the time that you --

22          THE COURT:  It's the OSC.  Had I issued an OSC

23  under the rule, then I think both agree, but that isn't what

24  happened.  So I can't rule on the merits.

25          MR. SELTH:  Well, then, I would -- I know that
```

22

1  under 28 U.S.C. 1927, you'd have the power, but only as to

2  an attorney, not to a pro per.

3          THE COURT:  That's right.

4          MR. SELTH:  So I would ask your Honor to set an

5  OSC re: sanctions for payment to the --

6          THE COURT:  Well, no.  You'd have to file -- no.

7  You're going to have to file some papers to do that.

8          MR. SELTH:  The Court can do it on its own, under

9  B.

10         THE COURT:  I know.  I'm not going to do it.  Let

11  me tell you where I'm headed in this case.  That surprised

12  me, but I think the other side was obviously correct.  So

13  what I'm going to do is, I'm going to deny that, basically

14  without prejudice, but I'm going to have a suggestion on all

15  this, and I'm going to tell you what I'm going to do under

16  the vexatious litigant one.  Let me tell you where I'm at on

17  that.

18         Mr. Moda is very close to being -- I am not going

19  to rule that he is a vexatious litigant at this point, but

20  there's going to be a very stern warning.  A number of

21  things that he's done were stretching it, to say the least.

22  I found that those two motions that they filed were

23  frivolous, and then Mr. Moda keeps repeating the claim

24  about, you know, it's too costly and so forth, but that --

25  you know, too many expenses -- but this case is going along.

23

1    You know, I'm not blaming either side, but the

2 fact of the matter is, this case is going to be determined

3 by whatever the Superior Court decides on these properties.

4 that's what this case is about, and a couple times, he keeps

5 reaching, in my opinion, Mr. Moda, and the two requests, you

6 know, the motions that he filed, one as the attorney and the

7 other as to the loans and all, particularly on the loans, I

8 thought they were both frivolous because of the timing of

9 it.  In my opinion, he's just reaching for things.

10    So what I'm going to do in this case -- and that's

11 why the award -- I think it was about $14,000 you were

12 asking.  The reality is, on the -- is it -- I'm not

13 unmindful of the reality and the costs and so forth, and

14 even potential appeals.  So, when I saw that 9011, I decided

15 I'm not going to award it.  My suggestion is at this

16 point -- I can't order you.  You can certainly file a

17 request, but that costs money, in all of these.

18    My suggestion is this, and this is a fair warning

19 to Mr. Moda.  The next time -- and I know it when I see it.

20 The next time I see any of these that are really, really

21 stretching, as far as I am concerned, to get rid of either

22 the Debtor-In-Possession or counsel, the next time -- and,

23 again, I can't predict what will happen, but there's kind of

24 a shot across the bow -- I'm very close to finding a

25 vexatious litigant for Mr. Moda.

*Briggs Reporting Company, Inc.*

**ER-405**

24

1    I'm not going to do it, but I was very, very
2    close.  He's had problems in other courts, and certainly
3    here.  I want him to understand that -- and he apparently
4    does have the ability to pay.  I mean, sometimes the problem
5    is -- I've had some cases where people don't have any --
6    there's no collection on them, so people -- especially pro
7    ses -- but he apparently does, I gather.  But, in some,
8    there's not much you can do, except vexatious litigant.  If
9    I do that, I can issue an order that the clerk will not
10   accept a pleading, period.  I mean, that's the ultimate
11   vexatious litigant.
12          So what I'm going to do in this case -- I
13   understand -- I think Mr. Moda has stretched it way beyond
14   what he should do, but I'll give him one last chance, on the
15   grounds of the 9011.  I'm going to rule there.  That's
16   without prejudice, but it's going to cost you more to go
17   through the OSC and so forth.
18          So my suggestion is -- I can't stop you, either,
19   from doing anything, but my suggestion is to not pursue
20   that, and I'm going to rule that this case -- and I'd like
21   you to prepare both orders -- just for the reasons stated on
22   the record, just say, as before, the Court has now decided
23   not to declare him a vexatious litigant, but, as I'm telling
24   you -- and I'm saying it, you know, for the umpteenth
25   time -- I know it when I see it.

25

1        Mr. Justice Stewart, a number of years ago,

2   Supreme Court case, said it in a different context, and I

3   think you'll know it, as counsel.  Mr. Moda will know it.

4   I'm done with stretching these arguments.  So, if it happens

5   again, again, I don't know what will happen.  I'm not going

6   to do what I did then.

7        I can't guarantee what I will do, but I'm just

8   saying if there's any -- if I find an additional -- any

9   frivolous motions, so forth, the likelihood is high, you

10  know, I'll not only grant that, but vexatious litigant.  I

11  don't want to do that.  I really would rather not, but, as

12  being the judge, I have to control what's going on in the

13  court, and so it's very important.  So I'll leave it at

14  that.

15       So I'd like you, if you would, prepare both

16  orders, just as for reasons stated on the record.  Both the

17  motions are -- the OSC is denied, and the motion is denied,

18  but, again, I'll express ad nauseam my displeasure with some

19  of the things that Mr. Moda has done, and he seems like a

20  very bright guy, and so I don't want that to -- I just would

21  rather that not happen again.

22       So that -- I think, except for the complaint

23  itself, that is, the adversary proceeding, and the

24  continuation of something I thought was decided, but I was

25  obviously very wrong, then what we'll do is decide how it

26

1   should go, and I'm sure you could be thinking of working on

2   your briefs and so forth, and what I will do is, one way or

3   another, it will either be testimony or it will not.

4          Chances are -- it sounds like there will be some

5   testimony, but, if I do that, you know how I do it.  Any

6   testimony is done -- you both are familiar with how I do it.

7   I won't do it today, but I require any declarations to be

8   done in advance, so, when I walk in the courtroom, I will

9   know pretty much at least what the people have to say.

10         Who knows?  You might even settle it, but it's

11  kind of hard between -- I gather the difference between zero

12  and something -- but, nevertheless, I've seen many cases --

13  a lot of you who were here earlier, there was one that --

14  totally different, but they were -- it could be zero or a

15  quarter-million dollars.  Now, who knows if they come up

16  with an agreement.  Pretty likely, I will agree, and the

17  same thing with you.

18         So anything is possible, but, if not, if you can't

19  work it out, work out what the procedure is, and then what

20  was it, July 26th at -- what was it, 2:00?

21         THE CLERK:  At 2:00.

22         THE COURT:  July 26 at 2:00.  Then I'll set a date

23  for a hearing, and I'll decide it.

24         MR. REID:  Okay.

25         THE COURT:  Okay?

27

1        MR. REID:  And you're referring to the adversary

2   proceeding?  We'll just proceed at that point?

3        THE COURT:  Yes.

4        MR. REID:  Okay.

5        THE COURT:  Well, the adversary proceeding is -- I

6   want a status report two weeks before, and nothing has

7   changed.  You know, it's unfortunate, but, again, I have no

8   idea who is going to win.  But whoever -- you know, I don't

9   have -- quite frankly, I don't know enough facts to know

10  who -- I don't even have a hunch who might win.  Whoever

11  prevails in Superior Court as to that lawsuit, that will

12  pretty much decide this case, I think.

13       MR. REID:  Yes, and the adversary also raised some

14  727 claims regarding the concealment.

15       THE COURT:  Well, there's also -- yes.

16       MR. REID:  Yes.

17       THE COURT:  In addition, it also -- you're right.

18  There's 523 and 727, but as far as who really has the

19  rights, which the state court complaint is pretty much -- at

20  least as to the 523 portion of it, is pretty much the same.

21  So we'll just see.

22       You're right as far as the 727.  Whomever wins,

23  then you'll have to decide.  Let's say Mr. Moda wins, as an

24  example.  He may not wish to pursue the 727, but then you

25  have to notify other folks, to do that.

28

1          So let me -- before you all do that, I notice,
2   very patiently, Mr. Jones is sitting there.  Do you have
3   anything to say about all this?
4          MR. JONES:  No, your Honor.  Thank you for
5   recognizing me.  I'm always available to try to settle
6   anything --
7          THE COURT:  Well, I know you --
8          MR. JONES:  -- but this is another difficult one,
9   like the Hologenix one.
10          THE COURT:  It's a tough one, and it is clear the
11   parties don't like each other.  That's not unusual in any
12   court, but, at one point -- they're relatives, and so,
13   clearly, at one point, this was not so hostile.  So anything
14   is possible.  I'll leave it at that.  I know you're -- so
15   thank you, Mr. Jones.
16          MR. JONES:  Thank you, your Honor.
17          THE COURT:  Anyway, then, I'll see you back on
18   July 26 at 2:00.
19          UNIDENTIFIED SPEAKER:  Okay.  Thank you, your
20   Honor.
21          ALL:  Thank you, your Honor.
22          THE COURT:  Okay.  Thank you.
23      (Proceedings concluded.)
24
25

29

```
 1          I certify that the foregoing is a correct

 2   transcript from the electronic sound recording of the

 3   proceedings in the above-entitled matter.

 4   /s/ Holly Steinhauer          6-24-22
     Transcriber                   Date
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Donald W. Reid – SBN 281743
LAW OFFICE OF DONALD W. REID
PO Box 2227
Fallbrook, CA 92088
(951) 777-2460
don@donreidlaw.com

Counsel for Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MAHVASH MAZGANI,<br><br>         Debtor. | Case No. 2:19-bk-21655-BR<br><br>Chapter 11<br><br>Adv. No. 2:20-ap-01637-BR<br><br>**STATUS REPORT AND STIPULATION TO CONTINUE STATUS CONFERENCE** |
| KEVIN MODA,<br><br>         Plaintiff,<br><br>v.<br><br>MAHVASH MAZGANI,<br><br>         Defendant. | <u>Current Date</u><br>Date:      July 26, 2022<br>Time:     2:00 p.m.<br>Courtroom:  1668 |

**TO THE HONORABLE BARRY RUSSELL, U.S. BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST:**

This status report and stipulation is entered into between Kevin Moda ("Plaintiff") and Mahvash Mazgani ("Defendant").

## RECITALS

    1.    On October 2, 2020, Plaintiff timely filed an adversary complaint against Defendant, initiating this adversary proceeding, *Moda v. Mazgani*, Case No. 2:20-ap-01637-BR ("AP").

**ER-412**

1    2.    A status conference on the current state of the state court litigation is currently

2  scheduled for July 26, 2022.  Plaintiff's counsel is unavailable that afternoon due to hearings

3  before the Court's Riverside Division at the same time.

4    3.    Trial in the state court action is currently scheduled for September 19, 2022.

5  Accordingly, the parties believe it is appropriate to continue the status conference to October or

6  November 2022.

7                              **STIPULATION**

8    **NOW THEREFORE**, subject to Court approval, the parties stipulate as follows:

9    A.    The status conference shall be continued to a date and time convenient for the

10  Court in October or November 2022.

11

12

13  Dated: July 11, 2022                          LAW OFFICE OF DONALD W. REID

14                                                By: _____

15                                                Donald W. Reid, Counsel for
                                                  Kevin Moda, Plaintiff
16

17  Dated: July 11, 2022                         LAW OFFICES OF NAZANIN MAZGANI

18

19                                                By: _____
                                                  Nazanin Mazgani, Counsel for
20                                                Mahvash Mazgani, Defendant

21

22

23

24

25

26

27

28

**ER-413**

1

**PROOF OF SERVICE OF DOCUMENT**

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: PO Box 2227, Fallbrook, CA 92088

3

4

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT AND STIPULATION TO CONTINUE STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

5

6

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 2, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

7

8

9

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Nazanin Mazgani    mazganilaw@gmail.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

10

11

12

☐     Service information continued on attached page

13

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) July 11, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

14

15

16

- Hon. Barry Russell, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

17

☐     Service information continued on attached page

18

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

19

20

21

☐     Service information continued on attached page

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

| July 11, 2022 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| Date | Printed Name | Signature |

24

25

26

27

28

**ER-414**

1  Donald W. Reid – SBN 281743
   LAW OFFICE OF DONALD W. REID
2  PO Box 2227
   Fallbrook, CA 92088
3  (951) 777-2460
   don@donreidlaw.com
4
5  Counsel for Plaintiff

6                **UNITED STATES BANKRUPTCY COURT**

7         **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

8

9                                          Case No. 2:19-bk-21655-BR

10  In re                                  Chapter 11

11  MAHVASH MAZGANI,                       Adv. No. 2:20-ap-01637-BR

12              Debtor.                    **STATUS REPORT RE STATE COURT
                                           LITIGATION**
13
                                           Status Conference:
14  _____               Date:        October 11, 2022
                                           Time:        10:00 am
15  KEVIN MODA,                            Courtroom:   1668

16              Plaintiff,

17  v.

18  MAHVASH MAZGANI,

19              Defendant.

20  _____

21

22         This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant

23  Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current

24  status of the state court litigation between the parties.

25         Trial in the state court litigation on Plaintiffs' claims is set for October 17, 2022.  Plaintiff

26  has also moved to dismiss Defendant's claims against him pursuant to CCP § 583.310 and the

27  parties are awaiting a hearing date to be set by the court.   The parties suggest the Court continues

28  this Status Conference for a continued status conference in mid-December 2022.

1

**ER-415**

1

2                                                   Respectfully submitted by,

3

4    Dated: September 27, 2022                      LAW OFFICE OF DONALD W. REID

5                                                   By: /s/Donald W. Reid
                                                    Donald W. Reid, Counsel for
6                                                   Plaintiff Kevin Moda

7

8    Dated: September 27, 2022                      LAW OFFICES OF NAZANIN MAZGANI

9                                                   By: 

10                                                  Nazanin Mazgani, Counsel for
                                                    Defendant Mahvash Mazgani
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

1

## PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: PO Box 2227, Fallbrook, CA 92088

4

5

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

6

7

8

9

10

11

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 27, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- Gregory Kent Jones (TR)   gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani   mazganilaw@gmail.com
- Donald W Reid   don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth   jim@wsrlaw.net, jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

12

☐     Service information continued on attached page

13

**2.   SERVED BY UNITED STATES MAIL**:

14

On (*date*) September 27, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

15

16

☐     Service information continued on attached page

17

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:

18

(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 27, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

19

20

21

☐     Service information continued on attached page

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

24

| September 27, 2022 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

25

26

27

28

**ER-417**

1    Donald W. Reid – SBN 281743
2    LAW OFFICE OF DONALD W. REID
     PO Box 2227
3    Fallbrook, CA 92088
     (951) 777-2460
4    don@donreidlaw.com

5    Counsel for Plaintiff

6                    **UNITED STATES BANKRUPTCY COURT**

7            **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

8                                        |  Case No. 2:19-bk-21655-BR

9    In re                               |  Chapter 11

10   MAHVASH MAZGANI,                     |  Adv. No. 2:20-ap-01637-BR
                         Debtor.
11                                        |  **STATUS REPORT RE STATE COURT
                                          |  LITIGATION**
12   _____     |
13   KEVIN MODA,                          |  Status Conference:
                                          |  Date:      December 13, 2022
14                       Plaintiff,       |  Time:      10:00 a.m.
                                          |  Courtroom: 1668
     v.
15
     MAHVASH MAZGANI,
16
                         Defendant.
17   _____

18        This Status Report is filed jointly by plaintiff Kevin Moda ("Plaintiff") and defendant

19   Mahvash Mazgani ("Defendant"), by and through counsel, to advise the Court on the current

20   status of the state court litigation between the parties.

21        Trial in the state court litigation on Plaintiffs' claims is underway.  Defendant expects trial

22   to conclude by the end of next week (12/9/22).  Additionally, Plaintiff's counsel in this AP (Mr.

     Reid), who does not represent Plaintiff in the state court action, has a week-long trial in Los
23
     Angeles Superior Court beginning on 12/12/22 in a separate matter.  Accordingly, Mr. Reid is
24
     unable to attend the status conference on 12/13/22.
25

                                         1

**ER-418**

1        Accordingly, the Parties suggest that the status conference be continued to February or

2  March 2023 for further update on the outcome of the state court action, and request that

3  appearances be excused for the 12/13/22 status conference.

Respectfully submitted by,

Dated: 11/29/2022                    LAW OFFICE OF DONALD W. REID

By: /s/Donald W. Reid
Donald W. Reid, Counsel for
Plaintiff Kevin Moda

Dated: 11/29/2022                    LAW OFFICES OF NAZANIN MAZGANI

By: _____
Nazanin Mazgani, Counsel for
Defendant Mahvash Mazgani

2

**ER-419**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: PO Box 2227, Fallbrook, CA 92088

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT RE STATE COURT LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/29/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
- Nazanin Mazgani    mazganilaw@gmail.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- James R Selth    jim@wsrlaw.net,
  jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) 11/29/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/29/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/29/2022 | Donald W. Reid | /s/Donald W. Reid |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ER-420**