FELIX T. WOO (CA SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 335-3960
Facsimile:   (213) 344-4498

Attorney for Appellant Kevin Moda

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MAHVASH MAZGANI,<br><br>           Debtor-in-Possession.<br>_____<br><br>KEVIN MODA,<br><br>           Appellant,<br><br>   vs.<br><br>MAHVASH MAZGANI,<br><br>           Appellee. | District Court Case No.: 25-cv-02230-SSS<br><br>Bankruptcy Case No.: 2:19-bk-21655-BR<br><br>Adversary Case No.: 2:20-ap-01637-BR<br><br>Chapter 11<br><br>**APPELLANT'S APPENDIX (EXCERPTS OF RECORD) VOLUME 5 OF 6**<br><br>Judge: Sunshine S. Sykes |

**ER-483**

1　　　　　　　　　　UNITED STATES BANKRUPTCY COURT

2　　　　　　　　　　CENTRAL DISTRICT OF CALIFORNIA

3　　　　　　　　　　　　　　　--oOo--

4　In Re:　　　　　　　　　　　) 　Case No. 2:19-bk-21655-BR
　　　　　　　　　　　　　　　)
5　MAHVASH MAZGANI,　　　　　) 　Chapter 11
　　　　　　　　　　　　　　　)
6　　　　　　Debtor.　　　　　) 　Los Angeles, California
_____) 　Tuesday, January 9, 2024
7　　　　　　　　　　　　　　　) 　10:00 a.m.
　MODA,　　　　　　　　　　　)
8　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　) 
9　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　) 　Adv. No. 2:20-ap-01637-BR
10　　　　　　　　　　　　　　)
　MAZGANI,　　　　　　　　　　)
11　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　)
12_____)

13　　　　　　　　　　　　　　HRG. RE DECLARATION RE AMOUNT
　　　　　　　　　　　　　　　OF SANCTIONS AGAINST KEVIN
14　　　　　　　　　　　　　　MODA AND VIP BHOLA FOR WILLFUL
　　　　　　　　　　　　　　　VIOLATION OF THE AUTOMATIC
15　　　　　　　　　　　　　　STAY

16　　　　　　　　　　　　　　CONT'D STATUS CONFERENCE RE
　　　　　　　　　　　　　　　SUBCHAPTER V CHAPTER 11 CASE
17
　　　　　　　　　　　　　　　CONT'D HRG. RE DEBTOR'S MOTION
18　　　　　　　　　　　　　　FOR ORDER DISALLOWING CLAIM
　　　　　　　　　　　　　　　NO. 15 HOWARD KAPP
19
　　　　　　　　　　　　　　　CONT'D STATUS CONFERENCE RE
20　　　　　　　　　　　　　　COMPLAINT FOR:
　　　　　　　　　　　　　　　NONDISCHARGEABILITY OF DEBT
21　　　　　　　　　　　　　　PURSUANT TO: 11 U.S.C. SECTION
　　　　　　　　　　　　　　　523(A)(21)(A), 11 U.S.C.
22　　　　　　　　　　　　　　SECTION 523(A)(4), 11 U.S.C.
　　　　　　　　　　　　　　　SECTION 523(A)(6)
23

24
　Proceedings recorded by electronic sound recording;
25　transcript produced by transcription service.

ii

```
1                                    DENIAL OF DISCHARGE PURSUANT
                                     TO: 11 U.S.C. SECTION
2                                    7272(A)(2), 11 U.S.C. SECTION
                                     727(A)(3), 11 U.S.C. SECTION
3                                    727(A)(4)

4                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE BARRY RUSSELL
5                UNITED STATES BANKRUPTCY JUDGE

6
     APPEARANCES:
7
     For the Debtor:              JAMES R. SELTH, ESQ.
8                                 Weintraub Zolkin Talerico
                                    & Selth, LLP
9                                 11766 Wilshire Boulevard
                                  Suite 450
10                                Los Angeles, California 90025
                                  (310) 207-1494
11
                                  NAZANIN MAZGANI, ESQ.
12                                Law Offices of Nazanin Mazgani
                                  10954 Massachusetts Avenue
13                                Los Angeles, California 90024
                                  (310) 892-0820
14
     For Kevin Moda:              VIP BHOLA, ESQ.
15                                Bhola & Associates
                                  5429 Cahuenga Boulevard
16                                Suite 101
                                  North Hollywood, California
17                                  91601
                                  (818) 347-5297
18
                                  KEVIN MODA, ESQ.
19                                18324 Clark Street
                                  Suite 324
20                                Tarzana, California 91356

21   Subchapter V Trustee:        GREG JONES, ESQ.
                                  Stradling, Yocca, Carlson &
22                                  Rauth
                                  10100 North Santa Monica
23                                  Boulevard
                                  Suite 1400
24                                Los Angeles, California 90067
                                  (424) 214-7044
25
```

                                                                    iii

 1  Court Recorder:              Wanda Toliver
                                 United States Bankruptcy Court
 2                               Edward R. Roybal Federal
                                   Building
 3                               255 East Temple Street
                                 Los Angeles, California 90012
 4

 5  Transcriber:                 Jordan Keilty
                                 Echo Reporting, Inc.
 6                               9711 Cactus Street, Suite B
                                 Lakeside, California 92040
 7                               (858) 453-7590

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-486**

1

1 <u>LOS ANGELES, CALIFORNIA TUESDAY, JANUARY 9, 2024 10:00 A.M.</u>

2                          --oOo--

3      (Call to order of the Court.)

4           THE CLERK:  Mazgani.

5           MR. SELTH:  Good morning, your Honor.  James Selth

6 on behalf of the Debtor on 22 through 24.

7           MS. MAZGANI:  Good morning, your Honor.  Attorney

8 Nazanin Mazgani on behalf of Mahvash Mazgani in the

9 adversary proceeding.

10          THE COURT:  All right.

11          MR. JONES:  Good morning, your Honor.  Greg Jones,

12 Subchapter V Trustee.  I do have a hearing across the hall

13 at 11:30, if -- but I think we'll be done by then, but I

14 just wanted to let the Court know.

15          THE COURT:  All right.  Well, I'll ask you while

16 you're standing there before I hear from the -- Mr. Moda's

17 counsel, any views on this?

18          MR. JONES:  Uh --

19          THE COURT:  Or even -- you're here, and I

20 appreciate it, but you --

21          MR. JONES:  Oh, I'm sure --

22          THE COURT:  -- don't have to take any position or

23 not.

24          MR. JONES:  I mean, as far as the violations, I

25 think they are violations of the stay, and I think -- I'm

2

1  surprised that a lot of activity's gone on in the State

2  Court given what this Court said previously, to be honest.

3  That's --

4           THE COURT:  Okay.

5           MR. JONES:  -- kind of my take on it.

6           THE COURT:  All right.  And I --

7           MR. JONES:  And I'm -- yeah.

8           THE COURT:  -- see counsel for the Debtor -- not

9  the Debtor -- for Mr. Moda's here.  Do you want to make your

10 appearance?

11          MR. BHOLA:  Yes.  Good morning, your Honor.  Vip

12 Bhola --

13          THE COURT:  And you can stay seated if you want.

14 I know you have a --

15          MR. BHOLA:  Thank you.

16          THE COURT:  -- physical problem.  So, that --

17 that's fine with me.

18          MR. BHOLA:  Thank you.

19          THE COURT:  Okay.  I have -- to say I have a

20 concern about how this has been handled from Mr. Moda's

21 standpoint would be -- would be an understatement.  You --

22 you were here at the last hearing, and I did find that Mr.

23 -- you and Mr. Moda were in -- in contempt.  Did you

24 understand that?

25          MR. BHOLA:  Correct.

*Echo Reporting, Inc.*

**ER-488**

3

 1          THE COURT:  And there was -- there was no -- there
 2  was no written order, and the reason I did that because it
 3  is an interlocutory order.  But it is an order.  You
 4  understand that?  It was not just a suggestion.  It was my
 5  order, right?
 6          MR. BHOLA:  I'm sorry.  Your last finding?
 7          THE COURT:  Yes.  That's what I -- I ruled.
 8          MR. BHOLA:  I understood your ruling.
 9          THE COURT:  Yeah.  And did you see the -- I know
10  you both, you and Mr. Moda, saw the -- and I'll ask Mr. Moda
11  the same thing -- that I issued an order that the -- that
12  the only issue would be -- for this hearing would be the
13  amount of the sanctions.  You saw that right?
14          MR. BHOLA:  I saw your order, yes.
15          THE COURT:  Well, it was in the order, right?
16          MR. BHOLA:  I saw your order, yes.
17          THE COURT:  And you -- you understood that the
18  only issue for today would be the amount of the sanctions,
19  and you understand that?
20          MR. BHOLA:  I understood the -- your order, yes.
21          THE COURT:  And you, Mr. Moda, you understood that
22  as well?
23          MR. MODA:  No.
24          THE COURT:  How could you not?
25          MR. MODA:  Because essentially what the Court did

*Echo Reporting, Inc.*

**ER-489**

4

1   by stopping enforcement over (indiscernible) is to kill the

2   judgment.

3              THE COURT:  Well, let me stop you.

4              MR. MODA:  No.  I mean --

5              THE COURT:  No, no, you're not --

6              MR. MODA:  -- that's what the reality of it is.

7              THE COURT:  Mr. -- Mr. Moda, stop.  Mr. Moda --

8              MR. MODA:  Well, I'm --

9              THE COURT:  -- take a deep breath.  Mr. Moda --

10             MR. MODA:  I mean, I --

11             THE COURT:  Mr. Moda, if you keep talking --

12             MR. MODA:  I -- I don't like it when you ask me a

13   question, and I'm --

14             THE COURT:  No, no.

15             MR. MODA:  -- answering it and --

16             THE COURT:  That is not --

17             MR. MODA:  -- you interrupt me.

18             THE COURT:  No, that -- you did not answer my

19   question.

20             MR. MODA:  I did.

21             THE COURT:  No.  My answer (sic), did you

22   understand that I ruled and you were --

23             MR. MODA:  And I said I did not.

24             THE COURT:  -- you were sanctionable, right?

25             MR. MODA:  No.

5

1          THE COURT:  I did not say that you were held in

2 contempt?  You didn't understand that?

3          MR. MODA:  I didn't understand that at all.  It

4 bogs against every --

5          THE COURT:  Okay.

6          MR. MODA:  -- precept of --

7          THE COURT:  All right.  Stop, Mr. --

8          MR. MODA:  Okay.

9          THE COURT:  -- Mr. Moda.  You didn't agree with

10 it, but --

11          MR. MODA:  No.  I didn't understand it, and you

12 weren't willing --

13          THE COURT:  No.  Did you understand my ruling, not

14 why?

15          MR. MODA:  No.  And I -- for that reason, I went

16 over and read the transcript, and where does it say that

17 there is a stay pending --

18          THE COURT:  Okay.

19          MR. MODA:  -- enforcement of the judgment --

20          THE COURT:  So, you did not understand that the

21 only issue for today would be the amount of the sanctions?

22          MR. MODA:  I -- I didn't even understand the

23 sanction part, I mean, the -- the finding of the contempt

24 part.

25          THE COURT:  Okay.  All right.  All right.  The --

*Echo Reporting, Inc.*

**ER-491**

6

did you understand also in that order, Mr. Bhola, that t

here was a time for filing any objections to the -- what Mr.

Selth did, he filed his declaration as to the amount of the

sanctions, and you had a certain time to oppose it.  Did you

oppose it?

          MR. BHOLA:  I didn't --

          THE COURT:  Timely?

          MR. BHOLA:  I didn't file it, no.

          THE COURT:  And did you, Mr. Moda?  Did you oppose

it timely?  Did you file any opposition timely under that

order?

          MR. MODA:  I didn't get any order.

          THE COURT:  I announced it in court.  Did you not?

          MR. MODA:  Hmm-umm.

          THE COURT:  Okay.  All right.  Let me ask you

this.  You did not -- did you file, Mr. -- you did not,

neither of you -- and this is on the record.  Neither of you

filed any objection to the amount of the sanctions, did you,

Mr. Bhola?

          MR. BHOLA:  As I said, I didn't file an objection

or an --

          THE COURT:  And did you, Mr. Moda?

          MR. MODA:  To what sanctions?

          THE COURT:  Okay.  The sanctions to the -- Mr. --

did you not -- you did get a copy, did you know, of Mr.

7

1  Selth's declaration as to the amount of the sanctions?  You

2  were served?

3          MR. MODA:  I -- I haven't got anything.

4          THE COURT:  Okay.  I'll leave it at that.

5          Mr. Selth, why don't you come to the stand.  I

6  know I -- I saw the proofs of service.  Tell me, you were at

7  the hearing.  Mr. Moda was at that last hearing.  Mr. Bhola

8  was at the last hearing.  Seems to be hear no evil, see no

9  evil the case.  But I know the facts.  Mr. Moda, you know

10  the facts.  Mr. Bhola knows the facts.  At the last

11  hearing --

12          MR. MODA:  I don't know if that's a question --

13          THE COURT:  Let me -- let me stop you.

14          MR. MODA:  -- or if it's a statement.

15          THE COURT:  It's not a -- you're not -- there's

16  not a question for you, Mr. Moda.

17          MR. MODA:  Then I'd appreciate it if you don't

18  phrase it as a statement.

19          THE COURT:  Mr. -- Mr. Moda, if you continue

20  talking out of turn, I have a -- a court security.  I'll

21  have you removed.  Do you understand that?

22          MR. MODA:  If you'd like me to leave, I will.

23          THE COURT:  No, no.  I'd like you to stay, but I'd

24  like you to not interrupt me when I'm announcing things.  If

25  I have a question of you, I will ask you.  Do you understand

8

 1  that?

 2      (No response.)

 3          THE COURT:  A simple yes or no.

 4          MR. MODA:  I don't understand what you're trying

 5  to say.

 6          THE COURT:  Okay.  Then I'd rather you not

 7  interrupt.

 8          Now, Mr. Selth, it's your turn to talk.

 9          MR. SELTH:  Your Honor, actual attorneys' fees

10  incurred only through November 7th, as the Court required me

11  to limit the fees --

12          THE COURT:  Yes.

13          MR. SELTH:  -- were $11,652 between myself and Mr.

14  Newell.

15          THE COURT:  Yes.

16          MR. SELTH:  Per the status report that I filed on

17  December 24th at the Court's request regarding the efforts

18  of Mr. Moda and Mr. Bhola to remedy their violation of the

19  stay, in fact, they took zero action to remedy the stay and

20  took multiple actions in further violation of the stay.  I

21  believe that a -- an order of punitive damages of at least

22  treble the actual damages would be appropriate jointly and

23  severally against Mr. Moda and Mr. Bhola.

24          THE COURT:  All right.  And as far as the notice

25  of this hearing, of course, Mr. Moda and Mr. Bhola were here

Case 2:20-cv-02163-ABR   Document 70   Filed 01/24/24   Page 1 of 20   Doc ID
Case 2:20-cv-02163-ABR   Document 70   Filed 01/24/24   Page 1 of 20   Doc ID
Main Document #812   Page 12 of 20

9

 1   at the last hearing, and I did announce what I was going to

 2   do, did I not?

 3            MR. SELTH:  That is correct.  They were both

 4   present, as the transcript reflects.

 5            THE COURT:  All right.  You've not received any

 6   opposition to the request?

 7            MR. SELTH:  Uh --

 8            THE COURT:  Well, the opposition was not an

 9   opposition.

10            MR. SELTH:  Correct.

11            THE COURT:  What I did receive -- and it was way

12   past the time in the order that I issued -- was basically

13   questioning the original --

14            MR. SELTH:  Exactly.

15            THE COURT:  -- order that, as Mr. Moda just

16   suggested, he couldn't understand why.  I thought I

17   explained at the hearing.  I never asked anybody to agree.

18   That's for -- that's for somebody else to decide, but it was

19   clear what I did.  I ordered that the actions were in

20   contempt.

21            Very well.  Then there's been -- there's been no

22   opposition to the amount of the sanctions.  I am going to

23   award the -- the sanctions.  And given -- given the nature

24   of this case, it's clear -- I know, Mr. Bhola and

25   particularly Mr. Moda disagree with my -- with my -- with my

10

1  findings at the last hearing.  I get that.  You have a

2  perfect right, and if you want to appeal, then -- then

3  appeal.  But it is -- it is amazing to me that you would not

4  only not address the -- the issue, namely, the amount of the

5  sanctions, but apparently the -- you have -- and this is not

6  for today, by the way, gone -- according to the status

7  report, and that -- that does not -- that does not -- I'm

8  not going to use that information as to any award of

9  sanctions, but it does tell me at a minimum -- and there's

10 no contrary statement to that effect -- this was nothing to

11 do to undo the -- the contemptuous conduct.  That's all I

12 was looking for.

13         The other statements in there will not affect

14 anything I do today, but I suspect, as Mr. Selth has said,

15 he's going to file another motion for -- for -- for

16 contempt, and that's not before me today, and certainly

17 you'll file that and an OSC and then there'll be opposition

18 and so forth.  But as far as -- as far as this is concerned,

19 I am going to award the -- the sanctions in the amount, the

20 $11,000 and change that you've requested.  And I'm going to

21 double that and -- and -- for punitive damages.

22         It is clear -- if a higher court tells me I'm

23 wrong, then so be it.  But at this point, it is clear to me

24 this has been a violation of the -- the automatic stay and

25 not only -- and you have done nothing to remedy that.  It's

11

1   very simple.  So, I -- I'm going to prepare -- prepare an

2   order to that effect, and --

3          MR. SELTH:  The total, your Honor, is -- doubled

4   is $23,304.  Paid within --

5          THE COURT:  Yes.

6          MR. SELTH:  -- how many days?

7          THE COURT:  Yes.  I'm going to -- I'm going to

8   have a -- I'd like you to prepare an order.  Today -- today

9   is what, the 9th?  The -- well, first of all, you'll have to

10  prepare the order.  So, I will give -- this is jointly and

11  severally -- to February 6th to pay that to your office

12  certified funds by February 6th.

13         MR. SELTH:  Thank you, your Honor.

14         THE COURT:  The -- excuse me just one -- one

15  second.  Let me get the -- what number on the calendar is

16  this, Stacey?

17         THE CLERK:  22.

18         THE COURT:  Yeah.  I want to check one thing.

19     (Pause.)

20         THE COURT:  This is also the status conference in

21  -- in the -- in the -- in this -- in the case itself, and

22  I'd like you to -- as far as information, Mr. Selth, if you

23  could come to the podium, you can -- and, Mr. Bhola and Mr.

24  Moda, if anything's contrary, you can let me know.

25         What is the status in the -- in the State Court of

1   the appeal?  Because that -- of the State Court judgment.

2   That does obviously affect --

3          MR. SELTH:  Yeah.

4          THE COURT:  -- the status of this case.

5          MR. SELTH:  The appeal is -- the appeal is pending

6   in the Court of Appeal in the Superior -- in the

7   California --

8          THE COURT:  Has it been briefed or -- I'm just

9   curious.  I have no --

10          MR. SELTH:  Oh, no.

11          THE COURT:  -- independent knowledge.

12          MR. SELTH:  It hasn't -- there hasn't been any

13   briefing yet.

14          THE COURT:  Has it?  No -- Mr. Bhola --

15          MR. SELTH:  There's been numerous motions filed by

16   Moda, all of which have been dismissed by the -- denied by

17   the Appellate Court, but they haven't started briefing yet.

18          THE COURT:  Okay.  Is that -- is that correct?

19   That's all I wanted to know.  I had --

20          MR. MODA:  No, that's not correct.

21          THE COURT:  Okay.  And -- okay.  Then --

22          MR. MODA:  If you'd like me to tell you, I'd be

23   more than happy to.

24          THE COURT:  Why don't you come to the podium

25   briefly.  I don't want a speech about the merits or

13

1  anything.  I just want to you to tell me very simply -- I

2  asked for the status.  What is the status of --

3          MR. MODA:  The status is what -- before the

4  Justices is --

5          THE COURT:  What's the status -- there's an

6  appeal.

7          MR. MODA:  Lack of standing --

8          THE COURT:  Is there a -- is there a hearing --

9          MR. MODA:  Lack of standing --

10          THE COURT:  -- a briefing schedule?

11          MR. MODA:  Lack of standing --

12          THE COURT:  Is there --

13          MR. MODA:  Lack of standing.  So, they're not

14  going to let it go forward.

15          THE COURT:  Let me -- let me -- let me stop --

16  stop you.  Is there a briefing schedule?

17          MR. MODA:  No, not until you resolve the lack of

18  standing issue.

19          THE COURT:  I -- I don't understand what you've

20  just said.  How do I have the ability to rule on the lack of

21  standing on an appeal before the California Court of Appeal?

22          MR. MODA:  What -- what you may not be aware of,

23  and this may be a point of --

24          THE COURT:  Just tell me.

25          MR. MODA:  -- frustration -- excuse -- I apologize

14

1   -- is that the Court ordered the removal of the Debtor as a

2   Debtor in Possession --

3          THE COURT:  Let me stop you.

4          MR. MODA:  -- and appointed --

5          THE COURT:  Okay.

6          MR. MODA:  -- Mr. Jones --

7          THE COURT:  Okay.  Mr. Moda, you're not answering

8   my question.

9          MR. MODA:  I -- I am answering it.

10         THE COURT:  What is pending before the --

11         MR. MODA:  I'm telling you --

12         THE COURT:  -- Circuit?

13         MR. MODA:  -- that's what it is.

14         THE COURT:  They -- Mr. -- the Debtor --

15         MR. MODA:  You can ask him --

16         THE COURT:  -- appealed --

17         MR. MODA:  -- right here.

18         THE COURT:  No.  No.  The Debtor -- stop.  The

19   Debtor appealed your judgment, right?

20         MR. MODA:  Yes.

21         THE COURT:  Okay.  Is that appeal pending?

22         MR. MODA:  It's pending resolution of that issue.

23         THE COURT:  Okay.  Why don't you -- why don't you

24   have a seat then.  You've answered my question.

25         MR. MODA:  All right.

15

```
 1          THE COURT:  All right.  All right.  I would like
 2  you to prepare -- you can prepare that order within one week
 3  from today?
 4          MR. SELTH:  On the sanctions or on the --
 5          THE COURT:  Yes.
 6          MR. SELTH:  -- status conference?
 7          THE COURT:  Oh, no, no.  I'm shifting.  I did not
 8  -- I'm sorry.  On the -- on the sanctions.  I'm sorry.  I
 9  reverted back.
10          MR. SELTH:  I'll lodge that by tomorrow.
11          THE COURT:  Okay.  Then --
12          MR. SELTH:  And the status conference I --
13          THE COURT:  The status conference, I'm just going
14  to -- that's why I -- that's why I asked about the appeal.
15  I --
16          MR. SELTH:  Maybe 90 --
17          THE COURT:  -- had no idea how fast --
18          MR. SELTH:  Maybe 90 days?
19          THE COURT:   I would -- I would love, quite
20  frankly -- I have no power to order them to do anything --
21  to move quickly so I can rule one way or the other whether
22  an -- whether the debt is dischargeable or not.
23          I did see something rather astounding in the late-
24  filed brief, but I'm not going to -- that somehow the State
25  Court has ruled on the nondischargeability, which is --
```

16

1 which -- and the exhibit apparently, E and F, are not even

2 attached to the pleadings.  I'm not going to consider it

3 because it was an improperly filed response.  But I'll leave

4 it at that.  As far as I am concerned, obviously the status

5 conference on the case, as well as the 523 action, is

6 together.

7          Whenever the -- the State Court of Appeal rules, I

8 have no opinion one way or the other on it.

9          MR. SELTH:  Your Honor, my -- my client's

10 appellate counsel, I asked what is the average -- he's an

11 appellate specialist, and he said 12 to 18 months would

12 be --

13          THE COURT:  Really?

14          MR. SELTH:  -- expected in the State Court of

15 Appeal.  Your Honor may have more experience.  That's --

16 that was his best estimate.

17          THE COURT:  All I know is every case is different.

18 Some -- for -- I -- my experience has been -- I don't have

19 much experience in the State Court of Appeal.  But, all

20 right, that -- that concludes this hearing.

21          MR. SELTH:  When -- have you set a continue date?

22          THE COURT:  Oh, yes, I need a -- I need a

23 continuance date.

24          THE CLERK:  We have March 12th at 10:00.

25          THE COURT:  Okay.  I'm going to continue this to

17

```
 1  March 12th at 10 for a status.

 2          MR. SELTH:  And a report two weeks prior?

 3          THE COURT:  Yes, two weeks prior a joint status

 4  report.  Thank you, Counsel.

 5          MR. SELTH:  Thank you.

 6      (Proceedings concluded.)

 7

 8          I certify that the foregoing is a correct

 9  transcript from the electronic sound recording of the

10  proceedings in the above-entitled matter.

11

12  /s/Jordan Keilty                    1/24/2024
    Transcriber                         Dates
13

14  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

15

16  /s/L.L. Francisco
    L.L. Francisco, President
17  Echo Reporting, Inc.

18

19

20

21

22

23

24

25
```

*Echo Reporting, Inc.*

**ER-503**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kevin Moda<br>18324 Clark St. #310<br>Tarzana, CA 91356<br>310-880-1529<br>KEVIN MODA<br>Email: moda@msn.com<br><br><br><br>*Attorney for:* Kevin Moda Pro Per | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>  Mahvash Mazgani<br><br><br><br>Debtor(s).<br><br>Kevin Moda<br><br><br>Plaintiff(s),<br>        vs.<br>Mahvash Mazgani<br><br><br>Defendant(s). | CASE NO.: 19-bk-21655<br>ADVERSARY NO.: 2:20-AP-01637-BR<br>*(if applicable)*<br>CHAPTER: 11<br><br><br><br>**SUBSTITUTION OF ATTORNEY**<br>**[LBR 2091-1(b)]** |

1.  The name(s) of the party(ies) making this Substitution of Attorney *(specify)*:

    Plaintiff Kevin Moda


2.  The name, address, telephone number, and email address of the new attorney are *(specify)*:

    Kevin Moda
    18324 Clark St. #310
    Tarzana, CA 91356
    310-880-1529

3.  New attorney hereby appears in the following matters:    ☐ the bankruptcy case    ☒ the adversary proceeding

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ER-504

4.  The new attorney is substituted as attorney of record in place instead of the present attorney. *(Specify name of present attorney)*:

Vip Bhola

Date:  02/29/2024

_____
Signature of party

Kevin Moda
_____
Printed name of party

_____
Signature of *third* party (if applicable)

_____
Printed name of *third* party (if applicable)

_____
Signature of *second* party (if applicable)

_____
Printed name of *second* party (if applicable)

_____
Signature of *fourth* party (if applicable)

_____
Printed name of *fourth* party (if applicable)

I consent to the above substitution.

Date:  02/29/2024

_____
Signature of present attorney

Vip Bhola
_____
Printed name of present attorney

I am duly admitted to practice in this district.  The above substitution is accepted.     Does not apply.

Date:  ____2-29-2024____

_____
Signature of new attorney

Kevin Moda (in pro per)
_____
Printed name of new attorney

**IMPORTANT NOTICE**

Filing of this Substitution of Attorney form does not replace the need to be employed pursuant to the Bankruptcy Code. See LBR 2014-1 regarding the requirements and procedures for making an application to employ an attorney.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                                  Page 2                          **F 2091-1.SUBSTITUTION.ATTY**

ER-505

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18324 Clark St #310, Tarzana, CA 91356

A true and correct copy of the foregoing document entitled: **SUBSTITUTION OF ATTORNEY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  2-29-2024  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Naznin Mazgani, mazganilaw@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  2-29-2024  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Barry Russell

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2-29-2024 | Luigi Interlandi | |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Kevin Moda
18324 Clark St. #310
Tarzana, CA 91356
310-880-1529
KEVIN MODA
Email: moda@msn.com

Kevin Moda Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| KEVIN MODA | Case No.: 2:20-AP-01637-BR |
|---|---|
| Plaintiff, | **STATUS REPORT RE SUPERIOR COURT** |
| vs. | |
| MAHVASH MAZGANI, Defendants. | **DATE: 03/12/2024**<br>**TIME: 10:00 am**<br>**COURTROOM: 1668**<br>**PLACE: 255 E. Temple St.**<br>**Los Angeles, CA 90012** |

**TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

The Plaintiff opposes a stay in the proceedings and deems the appeal to be inconsequential in this matter.

There is no need for res judicata. The collateral estoppel impact of the Statement of Decision provides a solid foundation.

Furthermore, the properties located in Massachusetts and Clark were sold to an individual who has provided financial assistance to the Plaintiff for the past three out of the eight years of litigation. The Defendant/Debtor's statement regarding the events in State Court on March 19, 2024, is inaccurate. There is a Motion pending for March 19, 2024, to "Unstay"- not "stay" that was filed

1  to exclude the Debtor issues from the properties, along with the Debtor herself, facilitated by law

2  enforcement, within five days following March 19, 2024.

3       It is requested that the Court permit the Amendment of the pleading on file  to amend the

4  Adversary Proceeding by including additional causes and individuals who benefited from the

5  improper stay as defendants in the legal action. These individuals are accountable for the harm

6  caused by the unauthorized occupation and unwarranted restriction on property rights.

7  *In re Marine Power Equipment Co., Inc.,* 71 B.R. 925, 931 (W.D. Wash. 1987) ("The Bankruptcy

8  Court improperly extended the automatic stay imposed by 11 U.S.C. § 362 without a hearing and

9  findings required by 11 U.S.C. § 362(d) and (e). The United States is entitled to foreclose upon its

10  security — all the vessels — because absent such hearing and findings within 30 days, the stay

11  terminated by operation of law. The matter is remanded for determination of the appropriate

12  compensation to the United States for the delay in its being able to foreclose on the vessels.").

13       If *In re Marine Power Equipment Co., Inc.,* 71 B.R. 925, torpedo all the machineguns that

14  propelled the Court down the path of infamy, then surely the coupling of the following opinions end

15  all doubt as to the irrationality, and illegality and vivid invalidity of the "stay." *Wadsworth v.*

16  *Talmage,* 911 F.3d 994, 998 (9th Cir. 2018) ("See In re Leitner , 236 B.R. 420, 424 (Bankr. D. Kan.

17  1999) ("[U]nder the majority state law rule, *a constructive trust arises **at the time of the occurrence***

18  *of the events giving rise to the duty to reconvey the property*, **not at the date of final judgment**

19  declaring the trust ...")") *In re Leitner*, 236 B.R. 420, 424 (Bankr. D. Kan. 1999) ("Under state

20  constructive trust law generally, if a wrongdoer obtains property by fraud or other improper means,

21  a court can impose a constructive trust to protect the injured party. Constructive trust is a legal

22  fiction that adopts the analogy of a trust and declares that a beneficiary owns an equitable interest in

23  property. The constructive trust imposes a duty on the trustee to hold the equitable property interest

24  in trust for its owner, the beneficiary.")

25       The opinion goes on to  establish that it is on all with the Plaintiffs' matter.

26

1    "But when a debtor has not been declared a constructive trustee before filing a

2    petition in bankruptcy, there is a problem. The problem involves the status of

3    state law on when a constructive trust becomes effective. The majority rule on

4    this question is announced by the Pennsylvania bankruptcy court in Electric M

5    R, Inc. v. Aultman: "Although a constructive trust may not be judicially decreed

6    until many years subsequent to the transaction giving rise to the trust, the

7    accepted theory is that the constructive trust is in existence at the inception of

8    the transaction, . . . and the beneficiary is possessed with an equitable interest

9    in the trust property prior to the declaration of the constructive trust." Thus,

10   under the majority state law rule, a constructive trust arises at the time of the

11   occurrence of the events giving rise to the duty to reconvey the property, not at

12   the date of final judgment declaring the trust as Omegas held." *In re Leitner,*

13   236 B.R. 420, 424 (Bankr. D. Kan. 1999)

14       The Judgment was never stayed and leave from stay was unconditional; Younger doctrine,

15   Barton Doctrine, Comity, First Jurisdiction-Exclusive Jurisdiction, all prohibit this Court from

16   interfering from state Court proceedings.   The Court, without regard for the plaintiff's Due Process

17   rights under the Constitution, not only damaged my property rights but also sanctioned me and

18   imposed punitive damages in favor of the wrongdoer.

19       Principles like Younger abstention, comity, and jurisdiction dictate that the Court should

20   refrain from controlling assets, especially those not part of the estate. The reasons behind the Court's

21   unapologetic actions remain unclear at this time, but it may become apparent in the future. Acting as

22   a collection agent for the opposing party on February 13, 2024, and triggering a Hobbs Act allegation

23   against itself is not something the Court should be proud of.

24       The Plaintiff could continue expressing concerns, but it seems futile as the Court has shown

25   no remorse for causing as much distress as it has caused.  This Court was expressly told that the

26

1 │ results of the Judgment would upend to goals of bankruptcy law when leave was sought in 2020 (see

2 │ Ex. A).  The Court said it read the Motion before granting it; and no

3 │     Uncertainty remains whether the District Court will remand the primary case back to 1668 or

4 │ another bankruptcy court for further proceedings. Questionable actions by the Court, particularly after

5 │ the Appeal of Brief (AOB) but before the Appellee's Response Brief (ARB), have raised doubts about

6 │ the Court's fairness.

7 │     The Court's unconventional behavior, such as not following its own procedures (e.g., using

8 │ the required form for relief from the automatic stay) and expecting the plaintiff to be well-versed in

9 │ legal details, is perplexing. Mr. Bhola's writings reveal a violation of the Hobbs Act when, on

10 │ February 13, 2024, the Court initiated discussions about the sanctions it had imposed for contempt.

11 │     Such actions by the Court give the impression of bias. The concerns expressed by my attorney

12 │ regarding fair treatment by the Court are justified. Nonetheless, the Plaintiff believes that the

13 │ overwhelming evidence of wrongdoing and fraud is so compelling that no court could overlook it.

14 │ **<u>CONCLUSION</u>**

15 │     The "stay" matter will be decided by the District Court at that Courts' choosing. The

16 │ suspension of a order pending appeal (i.e. the Order of October 17, 2023, reinstating a stay that was

17 │ lifted without restriction is an issue on appeal; its enforcement, by this Court, is extreme departure

18 │ from this Courts' position that matters on appeal are not enforceable)(it certainly shows dealing by

19 │ the Court from under the deck).  The Court has never factored the applicability of §362(e)(1) into its

20 │ analysis ("analysis" that has never exceeded: "its frivolous on its face."). Most probably as the

21 │ congressional limitation of its powers to fashion a stay as to the Properties is nonexistent in face of

22 │ binding authority (that the Court has expressed on occasion that it does not observe)(i.e in respect to

23 │ the §327 disclosure requirements for employment and at the hearing on removal of the DIP for

24 │ exceeding the debt limit of Subchapter V).

25 │

26 │

1         The District Court has at times rebuked Mr. Bhola for suggesting that the objectivity,

2    fairness, bias, and prejudice of this Court are more apparent than the midday sun. Concerns

3    regarding sincerity and evidence-based evaluations have been validated.

4         "Frivolous on its face" is an unintelligible form of analysis.

5         The Court must impartially evaluate the evidence before favoring any party. The Court's

6    actions have been illogical and may lead to unaddressed damages, particularly considering the

7    Mazganis' financial difficulties outside of the funds held by the Debtor. Despite the potential

8    discomfort, the Plaintiff requests the case to be reactivated and progressed towards a resolution.

9         The plaintiff is unwilling to fund  both sides of the legal dispute. The proof of theft,

10   continuous rental skimming, and acknowledgment of wrongdoing by the Debtor are so compelling

11   and vivid that no court can disregard them or the Statement of Decision from December 7, 2022,

12   which was never challenged on appeal.  Further making the acts of the Court unpalatable is that in

13   2020, in the Motion that the Court stated was read, it is stated that the results of the leave may be

14   that the properties would be lost and extinguished from the Estate (See Ex. A); the Court granted

15   the Motion and now has second thoughts.  Courts' cannot have second doubts that prejudice the

16   constitutional rights of litigants.

17                         Respectfully Submitted:

18

19   Dated: February 29, 2024          by: _____

20                               Kevin  Moda

21

22

23

24

25

26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**18324 Clark St #310, Tarzana CA 91356**
A true and correct copy of the foregoing document entitled (*specify*):
**STATUS REPORT RE SUPERIOR COURT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _2-29-2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Naznin Mazgani, mazganilaw@gmail.com

                                                                          Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                                                          Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _2-29-2024_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell                          kevin moda at moda@msn.com
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1660,
Los Angeles, CA 90012

                                                                          Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

☐

| | | |
|---|---|---|
| 2-29-2024 | Luigi Interlandi | _signature_ |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "A"

but also prejudices the creditors and annihilates the fiduciary duty she owes to the creditors of the Estate. *In re McConville* (9th Cir. 1997) 110 F.3d 47, 50.

The waste occasioned by any delay in resolving the issues is severely and irremediably prejudicial to Mr. Moda as the Mazganis have liquidated and dispersed all of what apparently remained of his cash that was entrusted to the Debtor and the two properties are the last two remaining assets of Mr. Moda that he will reclaim in state court. The conduct of the Mazganis both pre-litigation during litigation prepetition in the gap period and post-order granting relief are all conduct that militate if not mandate relief from the Stay and abstention in deference to speedy resolution of the matter in the State Court. 11 USCA § 1301(c)(3).

## THE COURT SHOULD ORDER THAT THE STATE ACTION BE REMANDED

28 USCA § 1452, § 1447(c) (general remand) provides the Court with authority to remand an action removed to this Court. As articulated above all required grounds for remand are present in this case. Equitable grounds exist justifying remand of any adversary proceeding removing the State Court Action under 28 USCA § 1452(b): effect of action on administration of Debtor's bankruptcy case; extent to which state-law issues predominate; whether action is 'core' or 'non-core'; whether the action involves state-law issues; degree of relatedness between the action and the bankruptcy court; comity; existence of rights to jury trial; judicial economy; possibility of inconsistent results; prejudice to party involuntary removed from state court; whether state court has entered partial-fraud-induced-judgment in the action. *Federal Home Loan Bank of Chicago v. Banc of America Securities LLC* (C.D. Cal. 2011) 448 B.R. 517, 525.

Every factor that present weighs heavily in favor of remanding the matter back to state court for adjudication. Granting of leave from the automatic stay is

**KEVIN MODA'S MOTION TO REMAND TO STATE COURT FOR FURTHER PROCEEDINGS-33**

1  itself a "remand" motion as the Court is relinquishing control over some or all

2  aspects of the estate. *In re Mellor* (9th Cir. BAP 1983) 31 B.R. 151, 154, *rev'd on*

3  *other grounds,* (9th Cir. 1984) 734 F.2d 1396.

4  <u>**CONCLUSION**</u>

5      The State Court has been presiding over the matter since 2016. The State

6  Court has before it issues that are unamenable to the jurisdiction of this Court. The

7  matters before the State Court are not core proceedings. The State Court proceeding

8  involves California law issues which predominate over any bankruptcy issues and a

9  jury trial has been requested.

10      The numerosity of the pending and on complied with Orders of the State

11  Court will tax this Court to contend with and learn anew. The current judge

12  presiding over the State Court Action is not the one that was presiding over the

13  case in the beginning. However, the current judge benefits from the copious judicial

14  notes that are maintained for judicial eyes only.

15      Further, discretionary as well as the mandatory abstention grounds exists in

16  this case. The body of authority that compels a just resolution of the disputes  favors

17  abstention in favor of the existing State Court proceeding.

18      In sum, the Court should grant leave from the automatic stay, abstain from

19  adjudicating any portion of the State Action and remand the matter back to State

20  Court. 28 USCA § 1452.

21

22          Respectfully submitted,

23  Dated: August 7, 2020

24

25  By _____

26      Kevin Moda

27

28

**KEVIN MODA'S MOTION TO REMAND TO STATE COURT FOR FURTHER
PROCEEDINGS-34**

ER-515

1 | Nazanin Mazgani, Esq. (SBN 270258)
2 | Law Offices of Nazanin Mazgani
  | 10954 Massachusetts Avenue
3 | Los Angeles, CA 90024
  | Phone: (310)892-0820
4 | Email: mazganilaw@gmail.com

**FILED & ENTERED**

**JUN 04 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier       DEPUTY CLERK

5 | Attorney for Defendant/Debtor in Adversary Proceedings,
  | MAHVASH MAZGANI
6 |

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9 |

10 | In re:

11 | MAHVASH MAZGANI,

12 |

13 |         Debtor and Debtor in Possession.

14 | ————————————————

15 | KEVIN MODA,

16 |         Plaintiff,

17 |     v.

18 | MAHVASH MAZGANI,

19 |         Defendant.

20 | ————————————————

Case No. 2:19-bk-21655-BR

Adv. No. 2:20-ap-01637-BR

Chapter 11

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO ATTEND STATUS CONFERENCE**

Date:       August 6, 2024
Time:       10:00 a.m.
Courtroom:  1668

21 |
22 |
23 |         On March 12, 2024, a Status Conference was held in the above-captioned adversary case.
24 | Plaintiff Kevin Moda ("Plaintiff") appeared in pro per and Nazanin Mazgani appeared for
25 | Defendant Mahvash Mazgani ("Defendant").  The Court continued the Status Conference on the
26 | record to June 4, 2024.
27 |         Plaintiff did not file a Status Report.  Defendant timely filed a Unilateral Status Report on
28 | May 21, 2024 [Adv. Doc. No. 76].

**ER-516**

On June 4, 2024, the continued Status Conference was held.  Plaintiff Kevin Moda did not appear and James R. Selth specially appeared for Nazanin Mazgani for Defendant Mahvash Mazgani ("Defendant").

**IT IS HEREBY ORDERED** that Kevin Moda appear in Courtroom 1668 of this Court on August 6, 2024 at 10:00 a.m., to show cause, if he has any, why this adversary case should not be dismissed for his failure to file a Status Report and appear at the Status Conference on June 4, 2024.

**IT IS FURTHER ORDERED** that Kevin Moda shall file any Response to this Order to Show Cause no later than July 23, 2024.  Any Reply by Defendant shall be filed no later than July 30, 2024.

# # #

Date: June 4, 2024

Barry Russell
United States Bankruptcy Judge

**ER-517**

-2-

```
1                  UNITED STATES BANKRUPTCY COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3                           --oOo--

4   In Re:                      )  Case No. 2:19-bk-21655-BR
                                )
5   MAHVASH MAZGANI,            )  Chapter 11
                                )
6           Debtor.             )  Los Angeles, California
    _____)  Tuesday, June 4, 2024
7                               )  10:00 a.m.
    MODA,                       )
8                               )
            Plaintiff,          )
9                               )
    vs.                         )  Adv. No. 2:20-ap-01637-BR
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____)

13                              CONT'D STATUS CONFERENCE RE
                                SUBCHAPTER V CHAPTER 11 CASE
14
                                CONT'D HRG. RE DEBTOR'S MOTION
15                              FOR ORDER DISALLOWING CLAIM
                                NO. 15 HOWARD KAPP
16
                                CONT'D STATUS CONFERENCE RE
17                              COMPLAINT FOR:
                                NONDISCHARGEABILITY OF DEBT
18                              PURSUANT TO:
                                11 U.S.C SECTION 523(a)(2)(A)
19                              11 U.S.C SECTION 523(a)(4)
                                11 U.S.C SECTION 523(a)(6)
20
                                DENIAL OF DISCHARGE PURSUANT
21                              TO:
                                11 U.S.C SECTION 727(a)(2)
22                              11 U.S.C SECTION 727(a)(3)
                                11 U.S.C SECTION 727(a)(4)
23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```

ii

```
 1                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BARRY RUSSELL
 2                UNITED STATES BANKRUPTCY JUDGE

 3  APPEARANCES:

 4  For Trustee:                 GREGORY JONES, PRO SE.
                                 Stradling Yocca Carlson &
 5                               Rauth
                                 10100 N. Santa Monica
 6                               Suite 1400
                                 Los Angeles, California
 7                                90067

 8  For the Debtor:             JAMES R. SELTH, ESQ.
                                 Weintraub Zolkin Talerico &
 9                                Selth LLP
                                 11766 Wilshire Boulevard
10                               Suite 730
                                 Los Angeles, California 90025
11                               (310) 207-1494

12  Court Recorder:             Wanda Toliver
                                 United States Bankruptcy Court
13                               Edward R. Roybal Federal
                                  Building
14                               255 East Temple Street
                                 Los Angeles, California 90012
15
    Transcriber:                Chloe Meghan
16                               Echo Reporting, Inc.
                                 9711 Cactus Street
17                               Suite B
                                 Lakeside, CA 92040
18                               (858) 453-7590

19

20

21

22

23

24

25
```

*Echo Reporting, Inc.*

1

1   LOS ANGELES, CALIFORNIA  TUESDAY, JUNE 4, 2024  10:00 A.M.

2                          --oOo--

3       (Call to order of the Court.)

4            THE CLERK:  Number 40, 41, and 42, Mazgani.

5            THE COURT:  Well, unfortunately, I see just you

6   and me.

7            MR. SELTH:  Good morning, your Honor.  James Selth

8   on behalf of the Debtor in, I think it's 40 and 42,

9   specially appearing for Nazanin Mazgani on 41.

10           THE COURT:  This is particularly disturbing.  I

11  mean, I remember last time -- I think it was last time, Mr.

12  Moda appeared, wandered in about 15, 20 minutes late.  And

13  now there's no appearance.

14           MR. SELTH:  Well, you know, at the Chapter 11

15  status conference, he can appear if he wants, but for the

16  adversary status conference, he's the Plaintiff.

17           THE COURT:  He's the Plaintiff.

18           MR. SELTH:  He didn't appear.  And I would request

19  that the -- an OSC re dismissal of the adversary be set for

20  his failure to appear today.

21           THE COURT:  Well, and then we have Mr. Jones,

22  would say, oh -- as far as the chapter -- the trustees that

23  are sort of in the middle of all this.  I always allow them

24  to save time and effort and so forth to be on -- I see Mr.

25  Jones on Zoom.  I don't know.  Do you have any thoughts

*Echo Reporting, Inc.*

**ER-520**

2

1 about what's --

2         MR. JONES (via Zoom):  Well, thank you, your

3 Honor.  And thank you for letting me --

4         THE COURT:  On anything we have --

5         MR. JONES:  -- to appear on Zoom.  I appreciate

6 it.  I have not -- I have not heard anything recently from

7 Mr. Moda, and I'm as surprised as Mr. Selth is that he is

8 not complying with any of the Court orders.

9         THE COURT:  To say their status reports and the

10 conduct has been -- to say the least, I don't personally

11 take it personally, but very disrespectful to the system.  I

12 saw the -- you saw the last status report basically saying,

13 the fact that in the deciding unilaterally I've got no

14 jurisdiction, et cetera, et cetera, was --

15         MR. SELTH:  I'd like -- I'd like to address

16 something, your Honor.  That --

17         THE COURT:  Okay.  Well, let me -- I guess I

18 gather you're -- you don't -- nothing else to add other than

19 the obvious, Mr. Jones?

20         MR. JONES:  Sorry.  No.  I have --

21         THE COURT:  Well, of course, the problem -- and I

22 shouldn't say the problem -- is -- sort of not of you're

23 making -- is as far as the plan, I made it pretty clear from

24 day one, that it's basically based on the state court

25 judgment, which is not final yet.  And so I guess there's

3

1   really nothing to talk about as far in that regard.  And

2   you're not really involved at all with the

3   nondischargeability.  So -- anyway, so you -- so, counsel,

4   why don't you tell me you know -- I'm just so curious of

5   what in the world is happening.  They basically -- if I were

6   -- I'm just -- it is just very unusual and I -- even the

7   district court -- of course, the district court is fine.

8   Judge will do whatever he decides to do, but the idea of

9   just observing that they just don't even bother showing up,

10  and basically a total disregard for the system, can't be a

11  good thing.

12          MR. SELTH:  Well, and it's worse than that, your

13  Honor.

14          THE COURT:  Oh, okay.

15          MR. SELTH:  So at four -- that step -- that one

16  half-page status report was filed unsigned by Mr. Bhola --

17          THE COURT:  Right.

18          MR. SELTH:  -- on May --

19          THE COURT:  He doesn't -- I don't know if he ever

20  figured out, over all these months -- to figure out how to

21  sign something when he files it.

22          MR. SELTH:  It was filed at -- on May 23rd at 4:44

23  in the afternoon.  Less than two hours later, Mr. Moda

24  showed up with a locksmith at the Massachusetts property.

25  He broke into the -- a vacant unit.  The police were called.

4

 1  When the police arrived, he showed them the state court

 2  judgment and said, I'm the owner of this property.  And the

 3  police, oh, it sounds like a civil --

 4            THE COURT:  Well, I --

 5            MR. SELTH:  -- sounds like a civil matter.

 6            THE COURT:  I understand, just in general reading

 7  the newspapers as a citizen, that when police get involved

 8  and it's a civil matter, they just back off.  That's just --

 9  and that's a -- from their standpoint, I can certainly

10  understand.

11            MR. SELTH:  This entire altercation was

12  videotaped.  On my request, my clients are having a

13  transcript written --

14            THE COURT:  All right.

15            MR. SELTH:  -- up of it, where the -- where Mr.

16  Moda tells the police officer, "I'm the owner of this

17  property."

18            THE COURT:  Okay.

19            MR. SELTH:  Now, we are facing, as I set forth in

20  the status report --

21            THE COURT:  By the way, let me interrupt you.  I

22  feel so sorry.  I've been reading this -- your status

23  reports about these poor tenants.  If I were the tenants,

24  I'd just get out of there fleeing not knowing what to do.

25  And they just want to have peaceful time in their place.

5

1    MR. SELTH:  So the one tenant who is refusing to

2  pay her rent, the Debtor has -- because she can't afford

3  counsel to -- has filed in pro per an unlawful detainer

4  action.  Guess who's representing the tenant?  Mr. Bhola.

5    THE COURT:  Representing the tenant?

6    MR. SELTH:  In fighting the unlawful detainer,

7  because she hasn't paid rent since --

8    THE COURT:  What am -- what am I missing?  That

9  seems bizarre.

10    MR. SELTH:  It's because Mr. Moda is telling -- I

11  mean, obviously this is all being controlled by Mr. Moda.

12  So --

13    THE COURT:  Wait, wait.  So Mr. Moda -- the Debtor

14  -- Mr. Moda's attorney, Mr. Bhola, is defending against Mr.

15  Moda's action.

16    MR. SELTH:  No. no.  Against the Debtor's unlawful

17  detainer.  The Debtor is trying to evict the tenant who's

18  not paying.

19    THE COURT:  Oh, I'm sorry.  I'm sorry.  I

20  misunderstood.  It didn't make any sense the way I was

21  saying it.

22    MR. SELTH:  Yeah.  And I referenced that --

23    THE COURT:  Okay.  So the Debtor is filed an

24  unlawful detainer.

25    MR. SELTH:  Against the tenant who stopped paying

*Echo Reporting, Inc.*

6

1  rent when Mr. Moda --

2          THE COURT:  And Mr. Bhola represented Moda is

3  defending it?

4          MR. SELTH:  Right.

5          THE COURT:  Well.

6          MR. SELTH:  And Mr. Moda never told -- as your

7  Honor, ordered him on March 21 to take all these remedial

8  actions.

9          THE COURT:  Right, right, right.

10         MR. SELTH:  He has done none of them.  He

11 obviously hasn't paid the sanctions of $1,000 a day.

12         THE COURT:  Well, that's probably over a $100,000

13 now.  What is that?

14         MR. SELTH:  Well, you've got two different ones.

15 The sanctions for the -- against Mr. Moda and Mr. Bhola

16 together are -- Yes, that's 105,000 now.  The sanctions --

17 separate sanctions, Mr. Moda for recording the grant

18 deeds --

19         THE COURT:  Right, right, right.

20         MR. SELTH:  -- telling the tenants that not to pay

21 rent.

22         THE COURT:  Right.

23         MR. SELTH:  And those sanctions are -- well,

24 they're up to -- call it 57 plus 14.

25         THE COURT:  I don't know.  I lost track.

7

1          MR. SELTH:  71,000.  But I want to remind the

2  Court that in the order, the Court said that in the event

3  that Mr. Moda failed to provide proof of the remedial

4  actions --

5          THE COURT:  All right.

6          MR. SELTH: -- by May 25th and/or pay the sanctions,

7  additional punitive measures would be determined by the

8  Court.  It's certainly time for that.  If, your Honor -- I

9  would ask, your Honor let me set an OSC re further --

10          THE COURT:  Yes.  Why don't you do that?  I have

11  -- I really -- remember I asked Mr. Bhola some time ago

12  about what are you doing about this?  This was -- I don't

13  know if it was the last hearing or the one before, about the

14  sanctions you're talking about.  And he just kind of

15  shrugged his shoulders and he really didn't have an answer.

16  But now let me ask you, because -- and I remember the -- his

17  appeal of the sanction order, it was late, so --

18          MR. SELTH:  Correct.

19          THE COURT:  So that's -- he's -- and I don't know

20  if he appreciates the fact that the very order holding in

21  contempt is final.

22          MR. SELTH:  It is.

23          THE COURT:  And so I'm not sure where -- what

24  their strategy is in all this.  I guess you don't talk at

25  all.  Do you have any conversations?

8

 1          MR. SELTH:  No.  So I referenced there's a new
 2  lawsuit that's been filed in the district court by the,
 3  quote, "Owner of the property," Dr. Aslan (phonetic) who
 4  Moda transferred the grant deed to.
 5          THE COURT:  Yeah.  The doctor who apparently --
 6  yes.
 7          MR. SELTH:  Plastic surgeon in Ankara, Turkey.
 8          THE COURT:  Right, right, right, right.
 9          MR. SELTH:  And --
10          THE COURT:  Supposedly it was for -- as I recall,
11  that he transferred it to him to pay off medical expenses.
12  Is that -- I think I read that.  I must have read that
13  somewhere.
14          MR. SELTH:  Yeah, I think so.  Represented by Mr.
15  Bhola.
16          THE COURT:  Yeah.
17          MR. SELTH:  All the pleadings are obviously
18  written by Mr. Moda.  They have the same classic --
19  classic --
20          THE COURT:  Is that before the same judge?
21          MR. SELTH:  It was moved before the same judge.
22          THE COURT:  Well, I hope so, because --
23          MR. SELTH:  However -- and the lawsuit is against
24  the Debtor's daughters and another tenant who's since moved
25  away.  They've added another tenant who's deceased.  And

9

1  yesterday, Mr. Bhola wrote to Nazanin Mazgani and said, I'm

2  going to add your mother, the Debtor, to this lawsuit.  Now,

3  suing the Debtor in this lawsuit is to evict and get a

4  receiver --

5          THE COURT:  It's kind -- kind of a violation of

6  the automatic stay, I would assume.  But anyway.

7          MR. SELTH:  It is.  And this -- it's a -- and a

8  matter of suing the Debtor in district court is a violation

9  of the stay, just like suing a Debtor in the superior court.

10         THE COURT:  Oh, any suing anywhere.

11         MR. SELTH:  But I -- and I think I need to bring

12  that to this court, first, because it is a violation, but

13  it's just yet another, so --

14         THE COURT:  Well, I'll leave it at -- I'll leave

15  it at this.  The stay is somewhat bizarre in my -- in my

16  view, but fortunately, it's a very fine district court judge

17  that will, you know, I'll abide whatever, obviously, any

18  rulings of the district court.  But will -- but what -- but

19  speaking of that, I don't really keep track of what -- I

20  remember there was an appeal --

21         MR. SELTH:  There were three --

22         THE COURT:  Well, the one was seen on its face as

23  frivolous, as they wanted to --

24         MR. SELTH:  Right.

25         THE COURT:  One was that just in hiring counsel

*Echo Reporting, Inc.*

**ER-528**

10

1 was one of the appeals, which is -- which --

2            MR. SELTH:  There were three --

3            THE COURT:  -- not even awarding fees for the

4 attorney, just hiring counsel seemed to be a frivolous

5 appeal.  The other one was recouping all the money for fees.

6 That was two.  And I -- is there a third one?

7            MR. SELTH:  Oh, the third one was when, your

8 Honor, when they tried to get sanctions against me.

9            THE COURT:  Oh, that was for violation of the

10 stay, I remember.

11            MR. SELTH:  For appealing the case.  So they filed

12 that, and then they filed in the state court, a notice of

13 stay saying that the bankruptcy court had ruled that the

14 appeal was stayed.  I mean, which -- so this appellate

15 counsel has filed a motion for sanctions and to have him

16 referred to the state --

17            THE COURT:  Well, I mean, I stayed the appeal.

18            MR. SELTH:  That's what Mr. Bhola filed in the

19 State Court of Appeals.  That -- in other words, saying that

20 you did the exact thing you did not do.

21            THE COURT:  Well, I imagine they might be doing a

22 little sanctions themselves, if that's accurate.

23            MR. SELTH:  Indeed.

24            THE COURT:  Well, in any case, that's obviously

25 not something I will decide.

11

1          MR. SELTH:  So, we have --

2          THE COURT:  So, is anything about to be ruled on

3   by the district court, or what's the -- what's the status?

4          MR. SELTH:  No.  The district court has -- I think

5   you saw the order that I attached to the status court, where

6   the district court denied -- he said, what he called the

7   third frivolous motion.  And that he said Mr. Bhola and Moda

8   could not set any matters for hearing, that anything would

9   be filed and he would decide to set for hearing.  He's

10  filed --

11         THE COURT:  Well, that's --

12         MR. SELTH:  He's filed three more.

13         THE COURT:  Well, that is for a vexatious litigant

14  type of order.  I mean, that essentially that's what that

15  is.

16         MR. SELTH:  None of them have been set for

17  hearing.  After the first motion wasn't set for hearing,

18  this one is a real --

19         THE COURT:  Well, I can't wait.  I think I've lost

20  my patience some time ago, but certainly the district court

21  is about to, I have a feeling.

22         MR. SELTH:  The second motion at -- said that

23  Judge Shu (phonetic) didn't have the bankruptcy experience

24  to be handling this compared to judge -- they have a chart.

25  Judge Carter had X number of bankruptcy appeals.

12

1                THE COURT:  Oh, you got to be kidding.  He did

2    that?

3                MR. SELTH:  Then he -- and then also said --

4                THE COURT:  I'm sure that went well with the

5    Judge.

6                MR. SELTH:  It also said that the magistrate judge

7    would -- was probably in a better position to rule because

8    Judge Shu wasn't.

9                THE COURT:  That is ludicrous.  That's --

10               MR. SELTH:  And that -- I know.  It's --

11               THE COURT:  Talk about an insulting -- that's --

12               MR. SELTH:  It's remarkable.  It's --

13               THE COURT:  And that -- you know, that's amazing.

14               MR. SELTH:  If you read that motion, you were --

15   your mouth --

16               THE COURT:  I would say if I were a district

17   judge, I think I wouldn't be too happy with that one.

18               MR. SELTH:  None of them have been set for

19   hearing.

20               THE COURT:  Well, those motions.  But what about

21   the actual appeals?

22               MR. SELTH:  The first appeal is fully briefed.

23   The judge has not ruled on it or said oral argument.  And in

24   my experience has been that they don't set oral argument.

25               THE COURT:  Yeah.  Normally, you get an order

13

1  saying no one's requested for the oral argument.  And that's

2  usual in the district court.

3          MR. SELTH:  That's the -- that's the oldest appeal

4  that had three orders.  There are two -- the other two

5  appeals have -- there's been no briefing yet.

6          THE COURT:  And what about those motions?  I mean,

7  they are bizarre, what you just described, so --

8          MR. SELTH:  But getting back to what's important

9  here is, can your Honor give me a date that I can issue an

10 -- set for an order show cause why Moda should not --

11         THE COURT:  Well, normally, you would file it, and

12 then we would set a date without -- see, I'm asking actually

13 the person that knows better.

14         MR. SELTH:  I could do it, but your Honor can sua

15 sponte set an order to show cause.

16         THE COURT:  Well, actually --

17         MR. SELTH:  Because he hasn't complied.

18         THE COURT:  Well, I -- yeah.  Right.  You've

19 described it, why don't you prepare the order to show cause.

20         MR. SELTH:  And leave the date blank?

21         THE COURT:  And -- or well, we can check right now

22 if we have one.  It depends when you can -- when you can get

23 the order.

24         MR. SELTH:  Well, today I'll get it lodged.

25         THE COURT:  Oh, okay.  So then --

14

1    THE CLERK:  I would like to -- go further -- in

2  August to the date.

3    THE COURT:  Okay.  Maybe -- we don't have anything

4  else set, do we?  In this case?

5    MR. SELTH:  No.  No.  No dates set.

6    THE CLERK:  So we have August 6th at 10:00.

7    THE COURT:  Okay.  August 6th at 10:00 then.

8    MR. SELTH:  Okay.

9    THE COURT:  And again, these will all be in-person

10 hearings just because of the very nature.  Now, that one, if

11 they don't show up, then I guess they don't show up.  But

12 it's just amazing they just basically ignore -- this isn't

13 -- and I could -- an OSC by the way, I want you to also, for

14 why I should not dismiss the adversary proceeding for lack

15 of prosecution, for fail to appear at the status conference.

16    MR. SELTH:  That should be filed separately in the

17 adversary case.

18    THE COURT:  Yes, yes, yes.  You're right.

19    MR. SELTH:  Separate OSC --

20    THE COURT:  No, but that's the -- it's one thing

21 to not show up for the status on the case, but to not show

22 up as a plaintiff in an adversary proceeding, that's cause

23 for telling me that they don't want to pursue it.  So

24 they're going to have to file a response to -- on the local

25 rules to that as why I should not just dismiss the complaint

15

1  for failure -- for lack of prosecutions, for failure to

2  appear at the status conference.

3          MR. SELTH:  Okay.  So same date and time for that

4  one?

5          THE COURT:  Yes.  Oh, yes.

6          MR. SELTH:  This status conference --

7          THE COURT:  Well, let me stop you for -- if you

8  let -- you can -- you're welcome to stay, but nobody else is

9  here, so do what you want to do, but thank you for coming.

10         UNIDENTIFIED SPEAKER:  I'll wait, just in case.

11         MR. SELTH:  Always appreciated.  So we have a

12 status conference today to be continued out.  We have the

13 status conference on the objection to CAP claim to be

14 continued out.  And I suppose the status conference on the

15 adversary that --

16         THE COURT:  Oh, yes.  On the same date.

17         MR. SELTH:  You want them that quickly?  August --

18 status -- all of them on that date?

19         THE COURT:  And by the way, they did file a -- I

20 don't know if that qualifies as a status conference on the

21 complaint, but I'll leave it at that.  But, so anyway, I'll

22 see -- I'll just see you back.  So we have the, what was --

23 August 6th, as I recall?

24         THE CLERK:  At 10:00.

25         THE COURT:  At 10:00.

*Echo Reporting, Inc.*

ER-534

16

1          MR. SELTH:  All the hearings -- all the status

2  conferences from today, August 6th, plus the two OSCs?

3          THE COURT:  Yes.

4          MR. SELTH:  Very good.

5          THE COURT:  Okay.

6          MR. SELTH:  Thank you, your Honor.

7          THE COURT:  Thank you.  Have a good day.

8          MR. JONES:  Thank you.

9          THE COURT:  Okay.

10      (Proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

17

1

2        I certify that the foregoing is a correct

3   transcript from the electronic sound recording of the

4   proceedings in the above-entitled matter.

5

6   /s/Chloe Meghan_____        7/9/2024_____
    Transcriber                           Date
7
    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
8

9   /s/L.L. Francisco_____
    L.L. Francisco, President
10  Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-536**

1                  UNITED STATES BANKRUPTCY COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3                            --oOo--

4   In Re:                    )  Case No. 2:19-bk-21655-BR
                              )
5   MAHVASH MAZGANI,          )  Chapter 11
                              )
6        Debtor.              )  Los Angeles, California
    _____)  Tuesday, August 6, 2024
7                             )  10:00 a.m.
    MODA,                     )
8                             )
         Plaintiff,           )
9                             )
    vs.                       )  No. 2:20-ap-01637-BR
10                            )
    MAZGANI,                  )
11                            )
         Defendant.           )
12  _____)

13                           CONT'D STATUS CONFERENCE RE
                             SUBCHAPTER V CHAPTER 11 CASE
14
                             ORDER TO SHOW CAUSE WHY
15                           ADDITIONAL PUNITIVE MEASURES
                             SHOULD NOT BE IMPOSED ON KEVIN
16                           MODA FOR HIS FAILURE TO
                             REMEDIATE HIS ACTIONS TAKEN IN
17                           VIOLATION OF THE AUTOMATIC
                             STAY
18
                             CONT'D HRG. RE DEBTOR'S MOTION
19                           FOR ORDER DISALLOWING CLAIM
                             NO. 15
20
                             HRG. RE DEBTOR'S MOTION FOR
21                           DAMAGES AND SANCTIONS AGAINST
                             KEVIN MODA AND VIP BHOLA FOR
22                           FILING OF FRIVOLOUS MOTION TO
                             CONVERT OR DISMISS CASE
23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

*Echo Reporting, Inc.*

**ER-537**

ii

1                                  ORDER TO SHOW CAUSE WHY
                                   COMPLAINT SHOULD NOT BE
2                                  DISMISSED FOR PLAINTIFF'S
                                   FAILURE TO ATTEND STATUS
3                                  CONFERENCE

4                                  CONT'D STATUS CONFERENCE RE
                                   COMPLAINT FOR:
5                                  NONDISCHARGEABILITY OF DEBT
                                   PURSUANT TO:
6                                  11 U.S.C. SECTION 523(A)(2)(A)
                                   11 U.S.C. SECTION 523(A)(4)
7                                  11 U.S.C. SECTION 523(A)(6)

8                                  DENIAL OF DISCHARGE PURSUANT
                                   TO:
9                                  11 U.S.C. SECTION 727(A)(2)
                                   11 U.S.C. SECTION 727(A)(3)
10                                 11 U.S.C. SECTION 727(A)(4)

11               TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE BARRY RUSSELL
12             UNITED STATES BANKRUPTCY JUDGE

13
     APPEARANCES:
14
     For the Debtor:              JAMES R. SELTH, ESQ.
15                                Weintraub Zolkin Talerico
                                    & Selth, LLP
16                                11766 Wilshire Boulevard
                                  Suite 450
17                                Los Angeles, California 90025
                                  (310) 207-1494
18
                                  NAZANIN MAZGANI, ESQ.
19                                Law Offices of Nazanin Mazgani
                                  10954 Massachusetts Avenue
20                                Los Angeles, California 90024
                                  (424) 256-0095
21
     Subchapter V Trustee:        GREG JONES, ESQ.
22                                Stradling, Yocca, Carlson &
                                    Rauth
23                                10100 North Santa Monica
                                    Boulevard
24                                Suite 1400
                                  Los Angeles, California 90067
25                                (424) 214-7044

iii

APPEARANCES:   (Con'd.)

For Kevin Moda:                    KEVIN MODA, Pro Se
                                   18324 Clark Street
                                   Suite 324
                                   Tarzana, California 91356

Court Recorder:                    Wanda Toliver
                                   United States Bankruptcy Court
                                   Edward R. Roybal Federal
                                     Building
                                   255 East Temple Street
                                   Los Angeles, California 90012

Transcriber:                       Jordan Keilty
                                   Echo Reporting, Inc.
                                   9711 Cactus Street, Suite B
                                   Lakeside, California 92040
                                   (858) 453-7590

1

1  LOS ANGELES, CALIFORNIA TUESDAY, AUGUST 6, 2024 10:00 A.M.

2                          --oOo--

3      (Call to order of the Court.)

4           THE CLERK:  Mazgani.

5           MR. SELTH:  Good morning, your Honor.  James Selth

6  on behalf of the Debtor on all -- all matters.

7           MS. MAZGANI:  Good morning, your Honor.  Nazanin

8  Mazgani appearing on behalf of Mahvash Mazgani in the

9  adversary proceeding.

10          THE COURT:  All right.

11          MR. JONES:  Good morning, your Honor.  Greg Jones,

12  Subchapter V Trustee.

13          THE COURT:  I was going to ask you, Mr. Jones,

14  you're here for a couple of things.  But, anyway, anything

15  to say about all this, a number of things?

16          MR. JONES:  There's -- there's a number of things

17  going on, and I think just the -- the lack of response to

18  the prior orders of this Court is troubling.  I mean, I

19  think I'm understating it there.  So --

20          THE COURT:  You're definitely right.  We did get,

21  by the way -- I, of course, never speak to people on the

22  phone about the case.  My staff got a call from Mr. Bhola,

23  had a very interesting conversation.  He related that --

24  that -- I'm not sure he really understands what's happening

25  on calendar, but he says he's no longer counsel.  There's

2

1  new counsel.  And, again, that was related, hearsay

2  obviously, from my -- from my staff, and that he doesn't

3  plan on coming.  I'm not sure he understands that he is a

4  party in one of these matters, and then he said and possibly

5  that Mr. Moda might be late because he thinks he's a later

6  time, but that's -- that's double hearsay.  In any case,

7  he's not here, and we are here.

8          I will -- want to make a comment why the motion --

9  the OSC regarding the -- as far as the nondischargeability,

10 it was that OSC.  The problem is that wasn't served on Mr.

11 Moda.  Do you understand -- why don't you come to the podium

12 -- why don't you come to the podium.  That was the -- that

13 was the OSC regarding your case.

14    (Pause to confer.)

15          THE COURT:  Yes.  Yes, why don't you come to the

16 podium.  Yeah.  We have our record here.  So, Mr. Moda

17 represents himself in that, right?  It should not be a

18 problem for him, but he represents himself, and he was never

19 served with that OSC, at least our record.  You are

20 required, as you know, to file a -- a proof of service.  And

21 at least as far as that, I'm amazed because that's what

22 really this case is all about quite frankly is the -- is the

23 -- is the nondischargeability complaint by Mr. Moda.  I was

24 rather amazed that he didn't respond, but now I realize

25 probably why, although he's not here.

3

1           You don't have a proof of service, do you?

2           MS. MAZGANI:  No, your Honor.  I don't have -- I

3   don't have anything with me at the moment unfortunately.

4           THE COURT:  Well, we don't have any record of it.

5   So -- so, that -- the question is I'm -- I'm -- I was

6   startled, quite frankly since this is what this case is all

7   about, that you -- you didn't serve it.

8           So, Stacey, what do you suggest we do?  Far as he

9   -- the -- the OSC, the grounds for it is pretty clear.

10  So --

11          THE CLERK:  You can give her a new date, and she

12  has to --

13          THE COURT:  I think the only --

14          THE CLERK:  -- give notice.

15          THE COURT:  The only way to do it is give you a

16  new date and make sure you actually serve him.  You did

17  serve notice of -- of -- that he didn't respond on him, but

18  that's a bit -- a bit --

19          MS. MAZGANI:  Yes, your Honor.  I guess I -- I

20  guess I --

21          THE COURT:  You missed the --

22          MS. MAZGANI:  I --

23          THE COURT:  -- missed the big game, namely, filing

24  -- actually serving the OSC in the first place, which I'd be

25  startled if he didn't -- he hasn't responded to a lot of

4

1  things, but that one's about what this case is all about

2  from his standpoint, the -- the nondischargeability

3  complaint, but, in any case, so I'll continue --

4         THE CLERK:  So, she's going to have to -- do you

5  want her to do a new order, because --

6         THE COURT:  I think I -- I think I'm going to have

7  to start with a -- a new order.

8         THE CLERK:  Yeah.  That might be --

9         THE COURT:  But -- and I will -- we will -- in

10  that we will just set a -- we will set a date.  Can you tell

11  them the date right now?

12         THE CLERK:  So, just have her upload a new order?

13         THE COURT:  Yeah.

14         THE CLERK:  And then --

15         THE COURT:  Do you have -- do you have the

16  original order, the original OSC?

17         MS. MAZGANI:  Yes, your Honor.

18         THE COURT:  Why don't you -- and I'll give you a

19  date right now for it, but I think we're going to have to

20  start from scratch, a new -- a new order with a new date,

21  and then hopefully you'll serve that one, and we'll -- I

22  assume that he's going to respond, but in any case, do we

23  have a date for that?

24         THE CLERK:  You want to do a date in September?

25         THE COURT:  Okay.

5

1           THE CLERK:  We can do September 24th at 10:00.

2           THE COURT:  Okay.  So, you have to -- have to --

3           MS. MAZGANI:  That's fine.

4           THE COURT:  -- get that done hopefully today or

5    tomorrow at the latest.  So -- I'm sorry.  September?

6           THE CLERK:  24th at 10:00.

7           THE COURT:  Okay.  So, what number is that on the

8    calender?

9           THE CLERK:  This --

10          THE COURT:  I'm not really continuing it.  I'm

11   just --

12          THE CLERK:  Doing a new order.

13          THE COURT:  I guess that I -- I guess -- well, I'm

14   not sure how the record will look.  I'm stating on the

15   record that he didn't get proper service.  So, we're just

16   setting a new date.  I guess that -- is that all we need for

17   the record, Stacey?

18          THE CLERK:  Yeah.  And then she has to put when

19   the response date is and all that stuff.

20          MS. MAZGANI:  I -- I'm sorry, Stacey.  I couldn't

21   hear.

22          THE CLERK:  You'll have to do what's on calendar

23   -- an OSC was on calendar, and then do when the response is

24   due, written opposition.

25          MS. MAZGANI:  Okay.  So, say that this is being

6

1  trailed over to the 24th for non-service?

2          THE COURT:  No.  We're setting a new -- a new --

3          MS. MAZGANI:  It's a new order?  Okay.

4          THE COURT:  It's going to be a new order.

5          MS. MAZGANI:  New order.  Okay.

6          THE COURT:  So, I'm not really --

7          MS. MAZGANI:  Okay.

8          THE COURT:  I'm not really denying it or doing

9  anything with it, but it's one of the oddball things, and

10 I'm not doing anything on the merits of it.  So, if you have

11 any questions after court, you might want to -- want to talk

12 to Stacey here to make sure that you actually get it right.

13         THE CLERK:  I think it's number --

14         THE COURT:  Okay.  So, that's that one --

15         THE CLERK:  -- Number 16 on the calendar.

16         THE COURT:  The next one on the calendar is what

17 -- what number is it?

18         THE CLERK:  That was Number 16.

19         THE COURT:  That was 16.  Then there's also --

20         THE CLERK:  Then you have --

21         THE COURT:  -- your matter, right?

22         MR. SELTH:  Whichever one you're calling, your

23 Honor.

24         THE COURT:  Well, what number on the calendar?  I

25 got lost.

7

1          THE CLERK:  Okay.  So, what you have --

2          THE COURT:  What numbers are these?

3          THE CLERK:  It starts with Number 14.

4          THE COURT:  Okay.  14 is the --

5          THE CLERK:  I mean -- I'm sorry.

6          MR. SELTH:  13.

7          THE CLERK:  13.

8          THE COURT:  13.

9          THE CLERK:  Number 13.

10          MR. SELTH:  13 is the order to show cause re

11 additional punitive measures.

12          THE COURT:  That's right.

13          MR. SELTH:  That was served.

14          THE COURT:  All right.  That -- that was from the

15 last time you and I were here.

16          MR. SELTH:  Right.  And that was served.  I hope

17 you have the proof of service on that one.

18          THE COURT:  Oh, yes, we have the proof of service

19 on that, and the -- and that was -- well, maybe that was

20 just on -- was that just on Mr. Moda?

21          THE CLERK:  This one is just --

22          MR. SELTH:  This particular one is just on Mr.

23 Moda.

24          THE COURT:  Yeah.  Okay.  This particular one.

25 And you have no response, and you have the proof of service

8

1  and --

2         MR. SELTH:  No contact at all.

3         THE COURT:  -- he's -- he's not here.  So, why

4  don't you state for the record -- I know what it is, but

5  just state on the record exactly what you're asking for.

6         MR. SELTH:  We're asking that he be ordered

7  incarcerated until he purges himself of his contempt.

8         THE COURT:  Well --

9         MR. SELTH:  And not -- I'm not talking about

10 payment of sanctions.  I'm talking about the different

11 elements that were set forth that he was ordered to do, the

12 five elements that are set forth in the -- in your order to

13 show cause entered on June 4th.

14        THE COURT:  And, in addition to that, you're

15 asking for money as well I assume?

16        MR. SELTH:  Well, that -- on this particular --

17 yes, he's -- I mean, the sanctions are up to 100 and --

18 whatever it is now, but the monetary sanctions should be --

19 he's in contempt for not paying the sanctions, but I don't

20 believe --

21        THE COURT:  He's simply not going to pay them.

22        MR. SELTH:  Pardon?

23        THE COURT:  He has simply made no --

24        MR. SELTH:  No, he said he's not going to pay

25 them.

9

1          THE COURT:  -- no effort.

2          MR. SELTH:  And, while it would be very nice to

3 have the sanctions paid, we're more concerned with the

4 actual actions that he can take and that he must be ordered

5 -- that he has been ordered to take and he was ordered to

6 pay -- to do that months ago, and he hasn't done any of

7 those things.  And, in fact, as you can see from my status

8 report, he's continued to double down.  He threatened the

9 Debtor's property, the person that she tried to use to lease

10 out an apartment.  He collected rent from another tenant for

11 three months.  He collected the rent, because I -- I think I

12 attached a --

13          THE COURT:  Yes, you did.

14          MR. SELTH:  -- copy of that.  So, not only has he

15 -- has he not done the five actions that the Court ordered

16 him to do in the original order of contempt, he has

17 continued to do more things.  And, of course, he hasn't paid

18 the sanctions either.

19          THE COURT:  Well, on this particular one, he -- he

20 hasn't shown up, but I may -- just to be real sure, have you

21 checked with -- I know there are procedures, of course, in

22 order to actually enforce that.  I know we always -- you

23 know the answer.  You always have to contact the -- the

24 Marshals Office to make sure what -- you know, what they

25 need, and I guess you -- have you done that already?

10

1        MR. SELTH:  No, your Honor.  I have not taken any

2  steps until this Court issued and entered its order.

3        THE COURT:  Well, I haven't decided what to do,

4  but if I do order it, the people that enforce it, of course,

5  are the Marshals Office, and I've done this a couple of

6  times in the past, but you have to check with them to make

7  sure the order complies with what they need --

8        MR. SELTH:  Okay.

9        THE COURT:  -- for protecting them and so forth,

10  and then -- and they -- it's a -- you just have to check

11  with them.  It's fairly standard if you've done it before,

12  but you do have to check with them to make sure that you

13  have everything that they need in order to actually comply.

14    The -- let me do this.  Is that -- what else is on

15  calendar?

16        MR. SELTH:  They have -- we have the motion for

17  sanctions against Mr. Moda and Mr. Bhola for the --

18        THE COURT:  Yeah, that was the one I --

19        MR. SELTH:  -- for the --

20        THE COURT:  -- I thought we were referring to

21  as --

22        MR. SELTH:  -- for the frivolous motion.

23        THE COURT:  -- opposed to -- as opposed to this

24  one.

25        MR. SELTH:  Yeah.

*Echo Reporting, Inc.*

**ER-549**

11

1          THE COURT:  That is number --

2          THE CLERK:  15.

3     (Pause.)

4          MR. SELTH:  Yes, that's Number 15.  No opposition

5    was filed for that either.

6          THE COURT:  Yeah, that's Number 15, and that one

7    surprised me because, again, my -- my staff informed me that

8    he said he's not going to show up because he doesn't have

9    counsel, and I was told by -- for today here that we had --

10   I reminded him that he was a party to that, and I guess that

11   managed to slip his mind, but, again, for the record, what

12   are you asking for there?

13         MR. SELTH:  We're asking for monetary sanctions

14   for filing the fifth -- his fifth motion to convert which

15   this Court deemed as frivolous.

16         THE COURT:  Right.

17         MR. SELTH:  Having -- you know, as your Honor

18   may --

19         THE COURT:  And the amount of money you're asking

20   for?

21         MR. SELTH:  I -- I did not submit a declaration

22   yet because -- through -- through today's hearing.  I'm glad

23   to do so, so --

24         THE COURT:  Okay.  Yes.  Well, I am -- well, yeah,

25   I thought you would have done that before, but that's okay.

12

1 I'm not faulting you, but -- but yes --

2         MR. SELTH:  I was -- you never know what --

3         THE COURT:  -- he's clear -- he's clearly -- he's

4 clearly warranting sanctions.  It's not the first time or

5 last time.  I would like to ask Mr. Bhola to be here because

6 he has something to lose.  I don't know about his financial

7 situation, but at some point when this is all done, are you

8 reporting these to the --

9         MR. SELTH:  Your Honor --

10         THE COURT:  -- District Court and -- and to the

11 State Bar?  They should be aware of all this.  I -- I am,

12 quite frankly, astounded by his -- his conduct.

13         I will mention this.  It occurred to me as far as

14 Mr. Bhola is concerned, to report him to our -- we have a

15 disciplinary procedure, and only a judge can do it, but

16 that's a moot point because he's not a bankruptcy lawyer.

17 So, all it would be is the sanction would be that he can't

18 appear for a certain period of time in the Bankruptcy Court.

19 But he doesn't do it anyway.  That's -- so, but -- but I

20 want to remind you -- I don't know what else he does as far

21 as practice of law in the State Court, Federal Court.  Do

22 you know if he does anything?

23         MR. SELTH:  He -- he does State Court  litigation.

24 I did a -- your Honor, as you know, there's a pending

25 sanctions order that's increasing by $1,000 a day that's --

13

1          THE COURT:  Well, right.  I --

2          MR. SELTH:  It's up to like $186,000.

3          THE COURT:  Right.  It's -- it's a huge number,

4    but I'm -- he doesn't seem to care.

5          MR. SELTH:  And I recorded a lien on his home, and

6    the last I heard, he didn't have the money to -- to

7    refinance and pay off the -- the sanctions order, and I was

8    told that he might -- the house was then going to go into

9    foreclosure.  It's like --

10          THE COURT:  That -- I -- it's unfortunate to hear

11   that, but I figure from your standpoint you'd be doing

12   things, but he -- the -- does he do federal practice all,

13   are you aware of?

14          MR. SELTH:  Only -- so, I actually did a Lexus

15   search to see what kind of cases he had.  I would say half

16   of his cases were either for Mr. Moda or Moda related

17   entities.  His District Court matters, which are the

18   appeals --

19          THE COURT:  Well, of course, it would be, yes.

20          MR. SELTH:  -- they're all for Mr. --

21          THE COURT:  Well, because you do -- again, I'm not

22   suggesting what you do or not do, but there is a procedure

23   in the District Court which anybody can -- can complaint

24   there, and then they have a separate panel as much as we do

25   here, but that's -- could be for anything, but that would

*Echo Reporting, Inc.*

**ER-552**

14

1  probably be a waste of time if he doesn't -- I'm not

2  suggesting you do it or not, but the federal practice, it

3  wouldn't make a difference, but -- but --

4          MR. SELTH:  And I -- I don't know if I mentioned

5  this before.  I was contacted by an investigator for the

6  State Bar based on the first sanctions order that your Honor

7  issued against him.

8          THE COURT:  And I assume you've been sending those

9  to the State Bar.  I don't know, because I don't keep track

10  of this stuff, but -- but over $1,000 I believe -- I'm not

11  sure if the number's still the same -- you have to report it

12  to the State Bar, and I don't know if he has been or not,

13  but --

14          MR. SELTH:  They're aware of it.

15          THE COURT:  Excuse me?

16          MR. SELTH:  They're aware of it.

17          THE COURT:  No, no.  I mean from him.  He's

18  required to -- to do it.

19          Well, okay.  Then I'll have to -- what I'm going

20  to do is I'll continue this hearing at least as far as the

21  matter before me to -- how long will it take you to

22  substantiate the amount of time you spent?

23          MR. SELTH:  Well, I can get a declaration filed

24  within 48 hours.

25          THE COURT:  All right.

15

1          MR. SELTH:  Now that today's concluded.

2          THE COURT:  Okay.  Maybe about 30 days from now,

3 something like that?

4          THE CLERK:  Well, we could do --

5          MR. SELTH:  We can do the same date.

6          THE CLERK:  -- the September 24.

7          THE COURT:  Oh, wait, wait.  Well, we also --

8 right.  We also have this other matter.  Maybe I'll continue

9 it to that same date too, maybe 60 days.

10          MR. SELTH:  What other matter?

11          THE COURT:  Well, the -- the -- the OSC regarding

12 the -- not that you're involved, the --

13          MR. SELTH:  Oh, the adversary?

14          THE COURT:  Yeah, right.  Rather -- there's no --

15 I doubt there'll be any rush because he hasn't responded to

16 the others anyway, but do we have something?  Do they --

17          THE CLERK:  Judge, you did her OSC to September

18 24.

19          THE COURT:  Okay.  All right.

20          THE CLERK:  Do you want me to do that?

21          THE COURT:  The same -- maybe the same date.

22          MR. SELTH:  Okay.  So, I will -- I will file a

23 declaration, and there'll be a final hearing on the amount

24 of sanctions to be ordered, and that will be on September

25 24th.

16

1        THE COURT:  All right.  Okay.  And let me do --
2  I'm going to take a brief recess and see if Mr. Moda makes
3  an appearance.  The only basis for that would be Mr. Bhola
4  saying he's going to -- that Mr. Moda thought it was 10:30.
5  But, in view of the seriousness of -- of what I'm about to
6  order, let me take a brief recess.
7        Excuse me.  Before we do that, Stacey.
8     (Pause to confer with clerk.)
9        THE COURT:  Oh, we still have a -- I forgot.  You
10  always keep me out of trouble.  As far as the status on the
11  Chapter 11 case which --
12        THE CLERK:  And then this was trailing the
13  objection to the claim.
14        THE COURT:  Yeah.  And also -- that's right, and
15  the objection to the claim, which, of course, is based
16  obviously on the outcome of the State Court action.
17        THE CLERK:  And then what do you --
18        THE COURT:  That is the claim by -- by Mr. Moda.
19        MR. SELTH:  Mr. Kapp.
20        THE COURT:  Excuse me?
21        MR. SELTH:  The claim by Mr. Kapp.
22        THE CLERK:  Right.
23        THE COURT:  Oh, now, I'm sorry.
24        THE CLERK:  Mr. Kapp.
25        THE COURT:  Mr. Kapp.  There's too many things.

17

1  You're absolutely right.  That -- that I can't imagine that

2  ever actually -- because I don't think either side wants to

3  be -- spend the time and effort to --

4           MR. SELTH:  Not at this --

5           THE COURT:  -- actually have --

6           MR. SELTH:  Not at this stage of the case.

7           THE COURT:  -- to have a hearing on it, but I

8  don't know that.  But you're right.  There was -- there was

9  that one.

10          THE CLERK:  Then the adversary, are you going to

11 continue that to September 24th at 10:00?

12          THE COURT:  And the same thing with the adversary

13 proceeding.

14          MR. SELTH:  So, the Chapter 11 status conference,

15 I mean --

16          THE COURT:  We're just going to -- that just keeps

17 trailing.  Quite frankly --

18          MR. SELTH:  There's -- I mean --

19          THE COURT:  -- until -- until the State Court

20 action either becomes -- if that -- once that becomes final,

21 it's pretty clear that's not going to be much -- there won't

22 be any case left.

23          MR. SELTH:  I guess I would ask that that status

24 conference, the Chapter 11 and the Kapp status conferences

25 maybe be pushed out a little further than September 24th

*Echo Reporting, Inc.*

18

1  because it's just a new status report every time, basically

2  saying the same --

3          THE COURT:  Well, what I'm going to -- you know

4  what I'm going to do.  Rather than change the date, I'm not

5  going to require a -- a further status report on either of

6  those.  You can report those at the time of the hearing.  I

7  suspect I will -- I will know about that.

8          Well, Mr. Moda, well, you just appeared.  This was

9  a 10:00 o'clock hearing.  I see it's 10:30.  What happened?

10          MR. MODA:  My apologies.  I was told it was at

11  10:30.

12          THE COURT:  You what?

13          MR. MODA:  I was told it was at 10:30.

14          THE COURT:  Well, you get the papers, don't you?

15          MR. MODA:  I get them from counsel who -- and I

16  fired counsel.

17          THE COURT:  Yeah.  Why don't you -- why don't you

18  come to the lectern, because you -- you have not responded

19  to a very serious OSC.  Any -- any response?  I'm talking

20  about one that you -- you keep doing what you're doing as

21  far as your -- your -- the violation of -- of the Court

22  orders, and -- and the -- the Debtor's counsel is asking you

23  to be incarcerated because you simply -- obviously the money

24  hasn't -- sanctions haven't stopped you.  The sanctions are

25  what, almost a couple hundred thousand dollars now?  Are you

19

1  keep -- are you keeping track of that?

2          MR. MODA:  Uh -- quite candidly, your Honor --

3          THE COURT:  No.  I'm asking you, you realize that

4  I don't -- I -- Mr. --

5          MR. MODA:  I --

6          THE COURT:  -- Selth --

7          MR. MODA:  I can address that in this way, and --

8          THE COURT:  Well, there are no appeals pending on

9  that, are there?

10          MR. MODA:  I believe there are, but that's beside

11  the point.  I -- I recognize that sometimes things are above

12  my head, and things need to be addressed by people of

13  appropriate stature with the Court.

14          THE COURT:  I don't know what you just said.  Are

15  you talking about appeals?  What are you talking about,

16  appropriate stature with the Court?  I -- I hear what you

17  said.  I have no idea what -- what that means.

18          MR. MODA:  Well, someone other than me.

19          THE COURT:  Well -- well, the fact is did you file

20  a response to the OSC by Mr. Selth, by the Debtor?

21          MR. MODA:  Which -- which OSC, your Honor?

22          THE COURT:  Well, I'm talking -- well, I already

23  -- by the way, I know you -- I -- the court records indicate

24  the one dealing with a complaint you were not served with

25  that.  That is --

*Echo Reporting, Inc.*

**ER-558**

20

1          MR. MODA:  I apologize.  I -- please.

2          THE COURT:  No, there are two -- there are a

3  couple of OSC's today.  One was by the Debtor's attorney.

4  On that one, their daughter was -- did you get that?

5          MR. MODA:  No, I did not.

6          THE COURT:  Okay.  Well, I know you didn't.  At

7  least the -- and I have continued that.  I'll give you a

8  date right now.  What is that again?

9          THE CLERK:  It's September 24th at 10:00.

10          THE COURT:  September 24th at 10:00, that is a

11  motion that you'll -- you'll get a copy of it, to dismiss

12  the -- the -- what this case from your standpoint, in

13  addition to your claim, is all about, namely, your

14  nondischargeability complaint against the Debtor.  There's

15  an order to show cause why that should not be dismissed, and

16  I was very surprised you didn't respond to that because

17  that's really a great part of what this case is about, but

18  you didn't get it.  You weren't served with it.  So, that

19  one, that's -- that is the new date I just told you.  You'll

20  get served with that.

21          But the other one by Mr. Selth there was an OSC

22  asking you to be incarcerated because you keep -- you keep

23  -- did you respond to that one?

24          MR. MODA:  Your Honor, that's what I was

25  addressing.

21

1            THE COURT:  No, no.  Did you -- did you -- and,

2  Mr. Selth, did he respond?

3            MR. SELTH:  No response.

4            THE COURT:  I know the answer.  It's a rhetorical

5  question.  You haven't responded to it, which tells me -- I

6  -- I have no idea what your finances are, Mr. Moda, but now

7  I haven't kept track, but Mr. Selth tells me it's $1,000 a

8  day.  It's probably close to, you know, a couple of hundred

9  thousand dollars.  It's clear you have no intention to pay

10 that.  You also have -- you keep violating the -- you did

11 read rather straightforward order by the District Court

12 Judge hearing the appeal here basically -- basically saying

13 you were all wrong on all your theories.  You saw that I

14 assume.

15            MR. MODA:  I did.

16            THE COURT:  Right.  And yet you still, according

17 to the papers before me under penalty, you are still

18 violating my orders, and so --

19            MR. MODA:  I -- I don't -- your Honor, I -- your

20 orders to apologize to tenants --

21            THE COURT:  No.  I'm not going to go through --

22 you know exactly what the orders were.

23            MR. MODA:  And to that, your Honor --

24            THE COURT:  You've --

25            MR. MODA:  -- I just ask this.  I've retained

22

1 Duane Morris to represent me, and they've asked for a brief

2 continuance to address all the issues.

3          THE COURT:  Well, Mr. Moda, I'm not going to do

4 that.  What I am going to do is you -- you're a bright guy,

5 you know.  You haven't followed orders, but you are a smart

6 guy, and I've been amazed, quite frankly, of the status of

7 this case.  You know, the higher Court has ruled, and -- so,

8 I -- no, I am going to -- it's not going to be today, but I

9 am going to -- I am going to grant their request that you be

10 incarcerated until you comply with the order.  This is not

11 -- you -- you simply refuse to -- to -- you keep -- in fact,

12 why don't you have just a seat just a second.  I guess for

13 the record -- why don't you have a seat, Mr. Moda, right

14 there.

15          Why don't you come -- just for the record, I've

16 read all the papers.  Just so the record's clear, what --

17 what your OSC is -- is asking for, Mr. Moda was served with

18 it.  I'm sure he knows that.  I know it.  But I want you to

19 just state in summary what it -- what you've alleged.

20          MR. SELTH:  What this -- okay.  This Court entered

21 an order on March 20 holding Mr. Moda in contempt for a

22 violation of an automatic stay and ordered him to reverse

23 and remediate the following actions no later than 12:00 noon

24 on March 25th.

25          THE COURT:  Right.

23

1        MR. SELTH:  Specifically, one, record a recision

2  of the grant deed recorded on February 26 for one of the

3  properties.

4        THE COURT:  Right.

5        MR. SELTH:  Number two, record a recision of the

6  grant deed recorded on February 26 for the second property.

7        THE COURT:  Right.

8        MR. SELTH:  Three, deliver to each of Debtor's

9  tenants at the Massachusetts Avenue property a written

10 notice canceling and rescinding the "Notice of Ownership

11 Change".

12       (d) Deliver to each of Debtor's tenants residing

13 at the Massachusetts Avenue property a written notice

14 canceling and rescinding the three-day notice to pay rent or

15 quit.

16       (e) Delivering to each of Debtor's tenants a

17 written notice canceling and rescinding notice to tenants

18 and trespassers.

19       The Court ordered that if those -- proof of those

20 remedial actions were not provided to the Court and Debtor's

21 counsel by 12:00 noon on March 25th, then Mr. Moda is

22 ordered to pay sanctions of $1,000 a day to our -- my office

23 from and after March 25th, 2024 until proof of all the

24 remedial actions is provided.

25       And, finally, the contempt order provided that the

24

1 failure of Mr. Moda to provide proof of the remedial actions

2 set forth above and/or pay the sanctions set forth above may

3 result in additional punitive measures to be determined by

4 the Court.

5          THE COURT:  Right.

6          MR. SELTH:  As I stated before Mr. Moda arrived,

7 none of the remedial actions have been performed.

8          THE COURT:  With the exception -- and I don't

9 know, Mr. Moda, if you have the ability to pay -- with the

10 exception of coming up with the -- the money, which is not

11 important, all the others are very simple.  They could --

12 they could be done today.  They could have -- this was back

13 in early March.  And, so, I'm not going to ask to hear

14 anything further from you.  You've asked for a continuance.

15 I'm not going to grant a continuance.  This is blatantly a

16 problem.  You've appealed to the District Court, and

17 whatever the District Court or higher courts say are fine

18 with me.  You basically have done nothing.

19          So, it's not going to be today, although we do

20 have a Court Security Officer.  I'm not going to have you

21 arrested, incarcerated today.  However, I am going to -- you

22 will prepare an order to that effect.

23          Before you came, Mr. Moda, I asked whenever --

24 whenever the U.S. Marshals are ordered to -- to do anything,

25 I always make sure that it's in compliance with their needs

25

1  and their regulations.  And, so, he's going to check, and --

2  and he's going to prepare an order to -- that is in effect,

3  and then we will see.  That's not going to be today, but,

4  Mr. Moda, you say you have new counsel.  The facts are

5  pretty clear.  That's why I made it clear I -- I wrote that

6  -- or I signed that order.

7          So, just so you know, that's what's going to

8  happen.  You are -- the moment of truth is for you.  You

9  have other counsel, but the facts are with the possible

10 exception of your ability to pay the money, which is a lot

11 of money now, all the other things you could do -- you could

12 have done in March, you could do today, you could do

13 tomorrow.

14         So, we will -- we will see.  You do, of course,

15 under the Local Rules, have seven days to object to the

16 order, but the -- I'm going to -- that's -- I'm not going to

17 hear anything further from you today.  I think you know the

18 seriousness of this, and you know there's nothing left that

19 I can do.  So, I'm not going to continue this, but you can

20 obviously get a copy of the transcript of this.

21         And, by the way, Mr. Bhola called.  I didn't speak

22 to him, of course, but spoke to my staff, and -- and said

23 that the -- that you would maybe be coming around 10:30, and

24 just so happens we had other matters, but I -- that's why I

25 waited a little to -- I didn't know if that was accurate or

26

1  not, but at the time I got the notice, we finished with the

2  others about 25 after 10:00 anyway.  But he also doesn't

3  seem to understand, if you ever talk to him again, that one

4  of these items, that is, the -- the other -- there's another

5  sanction order that -- that has been continued to, what, the

6  25th, to --

7           THE CLERK:  The 24th.

8           THE COURT:  24th of September?

9           THE CLERK:  Yes.

10           THE COURT:  At 10:00, but he'll get -- he'll get

11  notice of that.  So, he seems a little confused as well.

12  So, in any case, that -- that will conclude this hearing.

13  If you should talk to your attorney -- but there are some

14  things you -- you can certainly do between now and the time

15  I sign that order, but if you -- if you don't, unless

16  something extraordinary happens, you're going to be visited

17  by the U.S. Marshals.  So, I hope that doesn't happen, but

18  you've left me with no choice.

19           So, I'm going to -- that concludes this hearing,

20  and I'll see you back, what is it, the 24th of September on

21  the other matters?

22           THE CLERK:  Yes.

23           THE COURT:  All right.

24           THE CLERK:  At 10:00

25           THE COURT:  All right.  Talk to your attorney, Mr.

27

1  Moda.

2          MR. MODA:  I will.

3          THE COURT:  All right.

4          MR. MODA:  Thank you, your Honor.

5          THE COURT:  All right.  That concludes this

6  hearing.

7      (Proceedings concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

28

1          I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4

5    /s/Jordan Keilty                    8/7/2024
     Transcriber                        Date
6

7    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9    /s/L.L. Francisco
     L.L. Francisco, President
10   Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   Nazanin Mazgani, Esq. (SBN 270258)
2   Law Offices of Nazanin Mazgani
    10954 Massachusetts Avenue
3   Los Angeles, CA 90024
    Phone: (310)892-0820
4   Email: mazganilaw@gmail.com

5   Attorney for Defendant/Debtor in Adversary Proceedings,
    MAHVASH MAZGANI
6

FILED & ENTERED

AUG 07 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

7                 **UNITED STATES BANKRUPTCY COURT**

8          **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9

10  In re:                                    Case No. 2:19-bk-21655-BR

11  MAHVASH MAZGANI,                          Adv. No. 2:20-ap-01637-BR

12                                            Chapter 11

13           Debtor and Debtor in Possession.

14  _____          **ORDER TO SHOW CAUSE WHY
                                              COMPLAINT SHOULD NOT BE**
15  KEVIN MODA,                               **DISMISSED FOR PLAINTIFF'S FAILURE
                                              TO ATTEND STATUS CONFERENCE**
16           Plaintiff,

17           v.                               Date:      September 24, 2024
                                              Time:      10:00 a.m.
18  MAHVASH MAZGANI,                          Courtroom: 1668

19           Defendant.

20  _____

21

22

23          On March 12, 2024, a Status Conference was held in the above-captioned adversary case.

24  Plaintiff Kevin Moda ("Plaintiff") appeared in pro per and Nazanin Mazgani appeared for

25  Defendant Mahvash Mazgani ("Defendant").  The Court continued the Status Conference on the

26  record to June 4, 2024.

27          Plaintiff did not file a Status Report.  Defendant timely filed a Unilateral Status Report on

28  May 21, 2024 [Adv. Doc. No. 76].

**ER-568**

On June 4, 2024, the continued Status Conference was held.  Plaintiff Kevin Moda did not appear and James R. Selth specially appeared for Nazanin Mazgani for Defendant Mahvash Mazgani ("Defendant").

**IT IS HEREBY ORDERED** that Kevin Moda appear in Courtroom 1668 of this Court on September 24, 2024, at 10:00 a.m., to show cause, if he has any, why this adversary case should not be dismissed for his failure to file a Status Report and appear at the Status Conference on June 4, 2024.

**IT IS FURTHER ORDERED** that Kevin Moda shall file any Response to this Order to Show Cause no later than September 10, 2024.  Any Reply by Debtor shall be filed no later than September 17, 2024.

# # #

Date: August 7, 2024

_Barry Russell_

Barry Russell
United States Bankruptcy Judge

**ER-569**

1  VIP BHOLA. ESQ (SBN 183981)
   5429 Cahuenga Blvd. Suite 101
2  North Hollywood. CA 91601
   Tel (818)347-5297
3  Email: vbhola@icloud.com
   Response to OSC for Vip Bhola and Kevin Moda
4          **UNITED STATES BANKRUPTCY COURT**

5      **CENTRAL DISTRICT OF CALIFORNIA–LOS ANGELES DIVISION**

6                                    | **US BK Court Case No. 19-BK-21655-BR**
   In re:                           |
7          MAHVASH MAZGANI          |
           Debtor                   | **Non-Dischargeable Complaint case**
8                                    | **No. 2:20-ap-01637-BR**

9

10                                   **RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT STATUS CONFERENCES SET ON THAT DAY; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP BHOLA, ESQ., AND EXHIBIT**

11

12

13

14

15                                   DATE: September 24, 2024
                                     TIME: 10:00 a.m.
16                                   COURTROOM: 1668
                                     PLACE: United States Bankruptcy Court
17                                   Central District of California
                                     Edward R. Roybal Federal Building and
18                                   U.S. Courthouse
                                     255 East Temple Street
19                                   Los Angeles, CA 90012

20

---

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT
STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP
BHOLA, ESQ., AND EXHIBITS - 1

**<u>RESPONSE TO OSC FOR FAILING TO APPEAR AT THE JUNE 4, 2024</u>**

**<u>(BOTH THE MAIN CASE AND THE DISCHARABILITY COMPLAINT)</u>**

**<u>DECLARATION OF VIP BHOLA</u>**

I, Vip Bhola, do hereby declare:

1.      I am the former attorney of record for the main case (19-BK-21655-BR) and represented Mr. Kevin Moda who on June 4, 2024, who was in pro per in the adversary proceeding regarding dischargability (2:20-ap-01637-BR) then.

2.      I submit this declaration on my own behalf and on behalf of Mr. Moda, acknowledging our failure to appear as required. As Mr. Moda's counsel, I had a professional obligation to appear specially on his behalf that day.

3.      I wish to begin by offering my most sincere apologies to the Court for any disrespect I may have caused through my failure to appear as previously required. I acknowledge that my absence was not acceptable, and for that, I am truly sorry.

4.      At the time, I must admit that I did not fully understand the gravity of these proceedings or the respect due to this Court. My comfort level was low, and my perception of the Court's role and responsibilities was limited and misguided. I saw it as an intimidating institution, rather than the cornerstone of justice it truly is.

5.      However, through reflection and education, my perspective has fundamentally shifted. I now harbor a deep and abiding respect for the Court and

---

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT
STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP
BHOLA, ESQ., AND EXHIBITS - 2

the profound, life-altering decisions it makes daily. I have come to understand the immense responsibility you carry in upholding the law, protecting rights, and impacting lives in ways that reverberate far beyond the courtroom.

6.      My failure to appear was a symptom of my previous ignorance, not a reflection of disregard for the Court's authority. I assure you that I now fully comprehend the seriousness of my actions, and I am committed to making things right. I respectfully ask for the opportunity to rectify my mistake and demonstrate my newfound respect for this esteemed institution and its vital role in our society. I acknowledge that I misconstrued the legal principles guiding certain of the Court's rulings. I misjudged the Court's perspective, and for that, I express genuine remorse.

7.      I mistakenly presumed that this Court knew of the underlying facts pertinent to the motions that I filed in this matter.

8.      Instead of submitting filings that adequately apprised the Court, I regrettably made requests without the requisite factual foundation necessary for their success.

9.      I have endeavored to rectify the record and have prepared a detailed account of my errors and missteps in a pleading to be filed with the United States District Court in advance of the September 27, 2024, hearing. Although not yet

---

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT
STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP
BHOLA, ESQ., AND EXHIBITS - 3

*In re Mazgani* 19-BK-21655-BR

ER-572

filed (I will do so within a day), I hereby incorporate that filing (in case No. 23-CV-0894) by reference.

10.     On June 4, 2024, I arrived at the Los Angeles Courthouse wheelchair ramp with nearly 25 minutes to spare to make it from that building to the Courthouse. On the way up the wheelchair ramp, I tipped sideways and fell off my chair and my chair landed atop me. I could not move and had no way of alerting anyone of my fall as the chair was atop me.

11.     My failure to appear at the June 4, 2024, status conference, which resulted in Mr. Moda's subsequent nonappearance, was due to a physical disability that required urgent medical attention. I have attached the corresponding medical record hereto and incorporate it herein by reference as **Exhibit A.**

12.     As the Court may recall, both cases had pending case status report hearings scheduled that day.

13.     Further, the Court may recall that at the hearing prior to June 4, 2024, Mr. Moda had appeared and announced his readiness to proceed, but the Court indicated its desire to definitively determine the applicability of res judicata and the Rooker-Feldman doctrine before proceeding. The unqualified procedural equal posture of the cases is what led Mr. Moda to agree to appear through me that day because of the Court's intended approach to stay the course and he agreed.

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP BHOLA, ESQ., AND EXHIBITS - 4

*In re Mazgani* 19-BK-21655-BR                                                                 **ER-573**

14. Mr. Moda bears no fault in the nonappearance on June 4, 2024, as I had assumed the responsibility to appear in his stead.

15. The resolution of both Mr. Moda's and my matters (with Mr. Moda proceeding pro se and through my representation) hinges on the finality of the State Court proceedings.

16. Both Mr. Moda and I have unartfully cited precedent that exposes that res judicata and claim preclusion entail different standards of finality, when comparing a judgment on a complaint versus a cross-complaint and instead of blaming myself for not aptly articulating myself, I projected favoritism and bias toward the Court and I do apologize (A cross-complaint is final for res judicata claim preclusion on being entered per CCP 577 and the rules that apply to complaints re finality do not apply. *Conopco, Inc. v. Roll Intern* (2d Cir. 2000) 231 F.3d 82, 90 ("Conopco argues, and the dissent is persuaded that, by analogy to California's res judicata doctrine, the statutory bar does not take effect until the trial court's judgment has been affirmed on appeal. We agree with the district court that this argument is without merit. It is true that (in stark contrast to the rules in federal court and the vast majority of states) California does indeed require that a judgment be both final and non-appealable ( i.e., the appellate process has concluded or the time in which to appeal has passed) before it will earn res judicata

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP BHOLA, ESQ., AND EXHIBITS - 5

*In re Mazgani* 19-BK-21655-BR

ER-574

1    or collateral estoppel effect. See *Wright v. Turner* (In re Turner), 204 B.R. 988, 992

2    (9th Cir.BAP 1997); *Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal. Rptr. 767,

3    795 P.2d 1223, 1225 (1990); *McKee v. Nat'l Union Fire Ins. Co.,* 15 Cal. App.4th

4    282, 19 Cal. Rptr.2d 286, 289-90 (1993); Cal. Civ. P. Code §§ 577, 1049, 1908; 7

5    B.E. Witkin, California Procedure: Judgment §§ 307, 309, 312 (4th ed. 1997).

6    However, this odd "finality" requirement is a quirk of California res judicata

7    jurisprudence. It is not a requirement of its compulsory cross-complaint statute. "))

8        17.    I, as the attorney who agreed to represent Mr. Moda on June 4, 2024,

9    both in his place and as his advocate, acknowledge that I have failed in my duties

10    to the Court as a litigator and as a representative of my clients.

11        18.    My shortcomings in presenting the Court with clearly articulated legal

12    arguments and streamlined facts may have inadvertently projected an appearance

13    of bias, favoritism, and partiality. For these failures, I offer my sincere apologies.

14        19.    I should have cited pertinent caselaw clearly rather than project cause

15    for unfavorable ruling (*Leuzinger v. County of Lake*, 253 F.R.D. 469, 472 (N.D.

16    Cal. 2008) ("Understandably, the County urges the Court to apply section 1049 to

17    this matter, and hold judgment will not be final until its appeal has been finally

18    determined. The County, however, not only fails to address why section 1049

19    should apply rather than section 577 but, more importantly, fails to acknowledge

20

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT
STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP
BHOLA, ESQ., AND EXHIBITS - 6

*In re Mazgani* 19-BK-21655-BR                                                    **ER-575**

1    Rule 54 preempts conflicting section 1049.")) most formidably instead of the

2    favoring a longer pleading that made its effectiveness suffer before the Court.

3        20.    I hereby retract my previously filed statements' alleging judicial bias

4    and favoritism, and withdraw all related requests pursuant to 28 USC § 455 and

5    § 1661. Upon reflection, I realize my initial suspicions were unfounded and I now

6    appreciate the significant burden the Court undertakes to dispense justice

7    impartially.

8        21.    My evolving understanding of this matter is indebted to the skilled

9    counsel who have assumed representation and a diligent case analyst who

10    meticulously reviewed all pleadings.

11        22.    My current perspective, informed by objective facts, has substantially

12    improved my ability to set aside subjective views and adopt an impartial position.

13        I declare under penalty of perjury that the foregoing is true and correct under

14    the laws of the United States of America. Executed in North Hollywood,

15    California, on September 10, 2024.

16    Dated: September 10, 2024,      by: _____

17                                    Vip Bhola, Esquire

18                                    Attorney (former) for Mr. Moda and
                                Responding in Pro Per.

19

20

RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT
STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP
BHOLA, ESQ., AND EXHIBITS - 7

*In re Mazgani* 19-BK-21655-BR                         **ER-576**

# EXHIBIT "A"

Name: Vip K Bhola | DOB: 4 | MRN: 2 | PCP: Joshua Bhola | Legal Name: Vipan K Bhola

# Appointment Details

## Vipan K Bhola

6/8/2024  2:48 PM

XR HAND AND PELVIC
Provider: **SCIC XR01** Department: **Santa Clarita Imaging & Interventional Center (XR)**

**Redacted**

## Primary Diagnosis

| | Comments |
|---|---|
| Splintered middle finger of right hand; pelvic fracture. | |

# Result Summary

## Orders for Today's Visit

Normal Orders This Visit

XR  pa+lat+obl bilat (3 views ea) [IMG1318 Custom]; XR  pelvic pa+lat+obl bilat (3 views ea)[IMG1318 Custom]

# Medications and Orders

## Immunizations Administered on Date of Encounter - 6/8/2024

None

## All Current Medications

| | |
|---|---|
| **CALCIUM PO** | Take by mouth. |
| **diclofenac Sodium 1% gel** | Apply 2 g topically four (4) times daily Apply to affected areas. |
| **multivitamin tablet** | Take by mouth daily. |
| **nitrofurantoin, macrocrystal monohydrate, (MACROBID) 100 mg capsule (Expired)** | Take 1 capsule (100 mg total) by mouth two (2) times daily for 7 days. |
| **VITAMIN D PO** | Take by mouth. |
| **amLODIPine 10 mg tablet (Discontinued)** | Take 0.5 tablets (5 mg total) by mouth daily. |
| **baclofen 10 mg tablet (Discontinued)** | TAKE 1 TABLET BY MOUTH THREE TIMES DAILY |
| **ciclopirox 8% solution (Discontinued)** | Apply topically at bedtime Apply over nail and surrounding skin.. |
| **DALFAMPRIDINE 10 MG TB12 (Discontinued)** | TAKE 1 TABLET BY MOUTH 2 TIMES A DAY |
| **escitalopram 10 mg tablet (Discontinued)** | Take 1 tablet (10 mg total) by mouth daily. |

| losartan 100 mg tablet (Discontinued) | Take 1 tablet (100 mg total) by mouth daily. |
| **MODAFINIL 100 mg tablet** (Discontinued) | TAKE 1 TABLET BY MOUTH ONCE DAILY. MAX 1 TABLET PER DAY. |
| **MYRBETRIQ 50 MG ER tablet** (Discontinued) | Take 1 tablet by mouth once daily |
| **Ofatumumab (KESIMPTA) 20 MG/0.4ML SOAJ (Discontinued)** | Inject 0.4 mLs under the skin once a week Take for 3 weeks, skip the fourth week, take on the fifth week and then monthly. |
| **TROSPIUM 20 mg tablet** (Discontinued) | Take 1 tablet by mouth twice daily |

## Allergies as of 6/8/2024

Cats

Dairy Products

Gluten Meal

## ⎀ Tobacco Use

Never smoked or used smokeless tobacco.

## ⚗ Alcohol Use

Not Currently.

## ⚘ Drug Use

Not Currently.

**Redacted**

## ✍ Problem List

as of 6/8/2024

| Multiple sclerosis |
| Neurologic gait disorder |
| Neurogenic bladder |
| Spasticity |
| Sprain of medial collateral ligament of left knee |
| Posterior tibial plateau fracture, unspecified laterality, closed, initial encounter |
| Hypertension, essential |
| Pure hypercholesterolemia |
| Prediabetes |

## All Standing Orders

| | Auth. provider | Ordered |
|---|---|---|
| **Urinalysis w/Reflex to Culture [LAB6652]** | Redacted, **Redacted** PhD | 05/16/24 |

## All Future Orders

**ER-579**

| | Auth. provider | Ordered | Expected |
|---|---|---|---|
| **MR brain wo contrast [IMG269]** | [Redacted]l, Kevin R., MD | 11/21/23 | |
| **MR cervical spine wo contrast [IMG279]** | [Redacted], Kevin R., MD | 11/21/23 | |
| **MR thoracic spine wo contrast [IMG281]** | [Redacted], Kevin R., MD | 11/21/23 | |
| **US duplex lower extremity veins bilat [IMG1212]** | [Redacted], Ana G., MD | 03/11/24 | |
| **US duplex lower extremity arteries bilat [IMG1206]** | [Redacted], Ana G., MD | 03/11/24 | |
| **US duplex lower extremity venous insufficiency bilat [IMG6260]** | [Redacted], Ana G., MD | 03/11/24 | |
| **Basic Metabolic Panel [LAB15]** | [Redacted]ra, Ana G., MD | 03/15/24 | |
| **Hgb A1c [LAB90]** | C[Redacted], Katherine L., MD, PhD | 05/16/24 | |
| **Lipid Panel [LAB18]** | [Redacted], Katherine L., MD, PhD | 05/16/24 | |
| **Echo adult transthoracic complete [ECH10]** | [Redacted]n, Katherine L., MD, PhD | 05/16/24 | |
| **US duplex lower extremity veins left [IMG1213]** | [Redacted] Daniel, MD, MPH | 05/15/24 | |

## Basic Information

| Gender Identity | Race | Ethnic Group | Preferred Language |
|---|---|---|---|
| Male | Indian (India) | Not Hispanic or Latino | English |

## Date of Birth

*We have your DOB in the medical record, please ask the front desk if you need to verify*

**MyChart® licensed from Epic Systems Corporation © 1999 - 2024**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5429 Cahuenga Blvd., Suite 101 North Hollywood, CA 91601

A true and correct copy of the foregoing document entitled (*specify*): RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT STATUS CONFERENCES SET ON THAT DAY; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP BHOLA, ESQ., AND EXHIBITS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9-10-2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 9-10-2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9-10-2024 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Barry Russell U.S. Bankruptcy Court 255 E. Temple Street, Suite 1660 Los Angeles, CA 90012
Kevin Moda 18324 Clark St. #310, Tarzana, CA 91356

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9-10-2024 | Vip Bhola, Esq. | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF SERVICE**

ER-581

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Vipan Bhola    vbhola@icloud.com
Deborah R Bronner    debbronner@aol.com
Oscar Estrada    oestrada@ttc.lacounty.gov
M. Jonathan Hayes    jhayes@rhmfirm.com,roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com
Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
Crystle Jane Lindsey    crystlelindsey27@gmail.com
Yevgeniya Lisitsa    gina@lisitsalaw.com, glisitsa@gmail.com
Catherine Liu    cliu@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com
Ron Maroko    ron.maroko@usdoj.gov
W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
Nazanin Mazgani    mazganilaw@gmail.com
Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com
Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
Danyal Roodbari    droodbari@gmail.com, EsqMS@mail.com
Thomas D Sands - SUSPENDED BK -    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
James R Selth    jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com
Luis A Solorzano    ls@gobklaw.com, go@ecf.inforuptcy.com;go@gobklaw.com;orantesgr89122@notify.bestcase.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Daniel J Weintraub    dweintraub@wztslaw.com, vinnet@ecf.inforuptcy.com

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Nazanin Mazgani   SBN 270258<br>LAW OFFICES OF NAZANIN MAZGANI<br>10954 Massachusetts Ave<br>Los Angeles, CA  90024<br>(310)892-0820<br>Fax (424)832-7331 | |

☐ *Individual appearing without attorney*
☒ *Attorney for*  Defendant Mahvash Mazgani

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Mahvash Mazgani<br><br><br>Debtor(s). | CASE NO.: 2:19-bk-21655-BR<br>CHAPTER: 11<br>ADVERSARY NO.: 2:20-ap-01637-BR |
|---|---|
| Kevin Moda<br><br>Plaintiff(s),<br><br>vs.<br><br>Mahvash Mazgani<br><br><br>Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:** *(title of motion[1]):* <u>ORDER TO SHOW</u> <u>CAUSE WHY COMPLAINT SHOULD NOT</u> <u>BE DISMISSED FOR PLAINTIFF'S FAILURE</u> TO ATTEND STATUS CONFERENCE |

PLEASE TAKE NOTE that the order or judgment titled <u>ORDER DISMISSING ADVERSARY COMPLAINT</u>

was lodged on (*date*) ___09/25/2024___ and is attached.  This order relates to the motion which is docket number __85__.

---
[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                     Page 1                     **F 9021-1.2.ADV.NOTICE.LODGMENT**

**ER-583**

# LODGED ORDER

1  Nazanin Mazgani, Esq. (SBN 270258)
   Law Offices of Nazanin Mazgani
2  10954 Massachusetts Avenue
   Los Angeles, CA 90024
3  Phone: (310)892-0820
4  Email: mazganilaw@gmail.com

5  Attorney for Debtor and Defendant in Adversary Proceeding
   MAHVASH MAZGANI
6

7              **UNITED STATES BANKRUPTCY COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9

10 In re:                                    Case No. 2:19-bk-21655-BR

11 MAHVASH MAZGANI,                          Adv. No. 2:20-ap-01637-BR

12                                           Chapter 11

13       Debtor and Debtor in Possession.

14 ─────────────────────────────           **ORDER DISMISSING ADVERSARY
                                            COMPLAINT**
15 KEVIN MODA,
                                            Date:        September 24, 2024
16       Plaintiff,                         Time:        10:00 a.m.
                                            Courtroom: 1668
17       vs.

18 MAHVASH MAZGANI,

19       Defendant.

20 ─────────────────────────────

21

22

23       On March 12, 2024, a Status Conference was held in the above-captioned adversary case.

24 Plaintiff Kevin Moda ("Plaintiff") appeared in pro per and Nazanin Mazgani appeared for

25 Defendant Mahvash Mazgani ("Defendant").  The Court continued the Status Conference on the

26 record to June 4, 2024 [Adv. Doc. No. 75].

27       Plaintiff did not file a Status Report.  Defendant timely filed a Unilateral Status Report on

28 May 21, 2024 [Adv. Doc. No. 76].

**ER-585**

On June 4, 2024, the continued Status Conference was held. Plaintiff did not appear and James R. Selth specially appeared for Nazanin Mazgani for Defendant. The Court entered an Order to Show Cause set for August 6, 2024 why the adversary case should not be dismissed for Plaintiff's failure to file a Status Report or appear at the Status Conference and ordered Plaintiff to file any Response to the Second OSC no later than July 23, 2024 ("First OSC", Adv. Doc. No. 77).

On June 6, 2024, the Bankruptcy Court Noticing center served Plaintiff at his address of record with the First OSC set for August 6, 2024. [Adv. Doc. No. 79]. Plaintiff did not file a response to the First OSC even though Plaintiff had been served with the First OSC.

In court on August 6, 2024, the Court mistakenly believed Plaintiff had not been served with the First OSC. At that hearing, Plaintiff perjured himself by stating he had not been served with the First OSC despite being served by the Bankruptcy Court Noticing center.

Based on Plaintiff's false representations at the hearing on August 6, 2024, the Court set a new Order to Show Cause on September 24, 2024 why the adversary case should not be dismissed for Plaintiff's failure to file a Status Report or appear at the Status Conference on June 4, 2024 ("Second OSC", Adv. Doc. No. 85) and ordered Plaintiff to file any Response to the Second OSC no later than September 10, 2024.

On August 9, 2024, the Bankruptcy Court Noticing center served Plaintiff at his address of record with the Second OSC set for September 24, 2024. [Adv. Doc. No. 87]. On August 12, 2024, Defendant's counsel also served Plaintiff with the Second OSC, see Proof of Service filed August 12, 2023 [Adv. Doc. No. 88].

Plaintiff did not file a Response to the Second OSC despite being served by both Defendant's counsel and the Bankruptcy Court Noticing center.

//
//
//
//
//
//
//

**ER-586**

1      Based on the foregoing, and for good cause,

2      **IT IS HEREBY ORDERED** that Plaintiff's Adversary Complaint is dismissed with

3 prejudice for lack of prosecution.

4

5                   # # #

**ER-587**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10954 Massachusetts Avenue, Los Angeles, California  90024

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___09/26/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- James R Selth    jselth@wztslaw.com,  jselth@yahoo.com, maraki@wztslaw.com, sfritz@wztslaw.com, admin@wztslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov   • Nazanin Mazgani    mazganilaw@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*)  ___09/26/2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kevin Moda
18324 Clark St., Suite 310
Tarzana, CA  91356

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/26/2024 | Nazanin Mazgani | /s/Nazanin Mazgani |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                  Page 2                     **F 9021-1.2.ADV.NOTICE.LODGMENT**

**ER-588**

```
1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                             --oOo--

4  In Re:                        )  Case No. 2:19-bk-21655-BR
                                 )
5  MAHVASH MAZGANI,              )  Chapter 11
                                 )
6          Debtor.               )  Los Angeles, California
   _____)  Tuesday, September 24, 2024
7                                )  10:00 a.m.
   KEVIN MODA,                   )
8                                )
           Plaintiff,            )
9                                )
   vs.                           )  Adv. No. 2:20-ap-01637-BR
10                               )
   MAHVASH MAZGANI,              )
11                               )
           Defendant.            )
12 _____)

13                              CONT'D STATUS CONFERENCE RE
                                SUBCHAPTER V CHAPTER 11 CASE
14
                                CONT'D HRG. RE DEBTOR'S
15                              DAMAGES AND SANCTIONS AGAINST
                                KEVIN MODA AND VIP BHOLA FOR
16                              FILING OF FRIVOLOUS MOTION TO
                                CONVERT OR DISMISS CASE
17
                                CONT'D HRG. RE DEBTOR'S MOTION
18                              FOR ORDER DIALLOWING CLAIM NO.
                                1 HOWARD KAPP
19
                                ORDER TO SHOW CAUSE WHY
20                              COMPLAINT SHOULD NOT BE
                                DISMISSED FOR PLAINTIFF'S
21                              FAILURE TO ATTEND STATUS
                                CONFERENCE
22
                    TRANSCRIPT OF PROCEEDINGS
23           BEFORE THE HONORABLE BARRY RUSSELL
                 UNITED STATES BANKRUPTCY JUDGE
24
   Proceedings produced by electronic sound recording;
25 transcript produced by transcription service.
```

ii

```
 1  APPEARANCES:

 2  For the Debtor:              JAMES R. SELTH, ESQ.
                                 Weintraub Zolkin Talerico &
 3                                  Selth LLP
                                 11766 Wilshire Boulevard
 4                               Suite 730
                                 Los Angeles, California 90025
 5                               (310) 207-1494

 6  For the Debtor:              NAZANIN MAZGANI, ESQ.
                                 Law Offices of Nazanin Mazgani
 7                               10954 Massachusetts Avenue
                                 Los Angeles, California 90024
 8                               (310) 892-0820

 9  For Creditor Kevin Moda:     VIP BHOLA, ESQ.
                                 Law Offices of Vip Bhola
10                               5429 Cahuenga Boulevard
                                 Suite 101
11                               North Hollywood, California
                                    91601
12                               (818) 347-5297

13                               FELIX T. WOO, ESQ.
                                 FTW Law Group
14                               601 South Figueroa Street
                                 Suite 1950
15                               Los Angeles, California 90017
                                 (213) 335-3960
16

17  Chapter 11 Trustee:          GREGORY K. JONES, ESQ.
                                 Stradling Yocca Carlson
18                                  & Rauth
                                 10100 Santa Monica Boulevard
19                               Suite 1400
                                 Los Angeles, California 90067
20                               (424) 214-7044

21  Court Recorder:              Wanda Toliver
                                 United States Bankruptcy Court
22                               Edward R. Roybal Federal
                                    Building
23                               255 East Temple Street
                                 Los Angeles, California 90012
24

25
```

*Echo Reporting, Inc.*

**ER-590**

iii

Transcriber:                     Jordan Keilty
                                 Echo Reporting, Inc.
                                 9711 Cactus Street
                                 Suite B
                                 Lakeside, CA 92040
                                 (858) 453-7590

1

1   <u>LOS ANGELES, CALIFORNIA  TUESDAY, SEPTEMBER 24, 2024 10:00AM</u>

2                            --oOo--

3        (Call to order of the Court.)

4             THE CLERK:  Number 14 through 17, Mazgani.

5             MR. SELTH:  Good morning, your Honor.  James Selth

6   on behalf of the Debtor in Matters 14 through 16.

7             THE COURT:  All right.

8             MS. MAZGANI:  Good morning, your Honor.  Attorney

9   Nazanin Mazgani for Defendant Mahvash Mazgani in the

10  adversary proceeding under Number 17.

11            THE COURT:  All right.  And I see Mr. Moda here.

12  If you'd just have a seat, Mr. Moda.

13            And new -- somebody new to this case.

14            MR. WOO:  Yes.  Good morning, your Honor.  My name

15  is Felix Woo.  I filed a notice of appearance yesterday.

16  I'm appearing for Mr. Moda on Matters --

17            THE COURT:  Well, and I see your --

18            MR. WOO:  -- 14 through 17.

19            THE COURT:  -- notice of appearance, but let me

20  answer (sic) a few questions.  You're a member of this Bar I

21  assume?

22            MR. WOO:  I am.  I have been in front of your

23  Honor before.

24            THE COURT:  I know.  I know.  But I just wanted to

25  ask for the record.  Have you -- have you been retained by

2

1 Mr. Moda?

2          MR. WOO:  I have.

3          THE COURT:  And for what purpose?

4          MR. WOO:  Well --

5          THE COURT:  If you could --

6          MR. WOO:  -- to get him out of his pickle.

7          THE COURT:  No, no, no.  I -- no.  For you, so,

8 your notice of appearance doesn't tell me anything.  It

9 tells me you're appearing.  You have an actual written

10 retainer agreement with him?

11          MR. WOO:  I do.

12          THE COURT:  And that -- what does it say?

13          MR. WOO:  Well, it says that I'm appearing for him

14 in these matters to advise him on how to ex --

15          THE COURT:  No, that's -- well, no.  That's

16 appearing.  I'm asking you what has he retained you to do,

17 to do what?

18          MR. WOO:  Well, I can go into it if your Honor

19 wants, sure.

20          THE COURT:  No, no, I meant in the case, but not

21 -- just in the case itself, right.  That's what it says.

22          MR. WOO:  Well, it refers to both this and the

23 underlying issues, but if your Honor wants more --

24          THE COURT:  No, no.  I'm asking you specifically.

25          MR. WOO:  Sure.

3

1           THE COURT:  You're a bankruptcy lawyer.  I know

2  that.

3           MR. WOO:  Okay.

4           THE COURT:  I'm asking you very straightforward,

5  is it just the case or have you specifically been fired for

6  the adversary proceeding?

7           MR. WOO:  Oh, good question.  Yes, your Honor.

8           THE COURT:  Yes, I know.  I --

9           MR. WOO:  Yes.

10          THE COURT:  I posed it.  And I don't see that in

11 there, that you're not -- you're rep -- he's representing

12 himself in that.

13          MR. WOO:  No, your Honor.  Your Honor is correct.

14 I filed a notice of appearance in the main case only.

15 Correct.

16          THE COURT:  Okay.  So, you -- so, because we have

17 a number of things on calendar.  And the reason I'm trying

18 to nail it down is who's representing who and what I -- this

19 is only on the case itself, not in the adversary proceeding?

20          MR. WOO:  Right.  Now, in full disclosure, I'm

21 looking at the issues that are raised.

22          THE COURT:  Well, I don't -- I don't care what

23 you're looking at, Counsel.

24          MR. WOO:  Okay.

25          THE COURT:  I'm asking you, I just want to know --

4

1  because you're new to this case, I just want to know why are

2  you here and you're representing in the case itself.

3              MR. WOO:  In the main case, correct.

4              THE COURT:  In the main case.  Okay.

5              MR. WOO:  Yes.

6              THE COURT:  So, you can have a seat then.  Thank

7  you.

8              MR. WOO:  Thank you.

9              THE COURT:  All right.  I just wanted to clear the

10 record.

11             Now, let's just go through the various items.

12             MR. BHOLA (telephonic):  And, your Honor -- excuse

13 me, your Honor.  This is Vince Bhola.  I'm on --

14             THE COURT:  Oh, that's right.  Excuse me, Mr.

15 Bhola.  I understand -- I spoke with my clerk.  I am sorry

16 for your medical condition.  You're in the hospital I

17 understand it, and I will call -- when I call on anything

18 that you're -- involving you, I will ask you to say

19 something.  All right?

20             MR. BHOLA:  Absolutely, your Honor.  And, for the

21 Court's convenience, this is --

22             THE COURT:  All right.  Thank you, Mr. Bhola.

23             MR. BHOLA:  Okay.

24             THE COURT:  Now, I can't see you.  Is it just on

25 the --

5

1            THE CLERK:  I stopped video.

2            MR. BHOLA:  That's what I started to say.  It says

3    the --

4            THE CLERK:  I stopped video.

5            MR. BHOLA:  -- court just stopped the video.

6            THE COURT:  Excuse me a second.

7            MR. BHOLA:  I stopped the video because he's in

8    the hospital.

9            THE COURT:  Okay.  You're in the hospital.  So, I

10   don't think we want to video -- we don't need that.  I don't

11   know if you're hooked up to whatever, but it sounds like

12   you're -- you have a real problem, and I'm sorry to hear

13   that.  So, we'll keep --

14           MR. BHOLA:  No, I haven't been in the off in a

15   month.

16           THE COURT:  Okay  Mr. Bhola, we'll leave it --

17   we'll leave it at that.  We'll leave just the audio.

18           MR. BHOLA:  Okay.

19           THE COURT:  So, let me just go through now the --

20   the status of the -- of the case.  So, all right.  Let me

21   hear just briefly, since you just got into the case, you

22   won't have anything to say most likely as far as the status.

23           The case, as you'll hear in a minute, is just kind

24   of tailing along a lot of things, but I still like to hear

25   from --

6

1          MR. SELTH:  Your Honor, the Trustee, Mr. Jones, is

2 also on the Zoom.

3          THE COURT:  Oh, that's right.  Let me ask -- why

4 don't you stay where you're at.

5          Mr. Jones, I appreciate your being on Zoom because

6 it's -- you usually don't have a lot at this point to say,

7 but I never know for sure.  Do you have that you would like

8 to say as far as the case itself, any comments?

9          MR. JONES (via Zoom):  Nothing -- this is Greg

10 Jones, Subchapter V Trustee.  Thank you, your Honor.  No, I

11 don't have anything to say about the main case at this

12 point.  Thank you.

13          THE COURT:  Okay.  I keep forgetting.  That's one

14 thing I'm a little -- I still am not a big fan of Zoom

15 because I forget sometimes who's on.  So, thank you for --

16 for speaking up.

17          All right.  Well, now, the case -- the big thing

18 -- and the case obviously was going on in the State Court --

19          MR. SELTH:  The State Court appeal is still going

20 on.  It has not been fully briefed yet.  I do not know --

21 I'm told by appellate counsel that the best estimate when --

22 after briefing is 18 months in the State Court --

23          THE COURT:  Right.

24          MR. SELTH:  -- system, but that's not my area of

25 expertise.

7

1          In terms of this case, there's only two issues I

2  -- well, I know your Honor always wants to know the status

3  of the sanctions that have been ordered.

4          THE COURT:  Well, yeah.  It's been -- to say --

5          MR. SELTH:  So --

6          THE COURT:  -- it's been --

7          MR. SELTH:  So, there's two --

8          THE COURT:  -- unfortunate for lots of people.

9          MR. SELTH:  Yes.

10         THE COURT:  So, what is the status?  We're talking

11  about the ones that have already been -- orders have been

12  issued.

13         MR. SELTH:  Sure.

14         THE COURT:  There is one on calendar for today as

15  well.

16         MR. SELTH:  That's correct.  So, there's the one's

17  that's already been issued.  The sanctions issued from the

18  order of January 19th, Docket 993 as modified by the order

19  of March 20th, Docket 1080, as of today, that's joint and

20  several against Mr. Moda and Mr. Bhola is $217,956 at $1,000

21  a day until paid.  Not a penny has been paid on that order.

22         The second sanctions order is from March 20, and

23  that's docket Number 1081.  That's at $144,000, and that was

24  ended when -- at the time --

25         THE COURT:  That was the action -- and I

8

1  appreciate the fact Mr. Moda did finally comply with the

2  order.  At least that's what it appears.  And, so, the

3  sanctions stopped --

4          MR. SELTH:  Correct.

5          THE COURT:  -- running on that.

6          MR. SELTH:  So, the -- so, on that one he owes

7  $144,000, and he -- I've not received a penny of that

8  either.  So, combined, Mr. Moda's up $361,000, and Mr. --

9  and adding $1,000 on the day on the first one, and Mr. Bhola

10  is up $217,956.  So --

11          THE COURT:  All right.

12          MR. SELTH:  -- I don't know -- I haven't seen -- I

13  have had no contact from either -- any of them to discuss

14  payment arrangements, compromising, anything at all.

15          THE COURT:  Okay.  Well, let me -- let me stop

16  you.  That -- that -- we'll find out at some point.

17          Now, as far as the status of the PO, I guess --

18  not -- I gather that -- who is representing Mr. -- Mr. Moda

19  in the United case, Mr. Moda?

20          MR. SELTH:  In the appeal?

21          THE COURT:  Yes.

22          MR. MODA:  In the --

23          MR. SELTH:  Mr. Bola is still --

24          MR. MODA:  -- appeal --

25          MR. SELTH:  -- attorney of record.  He has not

*Echo Reporting, Inc.*

**ER-599**

9

1   subbed out yet.

2          THE COURT:  Okay.  Now, that -- I -- that -- I

3   didn't know the answer.  That's why I asked.

4          Mr. Moda, who is -- is Mr. Bhola -- answer my --

5   just sit -- you can sit where you're at.  He's -- is anybody

6   -- you're pro se in that?

7          MR. MODA:  No.  An appellate specialist is, and

8   they filed a motion to have it -- have the case dismissed.

9          THE COURT:  Well, okay.  And I don't want to hear

10  the motions.  I just want to know who's representing you.

11         MR. WOO:  The lawyer's name is Timothy Kowal,

12  K-O-W-A-L.

13         THE COURT:  All right.  Okay.  And -- and as far

14  as the status of it, I assume that it's pretty much as

15  counsel just -- just stated.  So, I guess at some point

16  we'll figure that out.  Okay.  Okay.  Thank you.  That's

17  enough for the status.  So, that's the -- I will at some

18  point continue the status conference later on, but I don't

19  have a date in mind at the moment.

20         So, next one.

21         MR. SELTH:  The other -- the motion for the small

22  sanctions for the --

23         THE COURT:  Well, that's Number 15 on the

24  calendar.

25         MR. SELTH:  Right.

10

1          THE COURT:  And that's a motion against Mr. Moda

2   and Mr. Bhola.  I have seen Mr. -- I -- I have seen nothing

3   -- no opposition filed.  Is that -- have you filed any

4   opposition to that, Mr. Moda?

5          MR. MODA:  No, your Honor.

6          THE COURT:  And, Mr. Bhola, you have not filed, is

7   that correct?

8          MR. BHOLA:  Your Honor, I haven't been in the

9   office --

10          THE COURT:  No, no.  I --

11          MR. BHOLA:  -- since July.

12          THE COURT:  I understand that, but there's been no

13   opposition filed.  It doesn't surprise me.  Relatively

14   speaking, any amount is -- is a serious amount, but given

15   the numbers that counsel has just mentioned to say, it would

16   be relatively -- nevertheless, the issue is important.  So,

17   I will grant that motion for sanctions in the amount that

18   you've requested if you'll prepare an order.

19          MR. SELTH:  The attorneys' fees, $3001.58?

20          THE COURT:  Yes.  Yes.  All right.  That's Number

21   -- that's Number 15 on the calendar.  Then we have --

22          MR. SELTH:  Number 16 is the tailing objection to

23   claim of Howard Kapp.  Your Honor's been trailing that along

24   with the Chapter --

25          THE COURT:  Right.  That -- that is -- it's pretty

11

1  clear to me that that's his -- that's -- Mr. Moda, your --

2  well, not Mr. Moda.  That's the Debtor's former counsel, and

3  it appears to me that both sides have figured that it's not

4  worth the effort at least at this point, either side, to

5  deal with it.  And who knows what will ultimately happen

6  with it, but that's the status.  So, that's -- so, that will

7  -- along with the status conference of the Chapter 11, that

8  will be continued to whatever that date is.  It will just

9  trail along.

10          MR. SELTH:  And -- and I guess I should point out

11  counsel for Mr. Kapp is Derek May.

12          THE COURT:  All right.

13          MR. SELTH:  He hasn't been here for the last

14  several times.  I think he's -- and he's a good -- a good

15  guy, and I --

16          THE COURT:  Yeah.  I don't -- I don't really --

17          MR. SELTH:  -- I'm glad to specially appear for

18  him.

19          THE COURT:  Okay.  I've indicated before that

20  unless the parties change, that -- because it will take --

21  it will take some effort -- and effort means -- translates

22  into dollars -- as far as time for -- for -- to represent

23  each side.  So, I would be very surprised if that's ever

24  something that I'll have to hear, but who knows.  We'll --

25  we'll see.  So, that will be trailed along whatever date.

12

1          Next one is the order to show cause, and -- now,

2    that's Number 17.  Now, Counsel want to give your

3    appearance?

4          MS. MAZGANI:  Yes, of course.  Good morning, your

5    Honor.  Nazanin Mazgani on behalf of Mahvash Mazgani in the

6    adversary proceeding.

7          THE COURT:  Yeah.  I want to correct the record,

8    by the way, on the -- on the procedural record on this item.

9    I was -- I was wrong last time as far as notices.  I'm

10   informed by, you know, my staff of when things were done,

11   and in your reply you pointed out and we checked it out,

12   that is, my staff checked it out, and you're quite accurate.

13   At the -- the hearing last time we were here, I indicated

14   that the -- that Mr. Moda hadn't been served because you

15   didn't serve him, and you hadn't, but you explained in your

16   reply in this case that, in fact, Mr. Moda had been served.

17          And, Mr. Moda, you had been served, even though

18   you weren't under oath.  You -- you stated in an audience --

19   or where you're sitting that you didn't get notice.  I don't

20   find that credible.  And, so, I -- I'm finding actually now

21   that I know the actual record that you were served not by

22   counsel there.  That is the OSC.  You were served.  You were

23   served by my -- the Court's records in Washington.  We

24   checked it out, and you were served, and you filed no

25   response to that.  So, that is -- that is the OSC re

13

1    dismissal of this -- this complaint that you have.

2              MR. MODA:  Your Honor, Mr. Bhola did.

3              THE COURT:  Well, no.  No.  Mr. Bhola did not.  I

4    saw what Mr. Bhola filed.  Mr. Bhola, if you can get on the

5    line.  Are you still there, Mr. Bhola?

6              MR. BHOLA:  Yes, I'm here.

7              THE COURT:  You were -- and the District Court

8    agrees.  The nature of -- of things that have happened, the

9    frivolousness and the number of pleadings, unfortunately,

10   are extreme not only in this court but, I'm sure, Counsel,

11   you -- I don't know if you've had a chance to read what the

12   District Court has said about the conduct of -- of your

13   client and Mr. Bhola.  It's not good.  And, so, what

14   happened -- what happened is there -- I'm going to get the

15   -- let me find it.  I'm going to get what you did file.  It

16   was actually extraordinary, what you filed, Mr. -- Mr.

17   Bhola.

18             Here.  This is your -- this is the -- it was filed

19   on September 10th.  And, by the way, as I've just indicated,

20   Mr. -- Mr. Moda was properly served with the OSC and did not

21   respond to it, and, therefore, I will enter an order

22   granting that -- that motion.

23             The -- but -- but let me read you the caption.

24   This is just, unfortunately -- I'd say typical, but this is,

25   unfortunately, the conduct, Mr. Bhola, in your case, this is

14

1  a response to OSC issued on August 6th for failing to appear

2  at the June 4th status conference set on that date.

3  Memorandum of points and authorities.

4           Now, Mr. -- Mr. Bhola just said you don't

5  represent him.  That's correct, is it not?

6           Mr. Moda, he doesn't -- I asked you in the

7  beginning does Mr. Bhola represent you in anything, and you

8  said no.

9           MR. WOO:  I don't think that question was asked,

10  your Honor.

11          THE COURT:  Well, what does he --

12          MR. WOO:  I think you were asking about the

13  appeal, and that's correct.

14          THE COURT:  No, no, no.  I'm not talking about the

15  appeal.  I'm talking about in this case.  So, I'm glad

16  you're here, Counsel.  You want to see what's actually

17  happening in this case.

18          Mr. Bhola has not -- you've been in pro -- you --

19  he -- you substituted -- or Mr. Bhola substituted out

20  sometime ago.  He does not represent you in the 523 in the

21  adversary proceeding, is that correct?  You already

22  substituted out.  Be very careful, Mr. Moda.

23          MR. MODA:  I -- he responded to the OSC because --

24          THE COURT:  I'm asking you a simple question.  I

25  could put you under oath, and then there could be other

15

1  consequences.  I'm not going to do that.  He does not

2  represent you in the 523 action, does he?

3          MR. MODA:  In the adversary proceeding, no.  No

4  one does.

5          THE COURT:  Okay.  No one does.  Therefore, is the

6  -- the OSC, whether or not I should dismiss it, Mr. Bhola

7  has no ability -- he doesn't represent you --

8          MR. MODA:  He -- your Honor, that day you had two

9  status conferences.

10         THE COURT:  No, no.  Let me stop you there.  So,

11  the record is quite clear.

12         Mr. Bhola, you know you did not represent Mr. --

13  Mr. Moda in the -- in the complaint, in the adversary

14  proceeding.  You understand that  Is that correct?

15         MR. BHOLA:  Yes.  My purpose of filing was to

16  clarify because there were -- there were two hearing that

17  day, and --

18         THE COURT:  No, no.  Mr. --

19         MR. BHOLA:  -- I don't think that --

20         THE COURT:  Mr. Bhola --

21         MR. BHOLA:  -- quite was clear to the Court.

22         THE COURT:  Mr. Bhola, I want you to answer my

23  question.  You have a habit of not answering my questions.

24  You did not represent Mr. -- Mr. Moda in the adversary

25  proceeding, is that correct?

16

1          MR. BHOLA:  I don't represent him in the adversary

2  proceeding.

3          THE COURT:  Right.  And -- and, so, your -- your

4  response to a -- to a OSC to dismiss that, you don't

5  represent him in that, do you?

6          MR. BHOLA:  My response was for the reason I --

7  that I stated, uh --

8          THE COURT:  Well, your response, basically, you

9  were falling on your sword --

10         MR. BHOLA:  -- two different -- two separate

11 hearings.

12         THE COURT:  You were basically -- basically it was

13 a lengthy description of how you're sorry for all the things

14 you -- you did.  That's what your response was.  It was not

15 a -- it was not a response to the OSC.  So, the -- so, there

16 was not only -- and that was properly served by counsel.

17 So, twice, Mr. Moda, you have not responded to the original

18 OSC, which you were properly served by the -- by the clerk's

19 office in Washington, and you haven't responded to this one.

20         So -- so, that ends the discussion.  So, there's

21 nothing left -- there's nothing left to discuss.  I'm going

22 to dismiss your -- your complaint.  I -- and I really

23 thought about -- for -- for lack of prosecution.  It really

24 dawned on me why in the world would you just do what you did

25 or not do, and it occurred to me the reality of it is I

17

1  don't think you really care about the adversary proceeding.

2  I think what you care about, legitimately so, is what's

3  going on in the State Court, namely, who owns those two

4  buildings.  And I think that's why you simply have not --

5  you have not responded to either the -- to -- you've been

6  served twice properly with the OSC to dismiss.  And,

7  therefore, I am going to grant the motion.  Basically, it's

8  a lack of prosecution.  You've had two opportunities to

9  respond.  You haven't, and it's my opinion -- you can

10 obviously -- you don't have to agree with anything I say,

11 but it's pretty clear what's really going on is -- what's

12 going on in the State Court.  I have no opinion, by the way,

13 on the appeal.  What I do know, as I've stated many times,

14 it's not a final order.  And, so, all the things that you

15 and Mr. Bhola did in violation of that have -- have been

16 taken care of as far as contempt, but as far as the merits

17 of it, whatever -- I'll keep repeating.  Whatever,

18 ultimately on the appeal -- and it could apparently now take

19 years -- whatever the State Court does, that -- that's it.

20 If they -- if that order is upheld, then ultimately I will

21 have to agree with that, that the -- if it's -- if it's

22 upheld on appeal, that you own those properties.  I think

23 that's really what's going on.  It doesn't require any

24 response from you, Mr. Moda.  The record -- the record is

25 quite clear.  Just to make it clear, you've been -- you've

18

1  been served twice, properly served with OSCs why this -- why

2  this should not be dismissed, that is, the adversary

3  proceeding.  And you did not respond to either of them.

4          MR. MODA:  Your Honor, if I may?

5          THE COURT:  Very briefly.

6          MR. MODA:  Certainly.  Your Honor, on that

7  particular day, I was -- on that day, for that status

8  conference on 6/4, Mr. Bhola was coming down --

9          THE COURT:  Let me stop you.  I'm not going to

10 allow you to -- to say -- to -- first of all, you're not

11 testifying.  You're not under oath, and you -- the OSCs, you

12 did not respond.  I'm not going to allow now -- now have you

13 just talk to me and tell me what you think why I shouldn't

14 have granted it.  You had an opportunity.  You had two

15 opportunities.  So, I'm not going to let you say anything

16 further, Mr. -- Mr. Moda.  You were properly served.  You

17 ignored the service.  And, therefore, I'm going to grant the

18 motion to dismiss this adversary proceeding for -- basically

19 for lack of prosecution, period.  This is not the time to

20 suddenly start talking.  I'm not going to allow you to say

21 anything further, Mr. Moda.

22         Do you understand what I just said?

23         MR. MODA:  I --

24         THE COURT:  I just want a yes or no.  I'm glad you

25 have counsel here that knows what he's doing.  In the past

*Echo Reporting, Inc.*

**ER-609**

19

1  you had expressed a lot of disrespect for the system and

2  this Court.  I'm not going to let you do it today.

3          So, I made the ruling.  Counsel, you -- you got --

4  you understand what I -- what I've said.  You -- you can do

5  whatever you wish.

6          And, well, the only thing left I believe is the --

7  and I -- of course, I want you to prepare an order, Counsel.

8          MS. MAZGANI:  Of course.

9          THE COURT:  The only thing --

10          MR. BHOLA:  Your Honor -- your Honor, before you

11  move on to another matter, this is Vip Bhola.  If I may

12  briefly speak to that issue, I --

13          THE COURT:  No.  You have no -- you have counsel

14  here now.  No.  You are -- you have counsel.  You can talk

15  -- you want to talk about the adversary proceeding?

16          MR. BHOLA:  I wanted to talk about the -- that

17  June 4th hearing and response to that --

18          THE COURT:  No.  Mr. -- Mr. -- Mr. Bhola, I'm not

19  sure you -- I'm not sure you really heard what I said.  You

20  filed something which I -- I find, unfortunately, typical of

21  a lot of things you file, I couldn't figure out what it was.

22  I read it through, and it was basically your -- your

23  statement sort of falling on your sword so to speak of

24  saying how sorry you were for all the things you did and so

25  forth.

20

1          Unfortunately, the -- the document, the -- the --

2   I've already ruled, by the way, on the -- on the contempt

3   sanctions.  That's the only thing you are properly here for.

4   You don't represent and did not represent Mr. Moda on the

5   response you filed.

6          So, what -- what item on the calendar do you wish

7   to address?  Both of them are taken care of, Mr. Bhola.

8          MR. BHOLA:  I wanted to -- was trying to speak to

9   the OSC --

10          THE COURT:  No.  You're --

11          MR. BHOLA:  -- and address that June --

12          THE COURT:  No.  I won't let you because you --

13   Mr. Moda said you don't represent him on that.  Do you?

14          MR. BHOLA:  Okay.  Well, I --

15          THE COURT:  No, no.  We're talking about the OSC.

16   But as far as the adversary proceeding, is that what we're

17   talking about?

18          MR. BHOLA:  And -- and the response that I filed

19   September 10th.  That's --

20          THE COURT:  That's correct.  And I already ruled

21   on that.  You had -- that was a totally improper filing.  Yo

22   didn't seem to understand what it was you were -- you did

23   have to the tune of maybe about $3,000.  There was an OSC as

24   to you and Mr. Moda.  That's the only thing on calendar.

25          As unfortunately usually in this case, Mr. Bhola,

21

1  you filed something that was just totally frivolous because

2  you don't even represent Mr. Moda.  So, I'm not going to

3  allow you to continue to discuss something that on its face

4  is improper.  I could very well, if it were a motion before

5  me, sanction you for that.  I'm just not going to do that.

6  You already owe so much money.  At some point it makes no

7  sense, but that was a totally frivolous document.  It took

8  me a while to figure out what that document was all about.

9         So, I wish you well health wise, Mr. Bhola.  But,

10 no, I -- that -- that will conclude this hearing except for

11 one thing.  I need to give you a date for the continuance.

12 And --

13        MR. SELTH:  Your Honor, I would respectfully

14 suggest we kick it out 90 days.  There's just --

15        THE COURT:  Well, I'll give you the latest date

16 that I have.

17        MR. SELTH:  Okay.

18        THE COURT:  It's strictly a matter of procedure

19 that I have a -- I -- I set up in advance the -- the

20 calendar for the Court, and I'll give you whatever the --

21 because as a practical matter, I -- I hope there's nothing

22 new that will come up.

23        MR. SELTH:  If your Honor would be -- your Honor

24 graciously waived the requirement of a status report last

25 time, and I said that if there was any change, of course --

22

1          THE COURT:  Yes.  I --

2          MR. SELTH:  -- in the appeal, I will file them.

3          THE COURT:  Right.  The only thing what I want is

4  a -- well, I need something filed to tell me I -- I would

5  like a -- even if it's a one-paragraph status report, to

6  tell me what the status is, and I will -- for both sides, I

7  have said many times whatever the State Court does, if it's

8  a final order, that's fine with me.  I don't -- you know,

9  it's -- that's okay.  But that could be, it sounds like, a

10 year and a half, two years.  It's unfortunate, but that --

11 that's the nature, I guess, of the State Court system.  It

12 may not be any better -- I think it is better in the Federal

13 system, but no knock on the State Court system.  They have

14 more cases.

15          In any case, so, I'll give you a date right now.

16 I'll give you the latest date.  I mean, as a practical

17 matter, you know, I will -- but basically what I'm asking

18 you to do is just tell me what the status is and -- and

19 requesting a continuance, and this is -- I'm just going to

20 keep doing it until I get a final word from the State Court.

21 Either -- they can either affirm, whatever they do, or

22 reverse, whichever they do, and -- and then something will

23 happen in this Court, and that's fine with me.  I'm going to

24 be bound by whatever they do.

25          MR. SELTH:  If there's -- if that's the only

23

1  matter on calendar, then is it possible it could be just

2  continued based on the status report, without requiring

3  another appearance in person?

4        THE COURT:  Oh, no.  It's not going to be in

5  person.  No, the only -- the only time I require in-person

6  hearings is if there's something in dispute.  If it's just a

7  continuance, no, I'm not going to make either side come in.

8  But if it's something like the things we had today,

9  absolutely, I want people face to face.

10        So, let me give you the date.

11        THE CLERK:  It's December 10th at 10:00.

12        THE COURT:  Okay.  December 10th at 10:00.  And --

13        MR. SELTH:  And I will file a brief status report

14  14 days prior.

15        THE COURT:  Yeah.  Just tell them -- literally,

16  all you have to put in there is -- you've already told me,

17  but I don't like -- I never take things off calendar.  I

18  learned as an appellate judge that things get lost and bad

19  things happen.  So, I -- I keep things on calendar.  I want

20  to make the -- the requirement -- the need for counsel to do

21  anything about it a lesson, but I don't ever just take it

22  off calendar and hope that people will remember years from

23  now.  So, I don't -- I never do that.

24        MR. SELTH:  Thank you, your Honor.

25        THE COURT:  Okay.  Thank you.

24

1          MS. MAZGANI:  Thank you, your Honor.

2          THE COURT:  Thank you.

3          MR. WOO:  Thank you, your Honor.

4          THE COURT:  Thank you.

5      (Proceedings concluded.)

6

7

8

9

10         I certify that the foregoing is a correct

11 transcript from the electronic sound recording of the

12 proceedings in the above-entitled matter.

13

14 /s/Jordan Keilty                    9/27/2024
   Transcriber                        Date
15
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
16

17 /s/L.L. Francisco
   L.L. Francisco, President
18 Echo Reporting, Inc.

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-615**

1   FELIX T. WOO (CA SBN 208107)
    fwoo@ftwlawgroup.com
2   FTW LAW GROUP
    601 South Figueroa Street, Suite 1950
3   Los Angeles, California 90017
    Telephone:    (213) 335-3960
4   Facsimile:    (213) 344-4498

5   Attorney for Plaintiff Kevin Moda

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11  In re:                              Case No. 2:19-bk-21655-BR

12  MAHVASH MAZGANI,                    Adv. No. 2:20-ap-01637-BR

13              Debtor-in-Possession.   Chapter 11

14                                      Judge:    Barry Russell

15  ─────────────────────────────       **OBJECTION TO PROPOSED ORDER
                                        ON ORDER TO SHOW CAUSE WHY
16  KEVIN MODA,                         COMPLAINT SHOULD NOT BE
                                        DISMISSED FOR PLAINTIFF'S
17              Plaintiff,              FAILURE TO ATTEND STATUS
                                        CONFERENCE**
18      vs.

19  MAHVASH MAZGANI,

20              Defendant.              Hearing Date:   September 24, 2024
                                        Time:           10:00 a.m.
21                                      Courtroom:      1668

22

23

24

25

26

27

28

**ER-616**

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY
JUDGE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant Kevin Moda ("Moda") respectfully files this
Objection (the "Objection") to the *Order Dismissing Adversary Complaint* ("Proposed Order").
ECF No. 91.

As set forth below, Moda objects to the Proposed Order because it does not reflect the
record accurately.

**I.    RELEVANT FACTUAL BACKGROUND.**

1.    On December 28, 2020, the Court issued an *Order Granting Defendant's Motion to
Stay Plaintiff's Adversary Proceeding.* ECF No. 30.

2.    Between March 2021, and January 2024, the Court held various status conferences.

3.    On February 28, 2024, Moda filed a Status Report.  ECF No. 73.

4.    On March 12, 2024, the Court held a Status Conference in the above referenced
adversary proceeding matter.  Moda appeared *in pro per* and Nazanin Mazgani appeared for
Defendant Mahvash Mazgani ("Defendant").  At the end of the hearing, the Court continued the
Status Conference to June 4, 2024 ("June 4, 2024 Status Conference").  ECF No. 75.

5.    Moda's former attorney, Vip Bhola ("Bhola"), agreed to specially appear for Moda
at the June 4, 2024 Status Conference.  ECF No. 89.

6.    However, prior to the June 4, 2024 Status Conference, Bhola suffered a fall outside
of the courthouse and was unable to attend the status conference.  ECF No. 89.  James R. Selth,
Esq. ("Selth") specially appeared for Defendant.  The Court set an *Order to Show Cause Why
Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status Conference* for August
6, 2024 ("August 6 OSC").  ECF No. 77.

7.    On August 6, 2024, Moda informed the Court that he did not receive notice of the
August 6 OSC.  ECF No. 84. The Court continued the hearing on the August 6 OSC to September
24, 2024.  ECF Nos. 85, 86.

8.    On September 10, 2024, Bhola filed a *Response to OSC Issued on August 6, 2024
for Failing to Appear at Status Conferences Set on that Day* ("Response").  ECF No. 89.  Bhola

**ER-617**

filed the response on behalf of Moda because Bhola had agreed to specially appear for Moda at the

June 4, 2024 Status Conference, and thus, desired to explain his inability to specially appear that

day.  ECF No. 89.

9.      On September 24, 2024, Moda appeared *in pro per*, Bhola appeared via Zoom due

to his hospitalization, and Nazanin Mazgani appeared for Defendant Mahvash Mazgani.  At the

conclusion of the hearing, the Court dismissed the case.

10.     On September 26, 2024, Defendant lodged the Proposed Order.

## II.     ARGUMENT

### A.     The Objection is Timely.

Pursuant to Bankr. C.D. Cal. R. 9021-1(b)(3)(B),

If an objection to the form of a lodged order is to be filed, the opposing party must immediately (within 2 court days) upon receipt of the form of the proposed order contact the judge's clerk in chambers of the judge presiding in the matter by telephone, unless the judge's procedure indicates otherwise, to notify the presiding judge that an opposition will be filed. A voicemail detailing the matter, calendar number and date of the hearing, and the nature of the opposition, left with the judge's clerk may suffice as compliance with this duty.  Opposing counsel must, within 7 days after service of a copy of a proposed order prepared under this rule, file and serve a written objection to the form of the order, setting forth the grounds therefor.

*Id.*

Defendant lodged the Proposed Order on September 26, 2024.  ECF No. 91.  On the same

day, Moda informed the Court of the Objection.  Moda is filing this objection on October 3, 2024,

which is within seven (7) days of service of the Proposed Order.  Thus, this Objection is timely.

### B.     The Proposed Order Does Not Correctly Represent the Record.

The Proposed Order asserts the following:

Plaintiff did not file a Response to the Second OSC despite being served by both Defendant's counsel and the Bankruptcy Court Noticing center.

**IT IS HEREBY ORDERED** that Plaintiffs Adversary Complaint is dismissed with prejudice for lack of prosecution.

ECF No. 91.  Moda asserts that the Proposed Order does not accurately reflect the record.

### 1.     Bhola Filed a Response to the August 6, 2024 OSC, on Behalf of Moda.

As discussed above, while Bhola is not counsel of record for Moda in this adversary

**ER-618**

proceeding, he filed a response to the August 6, 2024 OSC because he had previously agreed to specially appear for Moda at the June 4, 2024 Status Conference.  ECF No. 89.  However, Bhola's medical emergency outside of the courthouse caused him to fail to specially appear for Moda at the June 4, 2024 Status Conference.  ECF No. 89.  Bhola's failure to specially appear for Moda resulted in the Court's issuance of the August 6, 2024 OSC.  ECF No. 89.  Hence, it was appropriate for Bhola, on behalf of Moda, to file a response to explain to the Court that Bhola's physical disability and medical emergency (requiring urgent medical attention) that resulted in his failure to specially appear for Moda and the issuance of the August 6, 2024 OSC.

**2.    The Dismissal is Without Prejudice.**

Federal Rule of Civil Procedure 41, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7041, states that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  At hearing on the August 6, 2024 OSC, the Court did not indicate it was dismissing the case *with prejudice*.  Accordingly, the case should be deemed dismissed without prejudice.

**III.    CONCLUSION**

Based on the foregoing, Moda respectfully requests the Court enter the alternative form of order attached hereto as **Exhibit 1**.

Dated: October 3, 2024                FTW LAW GROUP

By: _____
     FELIX T. WOO
     Attorney for Plaintiff Kevin Moda

**ER-619**

Exhibit 1

1  FELIX T. WOO (CA SBN 208107)
   fwoo@ftwlawgroup.com
2  FTW LAW GROUP
   601 South Figueroa Street, Suite 1950
3  Los Angeles, California 90017
   Telephone:    (213) 335-3960
4  Facsimile:    (213) 344-4498

5  Attorney for Defendant Kevin Moda

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11  | In re: | Case No. 2:19-bk-21655-BR |
12  | MAHVASH MAZGANI, | Adv. No. 2:20-ap-01637-BR |
13  | | Chapter 11 |
    | Debtor-in-Possession. | |
14  | | Judge:    Barry Russell |
15  | | **PROPOSED ORDER ON ORDER TO** |
16  | KEVIN MODA, | **SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR** |
17  | Plaintiff, | **PLAINTIFF'S FAILURE TO ATTEND STATUS CONFERENCE** |
18  | vs. | |
19  | MAHVASH MAZGANI, | |
20  | Defendant. | Hearing Date:    September 24, 2024 |
    | | Time:    10:00 a.m. |
    | | Courtroom:    1668 |
21
22
23
24
25

26      On September 24, 2024 at 10:00 a.m., this matter came before this Court on the *Order to*

27  *Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status*

28  *Conference*.  ECF Nos. 85, 86.  Plaintiff Kevin Moda appeared in pro per, Nazanin Mazgani, Esq.

**ER-621**

1  appeared on behalf of Defendant Mahvash Mazgani, and Vip Bhola, Esq. also appeared.

2  **IT IS HEREBY ORDERED** that:

3  1.  The Adversary Proceeding is dismissed without prejudice for all the reasons stated on

4  the record.

5  # # #

**ER-622**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

601 South Figueroa Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document entitled (*specify*): _ OBJECTION TO PROPOSED ORDER ON
ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR PLAINTIFF'S
FAILURE TO ATTEND STATUS CONFERENCE _____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10/03/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

• Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
• Betty Luu bluu@duanemorris.com
• James R Seith jselth@wztslaw.com, jselth@yahoo.com, maraki@wztslaw.com, sfritz@wztslaw.com,
admin@wztslaw.com
• United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• Nazanin Mazgani mazganilaw@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/23/2024_, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Judge Barry Russell, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Suite 1660, Los Angeles,
CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/03/2024 | Felix T. Woo | /s/ Felix T. Woo |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**
**ER-623**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| FELIX T. WOO (CA SBN 208107) fwoo@ftwlawgroup.com FTW LAW GROUP 601 South Figueroa Street, Suite 1950 Los Angeles, California 90017 Telephone: (213) 335-3960 Facsimile: (213) 344-4498 | |

☐ *Individual appearing without attorney*
☒ *Attorney for* Plaintiff    Kevin Moda

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: MAHVASH MAZGANI | CASE NO.: 2:19-bk-21655-BR |
|---|---|
| Debtor(s). | CHAPTER: 11 ADVERSARY NO.: 2:20-ap-01637-BR |
| KEVIN MODA Plaintiff(s), vs. MAHVASH MAZGANI Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:** *(title of motion[1])*: Order on Order to Show Cause Why Complaint Should Not Be Dismissed For Plaintiff's Failure to Attend Status Conference |

PLEASE TAKE NOTE that the order or judgment titled Order on Order to Show Cause Why Complaint Should Not Be Dismissed For Plaintiff's Failure to Attend Status Conference

was lodged on (*date*) 10/03/2024 and is attached.  This order relates to the motion which is docket number 86 .

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1   FELIX T. WOO (CA SBN 208107)
    fwoo@ftwlawgroup.com
2   FTW LAW GROUP
    601 South Figueroa Street, Suite 1950
3   Los Angeles, California 90017
    Telephone:    (213) 335-3960
4   Facsimile:    (213) 344-4498

5   Attorney for Plaintiff Kevin Moda

6

7

8                 UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11  In re:                                  Case No. 2:19-bk-21655-BR

12  MAHVASH MAZGANI,                        Adv. No. 2:20-ap-01637-BR

13              Debtor-in-Possession.       Chapter 11

14  ──────────────────────────              Judge:    Barry Russell

15                                          **PROPOSED ORDER ON ORDER TO
                                            SHOW CAUSE WHY COMPLAINT**
16  KEVIN MODA,                             **SHOULD NOT BE DISMISSED FOR
                                            PLAINTIFF'S FAILURE TO ATTEND**
17              Plaintiff,                  **STATUS CONFERENCE**

18       vs.

19  MAHVASH MAZGANI,                        Hearing Date:    September 24, 2024
                                            Time:            10:00 a.m.
20              Defendant.                  Courtroom:       1668

21

22

23

24

25

26       On September 24, 2024 at 10:00 a.m., this matter came before this Court on the *Order to*

27  *Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status*

28  *Conference.*  ECF Nos. 85, 86.  Plaintiff Kevin Moda appeared in pro per, Nazanin Mazgani, Esq.

                                        1

appeared on behalf of Defendant Mahvash Mazgani, and Vip Bhola, Esq. also appeared.

**IT IS HEREBY ORDERED** that:

1.     The Adversary Proceeding is dismissed without prejudice for all the reasons stated on the record.

# # #

**ER-626**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

601 South Figueroa Street, Suite 1950
Los Angeles, California 90017/.s

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____10/03/2024____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

• Gregory Kent Jones {TR} gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
• Betty Luu bluu@duanemorris.com • United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• James R Seith jselth@wztslaw.com, jseith@yahoo.com, maraki@wztslaw.com, sfritz@wztslaw.com, admin@wztslaw.com • Nazanin Mazgani mazganilaw@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Barry Russell, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/03/2024 | Felix T. Woo | /s/ Felix T. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9021-1.2.ADV.NOTICE.ORDER.JUDGMENT**

```
 1              UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                       --oOo--

 4  In Re:                      )  Case No. 2:19-bk-21655-BR
                                )
 5  MAHVASH MAZGANI,            )  Chapter 11
                                )
 6          Debtor.             )  Los Angeles, California
    _____)  Tuesday, September 21, 2021
 7                              )  10:00 a.m.
    MODA,                       )
 8                              )
            Plaintiff,          )
 9                              )
    vs.                         )  Adv. No. 2:20-ap-01637-BR
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____)

13                              CONT'D STATUS CONFERENCE RE
                                COMPLAINT FOR:
14                              NONDISCHARGEABILITY OF DEBT
                                PURSUANT TO:
15                              11 U.S.C. SECTION 523(A)(2)(A)
                                11 U.S.C. SECTION 523(A)(4)
16                              11 U.S.C. SECTION 523(A)(6)

17                              DENIAL OF DISCHARGE PURSUANT
                                TO:
18                              11 U.S.C. SECTION 727(A)(2)
                                11 U.S.C. SECTION 727(A)(3)
19                              11 U.S.C. SECTION 727(A)(4)

20                              HRG. RE DEBTOR'S MOTION FOR
                                ORDER DISALLOWING CLAIM NO. 2
21                              LUIGI INTERLANDI

22                              HRG. RE DEBTOR'S MOTION FOR
                                ORDER DISALLOWING CLAIM NO. 10
23                              - PARK AVE INVESTMENT CAPITAL,
                                LLC
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

ii

1          HRG. RE DEBTOR'S MOTION FOR
           ORDER DISALLOWING CLAIM NO. 12
2          - BEVERLY HILLS LENDERS, LLC

3          HRG. RE DEBTOR'S MOTION FOR
           ORDER DISALLOWING CLAIM NO. 15
4          HOWARD KAPP

5          HRG. RE DEBTOR'S MOTION FOR
           ORDER DISALLOWING CLAIM NO. 16
6          MANDY STOVER

7          HRG. RE DEBTOR'S MOTION FOR
           ORDER DISALLOWING CLAIM NO. 17
8          - DIAMOND QUALITY ESCROW

9          HRG. RE DEBTOR'S MOTION FOR
           ORDER DISALLOWING CLAIM NO. 18
10         - CESA KRAUSS

11         HRG. RE DEBTOR'S MOTION FOR
           ORDER DISALLOWING CLAIM NO. 4
12         - APERTURE LAW FIRM

13         HRG. RE SECOND INTERIM
           APPLICATION FOR ALLOWANCE OF
14         FEES AND REIMBURSEMENT OF
           EXPENSES OF WEINTRAUB & SELTH,
15         APC, GENERAL BANKRUPTCY
           COUNSEL TO THE DEBTOR AND
16         DEBTOR IN POSSESSION, FOR THE
           PERIOD FROM DECEMBER 1, 2020
17         THROUGH AND INCLUDING JULY 31,
           2021
18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-629**

iii

```
 1                              HRG. RE SECOND INTERIM
                               APPLICATION FOR ALLOWANCE OF
 2                              FEES AND REIMBURSEMENT OF
                               EXPENSES OF SANDERS ROBERTS
 3                              LLP, SPECIAL LITIGATION
                               COUNSEL TO THE DEBTOR AND
 4                              DEBTOR IN POSSESSION, FOR THE
                               PERIOD FROM DECEMBER 1, 2020
 5                              THROUGH AND INCLUDING JULY 31,
                               2021
 6
                               SANDERS ROBERTS LLP, SPECIAL
 7                              COUNSEL, PERIOD: 12/1/2020 TO
                               7/31/2021, FEE: $74,000.00,
 8                              EXPENSES: $5,143.78
 9                              HRG. RE FIRST INTERIM
                               APPLICATION OF SUBCHAPTER V
10                              TRUSTEE FOR APPROVAL OF FEES
                               AND REIMBURSEMENT OF EXPENSES
11
                               GREGORY KENT JONES (TR)
12                              TRUSTEE, PERIOD: 7/16/2020 TO
                               6/1/2021, FEE: $33,480.00,
13                              EXPENSES: $167.04.
14                              CONT'D STATUS CONFERENCE RE
                               SUBCHAPTER V CHAPTER 11 CASE
15                              FR. 8-25-2020, 9-15-2020, 12-
                               1-2020, 3-16-2021, 6-22-2021
16
                      TRANSCRIPT OF PROCEEDINGS
17              BEFORE THE HONORABLE BARRY RUSSELL
                 UNITED STATES BANKRUPTCY JUDGE
18
19 APPEARANCES:

20 For the Debtor:            JAMES R. SELTH, ESQ.
                               Weintraub & Selth, APC
21                              11766 Wilshire Boulevard
                               Suite 1170
22                              Los Angeles, California 90025
                               (310) 207-1494
23

24

25
```

*Echo Reporting, Inc.*

**ER-630**

```
                                                                    iv
 1  APPEARANCES:  (Cont'd.)

 2  For the Debtor:              NAZANIN MAZGANI, ESQ.
                                 Law Offices of Nazanin Mazgani
 3                               10954 Massachusetts Avenue
                                 Los Angeles, California 90024
 4                               (310) 892-0820

 5  For Park Avenue Investment,  W. DEREK MAY, ESQ.
      LLC, and Mark Kemmel:      Law Office of W. Derek May
 6                               400 North Mountain Avenue
                                 Suite 215B
 7                               Upland, California 91786
                                 (909) 920-0443
 8
    Subchapter V Trustee:        GREGORY KENT JONES, ESQ.
 9                               Stradling Yocca Carlson
                                  & Rauth
10                               10100 North Santa Monica
                                  Boulevard
11                               Suite 1400
                                 Los Angeles, California 90067
12                               (424) 214-7044

13  Court Recorder:              Wanda Toliver
                                 United States Bankruptcy Court
14                               Edward R. Roybal Federal
                                  Building
15                               255 East Temple Street
                                 Los Angeles, California 90012
16
    Transcriber:                 Jordan Keilty
17                               Echo Reporting, Inc.
                                 9711 Cactus Street, Suite B
18                               Lakeside, California 92040
                                 (858) 453-7590
19

20

21

22

23

24

25
```

1

1  LOS ANGELES, CALIFORNIA TUESDAY, SEPTEMBER 21, 2021 10:00 AM

2                              --oOo--

3       (Call to order of the Court.)

4            THE CLERK:  Number 7, Mazgani.

5            MS. MAZGANI:  Good morning, your Honor.  Nazanin

6  Mazgani appearing on behalf of Mahvash Mazgani.

7            THE COURT:  Okay.  Now, anybody else here for the

8  other -- I think -- I see people in the audience, but I

9  don't know --

10           MS. MAZGANI:  So, I'm just appearing on the

11 adversary, your Honor.  They're here on the just regular

12 bankruptcy hearing.  So, I was in a State Court nearby.  I

13 wasn't able to get on Zoom.  So, that's why I'm here in

14 person.

15           THE COURT:  Okay.  Well, that's -- that's fine.  I

16 -- well, this is just the -- this is just for the status.

17           MS. MAZGANI:  That's correct, your Honor.

18           THE COURT:  Because we do have the other motions.

19           MS. MAZGANI:  Yes.

20           THE COURT:  Okay.  So -- so, what is -- I'm

21 curious.  I've been -- this whole case -- well, not the

22 entire case, but the big part of the case, let's put it this

23 way, and that's why I continued the -- the plan and so

24 forth, was so they could resolve the litigation with Mr.

25 Moda in the -- in the State Court.  And I have no opinion

*Echo Reporting, Inc.*

**ER-632**

2

1  one way or the other on it.  I just want to know what the --

2  what the ruled in the State Court, and whatever that is,

3  that's fine with me.  So -- so, what is -- what is going on?

4  I have, of course, your status report, but -- but since --

5  since that report was filed, maybe something has happened.

6        MS. MAZGANI:  So, your Honor, on September 27th,

7  there is a -- I guess there's some sort of status

8  conference.  One issue that we basically encountered in the

9  State Court case is that the number of hours for witness

10 testimony is very long.  And, so, the sitting judge right

11 now is stating that this might be a long cause trial.

12       THE COURT:  Right.

13       MS. MAZGANI:  And, so, on the 27th, there's

14 supposed to be a determination as to whether or not this

15 will be a regular case in front of the sitting judge or

16 whether or not it will have to go in front of a long cause

17 judge.

18       THE COURT:  And -- and if it does go to long

19 cause, does he have any idea at this point what that means?

20 I mean, I understand the concept, but -- it means it will be

21 longer, but any idea --

22       MS. MAZGANI:  Fortunately, I'll probably know more

23 next week.

24       THE COURT:  Okay.  Well, maybe I'll do this.  Why

25 don't I -- you know it's not going to be tried within the

3

1  next week or so.

2          MS. MAZGANI:  Sure.

3          THE COURT:  So, maybe -- so, what I'm going to do

4  is just -- just continue this maybe 60 days, something like

5  that.  But certainly by that time, you'll know, and we can

6  probably do that as well on Zoom, because all -- all that's

7  really -- the reason I want it on Zoom is there's not going

8  to be any argument or anything.

9          MS. MAZGANI:  Sure.

10         THE COURT:  There's just going to be when is it --

11 and what I plan on doing, just so you know procedurally,

12 when we have things, whether it's an appeal or in another

13 court, I just continue it maybe 90 days at a time, and --

14 and then, since it's Zoom, it's not a big deal to -- to

15 appear again, but then even on Zoom, if it's just to be

16 continued, I may just continue it 90 days at a time until

17 finally there's a trial and we know what's happening.  So,

18 let me give you a date right now.

19         MS. MAZGANI:  Okay.

20         THE CLERK:  November 30th at 10:00.

21         THE COURT:  Okay.  So, I'm going to continue this

22 to November 30th at 10:00, and with, again, as always, two

23 weeks prior to that a status report.  Now, in your status

24 report, you'll let me know, you know, hopefully when the

25 trial is, and then if -- if in that report you request I

4

1  just continue it another whatever time, that's probably what

2  I will do, and I may not even set another Zoom hearing, but

3  I'll decide that at the time.  But -- but under no

4  circumstances -- no circumstances will -- until it's finally

5  settled will there be an in-court hearing.

6          MS. MAZGANI:  Okay, your Honor.

7          THE COURT:  Okay.  So, why don't you send out that

8  notice just November 30th at 10, and that's for a -- a

9  status.

10         MS. MAZGANI:  Okay.

11         THE COURT:  All right.

12         MS. MAZGANI:  All right.  Thank you, your Honor.

13         THE COURT:  So, that's -- that takes care of that

14  one.  Let's see.  That's number -- what is that on the

15  calendar?

16         THE CLERK:  That was 7.  Then Number 8, the

17  objection to the claim Number 2.

18         THE COURT:  Oh, okay.

19         MR. SELTH:  Good morning again, your Honor.  James

20  Selth on behalf of the Debtor on all the next matters.

21         THE COURT:  Okay.

22         MR. JONES:  Good morning, your Honor.  Greg Jones,

23  Subchapter 5 Trustee, for the remaining matters.

24         THE COURT:  Okay.  And now what -- what about the

25  other side, your objections?

5

1        MR. SELTH:  Well, he's not on -- he's on five of

2   the eight, but --

3        THE COURT:  Okay.  Let's take them in order, but

4   why don't you just have a seat, Counsel, and we'll -- you

5   can sit right here.  That's fine.  So, that -- Number 7, the

6   -- the status, that's continued to November 30 at 10:00.

7   And then -- okay.  So, let's go -- let's go through these

8   one at a time.  None of these are going to really take much

9   time.  I mean, I spent a lot of time, as I always do, in --

10  in preparing, but I'm going to go through these one at a

11  time and --

12       MR. SELTH:  Three of them, your Honor, have no --

13       THE COURT:  I was going to say some of them --

14       MR. SELTH:  -- oppositions --

15       THE COURT:  -- Those --

16       MR. SELTH:  And five do.

17       THE COURT:  -- are the easy ones.  Some of them

18  they're all connected, Stover and the -- and the claims --

19  two of them are really the same claim, and apparently

20  they've given up on that for whatever reason.  I don't know

21  since I've gotten no response.

22       So, Number 8, Claim Number 2, there's been no --

23  no -- no response.  So, all right.

24       MR. SELTH:  Correct, your Honor.

25       THE COURT:  You -- you've gotten no response?

6

```
 1          MR. SELTH:  Correct, your Honor.
 2          THE COURT:  Okay.  So, I will -- I will sustain
 3   that, and that's number eight.  And then Number 9 is --
 4   let's see.  The other one was related to two.  I can't
 5   remember the number.
 6          MR. SELTH:  It's 16 and 17 there was no --
 7          THE COURT:  Yeah.  Let me --
 8          MR. SELTH:  -- response to our objection.
 9          THE COURT:  Let me take care of those.  I knew
10   they were ready, but we didn't know that at first when we
11   set these numbers up.  So -- so, that's Number -- what was
12   that again, Stacey?
13          MR. SELTH:  Claims 16 and 17.
14          THE COURT:  Well, 17 is actually --
15          THE CLERK:  That's Number 13 on the calendar and
16   Number 12.
17          THE COURT:  Yeah.  Now, I'm looking at 13 on the
18   -- on the calendar.  It's a claim -- yeah.  It's the
19   claim --
20          MR. SELTH:  Right.
21          THE COURT:  It's the claim numbers, and I'm --
22   you're --
23          MR. SELTH:  Okay.
24          THE COURT:  You're doing claim numbers, and I'm
25   thinking on the calendar.
```

7

1          THE CLERK:  If we go in order, Number 9 is Claim
2    Number 10.
3          THE COURT:  Okay.  9 --
4          THE CLERK:  Is Claim Number 10.
5          THE COURT:  All right.  Claim Number -- is that --
6    now, you are here, Counsel, for which one?
7          MR. MAY:  Yes, your Honor.  I'm here for Matters
8    Number 9, 10, 11, 14, and 15.
9          THE COURT:  Okay.  Why don't we just take them in
10   order.  We might as well just do that.
11          So, I will -- okay.  So, Number 9, let me tell you
12   what -- let me tell you what I -- I don't normally do this,
13   but tell you at least my -- and none of these, by the way,
14   at least these, am I going to rule in favor of one side or
15   another, just so you understand.  But you'll -- you'll see
16   in a minute what I plan on doing.  For instance, on this
17   one, the -- this is one -- this is one, as I understand it,
18   it's a -- it's a cost in the State Court litigation, right?
19          MR. MAY:  That's -- that's essentially most of the
20   issue --
21          THE COURT:  Right.
22          MR. MAY:  -- your Honor.
23          THE COURT:  Yes.  That's --
24          MR. SELTH:  Yes.
25          THE COURT:  -- what it is.

8

1          MR. SELTH:  Three of these are assigned judgments.

2  The --

3          THE COURT:  Right.

4          MR. SELTH:  -- judgments -- judgments are

5  assigned, the Petitioning Creditors --

6          THE COURT:  Right.  And I'm going to do the same

7  thing in each one of these.

8          MR. SELTH:  For these three?

9          THE COURT:  These three.

10         MR. SELTH:  Yeah.

11         THE COURT:  Starting with number nine.  They have

12  -- the State Court judgment, nobody's challenging the

13  judgment.  It's -- it's attorneys' fees and costs and what

14  have you.  And this you can understand.  I'm not -- I -- I

15  can't and should not, will not decide that.  That's

16  inappropriate for me to be deciding it.

17         The reason it wasn't done in the State Court why

18  was because the involuntary was filed.  So, it seems to me

19  after reading through all this the light went on in my head.

20  I said, Well, what I need to do is to lift the stay as to

21  both of you, as to the Debtor and -- and as to the creditor,

22  lift the stay to allow you to go to the State Court, because

23  I'm not going to -- just so you know, I'm not in a position

24  to decide these things.  I have no opinion on the merits of

25  it, and the reason it wasn't taken care of in the State

9

1  Court was because -- because the -- because of the

2  involuntary.

3          So, what I'm going to do, unless somebody has some

4  objection, because I can tell you there's no way in the

5  world I or any other bankruptcy judge is going to be

6  determining things that -- that are appropriately filed in

7  the -- in the State Court.

8          As I recall, you already -- in all of these, you

9  did file your request in the State Court, right, for these

10 -- in these three cases?

11         MR. MAY:  The -- the memorandum of cost?

12         THE COURT:  Yes, yes.

13         MR. MAY:  Yes.

14         THE COURT:  So, that's been done, and then you had

15 timed -- of course, now because of the bankruptcy, that

16 stopped.  And, so, that's my -- what I am going to do.  And

17 anything -- and all -- that's Numbers -- Number 9 on the

18 calendar and Number -- I've got the claim number.  It's --

19 that's why it's confusing.  It's Claim Number 10, which is

20 Number 9 on the calendar.

21         And what's -- what are the other two that you're

22 on?

23         MR. SELTH:  Krauss, Beverly Hills Lenders are the

24 other two.

25         THE COURT:  Okay.  And what numbers on the

10

1 calendar are those?

2          THE CLERK:  It's -- Number 14 is Cesa Krauss.

3          THE COURT:  Okay.  14, which is Claim Number 18.

4          MR. SELTH:  Yes.

5          THE COURT:  Okay.  That's why we got two numbers

6 going.  So, it's Number 9, Number 14 on the calendar, but

7 it's Claim Number 10, Claim Number 18, and what's the other

8 one, Counsel?

9          MR. SELTH:  Beverly Hills Lenders.

10          THE CLERK:  And that's Calendar Number 10.

11          THE COURT:  Okay.  So, calendar wise, on claim

12 numbers, it's Claim Numbers 10, 12 and 18.  Is that correct?

13 These are all --

14          MR. SELTH:  Yes.

15          THE COURT:  -- the State Court?

16          MR. SELTH:  Yes.

17          THE COURT:  And on our calendar, they're 9, 10 and

18 14.  So -- so, is that -- it seems to me that's the only

19 logical solution to this is to lift the stay.  You just go

20 back to -- to the State Court, right?  Is that -- either of

21 you have any problem with that, because that's the only

22 solution that I can see?

23          MR. SELTH:  So, the stay would be lifted to allow

24 a motion to tax costs to be filed and -- and heard and

25 argued?

11

1          THE COURT:  Yes.  But I'd like one of you -- why

2   don't we -- since you -- why don't you prepare the order and

3   send it over to the counselor, and that's all it's going to

4   be.  It's for both of you.  It will make it clear that --

5   that I'm going to lift the stay for both of you to do

6   whatever you need -- need to be done, because you will file

7   your response, and then you, of course, may file a response

8   to that.  Whatever it takes, that the stay will be lifted as

9   to both of you to complete the -- the -- the issue in the

10  State Court as far as the cost.  Why don't you prepare it?

11          MR. SELTH:  I will.

12          THE COURT:  Send it over and -- and -- and --

13  because as long as it says pretty much what I've said, it

14  will be fine.  I would hope I don't have any --

15          MR. SELTH:  Okay.  So --

16          THE COURT:  So, what I'm going to do is --

17          MR. SELTH:  Do you want three -- three different

18  orders?

19          THE COURT:  I think so.  There are three --

20  because there are three different --

21          MR. SELTH:  And what about the objection to

22  claims, are they --

23          THE COURT:  Well, that's -- that's an -- well, we

24  could do -- what do you think, Stacey?  Do we need three

25  separate orders?

12

1    THE CLERK:  Yes.

2    THE COURT:  Okay.  She's my -- one that tells me

3  from the clerk's office we have three separate objections.

4  So, we need -- so, basically, do -- do one.  It will be the

5  same except for -- except for the -- for the claim.  And

6  then what I will do is the following.  On all three of

7  these, I'm going to -- I still ultimately have to rule on

8  it.  And, basically, just so you know, whatever the State

9  Court does, I'm going to -- I'm just going to approve, but I

10 -- I'm not going to start all over, but I think you're

11 right, since you've made it.

12        So, what I'm going to do is in each one of these

13 continue it let's say about 90 days.  I'll give you a date,

14 and -- and I want to -- and two weeks --

15    MR. SELTH:  Can I ask -- I'm going to -- can I ask

16 my client about it because they're more familiar with the

17 timing in Superior Court of how quickly hearings are

18 being --

19    (Pause to confer.)

20    MR. SELTH:  Yeah, at least 90, maybe 100 --

21    THE COURT:  Well, what I -- for me, just so you

22 know, procedurally, I -- I don't do anything more than 90

23 days at a time.  So, what I'll do is I'll give you a date

24 right now.  I'll continue these three to -- do we have

25 something about -- that would be?

13

1          THE CLERK:  The last day in December is December
2    14th at 10:00.

3          THE COURT:  Okay.  December -- okay. December 14th
4    at 10:00.  And I'll have this on Zoom because it's not --
5    whatever -- ultimately, whatever happens in the State Court,
6    you'll -- that -- I'm just going to abide by that.  I have
7    no opinion one way or the other.

8          MR. SELTH:  Would you like a status report in two
9    weeks, your Honor?

10          THE COURT:  Yes.  Again, what I'd like is in each
11    one of these -- you read my mind.  December 14th at 10:00,
12    status report in each one of these.  And then a status 14
13    days before.

14          And what I'll do as follows, which I couldn't
15    explain earlier, if it's -- if you know the answer, that if
16    it's been ruled on by that time, fine.  Then you'll just --
17    at the status, you'll just tell me what the Court ruled, and
18    unless an appeal of that, I -- I will just approve that.  I
19    mean, that's what I plan on doing.  There's no -- I'm not
20    going to -- that's the whole idea of sending it over there.
21    it will be res judicata and collateral estoppel.  It's just
22    like a nondischargeability complaint.  Whatever -- the same
23    thing in -- in the main litigation with Mr. Moda.  Whatever
24    the State Court does, I'm just going to -- I'm going to
25    abide by.

14

1    So, but if -- if when you file that 14 day -- that
2  status report 14 days prior to -- to December 14th and --
3  then you'll know when the hearing's going to be.  If it --
4  if it then -- and then I'll act accordingly.  If you'll then
5  -- and that -- if it hasn't been heard, you'll ask for
6  another whatever, you know, month, two months, and then I
7  will do that again.  And, ultimately, I will -- and then I
8  won't -- and if you do that, then I'll just continue it, and
9  I won't even require you to -- to come on.  But at some
10 point, the State Court's going to rule on these, and at that
11 point, then we need a hearing, and I'll just -- you'll --
12 you'll file a motion -- well, you already filed your motion,
13 the -- the -- I will just approve whatever the State Court
14 did.  That will -- that will be the order --
15         MR. SELTH:  We may be able to lodge a stipulated
16 order.
17         THE COURT:  Yeah.  I suspect at that point,
18 whatever it is -- I have no opinion on what will happen,
19 but, yeah, just a stipulated order because if that -- if it
20 is -- and that will be the amount of the claim, whatever --
21 it could be whatever -- whatever the State Court says.
22         So, is that clear, what we'll do on these three?
23         MR. SELTH:  Yes, your Honor.
24         THE COURT:  Okay.  So, why don't you prepare the
25 order, Counsel, and then send it over, and -- and, so,

*Echo Reporting, Inc.*

**ER-645**

15

1  that's -- that's these three.  Let me -- let me make my

2  notes here on the calendar.  That's Number 9 -- continued

3  all of these to 12/14 at 10:00 a.m.  That's Number 10.

4          MR. MAY:  Your Honor?

5          THE COURT:  Yes.

6          MR. MAY:  I never made my appearance on the

7  record.

8          THE COURT:  Well, that's --

9          MR. MAY:  Derek May for the creditors.

10          THE COURT:  Okay.  Thank you very much.  At some

11  point somebody would have told me, but you did.

12          Okay.  Okay.  And then that was 9, 10 and then 14.

13  Okay.  Okay.  So, those are those.

14          So, we have taken care of 8, and then there were

15  these other ones there were no oppositions on those.

16          THE CLERK:  We have Number -- Calendar Number 11,

17  which is Claim Number 14.

18          THE COURT:  Okay.  Number -- well, there was not

19  claim -- well --

20          MR. SELTH:  That one's --

21          THE COURT:  -- what number?

22          THE CLERK:  15?  Yeah.  It's calendar Number 11.

23          THE COURT:  Oh, right.  Well, there -- no.  Number

24  11 -- I -- on the calendar, that's Number 4.  So, I want to

25  make sure we're talking about the same -- I've taken care of

16

1  now 8 -- calendar numbers -- 8, 9, 10 and 14.

2          THE CLERK:  I know.  And next is --

3          THE COURT:  Okay.  So, let's --

4          THE CLERK:  -- Calendar Number --

5          THE COURT:  -- take are of --

6          THE CLERK:  -- 11.

7          THE COURT:  Now -- okay.  Now, Calendar Number

8  11 --

9          THE CLERK:  11.

10         THE COURT:  -- there is an opposition to.

11         MR. SELTH:  Yes.

12         THE CLERK:  Right.  I'm calling in order.

13         THE COURT:  Oh, okay.  I'm sorry.  That's okay.

14  Okay.  So, Number 11, this one -- who represent -- who is

15  the -- is there -- is the other counsel here?  Oh, you're

16  saying -- oh, so, you're on this one as well?

17         MR. MAY:  Yes, your Honor.

18         THE COURT:  Okay.  This one also has -- has -- is

19  more substantial as to numbers.  But, as I recall, this one

20  -- this was supposed to be arbitrated, right?

21         MR. SELTH:  That's correct, your Honor.  The

22  Debtor signed a binding fee arbitration.

23         THE COURT:  And then the -- again, the involuntary

24  was filed, and everything came to a stop.

25         MR. SELTH:  And this -- and this attorney was one

17

1  of the petitioning creditors who stopped it.

2          THE COURT:  Right, right, right.  No, no, again,

3  I'm not -- those are the facts.  What I'm going to do -- it

4  should not surprise you given what I did in the others -- it

5  seems to me that I should now allow you to continue with the

6  arbitration.  And, so, that -- I think you probably need

7  again an order lifting the stay, would you not?  It seems to

8  me that would be the order.  And, again, I have no opinion,

9  again, as in the others as to the merits, but both sides

10  obviously agree that there would be the -- the arbitration,

11  but the bankruptcy stopped it.

12          So, what I'm going to do, why don't you prepare a

13  similar order lifting the stay as to both of -- both sides

14  in the arbitration to proceed with the arbitration, and then

15  what I'm going to do is I will lift the -- I will continue

16  it to the same day, same as the others, just for convenience

17  sake.  And maybe, you know, the -- when the arbitration

18  takes place, obviously it has nothing to do with the State

19  Court.  So, who knows when that -- but that might be sooner

20  because you're dealing with an arbitration.  But I have no

21  opinion.  So, why don't I continue that also.  That was

22  what?  Was that November 30?

23          THE CLERK:  No.  December 14.

24          THE COURT:  Oh, I'm sorry.  December -- yeah, I'm

25  sorry.  I was looking at the other one.  December 14th at

18

1  10:00 for, again, a status, and the same as in the other,

2  prepare an order lifting the stay as to both -- as to both

3  sides.  You can proceed with the arbitration.  And at some

4  point, we'll find out again whatever that -- whatever the --

5  technically, the arbitration, whatever the ruling is, the

6  State Court will have to -- at least as I understand the law

7  -- I may be off on this.  I don't know -- I don't know to

8  what extent the -- I don't know the answer.  I know the

9  question.  Typically the arbitration in the State Court

10  confirms it.

11          MR. SELTH:  I don't know if we have to do that in

12  this --

13          THE COURT:  I'm not sure.  I honestly don't know

14  the answer.  But whatever the -- just so you know, from my

15  standpoint, whatever the arbitrator does, I will -- I will

16  go along with it unless there's some craziness going on.

17  Whether or not it has to go to -- I honestly don't know the

18  answer.  It may be that that -- that that will be just res

19  judicata and collateral estoppel period.  I'm not sure of

20  the answer, but I just raise it for the two of you that

21  whatever the arbitration -- arbitrator does is going to --

22  most likely I will agree with.  How that procedurally

23  happens I'm not 100 percent sure.  But think about it.  I

24  have no problem if -- if --

25          MR. SELTH:  It would seem that if the case --

19

1          THE COURT:  Since it's now in the Bankruptcy

2   Court --

3          MR. SELTH:  Right.

4          THE COURT:  -- I don't think the State Court

5   probably would be involved anymore.  That's probably --

6          MR. SELTH:  If the case -- yeah, only if the -- if

7   the bankruptcy were somehow to be dismissed, then --

8          THE COURT:  Right.  So, I think that's probably

9   right.

10          MR. SELTH:  Yeah.

11          THE COURT:  The more I think about it, this came

12   off the top of my head, and often I'm wrong when off the top

13   of my head.  But I think probably when the arbitrator does

14   it, then that will be sufficient.  I have no problem, and

15   I've done it in the past, to just having -- that will be res

16   judicata and collateral estoppel.  So, why don't -- we'll

17   decide that, but I -- I raise that at this point, but I

18   think you're probably right.  It's probably there's no

19   reason -- it would probably be inappropriate --

20   inappropriate since the bankruptcy is -- to get the State

21   Court involved.  So, I'll --

22          MR. SELTH:  But, your Honor, may I -- may I

23   address one issue?  In addition to the amount of fees, if

24   any, that are due, the claim included interest as an

25   unsecured creditor --

*Echo Reporting, Inc.*

**ER-650**

20

```
 1          THE COURT:  No, I think the -- it's a federal
 2 interest.
 3          MR. SELTH:  Well, but it's an unsecured claim.
 4 And, so, there would be no cost of collection typically and
 5 no --
 6          THE COURT:  Well, I'm not going to --
 7          MR. SELTH:  Unless it's --
 8          THE COURT:  -- decide that now.
 9          MR. SELTH:  So, that issue the arbitrator wouldn't
10 be deciding.  The arbitrator's going to be deciding the
11 amount of fees, if any.
12          THE COURT:  Right.
13          MR. SELTH:  And then your Honor will determine the
14 legal -- whether he's entitled to interest as an unsecured
15 creditor or costs of collection as an unsecured creditor?
16          THE COURT:  Yes, yes.  Yeah.  Yeah, I had
17 forgotten about that, quite frankly.  But, yes, why -- and
18 maybe -- maybe I -- the interest rate is, I think, the -- is
19 a federal -- is the federal rate, is it not?
20          MR. SELTH:  If it's -- if it's a solvent estate,
21 then there's interest at the federal rate.  If it's --
22          THE COURT:  Oh, of course, there's no interest if
23 it's -- if (indiscernible).  The interest only comes into
24 play when you have -- when you -- when you
25 have --
```

*Echo Reporting, Inc.*

**ER-651**

21

1          MR. SELTH:  We believe it will be depending on the

2  Moda claim.

3          THE COURT:  Okay.

4          MR. SELTH:  So, but --

5          THE COURT:  Well, I don't have to decide that

6  right now, but if --

7          MR. SELTH:  Okay.

8          THE COURT:  It's clear to me that if there is any

9  excess, if -- if the federal rate, which, of course, at the

10  moment -- over the years it's changed, sometimes higher.

11  Now it's -- it's -- it's a fraction.  I don't know what the

12  interest federal rate is now.  It's much much less than the

13  10 percent, but --

14          MR. SELTH:  Is it based on the petition date or --

15          THE COURT:  Well, let's -- let me -- let's not

16  decide that right now.

17          And, as far as you -- so, what I'll do, this is in

18  -- and I suspect that -- that -- and it may be we may not

19  even know at that time if it -- if they're even entitled to

20  interest.  It's only if there's -- if it's secured, if

21  there's excess, you know, given the amount of the value of

22  the property.

23          We don't -- we may or may not know whether or not

24  interest is -- is applicable at all.  So, let's wait and see

25  when this is finally decided.  Maybe at that point will we

22

1 even know what the stat -- what the status of the estate is,

2 you know, the -- of the asset.

3          But I know if there is an excess, it would be the

4 -- be at the federal rate.  As far as the other question you

5 asked, I -- and I'm not going to decide that right now.  I'm

6 just telling you that that -- that's clear what the law is.

7 But -- but, as far as the main thing, the -- the main point,

8 at least it seems to me numerically, that will be decided by

9 the arbitrator.  And at that point, once you -- once you get

10 that resolved, my hope if -- not a guess but a hope is

11 you'll probably maybe resolve the other part, but I don't --

12 I can't make you agree to anything.  I can order stuff, but

13 I can't make you agree.

14          So, let's just continue -- I'll -- so, it -- so, I

15 will be continuing to December 14th at 10:00 the claim.  The

16 arbitration you'll prepare an order, and -- and by

17 continuing, all the issues on the claim will still be left

18 over.  And when the arbitrator finally decides it, then

19 remind me at that time, you know, what's -- what's left, the

20 two things.  I may have forgotten, but once you remind me, I

21 -- I'll remember.

22          Are there any questions about that, Counsel?

23          MR. MAY:  No, your Honor.

24          THE COURT:  Okay.  So, you'll prepare -- again,

25 like in the other, prepare an order lifting the automatic

23

1   stay to allow both sides to do whatever you need to do, and

2   we'll just continue it to the 14th of December at 10:00, and

3   you just keep letting me know in that status report when

4   you'd like me to continue, and I'll -- and I won't even

5   require you to -- to appear again.  I'll just keep

6   continuing it until it's all done.

7            So, that takes care of Number 11, and then what's

8   left?

9            THE CLERK:  Number 12, Calendar Number 12, which

10  is Claim Number 16.

11           THE COURT:  And that one is one of the -- that's

12  -- that's one that's a duplicate, and also --

13           MR. SELTH:  We object to the entire claim for lack

14  of any documentation.

15           THE COURT:  No, no.  I understand that.  There's

16  that one, but --

17           MR. SELTH:  It's a duplicate of Claim Number 17 --

18  or 16 and 17 are the two that we --

19           THE COURT:  Yeah, that's what I was saying.

20  That's Number --

21           THE CLERK:  It's Number 12 and -- Calendar 12 and

22  13.

23           THE COURT:  Yeah, I'm trying to follow --

24           THE CLERK:  Calendar 12 and 13, which is Claim

25  Numbers 17 and 17.

24

1          THE COURT:  The number is 12 on the calendar --

2          THE CLERK:  And 13.

3          THE COURT:  -- and 13.

4      (Pause to confer.)

5          THE COURT:  Yeah, oh, maybe I combined them.

6  Okay.  So, in that one you're not representing them?

7          MR. MAY:  No, I'm not, your Honor.

8          THE COURT:  Because there was no opposition.  So,

9  Number 12 and 13, those will be -- those objections will be

10 -- for whatever reason, they've decided -- it's the same

11 claim basically.  They've decided not to reply.  And I'm

12 satisfied from your papers without any -- so, that will be

13 Number -- calendar -- that's Diamond Quality Escrow.  That

14 will be sustained.  And Number -- Number 12, it's basically

15 the same claim, Mandy Stover.  That will also be sustained.

16         THE CLERK:  Calendar Number 15, which is Claim

17 Number 4.

18         THE COURT:  Okay.  Okay.  So, this is Number --

19 Claim -- let's see.  And you represent them in this?

20         MR. MAY:  Yes, I do, your Honor.

21         THE COURT:  Okay.  The -- okay.  This one is --

22 let me -- let me ask you, Counsel.  Did -- did -- the

23 claimant here actually bill -- did they actually bill the --

24 because I have some serious doubts in this -- I have some

25 real questions about this in my own mind.  Maybe you can

25

1  come to the -- to the podium.  I have some questions on this

2  one.

3         MR. MAY:  Yes.

4         THE COURT:  The -- the big question -- one -- one

5  big question is the -- excuse me one second.  Did -- did you

6  -- did your client actually bill -- because this -- this was

7  -- there's Mr. Orantes -- that's his name?

8         MR. MAY:  Orantes.

9         THE COURT:  Orantes, Mr. Orantes, forgive me, the

10  man from La Mancha.  Mr. Orantes actually represented

11  everybody, and then suddenly, you have this claim, which I

12  have some real doubts about.  I'm not going to decide it

13  today, but I have some questions about it.  My big question

14  is did this -- did the claimant ever actually bill Mr.

15  Orantes?

16         MR. MAY:  Bill who, your Honor?

17         THE COURT:  Well, he claims he's working -- Mr.

18  Orantes was the counsel of record --

19         MR. MAY:  Okay.  Mr. Orantes.  Sorry.

20         THE COURT:  -- for all these people.

21         MR. MAY:  I'm -- I apologize.  I just didn't hear.

22  I'm sorry.

23         THE COURT:  No, that's okay.  It's like who's on

24  first here.  And then suddenly out of nowhere, he appeared I

25  think in one and never said anything as I understand this

26

1 particular claimant, and now claims almost as amount as

2 much, approximately the same as Mr. Orantes' claim who

3 actually did represent, you know, these -- these creditors,

4 and it seems a bit suspicious to me, although, I don't --

5 I'm not going to decide it today, but out of nowhere he --

6 now he files this claim in a very large amount.  My -- and

7 he would have been supposedly assisting Mr. Orantes I guess.

8 I mean, Mr. Orantes was the -- was -- was representing these

9 people.

10          So, my question is is there anything in writing

11 that -- that your -- that your client ever -- that -- at the

12 time that this was going on that he ever billed Mr. Orantes?

13          MR. MAY:  Your Honor, I -- I'm not aware of any

14 writing.  It's possible that there is, but it was not

15 provided to me in any --

16          THE COURT:  Well, how would -- how would he have a

17 claim then?  I mean, as I understand it, he says, Yeah, I'm

18 doing this, this, and that and the other thing.  And but the

19 -- but the -- he -- he, in effect, is helping -- helping

20 these people, but it would have to be through Mr. Orantes,

21 wouldn't it?

22          MR. MAY:  You asked how he would have a claim,

23 your Honor.  He does attach a detailed billing invoice on

24 his thing -- on his claim as to --

25          THE COURT:  Yeah, but that looks like that was

27

1  prepared after the fact.  I'm -- I'm asking -- I'm asking --
2  it -- again, I can tell you on the face of it I'm not going
3  to -- my inclination when I have to decide it, but it seems
4  to me that he's doing some stuff behind the scenes I guess,
5  but there's nothing official, nothing -- and I have to be
6  satisfied did he do anything that was really necessary for
7  the -- for the -- for the bank -- for the bankruptcy, and he
8  -- it would have been -- that is the involuntary.  And it
9  would have had to have assisted -- the only way he can have
10 any claim is assisting some of the -- the -- there are only
11 so many -- we'll have a total of seven ultimately I think --
12 of petitioning creditors.  So, you would agree in order to
13 -- in order to get any of these fees, he has to have
14 assisted them in some way, right, those creditors?
15         MR. MAY:  Yes, your Honor.
16         THE COURT:  Right.  And -- and the ones we know
17 were all represented by Mr. Orantes, right?
18         MR. MAY:  He was the attorney for the petitioning
19 creditors.
20         THE COURT:  Right.  Right.  So, wouldn't -- so, in
21 order to assist, there has to be some -- some dealings with
22 Mr. Orantes, correct?  How else could it happen?
23         MR. MAY:  Correct, your Honor.
24         THE COURT:  And -- and you don't have any --
25 either an agreement or any billings to Mr. Orantes?  That's

1 the only way this can happen.  I -- the -- it is clear that

2 is indeed he was doing things that he had an agreement to do

3 it, not just as a -- as a -- as somebody just offering his

4 services, he would have to have an agreement, Mr. Orantes,

5 By the way, I'm going to assist you in this, that, and the

6 other thing.  And usually, you would think that Mr. Orantes

7 would have put that in his -- you know, in his claim.  If he

8 owes, say, for instance, the -- the Aperture Law Firm, then

9 he would have said so, wouldn't he?

10        MR. MAY:  Your Honor, and also in response to the

11 objection to claim or in the objection to claim, if he

12 doesn't, as a corollary, he says, I don't even know who

13 Robert Salgado is, wouldn't the Debtor be able to provide

14 that information as well?

15        THE COURT:  How?  How?  Remember --

16        MR. MAY:  Well, what I'm dealing with, your Honor,

17 is a declaration from Robert Salgado saying, "I did these

18 things."

19        THE COURT:  Right, he did these things.  And I'm

20 asking you -- and that -- I don't know him from Adam.  He

21 could be lying for all I know.  It's not uncommon.  I'm not

22 saying in this case, but, you know, I can't take for face

23 just because he says it.  And he's asking for a lot of

24 money.  And, so, what I'm asking you as -- as counsel for

25 him, you should know these, and I'm not faulting you

29

1  personally, but if you don't, it's not your fault.  It's the

2  fault of -- of them -- that where is -- where is the

3  evidence, number one, that he had any agreement with Mr.

4  Orantes?  He would have had to unless he's just a volunteer.

5  In order to -- to be assisting, he would have had to have

6  the agreement with Mr. Orantes, wouldn't he?  He's the

7  attorney --

8            MR. MAY:  Mr. --

9            THE COURT:  -- for these people.

10            MR. MAY:  Mr. Orantes or at least one of the

11  Debtors -- one of the petitioning --

12            THE COURT:  Well, if they're represented by

13  counsel, it seems to me pretty clear he -- the legal work

14  would have to be assisting Mr. Orantes, wouldn't it?  How

15  would -- how would it be otherwise?  And if that's the case,

16  you have no agreement with -- there's no evidence that

17  you're aware -- you're not aware of any agreement with Mr.

18  -- this -- this client -- this claimant with Mr. Orantes,

19  that he would assist him?

20            MR. MAY:  I'm not aware.  I've never seen an

21  agreement like that.

22            THE COURT:  And was -- and is there any evidence

23  that you know of that he actually ever billed Mr. Orantes

24  for any of this?  I see his -- it looks like this was

25  prepared after the fact, which is easy to do.  Is there any

*Echo Reporting, Inc.*

**ER-660**

30

1 evidence of that?

2          MR. MAY:  Your Honor, other than the -- than the

3 statement attached to the -- the claim, no.  I can just say

4 a lot of times attorneys will summarize their billings.

5          THE COURT:  Not -- not in this court.  Not if they

6 want to be believed.  But my question is, as far as you --

7 you -- you're not aware of any agreement with Mr. Orantes,

8 and you're not aware of any billings of -- of this attorney

9 to Mr. Orantes to get paid?

10          MR. MAY:  I have no personal knowledge of any of

11 this, your Honor.

12          THE COURT:  Okay.  Well, in that case, I am going

13 to then sustain the objection to this claim, because it's

14 clear to me that -- that there's no basis for it in the law.

15 If he's helping out these people and doing stuff, that's --

16 no, that's a volunteer.  The only way this would actually be

17 a legitimate claim against this estate is if he was

18 assisting the attorney of record, namely, Mr. Orantes, in

19 this -- and I -- and I made -- made note to myself even

20 before we had this conversation, Counsel, that it seemed

21 kind of fishy to me that there was no discussion of that.

22 It's just that he did -- he did numerous things.  Well, he

23 can do anything he wants, but he's not going to get paid,

24 not from this Court, unless it's authorized, namely, that he

25 was working with -- to assist in the -- in the involuntary,

31

1   which, indeed I -- I allowed -- I don't -- I forget what it

2   was, about 48 -- I forget what the numbers, I did --

3           MR. SELTH:  About $51,000.

4           THE COURT:  I forget, yeah, one -- this was 48.  I

5   already allowed it, and that's legitimate.  So -- so, I'm

6   not faulting you, Counsel, but the -- the facts of this are

7   not on -- there's no evidence whatsoever that you're aware

8   of, and you should be.  Again, I'm not faulting you at all.

9   And if not here, that's why we -- we had it in person.

10          So, I am going to disallow this.  I just don't

11  believe that the -- that there's any basis in law for this.

12  So, if you'll prepare that order, I will sign it.  So --

13          MR. SELTH:  Thank you, your Honor.

14          THE COURT:  That's Number 15.  What about -- is

15  there anything --

16          THE CLERK:  Then the last thing is Number 19,

17  which is Calendar Number 19, the status of the case.

18          THE COURT:  Oh, 19 is the status of the case.

19          MR. SELTH:  And the FEE applications -- the FEE

20  applications that were granted without --

21          THE COURT:  Yes.  That's Number 16.

22          MR. SELTH:  And 17 and 18, Mr. Jones --

23          THE COURT:  Those are all approved.

24          MR. SELTH:  Thank you.  And I'll lodge orders on

25  those.

32

1          THE COURT:  Okay.  So, I think we've already taken

2    care of everything.  I've continued --

3          MR. SELTH:  Except for the status -- the Chapter

4    11 status conference.

5          THE COURT:  Oh, the status --

6          MR. SELTH:  Same day?

7          THE COURT:  Yeah.  I suppose December 14th,

8    because this is all -- I -- I'm fascinated.  Can anybody

9    tell me -- you're not involved in that, are you?  You don't

10   represent Mr. Moda at all?

11         MR. MAY:  No, I do not.

12         THE COURT:  Okay.  Any -- I'm just -- just curious

13   more than anything, any -- any major rulings been made,

14   anything going on that I should be aware of?

15         MR. SELTH:  Well, Ms. -- Ms. Ms. Mazgani, when she

16   -- she -- she explained because they're more familiar with

17   the -- the whole long cause matter September 27th.

18         THE COURT:  No, but were there any previous -- I

19   got the idea in the previous status that there was some

20   rulings made that I know Mr. Moda was unhappy about.  I just

21   -- I -- in the State Court, but I --

22         MR. SELTH:  Well, there's plenty -- I mean, there

23   were rulings about the -- the lis pendens being set aside

24   and all that.  But the actual trial on the --

25         THE COURT:  Okay.

*Echo Reporting, Inc.*

**ER-663**

33

1          MR. SELTH:  -- respective claims --

2          THE COURT:  Again, I'm -- more curiosity than

3    anything because ultimately I've said ad nauseam as long --

4    whatever the State Court does, I'm going to be -- whether

5    it's in the -- again, in this case, the arbitration.  It

6    would be the State Court -- I will be bound by it.  That

7    will be res judicata and collateral estoppel.

8          So, anyway, that -- so, we'll continue --

9          MR. SELTH:  So, I'll do another -- I'll do

10   another --

11         THE COURT:  -- the --

12         MR. SELTH:  -- Subchapter V --

13         THE COURT:  But I wanted to ask you -- Mr. Jones,

14   I didn't want to just totally ignore you, but -- but I --

15   but anything -- I always like to ask you because you have

16   been I think a very good role in this case, but --

17         MR. JONES:  No, your Honor.  I just -- I'm trying

18   to keep down my expenses and costs and fees, and just

19   checking in occasionally on the State Court matters.

20         THE COURT:  And I -- and I appreciate it.

21         Okay.  So, the -- the other -- next hearings may

22   very well be on -- on Zoom.  The only time -- because we

23   actually had oppositions, I -- I like people to be face to

24   face, but the -- but I think the next hearing on December --

25   I -- I will -- there's no reason at this point to not have

34

1 it anything other than Zoom.  Those -- those just can be

2 status.  The case is just going to keep going until -- you

3 have these other things going on that are not unimportant,

4 particularly the arbitration involving, you know, a fair

5 amount of money, but the big ones are really the State

6 Court, but, still, until these are all resolved -- and when

7 that's all done, that will be -- it will be easy for me and

8 certainly for counsel for Mr. Jones.  Whatever the numbers

9 are, that -- that will be, and the Debtor will know before I

10 know what those numbers are.

11          So, thank you very much.  I appreciate you -- you

12 all coming, and that -- so, the status will be December 14th

13 at 10:00.

14          MR. SELTH:  Thank you.  It was great to be back in

15 the courthouse for the first time in 18 months.

16          THE COURT:  Well, I -- my colleagues -- there's no

17 right or wrong to it.  I have a -- I -- my feeling is a very

18 strong one that being a day in court means in court, but I'm

19 also mindful, as you -- I'm the only here without the mask,

20 but I'm a good distance as we -- this is a pretty --

21 probably safer than any other place you'll be outside of

22 your home.  So, that's where I'm at, but I don't require in

23 court unless there's some -- something's going to be needed

24 to be argued.  So, thank you.  Thank you all for coming.

25          ALL:  Thank you, your Honor.

35

```
 1        THE COURT:  Okay.  Thank you.

 2     (Proceedings concluded.)

 3

 4

 5

 6

 7        I certify that the foregoing is a correct

 8  transcript from the electronic sound recording of the

 9  proceedings in the above-entitled matter.

10

11  /s/Jordan Keilty                  10/25/2024
    Transcriber                       Dates
12

13  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

14

15  /s/L.L. Francisco
    L.L. Francisco, President
16  Echo Reporting, Inc.

17

18

19

20

21

22

23

24

25
```

1              UNITED STATES BANKRUPTCY COURT

2               CENTRAL DISTRICT OF CALIFORNIA

3                        --oOo--

4  In Re:                        )  Case No. 2:19-bk-21655-BR
                                 )
5  MAHVASH MAZGANI,              )  Chapter 11
                                 )
6          Debtor.               )  Los Angeles, California
   _____)  Tuesday, October 11, 2022
7                                )  10:00 a.m.
   MODA,                         )
8                                )
           Plaintiff,            )
9                                )
   vs.                           )  Adv. No. 2:20-ap-01637-BR
10                               )
   MAZGANI,                      )
11                               )
           Defendant.            )
12 _____)

13                                 CONT'D STATUS CONFERENCE RE
                                   COMPLAINT FOR:
14                                 NONDISCHARGEABILITY OF DEBT
                                   PURSUANT TO:
15                                 11 U.S.C. SECTION 523(A)(2)(A)
                                   11 U.S.C. SECTION 523(A)(4)
16                                 11 U.S.C. SECTION 523(A)(6)

17                                 DENIAL OF DISCHARGE PURSUANT
                                   TO:
18                                 11 U.S.C. SECTION 727(A)(2)
                                   11 U.S.C. SECTION 727(A)(3)
19                                 11 U.S.C. SECTION 727(A)(4)

20

21            TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE BARRY RUSSELL
22            UNITED STATES BANKRUPTCY JUDGE

23

24

25 Proceedings recorded by electronic sound recording;
   transcript produced by transcription service.

*Echo Reporting, Inc.*

**ER-667**

ii

1  APPEARANCES:

2  For the Debtor:              NAZANIN MAZGANI, ESQ.
                                Law Offices of Nazanin Mazgani
3                               10954 Massachusetts Avenue
                                Los Angeles, California 90024
4                               (310) 892-0820

5  Court Recorder:             Wanda Toliver
                                United States Bankruptcy Court
6                               Edward R. Roybal Federal
                                  Building
7                               255 East Temple Street
                                Los Angeles, California 90012
8
   Transcriber:                Jordan Keilty
9                               Echo Reporting, Inc.
                                9711 Cactus Street, Suite B
10                              Lakeside, California 92040
                                (858) 453-7590
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1  LOS ANGELES, CALIFORNIA TUESDAY, OCTOBER 11, 2022 10:00 A.M.

2                          --oOo--

3       (Call to order of the Court.)

4              THE CLERK:  Number 14, Mazgani.  Please state your

5  name and share your video.

6              THE COURT:  Okay.  And who is there?

7              MS. MAZGANI (via Zoom):  Good morning, your Honor.

8  Good morning, your Honor.  This is Attorney Nazanin Mazgani

9  appearing on behalf of Mahvash Mazgani, the Debtor.

10             THE COURT:  Okay.  Well, okay.  Who else is here?

11 Nobody?

12             MS. MAZGANI:  Mr. Reid should have been here, but

13 I don't know.  He's not, and I haven't heard from him.

14             THE COURT:  I don't see him on the screen.  That

15 doesn't mean he's not lurking there somewhere, but in any

16 case, that -- so, I understand that -- so -- so, what --

17 this report always has to do with what's going on in the

18 State Court in this -- in this matter.  The --

19             MS. MAZGANI:  Yes.

20             THE COURT:  I guess it's set now I believe October

21 17th, I think was the number that rings a bell?

22             MS. MAZGANI:  Yes, that is correct, your Honor.

23             THE COURT:  So, you have a pretty -- so, you feel

24 that that -- you think that's actually going to -- that's

25 going to go as far as you know?

*Echo Reporting, Inc.*

**ER-669**

2

1        MS. MAZGANI:  That's what my understanding is.  We

2    haven't heard anything from the -- from the Court otherwise.

3    I know that there is another trial right now that's a head

4    of us, but that is supposed to end by the end of this week

5    and for us to start next week.

6            THE COURT:  Okay.  And this was, what, a week or

7    two trial at least, estimate?

8            MS. MAZGANI:  I believe it's two to three weeks,

9    your Honor.

10           THE COURT:  So, what -- why don't we do it maybe

11   in December?  How's that?

12           THE CLERK:  We have December 6th at 10:00.

13           THE COURT:  Maybe can you give the next date?

14           THE CLERK:  December 13th at 10:00.

15           THE COURT:  Yeah.  I'm going to continue this to

16   December 13th at 10:00, and let's hope that the trial has

17   been completed by that time.  I guess we'll find out.  And,

18   again, with the status report due, that will be the last of

19   November.  So, we'll see.

20           Any -- any other suggestions or requests?

21           MS. MAZGANI:  No, your Honor.  That's it.  I just

22   wanted to keep the Court abreast of what was going on.

23           THE COURT:  Okay.  Now, thank you.  Eventually

24   we'll get going on this, and my attitude is whatever the

25   State Court decides is fine with me.  I -- I don't know

3

1  enough about it to -- to decide the matter.  So, anyway,

2  I'll see you back -- we can also do this on Zoom since it's

3  just going to be a status as to what happened in the State

4  Court trial or -- so, I'll see you back one way or the other

5  with a status report having been filed December 13th at

6  10:00.

7          MS. MAZGANI:  Okay.  Thank you so much, your

8  Honor.  You have a great day.

9          THE COURT:  Thank you.  You too.  Bye bye.

10        (Proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1           I certify that the foregoing is a correct

2     transcript from the electronic sound recording of the

3     proceedings in the above-entitled matter.

4

5     /s/Jordan Keilty                    10/25/2024
      Transcriber                         Dates
6

7     FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9     /s/L.L. Francisco
      L.L. Francisco, President
10    Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                UNITED STATES BANKRUPTCY COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                         --oOo--

 4  In Re:                    )  Case No. 2:19-bk-21655-BR
                              )
 5  MAHVASH MAZGANI,          )  Chapter 11
                              )
 6          Debtor.           )  Los Angeles, California
    _____)  Tuesday, December 13, 2022
 7                            )  10:00 a.m.
    MODA,                     )
 8                            )
            Plaintiff,        )
 9                            )
        vs.                   )  Adv. No. 2:20-ap-01637-BR
10                            )
    MAZGANI,                  )
11                            )
            Defendant.        )
12  _____)

13                            CONT'D STATUS CONFERENCE RE
14                            COMPLAINT FOR:
                              NONDISCHARGEABILITY OF DEBT
15                            PURSUANT TO:
                              11 U.S.C. SECTION 523(A)(2)(A)
16                            11 U.S.C. SECTION 523(A)(4)
                              11 U.S.C. SECTION 523(A)(6)
17
                              DENIAL OF DISCHARGE PURSUANT
18                            TO:
                              11 U.S.C. SECTION 727(A)(2)
19                            11 U.S.C. SECTION 727(A)(3)
                              11 U.S.C. SECTION 727(A)(4)
20
                              CONT'D STATUS CONFERENCE RE
21                            SUBCHAPTER V CHAPTER 11 CASE

22

23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```

ii

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BARRY RUSSELL
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:               JAMES R. SELTH, ESQ.
                              Weintraub, Zolkin, Talerico
                                and Selth
                              11766 Wilshire Boulevard
                              Suite 730
                              Los Angeles, California 90025
                              (310) 207-1494

Court Recorder:               Wanda Toliver
                              United States Bankruptcy Court
                              Edward R. Roybal Federal
                                Building
                              255 East Temple Street
                              Los Angeles, California 90012

Transcriber:                  Lorraine Caldwell
                              Echo Reporting, Inc.
                              9711 Cactus Street
                              Suite B
                              Lakeside, CA 92040
                              (858) 453-7590

1

1  LOS ANGELES, CALIFORNIA  TUESDAY, DECEMBER 13, 2022 10:00 AM

2                      --oOo--

3      (Call to order of the Court.)

4          THE CLERK:  Number 9 and 10, Mazgani.

5          Please make an appearance.

6          MR. SELTH:  Yes.  Good morning, your Honor.  James

7  Selth of Weintraub and Selth for the Debtor.  I am specially

8  appearing on Number 9 for both Donald Reid and Nazanin

9  Mazgani in the adversary, because they are both in trial in

10 the Superior Court downtown, and the status for that case is

11 identical to the -- I think that you'll find, to the status

12 for the Chapter 11 case, Number 10, which I'm appearing on.

13         THE COURT:  Right.  Anybody else?  I don't see

14 anybody, but that's the whole risk of Zoom.  You're never

15 quite sure exactly who's there, but I don't see anybody.

16         I've had a number of things filed, but basically

17 this case has to do, at least at this stage, with any number

18 of things, the plan, and the status of the case is dependent

19 on, as you just mentioned, the state court action, and, as I

20 understand, I think what is -- it started yesterday.  At

21 least from the previous papers I had, it was supposed to.

22 So why don't you tell me what the status is of the state

23 court trial.

24         MR. SELTH:  Yes, your Honor.  I did file a brief

25 status report re: the Superior Court litigation on December

*Echo Reporting, Inc.*

**ER-675**

2

1 5th, and the jury trial commenced October 17th.

2         THE COURT:  Okay.

3         MR. SELTH:  It continued.  It had a two-week delay

4 over the Thanksgiving period because apparently there were

5 jurors going on vacation, and then they had a juror illness,

6 and they were running out of alternates, and nobody wanted

7 to have to start over.

8         When I wrote the status report on December 5th,

9 closing arguments were scheduled to begin December 6th, with

10 jury deliberations December 7th.  I confirmed this morning

11 that closing arguments will not finish until tomorrow, with

12 jury deliberations tentatively scheduled to begin next week.

13 So I suppose it's a good chance we'll have a verdict by

14 Christmas, unless we have a hung jury.

15         THE COURT:  Well, and then -- well, the next

16 question is -- the obvious is -- I like to keep as short a

17 leash as possible as far as getting going once we know

18 what's happening.  Well, there's a lot of possibilities.  It

19 could be a hung jury, possibly, but the assumption, though,

20 they'll decide something, and once they decide it, then we

21 can start going ahead.

22         So maybe -- what would you suggest, something

23 either the end of January or early February for a status

24 conference, and then people can figure out what they're

25 going to do?

3

1          MR. SELTH:  Yes, your Honor.  We have a matter in

2    this case in front of you on January 24th.  It's the

3    evidentiary hearing on the objection to claim of Howard Kapp

4    that starts at -- I believe the courtroom deputy asked us to

5    be there at 10:30.

6          THE COURT:  Okay.  All right.

7          MR. SELTH:  And I have another matter --

8          THE COURT:  So we'll have the same people --

9          MR. SELTH:  -- in front of your Honor at 10:00.

10          THE COURT:  -- that are interested.  We'll have

11    the --

12          MR. SELTH:  I have another matter at 10:00

13    o'clock.

14          THE COURT:  You said the January 24th -- was

15    that -- I think you just said?

16          MR. SELTH:  Yes, your Honor.  I have another

17    matter, a status conference, at 10:00 o'clock, with you on

18    an adversary case, so I'll be there anyway.

19          THE COURT:  Okay.  Is that 10:00 o'clock on the

20    24th?

21          THE CLERK:  Well, the matter in the evidentiary

22    hearing starts at 11:00, but he said he has another matter

23    at --

24          THE COURT:  Well, it starts at 11:00, but we have

25    some other things.  So why don't we just set this -- for

4

```
 1  what?
 2          THE CLERK:  11:00.
 3          THE COURT:  11:00.  Okay.  Why don't we set
 4  this -- well, actually, probably there's going to be a
 5  little more, but you're not going to be involved.  You
 6  are -- I just don't remember all the parties.  You're
 7  involved in the adversary proceeding as well, were you not?
 8          MR. SELTH:  Yes, I am, with co-counsel, your
 9  Honor.
10          THE COURT:  Okay.  Then, okay.  Well, why don't we
11  just set it for the same time.  At least we'll know --
12  you'll be -- so you'll have to wait, anyway, but you'll be
13  here at 10:00.  Why don't we -- I'll continue the status on
14  this, and, again, I would like a status report one week
15  before.  Hopefully, there will be a jury determination by
16  that time.  And so this will just be continued to January
17  24th at 11:00.
18          MR. SELTH:  Very good, your Honor.  Thank you so
19  much.
20          THE COURT:  Thank you.  Have a good day.
21          MR. SELTH:  You, too.
22      (Proceedings concluded.)
23
24
25
```

5

1           I certify that the foregoing is a correct

2  transcript from the electronic sound recording of the

3  proceedings in the above-entitled matter.

4  /s/Lorraine Caldwell          10/25/24
   Transcriber                   Date
5
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
6

7  /s/L.L. Francisco
   L.L. Francisco, President
8  Echo Reporting, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-679**

```
1                UNITED STATES BANKRUPTCY COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                          --oOo--

4  In Re:                      )  Case No. 2:19-bk-21655-BR
                               )
5  MAHVASH MAZGANI,            )  Chapter 11
                               )
6          Debtor.            )  Los Angeles, California
   _____)  Tuesday, December 15, 2020
7                              )  10:00 a.m.
   MODA,                       )
8                              )
           Plaintiff,          )
9                              )
      vs.                      )  Adv. No. 2:20-ap-01637-BR
10                             )
   MAZGANI,                    )
11                             )
           Defendant.          )
12 _____)

13
                               STATUS CONFERENCE RE COMPLAINT
14                             FOR:
                               NONDISCHARGEABILITY OF DEBT
15                             PURSUANT TO:
                               11 U.S.C. SECTION 523(A)(2)(A)
16                             11 U.S.C. SECTION 523(A)(4)
                               11 U.S.C. SECTION 523(A)(6)
17
                               DENIAL OF DISCHARGE PURSUANT
18                             TO:
                               11 U.S.C. SECTION 727(A)(2)
19                             11 U.S.C. SECTION 727(A)(3)
                               11 U.S.C. SECTION 727(A)(4)
20
                               CONT'D HRG. RE MOTION TO
21                             DISMISS PLAINTIFF'S CLAIMS FOR
                               RELIEF IN HIS COMPLAINT FOR
22                             DENIAL OF DISCHARGE UNDER 11
                               USC 727(A)(2) & (A)(4)(A)
23

24
   Proceedings produced by electronic sound recording;
25 transcript produced by transcription service.
```

ii

```
 1                              CONT'D HRG. RE MOTION TO STAY
                                ADVERSARY PROCEEDINGS
 2
                                CONT'D HRG. RE MOTION FOR
 3                              ALLOWANCE AND TO COMPEL
                                PAYMENT OF ADMINISTRATIVE
 4                              CLAIM; THE ORANTES LAW FIRM
                                PC, CREDITOR'S ATTORNEY,
 5                              PERIOD: TO, FEE: $55,382.50,
                                EXPENSES: $1,775.01.
 6

 7                       TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE BARRY RUSSELL
 8                    UNITED STATES BANKRUPTCY JUDGE

 9 APPEARANCES:

10 For Petitioning Creditor      DONALD W. REID, ESQ.
     Howard A. Kapp, a           Post Office Box 2227
11   Professional Corporation:   Fallbrook, California 92088
                                 (951) 777-2460
12
   For the Debtor/Defendant:     NAZANIN MAZGANI, ESQ.
13                               Law Offices of Nazanin
                                   Mazgani
14                               10954 Massachusetts Avenue
                                 Los Angeles, California 90024
15                               (424) 256-0095

16 For the Subchapter V          GREGORY K. JONES, ESQ.
        Trustee:                 Stradling Yocca Carlson
17                                 and Rauth
                                 10100 North Santa Monica
18                                 Boulevard
                                 Suite 1400
19                               Los Angeles, California 90067
                                 (424) 214-7044
20
   For Petitioning Creditor      GIOVANNI ORANTES, ESQ.
21   Park Avenue Investment      Orantes Law Firm
     Capital, LLC:               3435 Wilshire Boulevard
22                               Twenty-Seventh Floor
                                 Los Angeles, California 90010
23                               (888) 619-8222

24

25
```

```
                                                                  iii

 1  APPEARANCES:  (Cont'd.)

 2  For the Debtor:              CRYSTLE J. LINDSEY, ESQ.
                                 Weintraub and Selth, APC
 3                               11766 Wilshire Boulevard
                                 Suite 1170
 4                               Los Angeles, California 90025
                                 (310) 207-1494
 5
    Court Recorder:              Wanda Toliver
 6                               United States Bankruptcy Court
                                 Edward R. Roybal Federal
 7                                 Building
                                 255 East Temple Street
 8                               Los Angeles, California 90012

 9  Transcriber:                 Lorraine Caldwell
                                 Echo Reporting, Inc.
10                               9711 Cactus Street
                                 Suite B
11                               Lakeside, CA 92040
                                 (858) 453-7590
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

```
 1   LOS ANGELES, CALIFORNIA TUESDAY, DECEMBER 15, 2020 10:00 AM
 2                        --oOo--
 3       (Call to order of the Court.)
 4           THE CLERK:  Number 18, 19, and 20, Mazgani.
 5           THE COURT:  Okay.  I see Mr. Jones and I see Mr.
 6   Reid.
 7           THE COURT:  Please state your name for the record.
 8           MR. REID (via Zoom):  Good morning, your Honor.
 9   Donald Reid on behalf of the Plaintiff, Kevin Moda.
10           THE COURT:  Okay.  And Mr. Jones.
11           MS. MAZGANI (via Zoom):  Good morning, your Honor.
12   Nazanin Mazgani appearing on behalf of Debtor Mahvash
13   Mazgani.
14           THE COURT:  Okay.  And then I see also the
15   trustee, Mr. Jones.  Let me do this.
16           MR. JONES (via Zoom):  Your Honor, Greg Jones.
17           THE COURT:  Before we get into these, do you have
18   anything?  I never know until I ask if there's anything you
19   wanted to process generally, the status of the case,
20   although it's most likely -- we know, of course, it's -- I
21   would like -- maybe you would know it, and I'll ask you.
22   It's not -- it is somewhat relevant to what's going on,
23   because I don't know.  The three of you, in particular Mr.
24   Reid and Ms. Mazgani, have some idea what's going on in the
25   state court.  I don't, but I'll ask you anyway.  If nothing
```

*Echo Reporting, Inc.*

**ER-683**

2

1  else, I just want to see what's happening.

2          Bur, Mr. Jones, I'll ask you, and then, of course,

3  I'll get to the actual specifics.  Do you have anything you

4  wanted to inform me about what's going on?

5          MR. JONES:  No, your Honor.  I continue to talk to

6  both sides, but nothing specific.

7          THE COURT:  Okay.  And then let me ask you, as far

8  as the -- well, this is a -- I guess, actually, neither of

9  you are actually -- it just dawned on me -- or, well, I

10  know, as far as in the state court, that's Ms. -- of course,

11  Mr. Reid, you don't represent Mr. Moda, so probably -- you

12  may or may not know, just because talking to other people,

13  but you're probably not the right person to ask.

14          But, Ms. Mazgani, you would probably know what's

15  the -- now, in that action -- again, I'm trying to remember.

16  Do you represent your mother in that one or not?

17          MS. MAZGANI:  No, your Honor.  I don't represent

18  her.  I'm a party in that case, but I don't represent my

19  mother in that case.

20          THE COURT:  Okay.  So probably none of you are

21  really the ones that find out what's going on in the state

22  court.  Well, maybe you know.  This is just for

23  informational purposes.  I'm just curious, really, what's

24  happening.

25          I know there was a -- there -- I know, because Mr.

3

1 Moda asked for a -- and I granted a relief from the stay to

2 appeal something that the Superior Court judge did.  I

3 really don't know what, anything about it, other than,

4 obviously, the Superior Court did something he didn't like,

5 because he wanted to appeal it, but, other than that, I have

6 no idea.

7           Do you have any other information of what's going

8 on?  Isn't there a hearing coming up, a trial-setting?

9 Maybe you could tell me.  It might interest the other folks,

10 because it does impact on, ultimately, when we're going to

11 have a final, you know, hearing on this plan, when

12 everything is finished in the state court.  Can you kind of

13 briefly tell us what you know about what's going on?

14           MS. MAZGANI:  Yes, your Honor.  There is a

15 trial-setting conference set for January 7th of 2021, at

16 which time I'm assuming that the judge will set the case for

17 trial.  So we're just waiting for that to happen.

18           THE COURT:  Okay.  All right.  Well, that much I

19 did know, but, okay.  As far as any more -- that's

20 something, anyway, but I was pleased in one sense.  Again,

21 as I told you many times, whatever the Superior Court does,

22 I have no opinion one way or the other on the merits of any

23 of this, but I do have an opinion on -- I'd like them, the

24 Superior Court, to decide it one way or the other as soon as

25 they can.  So that's a good sign, in a sense, that at least

4

1  there's some hearing in January.  I had no idea when the

2  Superior Court would even get to it.  So at least that is

3  encouraging, that at least there's some Superior Court judge

4  on it.  So that's -- okay.

5          So now I'm getting back to these matters.  Excuse

6  me just one second.  Let me -- we have, of course, the

7  status conference on this complaint, which is Number 18, and

8  then there is the motion to dismiss, and then there's a

9  motion for the stay.  The motion for the stay is

10 interesting.  My initial reaction was, you both agree,

11 certainly, as to the 523, because that's the -- that is the

12 heart of it, who -- the claims in the Superior Court, and

13 that's why I was curious what was going in Superior Court.

14         But my initial reaction was -- and I've changed my

15 mind -- was not to stay the 727, because that really had

16 nothing specifically to do with what's going on, except to

17 point out -- which I really hadn't thought before -- and I

18 checked our claims docket.  The only claim by Mr. Moda in

19 the claim is what's going on in Superior Court.  Isn't

20 that -- that's correct, is it not?  I'll ask both of you.

21 Mr. Reid, that is --

22         MR. REID:  (Indiscernible.)

23         THE COURT:  So, therefore --

24         MS. MAZGANI:  Yes, your Honor.

25         THE COURT:  Therefore, if he loses -- and there

5

1 are a number of possibilities.  It could be a partial win.

2 It could be -- Mr. Moda could either totally win, totally

3 lose, or a partial win, and that's true for the other side,

4 for the Debtor as well.  But, given the fact that at this

5 point there is that -- until I know that he has a claim,

6 there's no purpose in going ahead with it, even though I

7 originally thought, "Yes, it really had nothing to do with

8 it."  But you need to have a claim, don't you, to file an

9 objection to discharge?

10           MR. REID:  That's right.  Yes.  For standing, you

11 have to be a creditor to file a 727 action.  That being

12 said, the 727 action affects all creditors, and under Rule

13 7041, certainly any creditor can sub in and pick up the --

14           THE COURT:  Well, but they haven't done it yet.

15 No, no.  You're totally -- you're correct.

16           MR. REID:  (Indiscernible.)

17           THE COURT:  So I am going to grant the stay as to

18 both.  You're right.  That is, at the end of the day, if --

19 the only time I wouldn't hear it would be if Mr. Moda just

20 totally loses.  I don't know if that's going to happen,

21 obviously, but, if that were to happen, then the -- then I

22 would -- there would be a motion by the Debtor to dismiss it

23 for lack of standing, and then I suspect -- this exact

24 situation hasn't come up before, but I know what I would do

25 is send out a notice to the other creditors to see that they

6

1  could -- they might pick it up.

2        So that's how it would play out, but I don't want

3  to do that now.  So what I am going to do is, I am going to

4  grant the stay, and I think it was the Debtor.  You had

5  proposed the stay, right?  Why don't you just prepare a

6  brief order, just -- you know, just say, "For the reasons

7  stated on the record."  It's pretty clear at this point,

8  because I don't know what will happen in the state court.

9  So I don't know for sure if Mr. Moda has standing or not,

10  and, therefore, I don't want to put either of you through

11  the -- going through the trial.

12        So that I will -- so I'd like you to prepare that

13  order that it is stayed until the Superior Court action is

14  resolved.  In fact, it's similar to the order I issued

15  having the filing of a plan.  It's the same sort of thing,

16  whatever the Superior Court does, subject, I guess, to any

17  possible appeal, but whatever happens there will rule in

18  part -- certainly it will rule, probably, the 523, and the

19  standing issue in the 727, and the availability of the

20  properties to the estate for the plan.  So all of it,

21  really -- a lot of it has to do with what's going on in the

22  Superior Court.

23        The second thing, though, is a motion to dismiss,

24  and it seems your main point is in the motion, which -- I

25  plan on denying the motion to dismiss at this point.  The

*Echo Reporting, Inc.*

**ER-688**

7

1 reason is that the essence of the complaint is that the --

2 and, by the way, when you file an opposition to a motion to

3 dismiss -- what you did do, Ms. Mazgani, is -- this is not a

4 trial.  You presented a declaration and so forth to show, of

5 course, that your -- the Debtor, your mom, didn't do

6 anything wrong.

7          Well, that may or may not be at the time of trial,

8 if I actually have to decide it, and, again, I have not

9 decided this by any means, but I'm going to deny it because,

10 on the -- this is on the pleadings.  Motion to dismiss goes

11 on the pleadings, and the pleadings have indicated quite

12 clearly that the Debtor did transfer the property, but

13 basically maintained an interest, stayed there for three

14 years, and really had, basically, an agreement with the two

15 daughters, you and your sister, I guess, that indeed it was

16 really hers, and she'd get it back, and didn't put that

17 interest on the pleadings.

18          I'm summarizing, but that's essentially your

19 argument, is it not, Mr. Reid?

20          MR. REID:  That's the main thrust of those --

21          THE COURT:  Right.  And the law is clear.  If

22 those facts are established, then that would be a ground for

23 denial of discharge, but I haven't decided that.  I'm just

24 saying -- so the motion is going to be denied, because the

25 pleadings set forth that, and then, of course, depending on

8

1  whether we ever get to it, because of the standing question,

2  assuming, just for argument's sake, that somehow we do get

3  to it, then, of course, we would have a pre-trial and a

4  trial, but that's way in the future.

5          So what I plan on doing is, I'll have -- Mr. Reid,

6  why don't you prepare an order, basically "For the reasons

7  stated on the record."  Just say, "Denying the motion to

8  dismiss."  And what I will do right now is, I'm going to

9  continue this, this status conference, to a date, maybe

10 sometime in February or something, in February or March,

11 sometime, certainly, after the -- we know it's not going to

12 be tried.  That is, the 523 is not going to be tried in

13 January, but we might then have a -- know a date when that

14 is.  So what I plan on doing --

15         THE CLERK:  We have March 16th at 2:00.

16         THE COURT:  Yes.  I'm going to continue the

17 status.  That is Number -- I think it's 16 on the calendar.

18         THE CLERK:  It's Number 18.

19         THE COURT:  Excuse me.  I got it wrong.  I'm

20 sorry.  It's Number 18.  To March -- when is it?

21         THE CLERK:  16th, at 2:00.

22         THE COURT:  To March 16 at 2:00 p.m.

23         Now, the likelihood -- well, I don't know, but the

24 likelihood is not high that it will be all be resolved by

25 then, maybe yes, maybe no.  So what I do in -- this is -- I

9

1  do in cases where things are on appeal or, as in this case,

2  where there's an action in another court -- this is routine

3  for me, anyway, because I don't want you to have to keep

4  coming back, although by Zoom is not a burden, but, even so.

5          So two weeks -- so March 16th at 2:00, is the next

6  status conference.  Two weeks before that, you will have a

7  joint status report, and basically you're going to have to

8  figure out through other people, I guess, what's happening

9  in the state -- that's really what's happening.  So you can

10 check with other folks, from either your -- from your --

11 from one side, your -- from the Debtor's side, from the

12 plaintiff's side.  Just best you know what's going on, and

13 that would include -- by that time, you would have had,

14 certainly, I hope, the January -- you know, the status

15 conference, trial-setting, and then you can tell me when it

16 is.

17         And assuming that it hasn't all been settled by

18 that time, which isn't -- I'd be startled if it were -- I

19 want you to then, in that status conference, request a

20 further extension, and what I will do -- and prepare an

21 order just continuing it, a proposed order.  I'll have the

22 plaintiff do that, just a proposed order continuing it.

23         And then what I will do is, I will continue it

24 again for approximately, you know, 90 days, something like

25 that, and we'll just keep doing that until there's a final

10

1  resolution, and then, at some point, we will have an

2  actual -- and by then, who knows?  Hopefully, we'll have an

3  in-person hearing, but I don't want to create any extra

4  burden on you.  But the only burden is you've got to do the

5  status report.  It can be pretty brief.  It doesn't have to

6  be in our normal status conference form, because the issue

7  I'm interested in is not all the other things.  It is

8  basically what's happening in the state court.

9          Now, once I get to the position where maybe I am

10 going to hear it, then, at that status conference -- I'll

11 let you know when that is -- then I might want you -- if

12 it's going to be something where yes, we can actually have a

13 trial, then, of course, I will want you to start telling me

14 the normal things about the status, about discovery and so

15 forth.

16         But, until that, there's no need to fill out the

17 long form.  Just let me know, in a short sentence or two, a

18 joint statement of what you -- now, if you both disagree --

19 I can't imagine you would, on at least what the status is --

20 then each of you, you'll have -- but it will still be one

21 document.

22         So I want the plaintiff -- if you would sent

23 over -- prior to, say, maybe three weeks before March 16th,

24 send over your proposed -- your statement as to what you

25 know, what's going on, and then, Ms. Mazgani, you can say,

11

1  "Yes, that's fine," and then sign that as a -- and then file

2  that as a joint status report.

3         So is that clear?  This is going to be basically

4  in limbo for both, actually, for both the 523 and the 727,

5  until there's a final resolution of the state court action.

6  So any questions at all about that?

7         MR. REID:  Defendant will file the answer to the

8  complaint --

9         THE COURT:  Excuse me?

10        MR. REID:  -- during the hearing?  Will the

11  defendant file the answer to the complaint during the

12  hearing?

13        THE COURT:  That's right.  Thank you.  I totally

14  forgot that.  I think -- at least that part I think you

15  should do.  I think I'll give you -- and I forget what the

16  time is under the rules, but why don't I just give you

17  until -- let's see.  I think it's like 20 days, but I

18  usually do like 30, just because, at this point, it really

19  doesn't matter.  I'll give you a specific date.

20        Stacy (phonetic), what's 30 days from today?

21        THE CLERK:  January 15th.

22        THE COURT:  Excuse me?

23        THE CLERK:  January 15th.

24        THE COURT:  Okay.  Yes.  That's about -- okay.  So

25  I'd like you, if you could, in the order, Mr. Reid,

12

1 prepare -- that is, the motion to dismiss is denied, and

2 that the Debtor has until January 15th, must -- must -- file

3 an answer to the -- we're talking about the 727 complaint --

4 by the 15th of January.

5          Hopefully, you'll do it long before then.  I'm not

6 one -- I'm always amazed by counsel going to the last

7 second.  I've never -- I always do it earlier.  Do what you

8 want to do, but, especially since it's going to electronic,

9 I'd strongly suggest not waiting until midnight on the last

10 day.

11          So, any questions about that?

12          MS. MAZGANI:  Your Honor, just so that I'm clear,

13 the answer will be to the entire complaint, correct?

14          THE COURT:  Yes, yes.

15          MS. MAZGANI:  Okay.

16          THE COURT:  Okay.  Anything else?

17          MS. MAZGANI:  (Indiscernible.)

18          THE COURT:  Okay.  Well, thank you both --

19          MR. REID:  Thank you, your Honor.

20          MS. MAZGANI:  Thank you.

21          THE COURT:  -- and I'll see you back -- well,

22 probably not in March, but at least we'll have the answer,

23 and, of course, I will have the status reports two weeks

24 before the hearings, and I think we'll just continue doing

25 that until there's a final resolution in the state court.

13

1  Okay?

2          MS. MAZGANI:  Okay.  Great.

3          THE COURT:  Okay.  Thank you both.

4          MS. MAZGANI:  Thank you so much, your Honor.

5          THE COURT:  Thank you both.  Okay.  That concludes

6  this hearing.

7          THE CLERK:  Number 21, Mazgani.

8          THE COURT:  Let's see.  Number 21 -- okay.  That

9  is the motion -- I don't see -- there you are.  I know

10 that -- Mr. Orantes, there you -- I didn't know if you

11 were -- you were probably listening in.

12         Stacy, do you have my notes on that?

13         MR. ORANTES:  I'll make my appearance while the

14 Court gets settled.  This is Giovanni Orantes of Orantes Law

15 Firm.

16         THE COURT:  Okay.  Any -- and then the -- and then

17 let's see.  That's the --

18         MS. LINDSEY:  This is Crystle Lindsey of Weintraub

19 and Selth on behalf of the Debtor and Debtor-In-Possession.

20         THE COURT:  Okay.  Let me tell you what I -- I

21 don't know if I need any further argument.  You both

22 responded up and back.  Let me tell you what I'm going to do

23 in this case.  Just so I understand the issues, one was the

24 question, basically, about the paralegal doing the research.

25 There was an objection to that, right?

14

1        And that was -- the amount was -- let's see.  That

2  was for the -- that was doing the research on the record.

3  That was -- excuse me just one second.  The total amount

4  that you've asked for was 57,157.51.  Is that correct, Mr.

5  Orantes?

6        MR. ORANTES:  Yes, sir.

7        THE COURT:  And I'm going to prepare the order in

8  this, make it easier for you.  And then there was the --

9  that included 55,382.50, plus costs of 1,775.01.  Then

10  the -- and then the -- excuse me just one second.  And then

11  there was the couple objections.  One had to do with the

12  work of the paralegal in your office dealing with the -- was

13  it a paralegal?  I'm trying to remember if it was a

14  paralegal doing some research.

15        MR. ORANTES:  (Indiscernible), yes.

16        THE COURT:  Right.  And then --

17        MR. ORANTES:  And (indiscernible) an hour.

18        THE COURT:  Excuse me?

19        MR. ORANTES:  He billed 7.9 hours, at $300 an

20  hour, for the task that was objected to.

21        THE COURT:  Right.  And then the -- and then there

22  was -- the objection was to that because it was taking

23  too -- paralegal was taking too long.  And then there was

24  the 3,421.50 that was incurred after May 12, which was when

25  the order for relief.  Would that be -- I'm just trying to

15

1 summarize, make sure I got all the numbers and everything

2 right.

3          MR. ORANTES:  That sounds correct, but there was

4 also an objection to some charges I missed related to the

5 terminating sanctions motion.  So we agreed to that

6 deduction (indiscernible).

7          THE COURT:  Right, but that was also post-May 12,

8 wasn't it?

9          MR. ORANTES:  No, your Honor, but agreed to that.

10 We (indiscernible).

11          THE COURT:  Well, I'm trying to remember the

12 timing of it.

13          MR. ORANTES:  (Indiscernible.)

14          THE COURT:  So, Ms. Lindsey, when was that?  The

15 one that you had agreed on, when was that?  Was that prior

16 or post May 12?

17          MR. ORANTES:  I have a little picture of --

18          THE COURT:  Do you have it?  Can you hear me, Ms.

19 Lindsey?  I don't know if you can hear me.

20          MR. ORANTES:  You're right, your Honor.

21          THE COURT:  No, no.  I don't know if -- can you

22 hear me?

23          MR. ORANTES:  I can hear you, your Honor.

24          THE COURT:  You can hear me, but the other

25 counsel, you're not responding.  Can you hear me?

16

1          MS. LINDSEY:  Your Honor, yes, I can hear you now.

2          THE COURT:  Okay.  I wanted to make sure because

3    you weren't being -- and so my question is, that was what --

4    was that the $417.00?

5          MR. ORANTES:  Yes, your Honor.

6          THE COURT:  When was that, though, incurred?  Was

7    that pre or post the order for relief?

8          MS. LINDSEY:  That's post, your Honor.

9          THE COURT:  Yes.  I thought that was also post,

10   right.  That's what I wanted to -- so let me tell you what I

11   plan on doing.  I'm not going to need any further argument

12   on this.  As far as the objection, I agree with the Debtor,

13   as far as the post would not be allowed, and that's the

14   amount of 3,421.50.

15         On the other hand, I agree -- this is a judgment

16   call, but I agree -- I was thinking to myself of the timing,

17   and there's no perfect answer to it, but I will allow the

18   full amount of the paralegal.  So where we ended up with,

19   just so you know -- and I will prepare the order.  The

20   amount will be the 57,157.51, which you asked for, less the

21   3,421.50.  I don't have the -- I have it written down, but I

22   can't find where I wrote it.  And I will prepare that order.

23   All right, Counsel?

24         MR. ORANTES:  Yes, your Honor.  Thank you very

25   much.

*Echo Reporting, Inc.*

**ER-698**

17

1          MS. LINDSEY:  Your Honor?

2          THE COURT:  Yes.

3          MS. LINDSEY:  I did have one other thing.

4          THE COURT:  Excuse me?

5          MS. LINDSEY:  If I may add one more thing?

6          THE COURT:  Yes.

7          MS. LINDSEY:  The motion also requested immediate

8  payment.

9          THE COURT:  Well, no.  I'm not going to have the

10  immediate payment.  You need money to make the payment.

11  Thank you very much.

12          I think you would agree with that, Mr. Orantes.

13  There's no -- you need money to make the payment, right?

14          MR. ORANTES:  That's correct, your Honor.  And my

15  prayer was that, in the future, if (indiscernible), I'll

16  tell you that I'd be paying for (indiscernible).

17          THE COURT:  Well, what you were -- and, again,

18  thank you.  I had forgotten about that.  I had it marked

19  down, but I -- yes.  And I think the way it would read is --

20  we would prepare the order -- that that amount -- but it

21  will be allowed, but not paid until further order of the

22  Court.  At some point in the future, you know, if there is

23  money, when and if, but I'm not going to set any date or

24  anything.  So, at some point, you know, when the state court

25  litigation is all over with, and we figure out who's got

18

1   what, if the estate has any money or not, at that point,

2   then, certainly, you could renew the -- at some -- usually

3   the administrative expenses are paid at the end, you know,

4   the end of the case.

5           So I'll leave it at that, but that's -- but we're

6   not going to know for some time if there's any money, and

7   use your own judgment, as you might talk to each other as

8   far as when an appropriate time -- assuming -- again, I'm

9   assuming that there's something to argue about.  It's quite

10  possible there might not be much money, depending on how the

11  Superior Court case goes, but, assuming that there is money,

12  just for argument's sake, then, if that's the case, then, of

13  course, you can then reapply.  But I would suggest talking

14  about it.  But, again, at this point, I don't have any idea

15  whether there will be enough money or not.  Okay.  So we'll

16  prepare the order --

17          MR. ORANTES:  Understood.

18          THE COURT:  -- essentially what I just said.  The

19  amount will be allowed, and as far as payment, it will be

20  allowed, but no actual payment will be made until further

21  order of the Court, and at some point, Mr. Orantes, you'll

22  be making a motion to the actual payment, but you'll be in

23  contact, anyway, to know whether or not there's any money to

24  pay it.  All right?

25          MR. ORANTES:  Yes, your Honor.  Thank you.  Yes.

19

```
 1          THE COURT:  Okay.  Anything else?

 2          MR. ORANTES:  No, your Honor.  Thank you very

 3  much.

 4          THE COURT:  Okay.  Mr. Jones, I know you probably

 5  don't -- appreciate your interest, but you probably have

 6  nothing else.  But, if you do, I always like to ask.

 7          MR. JONES:  I have nothing else, your Honor.

 8          THE COURT:  Okay.

 9          MR. JONES:  I appreciate the attention to this

10  case.

11          THE COURT:  Okay.  Well, thank you very much, and

12  that concludes this hearing, and I think that's it, isn't

13  that, Stacy?

14          THE CLERK:  That's it.

15          THE COURT:  That's it for the morning.  Okay.

16  Thank you very much.

17          MS. LINDSEY:  Thank you, your Honor.

18          THE COURT:  You're welcome.

19          MR. ORANTES:  Thank you, your Honor.  Happy

20  holidays.

21          THE COURT:  Thank you.  You, too.

22      (Proceedings concluded.)

23

24

25
```

20

1          I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4    /s/Lorraine Caldwell           10/25/24
     Transcriber                    Date
5
     FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
6
     /s/L.L. Francisco
7    L.L. Francisco, President
     Echo Reporting, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

ER-702