1  FELIX T. WOO (CA SBN 208107)
   fwoo@ftwlawgroup.com
2  FTW LAW GROUP
   601 South Figueroa Street, Suite 1950
3  Los Angeles, California 90017
   Telephone:   (213) 335-3960
4  Facsimile:    (213) 344-4498

5  Attorney for Appellant Kevin Moda

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11

| In re: | District Court Case No.: 25-cv-02230-SSS |
|---|---|
| MAHVASH MAZGANI, | Bankruptcy Case No.: 2:19-bk-21655-BR |
| Debtor-in-Possession. | Adversary Case No.: 2:20-ap-01637-BR |
| | Chapter 11 |
| KEVIN MODA, | **APPELLANT'S APPENDIX (EXCERPTS OF RECORD) VOLUME 6 OF 6** |
| Appellant, | |
| vs. | Judge: Sunshine S. Sykes |
| MAHVASH MAZGANI, | |
| Appellee. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ER-703**

1   FELIX T. WOO (CA SBN 208107)
    fwoo@ftwlawgroup.com
2   FTW LAW GROUP
    601 South Figueroa Street, Suite 1950
3   Los Angeles, California 90017
    Telephone:    (213) 335-3960
4   Facsimile:    (213) 344-4498

5   Attorney for Defendant Kevin Moda

6

7

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

| | |
|---|---|
| In re: | Case No. 2:19-bk-21655-BR |
| MAHVASH MAZGANI, | Adv. No. 2:20-ap-01637-BR |
| Debtor-in-Possession. | Chapter 11 |
| | Judge:    Barry Russell |
| KEVIN MODA, | **PLAINTIFF KEVIN MODA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION** |
| Plaintiff, | |
| vs. | |
| MAHVASH MAZGANI, | **Hearing Date**: To Be Determined |
| | **Time**:    10:00 a.m. |
| Defendant. | **Courtroom:**    1668 |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |
| | *[filed concurrently with Memorandum of Points and Authorities; Declaration of Felix T. Woo; Proposed Order]* |

1

**ER-704**

1  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**
2  **JUDGE, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that on a date and time to be determined by the Court, or as soon
4  thereafter as this matter may be heard in Courtroom 1668 of the above-entitled Court, located at 255
5  E. Temple Street, Los Angeles, CA 90012, Plaintiff Kevin Moda ("Moda") will, and hereby, does
6  move for reconsideration of the Court's *Order Dismissing Adversary Proceeding*[1] ("Motion"),
7  pursuant to Federal Rules of Civil Procedure 59(e), made applicable herein by Federal Rules of
8  Bankruptcy Procedure 9023 on the grounds that dismissal of the Adversary Proceeding was
9  manifestly unjust..

10     This Motion is based upon Plaintiff's notice, the Memorandum of Points and Authorities, the
11  Declaration of Felix T. Woo ("Woo Dec."), the entire record in this case, the statements, arguments,
12  and representations of counsel to be made at the hearing on the Motion and any other evidence
13  properly presented to the Court at or prior to the hearing on the Motion.

14     **PLEASE TAKE FURTHER NOTICE** that the Motion is being heard on regular notice
15  pursuant to Local Bankruptcy Rule 9013-1. Local Bankruptcy Rule 9013-1(f) requires that any
16  response to the Motion must be filed and served at least 14 days prior to the hearing on the Motion.
17  Additionally, Local Bankruptcy Rule 9013-1(h) provides that the Court may deem that the failure to
18  timely file and serve an opposition or response constitutes consent to the relief requested in the
19  Motion.

20     **PLEASE TAKE FURTHER NOTICE** that, if responsive pleadings, points and authorities,
21  declarations and other documentary evidence in response to the Motion are filed, they should be
22  served on: (i) counsel for Plaintiff, whose name and address are set forth in the upper, left-hand
23  corner of the first page of this Notice; and (ii) the Office of the United States Trustee at 915 Wilshire
24  Boulevard, Suite 1850, Los Angeles, CA 90017.

25
26   Dated: October 29, 2024          FTW LAW GROUP
27
28  _____
   [1] ECF No. 97.

2

**ER-705**

1

2

3    By: */s/ Felix T. Woo*
         FELIX T. WOO
4        Attorney for Defendant Kevin Moda

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ER-706

1   FELIX T. WOO (CA SBN 208107)
    fwoo@ftwlawgroup.com
2   FTW LAW GROUP
    601 South Figueroa Street, Suite 1950
3   Los Angeles, California 90017
    Telephone:    (213) 335-3960
4   Facsimile:    (213) 344-4498

5   Attorney for Defendant Kevin Moda

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11  In re:                              | Case No. 2:19-bk-21655-BR

12  MAHVASH MAZGANI,                    | Adv. No. 2:20-ap-01637-BR

13              Debtor-in-Possession.   | Chapter 11

14                                      | Judge:    Barry Russell

15  ─────────────────────────────       | MEMORANDUM OF POINTS AND
                                         | AUTHORITIES IN SUPPORT OF
16  KEVIN MODA,                          | PLAINTIFF KEVIN MODA'S
                                         | MOTION FOR RECONSIDERATION
17              Plaintiff,

18       vs.                             | **Hearing Date**:  To Be Determined
                                         | **Time**:           10:00 a.m.
19  MAHVASH MAZGANI,                     | **Courtroom**:      1668
                                         |                     255 East Temple Street
20              Defendant.               |                     Los Angeles, CA 90012

21

22                                       | *[filed concurrently with Notice of Motion*
                                         | *and   Motion   for   Reconsideration;*
23                                       | *Declaration of Felix T. Woo; Proposed*
                                         | *Order]*

24

25

26

27

28

**ER-707**

**TABLE OF CONTENTS**

                                                                                      **Page**

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS .....................................................................................2

III.  ARGUMENT .........................................................................................................9

      A.    This Court Should Alter or Amend the Judgment Pursuant to Federal Rule of
            Civil Procedure 59 ..................................................................................... 9

      B.    The Dismissal Order Was Manifestly Unjust ..................................... 10

            1.    There Was No Unreasonable Delay That Would Affect the
                  Expeditious Resolution of Litigation ........................................ 11

            2.    The Impact On the Court's Need to Manage Its Docket Was Not
                  Present Here ............................................................................... 12

            3.    There Was No Risk of Prejudice to Defendant......................... 13

            4.    Public Policy Favors the Disposition of Cases on Their Merits ............... 14

            5.    Less Drastic Sanctions Were Available .................................... 14

      C.    Terminating Sanctions Were Not Warranted......................................... 15

IV.   CONCLUSION.....................................................................................................16

i

**ER-708**

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*Allstate Ins. Co. v. Herron*
    634 F.3d 1101 (9th Cir. 2011) ............................................................................9

*In re Bessler*
    2016 WL 6441235 (B.A.P. 9th Cir. Nov. 1, 2016)........................................11, 14

*In re Black*
    487 B.R. 202 (B.A.P. 9th Cir. 2013).................................................................14

*Cnty. Off. of Children's Couns. v. Arizona*
    716 F. App'x 716 (9th Cir. 2018) ....................................................................10

*Dahl v. City of Huntington Beach*
    84 F.3d 363 (9th Cir. 1996) ............................................................................10

*In re Downey Reg'l Med. Ctr.-Hosp., Inc.*
    441 B.R. 120 (B.A.P. 9th Cir. 2010).................................................................12

*In re Eisen*
    31 F.3d 1447 (9th Cir. 1994) ...................................................................11-12, 15

*Johnson v. U.S. Dep't of Treasury*
    939 F.2d 820 (9th Cir. 1991) ..........................................................................10

*McDowell v. Calderon*
    197 F.3d 1253 (9th Cir. 1999) ........................................................................10

*Ortiz v. Gaston Cty. Dyeing Machine Co.*
    277 F.3d 594 (1st Cir. 2002).............................................................................9

*Raiford v. Pounds*
    640 F.2d 944 (9th Cir. 1981) ..........................................................................10

*In re Roessler-Lobert*
    567 B.R. 560 (2017)...................................................................................11-15

*In re Singh*
    2016 WL 770195 (B.A.P. 9th Cir. Feb. 26, 2016)........................................12-13

*Smith v. Penrose*
    2007 WL 1051416 (E.D. Wash. Apr. 6, 2007) ................................................10

*W. Emps. Ins. Co. v. Jefferies & Co.*
    958 F.2d 258 (9th Cir. 1992) ..........................................................................12

DM3\10958995.3

**ER-709**

*In re Walker*
    332 B.R. 820 (Bankr. D. Nev. 2005) ........................................................................10

*Zambrano v. City of Tustin*
    885 F.2d 1473 (9th Cir. 1989) ................................................................................15

**Rules**

Federal Rule of Civil Procedure 59 ....................................................................... 9-10

iii

**ER-710**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Plaintiff Kevin Moda ("Plaintiff") respectfully submits this Memorandum of Law in support of his Motion for Reconsideration of the Order Dismissing the Adversary Proceeding ("Motion").

**I.    <u>INTRODUCTION</u>**

On September 24, 2024, the Court announced from the bench that it intended to:

> dismiss your -- your complaint. I -- and I really thought about -- for -- for lack of prosecution.  It really dawned on me why in the world would you just do what you did or not do, and it occurred to me the reality of it is I don't think you really care about the adversary proceeding.  I think what you care about, legitimately so, is what's going on in the State Court, namely, who owns those two buildings.  And I think that's why you simply have not -- you have not responded to either the -- to -- you've been served twice properly with the OSC to dismiss. And, therefore, I am going to grant the motion. Basically, it's a lack of prosecution.[1]

However, the record contains substantial evidence that Plaintiff actively prosecuted the Adversary Proceeding, defined below, by filing a total of approximately seventeen (17) status reports and appearing at approximately eleven (11) status conferences while the Adversary Proceeding remained stayed.  More importantly, Plaintiff explained to the Court that he did not appear at the June 4, 2024 Status Conference, defined below, because his former counsel, who agreed to specially appear for Plaintiff as counsel was already going to appear at a status conference in the main bankruptcy case, suffered a medical emergency outside the courthouse.[2]  That was the only status conference at which Plaintiff did not appear.[3]  Therefore, Plaintiff requests that the Court alter or, amend its ruling under Federal Rules of Civil Procedure ("FRCP") 59(e), made applicable herein by Federal Rules of Bankruptcy Procedure ("FRBP") 9023, because dismissal of the Adversary Proceeding was manifestly unjust for the following reasons:

- There was no unreasonable delay that would affect the expeditious resolution of litigation.

- The impact of dismissal on the Court's management of its docket was minimal and not a basis to dismiss because the Adversary Proceeding is stayed.

---

[1] ECF No. 93; Declaration of Felix T. Woo ("Woo Decl."), ¶ 10, Exhibit H at 16:22-25, 17:1-8.

[2] ECF No. 89.

[3] The Court indicated that Plaintiff failed to appear at two status conferences, however Plaintiff did not receive notice of the August 6 OSC, defined below.  Moreover, it is insignificant relative to the eleven (11) status conferences he did at.

**ER-711**

1      •      There was no risk of prejudice to the Defendant because there was (and is) no trial

2              scheduled and the Adversary Proceeding remained stayed, at Defendant's request.

3      •      Public policy favors disposition of the Adversary Proceeding, as with any contested

4              matter, on its merits.

5      •      Less drastic sanctions were available.

6        Terminating sanctions were also not warranted under LBR 7016-1 because there is no

7  evidence of willfulness, bad faith, or gross negligence, and the punishment is not proportionate to

8  Plaintiff not appearing at a single status conference at which no substantive activity intended to be

9  taken in the matter.

10       For the foregoing reasons, the Motion should be granted.

11  **II.    STATEMENT OF FACTS**

12       1.      On February 5, 2016, Defendant Mahvash Mazgani ("Defendant") filed a *First*

13  *Amended Verified Complaint For: 1. Quiet Title (Against all Defendants); 2. Declaratory Relief*

14  *(Against all Defendants); 3. Slander of Title (Against all Defendants); 4. Cancellation of Written*

15  *Instruments (Against all Defendants); 5. Intentional Infliction of Emotional Distress* in the Superior

16  Court of the State of California, County of Los Angeles against among others, Plaintiff ("FAC").[4]

17       2.      On October 16, 2017, Plaintiff filed a *First Amended Consolidated Cross-Complaint*

18  *For: 1. Breach of Fiduciary Duty of Trustee; 2. Civil Conspiracy; 3. Breach of Fiduciary Duty of*

19  *Counsel [;] 4. Aiding and Abetting and Knowingly Benefiting from Breach of Trust; 5. Unjust*

20  *Enrichment; 6. Conversion; 7. Accounting; 8. Fraud In Inducement; 9. Money Had and Received;*

21  *10. Declaratory Relief; 11. Set Aside Voidable Transaction [Civ. Code § 3439.07(A)(1)] and For*

22  *Damages Based on Fraudulent-Transfer [Civ. Code § 3439.04(a)]; and 12. Twelfth Cause of Action*

23  *for Conspiracy to Defraud Creditor* in the Superior Court of the State of California, County of Los

24  Angeles ("Cross-Complaint") (collectively with FAC "State Court Action") against Defendant.[5]

25       3.      On October 2, 2020, Plaintiff filed a *Complaint For: Non-Dischargeability of Debt*

26  *Pursuant to: 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), 11 U.S.C. § 523(a)(6) Denial of*

27  ---

[4] *Mazgani v. Moda,* Case No. BC607465, Los Angeles Superior Court.

28  [5] *Mazgani v. Moda,* Case No. BC607465, Los Angeles Superior Court; *see also* ECF No. 1, Exhibit 1.

DM3\10958995.3                                                                              **ER-712**

1   *Discharge Pursuant to: 11 U.S.C. § 727(a)(2), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(4)*

2   ("Adversary Proceeding") against Defendant.[6]

3        4.     On October 7, 2020, the Court issued a *Summons and Notice of Status Conference in*

4   *Adversary Proceeding [LBR 7004-1].*[7]  The Court scheduled a status conference for December 1,

5   2020 ("Status Conference").[8]

6        5.     On November 6, 2020, Defendant filed a *Motion to Stay Plaintiff's Adversary*

7   *Proceeding* ("Stay Motion")[9] and a *Motion to Dismiss Plaintiff's Claims for Relief in his Complaint*

8   *for Denial of Discharge Under 11 U.S.C. §§ 727(a)(2) & (a)(4)(A)* ("Motion to Dismiss")[10].

9        6.     On December 1, 2020, Plaintiff filed a *Joint Status Report*.[11]  In response to the

10  question regarding trial readiness, Plaintiff advised the Court it was unknown until the Stay Motion

11  and Motion to Dismiss was resolved.[12]  Defendant also advised the Court that it was unknown "until

12  the issues in state court action (BC607465) are resolved."[13]

13       7.     On December 15, 2020, the Court held a hearing on the Motion to Dismiss, Stay

14  Motion, and Status Conference.[14]

15       8.     On December 28, 2020, the Court issued orders denying the Motion to Dismiss[15] and

16  granting the Stay Motion[16].  Pursuant to the *Order Granting Defendant's Motion to Stay Plaintiff's*

17  *Adversary Proceeding* ("Stay Order")*,* the Court ordered the Adversary Proceeding stayed until the

18

19

---

20  [6] ECF No. 1.

21  [7] ECF No. 2-1.

22  [8] ECF No. 2-1.

23  [9] ECF No. 5.

    [10] ECF No. 6.  The Status Conference was initially set for December 1, 2020.  ECF No. 2-1.  The parties stipulated to

24  continue the Status Conference to December 15, 2020.  ECF Nos. 13, 14.

    [11] ECF No. 19.

25  [12] ECF No. 19.

26  [13] ECF No. 19.

    [14] ECF No. 103; Woo Decl., ¶ 3, Exhibit A.

27  [15] ECF No. 29.

28  [16] ECF No. 30.

3

**ER-713**

resolution of State Court Action.[17]  The Court also continued the Status Conference to March 16, 2021.[18]

9.    On March 1, 2021, Plaintiff filed an *Amended Status Report Re State Court Litigation* advising the Court that a jury trial in the State Court Action was tentatively scheduled for July 26, 2021.[19]

10.    Between March 2, 2021 and January 9, 2024, the Court held numerous status conferences.[20]  Plaintiff filed approximately fourteen (14) status reports.[21]  Each time the Court continued the Status Conference pending resolution of the State Court Action.[22]

11.    On July 7, 2023, Plaintiff received a judgment ("State Court Judgment") in his favor in the State Court Action.[23]

12.    On July 12, 2023, Defendant filed a notice of appeal of the State Court Judgment ("Appeal").[24]

13.    On January 9, 2024, the Court held a hearing on the continued Status Conference. Vip Bhola ("Bhola") appeared on behalf of Plaintiff and Nazanin Mazgani ("Nazanin") appeared on behalf of Defendant.[25]  In light the Appeal, the Court continued the Status Conference to March 12, 2024.[26]

14.    On February 28, 2024, Plaintiff filed a *Substitution of Attorney* to proceed in pro per.[27]

---

[17] ECF No. 30.

[18] ECF No. 30.

[19] ECF No. 37.

[20] *See generally Moda v. Mazgani*, 2:20-ap-01637-BR.  True and correct copies of transcripts not available on the docket are attached to the Woo Dec.

[21] ECF Nos. 38, 39, 42, 43, 45, 50, 51, 52, 53, 55, 57, 58, 60, 62.  On November 21, 2023, Plaintiff's counsel filed a *Notice of Motion and Motion to Withdraw as Counsel for Plaintiff* ("Motion to Withdraw").  ECF No. 64.  The Court granted the Motion to Withdraw on November 30, 2023. ECF No. 65.

[22] *See generally Moda v. Mazgani*, 2:20-ap-01637-BR.

[23] ECF No. 57.

[24] ECF No. 57.

[25] ECF No. 70.

[26] ECF Nos. 69, 70.

[27] ECF No. 72.

**ER-714**

DM3\10958995.3

15.     On February 28, 2024, Plaintiff filed a *Status Report Re Superior Court*.[28]

16.     On February 29, 2024, Defendant filed a *Unilateral Status Report Re State Court Litigation*.[29]  Defendant advised the Court that the Appeal was still pending.[30]

17.     On March 12, 2024, the Court held a hearing on the continued Status Conference. Plaintiff appeared in *pro per* and Nazanin appeared for Defendant.[31]  The Court indicated that it would adjudicate the Adversary Proceeding "but [the State Court Judgment] has to be a final order" and the Court "read the judgment, and on its face it would pretty obviously be nondischargeable…if it's affirmed, then no doubt, Mr. Moda, you'll be filing a motion for summary judgment here."[32] Due to the pending Appeal, the Court continued the Status Conference to June 4, 2024 ("June 4, 2024 Status Conference").[33]

18.     On May 21, 2024, Defendant filed a *Status Report re State Court Litigation*.[34]  Again, Defendant advised the Court that the Appeal was still pending.[35]

19.     Plaintiff's former attorney, Bhola, specially "agreed to represent Mr. Moda on June 4, 2024…"[36]

20.     However, unbeknownst to the Court, on the way to appear at the June 4, 2024 Status Conference, Bhola "arrived at the Los Angeles Courthouse wheelchair ramp with nearly 25 minutes to spare to make it from that building to the Courthouse.  On the way up the wheelchair ramp, [Bhola] tipped sideways and fell off [his] chair and [his] chair landed atop [him].  [Bhola] could not move

---

[28] ECF No. 73.

[29] ECF No. 71.

[30] ECF No. 71.

[31] ECF No. 75; Woo Decl., ¶ 8, Exhibit F.

[32] ECF No. 75; Woo Decl., ¶ 8, Exhibit F at 5:18-25, 6:1-10.

[33] ECF No. 75; Woo Decl., ¶ 8, Exhibit F.

[34] ECF No. 76.

[35] ECF No. 76.

[36] ECF No. 89.

and had no way of alerting anyone of my fall as the chair was atop [him]."[37]  Bhola's medical

emergency prevented him from appearing at the June 4, 2024 Status Conference.[38]

21.    At the June 4, 2024 Status Conference, James R. Selth, Esq. ("Selth") specially

appeared for Defendant.[39]  Because Bhola did not appear, as he had intended, on Plaintiff's behalf,

the Court set an *Order to Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's*

*Failure to Attend Status Conference* for August 6, 2024 ("August 6 OSC").[40]  Defendant was ordered

to give notice and Plaintiff was ordered to filed a response to the August 6 OSC by July 23, 2024.[41]

22.    On July 29, 2024, Defendant filed a *Unilateral Status Report in Adversary*

*Proceeding Re State Court Litigation* advising the Court that the Appeal was pending and the

Adversary Proceeding remained stayed.[42]  Defendant also filed a *Notice of No Response to Order to*

*Show Cause Why Complaint Should Not Be Dismissed For Plaintiff's Failure to Attend Status*

*Conference*.[43]

23.    On August 6, 2024, Plaintiff appeared for hearings scheduled in the *In Re: Mahvash*

*Mazgani,* 2:19-bk-21655-BR ("Bankruptcy Case").[44]   At that hearing, the Court asked Plaintiff

whether he received notice of the August 6 OSC.[45]   Plaintiff advised the Court he did not.[46]

Accordingly, the Court continued the August 6 OSC to September 24, 2024.[47]  Plaintiff was ordered

to file a response to the August 6 OSC by September 10, 2024.[48]

---

[37] ECF No. 89.

[38] ECF No. 89.

[39] ECF No. 81.

[40] ECF Nos. 81, 77.

[41] ECF No. 81, 77.

[42] ECF No. 82.

[43] ECF No. 83.

[44] ECF No. 84; Woo Decl., ¶ 9, Exhibit G.

[45] ECF No. 84; Woo Decl., ¶ 9, Exhibit G at 20:1-5.

[46] ECF No. 84; Woo Decl., ¶ 9, Exhibit G at 20:1-5.

[47] ECF No. 84; Woo Decl., ¶ 9, Exhibit G at 20:6-9.

[48] ECF No. 85.

**ER-716**

24.     On September 10, 2024, Bhola, on behalf of Plaintiff, filed a *Response to OSC Issued on August 6, 2024, for Failing to Appear on June 4, 2024, At Status Conference Set on That Day* ("Response").[49]  Bhola indicated in the Response that he was submitting it on his "own behalf and on behalf of Mr. Moda."[50]  Bhola explained to the Court that:

> On June 4, 2024, I arrived at the Los Angeles Courthouse wheelchair ramp with nearly 25 minutes to spare to make it from that building to the Courthouse. On the way up the wheelchair ramp, I tipped sideways and fell off my chair and my chair landed atop me. I could not move and had no way of alerting anyone of my fall as the chair was atop me.

> My failure to appear at the June 4, 2024, status conference, which resulted in Mr. Moda's subsequent nonappearance, was due to a physical disability that required urgent medical attention. I have attached the corresponding medical record hereto and incorporate it herein by reference as **Exhibit A.**[51]

25.     On September 16, 2024, Defendant filed a reply to the Response ("Reply").[52]

26.     On September 24, 2024, Plaintiff appeared *in pro per*, Bhola appeared via Zoom from the hospital, and Nazanin appeared for the Defendant.[53]  At the hearing, the Court inquired about Bhola's representation of Plaintiff:

> Mr. Bhola has not -- you've been in pro -- you -- he -- you substituted -- or Mr. Bhola substituted out sometime ago. He does not represent you in the 523 in the adversary proceeding, is that correct? You already substituted out. Be very careful, Mr. Moda."

> I'm asking you a simple question. I could put you under oath, and then there could be other consequences. I'm not going to do that. He does not represent you in the 523 action, does he?

> MR. MODA: In the adversary proceeding, no. No one does.

> THE COURT: Okay. No one does. Therefore, is the -- the OSC, whether or not I should dismiss it, Mr. Bhola has no ability -- he doesn't represent you –

> MR. MODA: He -- your Honor, that day you had two status conferences.

---

[49] ECF No. 89.

[50] ECF No. 89.

[51] ECF No. 89, ¶¶ 10-11 (emphasis in original)

[52] ECF No. 90.

[53] ECF No. 93; Woo Decl., ¶ 10, Exhibit H.

**ER-717**

1    THE COURT: No, no. Let me stop you there. So, the record is quite clear.  Mr. Bhola,
2    you know you did not represent Mr. -- Mr. Moda in the -- in the complaint, in the
     adversary proceeding. You understand that Is that correct?

3    MR. BHOLA: Yes. My purpose of filing was to clarify because there were -- there
4    were two hearing that day, and –

5    …

6    THE COURT: Mr. Bhola, I want you to answer my question. You have a habit of not
7    answering my questions. You did not represent Mr. -- Mr. Moda in the adversary
     proceeding, is that correct?

8    MR. BHOLA: I don't represent him in the adversary proceeding.

9    THE COURT: Right. And -- and, so, your – your response to a -- to a OSC to dismiss
10   that, you don't represent him in that, do you?

11   MR. BHOLA: My response was for the reason I -- that I stated, uh –

12   THE COURT: Well, your response, basically, you were falling on your sword –

13   MR. BHOLA: -- two different -- two separate hearings.[54]
14
     The Court then indicated that it would dismiss the Adversary Proceeding because:
15
16       So, twice, Mr. Moda, you have not responded to the original OSC, which you were
         properly served by the -- by the clerk's office in Washington, and you haven't responded
17       to this one.  So -- so, that ends the discussion. So, there's nothing left -- there's nothing
         left to discuss. I'm going to dismiss your -- your complaint. I -- and I really thought
18       about -- for -- for lack of prosecution. It really dawned on me why in the world would
         you just do what you did or not do, and it occurred to me the reality of it is I don't think
19       you really care about the adversary proceeding.  I think what you care about,
         legitimately so, is what's going on in the State Court, namely, who owns those two
20       buildings. And I think that's why you simply have not -- you have not responded to
         either the -- to -- you've been served twice properly with the OSC to dismiss. And,
21       therefore, I am going to grant the motion. Basically, it's a lack of prosecution. You've
         had two opportunities to respond. You haven't, and it's my opinion -- you can obviously
22       -- you don't have to agree with anything I say, but it's pretty clear what's really going
         on is -- what's going on in the State Court. I have no opinion, by the way, on the appeal.
23       What I do know, as I've stated many times, it's not a final order. And, so, all the things
         that you and Mr. Bhola did in violation of that have -- have been taken care of as far as
24       contempt, but as far as the merits of it, whatever -- I'll keep repeating. Whatever,
         ultimately on the appeal -- and it could apparently now take years -- whatever the State
25       Court does, that -- that's it.  If they -- if that order is upheld, then ultimately I will have
26       to agree with that, that the -- if it's -- if it's upheld on appeal, that you own those
27
28   _____
     [54] ECF No. 93; Woo Decl., ¶ 10, Exhibit H at 14:18-25, 15:22-25, 16:1-11.

properties. I think that's really what's going on. It doesn't require any response from you, Mr. Moda. The record -- the record is quite clear. Just to make it clear, you've been -- you've been served twice, properly served with OSCs why this – why this should not be dismissed, that is, the adversary proceeding. And you did not respond to either of them.

…

Let me stop you. I'm not going to allow you to -- to say -- to -- first of all, you're not testifying. You're not under oath, and you -- the OSCs, you did not respond. I'm not going to allow now -- now have you just talk to me and tell me what you think why I shouldn't have granted it. You had an opportunity. You had two opportunities. So, I'm not going to let you say anything further, Mr. -- Mr. Moda. You were properly served. You ignored the service. And, therefore, I'm going to grant the motion to dismiss this adversary proceeding for – basically for lack of prosecution, period. This is not the time to suddenly start talking. I'm not going to allow you to say anything further, Mr. Moda.[55]

27.     On September 26, 2024, Defendant filed a *Notice of Lodgment of Order or Judgment in Adversary Proceeding Re: Order to Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status Conference.*[56]

28.     On October 3, 2024, Plaintiff filed an *Objection to Proposed Order on Order to Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status Conference.*[57]

29.     On October 15, 2024, the Court issued an *Order Dismissing the Adversary Proceeding* ("Dismissal Order").[58]

## III.   ARGUMENT

### A.     This Court Should Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59

FRCP 59(e), made applicable by FRBP 9023, allows the Court the discretion to alter or amend its judgment upon motion.  There are four basic grounds upon which a FRCP 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously

---

[55] ECF No. 93; Woo Decl., ¶ 10, Exhibit H at 16:17-25, 17:1-25, 18:1-3, 18:9-21.

[56] ECF No. 91.

[57] ECF No. 95.

[58] ECF No. 97.

DM3\10958995.3

**ER-719**

1    unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the

2    amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*,

3    634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).  The power to alter or amend includes the

4    power to vacate or set aside a judgment.  *See Ortiz v. Gaston Cty. Dyeing Machine Co.*, 277 F.3d

5    594, 597 fn. 1 (1st Cir. 2002) ("[S]uch motions properly may seek to vacate or reverse…judgment

6    rather than merely amend it.") (internal quotes omitted).

7         "[A] bankruptcy court has wide latitude to reconsider and vacate its own prior decisions."

8    *See In re Walker*, 332 B.R. 820, 832 (Bankr. D. Nev. 2005) (quoting *Bialac v. Harsh Inv. Corp. (In

9    re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982)); *see also McDowell v. Calderon*, 197 F.3d 1253, fn. 1

10   (9th Cir. 1999) (court has considerable discretion in granting relief under FRCP 59).  FRCP 59

11   incorporates and recognizes "'the need to preserve the delicate balance between the sanctity of final

12   judgments and the incessant command of a court's conscience that justice be done in light of all the

13   facts.'" *In re Walker*, 332 B.R. 820, 832 (Bankr. D. Nev. 2005) (quoting *Kieffer v. Riske* (*In re

14   Kieffer–Mickes, Inc.*), 226 B.R. 204, 209 (8th Cir. BAP 1998)).  If a court determines, "after a more

15   detailed review and analysis of [an] issue," that its ruling was clearly erroneous, then it may grant a

16   motion for reconsideration and alter its previous ruling.  *Smith v. Penrose*, 2007 WL 1051416, at *1

17   (E.D. Wash. Apr. 6, 2007).

18        Here, the Dismissal Order resulted in manifest injustice.  Therefore, Plaintiff respectfully

19   request this Court vacate the Dismissal Order.

20        **B.      The Dismissal Order Was Manifestly Unjust**

21        Dismissal is "the most severe penalty and is authorized only in extreme circumstances."

22   circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996) (internal quotes

23   omitted) (trial court dismissed case because attorney failed to pay sanctions and a timely joint exhibit

24   and witness list was reversed, appellate court reversed finding that public policy favored resolution

25   of dispute on the merits); *see also* Pima *Cnty. Off. of Children's Couns. v. Arizona*, 716 F. App'x 716,

26   717 (9th Cir. 2018) (internal quotes omitted) (trial court dismissed for lack of prosecution because

27   plaintiff's counsel experienced personal problems and neglected the case for three months, appellate

28   court reversed finding that dismissal for failure to prosecute was too harsh); *Johnson v. U.S. Dep't of*

10

**ER-720**

*Treasury*, 939 F.2d 820, 825 (9th Cir. 1991) (trial court dismissed for lack of prosecution because plaintiff failed to appeal for court ordered deposition, appellate court reversed finding that dismissal was the harshest available penalty and unwarranted).  "Dismissals have been reversed when the district court failed to consider less severe penalties." *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981).  Courts are required to "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

> ### 1.  There Was No Unreasonable Delay That Would Affect the Expeditious Resolution of Litigation

"In dismissing a case for lack of prosecution, the court must find unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).[59]  "Not any delay will justify dismissal; rather the deficient conduct must result in **unreasonable** delay." *In re Roessler-Lobert*, 567 B.R. 560, 568 (2017) (emphasis in original) (finding plaintiff's conduct dilatory but delay was short and not unreasonable); *see also In re Bessler*, 2016 WL 6441235, at *4 (B.A.P. 9th Cir. Nov. 1, 2016) (trial court dismissed for lack of prosecution because plaintiff failed to appear at multiple scheduling and status conferences and failed to respond to an order to show cause, appellate court reversed finding there was no unreasonable delay).

There was no unreasonable delay in this case.  At the Defendant's request, the Court stayed the Adversary Proceeding pending resolution of the State Court Action.[60]  There are no pretrial deadlines or a trial on schedule.  The Court continued the Status Conference on numerous occasions pending the adjudication of the State Court Action.  Each of the approximately twenty-two (22) status

---

[59] In *Eisen*, the bankruptcy court dismissed an adversary proceeding for failure to prosecute. *In re Eisen*, 31 F.3d 1447, 1450 (9th Cir. 1994). The district court affirmed the bankruptcy court's dismissal finding that the four-year delay, plaintiff's failure to take any affirmative action to prosecute his adversary proceeding, and inadequate excuse for the delay (i.e. lack of insufficient funds) was inherently unreasonable. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). That is not the case here.

[60] ECF Nos. 5, 30.

DM3\10958995.3

**ER-721**

1   reports filed by the Plaintiff and Defendant advised the Court that the State Court Action and

2   subsequent Appeal was (and is) pending and the Adversary Proceeding remained stayed.

3         If the Court determined there was unreasonable delay (which it should not, and could not

4   based on the record of this matter given the stay), Plaintiff responded to the August 6 OSC, by

5   explaining that Bhola, who agreed to specially appear for Plaintiff at the June 4, 2024 Status

6   Conference, suffered a medical emergency and was unable to appear.[61]   Defendant argues in the

7   Reply that Bhola's filing cannot be made on behalf of Plaintiff.[62]   However, Defendant's argument

8   is wrong and elevates form over substance.[63]

9         Hence, there was no unreasonable delay that affected the expeditious resolution of litigation

10  and this factor did not weigh in favor of dismissal.

11        **2.        The Impact On the Court's Need to Manage Its Docket Was Not Present**

12                    **Here**

13        This factor is "usually reviewed in conjunction with the public's interest in expeditious

14  resolution of litigation to determine if there is unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452

15  (9th Cir. 1994).  The court is best situated to decide when its docket may become unmanageable. *In*

16  *re Roessler-Lobert*, 567 B.R. 560, 568 (2017).

17        In *In re Singh*, 2016 WL 770195, at *9 (B.A.P. 9th Cir. Feb. 26, 2016), the appellate court

18  disagreed with the bankruptcy court's finding that the plaintiff "flouted the local rules governing the

19  filing of a status report. Disregard for the local rules, particularly governing the filing of status

---

[61] ECF No. 89.

[62] Defendant argued that Bhola could not, as former counsel, submit a response to the August 6 OSC for Plaintiff.  The Court agreed and reasoned that because Plaintiff was in *pro per*, and Bhola had been substituted out of the Adversary Proceeding, that Bhola could not appear at the status conference for Plaintiff, nor could be explain why he did not appear at the June 4, 2024 Status Conference.  However, at that same June 4, 2024 Status Conference, Selth specially appeared for Nazanin (the Defendant's daughter and counsel of record).  Thus, the reason Bhola submitted a declaration in response to the August 6 OSC regarding Plaintiff's failure to appear at the June 4, 2024 Status Conference is because Bhola had agreed to specially appear for Plaintiff.  Thus, it made logical sense for Bhola to explain why he did not appear for Plaintiff given his medical emergency outside the courthouse.

[63] *W. Emps. Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 261 (9th Cir. 1992) (finding that court's focus on timeliness of the request to vacate the arbitration award instead of whether the parties had contractual right to arbitrate elevated form over substance); *In re Downey Reg'l Med. Ctr.-Hosp., Inc.*, 441 B.R. 120, 127 (B.A.P. 9th Cir. 2010) (finding that the court's decision to not require an adversary proceeding did not cause prejudice and thus form should not be elevated over substance).

**ER-722**

1    reports, [was] a systemic problem, which significantly affect[ed] this Court's ability to manage its

2    docket." The appellate court reasoned that:

3         the *bankruptcy court's attempt to correct systemic non-compliance issues in this case
          was disproportionate, given the parties' agreement to stay the Taylor proceeding* in
4         light of the UST action.  In an appropriate case, a bankruptcy court has discretion to
          issue terminating sanctions for non-compliance with the local rules, but here, the failure
5         to *provide information to the bankruptcy court prior to the status conference was
          mitigated*. The bankruptcy court was aware of the parties' intent to stay the proceeding
6         prior to the status hearing based on the proposed order lodged. Thus, the impact on the
          bankruptcy court's docket was limited and, in effect, caused by its own decision to deny
7         the proposed order and proceed forward with the status conference.

8    *In re Singh*, 2016 WL 770195, at *9 (B.A.P. 9th Cir. Feb. 26, 2016) (emphasis added).

9         Similar to *In re Singh*, the Adversary Proceeding remained stayed pending the resolution of

10   the State Court Action since December 28, 2020.  From December 28, 2020 to the June 4, 2024

11   Status Conference (and the present), the Court was aware of the stay of the Adversary Proceeding,

12   the ongoing status of the State Court Action, and the Appeal.  The status of the Adversary Proceeding

13   remained unchanged from December 28, 2020.

14        Thus, the impact on the Court's docket was minimal, if not nonexistent, and this factor did

15   not weigh in favor of dismissal.

16                    **3.      There Was No Risk of Prejudice to Defendant**

17        In determining whether a defendant has been prejudiced, courts examine whether the

18   plaintiff's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful

19   decision of the case." *In re Roessler-Lobert*, 567 B.R. 560, 568 (2017).

20        That is not the case here.  The Adversary Proceeding has not been set for trial and the

21   Defendant has no desire advance that litigation or to try the case, given the Defendant's request to

22   stay the proceeding until the resolution of the State Court Action.  Despite his recent temporary

23   difficulties, Plaintiff has been proactive in his efforts to comply with the orders of the Court by filing

24   approximately seventeen (17) status reports and having appeared at approximately eleven (11) status

25   conferences.  Plaintiff did not file one status report and only missed one status conference, and his

26   nonappearance was adequately explained by Bhola, who agreed to specially appear for him in that

27   one instance.  Thus, this factor did not weigh in favor of dismissal.

28

**ER-723**

#### 4.    Public Policy Favors the Disposition of Cases on Their Merits

"The public policy in favor of disposition of the case on the merits normally weighs strongly against dismissal."  *In re Roessler-Lobert*, 567 B.R. 560, 568 (2017) (internal quotes omitted).

As alleged in the Adversary Proceeding, Defendant committed intentional fraud against Plaintiff.[64]  Normally, a state court's judgment of fraud is non-dischargeable.[65]  In fact, the State Court Action resulted in a State Court Judgment against Defendant for egregious mishandling of the trust, and awarded real properties and damages to Plaintiff in the amount of $12,242,478.20, including treble damages for theft and fraud in the amount of $20,987,105.40.  Except for the pending appeal, which Defendant used as her basis for seeking to stay this case, the Court would likely already have found Defendant's debt to be non-dischargeable.

Thus, public policy favors a disposition of the Adversary Proceeding on the merits, especially in light of the findings in the State Court Judgment.

#### 5.    Less Drastic Sanctions Were Available

"The [trial] court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."  *In re Roessler-Lobert*, 567 B.R. 560, 568 (2017) (internal quotes omitted); *see also In re Bessler*, 2016 WL 6441235, at *5 (B.A.P. 9th Cir. Nov. 1, 2016) (finding that less drastic sanctions were appropriate when plaintiff missed several status conferences because "dismissal was effectively with prejudice because any nondischargeability action would be time-barred if refiled. Thus, [plaintiff] has lost the opportunity to have his claims heard on the merits.").

Here, there were less drastic sanctions available.[66]  The Adversary Proceeding was stayed and this was the first time Plaintiff failed to appear at a status conference.  The Court could have

---

[64] ECF No. 1.

[65] *In re Black*, 487 B.R. 202, 214 (B.A.P. 9th Cir. 2013); ECF No. 61 at 16:7-10 (THE COURT: "…yeah, on its face, if, indeed, the Debtor did what -- what the jury found, you'd -- that looks like it would be nondischargeable."); Woo Decl., ¶ 8, Exhibit F at 6:5-7 (THE COURT: "I've read the judgment, and on its face it would pretty obviously be nondischargeable if -- if -- at least reading what it holds.").

[66] Plaintiff's counsel is aware of the history of the Bankruptcy Case and the positions taken by Plaintiff and Bhola, which were not well taken by the Court.  However, the history of the Adversary Proceeding demonstrates that Plaintiff actively prosecuted the case and, thus should be considered separately.  Moreover, Plaintiff has retained counsel in the Adversary Proceeding to ensure compliance with the Court's orders and local rules.

14

**ER-724**

DM3\10958995.3

imposed monetary or disciplinary sanctions against Plaintiff, instead of the harsh sanction of dismissal.  Because the Dismissal Order was with prejudice, Plaintiff effectively lost the opportunity to have his claims heard on the merits.

Thus, this factor did not weigh in favor of dismissal.

### C.    Terminating Sanctions Were Not Warranted[67]

LBR 7016-1(a) sets forth certain requirements concerning status conferences.  LBR 7016-1(f) and (g) authorize the imposition of various sanctions for failure to comply with LBR 7016-1(a), including, but not limited to, monetary sanctions and terminating sanctions.

A terminating sanction for noncompliance with a local rule is appropriate if only three elements are met:

> First, the noncompliance must involve an enhanced degree of fault, such as willfulness, bad faith, recklessness, or gross negligence, as compared to mere negligence or oversight…..Second, the sanction must pass muster under the five-factor test of [*Eisen*]….Third, the court must consider whether the punishment is proportionate to the offense.

*In re Roessler-Lobert*, 567 B.R. 560, 573 (B.A.P. 9th Cir. 2017).

The Response explained that Plaintiff's nonappearance at the June 4, 2024 Status Conference was the result of Bhola's medical emergency.[68]  There is no evidence of willfulness, bad faith, recklessness, or gross negligence, let alone mere negligence or oversight.  Further, as explained above, dismissal is not warranted under the factors outlined in *Eisen*.

The punishment was also not proportionate to the offense.  To determine whether a sanction is proportionate, the court must consider the relative culpability of the party and party's counsel.  *In re Roessler-Lobert*, 567 B.R. 560, 573 (B.A.P. 9th Cir. 2017); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) ("any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power. This last principle includes a responsibility to consider the usefulness of more moderate penalties before imposing a

---

[67] At the September 24, 2024 hearing, the Court dismissed the Adversary Proceeding for lack of prosecution.  ECF No. 93; Woo Decl., ¶ 10, Exhibit H at 18:17-19.  The Court did not make an explicit finding that it dismissed Adversary Proceeding because Plaintiff did not comply with the local rules.  However, out of an abundance of caution, Plaintiff addresses this argument.

[68] ECF No. 89.

**ER-725**

monetary sanction.").  Here, the Dismissal Order was disproportionate to Plaintiff's failure to appear, at one status conference, because terminating sanctions are the harshest of penalties and Plaintiff stands to lose his right to prosecute claims grounded in fraud and deception against the Defendant. Moreover, Plaintiff's failure to appear was the result of Bhola's medical emergency[69], not due to any culpable acts by Plaintiff.

Thus, terminating sanctions are not warranted.

## IV.    **CONCLUSION**

Based on the foregoing, Plaintiff respectfully request the Court reconsider its ruling on the August 6 OSC and vacate the Dismissal Order.

Dated: October 29, 2024                     FTW LAW GROUP


                                            By: */s/ Felix T. Woo*
                                               FELIX T. WOO
                                               Attorney for Defendant Kevin Moda

---

[69] ECF No. 89.

**ER-726**

DM3\10958995.3

1  FELIX T. WOO (CA SBN 208107)
   fwoo@ftwlawgroup.com
2  FTW LAW GROUP
   601 South Figueroa Street, Suite 1950
3  Los Angeles, California 90017
   Telephone:    (213) 335-3960
4  Facsimile:    (213) 344-4498

5  Attorney for Defendant Kevin Moda

6

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11 | In re:                          | Case No. 2:19-bk-21655-BR
12 | MAHVASH MAZGANI,                 | Adv. No. 2:20-ap-01637-BR
13 |            Debtor-in-Possession. | Chapter 11
14 |                                  | Judge:    Hon. Barry Russell
15 |                                  |
16 | KEVIN MODA,                      | DECLARATION OF FELIX T. WOO
                                        IN SUPPORT OF PLAINTIFF KEVIN
17 |            Plaintiff,            | MODA'S MOTION FOR
                                        RECONSIDERATION
18 |      vs.                         |
19 | MAHVASH MAZGANI,                 | Hearing Date:  To Be Determined
                                        Time:          10:00 a.m.
20 |            Defendant.            | Courtroom:     1668
                                                       255 East Temple Street
21 |                                  |                Los Angeles, CA 90012
22 |                                  | [Filed concurrently with Notice of Motion
                                        and    Motion    for    Reconsideration;
23 |                                  | Memorandum of Points and Authorities;
                                        Proposed Order]
24
25
26
27
28

                              1

ER-727

<div align="center">

**DECLARATION OF FELIX T. WOO**

</div>

1      I, Felix T. Woo, declare:

2      1.        I am an attorney licensed in the State of California, am admitted to practice before all of the Courts of the State of California and in the Central District of California, and am the principal lawyer for FTW Law Group, attorneys of record for Kevin Moda.  The following are within my personal knowledge and if called upon to testify, I could and would competently testify hereto as of under oath.

     2.        I make this declaration in support of the *Motion for Reconsideration* ("Motion").

     3.        Attached hereto as **Exhibit A** is a true and correct copy of the transcript from the December 15, 2020 hearing.

     4.        Attached hereto as **Exhibit B** is a true and correct copy of the transcript from the June 22, 2021 hearing.

     5.        Attached hereto as **Exhibit C** is a true and correct copy of the transcript from the September 21, 2021 hearing.

     6.        Attached hereto as **Exhibit D** is a true and correct copy of the transcript from the October 11, 2022 hearing.

     7.        Attached hereto as **Exhibit E** is a true and correct copy of the transcript from the December 13, 2022 hearing.

     8.        Attached hereto as **Exhibit F** is a true and correct copy of the transcript from the March 12, 2024 hearing.

     9.        Attached hereto as **Exhibit G** is a true and correct copy of the transcript from the August 6, 2024 hearing.

     10.       Attached hereto as **Exhibit H** is a true and correct copy of the transcript from the September 24, 2024 hearing.

     I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of October, 2024.

                               _____*/s/ Felix T. Woo*_____
                               FELIX T. WOO

<div align="center">2</div>

**ER-728**

# EXHIBIT A

ER-729

Case 2:25-ap-01637-BR   Doc 104   Entered 10/28/25   Page 1 of 3   Desc
Case 2:20-ap-01637-BR   Doc 104-3   Filed 10/28/25   Entered 10/28/25 17:53:26   Desc
Exhibit Ex A to Woo Declaration   Page 2 of 24

```
 1                  UNITED STATES BANKRUPTCY COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3                          --oOo--

 4  In Re:                      )  Case No. 2:19-bk-21655-BR
                                )
 5  MAHVASH MAZGANI,            )  Chapter 11
                                )
 6          Debtor.             )  Los Angeles, California
    _____)  Tuesday, December 15, 2020
 7                              )  10:00 a.m.
    MODA,                       )
 8                              )
            Plaintiff,          )
 9                              )
        vs.                     )  Adv. No. 2:20-ap-01637-BR
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____)

13

14                              STATUS CONFERENCE RE COMPLAINT
                                FOR:
15                              NONDISCHARGEABILITY OF DEBT
                                PURSUANT TO:
16                              11 U.S.C. SECTION 523(A)(2)(A)
                                11 U.S.C. SECTION 523(A)(4)
17                              11 U.S.C. SECTION 523(A)(6)

18                              DENIAL OF DISCHARGE PURSUANT
                                TO:
19                              11 U.S.C. SECTION 727(A)(2)
                                11 U.S.C. SECTION 727(A)(3)
20                              11 U.S.C. SECTION 727(A)(4)

21                              CONT'D HRG. RE MOTION TO
                                DISMISS PLAINTIFF'S CLAIMS FOR
22                              RELIEF IN HIS COMPLAINT FOR
                                DENIAL OF DISCHARGE UNDER 11
23                              USC 727(A)(2) & (A)(4)(A)

24

25  Proceedings produced by electronic sound recording;
    transcript produced by transcription service.
```

ii

CONT'D HRG. RE MOTION TO STAY
ADVERSARY PROCEEDINGS

CONT'D HRG. RE MOTION FOR
ALLOWANCE AND TO COMPEL
PAYMENT OF ADMINISTRATIVE
CLAIM; THE ORANTES LAW FIRM
PC, CREDITOR'S ATTORNEY,
PERIOD: TO, FEE: $55,382.50,
EXPENSES: $1,775.01.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BARRY RUSSELL
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Petitioning Creditor Howard A. Kapp, a Professional Corporation: | DONALD W. REID, ESQ. Post Office Box 2227 Fallbrook, California 92088 (951) 777-2460 |
| For the Debtor/Defendant: | NAZANIN MAZGANI, ESQ. Law Offices of Nazanin Mazgani 10954 Massachusetts Avenue Los Angeles, California 90024 (424) 256-0095 |
| For the Subchapter V Trustee: | GREGORY K. JONES, ESQ. Stradling Yocca Carlson and Rauth 10100 North Santa Monica Boulevard Suite 1400 Los Angeles, California 90067 (424) 214-7044 |
| For Petitioning Creditor Park Avenue Investment Capital, LLC: | GIOVANNI ORANTES, ESQ. Orantes Law Firm 3435 Wilshire Boulevard Twenty-Seventh Floor Los Angeles, California 90010 (888) 619-8222 |

*Echo Reporting, Inc.*

**ER-731**

```
                                                                         iii

 1  APPEARANCES:  (Cont'd.)

 2  For the Debtor:              CRYSTLE J. LINDSEY, ESQ.
                                 Weintraub and Selth, APC
 3                               11766 Wilshire Boulevard
                                 Suite 1170
 4                               Los Angeles, California 90025
                                 (310) 207-1494
 5
                                 Wanda Toliver
 6  Court Recorder:             United States Bankruptcy Court
                                 Edward R. Roybal Federal
 7                                  Building
                                 255 East Temple Street
 8                               Los Angeles, California 90012

 9  Transcriber:                 Lorraine Caldwell
                                 Echo Reporting, Inc.
10                               9711 Cactus Street
                                 Suite B
11                               Lakeside, CA 92040
                                 (858) 453-7590
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

1   <u>LOS ANGELES, CALIFORNIA TUESDAY, DECEMBER 15, 2020 10:00 AM</u>

2                 --oOo--

3     (Call to order of the Court.)

4        THE CLERK:  Number 18, 19, and 20, Mazgani.

5        THE COURT:  Okay.  I see Mr. Jones and I see Mr.

6 Reid.

7        THE COURT:  Please state your name for the record.

8        MR. REID (via Zoom):  Good morning, your Honor.

9 Donald Reid on behalf of the Plaintiff, Kevin Moda.

10       THE COURT:  Okay.  And Mr. Jones.

11       MS. MAZGANI (via Zoom):  Good morning, your Honor.

12 Nazanin Mazgani appearing on behalf of Debtor Mahvash

13 Mazgani.

14       THE COURT:  Okay.  And then I see also the

15 trustee, Mr. Jones.  Let me do this.

16       MR. JONES (via Zoom):  Your Honor, Greg Jones.

17       THE COURT:  Before we get into these, do you have

18 anything?  I never know until I ask if there's anything you

19 wanted to process generally, the status of the case,

20 although it's most likely -- we know, of course, it's -- I

21 would like -- maybe you would know it, and I'll ask you.

22 It's not -- it is somewhat relevant to what's going on,

23 because I don't know.  The three of you, in particular Mr.

24 Reid and Ms. Mazgani, have some idea what's going on in the

25 state court.  I don't, but I'll ask you anyway.  If nothing

2

1 else, I just want to see what's happening.

2          Bur, Mr. Jones, I'll ask you, and then, of course,

3 I'll get to the actual specifics.  Do you have anything you

4 wanted to inform me about what's going on?

5          MR. JONES:  No, your Honor.  I continue to talk to

6 both sides, but nothing specific.

7          THE COURT:  Okay.  And then let me ask you, as far

8 as the -- well, this is a -- I guess, actually, neither of

9 you are actually -- it just dawned on me -- or, well, I

10 know, as far as in the state court, that's Ms. -- of course,

11 Mr. Reid, you don't represent Mr. Moda, so probably -- you

12 may or may not know, just because talking to other people,

13 but you're probably not the right person to ask.

14          But, Ms. Mazgani, you would probably know what's

15 the -- now, in that action -- again, I'm trying to remember.

16 Do you represent your mother in that one or not?

17          MS. MAZGANI:  No, your Honor.  I don't represent

18 her.  I'm a party in that case, but I don't represent my

19 mother in that case.

20          THE COURT:  Okay.  So probably none of you are

21 really the ones that find out what's going on in the state

22 court.  Well, maybe you know.  This is just for

23 informational purposes.  I'm just curious, really, what's

24 happening.

25          I know there was a -- there -- I know, because Mr.

3

1  Moda asked for a -- and I granted a relief from the stay to

2  appeal something that the Superior Court judge did.  I

3  really don't know what, anything about it, other than,

4  obviously, the Superior Court did something he didn't like,

5  because he wanted to appeal it, but, other than that, I have

6  no idea.

7          Do you have any other information of what's going

8  on?  Isn't there a hearing coming up, a trial-setting?

9  Maybe you could tell me.  It might interest the other folks,

10 because it does impact on, ultimately, when we're going to

11 have a final, you know, hearing on this plan, when

12 everything is finished in the state court.  Can you kind of

13 briefly tell us what you know about what's going on?

14         MS. MAZGANI:  Yes, your Honor.  There is a

15 trial-setting conference set for January 7th of 2021, at

16 which time I'm assuming that the judge will set the case for

17 trial.  So we're just waiting for that to happen.

18         THE COURT:  Okay.  All right.  Well, that much I

19 did know, but, okay.  As far as any more -- that's

20 something, anyway, but I was pleased in one sense.  Again,

21 as I told you many times, whatever the Superior Court does,

22 I have no opinion one way or the other on the merits of any

23 of this, but I do have an opinion on -- I'd like them, the

24 Superior Court, to decide it one way or the other as soon as

25 they can.  So that's a good sign, in a sense, that at least

4

1  there's some hearing in January.  I had no idea when the

2  Superior Court would even get to it.  So at least that is

3  encouraging, that at least there's some Superior Court judge

4  on it.  So that's -- okay.

5           So now I'm getting back to these matters.  Excuse

6  me just one second.  Let me -- we have, of course, the

7  status conference on this complaint, which is Number 18, and

8  then there is the motion to dismiss, and then there's a

9  motion for the stay.  The motion for the stay is

10 interesting.  My initial reaction was, you both agree,

11 certainly, as to the 523, because that's the -- that is the

12 heart of it, who -- the claims in the Superior Court, and

13 that's why I was curious what was going in Superior Court.

14          But my initial reaction was -- and I've changed my

15 mind -- was not to stay the 727, because that really had

16 nothing specifically to do with what's going on, except to

17 point out -- which I really hadn't thought before -- and I

18 checked our claims docket.  The only claim by Mr. Moda in

19 the claim is what's going on in Superior Court.  Isn't

20 that -- that's correct, is it not?  I'll ask both of you.

21 Mr. Reid, that is --

22          MR. REID:  (Indiscernible.)

23          THE COURT:  So, therefore --

24          MS. MAZGANI:  Yes, your Honor.

25          THE COURT:  Therefore, if he loses -- and there

5

1  are a number of possibilities.  It could be a partial win.

2  It could be -- Mr. Moda could either totally win, totally

3  lose, or a partial win, and that's true for the other side,

4  for the Debtor as well.  But, given the fact that at this

5  point there is that -- until I know that he has a claim,

6  there's no purpose in going ahead with it, even though I

7  originally thought, "Yes, it really had nothing to do with

8  it."  But you need to have a claim, don't you, to file an

9  objection to discharge?

10         MR. REID:  That's right.  Yes.  For standing, you

11  have to be a creditor to file a 727 action.  That being

12  said, the 727 action affects all creditors, and under Rule

13  7041, certainly any creditor can sub in and pick up the --

14         THE COURT:  Well, but they haven't done it yet.

15  No, no.  You're totally -- you're correct.

16         MR. REID:  (Indiscernible.)

17         THE COURT:  So I am going to grant the stay as to

18  both.  You're right.  That is, at the end of the day, if --

19  the only time I wouldn't hear it would be if Mr. Moda just

20  totally loses.  I don't know if that's going to happen,

21  obviously, but, if that were to happen, then the -- then I

22  would -- there would be a motion by the Debtor to dismiss it

23  for lack of standing, and then I suspect -- this exact

24  situation hasn't come up before, but I know what I would do

25  is send out a notice to the other creditors to see that they

6

1 could -- they might pick it up.

2         So that's how it would play out, but I don't want

3 to do that now.  So what I am going to do is, I am going to

4 grant the stay, and I think it was the Debtor.  You had

5 proposed the stay, right?  Why don't you just prepare a

6 brief order, just -- you know, just say, "For the reasons

7 stated on the record."  It's pretty clear at this point,

8 because I don't know what will happen in the state court.

9 So I don't know for sure if Mr. Moda has standing or not,

10 and, therefore, I don't want to put either of you through

11 the -- going through the trial.

12         So that I will -- so I'd like you to prepare that

13 order that it is stayed until the Superior Court action is

14 resolved.  In fact, it's similar to the order I issued

15 having the filing of a plan.  It's the same sort of thing,

16 whatever the Superior Court does, subject, I guess, to any

17 possible appeal, but whatever happens there will rule in

18 part -- certainly it will rule, probably, the 523, and the

19 standing issue in the 727, and the availability of the

20 properties to the estate for the plan.  So all of it,

21 really -- a lot of it has to do with what's going on in the

22 Superior Court.

23         The second thing, though, is a motion to dismiss,

24 and it seems your main point is in the motion, which -- I

25 plan on denying the motion to dismiss at this point.  The

7

1    reason is that the essence of the complaint is that the --

2    and, by the way, when you file an opposition to a motion to

3    dismiss -- what you did do, Ms. Mazgani, is -- this is not a

4    trial.  You presented a declaration and so forth to show, of

5    course, that your -- the Debtor, your mom, didn't do

6    anything wrong.

7              Well, that may or may not be at the time of trial,

8    if I actually have to decide it, and, again, I have not

9    decided this by any means, but I'm going to deny it because,

10   on the -- this is on the pleadings.  Motion to dismiss goes

11   on the pleadings, and the pleadings have indicated quite

12   clearly that the Debtor did transfer the property, but

13   basically maintained an interest, stayed there for three

14   years, and really had, basically, an agreement with the two

15   daughters, you and your sister, I guess, that indeed it was

16   really hers, and she'd get it back, and didn't put that

17   interest on the pleadings.

18             I'm summarizing, but that's essentially your

19   argument, is it not, Mr. Reid?

20             MR. REID:  That's the main thrust of those --

21             THE COURT:  Right.  And the law is clear.  If

22   those facts are established, then that would be a ground for

23   denial of discharge, but I haven't decided that.  I'm just

24   saying -- so the motion is going to be denied, because the

25   pleadings set forth that, and then, of course, depending on

8

1   whether we ever get to it, because of the standing question,

2   assuming, just for argument's sake, that somehow we do get

3   to it, then, of course, we would have a pre-trial and a

4   trial, but that's way in the future.

5          So what I plan on doing is, I'll have -- Mr. Reid,

6   why don't you prepare an order, basically "For the reasons

7   stated on the record."  Just say, "Denying the motion to

8   dismiss."  And what I will do right now is, I'm going to

9   continue this, this status conference, to a date, maybe

10  sometime in February or something, in February or March,

11  sometime, certainly, after the -- we know it's not going to

12  be tried.  That is, the 523 is not going to be tried in

13  January, but we might then have a -- know a date when that

14  is.  So what I plan on doing --

15          THE CLERK:  We have March 16th at 2:00.

16          THE COURT:  Yes.  I'm going to continue the

17  status.  That is Number -- I think it's 16 on the calendar.

18          THE CLERK:  It's Number 18.

19          THE COURT:  Excuse me.  I got it wrong.  I'm

20  sorry.  It's Number 18.  To March -- when is it?

21          THE CLERK:  16th, at 2:00.

22          THE COURT:  To March 16 at 2:00 p.m.

23          Now, the likelihood -- well, I don't know, but the

24  likelihood is not high that it will be all be resolved by

25  then, maybe yes, maybe no.  So what I do in -- this is -- I

9

1  do in cases where things are on appeal or, as in this case,

2  where there's an action in another court -- this is routine

3  for me, anyway, because I don't want you to have to keep

4  coming back, although by Zoom is not a burden, but, even so.

5          So two weeks -- so March 16th at 2:00, is the next

6  status conference.  Two weeks before that, you will have a

7  joint status report, and basically you're going to have to

8  figure out through other people, I guess, what's happening

9  in the state -- that's really what's happening.  So you can

10  check with other folks, from either your -- from your --

11  from one side, your -- from the Debtor's side, from the

12  plaintiff's side.  Just best you know what's going on, and

13  that would include -- by that time, you would have had,

14  certainly, I hope, the January -- you know, the status

15  conference, trial-setting, and then you can tell me when it

16  is.

17          And assuming that it hasn't all been settled by

18  that time, which isn't -- I'd be startled if it were -- I

19  want you to then, in that status conference, request a

20  further extension, and what I will do -- and prepare an

21  order just continuing it, a proposed order.  I'll have the

22  plaintiff do that, just a proposed order continuing it.

23          And then what I will do is, I will continue it

24  again for approximately, you know, 90 days, something like

25  that, and we'll just keep doing that until there's a final

Case 2:20-ap-02030-BR   Doc 104   Entered 10/29/24 05:10:25   Desc
Case 2:25-cv-02637-BRH   Document 6   Filed 10/28/24   Page 120 of 353   Page ID
Exhibit Ex A to Woo Declaration   Page 14 of 24

10

1   resolution, and then, at some point, we will have an

2   actual -- and by then, who knows?  Hopefully, we'll have an

3   in-person hearing, but I don't want to create any extra

4   burden on you.  But the only burden is you've got to do the

5   status report.  It can be pretty brief.  It doesn't have to

6   be in our normal status conference form, because the issue

7   I'm interested in is not all the other things.  It is

8   basically what's happening in the state court.

9           Now, once I get to the position where maybe I am

10  going to hear it, then, at that status conference -- I'll

11  let you know when that is -- then I might want you -- if

12  it's going to be something where yes, we can actually have a

13  trial, then, of course, I will want you to start telling me

14  the normal things about the status, about discovery and so

15  forth.

16          But, until that, there's no need to fill out the

17  long form.  Just let me know, in a short sentence or two, a

18  joint statement of what you -- now, if you both disagree --

19  I can't imagine you would, on at least what the status is --

20  then each of you, you'll have -- but it will still be one

21  document.

22          So I want the plaintiff -- if you would sent

23  over -- prior to, say, maybe three weeks before March 16th,

24  send over your proposed -- your statement as to what you

25  know, what's going on, and then, Ms. Mazgani, you can say,

11

1  "Yes, that's fine," and then sign that as a -- and then file

2  that as a joint status report.

3          So is that clear?  This is going to be basically

4  in limbo for both, actually, for both the 523 and the 727,

5  until there's a final resolution of the state court action.

6  So any questions at all about that?

7          MR. REID:  Defendant will file the answer to the

8  complaint --

9          THE COURT:  Excuse me?

10         MR. REID:  -- during the hearing?  Will the

11 defendant file the answer to the complaint during the

12 hearing?

13         THE COURT:  That's right.  Thank you.  I totally

14 forgot that.  I think -- at least that part I think you

15 should do.  I think I'll give you -- and I forget what the

16 time is under the rules, but why don't I just give you

17 until -- let's see.  I think it's like 20 days, but I

18 usually do like 30, just because, at this point, it really

19 doesn't matter.  I'll give you a specific date.

20         Stacy (phonetic), what's 30 days from today?

21         THE CLERK:  January 15th.

22         THE COURT:  Excuse me?

23         THE CLERK:  January 15th.

24         THE COURT:  Okay.  Yes.  That's about -- okay.  So

25 I'd like you, if you could, in the order, Mr. Reid,

12

1  prepare -- that is, the motion to dismiss is denied, and

2  that the Debtor has until January 15th, must -- must -- file

3  an answer to the -- we're talking about the 727 complaint --

4  by the 15th of January.

5         Hopefully, you'll do it long before then.  I'm not

6  one -- I'm always amazed by counsel going to the last

7  second.  I've never -- I always do it earlier.  Do what you

8  want to do, but, especially since it's going to electronic,

9  I'd strongly suggest not waiting until midnight on the last

10  day.

11         So, any questions about that?

12         MS. MAZGANI:  Your Honor, just so that I'm clear,

13  the answer will be to the entire complaint, correct?

14         THE COURT:  Yes, yes.

15         MS. MAZGANI:  Okay.

16         THE COURT:  Okay.  Anything else?

17         MS. MAZGANI:  (Indiscernible.)

18         THE COURT:  Okay.  Well, thank you both --

19         MR. REID:  Thank you, your Honor.

20         MS. MAZGANI:  Thank you.

21         THE COURT:  -- and I'll see you back -- well,

22  probably not in March, but at least we'll have the answer,

23  and, of course, I will have the status reports two weeks

24  before the hearings, and I think we'll just continue doing

25  that until there's a final resolution in the state court.

13

1  Okay?

2          MS. MAZGANI:  Okay.  Great.

3          THE COURT:  Okay.  Thank you both.

4          MS. MAZGANI:  Thank you so much, your Honor.

5          THE COURT:  Thank you both.  Okay.  That concludes

6  this hearing.

7          THE CLERK:  Number 21, Mazgani.

8          THE COURT:  Let's see.  Number 21 -- okay.  That

9  is the motion -- I don't see -- there you are.  I know

10  that -- Mr. Orantes, there you -- I didn't know if you

11  were -- you were probably listening in.

12          Stacy, do you have my notes on that?

13          MR. ORANTES:  I'll make my appearance while the

14  Court gets settled.  This is Giovanni Orantes of Orantes Law

15  Firm.

16          THE COURT:  Okay.  Any -- and then the -- and then

17  let's see.  That's the --

18          MS. LINDSEY:  This is Crystle Lindsey of Weintraub

19  and Selth on behalf of the Debtor and Debtor-In-Possession.

20          THE COURT:  Okay.  Let me tell you what I -- I

21  don't know if I need any further argument.  You both

22  responded up and back.  Let me tell you what I'm going to do

23  in this case.  Just so I understand the issues, one was the

24  question, basically, about the paralegal doing the research.

25  There was an objection to that, right?

14

1    And that was -- the amount was -- let's see.  That
2  was for the -- that was doing the research on the record.
3  That was -- excuse me just one second.  The total amount
4  that you've asked for was 57,157.51.  Is that correct, Mr.
5  Orantes?

6    MR. ORANTES:  Yes, sir.

7    THE COURT:  And I'm going to prepare the order in
8  this, make it easier for you.  And then there was the --
9  that included 55,382.50, plus costs of 1,775.01.  Then
10  the -- and then the -- excuse me just one second.  And then
11  there was the couple objections.  One had to do with the
12  work of the paralegal in your office dealing with the -- was
13  it a paralegal?  I'm trying to remember if it was a
14  paralegal doing some research.

15    MR. ORANTES:  (Indiscernible), yes.

16    THE COURT:  Right.  And then --

17    MR. ORANTES:  And (indiscernible) an hour.

18    THE COURT:  Excuse me?

19    MR. ORANTES:  He billed 7.9 hours, at $300 an
20  hour, for the task that was objected to.

21    THE COURT:  Right.  And then the -- and then there
22  was -- the objection was to that because it was taking
23  too -- paralegal was taking too long.  And then there was
24  the 3,421.50 that was incurred after May 12, which was when
25  the order for relief.  Would that be -- I'm just trying to

15

1 summarize, make sure I got all the numbers and everything

2 right.

3          MR. ORANTES:  That sounds correct, but there was

4 also an objection to some charges I missed related to the

5 terminating sanctions motion.  So we agreed to that

6 deduction (indiscernible).

7          THE COURT:  Right, but that was also post-May 12,

8 wasn't it?

9          MR. ORANTES:  No, your Honor, but agreed to that.

10 We (indiscernible).

11          THE COURT:  Well, I'm trying to remember the

12 timing of it.

13          MR. ORANTES:  (Indiscernible.)

14          THE COURT:  So, Ms. Lindsey, when was that?  The

15 one that you had agreed on, when was that?  Was that prior

16 or post May 12?

17          MR. ORANTES:  I have a little picture of --

18          THE COURT:  Do you have it?  Can you hear me, Ms.

19 Lindsey?  I don't know if you can hear me.

20          MR. ORANTES:  You're right, your Honor.

21          THE COURT:  No, no.  I don't know if -- can you

22 hear me?

23          MR. ORANTES:  I can hear you, your Honor.

24          THE COURT:  You can hear me, but the other

25 counsel, you're not responding.  Can you hear me?

16

1          MS. LINDSEY:  Your Honor, yes, I can hear you now.

2          THE COURT:  Okay.  I wanted to make sure because

3   you weren't being -- and so my question is, that was what --

4   was that the $417.00?

5          MR. ORANTES:  Yes, your Honor.

6          THE COURT:  When was that, though, incurred?  Was

7   that pre or post the order for relief?

8          MS. LINDSEY:  That's post, your Honor.

9          THE COURT:  Yes.  I thought that was also post,

10  right.  That's what I wanted to -- so let me tell you what I

11  plan on doing.  I'm not going to need any further argument

12  on this.  As far as the objection, I agree with the Debtor,

13  as far as the post would not be allowed, and that's the

14  amount of 3,421.50.

15          On the other hand, I agree -- this is a judgment

16  call, but I agree -- I was thinking to myself of the timing,

17  and there's no perfect answer to it, but I will allow the

18  full amount of the paralegal.  So where we ended up with,

19  just so you know -- and I will prepare the order.  The

20  amount will be the 57,157.51, which you asked for, less the

21  3,421.50.  I don't have the -- I have it written down, but I

22  can't find where I wrote it.  And I will prepare that order.

23  All right, Counsel?

24          MR. ORANTES:  Yes, your Honor.  Thank you very

25  much.

17

```
1        MS. LINDSEY:  Your Honor?
2        THE COURT:  Yes.
3        MS. LINDSEY:  I did have one other thing.
4        THE COURT:  Excuse me?
5        MS. LINDSEY:  If I may add one more thing?
6        THE COURT:  Yes.
7        MS. LINDSEY:  The motion also requested immediate
8  payment.
9        THE COURT:  Well, no.  I'm not going to have the
10 immediate payment.  You need money to make the payment.
11 Thank you very much.
12       I think you would agree with that, Mr. Orantes.
13 There's no -- you need money to make the payment, right?
14       MR. ORANTES:  That's correct, your Honor.  And my
15 prayer was that, in the future, if (indiscernible), I'll
16 tell you that I'd be paying for (indiscernible).
17       THE COURT:  Well, what you were -- and, again,
18 thank you.  I had forgotten about that.  I had it marked
19 down, but I -- yes.  And I think the way it would read is --
20 we would prepare the order -- that that amount -- but it
21 will be allowed, but not paid until further order of the
22 Court.  At some point in the future, you know, if there is
23 money, when and if, but I'm not going to set any date or
24 anything.  So, at some point, you know, when the state court
25 litigation is all over with, and we figure out who's got
```

18

1  what, if the estate has any money or not, at that point,

2  then, certainly, you could renew the -- at some -- usually

3  the administrative expenses are paid at the end, you know,

4  the end of the case.

5        So I'll leave it at that, but that's -- but we're

6  not going to know for some time if there's any money, and

7  use your own judgment, as you might talk to each other as

8  far as when an appropriate time -- assuming -- again, I'm

9  assuming that there's something to argue about.  It's quite

10 possible there might not be much money, depending on how the

11 Superior Court case goes, but, assuming that there is money,

12 just for argument's sake, then, if that's the case, then, of

13 course, you can then reapply.  But I would suggest talking

14 about it.  But, again, at this point, I don't have any idea

15 whether there will be enough money or not.  Okay.  So we'll

16 prepare the order --

17        MR. ORANTES:  Understood.

18        THE COURT:  -- essentially what I just said.  The

19 amount will be allowed, and as far as payment, it will be

20 allowed, but no actual payment will be made until further

21 order of the Court, and at some point, Mr. Orantes, you'll

22 be making a motion to the actual payment, but you'll be in

23 contact, anyway, to know whether or not there's any money to

24 pay it.  All right?

25        MR. ORANTES:  Yes, your Honor.  Thank you.  Yes.

19

```
 1            THE COURT:  Okay.  Anything else?
 2            MR. ORANTES:  No, your Honor.  Thank you very
 3  much.
 4            THE COURT:  Okay.  Mr. Jones, I know you probably
 5  don't -- appreciate your interest, but you probably have
 6  nothing else.  But, if you do, I always like to ask.
 7            MR. JONES:  I have nothing else, your Honor.
 8            THE COURT:  Okay.
 9            MR. JONES:  I appreciate the attention to this
10  case.
11            THE COURT:  Okay.  Well, thank you very much, and
12  that concludes this hearing, and I think that's it, isn't
13  that, Stacy?
14            THE CLERK:  That's it.
15            THE COURT:  That's it for the morning.  Okay.
16  Thank you very much.
17            MS. LINDSEY:  Thank you, your Honor.
18            THE COURT:  You're welcome.
19            MR. ORANTES:  Thank you, your Honor.  Happy
20  holidays.
21            THE COURT:  Thank you.  You, too.
22       (Proceedings concluded.)
23
24
25
```

20

1       I certify that the foregoing is a correct

2  transcript from the electronic sound recording of the

3  proceedings in the above-entitled matter.

4  /s/Lorraine Caldwell          10/25/24
   Transcriber                   Date
5
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
6
   /s/L.L. Francisco
7  L.L. Francisco, President
   Echo Reporting, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 2:25-ap-02037-BR   Doc 104   Entered 10/29/25   Page 1 of 353
Case 2:20-cv-02037-WJH   Document 6   Filed 05/29/25   Page 51 of 326   Desc
Exhibit Ex B to Woo Declaration    Page 1 of 8

# EXHIBIT B

ER-753

```
 1                UNITED STATES BANKRUPTCY COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                          --oOo--

 4  In Re:                     )  Case No. 2:19-bk-21655-BR
                               )
 5  MAHVASH MAZGANI,           )  Chapter 11
                               )
 6          Debtor.            )  Los Angeles, California
    _____)  Tuesday, June 22, 2021
 7                                10:00 a.m.

 8                                CONT'D STATUS CONFERENCE RE
                                  SUBCHAPTER V CHAPTER 11 CASE
 9

10               TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE BARRY RUSSELL
11              UNITED STATES BANKRUPTCY JUDGE

12  APPEARANCES:

13  For the Debtor:           JAMES R. SELTH, ESQ.
                              Weintraub, Zolkin, Talerico
14                              and Selth
                              11766 Wilshire Boulevard
15                            Suite 730
                              Los Angeles, California 90025
16                            (310) 207-1494

17  Court Recorder:           Wanda Toliver
                              United States Bankruptcy Court
18                            Edward R. Roybal Federal
                                Building
19                            255 East Temple Street
                              Los Angeles, California 90012
20
    Transcriber:              Lorraine Caldwell
21                            Echo Reporting, Inc.
                              9711 Cactus Street
22                            Suite B
                              Lakeside, CA 92040
23                            (858) 453-7590

24

25  Proceedings produced by electronic sound recording;
    transcript produced by transcription service.
```

1

1   LOS ANGELES, CALIFORNIA  TUESDAY, JUNE 22, 2021  10:00 A.M.

2                      --oOo--

3       (Call to order of the Court.)

4           THE CLERK:  Number 9 (sic), Mazgani -- Number 19,

5   Mazgani.

6           MR. SELTH (via Zoom):  Good morning, your Honor.

7   This is attorney James Selth of Weintraub and Selth on

8   behalf of the Debtor.

9           THE COURT:  Okay.  Well, this is a -- the reason,

10  again, I have this on Zoom is that I know nothing is going

11  to happen until, well, a couple things.  I understand that

12  there is a state court -- the trial is in July.  I'm trying

13  to remember the date.  Am I correct that, in July, there is

14  an actual trial?  Which is actually pretty good.  When I

15  first lifted the stay, and remanded and all, I thought,

16  "Wow.  This could be a long time before we" -- but that's --

17  they're moving along.  So the trial is set for July -- was

18  it the 26th, something like that?  I'm trying to remember.

19          MR. SELTH:  Yes, your Honor.  I reached to the

20  Debtor's state court counsel this morning to confirm.  He

21  said the date of July 26.  The judge is insisting that

22  that's a firm date.  This is a case that goes back to

23  2016 --

24          THE COURT:  I know.

25          MR. SELTH:  -- so I think that's why it's on the

2

1  top of the list for the state court.

2         THE COURT:  I am thrilled.  I have no opinion one

3  way or the other who's going to win, but I have an opinion,

4  strong opinion, it's got to be resolved one way or another.

5  But I am going to do this.  There is a -- August 3 rings a

6  bell.  That's a date that's been reserved, by you I assume

7  it is.

8         MR. SELTH:  Yes.  I'm going to be -- that's for

9  two different matters.  There's going to be a series of

10 objections to claims, approximately seven or eight of them

11 that will be timely filed, and there's going to be interim

12 fee applications on that date, at least for our firm and

13 anyone else who chooses to file.

14        THE COURT:  Yes.  Well, that one -- I will,

15 then -- excuse me just one second.  Okay.  There is a status

16 conference that's already been continued to September 21st

17 at 10:00.  That's on Mr. Moda's complaint.

18        MR. SELTH:  Yes.  I'm not the Debtor's counsel in

19 that case, but I know --

20        THE COURT:  Yes.  What I plan on doing is, I am

21 going to move, that is, the things on August 3 to that date.

22 I want to get everybody in here to see what's going on in

23 the case.  So that is the -- I think that was September 20,

24 Stacy?

25        THE CLERK:  September 21 at 10:00.

3

1          THE COURT:  Yes.  So what I'm going to do is,
2  rather -- I decided, rather than have people come in --
3  because I do want another in-person hearing on the August
4  3rd date.  Why don't you -- could you give notice?
5          I'm going to continue those matters that you're
6  dealing with on August 3rd.  I'm going to continue those to
7  September 21st at 10:00, because I want to have -- I try --
8  and my experience has been it's going to be a status, and
9  maybe we'll know what's happening in this case by that time,
10 by September 21.
11         I don't know how long this trial is going to take
12 in the state court, but I want to continue not only the
13 matters that we've already reserved for August 3, but I also
14 want to continue the -- in fact, it's already been
15 continued.
16         The adversary proceeding, when was that set for?
17         THE CLERK:  It was set for today, and we
18 continued --
19         THE COURT:  Yes, it was set for today.  I'm trying
20 to get it straight in my own head.  A number of things were
21 set for today.  The status conference on the case itself,
22 I'm going to continue that to September 21 at 10:00.  There
23 was also a status on the complaint.  I continue that through
24 September 21 at 10:00, and I'm also going to continue the
25 matters you have on August 3, also to September 21 at 10:00,

4

1  so we can -- at that particular hearing, we'll deal with

2  claims.  We'll deal -- we'll know if we even have a case,

3  depending who wins the state court action.

4          MR. SELTH:  Very good.  I have not yet filed the

5  objections to claim, so, obviously, I'll file them by that

6  date.

7          THE COURT:  Yes, file them, and you're the only

8  one that knows.  The other people won't even know about the

9  trial date -- I mean, about the hearing date.

10          MR. SELTH:  But I will also file an amended notice

11  to professionals with the new date, because that will change

12  the date they file.

13          THE COURT:  Right.  Would you do that?  So, on the

14  21st at 10:00, I'll know -- we'll know a lot.  We'll know

15  what the claims are, and no doubt the claims you're

16  objecting to will be Mr. Moda's claim, in any case.

17          MR. SELTH:  Certainly, but that one was not what I

18  was going to do for August 3rd, because, obviously, the

19  trial wouldn't be done, but I had a series of other claims

20  objections that I -- some of them I fully prepared, and some

21  I'm working on.

22          THE COURT:  So that would be -- that will be a

23  hearing in which it's been a while to get some idea where

24  this case is going.  So we'll know, other than, obviously,

25  the obvious one.  If the trial is over by that, we'll know.

5

1  But yes, we'll know a lot more than we knew now, and that

2  will be in person.  On August 21 at 10:00, we'll know.

3  You'll file your --

4                    THE CLERK:  September.

5                    THE COURT:  Excuse me.

6                    MR. SELTH:  September 21.

7                    THE COURT:  September 21st at 10:00, we'll know

8  the status of the case.  It will be a two-week -- there will

9  be a status report two weeks before, so we'll know all that.

10 And so I'm looking forward to seeing you October -- excuse

11 me.  "October."  I'll say it one more time, September 21st

12 at 10:00.  I don't know why I got October in my head.

13                    MR. SELTH:  Well, I look forward to being back in

14 the courthouse for the first time in many, many months.

15                    THE COURT:  Well, it's a good -- I'll tell you,

16 Zoom works, you know, if you've got -- it's better than

17 nothing, but it's certainly not my cup of tea, and so I

18 have, more than probably any of the other colleagues, at

19 least in Los Angeles, except for just status conferences

20 that are just, you know, nothing really going on -- those I

21 might still continue with Zoom, but anything of substance is

22 going to be in court.  So I'll see you back --

23                    MR. SELTH:  Very good.

24                    THE COURT:  -- September 21 at 10:00.

25                    MR. SELTH:  Thank you, your Honor.

6

1       THE COURT:  And if you would send out notices, I'd

2  appreciate it.   Thank you.

3       MR. SELTH:  Will do, your Honor.  Thank you.

4       THE COURT:  Okay.

5    (Proceedings concluded.)

6

7

8

9       I certify that the foregoing is a correct

10  transcript from the electronic sound recording of the

11  proceedings in the above-entitled matter.

12  /s/Lorraine Caldwell          10/25/24
    Transcriber                   Date

13

    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

14

15

    /s/L.L. Francisco
16  L.L. Francisco, President
    Echo Reporting, Inc.

17

18

19

20

21

22

23

24

25

# EXHIBIT C

ER-761

```
 1                  UNITED STATES BANKRUPTCY COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3                            --oOo--

 4  In Re:                    )  Case No. 2:19-bk-21655-BR
                              )
 5  MAHVASH MAZGANI,          )  Chapter 11
                              )
 6          Debtor.           )  Los Angeles, California
    _____    )  Tuesday, September 21, 2021
 7                            )  10:00 a.m.
    MODA,                     )
 8                            )
            Plaintiff,        )
 9                            )
    vs.                       )  Adv. No. 2:20-ap-01637-BR
10                            )
    MAZGANI,                  )
11                            )
            Defendant.        )
12  _____    )

13                            CONT'D STATUS CONFERENCE RE
                              COMPLAINT FOR:
14                            NONDISCHARGEABILITY OF DEBT
                              PURSUANT TO:
15                            11 U.S.C. SECTION 523(A)(2)(A)
                              11 U.S.C. SECTION 523(A)(4)
16                            11 U.S.C. SECTION 523(A)(6)

17                            DENIAL OF DISCHARGE PURSUANT
                              TO:
18                            11 U.S.C. SECTION 727(A)(2)
                              11 U.S.C. SECTION 727(A)(3)
19                            11 U.S.C. SECTION 727(A)(4)

20                            HRG. RE DEBTOR'S MOTION FOR
                              ORDER DISALLOWING CLAIM NO. 2
21                            LUIGI INTERLANDI

22                            HRG. RE DEBTOR'S MOTION FOR
                              ORDER DISALLOWING CLAIM NO. 10
23                            - PARK AVE INVESTMENT CAPITAL,
                              LLC
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

ii

1                              HRG. RE DEBTOR'S MOTION FOR
                               ORDER DISALLOWING CLAIM NO. 12
2                               - BEVERLY HILLS LENDERS, LLC

3                               HRG. RE DEBTOR'S MOTION FOR
                               ORDER DISALLOWING CLAIM NO. 15
4                               HOWARD KAPP

5                               HRG. RE DEBTOR'S MOTION FOR
                               ORDER DISALLOWING CLAIM NO. 16
6                               MANDY STOVER

7                               HRG. RE DEBTOR'S MOTION FOR
                               ORDER DISALLOWING CLAIM NO. 17
8                               - DIAMOND QUALITY ESCROW

9                               HRG. RE DEBTOR'S MOTION FOR
                               ORDER DISALLOWING CLAIM NO. 18
10                             - CESA KRAUSS

11                             HRG. RE DEBTOR'S MOTION FOR
                               ORDER DISALLOWING CLAIM NO. 4
12                             - APERTURE LAW FIRM

13                             HRG. RE SECOND INTERIM
                               APPLICATION FOR ALLOWANCE OF
14                             FEES AND REIMBURSEMENT OF
                               EXPENSES OF WEINTRAUB & SELTH,
15                             APC, GENERAL BANKRUPTCY
                               COUNSEL TO THE DEBTOR AND
16                             DEBTOR IN POSSESSION, FOR THE
                               PERIOD FROM DECEMBER 1, 2020
17                             THROUGH AND INCLUDING JULY 31,
                               2021

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

iii

```
 1                                   HRG. RE SECOND INTERIM
                                     APPLICATION FOR ALLOWANCE OF
 2                                   FEES AND REIMBURSEMENT OF
                                     EXPENSES OF SANDERS ROBERTS
 3                                   LLP, SPECIAL LITIGATION
                                     COUNSEL TO THE DEBTOR AND
 4                                   DEBTOR IN POSSESSION, FOR THE
                                     PERIOD FROM DECEMBER 1, 2020
 5                                   THROUGH AND INCLUDING JULY 31,
                                     2021
 6
                                     SANDERS ROBERTS LLP, SPECIAL
 7                                   COUNSEL, PERIOD: 12/1/2020 TO
                                     7/31/2021, FEE: $74,000.00,
 8                                   EXPENSES: $5,143.78

 9                                   HRG. RE FIRST INTERIM
                                     APPLICATION OF SUBCHAPTER V
10                                   TRUSTEE FOR APPROVAL OF FEES
                                     AND REIMBURSEMENT OF EXPENSES
11
                                     GREGORY KENT JONES (TR)
12                                   TRUSTEE, PERIOD: 7/16/2020 TO
                                     6/1/2021, FEE: $33,480.00,
13                                   EXPENSES: $167.04.

14                                   CONT'D STATUS CONFERENCE RE
                                     SUBCHAPTER V CHAPTER 11 CASE
15                                   FR. 8-25-2020, 9-15-2020, 12-
                                     1-2020, 3-16-2021, 6-22-2021
16
                         TRANSCRIPT OF PROCEEDINGS
17                 BEFORE THE HONORABLE BARRY RUSSELL
                     UNITED STATES BANKRUPTCY JUDGE
18
19  APPEARANCES:

20  For the Debtor:               JAMES R. SELTH, ESQ.
                                  Weintraub & Selth, APC
21                                11766 Wilshire Boulevard
                                  Suite 1170
22                                Los Angeles, California 90025
                                  (310) 207-1494
23

24

25
```

*Echo Reporting, Inc.*

**ER-764**

iv

1  APPEARANCES:  (Cont'd.)

2  For the Debtor:            NAZANIN MAZGANI, ESQ.
                              Law Offices of Nazanin Mazgani
3                             10954 Massachusetts Avenue
                              Los Angeles, California 90024
4                             (310) 892-0820

5  For Park Avenue Investment,   W. DEREK MAY, ESQ.
      LLC, and Mark Kemmel:       Law Office of W. Derek May
6                             400 North Mountain Avenue
                              Suite 215B
7                             Upland, California 91786
                              (909) 920-0443
8
                              GREGORY KENT JONES, ESQ.
9  Subchapter V Trustee:      Stradling Yocca Carlson
                                 & Rauth
10                            10100 North Santa Monica
                                 Boulevard
11                            Suite 1400
                              Los Angeles, California 90067
12                            (424) 214-7044

13 Court Recorder:            Wanda Toliver
                              United States Bankruptcy Court
14                            Edward R. Roybal Federal
                                 Building
15                            255 East Temple Street
                              Los Angeles, California 90012
16
   Transcriber:               Jordan Keilty
17                            Echo Reporting, Inc.
                              9711 Cactus Street, Suite B
18                            Lakeside, California 92040
                              (858) 453-7590
19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-765**

1

1   LOS ANGELES, CALIFORNIA TUESDAY, SEPTEMBER 21, 2021 10:00 AM

2                          --oOo--

3        (Call to order of the Court.)

4            THE CLERK:  Number 7, Mazgani.

5            MS. MAZGANI:  Good morning, your Honor.  Nazanin

6   Mazgani appearing on behalf of Mahvash Mazgani.

7            THE COURT:  Okay.  Now, anybody else here for the

8   other -- I think -- I see people in the audience, but I

9   don't know --

10           MS. MAZGANI:  So, I'm just appearing on the

11  adversary, your Honor.  They're here on the just regular

12  bankruptcy hearing.  So, I was in a State Court nearby.  I

13  wasn't able to get on Zoom.  So, that's why I'm here in

14  person.

15           THE COURT:  Okay.  Well, that's -- that's fine.  I

16  -- well, this is just the -- this is just for the status.

17           MS. MAZGANI:  That's correct, your Honor.

18           THE COURT:  Because we do have the other motions.

19           MS. MAZGANI:  Yes.

20           THE COURT:  Okay.  So -- so, what is -- I'm

21  curious.  I've been -- this whole case -- well, not the

22  entire case, but the big part of the case, let's put it this

23  way, and that's why I continued the -- the plan and so

24  forth, was so they could resolve the litigation with Mr.

25  Moda in the -- in the State Court.  And I have no opinion

2

1 one way or the other on it.  I just want to know what the --

2 what the ruled in the State Court, and whatever that is,

3 that's fine with me.  So -- so, what is -- what is going on?

4 I have, of course, your status report, but -- but since --

5 since that report was filed, maybe something has happened.

6          MS. MAZGANI:  So, your Honor, on September 27th,

7 there is a -- I guess there's some sort of status

8 conference.  One issue that we basically encountered in the

9 State Court case is that the number of hours for witness

10 testimony is very long.  And, so, the sitting judge right

11 now is stating that this might be a long cause trial.

12          THE COURT:  Right.

13          MS. MAZGANI:  And, so, on the 27th, there's

14 supposed to be a determination as to whether or not this

15 will be a regular case in front of the sitting judge or

16 whether or not it will have to go in front of a long cause

17 judge.

18          THE COURT:  And -- and if it does go to long

19 cause, does he have any idea at this point what that means?

20 I mean, I understand the concept, but -- it means it will be

21 longer, but any idea --

22          MS. MAZGANI:  Fortunately, I'll probably know more

23 next week.

24          THE COURT:  Okay.  Well, maybe I'll do this.  Why

25 don't I -- you know it's not going to be tried within the

<div align="right">3</div>

1 next week or so.

2          MS. MAZGANI:  Sure.

3          THE COURT:  So, maybe -- so, what I'm going to do

4 is just -- just continue this maybe 60 days, something like

5 that.  But certainly by that time, you'll know, and we can

6 probably do that as well on Zoom, because all -- all that's

7 really -- the reason I want it on Zoom is there's not going

8 to be any argument or anything.

9          MS. MAZGANI:  Sure.

10          THE COURT:  There's just going to be when is it --

11 and what I plan on doing, just so you know procedurally,

12 when we have things, whether it's an appeal or in another

13 court, I just continue it maybe 90 days at a time, and --

14 and then, since it's Zoom, it's not a big deal to -- to

15 appear again, but then even on Zoom, if it's just to be

16 continued, I may just continue it 90 days at a time until

17 finally there's a trial and we know what's happening.  So,

18 let me give you a date right now.

19          MS. MAZGANI:  Okay.

20          THE CLERK:  November 30th at 10:00.

21          THE COURT:  Okay.  So, I'm going to continue this

22 to November 30th at 10:00, and with, again, as always, two

23 weeks prior to that a status report.  Now, in your status

24 report, you'll let me know, you know, hopefully when the

25 trial is, and then if -- if in that report you request I

<div align="right">*Echo Reporting, Inc.*

**ER-768**</div>

4

1  just continue it another whatever time, that's probably what

2  I will do, and I may not even set another Zoom hearing, but

3  I'll decide that at the time.  But -- but under no

4  circumstances -- no circumstances will -- until it's finally

5  settled will there be an in-court hearing.

6          MS. MAZGANI:  Okay, your Honor.

7          THE COURT:  Okay.  So, why don't you send out that

8  notice just November 30th at 10, and that's for a -- a

9  status.

10          MS. MAZGANI:  Okay.

11          THE COURT:  All right.

12          MS. MAZGANI:  All right.  Thank you, your Honor.

13          THE COURT:  So, that's -- that takes care of that

14  one.  Let's see.  That's number -- what is that on the

15  calendar?

16          THE CLERK:  That was 7.  Then Number 8, the

17  objection to the claim Number 2.

18          THE COURT:  Oh, okay.

19          MR. SELTH:  Good morning again, your Honor.  James

20  Selth on behalf of the Debtor on all the next matters.

21          THE COURT:  Okay.

22          MR. JONES:  Good morning, your Honor.  Greg Jones,

23  Subchapter 5 Trustee, for the remaining matters.

24          THE COURT:  Okay.  And now what -- what about the

25  other side, your objections?

5

```
 1          MR. SELTH:  Well, he's not on -- he's on five of
 2 the eight, but --
 3          THE COURT:  Okay.  Let's take them in order, but
 4 why don't you just have a seat, Counsel, and we'll -- you
 5 can sit right here.  That's fine.  So, that -- Number 7, the
 6 -- the status, that's continued to November 30 at 10:00.
 7 And then -- okay.  So, let's go -- let's go through these
 8 one at a time.  None of these are going to really take much
 9 time.  I mean, I spent a lot of time, as I always do, in --
10 in preparing, but I'm going to go through these one at a
11 time and --
12          MR. SELTH:  Three of them, your Honor, have no --
13          THE COURT:  I was going to say some of them --
14          MR. SELTH:  -- oppositions --
15          THE COURT:  -- Those --
16          MR. SELTH:  And five do.
17          THE COURT:  -- are the easy ones.  Some of them
18 they're all connected, Stover and the -- and the claims --
19 two of them are really the same claim, and apparently
20 they've given up on that for whatever reason.  I don't know
21 since I've gotten no response.
22          So, Number 8, Claim Number 2, there's been no --
23 no -- no response.  So, all right.
24          MR. SELTH:  Correct, your Honor.
25          THE COURT:  You -- you've gotten no response?
```

6

```
 1              MR. SELTH:  Correct, your Honor.
 2              THE COURT:  Okay.  So, I will -- I will sustain
 3    that, and that's number eight.  And then Number 9 is --
 4    let's see.  The other one was related to two.  I can't
 5    remember the number.
 6              MR. SELTH:  It's 16 and 17 there was no --
 7              THE COURT:  Yeah.  Let me --
 8              MR. SELTH:  -- response to our objection.
 9              THE COURT:  Let me take care of those.  I knew
10    they were ready, but we didn't know that at first when we
11    set these numbers up.  So -- so, that's Number -- what was
12    that again, Stacey?
13              MR. SELTH:  Claims 16 and 17.
14              THE COURT:  Well, 17 is actually --
15              THE CLERK:  That's Number 13 on the calendar and
16    Number 12.
17              THE COURT:  Yeah.  Now, I'm looking at 13 on the
18    -- on the calendar.  It's a claim -- yeah.  It's the
19    claim --
20              MR. SELTH:  Right.
21              THE COURT:  It's the claim numbers, and I'm --
22    you're --
23              MR. SELTH:  Okay.
24              THE COURT:  You're doing claim numbers, and I'm
25    thinking on the calendar.
```

7

```
 1              THE CLERK:  If we go in order, Number 9 is Claim
 2  Number 10.
 3              THE COURT:  Okay.  9 --
 4              THE CLERK:  Is Claim Number 10.
 5              THE COURT:  All right.  Claim Number -- is that --
 6  now, you are here, Counsel, for which one?
 7              MR. MAY:  Yes, your Honor.  I'm here for Matters
 8  Number 9, 10, 11, 14, and 15.
 9              THE COURT:  Okay.  Why don't we just take them in
10  order.  We might as well just do that.
11              So, I will -- okay.  So, Number 9, let me tell you
12  what -- let me tell you what I -- I don't normally do this,
13  but tell you at least my -- and none of these, by the way,
14  at least these, am I going to rule in favor of one side or
15  another, just so you understand.  But you'll -- you'll see
16  in a minute what I plan on doing.  For instance, on this
17  one, the -- this is one -- this is one, as I understand it,
18  it's a -- it's a cost in the State Court litigation, right?
19              MR. MAY:  That's -- that's essentially most of the
20  issue --
21              THE COURT:  Right.
22              MR. MAY:  -- your Honor.
23              THE COURT:  Yes.  That's --
24              MR. SELTH:  Yes.
25              THE COURT:  -- what it is.
```

8

```
 1              MR. SELTH:  Three of these are assigned judgments.
 2  The --
 3              THE COURT:  Right.
 4              MR. SELTH:  -- judgments -- judgments are
 5  assigned, the Petitioning Creditors --
 6              THE COURT:  Right.  And I'm going to do the same
 7  thing in each one of these.
 8              MR. SELTH:  For these three?
 9              THE COURT:  These three.
10              MR. SELTH:  Yeah.
11              THE COURT:  Starting with number nine.  They have
12  -- the State Court judgment, nobody's challenging the
13  judgment.  It's -- it's attorneys' fees and costs and what
14  have you.  And this you can understand.  I'm not -- I -- I
15  can't and should not, will not decide that.  That's
16  inappropriate for me to be deciding it.
17              The reason it wasn't done in the State Court why
18  was because the involuntary was filed.  So, it seems to me
19  after reading through all this the light went on in my head.
20  I said, Well, what I need to do is to lift the stay as to
21  both of you, as to the Debtor and -- and as to the creditor,
22  lift the stay to allow you to go to the State Court, because
23  I'm not going to -- just so you know, I'm not in a position
24  to decide these things.  I have no opinion on the merits of
25  it, and the reason it wasn't taken care of in the State
```

9

 1   Court was because -- because the -- because of the

 2   involuntary.

 3              So, what I'm going to do, unless somebody has some

 4   objection, because I can tell you there's no way in the

 5   world I or any other bankruptcy judge is going to be

 6   determining things that -- that are appropriately filed in

 7   the -- in the State Court.

 8              As I recall, you already -- in all of these, you

 9   did file your request in the State Court, right, for these

10   -- in these three cases?

11              MR. MAY:  The -- the memorandum of cost?

12              THE COURT:  Yes, yes.

13              MR. MAY:  Yes.

14              THE COURT:  So, that's been done, and then you had

15   timed -- of course, now because of the bankruptcy, that

16   stopped.  And, so, that's my -- what I am going to do.  And

17   anything -- and all -- that's Numbers -- Number 9 on the

18   calendar and Number -- I've got the claim number.  It's --

19   that's why it's confusing.  It's Claim Number 10, which is

20   Number 9 on the calendar.

21              And what's -- what are the other two that you're

22   on?

23              MR. SELTH:  Krauss, Beverly Hills Lenders are the

24   other two.

25              THE COURT:  Okay.  And what numbers on the

10

1  calendar are those?

2            THE CLERK:  It's -- Number 14 is Cesa Krauss.

3            THE COURT:  Okay.  14, which is Claim Number 18.

4            MR. SELTH:  Yes.

5            THE COURT:  Okay.  That's why we got two numbers

6  going.  So, it's Number 9, Number 14 on the calendar, but

7  it's Claim Number 10, Claim Number 18, and what's the other

8  one, Counsel?

9            MR. SELTH:  Beverly Hills Lenders.

10           THE CLERK:  And that's Calendar Number 10.

11           THE COURT:  Okay.  So, calendar wise, on claim

12  numbers, it's Claim Numbers 10, 12 and 18.  Is that correct?

13  These are all --

14           MR. SELTH:  Yes.

15           THE COURT:  -- the State Court?

16           MR. SELTH:  Yes.

17           THE COURT:  And on our calendar, they're 9, 10 and

18  14.  So -- so, is that -- it seems to me that's the only

19  logical solution to this is to lift the stay.  You just go

20  back to -- to the State Court, right?  Is that -- either of

21  you have any problem with that, because that's the only

22  solution that I can see?

23           MR. SELTH:  So, the stay would be lifted to allow

24  a motion to tax costs to be filed and -- and heard and

25  argued?

*Echo Reporting, Inc.*

**ER-775**

11

1           THE COURT:  Yes.  But I'd like one of you -- why

2  don't we -- since you -- why don't you prepare the order and

3  send it over to the counselor, and that's all it's going to

4  be.  It's for both of you.  It will make it clear that --

5  that I'm going to lift the stay for both of you to do

6  whatever you need -- need to be done, because you will file

7  your response, and then you, of course, may file a response

8  to that.  Whatever it takes, that the stay will be lifted as

9  to both of you to complete the -- the -- the issue in the

10 State Court as far as the cost.  Why don't you prepare it?

11          MR. SELTH:  I will.

12          THE COURT:  Send it over and -- and -- and --

13 because as long as it says pretty much what I've said, it

14 will be fine.  I would hope I don't have any --

15          MR. SELTH:  Okay.  So --

16          THE COURT:  So, what I'm going to do is --

17          MR. SELTH:  Do you want three -- three different

18 orders?

19          THE COURT:  I think so.  There are three --

20 because there are three different --

21          MR. SELTH:  And what about the objection to

22 claims, are they --

23          THE COURT:  Well, that's -- that's an -- well, we

24 could do -- what do you think, Stacey?  Do we need three

25 separate orders?

12

1          THE CLERK:  Yes.

2          THE COURT:  Okay.  She's my -- one that tells me

3  from the clerk's office we have three separate objections.

4  So, we need -- so, basically, do -- do one.  It will be the

5  same except for -- except for the -- for the claim.  And

6  then what I will do is the following.  On all three of

7  these, I'm going to -- I still ultimately have to rule on

8  it.  And, basically, just so you know, whatever the State

9  Court does, I'm going to -- I'm just going to approve, but I

10  -- I'm not going to start all over, but I think you're

11  right, since you've made it.

12          So, what I'm going to do is in each one of these

13  continue it let's say about 90 days.  I'll give you a date,

14  and -- and I want to -- and two weeks --

15          MR. SELTH:  Can I ask -- I'm going to -- can I ask

16  my client about it because they're more familiar with the

17  timing in Superior Court of how quickly hearings are

18  being --

19       (Pause to confer.)

20          MR. SELTH:  Yeah, at least 90, maybe 100 --

21          THE COURT:  Well, what I -- for me, just so you

22  know, procedurally, I -- I don't do anything more than 90

23  days at a time.  So, what I'll do is I'll give you a date

24  right now.  I'll continue these three to -- do we have

25  something about -- that would be?

13

1    THE CLERK:  The last day in December is December
2 14th at 10:00.
3    THE COURT:  Okay.  December -- okay. December 14th
4 at 10:00.  And I'll have this on Zoom because it's not --
5 whatever -- ultimately, whatever happens in the State Court,
6 you'll -- that -- I'm just going to abide by that.  I have
7 no opinion one way or the other.
8    MR. SELTH:  Would you like a status report in two
9 weeks, your Honor?
10    THE COURT:  Yes.  Again, what I'd like is in each
11 one of these -- you read my mind.  December 14th at 10:00,
12 status report in each one of these.  And then a status 14
13 days before.
14    And what I'll do as follows, which I couldn't
15 explain earlier, if it's -- if you know the answer, that if
16 it's been ruled on by that time, fine.  Then you'll just --
17 at the status, you'll just tell me what the Court ruled, and
18 unless an appeal of that, I -- I will just approve that.  I
19 mean, that's what I plan on doing.  There's no -- I'm not
20 going to -- that's the whole idea of sending it over there.
21 it will be res judicata and collateral estoppel.  It's just
22 like a nondischargeability complaint.  Whatever -- the same
23 thing in -- in the main litigation with Mr. Moda.  Whatever
24 the State Court does, I'm just going to -- I'm going to
25 abide by.

*Echo Reporting, Inc.*

**ER-778**

14

1          So, but if -- if when you file that 14 day -- that

2 status report 14 days prior to -- to December 14th and --

3 then you'll know when the hearing's going to be.  If it --

4 if it then -- and then I'll act accordingly.  If you'll then

5 -- and that -- if it hasn't been heard, you'll ask for

6 another whatever, you know, month, two months, and then I

7 will do that again.  And, ultimately, I will -- and then I

8 won't -- and if you do that, then I'll just continue it, and

9 I won't even require you to -- to come on.  But at some

10 point, the State Court's going to rule on these, and at that

11 point, then we need a hearing, and I'll just -- you'll --

12 you'll file a motion -- well, you already filed your motion,

13 the -- the -- I will just approve whatever the State Court

14 did.  That will -- that will be the order --

15          MR. SELTH:  We may be able to lodge a stipulated

16 order.

17          THE COURT:  Yeah.  I suspect at that point,

18 whatever it is -- I have no opinion on what will happen,

19 but, yeah, just a stipulated order because if that -- if it

20 is -- and that will be the amount of the claim, whatever --

21 it could be whatever -- whatever the State Court says.

22          So, is that clear, what we'll do on these three?

23          MR. SELTH:  Yes, your Honor.

24          THE COURT:  Okay.  So, why don't you prepare the

25 order, Counsel, and then send it over, and -- and, so,

15

1 that's -- that's these three.  Let me -- let me make my

2 notes here on the calendar.  That's Number 9 -- continued

3 all of these to 12/14 at 10:00 a.m.  That's Number 10.

4          MR. MAY:  Your Honor?

5          THE COURT:  Yes.

6          MR. MAY:  I never made my appearance on the

7 record.

8          THE COURT:  Well, that's --

9          MR. MAY:  Derek May for the creditors.

10          THE COURT:  Okay.  Thank you very much.  At some

11 point somebody would have told me, but you did.

12          Okay.  Okay.  And then that was 9, 10 and then 14.

13 Okay.  Okay.  So, those are those.

14          So, we have taken care of 8, and then there were

15 these other ones there were no oppositions on those.

16          THE CLERK:  We have Number -- Calendar Number 11,

17 which is Claim Number 14.

18          THE COURT:  Okay.  Number -- well, there was not

19 claim -- well --

20          MR. SELTH:  That one's --

21          THE COURT:  -- what number?

22          THE CLERK:  15?  Yeah.  It's calendar Number 11.

23          THE COURT:  Oh, right.  Well, there -- no.  Number

24 11 -- I -- on the calendar, that's Number 4.  So, I want to

25 make sure we're talking about the same -- I've taken care of

16

1  now 8 -- calendar numbers -- 8, 9, 10 and 14.

2          THE CLERK:  I know.  And next is --

3          THE COURT:  Okay.  So, let's --

4          THE CLERK:  -- Calendar Number --

5          THE COURT:  -- take are of --

6          THE CLERK:  -- 11.

7          THE COURT:  Now -- okay.  Now, Calendar Number

8  11 --

9          THE CLERK:  11.

10          THE COURT:  -- there is an opposition to.

11          MR. SELTH:  Yes.

12          THE CLERK:  Right.  I'm calling in order.

13          THE COURT:  Oh, okay.  I'm sorry.  That's okay.

14  Okay.  So, Number 11, this one -- who represent -- who is

15  the -- is there -- is the other counsel here?  Oh, you're

16  saying -- oh, so, you're on this one as well?

17          MR. MAY:  Yes, your Honor.

18          THE COURT:  Okay.  This one also has -- has -- is

19  more substantial as to numbers.  But, as I recall, this one

20  -- this was supposed to be arbitrated, right?

21          MR. SELTH:  That's correct, your Honor.  The

22  Debtor signed a binding fee arbitration.

23          THE COURT:  And then the -- again, the involuntary

24  was filed, and everything came to a stop.

25          MR. SELTH:  And this -- and this attorney was one

17

1  of the petitioning creditors who stopped it.

2           THE COURT:  Right, right, right.  No, no, again,

3  I'm not -- those are the facts.  What I'm going to do -- it

4  should not surprise you given what I did in the others -- it

5  seems to me that I should now allow you to continue with the

6  arbitration.  And, so, that -- I think you probably need

7  again an order lifting the stay, would you not?  It seems to

8  me that would be the order.  And, again, I have no opinion,

9  again, as in the others as to the merits, but both sides

10 obviously agree that there would be the -- the arbitration,

11 but the bankruptcy stopped it.

12          So, what I'm going to do, why don't you prepare a

13 similar order lifting the stay as to both of -- both sides

14 in the arbitration to proceed with the arbitration, and then

15 what I'm going to do is I will lift the -- I will continue

16 it to the same day, same as the others, just for convenience

17 sake.  And maybe, you know, the -- when the arbitration

18 takes place, obviously it has nothing to do with the State

19 Court.  So, who knows when that -- but that might be sooner

20 because you're dealing with an arbitration.  But I have no

21 opinion.  So, why don't I continue that also.  That was

22 what?  Was that November 30?

23          THE CLERK:  No.  December 14.

24          THE COURT:  Oh, I'm sorry.  December -- yeah, I'm

25 sorry.  I was looking at the other one.  December 14th at

*Echo Reporting, Inc.*

**ER-782**

18

1  10:00 for, again, a status, and the same as in the other,

2  prepare an order lifting the stay as to both -- as to both

3  sides.  You can proceed with the arbitration.  And at some

4  point, we'll find out again whatever that -- whatever the --

5  technically, the arbitration, whatever the ruling is, the

6  State Court will have to -- at least as I understand the law

7  -- I may be off on this.  I don't know -- I don't know to

8  what extent the -- I don't know the answer.  I know the

9  question.  Typically the arbitration in the State Court

10 confirms it.

11         MR. SELTH:  I don't know if we have to do that in

12 this --

13         THE COURT:  I'm not sure.  I honestly don't know

14 the answer.  But whatever the -- just so you know, from my

15 standpoint, whatever the arbitrator does, I will -- I will

16 go along with it unless there's some craziness going on.

17 Whether or not it has to go to -- I honestly don't know the

18 answer.  It may be that that -- that that will be just res

19 judicata and collateral estoppel period.  I'm not sure of

20 the answer, but I just raise it for the two of you that

21 whatever the arbitration -- arbitrator does is going to --

22 most likely I will agree with.  How that procedurally

23 happens I'm not 100 percent sure.  But think about it.  I

24 have no problem if -- if --

25         MR. SELTH:  It would seem that if the case --

19

1          THE COURT:  Since it's now in the Bankruptcy

2   Court --

3          MR. SELTH:  Right.

4          THE COURT:  -- I don't think the State Court

5   probably would be involved anymore.  That's probably --

6          MR. SELTH:  If the case -- yeah, only if the -- if

7   the bankruptcy were somehow to be dismissed, then --

8          THE COURT:  Right.  So, I think that's probably

9   right.

10         MR. SELTH:  Yeah.

11         THE COURT:  The more I think about it, this came

12  off the top of my head, and often I'm wrong when off the top

13  of my head.  But I think probably when the arbitrator does

14  it, then that will be sufficient.  I have no problem, and

15  I've done it in the past, to just having -- that will be res

16  judicata and collateral estoppel.  So, why don't -- we'll

17  decide that, but I -- I raise that at this point, but I

18  think you're probably right.  It's probably there's no

19  reason -- it would probably be inappropriate --

20  inappropriate since the bankruptcy is -- to get the State

21  Court involved.  So, I'll --

22         MR. SELTH:  But, your Honor, may I -- may I

23  address one issue?  In addition to the amount of fees, if

24  any, that are due, the claim included interest as an

25  unsecured creditor --

20

```
 1            THE COURT:  No, I think the -- it's a federal

 2  interest.

 3            MR. SELTH:  Well, but it's an unsecured claim.

 4  And, so, there would be no cost of collection typically and

 5  no --

 6            THE COURT:  Well, I'm not going to --

 7            MR. SELTH:  Unless it's --

 8            THE COURT:  -- decide that now.

 9            MR. SELTH:  So, that issue the arbitrator wouldn't

10  be deciding.  The arbitrator's going to be deciding the

11  amount of fees, if any.

12            THE COURT:  Right.

13            MR. SELTH:  And then your Honor will determine the

14  legal -- whether he's entitled to interest as an unsecured

15  creditor or costs of collection as an unsecured creditor?

16            THE COURT:  Yes, yes.  Yeah.  Yeah, I had

17  forgotten about that, quite frankly.  But, yes, why -- and

18  maybe -- maybe I -- the interest rate is, I think, the -- is

19  a federal -- is the federal rate, is it not?

20            MR. SELTH:  If it's -- if it's a solvent estate,

21  then there's interest at the federal rate.  If it's --

22            THE COURT:  Oh, of course, there's no interest if

23  it's -- if (indiscernible).  The interest only comes into

24  play when you have -- when you -- when you

25  have --
```

21

1        MR. SELTH:  We believe it will be depending on the
2 Moda claim.

3        THE COURT:  Okay.

4        MR. SELTH:  So, but --

5        THE COURT:  Well, I don't have to decide that
6 right now, but if --

7        MR. SELTH:  Okay.

8        THE COURT:  It's clear to me that if there is any
9 excess, if -- if the federal rate, which, of course, at the
10 moment -- over the years it's changed, sometimes higher.
11 Now it's -- it's -- it's a fraction.  I don't know what the
12 interest federal rate is now.  It's much much less than the
13 10 percent, but --

14        MR. SELTH:  Is it based on the petition date or --

15        THE COURT:  Well, let's -- let me -- let's not
16 decide that right now.

17        And, as far as you -- so, what I'll do, this is in
18 -- and I suspect that -- that -- and it may be we may not
19 even know at that time if it -- if they're even entitled to
20 interest.  It's only if there's -- if it's secured, if
21 there's excess, you know, given the amount of the value of
22 the property.

23        We don't -- we may or may not know whether or not
24 interest is -- is applicable at all.  So, let's wait and see
25 when this is finally decided.  Maybe at that point will we

22

1  even know what the stat -- what the status of the estate is,

2  you know, the -- of the asset.

3           But I know if there is an excess, it would be the

4  -- be at the federal rate.  As far as the other question you

5  asked, I -- and I'm not going to decide that right now.  I'm

6  just telling you that that -- that's clear what the law is.

7  But -- but, as far as the main thing, the -- the main point,

8  at least it seems to me numerically, that will be decided by

9  the arbitrator.  And at that point, once you -- once you get

10  that resolved, my hope if -- not a guess but a hope is

11  you'll probably maybe resolve the other part, but I don't --

12  I can't make you agree to anything.  I can order stuff, but

13  I can't make you agree.

14           So, let's just continue -- I'll -- so, it -- so, I

15  will be continuing to December 14th at 10:00 the claim.  The

16  arbitration you'll prepare an order, and -- and by

17  continuing, all the issues on the claim will still be left

18  over.  And when the arbitrator finally decides it, then

19  remind me at that time, you know, what's -- what's left, the

20  two things.  I may have forgotten, but once you remind me, I

21  -- I'll remember.

22           Are there any questions about that, Counsel?

23           MR. MAY:  No, your Honor.

24           THE COURT:  Okay.  So, you'll prepare -- again,

25  like in the other, prepare an order lifting the automatic

23

1  stay to allow both sides to do whatever you need to do, and

2  we'll just continue it to the 14th of December at 10:00, and

3  you just keep letting me know in that status report when

4  you'd like me to continue, and I'll -- and I won't even

5  require you to -- to appear again.  I'll just keep

6  continuing it until it's all done.

7           So, that takes care of Number 11, and then what's

8  left?

9           THE CLERK:  Number 12, Calendar Number 12, which

10 is Claim Number 16.

11          THE COURT:  And that one is one of the -- that's

12 -- that's one that's a duplicate, and also --

13          MR. SELTH:  We object to the entire claim for lack

14 of any documentation.

15          THE COURT:  No, no.  I understand that.  There's

16 that one, but --

17          MR. SELTH:  It's a duplicate of Claim Number 17 --

18 or 16 and 17 are the two that we --

19          THE COURT:  Yeah, that's what I was saying.

20 That's Number --

21          THE CLERK:  It's Number 12 and -- Calendar 12 and

22 13.

23          THE COURT:  Yeah, I'm trying to follow --

24          THE CLERK:  Calendar 12 and 13, which is Claim

25 Numbers 17 and 17.

24

 1           THE COURT:  The number is 12 on the calendar --

 2           THE CLERK:  And 13.

 3           THE COURT:  -- and 13.

 4      (Pause to confer.)

 5           THE COURT:  Yeah, oh, maybe I combined them.

 6  Okay.  So, in that one you're not representing them?

 7           MR. MAY:  No, I'm not, your Honor.

 8           THE COURT:  Because there was no opposition.  So,

 9  Number 12 and 13, those will be -- those objections will be

10  -- for whatever reason, they've decided -- it's the same

11  claim basically.  They've decided not to reply.  And I'm

12  satisfied from your papers without any -- so, that will be

13  Number -- calendar -- that's Diamond Quality Escrow.  That

14  will be sustained.  And Number -- Number 12, it's basically

15  the same claim, Mandy Stover.  That will also be sustained.

16           THE CLERK:  Calendar Number 15, which is Claim

17  Number 4.

18           THE COURT:  Okay.  Okay.  So, this is Number --

19  Claim -- let's see.  And you represent them in this?

20           MR. MAY:  Yes, I do, your Honor.

21           THE COURT:  Okay.  The -- okay.  This one is --

22  let me -- let me ask you, Counsel.  Did -- did -- the

23  claimant here actually bill -- did they actually bill the --

24  because I have some serious doubts in this -- I have some

25  real questions about this in my own mind.  Maybe you can

*Echo Reporting, Inc.*

**ER-789**

25

1   come to the -- to the podium.  I have some questions on this

2   one.

3              MR. MAY:  Yes.

4              THE COURT:  The -- the big question -- one -- one

5   big question is the -- excuse me one second.  Did -- did you

6   -- did your client actually bill -- because this -- this was

7   -- there's Mr. Orantes -- that's his name?

8              MR. MAY:  Orantes.

9              THE COURT:  Orantes, Mr. Orantes, forgive me, the

10  man from La Mancha.  Mr. Orantes actually represented

11  everybody, and then suddenly, you have this claim, which I

12  have some real doubts about.  I'm not going to decide it

13  today, but I have some questions about it.  My big question

14  is did this -- did the claimant ever actually bill Mr.

15  Orantes?

16             MR. MAY:  Bill who, your Honor?

17             THE COURT:  Well, he claims he's working -- Mr.

18  Orantes was the counsel of record --

19             MR. MAY:  Okay.  Mr. Orantes.  Sorry.

20             THE COURT:  -- for all these people.

21             MR. MAY:  I'm -- I apologize.  I just didn't hear.

22  I'm sorry.

23             THE COURT:  No, that's okay.  It's like who's on

24  first here.  And then suddenly out of nowhere, he appeared I

25  think in one and never said anything as I understand this

Case 2:20-ap-01037-BRH   Doc 104-5 Entered 10/29/24 05:25 Desc
Case 2:20-ap-01037-BRH   Doc 104   Filed 10/29/24   Entered 10/29/24 17:33:26   Page 5 of 6 Desc
Exhibit Ex C to Woo Declaration   Page 31 of 40

26

1 particular claimant, and now claims almost as amount as

2 much, approximately the same as Mr. Orantes' claim who

3 actually did represent, you know, these -- these creditors,

4 and it seems a bit suspicious to me, although, I don't --

5 I'm not going to decide it today, but out of nowhere he --

6 now he files this claim in a very large amount.  My -- and

7 he would have been supposedly assisting Mr. Orantes I guess.

8 I mean, Mr. Orantes was the -- was -- was representing these

9 people.

10          So, my question is is there anything in writing

11 that -- that your -- that your client ever -- that -- at the

12 time that this was going on that he ever billed Mr. Orantes?

13          MR. MAY:  Your Honor, I -- I'm not aware of any

14 writing.  It's possible that there is, but it was not

15 provided to me in any --

16          THE COURT:  Well, how would -- how would he have a

17 claim then?  I mean, as I understand it, he says, Yeah, I'm

18 doing this, this, and that and the other thing.  And but the

19 -- but the -- he -- he, in effect, is helping -- helping

20 these people, but it would have to be through Mr. Orantes,

21 wouldn't it?

22          MR. MAY:  You asked how he would have a claim,

23 your Honor.  He does attach a detailed billing invoice on

24 his thing -- on his claim as to --

25          THE COURT:  Yeah, but that looks like that was

27

1  prepared after the fact.  I'm -- I'm asking -- I'm asking --

2  it -- again, I can tell you on the face of it I'm not going

3  to -- my inclination when I have to decide it, but it seems

4  to me that he's doing some stuff behind the scenes I guess,

5  but there's nothing official, nothing -- and I have to be

6  satisfied did he do anything that was really necessary for

7  the -- for the -- for the bank -- for the bankruptcy, and he

8  -- it would have been -- that is the involuntary.  And it

9  would have had to have assisted -- the only way he can have

10  any claim is assisting some of the -- the -- there are only

11  so many -- we'll have a total of seven ultimately I think --

12  of petitioning creditors.  So, you would agree in order to

13  -- in order to get any of these fees, he has to have

14  assisted them in some way, right, those creditors?

15         MR. MAY:  Yes, your Honor.

16         THE COURT:  Right.  And -- and the ones we know

17  were all represented by Mr. Orantes, right?

18         MR. MAY:  He was the attorney for the petitioning

19  creditors.

20         THE COURT:  Right.  Right.  So, wouldn't -- so, in

21  order to assist, there has to be some -- some dealings with

22  Mr. Orantes, correct?  How else could it happen?

23         MR. MAY:  Correct, your Honor.

24         THE COURT:  And -- and you don't have any --

25  either an agreement or any billings to Mr. Orantes?  That's

28

1 the only way this can happen.  I -- the -- it is clear that

2 is indeed he was doing things that he had an agreement to do

3 it, not just as a -- as a -- as somebody just offering his

4 services, he would have to have an agreement, Mr. Orantes,

5 By the way, I'm going to assist you in this, that, and the

6 other thing.  And usually, you would think that Mr. Orantes

7 would have put that in his -- you know, in his claim.  If he

8 owes, say, for instance, the -- the Aperture Law Firm, then

9 he would have said so, wouldn't he?

10          MR. MAY:  Your Honor, and also in response to the

11 objection to claim or in the objection to claim, if he

12 doesn't, as a corollary, he says, I don't even know who

13 Robert Salgado is, wouldn't the Debtor be able to provide

14 that information as well?

15          THE COURT:  How?  How?  Remember --

16          MR. MAY:  Well, what I'm dealing with, your Honor,

17 is a declaration from Robert Salgado saying, "I did these

18 things."

19          THE COURT:  Right, he did these things.  And I'm

20 asking you -- and that -- I don't know him from Adam.  He

21 could be lying for all I know.  It's not uncommon.  I'm not

22 saying in this case, but, you know, I can't take for face

23 just because he says it.  And he's asking for a lot of

24 money.  And, so, what I'm asking you as -- as counsel for

25 him, you should know these, and I'm not faulting you

29

1  personally, but if you don't, it's not your fault.  It's the

2  fault of -- of them -- that where is -- where is the

3  evidence, number one, that he had any agreement with Mr.

4  Orantes?  He would have had to unless he's just a volunteer.

5  In order to -- to be assisting, he would have had to have

6  the agreement with Mr. Orantes, wouldn't he?  He's the

7  attorney --

8          MR. MAY:  Mr. --

9          THE COURT:  -- for these people.

10         MR. MAY:  Mr. Orantes or at least one of the

11  Debtors -- one of the petitioning --

12         THE COURT:  Well, if they're represented by

13  counsel, it seems to me pretty clear he -- the legal work

14  would have to be assisting Mr. Orantes, wouldn't it?  How

15  would -- how would it be otherwise?  And if that's the case,

16  you have no agreement with -- there's no evidence that

17  you're aware -- you're not aware of any agreement with Mr.

18  -- this -- this client -- this claimant with Mr. Orantes,

19  that he would assist him?

20         MR. MAY:  I'm not aware.  I've never seen an

21  agreement like that.

22         THE COURT:  And was -- and is there any evidence

23  that you know of that he actually ever billed Mr. Orantes

24  for any of this?  I see his -- it looks like this was

25  prepared after the fact, which is easy to do.  Is there any

30

1 evidence of that?

2 MR. MAY: Your Honor, other than the -- than the

3 statement attached to the -- the claim, no. I can just say

4 a lot of times attorneys will summarize their billings.

5 THE COURT: Not -- not in this court. Not if they

6 want to be believed. But my question is, as far as you --

7 you -- you're not aware of any agreement with Mr. Orantes,

8 and you're not aware of any billings of -- of this attorney

9 to Mr. Orantes to get paid?

10 MR. MAY: I have no personal knowledge of any of

11 this, your Honor.

12 THE COURT: Okay. Well, in that case, I am going

13 to then sustain the objection to this claim, because it's

14 clear to me that -- that there's no basis for it in the law.

15 If he's helping out these people and doing stuff, that's --

16 no, that's a volunteer. The only way this would actually be

17 a legitimate claim against this estate is if he was

18 assisting the attorney of record, namely, Mr. Orantes, in

19 this -- and I -- and I made -- made note to myself even

20 before we had this conversation, Counsel, that it seemed

21 kind of fishy to me that there was no discussion of that.

22 It's just that he did -- he did numerous things. Well, he

23 can do anything he wants, but he's not going to get paid,

24 not from this Court, unless it's authorized, namely, that he

25 was working with -- to assist in the -- in the involuntary,

31

1   which, indeed I -- I allowed -- I don't -- I forget what it

2   was, about 48 -- I forget what the numbers, I did --

3           MR. SELTH:  About $51,000.

4           THE COURT:  I forget, yeah, one -- this was 48.  I

5   already allowed it, and that's legitimate.  So -- so, I'm

6   not faulting you, Counsel, but the -- the facts of this are

7   not on -- there's no evidence whatsoever that you're aware

8   of, and you should be.  Again, I'm not faulting you at all.

9   And if not here, that's why we -- we had it in person.

10          So, I am going to disallow this.  I just don't

11  believe that the -- that there's any basis in law for this.

12  So, if you'll prepare that order, I will sign it.  So --

13          MR. SELTH:  Thank you, your Honor.

14          THE COURT:  That's Number 15.  What about -- is

15  there anything --

16          THE CLERK:  Then the last thing is Number 19,

17  which is Calendar Number 19, the status of the case.

18          THE COURT:  Oh, 19 is the status of the case.

19          MR. SELTH:  And the FEE applications -- the FEE

20  applications that were granted without --

21          THE COURT:  Yes.  That's Number 16.

22          MR. SELTH:  And 17 and 18, Mr. Jones --

23          THE COURT:  Those are all approved.

24          MR. SELTH:  Thank you.  And I'll lodge orders on

25  those.

32

1          THE COURT:  Okay.  So, I think we've already taken

2    care of everything.  I've continued --

3          MR. SELTH:  Except for the status -- the Chapter

4    11 status conference.

5          THE COURT:  Oh, the status --

6          MR. SELTH:  Same day?

7          THE COURT:  Yeah.  I suppose December 14th,

8    because this is all -- I -- I'm fascinated.  Can anybody

9    tell me -- you're not involved in that, are you?  You don't

10   represent Mr. Moda at all?

11         MR. MAY:  No, I do not.

12         THE COURT:  Okay.  Any -- I'm just -- just curious

13   more than anything, any -- any major rulings been made,

14   anything going on that I should be aware of?

15         MR. SELTH:  Well, Ms. -- Ms. Ms. Mazgani, when she

16   -- she -- she explained because they're more familiar with

17   the -- the whole long cause matter September 27th.

18         THE COURT:  No, but were there any previous -- I

19   got the idea in the previous status that there was some

20   rulings made that I know Mr. Moda was unhappy about.  I just

21   -- I -- in the State Court, but I --

22         MR. SELTH:  Well, there's plenty -- I mean, there

23   were rulings about the -- the lis pendens being set aside

24   and all that.  But the actual trial on the --

25         THE COURT:  Okay.

33

```
 1            MR. SELTH:  -- respective claims --

 2            THE COURT:  Again, I'm -- more curiosity than

 3  anything because ultimately I've said ad nauseam as long --

 4  whatever the State Court does, I'm going to be -- whether

 5  it's in the -- again, in this case, the arbitration.  It

 6  would be the State Court -- I will be bound by it.  That

 7  will be res judicata and collateral estoppel.

 8            So, anyway, that -- so, we'll continue --

 9            MR. SELTH:  So, I'll do another -- I'll do

10  another --

11            THE COURT:  -- the --

12            MR. SELTH:  -- Subchapter V --

13            THE COURT:  But I wanted to ask you -- Mr. Jones,

14  I didn't want to just totally ignore you, but -- but I --

15  but anything -- I always like to ask you because you have

16  been I think a very good role in this case, but --

17            MR. JONES:  No, your Honor.  I just -- I'm trying

18  to keep down my expenses and costs and fees, and just

19  checking in occasionally on the State Court matters.

20            THE COURT:  And I -- and I appreciate it.

21            Okay.  So, the -- the other -- next hearings may

22  very well be on -- on Zoom.  The only time -- because we

23  actually had oppositions, I -- I like people to be face to

24  face, but the -- but I think the next hearing on December --

25  I -- I will -- there's no reason at this point to not have
```

34

1  it anything other than Zoom.  Those -- those just can be

2  status.  The case is just going to keep going until -- you

3  have these other things going on that are not unimportant,

4  particularly the arbitration involving, you know, a fair

5  amount of money, but the big ones are really the State

6  Court, but, still, until these are all resolved -- and when

7  that's all done, that will be -- it will be easy for me and

8  certainly for counsel for Mr. Jones.  Whatever the numbers

9  are, that -- that will be, and the Debtor will know before I

10 know what those numbers are.

11        So, thank you very much.  I appreciate you -- you

12 all coming, and that -- so, the status will be December 14th

13 at 10:00.

14        MR. SELTH:  Thank you.  It was great to be back in

15 the courthouse for the first time in 18 months.

16        THE COURT:  Well, I -- my colleagues -- there's no

17 right or wrong to it.  I have a -- I -- my feeling is a very

18 strong one that being a day in court means in court, but I'm

19 also mindful, as you -- I'm the only here without the mask,

20 but I'm a good distance as we -- this is a pretty --

21 probably safer than any other place you'll be outside of

22 your home.  So, that's where I'm at, but I don't require in

23 court unless there's some -- something's going to be needed

24 to be argued.  So, thank you.  Thank you all for coming.

25        ALL:  Thank you, your Honor.

35

```
1        THE COURT:  Okay.  Thank you.

2     (Proceedings concluded.)

3

4

5

6

7        I certify that the foregoing is a correct

8  transcript from the electronic sound recording of the

9  proceedings in the above-entitled matter.

10

11  /s/Jordan Keilty_____    10/25/2024_____
    Transcriber                       Dates
12

13  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

14

15  /s/L.L. Francisco_____
    L.L. Francisco, President
16  Echo Reporting, Inc.

17

18

19

20

21

22

23

24

25
```

*Echo Reporting, Inc.*

# EXHIBIT D

```
1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                              --oOo--

4  In Re:                      )  Case No. 2:19-bk-21655-BR
                               )
5  MAHVASH MAZGANI,            )  Chapter 11
                               )
6          Debtor.            )  Los Angeles, California
   _____)  Tuesday, October 11, 2022
7                              )  10:00 a.m.
   MODA,                       )
8                              )
           Plaintiff,          )
9                              )
   vs.                         )  Adv. No. 2:20-ap-01637-BR
10                             )
   MAZGANI,                    )
11                             )
           Defendant.          )
12 _____)

13                             CONT'D STATUS CONFERENCE RE
                               COMPLAINT FOR:
14                             NONDISCHARGEABILITY OF DEBT
                               PURSUANT TO:
15                             11 U.S.C. SECTION 523(A)(2)(A)
                               11 U.S.C. SECTION 523(A)(4)
16                             11 U.S.C. SECTION 523(A)(6)

17                             DENIAL OF DISCHARGE PURSUANT
                               TO:
18                             11 U.S.C. SECTION 727(A)(2)
                               11 U.S.C. SECTION 727(A)(3)
19                             11 U.S.C. SECTION 727(A)(4)

20
                        TRANSCRIPT OF PROCEEDINGS
21                 BEFORE THE HONORABLE BARRY RUSSELL
                      UNITED STATES BANKRUPTCY JUDGE
22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

ii

```
 1  APPEARANCES:

 2  For the Debtor:                NAZANIN MAZGANI, ESQ.
                                   Law Offices of Nazanin Mazgani
 3                                 10954 Massachusetts Avenue
                                   Los Angeles, California 90024
 4                                 (310) 892-0820

 5  Court Recorder:                Wanda Toliver
                                   United States Bankruptcy Court
 6                                 Edward R. Roybal Federal
                                     Building
 7                                 255 East Temple Street
                                   Los Angeles, California 90012
 8
    Transcriber:                   Jordan Keilty
 9                                 Echo Reporting, Inc.
                                   9711 Cactus Street, Suite B
10                                 Lakeside, California 92040
                                   (858) 453-7590
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

1  LOS ANGELES, CALIFORNIA TUESDAY, OCTOBER 11, 2022 10:00 A.M.

2                       --oOo--

3      (Call to order of the Court.)

4           THE CLERK:  Number 14, Mazgani.  Please state your

5  name and share your video.

6           THE COURT:  Okay.  And who is there?

7           MS. MAZGANI (via Zoom):  Good morning, your Honor.

8  Good morning, your Honor.  This is Attorney Nazanin Mazgani

9  appearing on behalf of Mahvash Mazgani, the Debtor.

10          THE COURT:  Okay.  Well, okay.  Who else is here?

11 Nobody?

12          MS. MAZGANI:  Mr. Reid should have been here, but

13 I don't know.  He's not, and I haven't heard from him.

14          THE COURT:  I don't see him on the screen.  That

15 doesn't mean he's not lurking there somewhere, but in any

16 case, that -- so, I understand that -- so -- so, what --

17 this report always has to do with what's going on in the

18 State Court in this -- in this matter.  The --

19          MS. MAZGANI:  Yes.

20          THE COURT:  I guess it's set now I believe October

21 17th, I think was the number that rings a bell?

22          MS. MAZGANI:  Yes, that is correct, your Honor.

23          THE COURT:  So, you have a pretty -- so, you feel

24 that that -- you think that's actually going to -- that's

25 going to go as far as you know?

2

1       MS. MAZGANI:  That's what my understanding is.  We

2  haven't heard anything from the -- from the Court otherwise.

3  I know that there is another trial right now that's a head

4  of us, but that is supposed to end by the end of this week

5  and for us to start next week.

6       THE COURT:  Okay.  And this was, what, a week or

7  two trial at least, estimate?

8       MS. MAZGANI:  I believe it's two to three weeks,

9  your Honor.

10      THE COURT:  So, what -- why don't we do it maybe

11  in December?  How's that?

12      THE CLERK:  We have December 6th at 10:00.

13      THE COURT:  Maybe can you give the next date?

14      THE CLERK:  December 13th at 10:00.

15      THE COURT:  Yeah.  I'm going to continue this to

16  December 13th at 10:00, and let's hope that the trial has

17  been completed by that time.  I guess we'll find out.  And,

18  again, with the status report due, that will be the last of

19  November.  So, we'll see.

20      Any -- any other suggestions or requests?

21      MS. MAZGANI:  No, your Honor.  That's it.  I just

22  wanted to keep the Court abreast of what was going on.

23      THE COURT:  Okay.  Now, thank you.  Eventually

24  we'll get going on this, and my attitude is whatever the

25  State Court decides is fine with me.  I -- I don't know

3

1   enough about it to -- to decide the matter.  So, anyway,

2   I'll see you back -- we can also do this on Zoom since it's

3   just going to be a status as to what happened in the State

4   Court trial or -- so, I'll see you back one way or the other

5   with a status report having been filed December 13th at

6   10:00.

7            MS. MAZGANI:  Okay.  Thank you so much, your

8   Honor.  You have a great day.

9            THE COURT:  Thank you.  You too.  Bye bye.

10        (Proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1          I certify that the foregoing is a correct

2   transcript from the electronic sound recording of the

3   proceedings in the above-entitled matter.

4

5   /s/Jordan Keilty                    10/25/2024
    Transcriber                         Dates
6

7   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9   /s/L.L. Francisco
    L.L. Francisco, President
10  Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-807**

# EXHIBIT E

ER-808

```
1                UNITED STATES BANKRUPTCY COURT

2                 CENTRAL DISTRICT OF CALIFORNIA

3                          --oOo--

4   In Re:                      )  Case No. 2:19-bk-21655-BR
                                )
5   MAHVASH MAZGANI,            )  Chapter 11
                                )
6           Debtor.             )  Los Angeles, California
    _____ )  Tuesday, December 13, 2022
7                               )  10:00 a.m.
    MODA,                       )
8                               )
            Plaintiff,          )
9                               )
        vs.                     )  Adv. No. 2:20-ap-01637-BR
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____ )

13
                             CONT'D STATUS CONFERENCE RE
14                           COMPLAINT FOR:
                             NONDISCHARGEABILITY OF DEBT
15                           PURSUANT TO:
                             11 U.S.C. SECTION 523(A)(2)(A)
16                           11 U.S.C. SECTION 523(A)(4)
                             11 U.S.C. SECTION 523(A)(6)
17
                             DENIAL OF DISCHARGE PURSUANT
18                           TO:
                             11 U.S.C. SECTION 727(A)(2)
19                           11 U.S.C. SECTION 727(A)(3)
                             11 U.S.C. SECTION 727(A)(4)
20
                             CONT'D STATUS CONFERENCE RE
21                           SUBCHAPTER V CHAPTER 11 CASE

22

23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

**ER-809**

ii

```
 1                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BARRY RUSSELL
 2                UNITED STATES BANKRUPTCY JUDGE

 3   APPEARANCES:

 4   For the Debtor:            JAMES R. SELTH, ESQ.
                                Weintraub, Zolkin, Talerico
 5                                and Selth
                                11766 Wilshire Boulevard
 6                              Suite 730
                                Los Angeles, California 90025
 7                              (310) 207-1494

 8   Court Recorder:            Wanda Toliver
                                United States Bankruptcy Court
 9                              Edward R. Roybal Federal
                                  Building
10                              255 East Temple Street
                                Los Angeles, California 90012
11
     Transcriber:               Lorraine Caldwell
12                              Echo Reporting, Inc.
                                9711 Cactus Street
13                              Suite B
                                Lakeside, CA 92040
14                              (858) 453-7590

15

16

17

18

19

20

21

22

23

24

25
```

1

1  LOS ANGELES, CALIFORNIA  TUESDAY, DECEMBER 13, 2022 10:00 AM

2                        --oOo--

3      (Call to order of the Court.)

4            THE CLERK:  Number 9 and 10, Mazgani.

5            Please make an appearance.

6            MR. SELTH:  Yes.  Good morning, your Honor.  James

7  Selth of Weintraub and Selth for the Debtor.  I am specially

8  appearing on Number 9 for both Donald Reid and Nazanin

9  Mazgani in the adversary, because they are both in trial in

10 the Superior Court downtown, and the status for that case is

11 identical to the -- I think that you'll find, to the status

12 for the Chapter 11 case, Number 10, which I'm appearing on.

13           THE COURT:  Right.  Anybody else?  I don't see

14 anybody, but that's the whole risk of Zoom.  You're never

15 quite sure exactly who's there, but I don't see anybody.

16           I've had a number of things filed, but basically

17 this case has to do, at least at this stage, with any number

18 of things, the plan, and the status of the case is dependent

19 on, as you just mentioned, the state court action, and, as I

20 understand, I think what is -- it started yesterday.  At

21 least from the previous papers I had, it was supposed to.

22 So why don't you tell me what the status is of the state

23 court trial.

24           MR. SELTH:  Yes, your Honor.  I did file a brief

25 status report re: the Superior Court litigation on December

2

1  5th, and the jury trial commenced October 17th.

2          THE COURT:  Okay.

3          MR. SELTH:  It continued.  It had a two-week delay

4  over the Thanksgiving period because apparently there were

5  jurors going on vacation, and then they had a juror illness,

6  and they were running out of alternates, and nobody wanted

7  to have to start over.

8          When I wrote the status report on December 5th,

9  closing arguments were scheduled to begin December 6th, with

10 jury deliberations December 7th.  I confirmed this morning

11 that closing arguments will not finish until tomorrow, with

12 jury deliberations tentatively scheduled to begin next week.

13 So I suppose it's a good chance we'll have a verdict by

14 Christmas, unless we have a hung jury.

15         THE COURT:  Well, and then -- well, the next

16 question is -- the obvious is -- I like to keep as short a

17 leash as possible as far as getting going once we know

18 what's happening.  Well, there's a lot of possibilities.  It

19 could be a hung jury, possibly, but the assumption, though,

20 they'll decide something, and once they decide it, then we

21 can start going ahead.

22         So maybe -- what would you suggest, something

23 either the end of January or early February for a status

24 conference, and then people can figure out what they're

25 going to do?

3

1    MR. SELTH:  Yes, your Honor.  We have a matter in

2  this case in front of you on January 24th.  It's the

3  evidentiary hearing on the objection to claim of Howard Kapp

4  that starts at -- I believe the courtroom deputy asked us to

5  be there at 10:30.

6    THE COURT:  Okay.  All right.

7    MR. SELTH:  And I have another matter --

8    THE COURT:  So we'll have the same people --

9    MR. SELTH:  -- in front of your Honor at 10:00.

10    THE COURT:  -- that are interested.  We'll have

11  the --

12    MR. SELTH:  I have another matter at 10:00

13  o'clock.

14    THE COURT:  You said the January 24th -- was

15  that -- I think you just said?

16    MR. SELTH:  Yes, your Honor.  I have another

17  matter, a status conference, at 10:00 o'clock, with you on

18  an adversary case, so I'll be there anyway.

19    THE COURT:  Okay.  Is that 10:00 o'clock on the

20  24th?

21    THE CLERK:  Well, the matter in the evidentiary

22  hearing starts at 11:00, but he said he has another matter

23  at --

24    THE COURT:  Well, it starts at 11:00, but we have

25  some other things.  So why don't we just set this -- for

*Echo Reporting, Inc.*

**ER-813**

4

1   what?

2           THE CLERK:  11:00.

3           THE COURT:  11:00.  Okay.  Why don't we set

4   this -- well, actually, probably there's going to be a

5   little more, but you're not going to be involved.  You

6   are -- I just don't remember all the parties.  You're

7   involved in the adversary proceeding as well, were you not?

8           MR. SELTH:  Yes, I am, with co-counsel, your

9   Honor.

10          THE COURT:  Okay.  Then, okay.  Well, why don't we

11  just set it for the same time.  At least we'll know --

12  you'll be -- so you'll have to wait, anyway, but you'll be

13  here at 10:00.  Why don't we -- I'll continue the status on

14  this, and, again, I would like a status report one week

15  before.  Hopefully, there will be a jury determination by

16  that time.  And so this will just be continued to January

17  24th at 11:00.

18          MR. SELTH:  Very good, your Honor.  Thank you so

19  much.

20          THE COURT:  Thank you.  Have a good day.

21          MR. SELTH:  You, too.

22      (Proceedings concluded.)

23

24

25

5

1          I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4    /s/Lorraine Caldwell          10/25/24
     Transcriber                   Date
5
     FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
6

7    /s/L.L. Francisco
     L.L. Francisco, President
8    Echo Reporting, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-815**

# EXHIBIT F

ER-816

```
 1                 UNITED STATES BANKRUPTCY COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                         --oOo--

 4  In Re:                      )  Case No. 2:19-bk-21655-BR
                                )
 5  MAHVASH MAZGANI,            )  Chapter 11
                                )
 6          Debtor.             )  Los Angeles, California
    _____)  Tuesday, March 12, 2024
 7                              )  10:00 a.m.
    KEVIN MODA,                 )
 8                              )
            Plaintiff,          )
 9                              )
    vs.                         )  Adv. No. 2:20-ap-21655-BR
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____)

13                              CONT'D STATUS CONFERENCE RE
                                SUBCHAPTER V CHAPTER 1 CASE
14
                                CONT'D HRG. RE DEBTOR'S MOTION
15                              FOR ORDER DISALLOWING CLAIM
                                NO. 15 HOWARD KAPP
16
                                CONT'D STATUS CONFERENCE RE
17                              COMPLAINT FOR:
                                NONDISCHARGEABILITY OF DEBT
18                              PURSUANT TO:
                                11 U.S.C. SECTION 523(A)(2)(A)
19                              11 U.S.C. SECTION 727(A)(4)
                                11 U.S.C. SECTION 523(A)(6)
20
                        TRANSCRIPT OF PROCEEDINGS
21                 BEFORE THE HONORABLE BARRY RUSSELL
                     UNITED STATES BANKRUPTCY JUDGE
22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

ii

```
1   APPEARANCES:

2   For the Debtor:                    JAMES R. SELTH, ESQ.
                                       Weintraub Zolkin Talerico
3                                        & Selth, LLP
                                       11766 Wilshire Boulevard
4                                      Suite 450
                                       Los Angeles, California 90025
5                                      (310) 207-1494

6                                      NAZANIN MAZGANI, ESQ.
                                       Law Offices of Nazanin Mazgani
7                                      10954 Massachusetts Avenue
                                       Los Angeles, California 90024
8                                      (310) 892-0820

9   For Kevin Moda:                    KEVIN MODA, Pro Se
                                       18324 Clark Street
10                                     Suite 324
                                       Tarzana, California 91356
11
    Court Recorder:                    Wanda Toliver
12                                     United States Bankruptcy Court
                                       Edward R. Roybal Federal
13                                       Building
                                       255 East Temple Street
14                                     Los Angeles, California 90012

15  Transcriber:                       Jordan Keilty
                                       Echo Reporting, Inc.
16                                     9711 Cactus Street, Suite B
                                       Lakeside, California 92040
17                                     (858) 453-7590

18

19

20

21

22

23

24

25
```

1

1   LOS ANGELES, CALIFORNIA TUESDAY, MARCH 12, 2024 10:00 A.M.

2                              --oOo--

3       (Call to order of the Court.)

4           THE CLERK:  Number 40, 41 and 42, Mazgani.

5       (Pause.)

6           MS. MAZGANI:  Good morning, your Honor.  Nazanin

7   Mazgani appearing on behalf of the Debtor Mahvash Mazgani in

8   the adversary proceeding, here for the status conference.

9           THE COURT:  All right.

10          MR. SELTH:  Good morning, your Honor.  James Selth

11  of Weintraub Zolkin Talerico and Selth, for the Debtor on

12  Numbers 40 and 41.

13          THE COURT:  By the way, have you -- and unusual

14  that we have -- I know who's here -- but not here, have you

15  seen Mr. Moda and Mr. Bhola?  It's unusual.  They filed, as

16  is usually the case, improper so-called status reports, were

17  more than just a status report, were arguments.  But have

18  you talked to them at all, because it's one -- for one not

19  to appear but neither?  Do you have any idea why they're not

20  here?

21          MR. SELTH:  No.  We saw that Mr. Moda filed --

22  well, when I say Mr. Moda, we know that anything that's

23  filed by Mr. Bhola has been filed by Mr. Moda.  He's the one

24  doing the e-filing.  He filed something at 9:32 in the

25  District Court this morning, meaning he was at a computer

*Echo Reporting, Inc.*

**ER-819**

2

1  filing some, you know, typical 40 pages of nonsense, but --

2        THE COURT:  In the District Court?

3        MR. SELTH:  In the District -- but, I mean, he was

4  e-filing at 9:32 this morning.

5        THE COURT:  Oh, to the District Court?

6        MR. SELTH:  In the District Court.  So --

7        THE COURT:  And what is -- what is that about?

8        MR. SELTH:  I -- I'll be glad to try to explain.

9  Trying to explain --

10        THE COURT:  Well, hang on a second.

11        MR. SELTH:  -- Moda filings is --

12        THE COURT:  I see Mr. Moda is appearing.  Why

13  don't you -- Mr. Moda?

14        MR. MODA:  Good morning, your Honor.

15        THE COURT:  Yes.  Well, why is it that you

16  suddenly are appearing at this time?

17        MR. MODA:  The status conference on --

18        THE COURT:  No, at this point, why are you -- why

19  were you not here when it was called?

20        MR. MODA:  I apologize that I'm late.

21        THE COURT:  Mr. Bhola -- who -- I can never figure

22  out who represents -- who is representing at times.  We had

23  the same question last time.

24        MR. MODA:  No.  Actually, we don't.  I'm here on

25  the adversary proceeding.

*Echo Reporting, Inc.*

**ER-820**

3

1          THE COURT:  Yeah, but what about -- what -- this
2     is a status conference.

3          MR. MODA:  Yeah.

4          THE COURT:  Yeah.  And Mr. Bhola is still your
5     counsel, is he not?

6          MR. MODA:  Yeah.

7          THE COURT:  And why is he not here?

8          MR. MODA:  I -- I don't know.  I thought he would
9     be.

10          THE COURT:  Well, why don't you do this -- let us
11     pass it just for a couple of minutes.  Why don't you call
12     him just to make sure.  Maybe he's stuck in traffic or
13     whatever.

14          MR. MODA:  Okay.

15          THE COURT:  Yeah.  And then -- no, no.  Have Mr.
16     -- Mr. Moda, and then we'll call this one when -- why don't
17     you go outside as well.  If you find out what's happening,
18     just let me know and we'll call it.

19       (Proceedings recessed while the Court heard other
20     matters.)

21          THE CLERK:  Recalling 40, 41 and 42, Mazgani.

22          THE COURT:  All right.  Mr. Moda, have you been
23     able to contact Mr. --

24          MR. MODA:  Yes, I did.  I got a cryptic message
25     back, but it was a picture in a hospital setting.

4

 1          THE COURT:  So, he's in the hospital or --

 2          MR. MODA:  That's what I figure.  I can share the

 3   picture.

 4          THE COURT:  Well, no.  I -- no.  I just want to

 5   make -- in any case, it's -- it's not that crucial.  I just

 6   wanted to make sure he didn't forget about it or --

 7          MR. MODA:  No.  I -- I would have thought that

 8   he's here actually.

 9          THE COURT:  Okay.  All right.  All right.  So,

10   this is very short.  I've had a lot of paperwork from --

11   from -- more than I need.  This is a very simple matter.  As

12   usual, you and Mr. Bhola tend to -- tend to write more than

13   you need.  I'll leave it at that.

14          But all I need to know, very simply, the -- in

15   fact, why -- why don't you have a seat, Mr. Moda, and why

16   don't you -- as far as the Debtor, a couple of things which

17   surprised me, and it's set for next week, the motions re --

18   OSC re contempt.  I have -- the time has passed to file

19   responses.  You have -- I'm not going to ask you why because

20   it's not before me today, but you haven't filed a response,

21   have you?

22          MR. MODA:  To what, your Honor?

23          THE COURT:  To the motion for contempt for not

24   paying the sanctions that I ordered.

25          MR. MODA:  I --

5

1          THE COURT:  You haven't --

2          MR. MODA:  -- wasn't served with anything.

3          THE COURT:  It's a simple question.  You

4  haven't --

5          MR. MODA:  I hear you.  I -- I wasn't served with

6  anything to respond to.

7          MR. SELTH:  Proof of service was filed.

8          THE COURT:  Okay.  I'll leave it at that, but we

9  did --

10          MR. MODA:  All right.

11          THE COURT:  -- we did talk about it at the last

12  hearing, and -- now, you didn't say anything.  That's fine.

13  But Mr. Bhola said that he -- that he -- the response was

14  going to be why he didn't pay it because he couldn't afford

15  it.  So, I know that -- that you guys know about it, but

16  I'll leave it for another time.  That's next week.

17          The order was issued.  Okay.  So, that's that.

18          As far as the State Court, two things.  One is the

19  -- which I will try, but it has to be a final order, that

20  is, the nondischarged -- the objection to discharge, but in

21  particular, the 523, the -- the complaint dealing with the

22  Debtor.  And, as far as that status, it's up to the State

23  Court.  Whatever I said, you know, it has to be a final

24  order when they -- if that -- for different opinions on it

25  from both sides.  You know, it doesn't surprise me.  I have

6

1  no opinion on the merits of it.  Whatever the State

2  Appellate Court will do, they will do.  And if -- if they --

3  they'll do I assume one of two things, either affirm or

4  reverse, and -- and at that point, whenever it's a final

5  order, then a couple of possibilities.  I've read the

6  judgment, and on its face it would pretty obviously be

7  nondischargeable if -- if -- at least reading what it holds.

8  But -- but -- until that's a final order.

9          So, if -- if it's affirmed, then no doubt, Mr.

10  Moda, you'll be filing a motion for summary judgment here.

11  We're talking just about the 523.  As far as the 727, that's

12  a different matter, but certainly as to the 523.  And, of

13  course, if it's reversed, then who knows at that point?

14  Might have to start all over again.

15          You have a question?

16          MR. MODA:  Your Honor, I think that deals with the

17  AP, does it not?

18          THE COURT:  With what?

19          MR. MODA:  With the adversary proceeding?

20          THE COURT:  Yes.

21          MR. MODA:  Well, if it's the adversary proceeding,

22  I -- I don't want a stay.  If the Court is --

23          THE COURT:  Well, no.  What I'm simply -- I'm

24  telling you.  I'm not asking you.

25          MR. MODA:  I --

7

```
 1            THE COURT:  What I'm telling you --
 2            MR. MODA:  I understand.  There's the motion
 3   coming up for violation of the stay for filing the appeal
 4   for not getting leave.
 5            THE COURT:  Okay.  Well, we'll -- I'll -- I'll
 6   hear that.  I've noticed it's set.  But I'm just telling you
 7   this is a status.  You tend to want to argue.  Stop.  Stop,
 8   Mr. -- Mr. Moda.  This is just a status.  It's going to be a
 9   very short hearing, just what the status is, very simply,
10   not arguing the merits. I'm just throwing out the
11   possibilities.  So, leave it at that.  I'm not -- there's no
12   question.
13            MR. MODA:  It -- it does imply you granted leave
14   when you have not.
15            THE COURT:  Let me stop you, Mr. --
16            MR. MODA:  Okay.
17            THE COURT:  -- Mr. Moda.  I'm just telling you
18   what might happen as far as with the -- with the appeal,
19   you've argued that somehow they violated the stay.  I have
20   not -- I've glanced -- I haven't read it.  I saw that it was
21   filed.  It's set for hearing.  I have no opinion on it one
22   way or the other.  I'll deal with that.  It's set in April
23   sometime I think, isn't it, Stacey?
24            THE CLERK:  Yes, I think.
25            THE COURT:  Okay.  That's that.
```

8

1        The only thing today is -- as far as the case

2 itself, and as -- which, of course, depends on the -- on the

3 State Court. So, my question is as far as what's going on

4 in the State Court, there are a couple of interesting things

5 going on. You said there's a hearing coming up --

6        MR. SELTH: I think --

7        THE COURT: -- have to do with the alleged sale of

8 the property. Again, I'm not going to -- I'm not making any

9 rulings today. I just -- I always ask to know -- curiosity

10 if nothing else -- what's happening in the -- in the State

11 Court.

12        MS. MAZGANI: Your Honor, Nazanin Mazgani on

13 behalf of the Debtor. There are actually a few things that

14 are going on that I think that the Bankruptcy Court should

15 as part of the status conference address today.

16        Number one is the grant deeds that Mr. --

17        THE COURT: We're not going to -- I -- I saw that

18 there was a grant deed selling it. I'm not going to address

19 that today. It's not before me today. It's an interesting

20 fact, but I'm not -- I'm not going to decide anything.

21 There's no motion for me in regard to that. No doubt there

22 will be, but, yes, is it -- yes, okay. That -- that's a

23 fact. It's interesting.

24        MS. MAZGANI: But, your Honor, those --

25        THE COURT: And then --

9

```
 1          MS. MAZGANI:  Those grant deeds, the --

 2          MR. MODA:  There's no motion to --

 3          MS. MAZGANI:  Excuse me.  I'm --

 4          THE COURT:  Stop.

 5          MS. MAZGANI:  -- speaking.

 6          THE COURT:  Stop.  Please, Mr. Moda.

 7          MS. MAZGANI:  The person that he is purporting to

 8 grant deed these properties to, the properties that are part

 9 of this bankruptcy estate, he's -- he's claiming that he's

10 going to be filing unlawful detainers against the tenants.

11          THE COURT:  Well, okay.  Then, again, you -- I

12 hear what you're saying.  And then I will -- if motions are

13 made either by Mr. Moda or by -- by the Debtor, then I'll

14 deal with them, but I'm not going to deal with them today.

15 This is just for me, status.  I want to know what's going

16 on.  I hear what you're saying.

17          And then is there a hearing in the State Court?

18          MS. MAZGANI:  Yes, your Honor.  There --

19          THE COURT:  And what is --

20          MS. MAZGANI:  There is a hearing set for March

21 19th in which --

22          THE COURT:  Okay.

23          MS. MAZGANI:  -- Mr. Moda has asked the State

24 Court to unstay the stay that's been put in place by --

25          THE COURT:  Okay.  All right.
```

10

1          MS. MAZGANI:  -- this Court.  I don't know what's

2   going to happen there, but I would -- I would assume that

3   that would be a violation of the bankruptcy stay.

4          THE COURT:  I assume you -- you would think that.

5   I'm not -- I'm not ruling on it at this point.  So, there's

6   really nothing more for me today.  I just want to know

7   what's going on.

8          MS. MAZGANI:  So --

9          THE COURT:  That's all we're doing.  What I plan

10  on doing, as far as the adversary proceeding, that is, the

11  523 and the 727, I'm just going to continue that along with

12  the status conference on the case, because clearly the case

13  that -- the case is all about that, as I've indicated from

14  day one.  As I've indicated before, it has to be a final

15  order of the Superior Court, but, yes, I understand.

16         Any other things -- again, you may be filing

17  something.  Mr. Moda may be filing something, has filed

18  something.  I don't want to get into what.  I just want to

19  know what's happening.

20         MS. MAZGANI:  That -- that is, but, your Honor,

21  isn't the purpose of status conferences in order for you as

22  the Judge to be able to look at what is going on in the case

23  and looking at the conduct of the Debtor and any of the

24  creditors to make sure that the case is going forward

25  expeditiously without the loss of, you know --

11

```
 1          THE COURT:  Well, that's --
 2          MS. MAZGANI:  -- unnecessary --
 3          THE COURT:  -- correct.
 4          MS. MAZGANI:  -- attorneys' fees?
 5          THE COURT:  But I'm not going to make any ruling.
 6  You would like me to no doubt rule that they're doing
 7  something improper.  And, if you feel that way, then you
 8  will have to file something.
 9          MS. MAZGANI:  Okay, your Honor.
10          THE COURT:  That's it.
11          MS. MAZGANI:  I'll file something.
12          THE COURT:  Yeah, I know, but that -- I think that
13  counsel knows, but the status is -- yes, the status is not
14  unimportant.  I like to know what's going on, but as far as
15  what you -- the parties will act on what's going on.  I will
16  -- I will hear them.  I know there's a -- we have in April
17  the -- I've glanced at it, literally just who filed it and
18  what -- and, but I haven't read it.  So, that's by my -- I
19  don't know.
20          Did Mr. Bhola file that as your attorney or did
21  you?  I don't -- I honestly don't remember.
22          MR. MODA:  The motion for the sanctions are before
23  the Court on April 2nd.  The complete --
24          THE COURT:  Who filed?  That's my question.
25  Simple.
```

12

```
 1            MR. MODA:  Oh, it was Mr. Bhola.
 2            THE COURT:  Okay.  That's all I wanted to know.
 3  Okay.  Then I'm going to give you a date right now for the
 4  continuance, for the next status conference, about probably
 5  sometime in late May or June, same as this, just to find out
 6  what's the status.  And at some point, what -- what is -- by
 7  the way, far as the appeal, I -- is that -- I just don't
 8  remember.  Somebody made some comment about it, that all the
 9  arguments have been made.  Is that it?  I just don't
10  remember.
11            MR. MODA:  Your Honor, there was a motion --
12            THE COURT:  Yes?
13            MR. MODA:  -- a motion that was brought to your
14  attention in complete transparency that was filed with --
15            THE COURT:  Just tell me what's -- what are you
16  talking about?
17            MR. MODA:  The motion has been filed before the
18  Court of Appeals --
19            THE COURT:  Yeah.
20            MR. MODA:  -- to dismiss the appeal for lack of
21  leave.
22            THE COURT:  Okay.  All right.  All right.  Do --
23            MR. SELTH:  It has not been briefed yet.
24            THE COURT:  Okay.
25            MR. MODA:  It has been briefed.
```

13

```
 1              MR. SELTH:  No, the appeals --
 2              THE COURT:  What about -- what about -- let me
 3   stop you.
 4              MR. SELTH:  The appeals.
 5              THE COURT:  What about the merits of the appeal?
 6              MR. MODA:  It has not been -- the record is
 7   incomplete.
 8              MR. SELTH:  It's not been briefed.
 9              THE COURT:  Okay.  Well, all right.  All right.
10   Then it's going to be a while.  Okay.  All right.
11              MR. MODA:  Not if they dismiss it.
12              THE COURT:  Well, whatever.  I -- I know what you
13   want.  I know what they want.  So, no sense repeating that.
14              Do we have a date for the continued status
15   conference?
16              THE CLERK:  We have June 4th at 10:00.
17              THE COURT:  Okay.  I'm going to continue the
18   status conference on both the adversary proceeding as well
19   as the -- as the case itself to June 4th at 10:00, but I
20   will see you I guess next week on this -- on this contempt
21   citation.
22              MS. MAZGANI:  Okay, your Honor.  Thank you so
23   much.
24              MR. MODA:  Thank you, your Honor.
25              MR. SELTH:  Thank you, your Honor.
```

                                                                        14

1            THE COURT:  Okay.  Thank you.

2        (Proceedings concluded.)

3

4            I certify that the foregoing is a correct

5  transcript from the electronic sound recording of the

6  proceedings in the above-entitled matter.

7

8  /s/Jordan Keilty                    10/2/2024
   Transcriber                         Dates
9

10 FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

11

12 /s/L.L. Francisco
   L.L. Francisco, President
13 Echo Reporting, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT G

ER-833

```
 1                  UNITED STATES BANKRUPTCY COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3                            --oOo--

 4  In Re:                        )  Case No. 2:19-bk-21655-BR
                                  )
 5  MAHVASH MAZGANI,              )  Chapter 11
                                  )
 6          Debtor.               )  Los Angeles, California
    _____)  Tuesday, August 6, 2024
 7                                )  10:00 a.m.
    MODA,                         )
 8                                )
            Plaintiff,            )
 9                                )
    vs.                           )  No. 2:20-ap-01637-BR
10                                )
    MAZGANI,                      )
11                                )
            Defendant.            )
12  _____)

13                                CONT'D STATUS CONFERENCE RE
                                  SUBCHAPTER V CHAPTER 11 CASE
14
                                  ORDER TO SHOW CAUSE WHY
15                                ADDITIONAL PUNITIVE MEASURES
                                  SHOULD NOT BE IMPOSED ON KEVIN
16                                MODA FOR HIS FAILURE TO
                                  REMEDIATE HIS ACTIONS TAKEN IN
17                                VIOLATION OF THE AUTOMATIC
                                  STAY
18
                                  CONT'D HRG. RE DEBTOR'S MOTION
19                                FOR ORDER DISALLOWING CLAIM
                                  NO. 15
20
                                  HRG. RE DEBTOR'S MOTION FOR
21                                DAMAGES AND SANCTIONS AGAINST
                                  KEVIN MODA AND VIP BHOLA FOR
22                                FILING OF FRIVOLOUS MOTION TO
                                  CONVERT OR DISMISS CASE
23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

ii

```
 1                              ORDER TO SHOW CAUSE WHY
                                COMPLAINT SHOULD NOT BE
 2                              DISMISSED FOR PLAINTIFF'S
                                FAILURE TO ATTEND STATUS
 3                              CONFERENCE

 4                              CONT'D STATUS CONFERENCE RE
                                COMPLAINT FOR:
 5                              NONDISCHARGEABILITY OF DEBT
                                PURSUANT TO:
 6                              11 U.S.C. SECTION 523(A)(2)(A)
                                11 U.S.C. SECTION 523(A)(4)
 7                              11 U.S.C. SECTION 523(A)(6)

 8                              DENIAL OF DISCHARGE PURSUANT
                                TO:
 9                              11 U.S.C. SECTION 727(A)(2)
                                11 U.S.C. SECTION 727(A)(3)
10                              11 U.S.C. SECTION 727(A)(4)

11                 TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE BARRY RUSSELL
12             UNITED STATES BANKRUPTCY JUDGE

13
     APPEARANCES:
14
     For the Debtor:           JAMES R. SELTH, ESQ.
15                             Weintraub Zolkin Talerico
                                 & Selth, LLP
16                             11766 Wilshire Boulevard
                               Suite 450
17                             Los Angeles, California 90025
                               (310) 207-1494
18
                               NAZANIN MAZGANI, ESQ.
19                             Law Offices of Nazanin Mazgani
                               10954 Massachusetts Avenue
20                             Los Angeles, California 90024
                               (424) 256-0095
21
     Subchapter V Trustee:     GREG JONES, ESQ.
22                             Stradling, Yocca, Carlson &
                                 Rauth
23                             10100 North Santa Monica
                                 Boulevard
24                             Suite 1400
                               Los Angeles, California 90067
25                             (424) 214-7044
```

```
                                                              iii

 1 APPEARANCES:  (Con'd.)

 2 For Kevin Moda:              KEVIN MODA, Pro Se
                                18324 Clark Street
 3                              Suite 324
                                Tarzana, California 91356
 4
   Court Recorder:             Wanda Toliver
 5                              United States Bankruptcy Court
                                Edward R. Roybal Federal
 6                                Building
                                255 East Temple Street
 7                              Los Angeles, California 90012

 8 Transcriber:               Jordan Keilty
                                Echo Reporting, Inc.
 9                              9711 Cactus Street, Suite B
                                Lakeside, California 92040
10                              (858) 453-7590

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

1   LOS ANGELES, CALIFORNIA TUESDAY, AUGUST 6, 2024 10:00 A.M.

2                            --oOo--

3       (Call to order of the Court.)

4            THE CLERK:  Mazgani.

5            MR. SELTH:  Good morning, your Honor.  James Selth

6   on behalf of the Debtor on all -- all matters.

7            MS. MAZGANI:  Good morning, your Honor.  Nazanin

8   Mazgani appearing on behalf of Mahvash Mazgani in the

9   adversary proceeding.

10           THE COURT:  All right.

11           MR. JONES:  Good morning, your Honor.  Greg Jones,

12   Subchapter V Trustee.

13           THE COURT:  I was going to ask you, Mr. Jones,

14   you're here for a couple of things.  But, anyway, anything

15   to say about all this, a number of things?

16           MR. JONES:  There's -- there's a number of things

17   going on, and I think just the -- the lack of response to

18   the prior orders of this Court is troubling.  I mean, I

19   think I'm understating it there.  So --

20           THE COURT:  You're definitely right.  We did get,

21   by the way -- I, of course, never speak to people on the

22   phone about the case.  My staff got a call from Mr. Bhola,

23   had a very interesting conversation.  He related that --

24   that -- I'm not sure he really understands what's happening

25   on calendar, but he says he's no longer counsel.  There's

2

1   new counsel.  And, again, that was related, hearsay

2   obviously, from my -- from my staff, and that he doesn't

3   plan on coming.  I'm not sure he understands that he is a

4   party in one of these matters, and then he said and possibly

5   that Mr. Moda might be late because he thinks he's a later

6   time, but that's -- that's double hearsay.  In any case,

7   he's not here, and we are here.

8        I will -- want to make a comment why the motion --

9   the OSC regarding the -- as far as the nondischargeability,

10  it was that OSC.  The problem is that wasn't served on Mr.

11  Moda.  Do you understand -- why don't you come to the podium

12  -- why don't you come to the podium.  That was the -- that

13  was the OSC regarding your case.

14     (Pause to confer.)

15        THE COURT:  Yes.  Yes, why don't you come to the

16  podium.  Yeah.  We have our record here.  So, Mr. Moda

17  represents himself in that, right?  It should not be a

18  problem for him, but he represents himself, and he was never

19  served with that OSC, at least our record.  You are

20  required, as you know, to file a -- a proof of service.  And

21  at least as far as that, I'm amazed because that's what

22  really this case is all about quite frankly is the -- is the

23  -- is the nondischargeability complaint by Mr. Moda.  I was

24  rather amazed that he didn't respond, but now I realize

25  probably why, although he's not here.

3

```
 1              You don't have a proof of service, do you?
 2              MS. MAZGANI:  No, your Honor.  I don't have -- I
 3    don't have anything with me at the moment unfortunately.
 4              THE COURT:  Well, we don't have any record of it.
 5    So -- so, that -- the question is I'm -- I'm -- I was
 6    startled, quite frankly since this is what this case is all
 7    about, that you -- you didn't serve it.
 8              So, Stacey, what do you suggest we do?  Far as he
 9    -- the -- the OSC, the grounds for it is pretty clear.
10    So --
11              THE CLERK:  You can give her a new date, and she
12    has to --
13              THE COURT:  I think the only --
14              THE CLERK:  -- give notice.
15              THE COURT:  The only way to do it is give you a
16    new date and make sure you actually serve him.  You did
17    serve notice of -- of -- that he didn't respond on him, but
18    that's a bit -- a bit --
19              MS. MAZGANI:  Yes, your Honor.  I guess I -- I
20    guess I --
21              THE COURT:  You missed the --
22              MS. MAZGANI:  I --
23              THE COURT:  -- missed the big game, namely, filing
24    -- actually serving the OSC in the first place, which I'd be
25    startled if he didn't -- he hasn't responded to a lot of
```

4

 1  things, but that one's about what this case is all about

 2  from his standpoint, the -- the nondischargeability

 3  complaint, but, in any case, so I'll continue --

 4          THE CLERK:  So, she's going to have to -- do you

 5  want her to do a new order, because --

 6          THE COURT:  I think I -- I think I'm going to have

 7  to start with a -- a new order.

 8          THE CLERK:  Yeah.  That might be --

 9          THE COURT:  But -- and I will -- we will -- in

10  that we will just set a -- we will set a date.  Can you tell

11  them the date right now?

12          THE CLERK:  So, just have her upload a new order?

13          THE COURT:  Yeah.

14          THE CLERK:  And then --

15          THE COURT:  Do you have -- do you have the

16  original order, the original OSC?

17          MS. MAZGANI:  Yes, your Honor.

18          THE COURT:  Why don't you -- and I'll give you a

19  date right now for it, but I think we're going to have to

20  start from scratch, a new -- a new order with a new date,

21  and then hopefully you'll serve that one, and we'll -- I

22  assume that he's going to respond, but in any case, do we

23  have a date for that?

24          THE CLERK:  You want to do a date in September?

25          THE COURT:  Okay.

*Echo Reporting, Inc.*

**ER-840**

5

1          THE CLERK:  We can do September 24th at 10:00.

2          THE COURT:  Okay.  So, you have to -- have to --

3          MS. MAZGANI:  That's fine.

4          THE COURT:  -- get that done hopefully today or

5 tomorrow at the latest.  So -- I'm sorry.  September?

6          THE CLERK:  24th at 10:00.

7          THE COURT:  Okay.  So, what number is that on the

8 calender?

9          THE CLERK:  This --

10          THE COURT:  I'm not really continuing it.  I'm

11 just --

12          THE CLERK:  Doing a new order.

13          THE COURT:  I guess that I -- I guess -- well, I'm

14 not sure how the record will look.  I'm stating on the

15 record that he didn't get proper service.  So, we're just

16 setting a new date.  I guess that -- is that all we need for

17 the record, Stacey?

18          THE CLERK:  Yeah.  And then she has to put when

19 the response date is and all that stuff.

20          MS. MAZGANI:  I -- I'm sorry, Stacey.  I couldn't

21 hear.

22          THE CLERK:  You'll have to do what's on calendar

23 -- an OSC was on calendar, and then do when the response is

24 due, written opposition.

25          MS. MAZGANI:  Okay.  So, say that this is being

6

1  trailed over to the 24th for non-service?

2          THE COURT:  No.  We're setting a new -- a new --

3          MS. MAZGANI:  It's a new order?  Okay.

4          THE COURT:  It's going to be a new order.

5          MS. MAZGANI:  New order.  Okay.

6          THE COURT:  So, I'm not really --

7          MS. MAZGANI:  Okay.

8          THE COURT:  I'm not really denying it or doing

9  anything with it, but it's one of the oddball things, and

10 I'm not doing anything on the merits of it.  So, if you have

11 any questions after court, you might want to -- want to talk

12 to Stacey here to make sure that you actually get it right.

13         THE CLERK:  I think it's number --

14         THE COURT:  Okay.  So, that's that one --

15         THE CLERK:  -- Number 16 on the calendar.

16         THE COURT:  The next one on the calendar is what

17 -- what number is it?

18         THE CLERK:  That was Number 16.

19         THE COURT:  That was 16.  Then there's also --

20         THE CLERK:  Then you have --

21         THE COURT:  -- your matter, right?

22         MR. SELTH:  Whichever one you're calling, your

23 Honor.

24         THE COURT:  Well, what number on the calendar?  I

25 got lost.

7

```
 1              THE CLERK:  Okay.  So, what you have --
 2              THE COURT:  What numbers are these?
 3              THE CLERK:  It starts with Number 14.
 4              THE COURT:  Okay.  14 is the --
 5              THE CLERK:  I mean -- I'm sorry.
 6              MR. SELTH:  13.
 7              THE CLERK:  13.
 8              THE COURT:  13.
 9              THE CLERK:  Number 13.
10              MR. SELTH:  13 is the order to show cause re
11  additional punitive measures.
12              THE COURT:  That's right.
13              MR. SELTH:  That was served.
14              THE COURT:  All right.  That -- that was from the
15  last time you and I were here.
16              MR. SELTH:  Right.  And that was served.  I hope
17  you have the proof of service on that one.
18              THE COURT:  Oh, yes, we have the proof of service
19  on that, and the -- and that was -- well, maybe that was
20  just on -- was that just on Mr. Moda?
21              THE CLERK:  This one is just --
22              MR. SELTH:  This particular one is just on Mr.
23  Moda.
24              THE COURT:  Yeah.  Okay.  This particular one.
25  And you have no response, and you have the proof of service
```

8

1  and --

2          MR. SELTH:  No contact at all.

3          THE COURT:  -- he's -- he's not here.  So, why

4  don't you state for the record -- I know what it is, but

5  just state on the record exactly what you're asking for.

6          MR. SELTH:  We're asking that he be ordered

7  incarcerated until he purges himself of his contempt.

8          THE COURT:  Well --

9          MR. SELTH:  And not -- I'm not talking about

10  payment of sanctions.  I'm talking about the different

11  elements that were set forth that he was ordered to do, the

12  five elements that are set forth in the -- in your order to

13  show cause entered on June 4th.

14          THE COURT:  And, in addition to that, you're

15  asking for money as well I assume?

16          MR. SELTH:  Well, that -- on this particular --

17  yes, he's -- I mean, the sanctions are up to 100 and --

18  whatever it is now, but the monetary sanctions should be --

19  he's in contempt for not paying the sanctions, but I don't

20  believe --

21          THE COURT:  He's simply not going to pay them.

22          MR. SELTH:  Pardon?

23          THE COURT:  He has simply made no --

24          MR. SELTH:  No, he said he's not going to pay

25  them.

9

1          THE COURT:   -- no effort.

2          MR. SELTH:   And, while it would be very nice to

3  have the sanctions paid, we're more concerned with the

4  actual actions that he can take and that he must be ordered

5  -- that he has been ordered to take and he was ordered to

6  pay -- to do that months ago, and he hasn't done any of

7  those things.  And, in fact, as you can see from my status

8  report, he's continued to double down.  He threatened the

9  Debtor's property, the person that she tried to use to lease

10 out an apartment.  He collected rent from another tenant for

11 three months.  He collected the rent, because I -- I think I

12 attached a --

13         THE COURT:  Yes, you did.

14         MR. SELTH:  -- copy of that.  So, not only has he

15 -- has he not done the five actions that the Court ordered

16 him to do in the original order of contempt, he has

17 continued to do more things.  And, of course, he hasn't paid

18 the sanctions either.

19         THE COURT:  Well, on this particular one, he -- he

20 hasn't shown up, but I may -- just to be real sure, have you

21 checked with -- I know there are procedures, of course, in

22 order to actually enforce that.  I know we always -- you

23 know the answer.  You always have to contact the -- the

24 Marshals Office to make sure what -- you know, what they

25 need, and I guess you -- have you done that already?

10

1          MR. SELTH:  No, your Honor.  I have not taken any

2   steps until this Court issued and entered its order.

3          THE COURT:  Well, I haven't decided what to do,

4   but if I do order it, the people that enforce it, of course,

5   are the Marshals Office, and I've done this a couple of

6   times in the past, but you have to check with them to make

7   sure the order complies with what they need --

8          MR. SELTH:  Okay.

9          THE COURT:  -- for protecting them and so forth,

10  and then -- and they -- it's a -- you just have to check

11  with them.  It's fairly standard if you've done it before,

12  but you do have to check with them to make sure that you

13  have everything that they need in order to actually comply.

14     The -- let me do this.  Is that -- what else is on

15  calendar?

16          MR. SELTH:  They have -- we have the motion for

17  sanctions against Mr. Moda and Mr. Bhola for the --

18          THE COURT:  Yeah, that was the one I --

19          MR. SELTH:  -- for the --

20          THE COURT:  -- I thought we were referring to

21  as --

22          MR. SELTH:  -- for the frivolous motion.

23          THE COURT:  -- opposed to -- as opposed to this

24  one.

25          MR. SELTH:  Yeah.

*Echo Reporting, Inc.*

**ER-846**

11

1          THE COURT:  That is number --

2          THE CLERK:  15.

3      (Pause.)

4          MR. SELTH:  Yes, that's Number 15.  No opposition

5  was filed for that either.

6          THE COURT:  Yeah, that's Number 15, and that one

7  surprised me because, again, my -- my staff informed me that

8  he said he's not going to show up because he doesn't have

9  counsel, and I was told by -- for today here that we had --

10  I reminded him that he was a party to that, and I guess that

11  managed to slip his mind, but, again, for the record, what

12  are you asking for there?

13          MR. SELTH:  We're asking for monetary sanctions

14  for filing the fifth -- his fifth motion to convert which

15  this Court deemed as frivolous.

16          THE COURT:  Right.

17          MR. SELTH:  Having -- you know, as your Honor

18  may --

19          THE COURT:  And the amount of money you're asking

20  for?

21          MR. SELTH:  I -- I did not submit a declaration

22  yet because -- through -- through today's hearing.  I'm glad

23  to do so, so --

24          THE COURT:  Okay.  Yes.  Well, I am -- well, yeah,

25  I thought you would have done that before, but that's okay.

12

1  I'm not faulting you, but -- but yes --

2          MR. SELTH:  I was -- you never know what --

3          THE COURT:  -- he's clear -- he's clearly -- he's

4  clearly warranting sanctions.  It's not the first time or

5  last time.  I would like to ask Mr. Bhola to be here because

6  he has something to lose.  I don't know about his financial

7  situation, but at some point when this is all done, are you

8  reporting these to the --

9          MR. SELTH:  Your Honor --

10         THE COURT:  -- District Court and -- and to the

11 State Bar?  They should be aware of all this.  I -- I am,

12 quite frankly, astounded by his -- his conduct.

13         I will mention this.  It occurred to me as far as

14 Mr. Bhola is concerned, to report him to our -- we have a

15 disciplinary procedure, and only a judge can do it, but

16 that's a moot point because he's not a bankruptcy lawyer.

17 So, all it would be is the sanction would be that he can't

18 appear for a certain period of time in the Bankruptcy Court.

19 But he doesn't do it anyway.  That's -- so, but -- but I

20 want to remind you -- I don't know what else he does as far

21 as practice of law in the State Court, Federal Court.  Do

22 you know if he does anything?

23         MR. SELTH:  He -- he does State Court  litigation.

24 I did a -- your Honor, as you know, there's a pending

25 sanctions order that's increasing by $1,000 a day that's --

*Echo Reporting, Inc.*

**ER-848**

13

```
 1              THE COURT:  Well, right.  I --
 2              MR. SELTH:  It's up to like $186,000.
 3              THE COURT:  Right.  It's -- it's a huge number,
 4  but I'm -- he doesn't seem to care.
 5              MR. SELTH:  And I recorded a lien on his home, and
 6  the last I heard, he didn't have the money to -- to
 7  refinance and pay off the -- the sanctions order, and I was
 8  told that he might -- the house was then going to go into
 9  foreclosure.  It's like --
10              THE COURT:  That -- I -- it's unfortunate to hear
11  that, but I figure from your standpoint you'd be doing
12  things, but he -- the -- does he do federal practice all,
13  are you aware of?
14              MR. SELTH:  Only -- so, I actually did a Lexus
15  search to see what kind of cases he had.  I would say half
16  of his cases were either for Mr. Moda or Moda related
17  entities.  His District Court matters, which are the
18  appeals --
19              THE COURT:  Well, of course, it would be, yes.
20              MR. SELTH:  -- they're all for Mr. --
21              THE COURT:  Well, because you do -- again, I'm not
22  suggesting what you do or not do, but there is a procedure
23  in the District Court which anybody can -- can complaint
24  there, and then they have a separate panel as much as we do
25  here, but that's -- could be for anything, but that would
```

14

1 probably be a waste of time if he doesn't -- I'm not

2 suggesting you do it or not, but the federal practice, it

3 wouldn't make a difference, but -- but --

4          MR. SELTH:  And I -- I don't know if I mentioned

5 this before.  I was contacted by an investigator for the

6 State Bar based on the first sanctions order that your Honor

7 issued against him.

8          THE COURT:  And I assume you've been sending those

9 to the State Bar.  I don't know, because I don't keep track

10 of this stuff, but -- but over $1,000 I believe -- I'm not

11 sure if the number's still the same -- you have to report it

12 to the State Bar, and I don't know if he has been or not,

13 but --

14          MR. SELTH:  They're aware of it.

15          THE COURT:  Excuse me?

16          MR. SELTH:  They're aware of it.

17          THE COURT:  No, no.  I mean from him.  He's

18 required to -- to do it.

19          Well, okay.  Then I'll have to -- what I'm going

20 to do is I'll continue this hearing at least as far as the

21 matter before me to -- how long will it take you to

22 substantiate the amount of time you spent?

23          MR. SELTH:  Well, I can get a declaration filed

24 within 48 hours.

25          THE COURT:  All right.

15

```
 1              MR. SELTH:  Now that today's concluded.
 2              THE COURT:  Okay.  Maybe about 30 days from now,
 3  something like that?
 4              THE CLERK:  Well, we could do --
 5              MR. SELTH:  We can do the same date.
 6              THE CLERK:  -- the September 24.
 7              THE COURT:  Oh, wait, wait.  Well, we also --
 8  right.  We also have this other matter.  Maybe I'll continue
 9  it to that same date too, maybe 60 days.
10              MR. SELTH:  What other matter?
11              THE COURT:  Well, the -- the -- the OSC regarding
12  the -- not that you're involved, the --
13              MR. SELTH:  Oh, the adversary?
14              THE COURT:  Yeah, right.  Rather -- there's no --
15  I doubt there'll be any rush because he hasn't responded to
16  the others anyway, but do we have something?  Do they --
17              THE CLERK:  Judge, you did her OSC to September
18  24.
19              THE COURT:  Okay.  All right.
20              THE CLERK:  Do you want me to do that?
21              THE COURT:  The same -- maybe the same date.
22              MR. SELTH:  Okay.  So, I will -- I will file a
23  declaration, and there'll be a final hearing on the amount
24  of sanctions to be ordered, and that will be on September
25  24th.
```

16

```
 1              THE COURT:  All right.  Okay.  And let me do --
 2  I'm going to take a brief recess and see if Mr. Moda makes
 3  an appearance.  The only basis for that would be Mr. Bhola
 4  saying he's going to -- that Mr. Moda thought it was 10:30.
 5  But, in view of the seriousness of -- of what I'm about to
 6  order, let me take a brief recess.
 7              Excuse me.  Before we do that, Stacey.
 8        (Pause to confer with clerk.)
 9              THE COURT:  Oh, we still have a -- I forgot.  You
10  always keep me out of trouble.  As far as the status on the
11  Chapter 11 case which --
12              THE CLERK:  And then this was trailing the
13  objection to the claim.
14              THE COURT:  Yeah.  And also -- that's right, and
15  the objection to the claim, which, of course, is based
16  obviously on the outcome of the State Court action.
17              THE CLERK:  And then what do you --
18              THE COURT:  That is the claim by -- by Mr. Moda.
19              MR. SELTH:  Mr. Kapp.
20              THE COURT:  Excuse me?
21              MR. SELTH:  The claim by Mr. Kapp.
22              THE CLERK:  Right.
23              THE COURT:  Oh, now, I'm sorry.
24              THE CLERK:  Mr. Kapp.
25              THE COURT:  Mr. Kapp.  There's too many things.
```

17

1   You're absolutely right.  That -- that I can't imagine that

2   ever actually -- because I don't think either side wants to

3   be -- spend the time and effort to --

4           MR. SELTH:  Not at this --

5           THE COURT:  -- actually have --

6           MR. SELTH:  Not at this stage of the case.

7           THE COURT:  -- to have a hearing on it, but I

8   don't know that.  But you're right.  There was -- there was

9   that one.

10          THE CLERK:  Then the adversary, are you going to

11  continue that to September 24th at 10:00?

12          THE COURT:  And the same thing with the adversary

13  proceeding.

14          MR. SELTH:  So, the Chapter 11 status conference,

15  I mean --

16          THE COURT:  We're just going to -- that just keeps

17  trailing.  Quite frankly --

18          MR. SELTH:  There's -- I mean --

19          THE COURT:  -- until -- until the State Court

20  action either becomes -- if that -- once that becomes final,

21  it's pretty clear that's not going to be much -- there won't

22  be any case left.

23          MR. SELTH:  I guess I would ask that that status

24  conference, the Chapter 11 and the Kapp status conferences

25  maybe be pushed out a little further than September 24th

18

1 because it's just a new status report every time, basically

2 saying the same --

3          THE COURT:  Well, what I'm going to -- you know

4 what I'm going to do.  Rather than change the date, I'm not

5 going to require a -- a further status report on either of

6 those.  You can report those at the time of the hearing.  I

7 suspect I will -- I will know about that.

8          Well, Mr. Moda, well, you just appeared.  This was

9 a 10:00 o'clock hearing.  I see it's 10:30.  What happened?

10          MR. MODA:  My apologies.  I was told it was at

11 10:30.

12          THE COURT:  You what?

13          MR. MODA:  I was told it was at 10:30.

14          THE COURT:  Well, you get the papers, don't you?

15          MR. MODA:  I get them from counsel who -- and I

16 fired counsel.

17          THE COURT:  Yeah.  Why don't you -- why don't you

18 come to the lectern, because you -- you have not responded

19 to a very serious OSC.  Any -- any response?  I'm talking

20 about one that you -- you keep doing what you're doing as

21 far as your -- your -- the violation of -- of the Court

22 orders, and -- and the -- the Debtor's counsel is asking you

23 to be incarcerated because you simply -- obviously the money

24 hasn't -- sanctions haven't stopped you.  The sanctions are

25 what, almost a couple hundred thousand dollars now?  Are you

19

 1  keep -- are you keeping track of that?

 2          MR. MODA:  Uh -- quite candidly, your Honor --

 3          THE COURT:  No.  I'm asking you, you realize that

 4  I don't -- I -- Mr. --

 5          MR. MODA:  I --

 6          THE COURT:  -- Selth --

 7          MR. MODA:  I can address that in this way, and --

 8          THE COURT:  Well, there are no appeals pending on

 9  that, are there?

10          MR. MODA:  I believe there are, but that's beside

11  the point.  I -- I recognize that sometimes things are above

12  my head, and things need to be addressed by people of

13  appropriate stature with the Court.

14          THE COURT:  I don't know what you just said.  Are

15  you talking about appeals?  What are you talking about,

16  appropriate stature with the Court?  I -- I hear what you

17  said.  I have no idea what -- what that means.

18          MR. MODA:  Well, someone other than me.

19          THE COURT:  Well -- well, the fact is did you file

20  a response to the OSC by Mr. Selth, by the Debtor?

21          MR. MODA:  Which -- which OSC, your Honor?

22          THE COURT:  Well, I'm talking -- well, I already

23  -- by the way, I know you -- I -- the court records indicate

24  the one dealing with a complaint you were not served with

25  that.  That is --

20

1          MR. MODA:  I apologize.  I -- please.

2          THE COURT:  No, there are two -- there are a

3   couple of OSC's today.  One was by the Debtor's attorney.

4   On that one, their daughter was -- did you get that?

5          MR. MODA:  No, I did not.

6          THE COURT:  Okay.  Well, I know you didn't.  At

7   least the -- and I have continued that.  I'll give you a

8   date right now.  What is that again?

9          THE CLERK:  It's September 24th at 10:00.

10         THE COURT:  September 24th at 10:00, that is a

11  motion that you'll -- you'll get a copy of it, to dismiss

12  the -- the -- what this case from your standpoint, in

13  addition to your claim, is all about, namely, your

14  nondischargeability complaint against the Debtor.  There's

15  an order to show cause why that should not be dismissed, and

16  I was very surprised you didn't respond to that because

17  that's really a great part of what this case is about, but

18  you didn't get it.  You weren't served with it.  So, that

19  one, that's -- that is the new date I just told you.  You'll

20  get served with that.

21         But the other one by Mr. Selth there was an OSC

22  asking you to be incarcerated because you keep -- you keep

23  -- did you respond to that one?

24         MR. MODA:  Your Honor, that's what I was

25  addressing.

*Echo Reporting, Inc.*

**ER-856**

21

 1          THE COURT:  No, no.  Did you -- did you -- and,

 2    Mr. Selth, did he respond?

 3          MR. SELTH:  No response.

 4          THE COURT:  I know the answer.  It's a rhetorical

 5    question.  You haven't responded to it, which tells me -- I

 6    -- I have no idea what your finances are, Mr. Moda, but now

 7    I haven't kept track, but Mr. Selth tells me it's $1,000 a

 8    day.  It's probably close to, you know, a couple of hundred

 9    thousand dollars.  It's clear you have no intention to pay

10    that.  You also have -- you keep violating the -- you did

11    read rather straightforward order by the District Court

12    Judge hearing the appeal here basically -- basically saying

13    you were all wrong on all your theories.  You saw that I

14    assume.

15          MR. MODA:  I did.

16          THE COURT:  Right.  And yet you still, according

17    to the papers before me under penalty, you are still

18    violating my orders, and so --

19          MR. MODA:  I -- I don't -- your Honor, I -- your

20    orders to apologize to tenants --

21          THE COURT:  No.  I'm not going to go through --

22    you know exactly what the orders were.

23          MR. MODA:  And to that, your Honor --

24          THE COURT:  You've --

25          MR. MODA:  -- I just ask this.  I've retained

22

1   Duane Morris to represent me, and they've asked for a brief

2   continuance to address all the issues.

3          THE COURT:  Well, Mr. Moda, I'm not going to do

4   that.  What I am going to do is you -- you're a bright guy,

5   you know.  You haven't followed orders, but you are a smart

6   guy, and I've been amazed, quite frankly, of the status of

7   this case.  You know, the higher Court has ruled, and -- so,

8   I -- no, I am going to -- it's not going to be today, but I

9   am going to -- I am going to grant their request that you be

10  incarcerated until you comply with the order.  This is not

11  -- you -- you simply refuse to -- to -- you keep -- in fact,

12  why don't you have just a seat just a second.  I guess for

13  the record -- why don't you have a seat, Mr. Moda, right

14  there.

15         Why don't you come -- just for the record, I've

16  read all the papers.  Just so the record's clear, what --

17  what your OSC is -- is asking for, Mr. Moda was served with

18  it.  I'm sure he knows that.  I know it.  But I want you to

19  just state in summary what it -- what you've alleged.

20         MR. SELTH:  What this -- okay.  This Court entered

21  an order on March 20 holding Mr. Moda in contempt for a

22  violation of an automatic stay and ordered him to reverse

23  and remediate the following actions no later than 12:00 noon

24  on March 25th.

25         THE COURT:  Right.

23

1          MR. SELTH:  Specifically, one, record a recision
2  of the grant deed recorded on February 26 for one of the
3  properties.

4          THE COURT:  Right.

5          MR. SELTH:  Number two, record a recision of the
6  grant deed recorded on February 26 for the second property.

7          THE COURT:  Right.

8          MR. SELTH:  Three, deliver to each of Debtor's
9  tenants at the Massachusetts Avenue property a written
10  notice canceling and rescinding the "Notice of Ownership
11  Change".

12          (d) Deliver to each of Debtor's tenants residing
13  at the Massachusetts Avenue property a written notice
14  canceling and rescinding the three-day notice to pay rent or
15  quit.

16          (e) Delivering to each of Debtor's tenants a
17  written notice canceling and rescinding notice to tenants
18  and trespassers.

19          The Court ordered that if those -- proof of those
20  remedial actions were not provided to the Court and Debtor's
21  counsel by 12:00 noon on March 25th, then Mr. Moda is
22  ordered to pay sanctions of $1,000 a day to our -- my office
23  from and after March 25th, 2024 until proof of all the
24  remedial actions is provided.

25          And, finally, the contempt order provided that the

24

1  failure of Mr. Moda to provide proof of the remedial actions

2  set forth above and/or pay the sanctions set forth above may

3  result in additional punitive measures to be determined by

4  the Court.

5          THE COURT:  Right.

6          MR. SELTH:  As I stated before Mr. Moda arrived,

7  none of the remedial actions have been performed.

8          THE COURT:  With the exception -- and I don't

9  know, Mr. Moda, if you have the ability to pay -- with the

10 exception of coming up with the -- the money, which is not

11 important, all the others are very simple.  They could --

12 they could be done today.  They could have -- this was back

13 in early March.  And, so, I'm not going to ask to hear

14 anything further from you.  You've asked for a continuance.

15 I'm not going to grant a continuance.  This is blatantly a

16 problem.  You've appealed to the District Court, and

17 whatever the District Court or higher courts say are fine

18 with me.  You basically have done nothing.

19         So, it's not going to be today, although we do

20 have a Court Security Officer.  I'm not going to have you

21 arrested, incarcerated today.  However, I am going to -- you

22 will prepare an order to that effect.

23         Before you came, Mr. Moda, I asked whenever --

24 whenever the U.S. Marshals are ordered to -- to do anything,

25 I always make sure that it's in compliance with their needs

25

1 and their regulations.  And, so, he's going to check, and --

2 and he's going to prepare an order to -- that is in effect,

3 and then we will see.  That's not going to be today, but,

4 Mr. Moda, you say you have new counsel.  The facts are

5 pretty clear.  That's why I made it clear I -- I wrote that

6 -- or I signed that order.

7          So, just so you know, that's what's going to

8 happen.  You are -- the moment of truth is for you.  You

9 have other counsel, but the facts are with the possible

10 exception of your ability to pay the money, which is a lot

11 of money now, all the other things you could do -- you could

12 have done in March, you could do today, you could do

13 tomorrow.

14          So, we will -- we will see.  You do, of course,

15 under the Local Rules, have seven days to object to the

16 order, but the -- I'm going to -- that's -- I'm not going to

17 hear anything further from you today.  I think you know the

18 seriousness of this, and you know there's nothing left that

19 I can do.  So, I'm not going to continue this, but you can

20 obviously get a copy of the transcript of this.

21          And, by the way, Mr. Bhola called.  I didn't speak

22 to him, of course, but spoke to my staff, and -- and said

23 that the -- that you would maybe be coming around 10:30, and

24 just so happens we had other matters, but I -- that's why I

25 waited a little to -- I didn't know if that was accurate or

26

1 not, but at the time I got the notice, we finished with the

2 others about 25 after 10:00 anyway.  But he also doesn't

3 seem to understand, if you ever talk to him again, that one

4 of these items, that is, the -- the other -- there's another

5 sanction order that -- that has been continued to, what, the

6 25th, to --

7              THE CLERK:  The 24th.

8              THE COURT:  24th of September?

9              THE CLERK:  Yes.

10              THE COURT:  At 10:00, but he'll get -- he'll get

11 notice of that.  So, he seems a little confused as well.

12 So, in any case, that -- that will conclude this hearing.

13 If you should talk to your attorney -- but there are some

14 things you -- you can certainly do between now and the time

15 I sign that order, but if you -- if you don't, unless

16 something extraordinary happens, you're going to be visited

17 by the U.S. Marshals.  So, I hope that doesn't happen, but

18 you've left me with no choice.

19              So, I'm going to -- that concludes this hearing,

20 and I'll see you back, what is it, the 24th of September on

21 the other matters?

22              THE CLERK:  Yes.

23              THE COURT:  All right.

24              THE CLERK:  At 10:00

25              THE COURT:  All right.  Talk to your attorney, Mr.

27

1  Moda.

2           MR. MODA:  I will.

3           THE COURT:  All right.

4           MR. MODA:  Thank you, your Honor.

5           THE COURT:  All right.  That concludes this

6  hearing.

7        (Proceedings concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



28

1          I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4

5    /s/Jordan Keilty                    8/7/2024
     Transcriber                         Date
6

7    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9    /s/L.L. Francisco
     L.L. Francisco, President
10   Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-864**

# EXHIBIT H

ER-865

1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                              --oOo--

4   In Re:                      )   Case No. 2:19-bk-21655-BR
                                )
5   MAHVASH MAZGANI,            )   Chapter 11
                                )
6            Debtor.            )   Los Angeles, California
    _____)   Tuesday, September 24, 2024
7                                )   10:00 a.m.
    KEVIN MODA,                 )
8                                )
             Plaintiff,         )
9                                )
    vs.                         )   Adv. No. 2:20-ap-01637-BR
10                               )
    MAHVASH MAZGANI,            )
11                               )
             Defendant.         )
12   _____)

13                              CONT'D STATUS CONFERENCE RE
                                SUBCHAPTER V CHAPTER 11 CASE
14
                                CONT'D HRG. RE DEBTOR'S
15                              DAMAGES AND SANCTIONS AGAINST
                                KEVIN MODA AND VIP BHOLA FOR
16                              FILING OF FRIVOLOUS MOTION TO
                                CONVERT OR DISMISS CASE
17
                                CONT'D HRG. RE DEBTOR'S MOTION
18                              FOR ORDER DIALLOWING CLAIM NO.
                                1 HOWARD KAPP
19
                                ORDER TO SHOW CAUSE WHY
20                              COMPLAINT SHOULD NOT BE
                                DISMISSED FOR PLAINTIFF'S
21                              FAILURE TO ATTEND STATUS
                                CONFERENCE
22
                        TRANSCRIPT OF PROCEEDINGS
23              BEFORE THE HONORABLE BARRY RUSSELL
                    UNITED STATES BANKRUPTCY JUDGE
24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.

*Echo Reporting, Inc.*

**ER-866**

```
                                                                ii

 1   APPEARANCES:

 2   For the Debtor:              JAMES R. SELTH, ESQ.
                                  Weintraub Zolkin Talerico &
 3                                  Selth LLP
                                  11766 Wilshire Boulevard
 4                                Suite 730
                                  Los Angeles, California 90025
 5                                (310) 207-1494

 6   For the Debtor:              NAZANIN MAZGANI, ESQ.
                                  Law Offices of Nazanin Mazgani
 7                                10954 Massachusetts Avenue
                                  Los Angeles, California 90024
 8                                (310) 892-0820

 9   For Creditor Kevin Moda:     VIP BHOLA, ESQ.
                                  Law Offices of Vip Bhola
10                                5429 Cahuenga Boulevard
                                  Suite 101
11                                North Hollywood, California
                                    91601
12                                (818) 347-5297

13                                FELIX T. WOO, ESQ.
                                  FTW Law Group
14                                601 South Figueroa Street
                                  Suite 1950
15                                Los Angeles, California 90017
                                  (213) 335-3960
16

17   Chapter 11 Trustee:          GREGORY K. JONES, ESQ.
                                  Stradling Yocca Carlson
18                                  & Rauth
                                  10100 Santa Monica Boulevard
19                                Suite 1400
                                  Los Angeles, California 90067
20                                (424) 214-7044

21   Court Recorder:              Wanda Toliver
                                  United States Bankruptcy Court
22                                Edward R. Roybal Federal
                                    Building
23                                255 East Temple Street
                                  Los Angeles, California 90012
24

25
```

*Echo Reporting, Inc.*

**ER-867**

iii

1  Transcriber:                    Jordan Keilty
                                   Echo Reporting, Inc.
2                                  9711 Cactus Street
                                   Suite B
3                                  Lakeside, CA 92040
                                   (858) 453-7590
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1  LOS ANGELES, CALIFORNIA  TUESDAY, SEPTEMBER 24, 2024 10:00AM

2                         --oOo--

3       (Call to order of the Court.)

4            THE CLERK:  Number 14 through 17, Mazgani.

5            MR. SELTH:  Good morning, your Honor.  James Selth

6  on behalf of the Debtor in Matters 14 through 16.

7            THE COURT:  All right.

8            MS. MAZGANI:  Good morning, your Honor.  Attorney

9  Nazanin Mazgani for Defendant Mahvash Mazgani in the

10 adversary proceeding under Number 17.

11           THE COURT:  All right.  And I see Mr. Moda here.

12 If you'd just have a seat, Mr. Moda.

13           And new -- somebody new to this case.

14           MR. WOO:  Yes.  Good morning, your Honor.  My name

15 is Felix Woo.  I filed a notice of appearance yesterday.

16 I'm appearing for Mr. Moda on Matters --

17           THE COURT:  Well, and I see your --

18           MR. WOO:  -- 14 through 17.

19           THE COURT:  -- notice of appearance, but let me

20 answer (sic) a few questions.  You're a member of this Bar I

21 assume?

22           MR. WOO:  I am.  I have been in front of your

23 Honor before.

24           THE COURT:  I know.  I know.  But I just wanted to

25 ask for the record.  Have you -- have you been retained by

*Echo Reporting, Inc.*

**ER-869**

2

1 Mr. Moda?

2          MR. WOO:  I have.

3          THE COURT:  And for what purpose?

4          MR. WOO:  Well --

5          THE COURT:  If you could --

6          MR. WOO:  -- to get him out of his pickle.

7          THE COURT:  No, no, no.  I -- no.  For you, so,

8 your notice of appearance doesn't tell me anything.  It

9 tells me you're appearing.  You have an actual written

10 retainer agreement with him?

11         MR. WOO:  I do.

12         THE COURT:  And that -- what does it say?

13         MR. WOO:  Well, it says that I'm appearing for him

14 in these matters to advise him on how to ex --

15         THE COURT:  No, that's -- well, no.  That's

16 appearing.  I'm asking you what has he retained you to do,

17 to do what?

18         MR. WOO:  Well, I can go into it if your Honor

19 wants, sure.

20         THE COURT:  No, no, I meant in the case, but not

21 -- just in the case itself, right.  That's what it says.

22         MR. WOO:  Well, it refers to both this and the

23 underlying issues, but if your Honor wants more --

24         THE COURT:  No, no.  I'm asking you specifically.

25         MR. WOO:  Sure.

3

 1          THE COURT:  You're a bankruptcy lawyer.  I know

 2 that.

 3          MR. WOO:  Okay.

 4          THE COURT:  I'm asking you very straightforward,

 5 is it just the case or have you specifically been fired for

 6 the adversary proceeding?

 7          MR. WOO:  Oh, good question.  Yes, your Honor.

 8          THE COURT:  Yes, I know.  I --

 9          MR. WOO:  Yes.

10          THE COURT:  I posed it.  And I don't see that in

11 there, that you're not -- you're rep -- he's representing

12 himself in that.

13          MR. WOO:  No, your Honor.  Your Honor is correct.

14 I filed a notice of appearance in the main case only.

15 Correct.

16          THE COURT:  Okay.  So, you -- so, because we have

17 a number of things on calendar.  And the reason I'm trying

18 to nail it down is who's representing who and what I -- this

19 is only on the case itself, not in the adversary proceeding?

20          MR. WOO:  Right.  Now, in full disclosure, I'm

21 looking at the issues that are raised.

22          THE COURT:  Well, I don't -- I don't care what

23 you're looking at, Counsel.

24          MR. WOO:  Okay.

25          THE COURT:  I'm asking you, I just want to know --

4

 1  because you're new to this case, I just want to know why are

 2  you here and you're representing in the case itself.

 3              MR. WOO:  In the main case, correct.

 4              THE COURT:  In the main case.  Okay.

 5              MR. WOO:  Yes.

 6              THE COURT:  So, you can have a seat then.  Thank

 7  you.

 8              MR. WOO:  Thank you.

 9              THE COURT:  All right.  I just wanted to clear the

10  record.

11              Now, let's just go through the various items.

12              MR. BHOLA (telephonic):  And, your Honor -- excuse

13  me, your Honor.  This is Vince Bhola.  I'm on --

14              THE COURT:  Oh, that's right.  Excuse me, Mr.

15  Bhola.  I understand -- I spoke with my clerk.  I am sorry

16  for your medical condition.  You're in the hospital I

17  understand it, and I will call -- when I call on anything

18  that you're -- involving you, I will ask you to say

19  something.  All right?

20              MR. BHOLA:  Absolutely, your Honor.  And, for the

21  Court's convenience, this is --

22              THE COURT:  All right.  Thank you, Mr. Bhola.

23              MR. BHOLA:  Okay.

24              THE COURT:  Now, I can't see you.  Is it just on

25  the --

5

1            THE CLERK:  I stopped video.

2            MR. BHOLA:  That's what I started to say.  It says

3  the --

4            THE CLERK:  I stopped video.

5            MR. BHOLA:  -- court just stopped the video.

6            THE COURT:  Excuse me a second.

7            MR. BHOLA:  I stopped the video because he's in

8  the hospital.

9            THE COURT:  Okay.  You're in the hospital.  So, I

10 don't think we want to video -- we don't need that.  I don't

11 know if you're hooked up to whatever, but it sounds like

12 you're -- you have a real problem, and I'm sorry to hear

13 that.  So, we'll keep --

14           MR. BHOLA:  No, I haven't been in the off in a

15 month.

16           THE COURT:  Okay  Mr. Bhola, we'll leave it --

17 we'll leave it at that.  We'll leave just the audio.

18           MR. BHOLA:  Okay.

19           THE COURT:  So, let me just go through now the --

20 the status of the -- of the case.  So, all right.  Let me

21 hear just briefly, since you just got into the case, you

22 won't have anything to say most likely as far as the status.

23           The case, as you'll hear in a minute, is just kind

24 of tailing along a lot of things, but I still like to hear

25 from --

6

1      MR. SELTH:  Your Honor, the Trustee, Mr. Jones, is

2 also on the Zoom.

3      THE COURT:  Oh, that's right.  Let me ask -- why

4 don't you stay where you're at.

5      Mr. Jones, I appreciate your being on Zoom because

6 it's -- you usually don't have a lot at this point to say,

7 but I never know for sure.  Do you have that you would like

8 to say as far as the case itself, any comments?

9      MR. JONES (via Zoom):  Nothing -- this is Greg

10 Jones, Subchapter V Trustee.  Thank you, your Honor.  No, I

11 don't have anything to say about the main case at this

12 point.  Thank you.

13      THE COURT:  Okay.  I keep forgetting.  That's one

14 thing I'm a little -- I still am not a big fan of Zoom

15 because I forget sometimes who's on.  So, thank you for --

16 for speaking up.

17      All right.  Well, now, the case -- the big thing

18 -- and the case obviously was going on in the State Court --

19      MR. SELTH:  The State Court appeal is still going

20 on.  It has not been fully briefed yet.  I do not know --

21 I'm told by appellate counsel that the best estimate when --

22 after briefing is 18 months in the State Court --

23      THE COURT:  Right.

24      MR. SELTH:  -- system, but that's not my area of

25 expertise.

7

1          In terms of this case, there's only two issues I
2     -- well, I know your Honor always wants to know the status
3     of the sanctions that have been ordered.
4               THE COURT:  Well, yeah.  It's been -- to say --
5               MR. SELTH:  So --
6               THE COURT:  -- it's been --
7               MR. SELTH:  So, there's two --
8               THE COURT:  -- unfortunate for lots of people.
9               MR. SELTH:  Yes.
10              THE COURT:  So, what is the status?  We're talking
11    about the ones that have already been -- orders have been
12    issued.
13              MR. SELTH:  Sure.
14              THE COURT:  There is one on calendar for today as
15    well.
16              MR. SELTH:  That's correct.  So, there's the one's
17    that's already been issued.  The sanctions issued from the
18    order of January 19th, Docket 993 as modified by the order
19    of March 20th, Docket 1080, as of today, that's joint and
20    several against Mr. Moda and Mr. Bhola is $217,956 at $1,000
21    a day until paid.  Not a penny has been paid on that order.
22              The second sanctions order is from March 20, and
23    that's docket Number 1081.  That's at $144,000, and that was
24    ended when -- at the time --
25              THE COURT:  That was the action -- and I

8

1  appreciate the fact Mr. Moda did finally comply with the

2  order.  At least that's what it appears.  And, so, the

3  sanctions stopped --

4           MR. SELTH:  Correct.

5           THE COURT:  -- running on that.

6           MR. SELTH:  So, the -- so, on that one he owes

7  $144,000, and he -- I've not received a penny of that

8  either.  So, combined, Mr. Moda's up $361,000, and Mr. --

9  and adding $1,000 on the day on the first one, and Mr. Bhola

10 is up $217,956.  So --

11          THE COURT:  All right.

12          MR. SELTH:  -- I don't know -- I haven't seen -- I

13 have had no contact from either -- any of them to discuss

14 payment arrangements, compromising, anything at all.

15          THE COURT:  Okay.  Well, let me -- let me stop

16 you.  That -- that -- we'll find out at some point.

17          Now, as far as the status of the PO, I guess --

18 not -- I gather that -- who is representing Mr. -- Mr. Moda

19 in the United case, Mr. Moda?

20          MR. SELTH:  In the appeal?

21          THE COURT:  Yes.

22          MR. MODA:  In the --

23          MR. SELTH:  Mr. Bola is still --

24          MR. MODA:  -- appeal --

25          MR. SELTH:  -- attorney of record.  He has not

*Echo Reporting, Inc.*

**ER-876**

9

1  subbed out yet.

2          THE COURT:  Okay.  Now, that -- I -- that -- I

3  didn't know the answer.  That's why I asked.

4          Mr. Moda, who is -- is Mr. Bhola -- answer my --

5  just sit -- you can sit where you're at.  He's -- is anybody

6  -- you're pro se in that?

7          MR. MODA:  No.  An appellate specialist is, and

8  they filed a motion to have it -- have the case dismissed.

9          THE COURT:  Well, okay.  And I don't want to hear

10 the motions.  I just want to know who's representing you.

11         MR. WOO:  The lawyer's name is Timothy Kowal,

12 K-O-W-A-L.

13         THE COURT:  All right.  Okay.  And -- and as far

14 as the status of it, I assume that it's pretty much as

15 counsel just -- just stated.  So, I guess at some point

16 we'll figure that out.  Okay.  Okay.  Thank you.  That's

17 enough for the status.  So, that's the -- I will at some

18 point continue the status conference later on, but I don't

19 have a date in mind at the moment.

20         So, next one.

21         MR. SELTH:  The other -- the motion for the small

22 sanctions for the --

23         THE COURT:  Well, that's Number 15 on the

24 calendar.

25         MR. SELTH:  Right.

10

1          THE COURT:  And that's a motion against Mr. Moda

2  and Mr. Bhola.  I have seen Mr. -- I -- I have seen nothing

3  -- no opposition filed.  Is that -- have you filed any

4  opposition to that, Mr. Moda?

5          MR. MODA:  No, your Honor.

6          THE COURT:  And, Mr. Bhola, you have not filed, is

7  that correct?

8          MR. BHOLA:  Your Honor, I haven't been in the

9  office --

10         THE COURT:  No, no.  I --

11         MR. BHOLA:  -- since July.

12         THE COURT:  I understand that, but there's been no

13 opposition filed.  It doesn't surprise me.  Relatively

14 speaking, any amount is -- is a serious amount, but given

15 the numbers that counsel has just mentioned to say, it would

16 be relatively -- nevertheless, the issue is important.  So,

17 I will grant that motion for sanctions in the amount that

18 you've requested if you'll prepare an order.

19         MR. SELTH:  The attorneys' fees, $3001.58?

20         THE COURT:  Yes.  Yes.  All right.  That's Number

21 -- that's Number 15 on the calendar.  Then we have --

22         MR. SELTH:  Number 16 is the tailing objection to

23 claim of Howard Kapp.  Your Honor's been trailing that along

24 with the Chapter --

25         THE COURT:  Right.  That -- that is -- it's pretty

11

1  clear to me that that's his -- that's -- Mr. Moda, your --

2  well, not Mr. Moda.  That's the Debtor's former counsel, and

3  it appears to me that both sides have figured that it's not

4  worth the effort at least at this point, either side, to

5  deal with it.  And who knows what will ultimately happen

6  with it, but that's the status.  So, that's -- so, that will

7  -- along with the status conference of the Chapter 11, that

8  will be continued to whatever that date is.  It will just

9  trail along.

10          MR. SELTH:  And -- and I guess I should point out

11  counsel for Mr. Kapp is Derek May.

12          THE COURT:  All right.

13          MR. SELTH:  He hasn't been here for the last

14  several times.  I think he's -- and he's a good -- a good

15  guy, and I --

16          THE COURT:  Yeah.  I don't -- I don't really --

17          MR. SELTH:  -- I'm glad to specially appear for

18  him.

19          THE COURT:  Okay.  I've indicated before that

20  unless the parties change, that -- because it will take --

21  it will take some effort -- and effort means -- translates

22  into dollars -- as far as time for -- for -- to represent

23  each side.  So, I would be very surprised if that's ever

24  something that I'll have to hear, but who knows.  We'll --

25  we'll see.  So, that will be trailed along whatever date.

*Echo Reporting, Inc.*

**ER-879**

12

1   Next one is the order to show cause, and -- now,
2   that's Number 17.  Now, Counsel want to give your
3   appearance?
4       MS. MAZGANI:  Yes, of course.  Good morning, your
5   Honor.  Nazanin Mazgani on behalf of Mahvash Mazgani in the
6   adversary proceeding.
7       THE COURT:  Yeah.  I want to correct the record,
8   by the way, on the -- on the procedural record on this item.
9   I was -- I was wrong last time as far as notices.  I'm
10  informed by, you know, my staff of when things were done,
11  and in your reply you pointed out and we checked it out,
12  that is, my staff checked it out, and you're quite accurate.
13  At the -- the hearing last time we were here, I indicated
14  that the -- that Mr. Moda hadn't been served because you
15  didn't serve him, and you hadn't, but you explained in your
16  reply in this case that, in fact, Mr. Moda had been served.
17      And, Mr. Moda, you had been served, even though
18  you weren't under oath.  You -- you stated in an audience --
19  or where you're sitting that you didn't get notice.  I don't
20  find that credible.  And, so, I -- I'm finding actually now
21  that I know the actual record that you were served not by
22  counsel there.  That is the OSC.  You were served.  You were
23  served by my -- the Court's records in Washington.  We
24  checked it out, and you were served, and you filed no
25  response to that.  So, that is -- that is the OSC re

*Echo Reporting, Inc.*

**ER-880**

13

1 dismissal of this -- this complaint that you have.

2 　　　　　MR. MODA:  Your Honor, Mr. Bhola did.

3 　　　　　THE COURT:  Well, no.  No.  Mr. Bhola did not.  I

4 saw what Mr. Bhola filed.  Mr. Bhola, if you can get on the

5 line.  Are you still there, Mr. Bhola?

6 　　　　　MR. BHOLA:  Yes, I'm here.

7 　　　　　THE COURT:  You were -- and the District Court

8 agrees.  The nature of -- of things that have happened, the

9 frivolousness and the number of pleadings, unfortunately,

10 are extreme not only in this court but, I'm sure, Counsel,

11 you -- I don't know if you've had a chance to read what the

12 District Court has said about the conduct of -- of your

13 client and Mr. Bhola.  It's not good.  And, so, what

14 happened -- what happened is there -- I'm going to get the

15 -- let me find it.  I'm going to get what you did file.  It

16 was actually extraordinary, what you filed, Mr. -- Mr.

17 Bhola.

18 　　　　　Here.  This is your -- this is the -- it was filed

19 on September 10th.  And, by the way, as I've just indicated,

20 Mr. -- Mr. Moda was properly served with the OSC and did not

21 respond to it, and, therefore, I will enter an order

22 granting that -- that motion.

23 　　　　　The -- but -- but let me read you the caption.

24 This is just, unfortunately -- I'd say typical, but this is,

25 unfortunately, the conduct, Mr. Bhola, in your case, this is

14

1  a response to OSC issued on August 6th for failing to appear

2  at the June 4th status conference set on that date.

3  Memorandum of points and authorities.

4          Now, Mr. -- Mr. Bhola just said you don't

5  represent him.  That's correct, is it not?

6          Mr. Moda, he doesn't -- I asked you in the

7  beginning does Mr. Bhola represent you in anything, and you

8  said no.

9          MR. WOO:  I don't think that question was asked,

10 your Honor.

11         THE COURT:  Well, what does he --

12         MR. WOO:  I think you were asking about the

13 appeal, and that's correct.

14         THE COURT:  No, no, no.  I'm not talking about the

15 appeal.  I'm talking about in this case.  So, I'm glad

16 you're here, Counsel.  You want to see what's actually

17 happening in this case.

18         Mr. Bhola has not -- you've been in pro -- you --

19 he -- you substituted -- or Mr. Bhola substituted out

20 sometime ago.  He does not represent you in the 523 in the

21 adversary proceeding, is that correct?  You already

22 substituted out.  Be very careful, Mr. Moda.

23         MR. MODA:  I -- he responded to the OSC because --

24         THE COURT:  I'm asking you a simple question.  I

25 could put you under oath, and then there could be other

15

1 consequences.  I'm not going to do that.  He does not

2 represent you in the 523 action, does he?

3          MR. MODA:  In the adversary proceeding, no.  No

4 one does.

5          THE COURT:  Okay.  No one does.  Therefore, is the

6 -- the OSC, whether or not I should dismiss it, Mr. Bhola

7 has no ability -- he doesn't represent you --

8          MR. MODA:  He -- your Honor, that day you had two

9 status conferences.

10          THE COURT:  No, no.  Let me stop you there.  So,

11 the record is quite clear.

12          Mr. Bhola, you know you did not represent Mr. --

13 Mr. Moda in the -- in the complaint, in the adversary

14 proceeding.  You understand that  Is that correct?

15          MR. BHOLA:  Yes.  My purpose of filing was to

16 clarify because there were -- there were two hearing that

17 day, and --

18          THE COURT:  No, no.  Mr. --

19          MR. BHOLA:  -- I don't think that --

20          THE COURT:  Mr. Bhola --

21          MR. BHOLA:  -- quite was clear to the Court.

22          THE COURT:  Mr. Bhola, I want you to answer my

23 question.  You have a habit of not answering my questions.

24 You did not represent Mr. -- Mr. Moda in the adversary

25 proceeding, is that correct?

*Echo Reporting, Inc.*

**ER-883**

16

1          MR. BHOLA:  I don't represent him in the adversary
2   proceeding.
3          THE COURT:  Right.  And -- and, so, your -- your
4   response to a -- to a OSC to dismiss that, you don't
5   represent him in that, do you?
6          MR. BHOLA:  My response was for the reason I --
7   that I stated, uh --
8          THE COURT:  Well, your response, basically, you
9   were falling on your sword --
10          MR. BHOLA:  -- two different -- two separate
11   hearings.
12          THE COURT:  You were basically -- basically it was
13   a lengthy description of how you're sorry for all the things
14   you -- you did.  That's what your response was.  It was not
15   a -- it was not a response to the OSC.  So, the -- so, there
16   was not only -- and that was properly served by counsel.
17   So, twice, Mr. Moda, you have not responded to the original
18   OSC, which you were properly served by the -- by the clerk's
19   office in Washington, and you haven't responded to this one.
20          So -- so, that ends the discussion.  So, there's
21   nothing left -- there's nothing left to discuss.  I'm going
22   to dismiss your -- your complaint.  I -- and I really
23   thought about -- for -- for lack of prosecution.  It really
24   dawned on me why in the world would you just do what you did
25   or not do, and it occurred to me the reality of it is I

17

don't think you really care about the adversary proceeding.
I think what you care about, legitimately so, is what's
going on in the State Court, namely, who owns those two
buildings.  And I think that's why you simply have not --
you have not responded to either the -- to -- you've been
served twice properly with the OSC to dismiss.  And,
therefore, I am going to grant the motion.  Basically, it's
a lack of prosecution.  You've had two opportunities to
respond.  You haven't, and it's my opinion -- you can
obviously -- you don't have to agree with anything I say,
but it's pretty clear what's really going on is -- what's
going on in the State Court.  I have no opinion, by the way,
on the appeal.  What I do know, as I've stated many times,
it's not a final order.  And, so, all the things that you
and Mr. Bhola did in violation of that have -- have been
taken care of as far as contempt, but as far as the merits
of it, whatever -- I'll keep repeating.  Whatever,
ultimately on the appeal -- and it could apparently now take
years -- whatever the State Court does, that -- that's it.
If they -- if that order is upheld, then ultimately I will
have to agree with that, that the -- if it's -- if it's
upheld on appeal, that you own those properties.  I think
that's really what's going on.  It doesn't require any
response from you, Mr. Moda.  The record -- the record is
quite clear.  Just to make it clear, you've been -- you've

18

1 been served twice, properly served with OSCs why this -- why

2 this should not be dismissed, that is, the adversary

3 proceeding.  And you did not respond to either of them.

4          MR. MODA:  Your Honor, if I may?

5          THE COURT:  Very briefly.

6          MR. MODA:  Certainly.  Your Honor, on that

7 particular day, I was -- on that day, for that status

8 conference on 6/4, Mr. Bhola was coming down --

9          THE COURT:  Let me stop you.  I'm not going to

10 allow you to -- to say -- to -- first of all, you're not

11 testifying.  You're not under oath, and you -- the OSCs, you

12 did not respond.  I'm not going to allow now -- now have you

13 just talk to me and tell me what you think why I shouldn't

14 have granted it.  You had an opportunity.  You had two

15 opportunities.  So, I'm not going to let you say anything

16 further, Mr. -- Mr. Moda.  You were properly served.  You

17 ignored the service.  And, therefore, I'm going to grant the

18 motion to dismiss this adversary proceeding for -- basically

19 for lack of prosecution, period.  This is not the time to

20 suddenly start talking.  I'm not going to allow you to say

21 anything further, Mr. Moda.

22          Do you understand what I just said?

23          MR. MODA:  I --

24          THE COURT:  I just want a yes or no.  I'm glad you

25 have counsel here that knows what he's doing.  In the past

19

1  you had expressed a lot of disrespect for the system and

2  this Court.  I'm not going to let you do it today.

3        So, I made the ruling.  Counsel, you -- you got --

4  you understand what I -- what I've said.  You -- you can do

5  whatever you wish.

6        And, well, the only thing left I believe is the --

7  and I -- of course, I want you to prepare an order, Counsel.

8        MS. MAZGANI:  Of course.

9        THE COURT:  The only thing --

10        MR. BHOLA:  Your Honor -- your Honor, before you

11  move on to another matter, this is Vip Bhola.  If I may

12  briefly speak to that issue, I --

13        THE COURT:  No.  You have no -- you have counsel

14  here now.  No.  You are -- you have counsel.  You can talk

15  -- you want to talk about the adversary proceeding?

16        MR. BHOLA:  I wanted to talk about the -- that

17  June 4th hearing and response to that --

18        THE COURT:  No.  Mr. -- Mr. -- Mr. Bhola, I'm not

19  sure you -- I'm not sure you really heard what I said.  You

20  filed something which I -- I find, unfortunately, typical of

21  a lot of things you file, I couldn't figure out what it was.

22  I read it through, and it was basically your -- your

23  statement sort of falling on your sword so to speak of

24  saying how sorry you were for all the things you did and so

25  forth.

20

1          Unfortunately, the -- the document, the -- the --
2     I've already ruled, by the way, on the -- on the contempt
3     sanctions.  That's the only thing you are properly here for.
4     You don't represent and did not represent Mr. Moda on the
5     response you filed.
6          So, what -- what item on the calendar do you wish
7     to address?  Both of them are taken care of, Mr. Bhola.
8          MR. BHOLA:  I wanted to -- was trying to speak to
9     the OSC --
10         THE COURT:  No.  You're --
11         MR. BHOLA:  -- and address that June --
12         THE COURT:  No.  I won't let you because you --
13    Mr. Moda said you don't represent him on that.  Do you?
14         MR. BHOLA:  Okay.  Well, I --
15         THE COURT:  No, no.  We're talking about the OSC.
16    But as far as the adversary proceeding, is that what we're
17    talking about?
18         MR. BHOLA:  And -- and the response that I filed
19    September 10th.  That's --
20         THE COURT:  That's correct.  And I already ruled
21    on that.  You had -- that was a totally improper filing.  Yo
22    didn't seem to understand what it was you were -- you did
23    have to the tune of maybe about $3,000.  There was an OSC as
24    to you and Mr. Moda.  That's the only thing on calendar.
25         As unfortunately usually in this case, Mr. Bhola,

21

1  you filed something that was just totally frivolous because

2  you don't even represent Mr. Moda.  So, I'm not going to

3  allow you to continue to discuss something that on its face

4  is improper.  I could very well, if it were a motion before

5  me, sanction you for that.  I'm just not going to do that.

6  You already owe so much money.  At some point it makes no

7  sense, but that was a totally frivolous document.  It took

8  me a while to figure out what that document was all about.

9          So, I wish you well health wise, Mr. Bhola.  But,

10  no, I -- that -- that will conclude this hearing except for

11  one thing.  I need to give you a date for the continuance.

12  And --

13          MR. SELTH:  Your Honor, I would respectfully

14  suggest we kick it out 90 days.  There's just --

15          THE COURT:  Well, I'll give you the latest date

16  that I have.

17          MR. SELTH:  Okay.

18          THE COURT:  It's strictly a matter of procedure

19  that I have a -- I -- I set up in advance the -- the

20  calendar for the Court, and I'll give you whatever the --

21  because as a practical matter, I -- I hope there's nothing

22  new that will come up.

23          MR. SELTH:  If your Honor would be -- your Honor

24  graciously waived the requirement of a status report last

25  time, and I said that if there was any change, of course --

22

1          THE COURT:  Yes.  I --

2          MR. SELTH:  -- in the appeal, I will file them.

3          THE COURT:  Right.  The only thing what I want is

4 a -- well, I need something filed to tell me I -- I would

5 like a -- even if it's a one-paragraph status report, to

6 tell me what the status is, and I will -- for both sides, I

7 have said many times whatever the State Court does, if it's

8 a final order, that's fine with me.  I don't -- you know,

9 it's -- that's okay.  But that could be, it sounds like, a

10 year and a half, two years.  It's unfortunate, but that --

11 that's the nature, I guess, of the State Court system.  It

12 may not be any better -- I think it is better in the Federal

13 system, but no knock on the State Court system.  They have

14 more cases.

15       In any case, so, I'll give you a date right now.

16 I'll give you the latest date.  I mean, as a practical

17 matter, you know, I will -- but basically what I'm asking

18 you to do is just tell me what the status is and -- and

19 requesting a continuance, and this is -- I'm just going to

20 keep doing it until I get a final word from the State Court.

21 Either -- they can either affirm, whatever they do, or

22 reverse, whichever they do, and -- and then something will

23 happen in this Court, and that's fine with me.  I'm going to

24 be bound by whatever they do.

25          MR. SELTH:  If there's -- if that's the only

23

1 matter on calendar, then is it possible it could be just

2 continued based on the status report, without requiring

3 another appearance in person?

4          THE COURT:  Oh, no.  It's not going to be in

5 person.  No, the only -- the only time I require in-person

6 hearings is if there's something in dispute.  If it's just a

7 continuance, no, I'm not going to make either side come in.

8 But if it's something like the things we had today,

9 absolutely, I want people face to face.

10          So, let me give you the date.

11          THE CLERK:  It's December 10th at 10:00.

12          THE COURT:  Okay.  December 10th at 10:00.  And --

13          MR. SELTH:  And I will file a brief status report

14 14 days prior.

15          THE COURT:  Yeah.  Just tell them -- literally,

16 all you have to put in there is -- you've already told me,

17 but I don't like -- I never take things off calendar.  I

18 learned as an appellate judge that things get lost and bad

19 things happen.  So, I -- I keep things on calendar.  I want

20 to make the -- the requirement -- the need for counsel to do

21 anything about it a lesson, but I don't ever just take it

22 off calendar and hope that people will remember years from

23 now.  So, I don't -- I never do that.

24          MR. SELTH:  Thank you, your Honor.

25          THE COURT:  Okay.  Thank you.

24

1          MS. MAZGANI:  Thank you, your Honor.

2          THE COURT:  Thank you.

3          MR. WOO:  Thank you, your Honor.

4          THE COURT:  Thank you.

5      (Proceedings concluded.)

6

7

8

9

10          I certify that the foregoing is a correct

11 transcript from the electronic sound recording of the

12 proceedings in the above-entitled matter.

13

14 /s/Jordan Keilty                    9/27/2024
   Transcriber                         Date
15
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
16

17 /s/L.L. Francisco
   L.L. Francisco, President
18 Echo Reporting, Inc.

19

20

21

22

23

24

25

1  FELIX T. WOO (CA SBN 208107)
   fwoo@ftwlawgroup.com
2  FTW LAW GROUP
   601 South Figueroa Street, Suite 1950
3  Los Angeles, California 90017
   Telephone:     (213) 335-3960
4  Facsimile:     (213) 344-4498

5  Attorney for Defendant Kevin Moda

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11
   | In re: | Case No. 2:19-bk-21655-BR |
12 | | |
   | MAHVASH MAZGANI, | Adv. No. 2:20-ap-01637-BR |
13 | | |
   | Debtor-in-Possession. | Chapter 11 |
14 | | |
   | | Judge:    Barry Russell |
15
   **PROPOSED ORDER GRANTING
16 MOTION FOR RECONSIDERATION**
   KEVIN MODA,
17
                Plaintiff,
18                                     **Hearing Date**:  To Be Determined
      vs.                              **Time**:             10:00 a.m.
19                                     **Courtroom**:     1668
   MAHVASH MAZGANI,                                      255 East Temple Street
20                                                       Los Angeles, CA 90012
                Defendant.
21                                     *[filed concurrently with Notice of Motion
                                       and Motion for Reconsideration;*
22                                     *Memorandum of Points and Authorities;*
                                       *Declaration of Felix T. Woo]*
23

24

25

26        On _____, at 10:00 a.m., this matter came before this Court on the Motion for

27  Reconsideration.  Felix T. Woo, Esq. appeared on behalf of Plaintiff Kevin Moda, and Nazanin

28  Mazgani, Esq. appeared on behalf of Defendant Mahvash Mazgani.

                                           1

**ER-893**

1    **IT IS HEREBY ORDERED** that:

2    1.    The Motion for Reconsideration is granted and the *Order Dismissing Adversary*

3    *Proceeding* [ECF No. 97] is vacated.

4

5                                        # # #

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ER-894**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document entitled (*specify*): **Plaintiff Kevin Moda's Notice of Motion and Motion for Reconsideration; Memorandum of Points and Authorities In Support of Plaintiff Kevin Moda's Motion for Reconsideration; Declaration of Felix T. Woo In Support of Plaintiff Kevin Moda's Motion for Reconsideration; and Proposed Order Granting Motion for Reconsideration** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 29, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
• Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
• Betty Luu bluu@duanemorris.com • United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• James R Seith jselth@wztslaw.com, jselth@yahoo.com, maraki@wztslaw.com, sfritz@wztslaw.com, admin@wztslaw.com • Nazanin Mazgani mazganilaw@gmail.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 29, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Judge Barry Russell, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/29/2024 | Felix T. Woo | /s/ Felix T. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF SERVICE**

ER-895

1

2

3

4

5

6

7

8

9

10

FILED & ENTERED

DEC 03 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MAHVASH MAZGANI,<br><br>                                        Debtor<br>_____<br><br>KEVIN MODA,<br><br>                        Plaintiff,<br><br>   v.<br><br>MAHVASH MAZGANI,<br><br>                        Defendant. | Case No.:  2:19-bk-21655-BR<br><br>Chapter 11, Subchapter V<br><br>Adv. No. 2:20-ap-01637-BR<br><br>**ORDER SETTING HEARING ON "PLAINTIFF KEVIN MODA'S MOTION FOR RECONSIDERATION"**<br><br>Date:  January 21, 2025<br>Time:  10:00 a.m.<br>Place: Courtroom 1668<br>   Roybal Federal Building<br>   255 East Temple Street<br>   Los Angeles, CA  90012 |

This matter is before the Court on "Plaintiff Kevin Moda's Notice Of Motion And Motion For Reconsideration", the attached Memorandum of Points and Authorities and Declaration of Felix T. Woo filed on October 29, 2024 (Docket No. 104).

The Court has reviewed the motion for reconsideration, declaration and attached exhibits, the opposition to the Motion filed by debtor and defendant Mahvash Mazgani on November 12, 2024  (Docket No. 108)  and the reply to the opposition filed by plaintiff on November 20, 2024 (Docket No. 111).

**ER-896**

1    **NOW, THEREFORE, IT IS HEREBY ORDERED:**

2    1.      The Court shall hold a hearing on the Motion on January 21, 2025 at 10:00

3            a.m.;

4    2.      All counsel and parties shall appear in person in Courtroom 1668;

5    3.      No further pleadings will be allowed or considered; and

6    4.      Movant shall serve a copy of this Order on all interested parties and file a

7            proof of service with the Court no later than Wednesday, December 4, 2024.

8    **IT IS SO ORDERED.**

9                                               **###**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: December 3, 2024

26                                      Barry Russell
                                       United States Bankruptcy Judge
27

28

**ER-897**

```
 1              UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                        --oOo--

 4  In Re:                      ) Case No. 2:19-bk-21655-BR
                                )
 5  MAHVASH MAZGANI,            ) Chapter 11
                                )
 6          Debtor.             ) Los Angeles, California
    _____) Tuesday, January 21, 2025
 7                              ) 10:00 a.m.
    MODA,                       )
 8                              ) Adv. No. 2:20-ap-01637-BR
            Plaintiff,          )
 9                              )
         vs.                    )
10                              )
    MAZGANI,                    )
11                              )
            Defendant.          )
12  _____)

13                              HRG. RE MOTION TO RECONSIDER

14                              CONT'D STATUS CONFERENCE RE
                                SUBCHAPTER V CHAPTER 11 CASE
15
                                CONT'D HRG. RE DEBTOR'S MOTION
16                              FOR ORDER DISALLOWING CLAIM
                                NO. 15 HOWARD KAPP
17
                     TRANSCRIPT OF PROCEEDINGS
18            BEFORE THE HONORABLE BARRY RUSSELL
                 UNITED STATES BANKRUPTCY JUDGE
19
    APPEARANCES:
20
    For the Debtor:            DAVID B. ZOLKIN, ESQ.
21                             Weintraub, Zolkin, Talerico &
                                 Selth, LLP
22                             11766 Wilshire Boulevard
                               Suite 730
23                             Los Angeles, California 90025
                               (424) 500-8551
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

                                                                    ii

 1   APPEARANCES:  (cont'd.)

 2   For the Plaintiff,              FELIX T. WOO, ESQ.
       Kevin Moda:                   FTW Law Group, APC
 3                                    601 South Figueroa Street
                                      Suite 1950
 4                                    Los Angeles, California 90017
                                      (213) 335-3960
 5
     For the Defendant:              NAZANIN MAZGANI, ESQ.
 6                                    Law Offices of Nazanin Mazgani
                                      10954 Massachusetts Avenue
 7                                    Los Angeles, California 90024
                                      (424) 256-0095
 8
     For the Subchapter V Trustee:   GREGORY K. JONES, ESQ.
 9                                    Stradling, Yocca, Carlson &
                                        Rauth
10                                    10100 Santa Monica Boulevard
                                      Suite 1400
11                                    Los Angeles, California 90067
                                      (424) 214-7044
12
     Court Recorder:                 Wanda Toliver
13                                    United States Bankruptcy Court
                                      Edward R. Roybal Federal
14                                      Building
                                      255 East Temple Street
15                                    Los Angeles, California 90012

16   Transcriber:                    Jeane Hoehner
                                      Echo Reporting, Inc.
17                                    9711 Cactus Street, Suite B
                                      Lakeside, California 92040
18                                    (858) 453-7590

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-899**

```
                                                              1

 1  LOS ANGELES, CALIFORNIA TUESDAY, JANUARY 21, 2025 10:00 A.M.

 2                         --oOo--

 3       (Call to order of the Court.)

 4            THE CLERK:  Forty-three, 44 --

 5            THE COURT:  Wait a minute.  Okay.

 6            THE CLERK:  -- and forty-five, Mazgani.

 7            MR. WOO:  May I drop my business card off, your

 8  Honor?

 9            THE COURT:  Sure.

10            MR. WOO:  Right.  Thank you very much, your Honor.

11            THE COURT:  I didn't -- couldn't even tell you

12  that because I don't even recall, because my clerk handles

13  all that.  Okay.  I see Mr. Moda's here.

14            Why don't you -- counsel, why don't you make your

15  appearances.

16            MR. ZOLKIN (via Zoom):  Good morning, your Honor.

17  David Zolkin of Weintraub, Zolkin, Talerico and Selth, on

18  behalf of the Debtor.

19            THE COURT:  All right.

20            MS. MAZGANI:  Good morning, your Honor.  Nazanin

21  Mazgani on behalf of Mahvash Mazgani in the adversary

22  proceeding.

23            THE COURT:  Yeah.  Because this is the reason

24  you're here -- again, don't have any counsel.

25            MR. WOO:  Yes, your Honor.  Felix Woo for
```

2

1  Plaintiff Kevin Moda on Matter 43 --

2          THE COURT:  Right.

3          MR. WOO:  -- the adversary.

4          THE COURT:  And the new counsel, same firm, but

5  that's the status -- why don't you have a seat.  That's the

6  status of the case itself.  So we have, as we often do, have

7  the adversary proceeding, but also the case.  So, let me

8  know -- why don't you tell me what's happening in the case

9  itself.

10         MR. WOO:  Your Honor, not a whole lot's happened

11  since our last status conference back in, I want to say it

12  was November.  There was a new motion to reconsider or

13  vacate your sanctions order against Mr. Moda and Mr. Bhola.

14  That's basically the same --

15         THE COURT:  Well, no.  I think that was just -- I

16  read it.  I have not -- I'm not going to rule on it, but it

17  was just as to Mr. Bhola.

18         MR. WOO:  Okay.  I did --

19         THE COURT:  So, no, it's not as to Mr. Moda.

20         MR. WOO:  Okay.  And I did see that was on the

21  calendar.  That's the only reason I'm addressing it now and

22  I'm -- what's going on.

23         THE COURT:  Well, no, it's not -- well, it's not

24  -- well, it's actually not on the calendar.  I haven't set

25  it.

3

1          MR. WOO:  Right, but -- okay.  Then I misread

2    the --

3          THE COURT:  I will -- that's okay.  That's okay.

4    No problem.  I'm going to -- I will issue an order setting

5    that for briefing and what have you.  And so I'm not going

6    to ask you your opinion of it.  That's what I normally do.

7          MR. WOO:  Okay.

8          THE COURT:  You haven't -- on this -- what I

9    normally do --

10         MR. WOO:  Yeah.

11         THE COURT:  -- without commenting on the merit of

12   it at all, I have to -- I suppose I can rule one way or the

13   other on the papers, but that's a pretty rare instance.  So

14   -- and what I plan on doing in this particular case, even

15   though you've obviously read it, it's not appropriate at

16   this time to make any comments about it because, first of

17   all, he's not here.

18         So that -- so, but again, I have read it.  And I

19   will not today but I will -- I mean, not at this moment, I'm

20   going to issue what -- in fact, similar order that I did in

21   this particular case that said whether or not -- I don't

22   know if it's necessary for a hearing or not, but I want

23   briefing, that is, the motion has been filed.  You will then

24   be able to file your response, and then he will be able to

25   file his response.  And then I'll look at all the papers,

4

1  and I'll decide what to do.  So that's the -- that's my --
2  in those kind of things, that's my procedure.
3          MR. WOO:  Understood, your Honor.  So --
4          THE COURT:  Again, since he's not here, it would
5  be totally improper to -- for you to say anything about it
6  because he wouldn't be able to respond.
7          MR. WOO:  I don't disagree, your Honor.  I wasn't
8  aware he wasn't in the courtroom either.
9          THE COURT:  Well, what could he -- well, quite
10 frankly, there would be no reason for him to be.  I mean,
11 any -- it's a public court.  Anybody -- anybody can walk in,
12 but I didn't expect to see him here, but, you know, and he's
13 -- and for record, he's not here.  And he did not request to
14 be on Zoom.  So here -- anyway make -- I'm talking too much,
15 but I did expect that you would be here.  And so what is it
16 about the case?  What's it -- what is the status of it?
17         MR. WOO:  We are still --
18         THE COURT:  Still, we're talking about -- because
19 basically I'm just waiting, as I've said numerous times,
20 just waiting for the state court, appellate courts to rule.
21 And I assume that hasn't happened or I would have -- one --
22 either mister -- one of you, mister --
23         MR. WOO:  (Indiscernible.)
24         THE COURT:  Well, let's see.  Actually, Mr. Moda,
25 you don't have counsel in that, do you, in the case itself

5

1  because mister -- at some point Mr. Bhola keeps coming in

2  and coming out.  I -- but here in the adversary proceeding

3  that we have counsel here.

4          MR. MODA:  I'm in both.

5          THE COURT:  You are now in both?

6          MR. MODA:  Yes.

7          THE COURT:  Okay.  Because I -- as I said, and I

8  thought, well, you know, maybe I'm wrong.  So, okay.  So

9  after -- so, why don't you tell me, and if there's any -- I

10 assume the answer will be the same as far as there's no --

11 all I really need to know as far as the case is -- and I'll

12 ask Mr. Zolkin first, and then I'll ask you if there's

13 anything else.  But I assume I would have heard from either

14 or both of you had there been any ruling.

15         MR. MODA:  Right.  If I'm --

16         THE COURT:  Let me hear from -- Mr. Zolkin's on

17 the line, and then I'll ask you if you have any --

18         MR. WOO:  Sure.

19         MR. ZOLKIN:  You're absolutely correct, your

20 Honor.  There has been no ruling, so we are still in a

21 holding pattern.  Obviously -- and I think as we pointed out

22 in our status report, we haven't -- the Debtor and the

23 estate has not been paid any of the monies that have been,

24 you know, sanctioned --

25         THE COURT:  Right.

6

1          MR. ZOLKIN:  -- against Moda or Bhola.  So we're

2  up to about almost half-a-million dollars in sanctions

3  against Mr. Moda.

4          THE COURT:  What is -- what is the number up to

5  now?

6          MR. ZOLKIN: Four-hundred-and-seventy -- as of the

7  date of the status report, it was $477,957.58.

8          THE COURT:  Okay.

9          Counsel, anything new on --

10         MR. WOO:  No, he's correct.

11         THE COURT:  Well, I figured that that -- but you

12  never know.  You never -- there's some surprise.

13         MR. WOO:  The amount has not been paid, that's

14  correct --

15         THE COURT:  Right.

16         MR. WOO:  -- nor has the Debtor paid her 30-plus-

17  million-dollar judgment as well.

18         THE COURT:  Well, no, no.  You don't need to add

19  that.

20         MR. WOO:  I'm sorry.  I just --

21         THE COURT:  I knew you were going --

22         MR. WOO:  I'm sorry.

23         THE COURT:  Now that's something I expect maybe

24  Mr. Bhola would say, but not you.  Yes, clearly the reason

25  -- but there's a difference, however.  I will state for the

7

1  record that the reason that she has not paid anything is

2  because it's not a final order.

3          My orders are final orders.  So you're -- it's

4  like -- we both know.  I know Mr. Moda wanted you to say

5  that, but that's not -- that's not really an accurate -- no

6  equivalency there.  So I'll let it at that.  There's no --

7  there's no comparison.  Yeah, the numbers are different, but

8  there's a difference of what's a final order and what's not.

9          So, anyway, so I -- what I'm going to do is, I'm

10 going to -- maybe I can't do it right now.  I'm going to --

11 I'm going to continue the status.  Maybe I'll give whatever

12 the last date we have, and I'm just going to keep doing it.

13         As I've have told everybody many times, you know,

14 whatever the state court -- at least when it becomes final,

15 namely, an appeal, that's fine with me.  I don't really care

16 one way or the other.  I don't have any opinion one way or

17 the other.  I didn't really -- other than you telling me, I

18 haven't followed all the -- I don't really know what

19 evidence was presented, but I do know what's happened

20 because you both -- both sides have told me.

21         So what's the last date we have?  And we'll just

22 -- you're -- I'm sure you have other things to do.

23 Eventually you're going to have to respond to that, Mr.

24 Bhola's motion.  I will probably sometime today set some

25 schedule, and then you can go from there.

8

```
 1          So --
 2          THE CLERK:  We have April 1st at 10:00.
 3          THE COURT:  Okay.  How about April 1st at 10:00?
 4          MR. ZOLKIN:  May I check my calendar, your Honor?
 5          THE COURT:  Sure.
 6          MR. ZOLKIN:  Your Honor, that date works for me.
 7  Thank you.
 8          THE COURT:  Yeah.  And again --
 9          MR. WOO:  Yes, it works.
10          THE COURT:  -- that's just -- and I'll leave it --
11  unless something happens, it will be for both sides really,
12  just a Zoom.  There's no particular reason to appear, unless
13  something happens.  If it's just, you know, nothing has
14  happened in the state court, fine.
15          Now if something is filed, such as -- Mr. Bhola's
16  -- I'm not setting anything at this point on that date or
17  any other date.  But, yes, if some -- unless something
18  happens in the state court action that requires any
19  disagreement or (indiscernible), then we'll just make that
20  as a Zoom.  So I'll it at that.
21          But I will let you know what I do is -- in
22  everything on calendar every day, is I -- basically, my
23  tentative is, I don't do tentatives like some of my
24  colleagues do, but at least my -- one thing you have to keep
25  an eye on, that is, whether or not I require a personal
```

9

1  appearance.  And typically I only do that, such as a hearing

2  today on this motion, is when there's obviously a dispute,

3  then I want -- I think people are entitled to their day in

4  court.  But if it's just a simple continuance, that's not

5  the case.  So you probably have better things to.

6          Mr. Jones, I assume you probably have nothing to

7  say.  You -- I didn't ignore you, but I assume you're just

8  watching.  Is that -- would that be a fair statement?

9          MR. JONES:  That -- that's correct, your Honor.

10 I'm not aware of anything new that's happened in this case.

11         THE COURT:  Okay.  Okay.  Well, thank you again.

12 You're welcome to remain, but you probably have better

13 things to do.

14         So, we'll go back now to the motion for

15 reconsideration.  All right.

16         Okay.  All right, counsel, it's your motion.

17         MR. WOO:  Yes, your Honor.

18         THE COURT:  Why don't you come up --

19         MR. WOO:  Would you like me to stand in the

20 middle, please?

21         THE COURT:  Yes.  That's -- as you probably

22 know --

23         MR. WOO:  Thank you.

24         THE COURT:  -- that's the -- that's the procedure

25 in most federal courts that I've brought up.

*Echo Reporting, Inc.*

**ER-908**

10

1          MR. WOO:  Correct.  Appreciate that.

2          THE COURT:  By the way, I have some questions for

3  you.  I remember -- it's more of a tricky little legal

4  question, but I remember I re-read this morning the

5  opposition to the order that I -- that I had -- that was --

6  been opposed.  And you're -- it was interesting.  There were

7  a couple things in there that I, one, I disagree with, but

8  the others I was surprised, you really didn't object to it

9  being dismissed, you just didn't want to be dismissed with

10  prejudice, at least that's what you -- that's what your

11  objection was.  That's --

12          MR. WOO:  That was the principal objection, your

13  Honor.

14          THE COURT:  Yeah.

15          MR. WOO:  I -- granted.  We could only object to

16  the form of the proposed order.  At the hearing your Honor

17  simply said, dismissed.  You did not say with or without

18  prejudice.  The --

19          THE COURT:  All right.  Okay.  Well, let me --

20  I'll clarify.  Now I assume that's --

21          MR. WOO:  -- the Debtor added that.

22          THE COURT:  -- still the case, that your objection

23  is not as much a dismissal, but the -- with prejudice, or am

24  I -- changed it, was that different?

25          MR. WOO:  It's both.  It's both.

11

1          THE COURT:  Yeah, but what -- what I don't
2  understand is, maybe you can correct me, unlike a lot of
3  things that you can re-file, there is a pretty short statute
4  of limitations, which has long since passed on both 523 and
5  727, namely, the -- that said in the rules.

6          So if I dismiss it with or without prejudice, I
7  wanted to make it clear in my -- in my ruling, that I -- it
8  would be I think, for me anyway, why both dismissing it if
9  you can just turn around and file the thing again.  There
10 would be no penalty whatsoever.

11         So my question is, if it just were dismissed, how
12 will -- given the rules that require it be filed years ago
13 actually, how would you get past that?

14         MR. WOO:  Well, understood.  So we just wanted to
15 be clear.  When we made the opposition to the proposed
16 order, your Honor had already ruled on the merits.  We were
17 planning to file the motion for reconsideration with the
18 argument that brought, but we didn't want to re-argue all
19 the merits in the form of an opposition to proposed order.
20 Typically --

21         THE COURT:  But it does make a difference, does it
22 not, if it's --

23         MR. WOO:  It does make a difference.  Absolutely.

24         THE COURT:  You're right, because if I dismiss it,
25 you can't re-file it.  I mean, you could do it, you know,

1  people could have anything they want.

2          MR. WOO:  Right.

3          THE COURT:  Okay.  I just wanted to clarify that.

4          MR. WOO:  Yes.  That's why we did it --

5          THE COURT:  And one --

6          MR. WOO:  -- in a two-step process.

7          THE COURT:  Okay.  Now that's fine.  I just wanted

8  to clarify it.

9          And another thing you mentioned that -- that the

10  order was wrong because -- that a status report was filed by

11  Mr. Moda.  There wasn't one filed by him for the June 4th

12  hearing.

13          MR. WOO:  I believe that's the issue that we --

14          THE COURT:  No.  I'm talking about a status report

15  being filed.  There was no status -- the argument Mr. Bhola

16  and all had to do with appearance, but he said there was no

17  status report.  There was no status report filed by Mr.

18  Moda, was there?  You have any evidence to the contrary?

19  I've checked the record.

20          MR. WOO:  I thought I had attached it with my

21  original -- the moving papers --

22          THE COURT:  Well, do you have that with you?

23          MR. WOO:  -- or the declaration.  I can double

24  check, but --

25          THE COURT:  Yeah, why don't you do that, because I

13

1  don't --

2          MR. WOO:  Yeah.  So you're saying with respect to

3  our opposition to the proposed order we made that statement?

4          THE COURT:  That's correct.  Yeah.  And I'm -- and

5  by the way, there was the argument about Mr. Bhola appearing

6  for him, which is questionable.  But in any case he couldn't

7  -- since he didn't represent him he can't file a status

8  report on his behalf.

9          I think, you know, there was a courtesy that

10  happened certainly with the Debtor and counsel, if it's just

11  a status conference, nothing important was happening, that

12  happened a couple times, but that's a little bit different

13  when somebody doesn't have an attorney.

14          MR. WOO:  Okay, but our point that we were --

15          THE COURT:  No, no, no.  Do -- was it filed?  Was

16  the status report filed?

17          MR. WOO:  Well, I'm double checking on that --

18          THE COURT:  Okay.

19          MR. WOO:  But your comment, your Honor seems to be

20  making the point that we pointed out that Mr. Selth appeared

21  for Ms. Mazgani at that particular hearing.

22          THE COURT:  Right, right.

23          MR. WOO:  Right.

24          THE COURT:  As a courtesy, because there was

25  nothing really going on for her, but that was quite

*Echo Reporting, Inc.*

**ER-912**

14

1  different when somebody doesn't have an attorney.  But in

2  any case, why don't you tell me -- I don't have a status

3  report filed by Mr. Moda for that date.  You say it in

4  there --

5              MR. WOO:  For the June 4th hearing?

6              THE COURT:  That's what we're talking about.

7  That's what this whole -- this whole hearing is about.

8  Yeah, I don't -- I didn't -- now Mr. Bhola at times has

9  filed some very strange pleadings, to say the least, but

10  none of them was the status report.  So if you can -- I'll

11  give you a couple minutes.  We've got some time.

12              You're much more computerized than I am, so that's

13  great.

14              MR. WOO:  Well --

15              THE COURT:  I just have papers, but that's fine.

16              MR. WOO:  Well, somewhat.  Now my -- my

17  application --

18              THE COURT:  Because I am 100-percent clear that

19  Mr. Moda didn't file one, and that's a -- again, you have

20  counsel.  We're not going to allow you to say anything

21  unless I ask you, Mr. Moda --

22              MR. MODA:  I was just --

23              THE COURT:  No, no.

24              MR. MODA:  I was positioning for him to.

25              THE COURT:  Well, we've had that problem before,

15

 1  so you can understand.  We have a different attorney who

 2  knows more about bankruptcy certainly than your prior --

 3  previous attorney.  And so I'm not going to allow you to say

 4  a thing unless I ask you.

 5          MR. WOO:  Yes.  I'm looking at just the

 6  declaration for the motion for reconsideration.  You are

 7  correct, I did not attach that.  All I have are the

 8  transcript hearings.  And then now I'll double check your

 9  Honor's statement that --

10          THE COURT:  Well, yeah, Mr. Bhola did later on, I

11  think it was what, in September?  I forget exactly the date,

12  but he did file, you know, something, after by the way I

13  threatened to incarcerate Mr. Moda.  It was only after that

14  that he decided to file something.  And that's what -- it

15  was in regards to that OSC that he filed his -- I think it

16  was sometime in September, as I recall, but I don't recall

17  the exact date.

18      (Pause.)

19          MR. WOO:  I'm looking at the objection now, your

20  Honor.  I see that we indicated that we -- we made a

21  representation at line 12, number three, that on February

22  28, 2024, Mr. Moda filed a status report.  I'm not seeing --

23          THE COURT:  Not -- clear --

24          MR. WOO:  I'm not saying that we said that --

25          THE COURT:  That couldn't possibly be for the June

*Echo Reporting, Inc.*

**ER-914**

16

1   4th hearing.

2          MR. WOO:  Right.  I'm not seeing where your Honor

3   indicates that we argued that mister --

4          THE COURT:  I -- maybe, again, I just glanced at

5   it this morning.  I read it quickly.  So I -- but again, I

6   -- it hit --

7          MR. WOO:  That's why I was thinking.  I don't

8   recall having made that statement --

9          THE COURT:  Well, okay.  Then maybe I read --

10         MR. WOO:  -- so that's why I was double checking.

11         THE COURT:  Maybe I just glanced at it just to

12  make sure on -- I was more concerned when I read it, is your

13  question about dismissal with or without prejudice.  That's

14  really what I was looking for, and I noticed when I -- okay.

15  That's fine.  We're looking for something --

16         MR. WOO:  Yes.

17         THE COURT:  -- that doesn't exist.

18         MR. WOO:  Correct.

19         THE COURT:  So -- okay.

20         MR. WOO:  Yes.

21         THE COURT:  So, let me -- so a couple of things.

22  Let me cut to the -- then you can -- I'll let you argue

23  anything you want, but let me tell you a couple of things

24  that -- with the factual that I'm determining, just so -- in

25  advance.

17

1          MR. WOO:  Yes.

2          THE COURT:  That not only did Mr. Moda not file a

3    status report, he also was not truthful about not receiving

4    -- and there were two notices he got for the OSC's, and he

5    never -- he never responded to either of the OSC's.  Does

6    that comport with  your -- with your facts?

7          Because I know I didn't -- now Mr. Bhola did file

8    something, but he didn't -- certainly at that point whatever

9    his statement is one thing, but Mr. Moda never filed any

10   response.  And I find as a fact that he did in fact get

11   various notices.  There were two -- two different hearing

12   dates.

13         So, do you have anything to -- again, those are

14   the facts I know, because I have the -- I have the record

15   before me.

16         MR. WOO:  Well, I think you're correct --

17         THE COURT:  Right.

18         MR. WOO:  -- that he did not file any status

19   reports --

20         THE COURT:  Right.  And also --

21         MR. WOO:  -- or responses to the OSC's.

22         THE COURT:  -- I have concluded -- I didn't put it

23   right in my order.  The order was very straightforward.  At

24   the time it was pretty clear to me that Mr. Moda did not

25   intend to appear at the -- at the status conference.  And I

18

1  didn't put it in -- he didn't appear at the status

2  conference.

3           And I'm telling you right now as a fact, because

4  you had made some comment in your papers that I just took --

5  it was just a misstatement of the record, that he did not

6  the notice of the OSC when he said he didn't get it.  You

7  put that in your papers.  I concluded he was not telling the

8  truth.  So -- and I said that prior to your filing the

9  papers.  Just so you understand, the record is, and I made

10 it quite clear, that that was the case.

11          And, also, that I have concluded, just so you

12 know, as a fact, and there's no evidence, looking at all the

13 record, that he did not intend to appear at the hearing on

14 June 4th.  I'll leave you -- I'll leave --

15          MR. WOO:  Right.  I was here.  I think your Honor

16 spoke directly to Mr. Moda.

17          THE COURT:  Yes.

18          MR. WOO:  This was the first hearing I appeared

19 at.

20          THE COURT:  Yes, yes, yes, yes.

21          MR. WOO:  And your Honor said, I don't think -- I

22 don't think you're telling the truth about not having

23 received the notice.

24          THE COURT:  Yeah.  You put in your papers that he

25 actually did -- did not get the notice, which was -- at

19

1   least contrary -- I'm not faulting you, but it's just a

2   wrong statement because -- the fact that he may have said,

3   but I already ruled that he was not telling the truth.  So,

4   you know, probably shouldn't have put that in one of your

5   footnotes that he didn't get it.  In any case, I'm just

6   making it clear what the record is.

7              MR. WOO:  it's a tricky point, your Honor, right?

8              THE COURT:  Well, it's not tricky at all.  You're

9   either telling the truth or not.  It wasn't tricky to me.

10             So, anyway, why don't you -- why don't you go

11  ahead.  And I want -- and the main thing in this case is,

12  the reason I set it for hearing is I want to make it -- I

13  wanted to ask.  You had made some statements -- and the

14  history, by the way, even though the Debtor raised it, is

15  very important in this case, what happened.  I didn't feel

16  it necessary, quite frankly, to put it in my order, but the

17  history of defiance and so forth of not only -- well, Mr.

18  Moda, in particular.

19             But my question is, there is -- that's why I asked

20  counsel.  I knew it was well over $400,000 that are

21  sanctions.  And I didn't keep track of it, but I figured

22  it's probably approaching a half million.  And so, I'm

23  talking about the element of the cases.  That I didn't feel

24  it necessary to put them in my paper now that you've made

25  your objection.  I have -- of course I was familiar with

20

 1  both the cases.  I didn't think it was necessary to do at

 2  the time, and I will when I finally decide this and present

 3  an order.

 4          But my question to you is as follows.  As far as

 5  -- assuming just for argument sake that it was a --

 6  basically the view is to me, basically a willful I think a

 7  failure to not only appear at the hearing, and compound it

 8  to not file a status report.  Even though you're quite

 9  correct, I acknowledge there were previous ones that were

10  filed and so forth, but it appears likely, something had

11  occurred at that point as far as Mr. Moda's defiance of this

12  Court's orders.

13          And so, yes, you're correct, but I'm looking at

14  the facts at the time.  I'm not deciding it right now, I'm

15  just telling you what the facts are.  That the fact that

16  there were numerous appearances and so forth, but this

17  particular one was -- there were a lot of other things going

18  on at this time.

19          And my question to you is, in looking at the

20  question of what penalty?  The courts say that it's clear to

21  me there's -- what I just said.  But I did not explain as

22  I'm thinking, that's why I had set this for hearing, to hear

23  what you have to say about what to do about it.

24          You have suggested one point.  I don't know how

25  serious you were about it, but you said it, that, well, I

21

1  don't have to penalize him, but you'll take care -- you'll

2  make sure he doesn't do it again.  You said that.  I think

3  you -- I don't know how serious -- I mean, I'm sure you were

4  serious about keeping him in -- and straight, but that's not

5  a penalty, is it?

6          And the courts talk about what -- what the lesser

7  sanctions could be and the fact that they had new counsel.

8  If that were the case, then anybody could just do things and

9  just say, well, I got new counsel.  And I have no doubt you

10 will have better control over Mr. Moda than the prior

11 attorney, but that -- I don't consider that an alternative.

12 You haven't even gone -- again, I'm skipping ahead to my

13 point, and then I'll let you talk.  That's hardly a

14 sanction, is it?

15         MR. WOO:  Well, it's not a sanction.

16         THE COURT:  Well, isn't that what the courts talk

17 about, lesser -- a lesser penalty -- I forget the exact word

18 they use.

19         MR. WOO:  Sure.  That's --

20         THE COURT:  That's -- so that doesn't fall in that

21 category, does it?

22         MR. WOO:  Not necessarily.

23         THE COURT:  It's not a penalty.  Okay.

24         MR. WOO:  No, I agree.

25         THE COURT:  All right.  I want to -- just so you

22

1  understand, I have read several times both side's papers.
2  So then the question becomes, what do I do?  Now it's clear
3  that payment, owing money, the fear of being sanctioned
4  apparently is clearly both mister -- well, forget about Mr.
5  Bhola or Mr. Moda, no fear whatsoever because there have
6  been -- I forget the numbers --

7            MR. WOO:  I'll address it.

8            THE COURT:  -- I've sanctioned -- I have
9  sanctioned to Moda numerous times, and now -- and he doesn't
10 seem to care, I'm not sure why, but he just doesn't pay it.

11           And the only time, by the way, in all this history
12 of this case, the only time Mr. Moda ever complied was when
13 he -- it had the order that -- threatening incarceration,
14 and he got other counsel.  The only time I can recall he
15 ever complied with one of my orders,  when that was months,
16 by the way, after the district court affirmed me on the fact
17 that this was the -- I'm shifting -- I'm sure you're aware
18 of these facts, that -- as to the violation of the, you
19 know, the automatic stay, that he's doing things dealing
20 with the property.

21           And even though the district court had -- that was
22 appealed, that order, the sanction order, and said very
23 clearly in an order I'm sure you've -- I assume you've seen,
24 saying that, yes, that Judge Russell was right, and what Mr.
25 Bhola was doing and Mr. Moda was doing was wrong.  And yet

23

1 months went by until I finally decided I had enough, and I

2 issued -- I threatened to incarcerate -- and there was other

3 here.  And that amazingly after that, Mr. Moda did what he

4 said he couldn't do or wouldn't do, couldn't do.  It was not

5 impossible and he did it.

6       So, I can't threaten that in this case as a

7 sanction because there it was a contempt.  There -- it was

8 something he could do.  Here, that doesn't apply.  So what

9 is left to -- as a lesser -- you said there was a lesser

10 sanction, and one you pointed out, which we both seemed to

11 agree that that's really not a lesser sanction.  What can I

12 possibly do in this particular case?  Because sanctioning

13 dollar-wise -- because this money, by the way, is all owed

14 to the Debtor.

15       Now it's true in the state court judgment there

16 are millions of dollars, but that's not a final order.  I'm

17 aware of that.  Here is an actual order of a court right

18 here.

19       And so what -- what is -- what lesser -- what

20 lesser penalty can I impose for something that appears to me

21 that is a violation, and that it was -- it was clear that

22 not only not appearing, but not -- but it wasn't just that.

23 It was not filing the status report was an indication of not

24 intending to appear.  And then to totally ignore the OSC's,

25 which tells me he had come to whatever Mr. Moda -- he's done

24

1  it before, but in this particular instance, he figured, no

2  harm/no foul.  All the Judge will do is maybe sanction me,

3  you know, with a penalty.  What is there that I can do?

4          I've thought about it, and that's why I wanted to

5  have this hearing.  We'll talk about other things as well

6  that you've raised, but what is there left for a judge when

7  somebody has repeatedly just said, you know, I don't care

8  what you do, I'm not going to -- I'm not going to comply?

9          MR. WOO:  Can I reply?

10         THE COURT:  Yes, yes.  I meant -- I'm sorry.

11         MR. WOO:  Okay.  Let's -- why don't we work

12  backwards --

13         THE COURT:  Well, I want to ask you -- answer me

14  that.  Then I'll let you talk about, but maybe I shouldn't

15  have dismissed it in the first place.  That I understand is

16  a lot of your argument.  But tell me what is left?

17         I've really -- I've really thought about that a

18  lot, and there are only so many tools in the tool chest of a

19  judge.  You can -- you can do certain things.  And so -- so

20  -- and, in fact, in your response you said there were other

21  things, and yet the only thing you suggested, I think it was

22  in a footnote as I recall, was, well, we got new counsel.

23  I'll keep him in line.  You didn't give a -- you didn't tell

24  me what the other things would be.

25         MR. WOO:  Well, everything is situational.  Here,

25

1  basically, based on the discourse we just had and your Honor
2  laid out, there would only be two options, monetary
3  sanctions or dismissal of an AP case that, as your Honor
4  indicated, would result in essentially a useless 32 -- ten-
5  percent interest a year, $32,000,000 judgment.
6        THE COURT:  Well, you know what?  Let me -- let me
7  address that.  And I did mention -- you even quoted me, and
8  it was correct.  At the time I was thinking, why, other than
9  just being just, quite frankly, disrespectful for a lot of
10 time and not following orders.  That happens not just in
11 this case.  That's what you have to get used to after a
12 while.  But other than that -- and I said, this is a
13 practical one.
14        As a practical matter, I said, well, maybe he just
15 figured, you know, the objection to discharge, and
16 particularly the 523, is pretty obvious to me anyway, that
17 I'm making a final ruling.  That if the state court is
18 affirmed, then they've got a nondischargeable debt.  Because
19 all the things, at least that I understand, that they said
20 that the Debtor did was this, you know, really bad stuff.
21 That's like -- I may not be ruling on it today, but it
22 seemed pretty clear to me, if that is affirmed, but the --
23 and of course the big thing is, which I indicated before is,
24 what Mr. Moda is clearly interested in, apparently the state
25 court, at least the trial court agreed.  I had no opinion on

*Echo Reporting, Inc.*

**ER-924**

26

1   it, but reading it, they feel that the Debtor really did

2   some bad stuff and converted his money and so forth, and

3   that he should own those properties.  I mean that's pretty

4   much -- right, that's what the order -- that's what it says,

5   but it's not a final order.  So I have no idea what -- how

6   it got there and whether the appellate court -- but assuming

7   that that would be, you know, affirmed, he gets the

8   property, you know, and of course there's a nondischargeable

9   debt for what, 20-some -- I forget the number.  It was some

10  astronomical --

11          MR. WOO:  It's 32 --

12          THE COURT:  Okay.

13          MR. WOO:  -- and it goes up by $3.2 million a

14  year.

15          THE COURT:  Right, right.  So -- and there -- I

16  don't think anybody can seriously argue that she could, you

17  know, pay that.  I mean, it would be -- it would be -- you

18  know, if I change my mind on this, but as a practical

19  matter, at least from what I can tell from the papers, that

20  she doesn't have a lot of money.  The big thing are the

21  properties.  She's not going to pay, you know, not going to

22  pay that kind of money.

23          So as a practical matter, the dismissal here

24  doesn't affect the properties, does it?

25          MR. WOO:  It does.  So this is --

27

1        THE COURT:  Not the -- let me stop you.

2        MR. WOO:  Yeah.

3        THE COURT:  It doesn't affect the ownership of the

4   properties, it only affects her alleged fraud or misuse --

5   the 523(a)(6).  Right.  So, just so you understand, even if

6   I deny this motion and the state court affirms, he's still

7   got the properties.

8        MR. WOO:  I don't -- so I don't agree with your

9   Honor on one issue.  We have no idea if the state court will

10  ultimately affirm the monetary judgment but reverse the

11  judgment as to the constructive trust and ownership of the

12  properties.

13       If that were to happen, which it could, nobody

14  knows for certain what's going to happen with all the

15  various arguments that are going to be made.

16       THE COURT:  Yeah.

17       MR. WOO:  If I have a --

18       THE COURT:  And you've read -- I have not read it,

19  so I don't know who --

20       MR. WOO:  If I have that judgment -- so one --

21  there's many ways in which I'm a different lawyer than Mr.

22  Bhola, okay.  One of them is I enforce judgments, 10's of

23  millions of dollars of (indiscernible).

24       THE COURT:  Right.

25       MR. WOO:  So one thing I could do is, if I do get

1  a nondischargeable judgment, by then 40, $50,000,000 --

2          THE COURT:  Right.

3          MR. WOO:  -- let's just say we lose the arguments

4  on the property.

5          THE COURT:  Right.

6          MR. WOO:  If she owns the property, I can -- I

7  can --

8          THE COURT:  Go after the properties.

9          MR. WOO:  A $45,000,000 judgment I can use as a

10 pretty big hammer --

11         THE COURT:  Okay.

12         MR. WOO:  -- charging orders, turnover orders --

13         THE COURT:  Well, okay.  Well, let me -- okay.

14 You're correct, but I mean -- but let me tell you, that's

15 not going to affect -- I just think I would -- I was --

16 reason I raise it is what was Mr. Moda's mind, and if you --

17 to the extent -- that's the only reason I even mentioned it.

18 So I'm not -- just so you understand --

19         MR. WOO:  I get that.  Your Honor made that

20 comment again at my first appearance.

21         THE COURT:  Yeah, yeah.

22         MR. WOO:  You said --

23         THE COURT:  Yeah.  No, I did.

24         MR. WOO:  -- I think maybe the reason why --

25         THE COURT:  Yeah.

29

1          MR. WOO:  -- you've treated --

2          THE COURT:  Yeah, but it --

3          MR. WOO:  -- the AP case this way is because you

4    don't really care about the money, you care about the

5    property.  You said that when I was here.

6          THE COURT:  Well, and at that time, he didn't --

7    and when he didn't appear on the 4th, he didn't have you as

8    the lawyer.

9          So I'm going to -- I was just exploring why -- why

10   would he -- in my opinion, why he just didn't show up.  So

11   I'm not -- but I don't disagree.  We don't need any further

12   discussion of what might happen, but you're -- obviously

13   you're correct.  It doesn't affect my opinion on these

14   ultimately what will happen here.  But, yes, that -- I

15   hadn't even thought about that.

16         I could -- because I have no -- I don't -- just so

17   like you know, the only thing I know, this is not something

18   in the news that you read about.  All I know about this case

19   is what you folks tell me.  And so I haven't even -- so it's

20   none of my business what happens there.  So anyway, why

21   don't you go -- start from the beginning, but I wanted to

22   get certain facts straight, so you knew factually where

23   we're at.

24         MR. WOO:  I understand that.  And I think, your

25   Honor, one thing is, as your Honor knows, the Duane Morris

30

1  law firm has also been involved on behalf of Mr. Moda.  And

2  so we've done a lot of thinking and we've looked at

3  virtually every filing in this case dating back even prior

4  to these events.  We've looked at the transcripts.

5          THE COURT:  That's a lot of -- you've put in a lot

6  of effort and there's a lot going on.

7          MR. WOO:  The reality is is that -- and Mr. Moda

8  knows this because I've said it to him multiple times.  He

9  -- first of all, he lost his mind last summer, okay.  That's

10 just -- it's just that clear to me.

11         He got a judgment.  He was over the moon.  He'd

12 been litigating for over six years. He finally got a result

13 that he thought was just, and he completely jumped the gun

14 with your Honor and with how he conducted himself with

15 regard to the Clark (phonetic) and Massachusetts properties.

16 And he was given, with all due respect to Mr. Bhola, his

17 health and everything about him, he was given terrible legal

18 advice on how to proceed on that -- in that regard.

19         Now, one thing I do want to make clear --

20         THE COURT:  My opinion, by the way, was Mr. Moda

21 was in charge -- just observing, I know it's been alleged by

22 the other side, but I observed them.  It seems to me that

23 Mr. Bhola was getting -- that was -- Mr. Moda was in charge.

24 That was my impression, even in court.  You know --

25         MR. WOO:  Right.

31

1          THE COURT:  -- that Bhola was not the greatest
2    lawyer.  I'm not saying he was incompetent, but he didn't
3    know bankruptcy.  But it was clear to me that you saying
4    that what -- if he got lousy advice, I think at the end of
5    the day it is clear to me that whatever Mr. Bhola told him,
6    that Mr. Moda did what he wanted to do.
7          MR. WOO:  Well, we can argue whether a lawyer
8    should do that.  And I know Mr. Selth has argued all along
9    that Mr. Moda is kind of pulling the strings and Mr. Bhola
10   is just --
11         THE COURT:  Well, it might be.  I don't know if
12   that's totally true, but it's not -- it's not out of the
13   question.  Because I just observed them in court, and it was
14   clear who was in charge.  It was Mr. Moda.
15         MR. WOO:  Sure.
16         THE COURT:  Anyways, no sense going there.
17         MR. WOO:  So -- but what I'm -- what I'm saying in
18   that regard, too, and I do want to -- I do want to state for
19   the record.  I know your Honor indicated that you think that
20   the curing of the contempt regarding the Clark and
21   Massachusetts properties was made because your Honor
22   threatened incarceration.
23         THE COURT:  Absolutely.
24         MR. WOO:  It could have been, but as soon as --
25         THE COURT:  Not just could have been.  I was about

32

1  to -- I remember -- you weren't here --

2          MR. WOO:  Correct.

3          THE COURT:  -- but, no, that -- absolute.  No

4  matter the -- that had -- because the -- I was ready to do

5  the order.  I'm sure you've probably read all the things,

6  and they said, well, give us -- right before you sign the

7  order, give us, you know, a short time.  And all I really

8  wanted from day one was to -- to have Mr. Moda undo what he

9  did, but he kept saying, no, I can't do that.

10         Well, as a matter of fact it was clear to me, this

11 doctor in wherever he is, you know, sorry, can't control

12 him.  Well, that's nonsense.  It was clear immediately he --

13 you know, the transfer was supposedly for some story about

14 medical expenses, whatever it was, Mr. Moda said, no, I

15 can't do a lot in particular with this gentleman.  We're --

16 I forget what European, wherever, I forget where he is.

17         MR. WOO:  Turkey.

18         THE COURT:  "Turkey."  Okay.  But it's amazing

19 when threatened with -- and he finally did get good counsel

20 -- threatened with incarceration, that amazingly in very

21 short order, within a few days it happened.  So if you're

22 going to argue to me you're going to be blowing in the mind.

23 If you're going to argue that he got -- he found Jesus or

24 whatever --

25         MR. WOO:  No.

33

1          THE COURT:  -- you're coming to whatever, you

2    know, and just -- you know, just found God, whatever.  So

3    tell me what you're about to say.

4          MR. WOO:  That's not what I was going to argue.

5          THE COURT:  I thought you --

6          MR. WOO:  I was going to argue that he retained

7    me, and we had a lot of arguments and discussions about the

8    legality of that issue.  I understood what Mr. Moda's

9    position is.

10          THE COURT:  Yeah, but he had other counsel.

11          MR. WOO:  Yeah, right.

12          THE COURT:  He had other counsel.  You were not a

13    signature to that --

14          MR. WOO:  I was not appear -- I had not appeared

15    yet --

16          THE COURT:  Yeah.

17          MR. WOO:  -- but I was retained last summer when

18    these issues were percolating.  And my firm and Duane Morris

19    firm --

20          THE COURT:  Well --

21          MR. WOO:  -- created the documents that he filed.

22          THE COURT:  -- well, let me tell you this.  I'm

23    not going to let you argue things that are not in -- and

24    you're not under oath.  So, no, no, I'm serious.  I don't

25    doubt what you're saying, but you can't now be starting to

34

1  -- arguing things that are not in the record.

2          MR. WOO:  Understood, but I'm --

3          THE COURT:  But, no, it's clear to me.  No matter

4  what you say --

5          MR. WOO:  -- I'm an officer of the court.  I'm

6  just telling your Honor --

7          THE COURT:  No, no.

8          MR. WOO:  -- that we did get involved and we

9  drafted those documents, so.

10         THE COURT:  I am -- I am sure that you gave him

11 the same advice the other, but it was only until I it just

12 got so frustrated on it, and decided, okay, well that's the

13 one thing that I've ordered two or three times.  Never,

14 fortunately, had to actually have anybody arrested, but

15 that's -- so in my 50 years on the bench, I've issued a

16 think three or four, something like that, orders of that,

17 but never had the actual marshals actually arrest people.

18         But at that point, you know, that was -- I had

19 hoped that Mr. Moda would see the light, so to speak, and he

20 did.  You know, and -- no doubt, sane lawyers would have --

21 you would have advised him to do that, and the other lawyers

22 did.  And, sure, but my point is, it was only about the

23 threat of incarceration, which I can't threaten in this case

24 because it's not -- it's already in fact done.

25         So, yeah, I don't doubt -- I didn't know that you

35

1 were involved, but I don't doubt, being a fine lawyer, that

2 you told him, but it was only through the threat of

3 incarceration, period.  Sure, good attorneys give good

4 advice.  So, yeah, the part -- that's the dilemma that I

5 have is I can't -- how do I -- you know, there are only

6 things I can do, money or dismissal.  I can't --

7          MR. WOO:  And --

8          THE COURT:  -- threaten incarceration.

9          MR. WOO:  -- and with respect to the money, the

10 fact that it hasn't been paid yet, you know, we don't want

11 to get into his finances, I mean, he can't pay it.

12          THE COURT:  Well, but you know what?  No, I'm not

13 going to consider that at all.  What really concerned me

14 about it, it's the arrogance and disrespect of both Mr.

15 Bhola and Mr. Moda.

16          Those judgments were entered, okay, and it was

17 appealed, at least the basic one as far as the violation of

18 the automatic stay.  And I kept asking at the hearings, you

19 know, I see judgment and I know -- I'm not going to ask Mr.

20 Zolkin on the line, but Mr. Selth said that -- I said, well,

21 what's happening there?  You know, I issued my orders and

22 they're judgments, but I was more curious than anything

23 because I was hoping at some point that Mr. Moda -- this was

24 long before it became -- you know, it started off one was

25 $34,000 each some time ago, and then it kept going.  Then --

*Echo Reporting, Inc.*

36

```
 1          MR. WOO:  A thousand each day for two separate
 2  orders.
 3          THE COURT:  Well, but --
 4          MR. WOO:  Right.
 5          THE COURT:  That's right.  One had a thousand and
 6  it was -- and as far as Mr. Moda's concerned, the jail time,
 7  the incarceration is off the table, but the order that both
 8  side agreed to was $144,000, which again, that is on the
 9  violation of the stay and -- dealing with the tenants and
10  all.  Still, that's still outstanding.  And to this day I
11  have not seen anything.
12          One would have expected, you know, hardship or
13  whatever.  One would expect, as we both know, that something
14  would have been filed in -- prior to the contempt.  You
15  can't hold him in contempt, we all know, can't hold somebody
16  in contempt for something they can't do.  That -- but the
17  time for making that argument would have been at the time
18  I'm about to enter that order for contempt.  And that was
19  never -- but it was never made.
20          MR. WOO:  But we understand that.  Yes.
21          THE COURT:  So, you understand it, I understand
22  it.  I'm not sure to what extent Mr. Bhola or Mr. Moda
23  understands, because that would have been the time.  Sure,
24  everybody knows -- well, at least I know and you know, that
25  if you can't -- you know, usually it's in domestic relations
```

*Echo Reporting, Inc.*

37

1 where you just can't pay child support or whatever.  That's

2 typically where it comes up, but the law is the same.

3          So, yeah, so I have no idea, and it won't affect

4 my opinion what I -- as far as today on what to do.  At some

5 point -- there's no further contempt, by the way, it's just

6 a continuing thing on both orders, $1,000, and it --

7          MR. WOO:  One of them stopped because of the

8 curative.

9          THE COURT:  No.  No, it didn't.  It didn't stop.

10 No, the 1,000 -- really?  I'm sorry.  You are correct.

11          MR. WOO:  Yes.

12          THE COURT:  That's why I said $144,000.

13          MR. WOO:  Right.

14          THE COURT:  So that one did -- that one did stop,

15 but that's still, that's a lot -- I don't know.  I have no

16 idea of the finances of either Mr. Moda or Mr. Bhola, but

17 still it's not an -- so, yes, that one stopped, but the

18 $34,000 one, which is -- you know, and that's the other one.

19          So, what's left?

20          MR. WOO:  Well, right.  No, I understand.  Now

21 going back to the AP case though, because I think that -- I

22 think your Honor is extracting a conclusion about Mr. Moda's

23 attitude towards this proceeding, these proceedings, your

24 Honor, the Court, the Debtor, et cetera, from his failure to

25 have complied earlier with your contempt rulings.

*Echo Reporting, Inc.*

**ER-936**

38

 1              I will note one thing.  Even the contempt rulings

 2    and the ruling on the action in violation of the stay, and

 3    the, you know, so-called, "abstention issue" that Mr. Moda

 4    has brought up, I mean, half of those appeals were filed in

 5    such a way in which they were untimely.  Even if I had

 6    gotten involved after those appeals had been filed --

 7              THE COURT:  Well, no, no --

 8              MR. WOO:  -- they would have been dismissed.

 9              THE COURT:  Well --

10              MR. WOO:  I mean, I --

11              THE COURT:  -- well, as a matter of fact, the main

12    one, the main argument, which just drove me nuts, was the

13    constant, really, disrespect, of not just -- not me

14    personally, but of the law.  I'm just saying when Mr. Bhola

15    -- prior to the June 4th, it's somewhat bizarre as to the

16    status.  It was a status report in the case.  I eventually

17    saw it, saying, essentially, that I'm wrong.  I don't have

18    jurisdiction, and they're not going to follow anything I do.

19    Do you remember that?  Did you see that document?

20              MR. WOO:  I know what he wrote, yes.

21              THE COURT:  Somewhat bizarre on behalf of Mr.

22    Moda.  So, that -- again, that doesn't surprise me.  That

23    was done prior, by the way, to June 4th.  So things change.

24              I -- can I say absolutely what was in Mr. Moda's

25    mind?  No, not at all, but I know what he did and there were

39

1  plenty of reason -- that particular really bizarre so-

2  called, "status report" told me basically, you know -- I

3  have to use -- well, I'm not going to use the vernacular,

4  but, you know, we don't care what you do, Judge.  And the

5  amazing thing about it is, the district court had ruled, I

6  believe, already -- I'm not sure at that time, but has ruled

7  that -- I think it had already ruled that -- that they're

8  wrong.

9        That they -- the district made it clear in several

10  opinions dealing with gentleman from -- his doctor from

11  Turkey, that he filed a suit, and that basically the

12  district in that case said, you're full of baloney.  You

13  know, you've -- that Mr. Moda had no ability to transfer it

14  to you, and your suit is full of baloney, et cetera, et

15  cetera.  And slammed everybody involved, including Mr.

16  Bhola, Mr. Moda and this doctor.

17        So, you say, "lost his mind."  That may be, but

18  that's not excuse for -- for a year or so of just totally

19  outrageous -- basically telling a judge, I don't care what

20  you say.  That's the background --

21        MR. WOO:  I get that.

22        THE COURT:  -- of -- you would argue that they

23  raised that in their objection, but that was -- but I'm the

24  one who issued, you know, the OSC.  That's the background of

25  this case, is a party to Mr. Bhola -- Mr. Bhola on his own

40

1  has own problems.  Basically just saying, too bad, we don't

2  care what you do.  We're going to go -- other court.  That's

3  where -- that's the record.

4         MR. WOO:  I understand the history, right.  So the

5  things that we are trying to express to you -- and first of

6  all, I know your Honor wants to take that history into

7  account.  I don't --

8         THE COURT:  Well, I don't want to, it is the

9  history of somebody who's --

10         MR. WOO:  I understand, but --

11         THE COURT:  -- defiant of this Court, of the

12  orders of -- now did I put that all in my original order?

13  No, of course not.  I didn't need to do that.  But now that

14  you're making the reconsideration based on, you know, all

15  these other things, now I'm compelled to say what -- it was

16  certainly in my mind at the time, I didn't feel that it was

17  necessary to put that in the order.  But, yes, of course,

18  the constant, you know, basically disrespect didn't surprise

19  me actually.  So, yeah, I -- yes.  It would have -- whoever

20  said this, you know, if you don't -- if you don't recall

21  history, you're doomed to repeat it.  Yes, it certainly

22  is --

23         MR. WOO:  Right.

24         THE COURT:  Yes, you're correct.  You argued --

25  you argued about -- complaining about their response, but it

41

1  -- but -- and I didn't put it in the original order, but of

2  course I considered not those facts, but of course now when

3  we're talking about reconsideration, of course I had to

4  consider all those things.

5         MR. WOO:  Right, but under the second prong of the

6  five-part test --

7         THE COURT:  Yes.

8         MR. WOO:  -- the consideration of whether or not a

9  dismissal should be made for the violation at issue is

10 whether there was impact on the court's docket from the

11 conduct.

12        THE COURT:  Yes.

13        MR. WOO:  But our point is that the AP case

14 literally nothing has been done.  Your Honor, I have

15 multiple AP cases in this courthouse --

16        THE COURT:  I have no -- no, there was no question

17 -- you're right.  On the first element, you're absolutely

18 right.  Sure, the delay, you know, in some of those cases

19 was four years.  So, yeah, that is the case.  But the rest

20 of it is -- yes, yes, of course.  I can -- who can argue --

21 it was clear to me, but what bothered me more than anything

22 was just the direct violation of the law.  And that -- and

23 by way, these -- the circuit cases, talking about the

24 regular case, I don't think that they're in many respects

25 talking about a -- you know, even the one that he's admitted

42

1  he lied.  There was --

2          MR. WOO:  Right.

3          THE COURT:  There were a number of cases.  I

4  forget the names of them, but none of them had to do with a

5  person who directly did not do the things we're talking

6  about.  That -- it dealt with the -- with the administration

7  of justice, namely.  And, namely, the filing of the status

8  reports, making the appearance, et cetera, et cetera.  None

9  of them really fit what happened here.

10          MR. WOO:  I don't want to excuse not filing a

11  status report or not showing up at a hearing.  Your Honor

12  keeps saying --

13          THE COURT:  What about also not -- not responding

14  to the OSC's twice?

15          MR. WOO:  Right.  And I also --

16          THE COURT:  Okay.

17          MR. WOO:  I do want to really quickly -- your

18  Honor, kept saying -- and you said it twice today.  That he

19  had no intention to appear.

20          THE COURT:  That the -- that's what I -- that's

21  what I concluded.

22          MR. WOO:  Well, yes, because he asked Mr. Bhola to

23  do it.  And I get your Honor disagrees with me and says he

24  shouldn't have done that.

25          THE COURT:  No, I don't buy that.

43

1          MR. WOO:  Yeah.

2          THE COURT:  I can tell you right now.  That was a

3  big part of it.  I don't buy that.

4          MR. WOO:  But Mr. Bhola was literally downstairs,

5  fell over, tipped over on the ramp.

6          THE COURT:  Well -- well, first of all, I -- do I

7  know -- I have questioned whether that actually happened.

8          MR. WOO:  He submitted a declaration.

9          THE COURT:  Yes, he submitted a declaration,

10  right.  And it's very interesting in that declaration that

11  he said there's -- he said, I fell and so forth.  And then

12  he submitted a report for days later.

13          Now I would have thought, if he -- if that was an

14  emergency, and that was -- there was nothing in there about

15  a fall, nothing in there that -- you know, he is -- Mr.

16  Bhola's credibility was in question, not only in the

17  district court, but in this Court, too.  So, yes, he said

18  that, but I have some serious questions about that.  That

19  it's a very simple statement, that he fell and then what?

20  Then what happened?

21          You know, there's -- so -- and the report to

22  support it is a report -- not an emergency report, it's

23  just, you know, he's clearly is in a wheelchair.  He clearly

24  has had -- you know, it's unfortunate, but clearly he had

25  medical problems, but nothing to support that.  That's the

44

1  record, by the way, counsel.  You understand?

2          MR. WOO:  I understand what's in the record.

3          THE COURT:  That's the record.

4          MR. WOO:  I saw it.  Yes.

5          THE COURT:  So, anyway, we -- so, yeah, to say it

6  was not -- it was not powerful for me as far as credibility

7  would be an understatement.

8          MR. WOO:  Okay.  I just wanted to -- because you

9  said he didn't intend to appear, I just wanted to focus on

10 that.  But let's --

11         THE COURT:  No, I wanted you to know that, that

12 I --

13         MR. WOO:  Right.

14         THE COURT:  I think he just didn't intend to

15 appear.  And it is true that counsel -- that as a courtesy

16 for one counsel to another.  But in any case, yes, I wanted

17 to make that clear.  That's the record as far as I'm

18 concerned.

19         MR. WOO:  So the worst-case scenario, let's just

20 look at it from the worst possible lens for Mr. Moda.

21         THE COURT:  Okay.

22         MR. WOO:  Didn't respond to you -- your Honor's --

23 didn't file a status report.  Didn't show up at the status

24 conference.

25         THE COURT:  Right.

45

1          MR. WOO:  Didn't respond to the OSC --

2          THE COURT:  Two --

3          MR. WOO:  -- twice.

4          THE COURT:  -- two OSC's.

5          MR. WOO:  Okay.

6          THE COURT:  So that tells me -- what would a

7  person that walked in a room say about his intent to

8  actually comply with court orders?  What does that tell you?

9          MR. WOO:  Okay.  So --

10          THE COURT:  That's the record.

11          MR. WOO:  -- not particularly good, but let's just

12  take those and --

13          THE COURT:  Okay.

14          MR. WOO:  -- put them on one side.  And then look

15  at the affect, because your Honor's already said it, what

16  happens if you dismiss the AP case?

17          THE COURT:  Well --

18          MR. WOO:  Essentially, a $32,000,000 -- thirty-

19  five now --

20          THE COURT:  Well, whatever, it goes away.  And

21  assuming -- I hadn't really thought of it, yes, those are

22  the results.

23          MR. WOO:  And it also could have been -- assuming

24  -- assuming there's no curing and this 477 keeps going up --

25          THE COURT:  Right.

46

1        MR. WOO:  -- it's also an offset if upheld on

2  appeal.

3        THE COURT:  Okay.

4        MR. WOO:  And as I indicated to you earlier,

5  assuming we get --

6        THE COURT:  Well, I don't know --

7        MR. WOO:  -- a split --

8        THE COURT:  Well, I'm not sure that's -- that's

9  accurate that it's an offset.  This is -- one has to do with

10  a state court judgment.  The other is direct violation of --

11  contempt of this Court.

12        MR. WOO:  No, what I -- what I say -- what I said

13  is -- well, the order is to pay the Debtor.

14        THE COURT:  Yeah.

15        MR. WOO:  If the state court judgment is upheld on

16  appeal, and your Honor finds it to be nondischargeable, it

17  is an offset, right?

18        THE COURT:  Yeah, yeah.

19        MR. WOO:  Right.  That's what I meant.

20        THE COURT:  I think you're probably right.

21        MR. WOO:  So that's number two.

22        And then number three was what I mentioned to you

23  earlier, is in the event we get a split result on appeal,

24  the AP judgment still is a power weapon to actually gain

25  access to those two properties.

47

1        THE COURT:  But that -- I hadn't even thought of
2   that, but again, we're -- the problem in talking
3   hypotheticals is what we're saying.
4        MR. WOO:  But it's a property right is what I'm
5   talking about.
6        THE COURT:  Yeah, I -- you're -- I can't disagree
7   with anything you've said, but it's all hypothetical.  I
8   hadn't even thought -- I figured it'd be all or nothing,
9   either -- let's say there were a lot of -- I didn't --
10  that's the one possibility I hadn't thought of, but we're
11  all speculating.
12       MR. WOO:  It's a long cause trial, and there was a
13  court judgment in addition to a jury finding.  It's a very
14  complicated record, so --
15       THE COURT:  Yeah.  Yeah.  Again, I -- now that you
16  mention it.  But I read the papers, that's papers that have
17  been supplied to me.  But, yeah, there are all sorts of
18  possibilities.  I had thought it's either total -- you know,
19  either the Debtor loses or the Debtor wins.  I hadn't
20  thought of what you said.  ut that's -- but the problem with
21  that whole argument is, I am not -- I'm focused on conduct
22  of Mr. Moda.
23       MR. WOO:  Right, but the five standards don't just
24  focus conduct --
25       THE COURT:  But look --

48

1          MR. WOO:  -- they focus on what is the result.  So

2   the result would be the deprivation of property rights --

3          THE COURT:  That's -- well, maybe.

4          MR. WOO:  -- for --

5          THE COURT:  Maybe.  Maybe.  Not necessarily.  It

6   would be that they couldn't go after the Debtor for -- well,

7   now it's 35,000,000, which of course is ridiculous, unless

8   she gets the property, too, then there's something.  But in

9   the present situation, you know, as far as I know -- I don't

10  know -- I know --

11         MR. WOO:  I mean, she's in bankruptcy.

12         THE COURT:  Yeah, she's in bankruptcy.

13         MR. WOO:  Yes, I think we can all figure out, she

14  doesn't have a lot of money.

15         THE COURT:  Right, right.  And so the likelihood

16  is that -- you know, I know because I get the reports and so

17  forth, so I know the situation now.  So, yeah.  But we'll

18  all -- the problem was we got off the road, because we're

19  talking about hypotheticals.  We're talking about -- sure,

20  that would be the consequence --

21         MR. WOO:  But the hypothetical goes to the issue

22  of why it's --

23         THE COURT:  But what happens and what -- but then

24  if I believe that -- as I do, that he intentionally did all

25  this, basically, totally, to just -- as this happened in the

49

1   past, but here, unlike the money or going to jail, which

2   finally, he finally found the -- you know, finally saw the

3   light, I guess because of you and the other attorneys.  But

4   I don't have any -- I don't have any -- what else that I can

5   do is what?

6        There are other elements there, too, by the way,

7   of the public -- public is saying, you know, how do you --

8   how do you -- a person who, my belief is, was basically

9   telling to the judge, you know, tough, you know, as far as

10  administration of justice for me.

11       And I spent, by the way, a lot of time on this --

12  on this particular issue.  I've spent a lot of time digging

13  through all what -- the past and the present and all, so --

14  and on and on.  The impact on me, as well as the other side,

15  it's been a lot of effort dealing with this.  So, yes, every

16  -- I can't disagree with the possibilities of what you say.

17       MR. WOO:  Dealing with the shenanigans created by

18  the property issues, the contempt, et cetera, I want to

19  focus your Honor on what was the effect, aside from -- I

20  understand the perceived disrespect of not filing a status

21  report, not showing up at a status conference, not

22  responding to an OSC.  I'm just focusing on those

23  elements --

24       THE COURT:  Well, you should have perceived it was

25  real.  But actually, go on.

50

1          MR. WOO:  I'm sorry, your Honor?

2          THE COURT:  You say, "perceived disrespect."  You

3  can't conclude -- I can't conclude anything other,

4  especially with Mr. Bhola's rather bizarre statement that we

5  -- you know, by the way, that had to do with the property,

6  but it was on behalf of Mr. Moda.  He said that we're just

7  not going to comply.

8          MR. WOO:  It's the wrong argument, and your Honor

9  found that and Judge Hsu (phonetic) found it, right?  Should

10 it have been made?  No.  But again --

11         THE COURT:  No, no, no, that -- no, that -- no.

12 I'm talking about the status report that he filed.  It

13 wasn't a status report.  Mr. Bhola basically saying that

14 that wasn't -- the argument wasn't made in front of Judge

15 Hsu or me, it was just a status report saying, by the way,

16 you can do what -- you know, Judge, you're not -- I don't

17 know, real judge, whatever.  You don't have jurisdiction.

18 We're just not going to do whatever you want to do.  It

19 doesn't -- didn't surprise me after that, that Mr. Moda did

20 or didn't --

21         MR. WOO:  And yet he did it.

22         THE COURT:  Yeah.

23         MR. WOO:  Yeah, but -- and yet he did it.

24         THE COURT:  Only -- only in the threat of being

25 sent to jail.

51

1           MR. WOO:  Okay, but he did it.

2           THE COURT:  Okay.  Yeah.

3           MR. WOO:  And they have the properties back, and

4  now they're earning income on property --

5           THE COURT:  Yeah.  Well, and again --

6           MR. WOO:  -- that's been --

7           THE COURT:  -- again, if --

8           MR. WOO:  Yes.

9           THE COURT:  Again, I have -- I keep saying this ad

10 nauseam, I have no opinion on the state court.  I mean,

11 whatever they finally do, whether it's in favor of the

12 Debtor or not, I don't really -- you know, I -- it doesn't

13 matter to me.  I have full faith of what the state court

14 does.

15           So, we're just -- we're just circling around.

16           MR. WOO:  Well, no.  I mean, because your Honor

17 keeps focusing on the willful conduct of not showing up for,

18 essentially, two or three hearings, and not filing a status

19 conference.

20           THE COURT:  Yes.

21           MR. WOO:  But everybody wants to focus on all the

22 negative conduct that goes back a year or so, et cetera.

23           THE COURT:  Well, it does affect --

24           MR. WOO:  Right.

25           THE COURT:  Just so you understand, it does affect

*Echo Reporting, Inc.*

**ER-950**

52

1   me and the administration of justice what was done.  You

2   asked about what's the public perception of having -- having

3   somebody who directly says, you know, basically, tough.

4   We're not going to follow anything.  And has now almost

5   500,000 -- I think it was four.  I haven't kept track.

6          That perception of fairness, the problem is I

7   haven't seen any of the cases that -- yes, they -- when I

8   had been -- I was on the Bankruptcy Appellate Panel for a

9   number of years.  And we -- when we make statements like

10  this -- it's a circuit, I don't disagree obviously what the

11  circuit has said, but they're talking about your normal,

12  your normal case.  I don't -- I didn't see anyone in there

13  except for that one that had the person that admitted he

14  committed perjury.  I forget the name of what -- the case.

15         But this situation, I don't think that they've

16  addressed -- you know, I will -- you know, when I finally

17  decide this -- and I intend to write an opinion on this.  I

18  have -- you know, that's why I set it for a hearing.  I

19  don't always set it for a hearing, but I wanted to hear what

20  you had to say.

21         There are -- is an impact, not only on the Debtor,

22  but on administration of -- and affecting me, too, in having

23  to deal with this situation.  So it's not just, you know, no

24  harm, no foul --

25         MR. WOO:  No, that's not what I'm saying.  But I'm

53

1  saying in relationship to the effect of the dismissal --

2        THE COURT:  But we don't know the effect.  That's

3  -- we both know what might happen.  You're right, I hadn't

4  thought about the split decision, but you're right.  But

5  none of us here, including myself, know what will happen,

6  but I think that's a strong argument.  We don't -- we don't

7  know.

8        Now if -- if this happened, you know, years from

9  now, eventually the -- you know, the state courts, again,

10 decide this.  And then you may say, fine, judge, we don't

11 care about the 35,000,000 as long as we got the property

12 back.  But as you point out, we don't know that at the

13 moment.

14        MR. WOO:  Well, I mean, it -- your Honor says it's

15 hypothetical, but let's think about it from a different

16 standpoint.  Nothing has happened in the AP case because

17 everything is stayed pending --

18        THE COURT:  That's right.

19        MR. WOO:  -- the state court of appeal.  Nobody's

20 filing any motions.  There's no discovery.  There's no

21 activity whatsoever in the AP case.

22        THE COURT:  Well, I don't know that to be true

23 actually, because if you say in -- that's not -- that's not

24 fair statement.  Because in the case itself, yes, the appeal

25 is going on.  So that is activity, not at the trial level,

54

1  you're right, but, yes, a lot of activity is going on.

2          MR. WOO:  But not here in this -- in your Honor's

3  proceeding.

4          THE COURT:  No, no.  There's not --

5          MR. WOO:  Yes, that's what I meant.

6          THE COURT:  And the trial didn't affect me at all.

7  So -- but you're right, but that -- but there's a lot going

8  on in that -- not in this court, you're absolutely right.

9          MR. WOO:  And that's one of the factors that's

10 considered.

11         THE COURT:  But that's --

12         MR. WOO:  And then here's the second factor.

13         THE COURT:  -- that's the first factor, which I

14 agree is -- I understand.  But the rest of those impact on

15 the Debtor and on me and --

16         MR. WOO:  Well, I'm sorry.  I have to raise this.

17 There's no prejudice whatsoever on the Debtor because he

18 didn't show up at a status conference --

19         THE COURT:  Well, we're here today.

20         MR. WOO:  -- for the AP case.

21         THE COURT:  Well, first of all, we're here today

22 dealing with this -- with no only the order to dismiss it,

23 but we're all -- which is -- and we have counsel for that.

24 There is also now your motion for reconsideration.  So,

25 yeah, it's still by -- with the conduct, yes, it does -- has

55

1  affected the Debtor.

2          MR. WOO:  Well, your Honor, in both state and

3  federal court litigation, having to appear to litigate the

4  merits of a motion by somebody else is not prejudice.

5          The issue is, did his non-appearance prejudice the

6  Defendant in the AP case?  The answer is, absolutely no,

7  because there's nothing procedurally or substantively

8  occurring in the bankruptcy court under the AP case number.

9          THE COURT:  Okay.  Now what -- and what do you do

10 with administration of justice?  I was --

11         MR. WOO:  I completely understand that.

12         THE COURT:  Well, let --

13         MR. WOO:  I hear you.  You've said that from the

14 moment we've started.

15         THE COURT:  Well, the usual, and I've read these

16 cases over years.  I've never had one like this.  At the end

17 of the day, the biggest one is the last one, mainly what

18 we're talking about.  At the end of the day, yes, the other

19 things.  But at the end -- at the end of the day the

20 question is, what can I do about it, just look the other

21 way?  And that --

22         MR. WOO:  Well, no.

23         THE COURT:  To me, that's the -- at the end of the

24 day in this case, that's -- you don't agree, but that to me,

25 that's the big one.  I can't just sit back and say, okay,

56

1  Mr. Moda lied.  He didn't attend or appear, but, okay, no

2  harm, no foul.  I'm just not going to -- I'm just going to

3  let it continue.

4          MR. WOO:  Well, there's two things.  So, you're

5  going -- you're jumping to the fourth one, less drastic, but

6  let's talk --

7          THE COURT:  Yes.

8          MR. WOO:  I mean the fifth one.  Let's talk about

9  the fourth one.

10         THE COURT:  Yes.

11         MR. WOO:  The fourth one is, we should resolve

12 matters on their merits.

13         THE COURT:  Well, of course.  Of course.

14         MR. WOO:  And by dismissing it, we would not be

15 addressing it on the merits.

16         THE COURT:  Well, that's obvious from the

17 dismissal.  Of course.

18         MR. WOO:  Right.

19         THE COURT:  You're right.

20         MR. WOO:  Okay.  So I feel that I've proven four

21 of the five elements, and now we're on the fifth, which your

22 Honor is --

23         THE COURT:  Not --

24         MR. WOO:  -- lumping together with administration

25 of justice.

57

```
 1          THE COURT:  Well, I think it in all of these cases
 2   is, the fact is, it's -- when the circuit lays out these
 3   various factors, typically, that's what you look at when
 4   you're dealing with -- but every case is different, and
 5   that's what I have to decide.
 6          Essentially to say, in spite of everything I told
 7   you, that I don't -- that there's been -- basically, of
 8   course been lied to.  That -- and more than that, just total
 9   disrespect of the system.  I mean, I don't take it
10   personally.  Yeah, all of that, and they say, well -- and
11   that I think is important.  So that's what I'm -- that's why
12   I have the hearing.  So, I -- why don't we do this.  Why
13   don't you tell me what more you want to tell me, but I
14   thought I'd tell you right up front --
15          MR. WOO:  No, we laid it out -- we laid it out in
16   the papers.
17          THE COURT:  You've laid it out.  So let me hear
18   from the other side.
19          MR. WOO:  Sure.  Thank you, your Honor.
20          THE COURT:  You're welcome.
21          MS. MAZGANI:  Thank you, your Honor.  First of all
22   I'd like to start off by saying that Mr. Woo has
23   continuously referred to the AP proceeding as something that
24   is being stayed.  That there's nothing going on.  Well, that
25   may be -- that is true in a sense, however, the AP case is
```

58

1  not in a bubble.  The AC -- the AP case is directly related

2  to the underlying bankruptcy case.  And all of the -- all of

3  the contempt orders, all of the sanctions orders, as you

4  have correctly --

5          THE COURT:  Well, that's why the case was filed

6  obviously as an involuntary to begin with.

7          MS. MAZGANI:  Exactly.  As you've correctly

8  stated, the only thing that forced Mr. Moda to do any type

9  of remedial measures was the fact that you had threatened

10 with incarceration.

11         Now I know that we're not supposed to make new

12 arguments, but because the property issue has been

13 addressed, I think it's opened the door for me to respond to

14 it at this point.

15         That after you, your Honor, went ahead and

16 dismissed the adversary proceeding, Mr. Moda decided that he

17 was going to go again and file it on October 25th, 2024,

18 okay, which is after you had already given the order in this

19 case dismissing it, that he went and filed a corrective

20 grant -- corrective -- sorry,  corrective grant deed

21 granting to mister -- Dr. Mehmet Villi Agwon (phonetic)

22 title to the subject properties for the properties that the

23 Debtor has that are located on Massachusetts Avenue.  Which

24 Mr. Zolkin, unfortunately, didn't include in his status

25 report, but I think that it would be very important for you

59

1  to know that the shenanigans haven't stopped.  They're

2  ongoing.  I am actually waiting for title company to send

3  over documents to me that prove --

4          THE COURT:  Well, let me back -- let me back --

5          MS. MAZGANI:  -- that the title is not in the name

6  of the Debtor yet.

7          THE COURT:  Well, let me back up.  Again, I don't

8  want to go beyond the record.  That's why I'm glad that

9  counsel was still on it.  That this is -- that all I know is

10  -- and I've spent -- I've spent a huge amount of time,

11  because I want to get -- this is important to both sides.  I

12  read every document from, basically from day one, and I did

13  read the statement actually from this Turkish doctor, Zulkan

14  (phonetic) or whatever his -- not -- whatever --

15          MS. MAZGANI:  Dr. Agwon.

16          THE COURT:  -- whatever his name.  I don't

17  remember his name, saying he's transferred, he's complied,

18  and, of course, Mr. Moda, his declaration said -- and his

19  attorney.

20          So is -- are you telling me -- again, this is -- I

21  don't want to get too much into it at this point, but I'm

22  glad counsel for the Debtor in the case is listening.  That

23  there is still something out there?  Because I don't want --

24  I don't want to get too -- because then it would be unfair

25  for the other side, because -- but it's important.  You're

60

1  saying right now this -- that this property's not back in

2  the Debtor?

3           MS. MAZGANI:  That is correct, your Honor --

4           THE COURT:  Okay.

5           MS. MAZGANI:  -- as far -- yes.

6           THE COURT:  I'll leave it at that.  I don't know

7  if that's accurate.  That's your opinion, but I'm glad

8  counsel is here, and counsel on the tube is listening.

9  Because if that's the case, quite aside from -- totally

10  aside from this particular matter before me, because that's

11  not evidence in the record.  I suspect they're going to be

12  -- something else going on.

13           I find that hard to imagine.  I don't say you're

14  not telling me the truth, but I had understood in the --

15  that everything -- in fact, Mr. Selth had signed off.  I was

16  going through all the documents, and he had said, yes, I'm

17  satisfied that there's no longer -- and we have the contempt

18  and so forth.

19           I'm not saying he's right or wrong, but at least

20  if something has happened since, you should then contact the

21  other -- I'll leave it at that.  I don't want to discuss

22  that any further, because it's not fair to Mr. Moda, but I

23  -- but clearly if that's happened, is -- anyway.

24           MS. MAZGANI:  And I just wanted to put that out

25  because the property issues.

61

1          THE COURT:  No, no, I --

2          MS. MAZGANI:  -- and I'm going to move on from

3   what.

4          THE COURT:  Yeah.  No, no, I don't want --

5          MS. MAZGANI:  I'm not going to continue that.

6          THE COURT:  Yeah.  I'm not going to consider that

7   at all.

8          MS. MAZGANI:  The other -- sure.  So sanctions are

9   supposed to be given -- are supposed to be imposed on a

10  party as a deterrent, correct?

11         THE COURT:  Right.

12         MS. MAZGANI:  And Mr. Zolkin stated out today that

13  there's over $477,000 in sanctions, monetary sanctions that

14  are out there.

15         THE COURT:  Well, what I think counsel --

16         MS. MAZGANI:  Opposing counsel --

17         THE COURT:  As a -- basically, as I understand,

18  he's basically saying, I shouldn't -- I should reverse it

19  without -- that we can't think of any sanctions, because I

20  think counsel has said that -- that it's either -- either

21  dismissal or pay -- or a fine, and neither -- and the fine

22  that doesn't have any impact.

23         So, basically I think what counsel -- not to put

24  words in his mouth, is saying that basically in all the

25  facts of all the elements, that I should just reverse it

1  without imposing any monetary sanctions because that

2  wouldn't make any difference, at least that's what I

3  understand, but -- so.

4          MR. WOO:  Right.

5          MS. MAZGANI:  Right.  So --

6          THE COURT:  So at least that's where I think we're

7  at.

8          MS. MAZGANI:  So, yeah, monetary sanctions, that

9  particularly if he is going to claim hardship, which sounds

10 like that's where this is going --

11         THE COURT:  Well, it hasn't been claimed --

12         MS. MAZGANI:  -- then it's not going to do

13 anything.  There's no deterrence.

14         THE COURT:  -- it hasn't been -- it hasn't been

15 claimed yet in --

16         MS. MAZGANI:  Well, Mr. Woo in his argument

17 standing up here for the 45 minutes did make that argument,

18 your Honor.

19         THE COURT:  Well, no, no, but it hasn't been done

20 with any proof.

21         MS. MAZGANI:  I understand that.

22         THE COURT:  Yeah.

23         MS. MAZGANI:  But my point is, if they're already

24 putting that out there, then that argument will be made.

25         THE COURT:  Well, I don't consider -- I haven't

63

1  considered that at all because there's no --

2              MS. MAZGANI:  Okay, your Honor.

3              THE COURT:  -- evidence of it.

4              MS. MAZGANI:  Very well, your Honor.

5              THE COURT:  In any case, that would only go to the

6  contempt.  That would only stop the running of the money if

7  -- but what I -- and that would not undo the almost $500,000

8  in sanctions.  It would only -- that -- what that would do

9  is if I felt -- as an example, if I really felt in this case

10  here, Mr. Moda, actually had the ability to pay, and I have

11  no -- I have no evidence one way or the other, and didn't,

12  then, yeah, then incarceration would be on the table.  But

13  that's -- that hadn't even occurred to me until you just

14  mentioned it.  But, sure, the only time you -- I have civil

15  -- that's civil contempt.  That's criminal -- the -- as a

16  former prosecutor I know the difference.  But the only time

17  civil contempt is, as in the case, is if it's something

18  that's in his ability to do, and he won't correct it.

19              Now if a person has the money and just says, I --

20  tough, I'm not going to pay, yeah, then incarceration would

21  be back on the table.

22              MS. MAZGANI:  And --

23              THE COURT:  But I have no evidence whatsoever.

24              MS. MAZGANI:  -- I'm not arguing that your Honor

25  should incarcerate Mr. Moda, but I believe that you made --

64

1          THE COURT:  No, and I have no intention to.

2          MS. MAZGANI:  -- the correct ruling by dismissing

3  his adversary proceeding.

4          THE COURT:  Yeah.

5          MS. MAZGANI:  And particularly with prejudice

6  considering all of his past conduct, all of the orders of

7  contempt.  And, again, you said -- I had already written

8  this down to address it today, but your Honor very

9  eloquently stated, the only thing that caused him to do any

10 kind of remedial action was the threat of incarceration.

11 So, monetary sanctions are not going to do anything here.

12         And I just wanted to put that out there, because

13 this is very, very frustrating that we have to continuously

14 come into court because Mr. Oda -- Mr. Moda decided that he

15 wants to not follow the law of the bankruptcy court.  That

16 just makes no sense to me.

17         THE COURT:  All right.  Thank you.

18         MS. MAZGANI:  Thank you, your Honor.

19         THE COURT:  All right.  Counsel?  Because I am

20 going to take this under submission and write something,

21 just so you understand.

22         MR. WOO:  I'll just say this.  Nothing in the

23 opposition, except for the fact that your Honor does give

24 credence to some of the history in the main case and the

25 contempt proceedings, nothing in the papers or the argument

65

1  that was just presented to you addresses the actual factors,
2  the legal factors --
3          THE COURT:  I understand.
4          MR. WOO:  -- for this motion.  So I'll leave it at
5  that and --
6          THE COURT:  Okay.  And that's why I wanted to have
7  this hearing, because my opinion is, the -- I'm familiar
8  with the law, but I've not seen any of the cases that
9  actually discuss these -- these sort of facts.
10          MR. WOO:  Right.  And lastly, your Honor --
11          THE COURT:  Normally, they're talking about -- you
12  know, like that one case with a four -- four-year delay,
13  nobody did anything.
14          MR. WOO:  Yes.
15          THE COURT:  Those are -- those are the normal
16  cases.  This is not normal.  That's why when I decided what
17  to do, I'm going to intend to write something, because it is
18  different.
19          MR. WOO:  There's nothing about this dispute
20  dating back to 2016 that's normal.
21          THE COURT:  Well, that's -- I will say this.  I am
22  very thankful that -- I was not happy with a lot of the
23  things that Mr. Bhola did.  I'm happy for Mr. Moda's sake.
24  Not only for Mr. Moda's sake, but for my sake.  I always
25  welcome having good counsel on both sides, so I can temper

66

1  whatever the parties want to do.  So I'm glad that we had

2  counsel for the Debtor, and now we have, you know, Mr.

3  Zolkin, we have Mr. Selth.  And I'm delighted that we now

4  have obviously serious counsel that knows what they're doing

5  about bankruptcy that matter from your standpoint.

6          MR. WOO:  And lastly, I know your Honor's not

7  going to consider the comments about the recent --

8          THE COURT:  No.  No, no.

9          MR. WOO:  -- issues, so I won't address it.  Thank

10 you, your Honor.

11

12         THE COURT:  I've had -- no, no.  Fortunately, the

13 difference between a jury trial and judge, I have no problem

14 in not considering things.  There's no -- no, I hear it, and

15 counsel, Mr. Zolkin, is on the line.  If it's true, that's a

16 problem, but, no, I clearly -- you've got -- if you've been

17 before me before, people will say stuff.  I say, you know,

18 that's not -- I have no problem whatsoever totally ignoring

19 that for these purposes.  I don't know if that's accurate or

20 not.  I'm not saying counsel would be not telling me the

21 truth, but I -- but as far as a legal matter, I have -- I

22 have no opinion on that.

23         MR. WOO:  Thank you, your Honor.  Appreciate it.

24         THE COURT:  It sounds like you'll be -- at least

25 there will be something filed, or maybe not.

*Echo Reporting, Inc.*

**ER-965**

67

1          Anyway, thank you.  I'm going to -- I'm going to

2    take it under submission.  I really want to think about it.

3    That's the only reason I set this for a hearing, and I'll --

4    I'm going to write something.  It may take a little while,

5    but I will do it.

6          So, anyway, thank you very much.  It's been very

7    helpful, and that concludes this hearing.

8          MS. MAZGANI:  Thank you, your Honor.

9          THE COURT:  Thank you.  Perfectly.  I have a

10   security meeting at 12:15, so I just -- I wasn't looking at

11   the clock, but I just made it.  Anyway, thank you very much.

12         MR. WOO:  Thank you, your Honor.

13         THE COURT:  You're welcome.

14       (Proceeding concluded.)

15

16         I certify that the foregoing is a correct

17   transcript from the electronic sound recording of the

18   proceedings in the above-entitled matter.

19   /s/ Jeane Hoehner_____     1-25-25_____
     Transcriber                         Date

20

21   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

22   /s/ L. L. Francisco_____
     L. L. Francisco, President
23   Echo Reporting, Inc.

24

25

*Echo Reporting, Inc.*

**ER-966**

<table>
<tr><td>1</td><td></td></tr>
</table>

FILED & ENTERED

MAR 05 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

MAHVASH MAZGANI,

                                    Debtor.

_____

KEVIN MODA,

                                    Plaintiff,

        v.

MAHVASH MAZGANI,

                                    Defendant.

_____

Case No. 2:19-bk-21655-BR

Chapter 11

Adv. No. 2:20-ap-01637-BR

**MEMORANDUM OF DECISION DENYING
KEVIN MODA'S MOTION FOR
RECONSIDERATION (DOCKET NO. 104)**

This matter is before the Court on the motion for reconsideration of this Court's
September 24, 2024 order dismissing with prejudice Kevin Moda's October 2, 2020
complaint for non-dischargeability of debt and denial of discharge against the debtor
(Docket No. 104).

Moda's willful failure to file a status report or appear at the June 4, 2024 status
hearing resulting in the dismissal did not occur in a vacuum.  Rather, it was a continuation
of months of his abusive conduct, including knowingly violating Court orders, filing
numerous frivolous pleadings in both this Court and in the District Court and being found
in contempt of this Court's orders, which will be discussed in detail herein.

ER-967

His history of defiance of numerous court orders resulting in sanctions now in the amount of approximately $500,000, without a dollar being paid, has not acted as a deterrent to Moda's abuse of the judicial system.  As discussed below, the only appropriate sanction for Moda's conduct was the dismissal of his adversary proceeding with prejudice.

Therefore, his motion for reconsideration, for the reasons stated herein, will be denied.

## <u>HISTORY OF THE BANKRUPTCY CASE</u>

On October 2, 2019, an involuntary petition was filed in this Court against the debtor Mahvash Mazgani.  At the time, the debtor and Kevin Moda (the debtor's nephew) were involved in litigation in Los Angeles County Superior Court involving the ownership of two properties:  one at 141 South Clark Drive, Unit 320, Los Angeles, California  90048 and another at 10950 Massachusetts Avenue, Los Angeles, California  90024.

On May 12, 2020, an order for relief was entered in the involuntary chapter 7 case and on the same day (Docket No. 174), the debtor moved to convert the case to a chapter 11 reorganization (Docket No. 175).  On July 15, 2020, the case was converted to chapter 11 (Docket No. 250).

On July 16, 2020, Moda filed a motion for relief from the automatic stay (Docket No. 257) so the state court action could proceed.  The motion specified that Moda "agree[d] that the *stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate,*" except that Moda would be able to file a proof of claim and/or an adversary proceeding in this Court. On September 16, 2020, the Court granted the motion (Docket No. 356).

On October 2, 2020, Moda filed a cross-complaint in the state court action, asserting that the Mazganis owed him a non-dischargeable debt arising out of Mahvash

-2-

ER-968

1  Mazgani's alleged defrauding of Moda and mishandling of a trust held for Moda's benefit.

2  The same day, Moda filed this adversary proceeding against the debtor alleging actions

3  under §§ 523(a)(2)(A), (a)(4) and (a)(6), and §§ 727 (a)(2), (a)(3) and (a)(4).

4

5          On July 7, 2023, Moda obtained a judgment against the debtor in the state court

6  action.   The state court judgment awarded Moda both the Clark Property and the

7  Massachusetts Property, and over $30 million in damages (including treble damages).

8  On July 12, 2023, the debtor appealed the state court judgment.

9          On September 21, 2023, Moda filed a motion for an "Order Confirming Termination

10 of Stay" (Docket No. 835). Moda argued that the State Court Judgment "led to excluding

11 the [Clark and Massachusetts] properties from the automatic stay." (Docket No. 835).

12 Therefore, Moda argued, he could enforce the State Court Judgment regardless of the

13 bankruptcy stay. On October 18, 2023, this Court denied Moda's motion and confirmed

14 that "the automatic stay remains in effect as to enforcement of any judgment in the

15 Superior Court case." Moda then appealed that order.  On September 4, 2024, the District

16 Court affirmed this Court's October 18, 2023 order.

17

18         On June 10, 2024, in a related appeal, Case No. 2:24-cv-02762-WLH, the District

19 Court commented on Moda's and his then attorney Vipan Bhola's continued violation of

20 the automatic stay:

21         Despite the pending appeal, and in complete disregard of Judge
22 Russell's order, Moda and his attorney, Vipan Bhola, violated the stay. In
   an order dated January 19, 2024, Judge Russell found that Moda and Bhola
23 had
           "attempt[ed] to enforce Mr. Moda's non-final Superior
24 Court judgment by: 1) Mr. Moda sending letters to Debtor
   [Mahvash Mazgani]'s tenants identifying himself as owner of
25 Debtor's property and directing them to suspend payment of
   rents to Debtor; and 2) by Mr. Bhola filing an Ex Parte

ER-969

Application for Mr. Moda in the Superior Court seeking such
an order."

Judge Russell ordered Moda and Bhola to pay compensatory
sanctions and punitive damages for their violation of the stay. Nevertheless,
Moda continued to violate the stay. . . .

(Order Holding Moda in Contempt, Bkr. Docket No. 1081 at 2–3).

Among other remedial actions, Judge Russell ordered Moda to
record recissions of both grant deeds recorded on February 26, 2024, that
purported to deliver the Clark and Massachusetts Properties to Aslan (the
"Grant Deeds"). (Id. at 3). Judge Russell further ordered Moda to provide
proof of his remedial actions by March 25, 2024, or "pay sanctions of $1,000
per day to Debtor's attorneys of record from and after March 25, 2024 until
proof of all the Remedial Actions is provided." (Id.).

On April 4, 2024, Aslan, represented by Bhola, initiated this action
against Defendants Nazanin Mazgani, Neyaz Mazgani, and Clemente R.
Cuevas, seeking to enforce the State Court Judgment.4 (See generally
Compl.). Defendants Nazanin and Neyaz Mazgani filed the instant Motion
to Dismiss on April 26, 2024. The Clerk of Court entered default against
Defendant Cuevas on May 8, 2024.

On June 4, 2024, Judge Russell issued an Order to Show Cause
Why Additional Punitive Measures Should Not Be Imposed on Kevin Moda
for His Failure to Remediate His Actions Taken in Violation of the Automatic
Stay. (Order to Show Cause, Bkr. Docket No. 1124). That order explains
that Moda has never provided proof of the remedial measures Judge
Russell ordered him to take in the Order Holding Moda in Contempt. (Id.at
2). Nor has Moda paid any of the ordered sanctions. (Id.).

II. DISCUSSION

Like each of Moda's bankruptcy appeals in this Court, this case is
another clear attempt by Moda and Bhola to circumvent the authority of the
Bankruptcy Court, enforce the State Court Judgment that is currently on
appeal, and take possession of the Massachusetts and Clark Properties.
Though there are many reasons to dismiss this case with prejudice, the
Court will explain the simplest reason so as not to further waste judicial
resources on Moda. Aslan does not have standing to bring this case. "The
constitutional standing doctrine… prohibits a litigant from asserting another
person's legal rights." Frank v. Wells Fargo Bank, N.A., 620 F. Supp. 3d
1024, 1027 (C.D. Cal. 2022) (citing City of Rialto v. W. Coast Loading Corp.,
581 F.3d 865, 877 (9th Cir. 2009)). Aslan is not the rightful owner of the
Massachusetts or Clark Properties. Moda's execution of Grant Deeds

ER-970

purporting to transfer the Properties to Aslan was a violation of the automatic stay and in contravention of Judge Russell's orders. <u>Moda has no right to the Properties while the State Court Judgment is being appealed and the bankruptcy stay is still in effect.</u>  Moreover, Judge Russell has already ordered Moda to record recissions of the Grant Deeds upon which this entire action is based. Since Aslan has no standing to bring this action, the case must be dismissed.  (Emphasis added.)

The Motion is GRANTED, and the case is DISMISSED with prejudice.

(Emphasis added.)  (District Court Case No. 2:24-cv-02762-WLH, Docket No. 43, page 4, lines 3-24 through page 6, line 22).

## THE NON-APPEARANCE AT THE JUNE 4, 2024 STATUS CONFERENCE

On March 1, 2024, Vip Bhola withdrew as Moda's attorney in the adversary proceeding.  On March 12, 2024, a status conference was held in the adversary proceeding.  Moda appeared in pro per.  The court continued the status conference on the record to June 4, 2024 (Docket No. 75).

Moda did not file a status report for the June 4, 2024 status conference.  Debtor timely filed a unilateral status report on May 21, 2024 (Docket No. 76).

On May 24, 2024, Moda (through Vip Bhola) filed an "Updated Status Conference Report Of Creditor, Kevin Moda Regarding State Court Litigation".  This document was not actually a report regarding the state court litigation but rather defiant and bizarre statements that he was not going to abide by this Court's orders regarding his violation of the automatic stay.  The report stated:

This Status Conference Report is filed by plaintiff/creditor, Kevin Moda, by and through his counsel.

This court recognizes that it lacks the jurisdiction and the authority to do anything else besides declare that "there is a stay" (which there is not). Creditor, Mr. Moda, made it abundantly clear that he is not going to abide by a void admonition to relinquish the real property and put himself in jeopardy of violating banking laws and lender laws.

While we sympathize with the court's lack of jurisdiction, that is something for the Article III court to decide, and we are ready to have that issue considered.

ER-971

The Debtor claims that she incurring $375,000 per year for fees and expenses, while Mr. Moda is incurring $280.000 per month in interest for the Debtor's lack of payment of the Judgment.

(Bk. Case No. 2:19-bk-21655-BR, Docket No. 1123, page 2, lines 1-12)

This report is bizarre because almost two months prior to this May 24, 2024 status report, on March 27, 2024, the District Court dismissed Moda's appeal from this Court's January 19, 2024 order sanctioning Moda and his attorney, Vip Bhola, for violations of the automatic stay.

Considering this statement of defiance, it is no surprise that Moda did not file a status report or appear at the June 4, 2024 status conference.

Although Moda had previously filed numerous status reports and had appeared at prior status conferences, the Court finds that he did not intend to appear or have Bhola appear on his behalf on June 4, 2024.  He no doubt felt that this Court might impose another monetary sanction which he would simply ignore as he had previously done numerous times.  As will be further discussed herein, this Court has already imposed almost $500,000 in sanctions against Moda, of which not one dollar has been paid.

On June 4, 2024, the continued status conference was held.  Moda did not appear. The Court entered an Order to Show Cause set for August 6, 2024 as to why the adversary proceeding should not be dismissed for Moda's failure to file a status report or appear at the status conference and ordered Moda to file any response to the OSC no later than July 23, 2024 (Docket No. 77).

On June 6, 2024, the Bankruptcy Court Noticing Center served Moda at his address of record with the OSC set for August 6, 2024 (Docket No. 79).  Moda did not file a response to the OSC even though Moda had been served with the OSC.

On August 6, 2024, the Court, being unaware that the OSC had been served by the Noticing Center, believed Moda had not been served with the OSC.  At that hearing,

-6-

ER-972

1  Moda stated he had not been served with the OSC despite the fact that he was properly
2  served by the Noticing Center.  The Court finds his denial of not being served not to be
3  credible and does not rebut the presumption that he received the OSC.

4      The Court then set a new OSC to be heard on September 24, 2024 as to why the
5  adversary proceeding should not be dismissed and ordered Moda to file any response to
6  the OSC no later than September 10, 2024.

7      On August 9, 2024, the Noticing Center served Moda at his address of record with
8  the OSC set for September 24, 2024 (Docket No. 87).  On August 12, 2024, debtor's
9  counsel also served Moda with the OSC (see, Proof of Service filed on August 12, 2024
10  (Docket No. 88).

11      Moda did not file a response to the OSC despite being served by both debtor's
12  counsel and the Noticing Center.

13      On September 10, 2024, Vip Bhola, Moda's prior attorney, filed an unauthorized
14  response to the OSC allegedly on behalf of Moda (Docket No. 89).  His six page response
15  consisted of his declaration and an Exhibit "A" which reflected a June 8, 2024 office visit
16  to the Santa Clarita Imaging And Interventional Center, with no mention of an alleged fall
17  by Bhola on June 4, 2024.

18      Most of his declaration, except for a short paragraph, did not deal with the failure
19  of Moda to appear for the June 4 hearing, but rather, Bhola's apology for his prior improper
20  conduct before this Court relating to his violation of the stay for which he was sanctioned
21  as discussed below.

22      His declaration stated:

23        10.    On June 4, 2024, I arrived at the Los Angeles Courthouse
24  wheelchair ramp with nearly 25 minutes to spare to make it from that
building to the Courthouse.  On the way up the wheelchair ramp, I tipped
25  sideways and fell off my chair and my chair landed atop me.  I could not
26  move and had no way of alerting anyone of my fall as the chair was atop
me.

27        11.    My failure to appear at the June 4, 2014, status conference,
28  which resulting in Mr. Moda's subsequent nonappearance, was due to a
physical disability that required urgent medical attention.  I have attached

ER-973

the corresponding medical record hereto and incorporate it herein by reference as **Exhibit A**.

(Docket No. 89, page 4, lines 3-11)

Bhola's story about falling on his way to Court on June 4 was clearly fabricated.

There was never an explanation as to what happened after Bhola's alleged fall. For instance, how did he finally get up? Why didn't he call the Court to notify it that he could not come? Everytime Bhola attended Court in his wheelchair, there was someone with him to assist him. Why didn't the person assist him?

One would have thought that Bhola within a few days would have notified the Court as to why he did not appear. Indeed, Bhola's only notification of his alleged fall was his September 10, 2024 declaration, over three months after his alleged fall on June 4 and after the OSC was issued. Rather than attach an exhibit that demonstrated a need for urgent medical attention, his Exhibit A appears to be of a doctor's appointment of a regular office visit at 2:48 p.m. on June 8, 2024, four days after the June 4, 2024 at 10:00 a.m. status conference.

On September 24, 2024, the Court held the hearing on the OSC. Although Moda had not filed a response to the OSC, he appeared with his new attorney, Felix J. Woo.

///
///
///
///
///
///
///
///

-8-

ER-974

1    Moda's failure to appear at the June 4 status conference was a continuance of his

2    many months of his abuse of the judicial system.  The Court has concluded that Moda

3    intentionally failed to file the required[1] status report for the June 4 status conference for

4    the adversary proceeding and intentionally failed to attend the status conference.  On

5    September 24, 2024, this Court dismissed Moda's adversary proceeding with prejudice.

6

7    **PRIOR MONETARY SANCTIONS BY THIS COURT AGAINST MODA**

8    On January 19, 2024, this Court ordered sanctions against Moda and Bhola in the

9    sum of $34,956 for their violations of the automatic stay [Doc. No. 993].1[2] When these

10   sanctions were not paid by the deadline of February 6, 2024 set forth in the Order, the

11

12

13   _____

14   [1]    Local Rule 7016-1 "Status Conference, Pretrial, And Trial Procedure" provides in
     pertinent part:

15
          (1)  <u>Who Must Appear</u>.   Each  party  appearing  at  any  status
16             conference  must  be  represented  by  either  the  attorney  (or
               party, if not represented by counsel) who is responsible for
17             trying the case or the attorney who is responsible for preparing
               the case for trial.
18                                         * * *

19        (2)  <u>Contents of Joint Status Report</u>.  Unless otherwise ordered by
               the court, at least 14 days before the date set for each status
20             conference the parties are required to file a joint status report
               using mandatory court form <u>F 7016-1.STATUS.REPORT (and
21             F 7016-1.STATUS.REPORT.ATTACH</u>, if applicable).
                                           * * *
22        (g)    <u>Failure to Appear at Hearing or Prepare for Trial</u>.  The failure of a
          party's counsel (or the party, if not represented by counsel) to appear
23        before the court at the status conference or pretrial conference, or to
          complete the necessary preparations therefor, or to appear at or to be
24        prepared for trial may be considered an abandonment or failure to
          prosecute or defend diligently, and judgment may be entered against the
25        defaulting party either with respect to a specific issue or as to the entire
          proceeding, or the proceeding may be dismissed.
26

27   [2]    Moda filed an untimely appeal of this Order on February 5, 2024 (Docket No.
28   1013), and the appeal was dismissed by the District Court on March 27, 2024 (Case No. 2:24-cv-
     01011-WLH).

**ER-975**

Court issued an Order to Show Cause why Moda and Bhola should not be held in

contempt for failure to pay the sanctions [Doc. No. 1035].

The January 19, 2024 order provided:

1. The Motion for Sanctions is granted.

2. Kevin Moda and Vipan K. Bhola violated the automatic
   stay by attempting to enforce Mr. Moda's non-final
   Superior Court judgment by: 1) Mr. Moda sending letters
   to Debtor's tenants identifying himself as owner of
   Debtor's property and directing them to suspend payment
   of rents to Debtor; and 2) by Mr. Bhola filing an Ex Parte
   Application for Mr. Moda in the Superior Court seeking
   such an order.

3. Compensatory sanctions are awarded in favor of Debtor
   jointly and severally against Kevin Moda and Vipan K.
   Bhola in the amount of $11,652.00, and punitive damages
   are awarded in favor of Debtor jointly and severally against
   Kevin Moda and Vipan K. Bhola in the amount of
   $23,304.00, for a total sanctions award of $34,956.00.

4. Said sanctions of $34,956.00 must be paid in certified
   funds to Debtor's attorneys of record Weintraub Zolkin
   Talerico & Selth LLP no later than February 6, 2024.

(Docket No. 993, page 2, lines 7-19)

On March 20, 2024, the Court entered its Order Holding Kevin Moda and Vipan K.

Bhola in Contempt for Their Failure to Pay Sanctions Ordered by the Court for Willful

Violation of the Automatic Stay [Doc. No. 1080], in which the Court ordered that:

1. Kevin Moda and Vipan K. Bhola are in contempt for their failure to pay
   the sanctions of $34,956.00 ("Sanctions") ordered by this Court on
   January 19, 2024 [Doc. No. 993];

2. Said Sanctions are ordered to be be paid in certified funds to Debtor's
   attorneys of record Weintraub Zolkin Talerico & Selth LLP no later than
   12:00 noon on March 25, 2024;

3. If said Sanctions are not paid by 12:00 noon on March 25, 2024, then
   Kevin Moda and Vipan K. Bhola are ordered to pay additional sanctions

-10-

ER-976

1  of $1,000 per day to Debtor's attorneys of record after March 25, 2024
2  until paid in full.

3  (Docket No. 1080, page 2, lines 3-10)

4  Additionally, on October 4, 2024, the Court ordered sanctions against Moda and
5
6  Bhola in the sum of $3,001.58 for the filing of a frivolous motion to convert or dismiss
7  debtor's case (Docket No. 1181).

8  As of this date, no payment towards these sanctions has been paid, which now
9  exceed over $350,000.

10  **SANCTIONS AND IMMINENT ORDER OF INCARCERATION OF MODA**

11  On March 20, 2024,[3] this Court issued an "Order Holding Kevin Moda In Contempt
12
13  For His Continued Violation Of The Automatic Stay" (Docket No. 1081).  The March 20,
14  2024 order ordered Moda to remediate his numerous actions taken in violation of the
15  automatic stay, and ordered that if proof of said Remedial Actions is not provided to the
16  Court and Debtor's counsel by 12:00 noon on March 25, 2024, then Kevin Moda is
17  ordered to pay sanctions of $1,000 per day to Debtor's attorney of record from and after
18
19  March 25, 2024 until proof of the Remedial Actions is provided."  (Docket No. 1081).
20  Moda was ordered to:

21  A.  Record a Rescission of the Grant Deed recorded on February
22  26, 2024 (Recorded Doc. No. 20240122024);

23  B.  Record a Rescission of the Grant Deed recorded on February
24  26, 2024 (Recorded Doc. No. 20240122023);

25  C.  Deliver to each of Debtor's tenants residing at 10950-10954
26  Massachusetts Ave., Los Angeles, CA 90024 a written notice

27
28  [3]   Moda filed an appeal of this Order on March 20, 2024 (Docket No. 1085) and the
appeal was dismissed by the District Court for lack of prosecution on September 9, 2024 (Case
No. 2:24-cv-02529-WLH).

-11-

ER-977

1   cancelling and rescinding the Notice of Ownership Change
2   dated February 29, 2024 purportedly signed by "V. Aslan";

3   D. Deliver to each of Debtor's tenants residing at 10950-10954
4      Massachusetts Ave., Los Angeles, CA 90024 a written notice
       cancelling and rescinding the Three Day Notice to Pay Rent
5      or Quit dated March 6, 2024 purportedly signed by Mehmet
       Veli Aslan, M.D.;
6

7   E. Deliver to each of Debtor's tenants residing at 10950-10954
       Massachusetts Ave., Los Angeles, CA 90024 a written notice
8      cancelling and rescinding the "Notice to Tenants and
       Trespassers" dated March 6, 2024 purportedly signed by
9      Mehmet Veli Aslan, M.D. delivered to Debtor's tenants
       residing at 10952 and 10954 Massachusetts Ave., Los
10     Angeles, CA 90024.

11  4.      If proof of said Remedial Actions is not provided to the Court and
12  Debtor's counsel by 12:00 noon on March 25, 2024, then Kevin Moda is
    ordered to pay sanctions of $1,000 per day to Debtor's attorneys of record
13  from and after March 25, 2024 until proof of all the Remedial Actions is
    provided.
14

15  5.      The failure of Moda to provide proof of the Remedial Actions set forth
16  in Paragraph 3 and/or pay the sanctions as set forth in Paragraph 4 may
    result in additional punitive measures to be determined by the Court.
17

    (Docket No. 1081, page 3, lines 1-28 through page 4, lines 1-4).
18

19          On June 4, 2024, this Court issued an "Order To Show Cause Why Additional

20  Punitive Damages Should Not Be Imposed On Kevin Moda For His Failure To Remediate

21  His Actions Taken In Violation Of The Automatic Stay (Docket No. 1124) to be heard on

22  August 6, 2024 at 10:00 a.m.  Moda appeared at the August 6 hearing with his new

    attorney Felix T. Woo.
23

24          At the August 6 hearing, the Court stated that it found Moda in further contempt of

25  the March 20, 2024 order and stated that it would grant the debtor's request to incarcerate

    Moda until he complied with the remedial order.
26

27          On August 9, 2024, the debtor filed a proposed order (Docket No. 1157) (which

    the Court was prepared to issue) which provided in pertinent part:
28

ER-978

Mr. Moda having failed to provide proof of any of said Remedial Actions to the Court or to pay any of the ordered sanctions, on June 4, 2024, this Court entered its Order to Show Cause Why Additional Punitive Measures Should Not be Imposed on Kevin Moda for His Failure to Remediate His Actions Taken in Violation of the Automatic Stay ("OSC re Punitive Measures", Doc. No. 1124).

On August 6, 2024, a hearing was held on the Court's OSC re Punitive Measures. Personal appearances in Court were made by Kevin Moda, James R. Selth for Debtor, Mahvash Mazgani and Subchapter V Trustee Gregory Jones.

Having considered the evidence submitted and the oral arguments in open Court, for the reasons stated in the Contempt Order and the OSC re Punitive Measures, and good cause appearing therefore,

**IT IS ORDERED THAT:**

1) Kevin Moda remains in civil contempt of the Contempt Order entered on March 20, 2024;

2) Pursuant to the Bankruptcy Court's civil contempt powers, a writ of body attachment and warrant for civil arrest is hereby issued and the Office of the United States Marshal is authorized and directed to arrest and incarcerate Kevin Moda until such time as he complies with the Contempt Order by providing proof to the Court of all the required Remedial Actions set forth above.

3) Once Kevin Moda complies with the Contempt Order by providing proof to the Court of all the required Remedial Actions set forth above, he shall be released from custody.

(Docket No. 1157, page 5, lines 2-22).

On August 16, 2024, Moda, represented by Mr. Woo, filed a declaration that he had taken all of the remedial action ordered by this Court.

On August 23, 2024, debtor filed her "Reply To Objection To Proposed Order On Order To Show Cause Why Additional Punitive Damages Should Not Be Imposed On Kevin Moda For His Failure To Remediate His Actions Taken In Violation Of The Automatic Stay And Proposed Alternative Order" (Docket No. 1164) which stated:

ER-979

Debtor's counsel has confirmed that Mr. Moda has now performed the Remedial Actions ordered by the Court on March 20, 2024 ("March 20 Order", Doc. No. 1081), and agrees with the Moda Objection to Proposed Order that his incarceration is no longer necessary or appropriate.

Debtor also agrees that the monetary sanctions of $1,000 per day ordered against Mr. Moda in the March 20 Order should terminate as of August 16, 2024, for a total sanctions order of $144,000 (144 days x $1,000).

Based on the foregoing, Debtor consents to entry of the Alternative Proposed Order lodged by Mr. Moda's new counsel on August 16, 2024. (Docket No. 1164, page 2, lines 3-10).

On August 23, 2024, this Court entered an order (Docket No. 1165):

1. Kevin Moda provided proof of the Remedial Actions and is no longer in civil contempt of the Order Holding Kevin Moda in Contempt for His Continued and Willful Violation of the Automatic Stay. ECF No. 1081.

2. Any further monetary sanctions are terminated.

(Docket No. 1165, page 2, lines 26-28 through page 3, lines 1-2).

It is important to emphasize that Moda failed to comply with this Court's March 20 order for almost five months, and then complied only because an order for his incarceration was about to be issued. It is also important to note that he has not paid any of the $144,000 sanctions owed by him, resulting in a total amount of sanctions against Moda of approximately $500,000, of which none have been paid.

## ABUSIVE CONDUCT IN THE DISTRICT COURT

## IT IS CLEAR THAT MODA'S ABUSIVE CONDUCT HAS NOT BEEN LIMITED TO THIS COURT

On February 7, 2024, the District Court Judge Wesley L. Hsu issued an order "Denying Appellant Kevin Moda's Motion To Remove And Replace Bankruptcy Judge" (District Court Case No. 23-cv-08894-WLH (Docket No. 29). In his Order, Judge Hsu expressed his concern about Moda's and his attorney Vip Bhola's conduct in the District Court:

ER-980

1

2    Fourth, the conduct of Moda and his attorney in filing this Motion
     continues a pattern of frivolous attempts to relitigate issues that are not on
3    appeal in this Court. As discussed above, this is Moda's third motion in this
     Court alone to remove Judge Russell from the bankruptcy action. The Court
4    has already denied two of those attempts as meritless. Yet Moda and Bhola
     continue to waste the time and resources of the Court and opposing counsel
5    by filing another repetitive motion.

6    Fifth, and finally, Moda and Bhola clearly attempted to mislead the
     Court when they stated in the Motion that '[a]pplications pursuant to 28
7    U.S.C. 455 may be made in the first instance to the District Court'—which
     is directly contrary to the law—without disclosing that the Bankruptcy Court
8    had already denied Moda's original Motion to Disqualify pursuant to 28
     U.S.C. § 455. "This omission is an unreasonable and irresponsible breach
9    of [Bhola's] duty of good faith and candor in dealing with the judiciary."
     Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1008 (9th Cir.
10   2015).

11

12   (Emphasis added.) (Adv. Case No. 2:23-cv-08894-WLH) (District Court Order, Docket
     No. 29, page 4, lines 13-26).
13

14   Additionally, during the short time since this appeal commenced, Moda has
     filed several motions that seem designed to harass opposing counsel and
15   create unnecessary emergencies for everyone involved.

16   (Emphasis added.) (District Court Order, Docket No. 29, page 3, footnote 1, lines 19-21).

17
     In denying the Motion, Judge Hsu stated:
18

19   In sum, the Motion is procedurally improper, factually and legally
     meritless, and a waste of judicial resources. Moreover, though the Court is
20   not imposing sanctions at this time, Moda and Bhola are on notice that the
     Court my impose significant sanctions for the filing of further frivolous
21   motions and briefs as well as any intentionally misleading arguments. See
     Fed. R. Bankr. P. 9011 (bankruptcy courts may impose sanctions for filings
22   that are frivolous and/or presented for an improper purpose); Hedges v.
     Resol. Tr. Corp., 32 F.3d 1360, 1364 (9th Cir. 1994) (district courts may
23   impose sanctions under Rule 9011 in appeal from bankruptcy court).

24

25   (Emphasis added.) (District Court Order, Docket No. 29, page 5, lines 1-8).

26   ///

27   ///

28   ///

ER-981

## THE APPROPRIATE SANCTION FOR MODA'S WILLFUL FAILURE TO FILE

## A STATUS CONFERENCE REPORT AND APPEAR AT THE JUNE 4, 2024 STATUS

## CONFERENCE

In his motion, Moda cites Ninth Circuit case law which holds that a court should consider the following factors relating to a failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

Unlike the cases cited by Moda generally dealing with the negligent conduct of a party resulting in the delay of the prosecution of civil cases, the dismissal with prejudice of Moda's adversary proceeding does not deal with merely the negligent conduct of Moda, but rather a willful defiance of this Court by Moda not filing the required status report or not appearing at the status conference, evidencing a continuation of defiance of orders of this Court.

1.  The Public's Interest In Expeditious Resolution Of Litigation

Under the unusual facts of this matter, the dismissal of the adversary proceeding with prejudice will have no practical effect on either the debtor or Moda and therefore there would be no public interest in the expeditious resolution of the litigation. As discussed infra, the rights of the parties will be determined by a final judgment of the Superior Court, not in the adversary proceeding. If the judgment is affirmed and the adversary proceeding is not dismissed, the two properties will be awarded to Moda and

ER-982

1   Moda will have an uncollectible multi-million dollar non-dischargeable judgment against

2   the debtor.

3          If the debtor prevails in the Superior Court, she would own the two properties and

4   Moda would not have a monetary judgment and therefore would not be a creditor in this

5   case.  At oral argument, Moda's counsel argued that it is possible for a split State Court

6

7   judgment, where the debtor would be awarded the properties and Moda would be

8   awarded a multi-million dollar judgment.  Given the fact that any judgment would be the

9   result of debtor's wrongful conversion of the properties, such a result would not be

10  possible.   Therefore, there is no public interest in the expeditious resolution of this

11

12  litigation.

13  2.   The Court's Need To Manage Its Docket

14         This Court has spent a huge amount of time and resources having to deal with

15

16  Moda's abusive conduct, not only dealing with the adversary proceeding, but as

17  discussed *infra*, resulting in almost $500,000 in sanctions, none of which have been paid.

18  Dismissal of this adversary proceeding with prejudice will relieve the Court of the

19  possibility of having to deal with future abuses of Moda regarding the adversary

20

21  proceeding.

22  3.   The Risk Of Prejudice To The Defendant

23         The risk of prejudice to the defendant is obvious and serious as discussed *infra*.

24  The abusive conduct of Moda has resulted in damages to the defendant of approximately

25  $500,000, none of which have been paid.  Under these circumstances, it would be a

26

27  manifest injustice for the debtor to have to deal with future possible abuses of Moda

28  regarding the adversary proceeding.

-17-

ER-983

4.  <u>Public Policy Favoring The Disposition Of Cases On Their Merits</u>

As discussed above, this is not just a case of a mere negligent failure to prosecute civil litigation, but is rather a willful continuation of Moda's defiance of this Court's orders. There is clearly no public policy which would allow Moda to continue prosecuting his adversary proceeding, given his abuse of the bankruptcy legal system in the administration of the bankruptcy case, resulting in approximately $500,000 in unpaid sanctions and his willful abusive conduct resulting in the dismissal of his adversary proceeding with prejudice.

5.  <u>The Unavailability Of Less Drastic Sanctions</u>

As discussed, *infra*, Moda's history of defiance of numerous court orders has resulted in sanctions now in the amount of approximately $500,000 with not a dollar being paid.  The only order finally complied with was five months after it was issued and only to avoid incarceration, but with a final sanction of $144,000 still unpaid.

Clearly under these circumstances, the only appropriate sanction is the dismissal of the adversary proceeding, with prejudice, there being no less drastic sanctions being available.

## CONCLUSION

Moda's claims that terminating sanctions are not warranted because there is no evidence of willfullness and that the dismissal of the adversary proceeding was manifestly unjust is belied by the history of his abuse of the legal system both in this Court and the District Court and the burden his improper conduct had on both this Court and the debtor, as discussed *infra*.

ER-984

1    Indeed, it would be manifestly unjust to allow Moda to continue with his abuse of

2 the judicial system by his willful conduct where the only possible effective sanction was

3 dismissal with prejudice, where he has not paid a single dollar of this Court's sanctions,

4 now approximately $500,000.

5

6    Therefore, no good cause having been shown, Moda's Motion for Reconsideration

7 will be **DENIED**.  A separate order denying the motion will be entered.

8    **IT IS SO ORDERED.**

9 ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: March 5, 2025

26    _____
      Barry Russell
27    United States Bankruptcy Judge

28

**ER-985**

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

FELIX T WOO
FTW Law Group
601 South Figueroa St Ste 1950
Los Angeles, CA 90017

KEVIN MODA
18324 CLARK ST SE 310
TARZANA, CA 91356

NAZANIN MAZGANI, ESQ.
LAW OFFICE OF NAZANIN MAZGANI
10954 MASSACHUSETTS AVE
LOS ANGELES, CA 90024


David B Zolkin
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Ste 730
Los Angeles, CA 90025

☐ Service information continued on attached page

Date:    3/5/2025              Signature:  _____

Deputy Clerk [*printed name*]:    STACEY FORTIER

**ER-986**

1
2
3
4

FILED & ENTERED

MAR 05 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier     DEPUTY CLERK

5    **UNITED STATES BANKRUPTCY COURT**
6    **CENTRAL DISTRICT OF CALIFORNIA**
7    **LOS ANGELES DIVISION**

8    In re:                                    Case No. 2:19-bk-21655-BR

9    MAHVASH MAZGANI,                          Chapter 11

10                                             Adv. No. 2:20-ap-01637-BR

11                                Debtor.

12   _____       **ORDER DENYING KEVIN MODA'S**
                                               **MOTION FOR RECONSIDERATION**
13   KEVIN MODA,                                **(DOCKET NO. 104)**

14                                Plaintiff,

15         v.

16   MAHVASH MAZGANI,

17                                Defendant.
     _____

18         This matter is before the Court on the motion for reconsideration of this Court's

19   September 24, 2024 order dismissing Kevin Moda's October 2, 2020 complaint for non-

20   dischargeability of debt and denial of discharge against the debtor.

21         For the reasons stated in the concurrently filed Memorandum of Decision, no good

22   cause having been shown, the motion for reconsideration is **DENIED**.

23         **IT IS SO ORDERED.**

24

25         Date: March 5, 2025

26                                             Barry Russell
                                               United States Bankruptcy Judge
27

28

-1-

**ER-987**

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

FELIX T WOO
FTW Law Group
601 South Figueroa St Ste 1950
Los Angeles, CA 90017

KEVIN MODA
18324 CLARK ST SE 310
TARZANA, CA 91356

NAZANIN MAZGANI, ESQ.
LAW OFFICE OF NAZANIN MAZGANI
10954 MASSACHUSETTS AVE
LOS ANGELES, CA 90024


David B Zolkin
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Ste 730
Los Angeles, CA 90025

☐ Service information continued on attached page

Date:    3/5/2025            Signature: _____

Deputy Clerk [*printed name*]:    STACEY FORTIER

**ER-988**

1                UNITED STATES BANKRUPTCY COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                        --oOo--

4   In Re:                      )   Case No. 2:19-bk-21655-BR
                                )
5   MAHVASH MAZGANI,            )   Chapter 11
                                )
6          Debtor.              )   Los Angeles, California
    _____ )   Tuesday, March 12, 2024
7                               )   10:00 a.m.
    KEVIN MODA,                 )
8                               )
           Plaintiff,           )
9                               )
    vs.                         )   Adv. No. 2:20-ap-21655-BR
10                              )
    MAZGANI,                    )
11                              )
           Defendant.           )
12  _____ )

13                              CONT'D STATUS CONFERENCE RE
                                SUBCHAPTER V CHAPTER 1 CASE
14
                                CONT'D HRG. RE DEBTOR'S MOTION
15                              FOR ORDER DISALLOWING CLAIM
                                NO. 15 HOWARD KAPP
16
                                CONT'D STATUS CONFERENCE RE
17                              COMPLAINT FOR:
                                NONDISCHARGEABILITY OF DEBT
18                              PURSUANT TO:
                                11 U.S.C. SECTION 523(A)(2)(A)
19                              11 U.S.C. SECTION 727(A)(4)
                                11 U.S.C. SECTION 523(A)(6)
20
                     TRANSCRIPT OF PROCEEDINGS
21            BEFORE THE HONORABLE BARRY RUSSELL
                 UNITED STATES BANKRUPTCY JUDGE
22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

ii

1  APPEARANCES:

2  For the Debtor:                    JAMES R. SELTH, ESQ.
                                      Weintraub Zolkin Talerico
3                                       & Selth, LLP
                                      11766 Wilshire Boulevard
4                                     Suite 450
                                      Los Angeles, California 90025
5                                     (310) 207-1494

6                                     NAZANIN MAZGANI, ESQ.
                                      Law Offices of Nazanin Mazgani
7                                     10954 Massachusetts Avenue
                                      Los Angeles, California 90024
8                                     (310) 892-0820

9  For Kevin Moda:                    KEVIN MODA, Pro Se
                                      18324 Clark Street
10                                    Suite 324
                                      Tarzana, California 91356
11

12  Court Recorder:                   Wanda Toliver
                                      United States Bankruptcy Court
13                                    Edward R. Roybal Federal
                                        Building
                                      255 East Temple Street
14                                    Los Angeles, California 90012

15  Transcriber:                      Jordan Keilty
                                      Echo Reporting, Inc.
16                                    9711 Cactus Street, Suite B
                                      Lakeside, California 92040
17                                    (858) 453-7590

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-990**

1

1    LOS ANGELES, CALIFORNIA TUESDAY, MARCH 12, 2024 10:00 A.M.

2                              --oOo--

3       (Call to order of the Court.)

4           THE CLERK:  Number 40, 41 and 42, Mazgani.

5       (Pause.)

6           MS. MAZGANI:  Good morning, your Honor.  Nazanin

7    Mazgani appearing on behalf of the Debtor Mahvash Mazgani in

8    the adversary proceeding, here for the status conference.

9           THE COURT:  All right.

10          MR. SELTH:  Good morning, your Honor.  James Selth

11   of Weintraub Zolkin Talerico and Selth, for the Debtor on

12   Numbers 40 and 41.

13          THE COURT:  By the way, have you -- and unusual

14   that we have -- I know who's here -- but not here, have you

15   seen Mr. Moda and Mr. Bhola?  It's unusual.  They filed, as

16   is usually the case, improper so-called status reports, were

17   more than just a status report, were arguments.  But have

18   you talked to them at all, because it's one -- for one not

19   to appear but neither?  Do you have any idea why they're not

20   here?

21          MR. SELTH:  No.  We saw that Mr. Moda filed --

22   well, when I say Mr. Moda, we know that anything that's

23   filed by Mr. Bhola has been filed by Mr. Moda.  He's the one

24   doing the e-filing.  He filed something at 9:32 in the

25   District Court this morning, meaning he was at a computer

2

1  filing some, you know, typical 40 pages of nonsense, but --

2          THE COURT:  In the District Court?

3          MR. SELTH:  In the District -- but, I mean, he was

4  e-filing at 9:32 this morning.

5          THE COURT:  Oh, to the District Court?

6          MR. SELTH:  In the District Court.  So --

7          THE COURT:  And what is -- what is that about?

8          MR. SELTH:  I -- I'll be glad to try to explain.

9  Trying to explain --

10          THE COURT:  Well, hang on a second.

11          MR. SELTH:  -- Moda filings is --

12          THE COURT:  I see Mr. Moda is appearing.  Why

13  don't you -- Mr. Moda?

14          MR. MODA:  Good morning, your Honor.

15          THE COURT:  Yes.  Well, why is it that you

16  suddenly are appearing at this time?

17          MR. MODA:  The status conference on --

18          THE COURT:  No, at this point, why are you -- why

19  were you not here when it was called?

20          MR. MODA:  I apologize that I'm late.

21          THE COURT:  Mr. Bhola -- who -- I can never figure

22  out who represents -- who is representing at times.  We had

23  the same question last time.

24          MR. MODA:  No.  Actually, we don't.  I'm here on

25  the adversary proceeding.

3

1          THE COURT:  Yeah, but what about -- what -- this

2  is a status conference.

3          MR. MODA:  Yeah.

4          THE COURT:  Yeah.  And Mr. Bhola is still your

5  counsel, is he not?

6          MR. MODA:  Yeah.

7          THE COURT:  And why is he not here?

8          MR. MODA:  I -- I don't know.  I thought he would

9  be.

10          THE COURT:  Well, why don't you do this -- let us

11  pass it just for a couple of minutes.  Why don't you call

12  him just to make sure.  Maybe he's stuck in traffic or

13  whatever.

14          MR. MODA:  Okay.

15          THE COURT:  Yeah.  And then -- no, no.  Have Mr.

16  -- Mr. Moda, and then we'll call this one when -- why don't

17  you go outside as well.  If you find out what's happening,

18  just let me know and we'll call it.

19      (Proceedings recessed while the Court heard other

20  matters.)

21          THE CLERK:  Recalling 40, 41 and 42, Mazgani.

22          THE COURT:  All right.  Mr. Moda, have you been

23  able to contact Mr. --

24          MR. MODA:  Yes, I did.  I got a cryptic message

25  back, but it was a picture in a hospital setting.

4

1          THE COURT:  So, he's in the hospital or --

2          MR. MODA:  That's what I figure.  I can share the

3    picture.

4          THE COURT:  Well, no.  I -- no.  I just want to

5    make -- in any case, it's -- it's not that crucial.  I just

6    wanted to make sure he didn't forget about it or --

7          MR. MODA:  No.  I -- I would have thought that

8    he's here actually.

9          THE COURT:  Okay.  All right.  All right.  So,

10   this is very short.  I've had a lot of paperwork from --

11   from -- more than I need.  This is a very simple matter.  As

12   usual, you and Mr. Bhola tend to -- tend to write more than

13   you need.  I'll leave it at that.

14          But all I need to know, very simply, the -- in

15   fact, why -- why don't you have a seat, Mr. Moda, and why

16   don't you -- as far as the Debtor, a couple of things which

17   surprised me, and it's set for next week, the motions re --

18   OSC re contempt.  I have -- the time has passed to file

19   responses.  You have -- I'm not going to ask you why because

20   it's not before me today, but you haven't filed a response,

21   have you?

22          MR. MODA:  To what, your Honor?

23          THE COURT:  To the motion for contempt for not

24   paying the sanctions that I ordered.

25          MR. MODA:  I --

5

1          THE COURT:  You haven't --

2          MR. MODA:  -- wasn't served with anything.

3          THE COURT:  It's a simple question.  You

4 haven't --

5          MR. MODA:  I hear you.  I -- I wasn't served with

6 anything to respond to.

7          MR. SELTH:  Proof of service was filed.

8          THE COURT:  Okay.  I'll leave it at that, but we

9 did --

10          MR. MODA:  All right.

11          THE COURT:  -- we did talk about it at the last

12 hearing, and -- now, you didn't say anything.  That's fine.

13 But Mr. Bhola said that he -- that he -- the response was

14 going to be why he didn't pay it because he couldn't afford

15 it.  So, I know that -- that you guys know about it, but

16 I'll leave it for another time.  That's next week.

17          The order was issued.  Okay.  So, that's that.

18          As far as the State Court, two things.  One is the

19 -- which I will try, but it has to be a final order, that

20 is, the nondischarged -- the objection to discharge, but in

21 particular, the 523, the -- the complaint dealing with the

22 Debtor.  And, as far as that status, it's up to the State

23 Court.  Whatever I said, you know, it has to be a final

24 order when they -- if that -- for different opinions on it

25 from both sides.  You know, it doesn't surprise me.  I have

6

1   no opinion on the merits of it.  Whatever the State

2   Appellate Court will do, they will do.  And if -- if they --

3   they'll do I assume one of two things, either affirm or

4   reverse, and -- and at that point, whenever it's a final

5   order, then a couple of possibilities.  I've read the

6   judgment, and on its face it would pretty obviously be

7   nondischargeable if -- if -- at least reading what it holds.

8   But -- but -- until that's a final order.

9          So, if -- if it's affirmed, then no doubt, Mr.

10  Moda, you'll be filing a motion for summary judgment here.

11  We're talking just about the 523.  As far as the 727, that's

12  a different matter, but certainly as to the 523.  And, of

13  course, if it's reversed, then who knows at that point?

14  Might have to start all over again.

15         You have a question?

16         MR. MODA:  Your Honor, I think that deals with the

17  AP, does it not?

18         THE COURT:  With what?

19         MR. MODA:  With the adversary proceeding?

20         THE COURT:  Yes.

21         MR. MODA:  Well, if it's the adversary proceeding,

22  I -- I don't want a stay.  If the Court is --

23         THE COURT:  Well, no.  What I'm simply -- I'm

24  telling you.  I'm not asking you.

25         MR. MODA:  I --

7

1         THE COURT:  What I'm telling you --

2         MR. MODA:  I understand.  There's the motion

3  coming up for violation of the stay for filing the appeal

4  for not getting leave.

5         THE COURT:  Okay.  Well, we'll -- I'll -- I'll

6  hear that.  I've noticed it's set.  But I'm just telling you

7  this is a status.  You tend to want to argue.  Stop.  Stop,

8  Mr. -- Mr. Moda.  This is just a status.  It's going to be a

9  very short hearing, just what the status is, very simply,

10 not arguing the merits. I'm just throwing out the

11 possibilities.  So, leave it at that.  I'm not -- there's no

12 question.

13        MR. MODA:  It -- it does imply you granted leave

14 when you have not.

15        THE COURT:  Let me stop you, Mr. --

16        MR. MODA:  Okay.

17        THE COURT:  -- Mr. Moda.  I'm just telling you

18 what might happen as far as with the -- with the appeal,

19 you've argued that somehow they violated the stay.  I have

20 not -- I've glanced -- I haven't read it.  I saw that it was

21 filed.  It's set for hearing.  I have no opinion on it one

22 way or the other.  I'll deal with that.  It's set in April

23 sometime I think, isn't it, Stacey?

24        THE CLERK:  Yes, I think.

25        THE COURT:  Okay.  That's that.

8

1          The only thing today is -- as far as the case
2    itself, and as -- which, of course, depends on the -- on the
3    State Court.  So, my question is as far as what's going on
4    in the State Court, there are a couple of interesting things
5    going on.  You said there's a hearing coming up --

6          MR. SELTH:  I think --

7          THE COURT:  -- have to do with the alleged sale of
8    the property.  Again, I'm not going to -- I'm not making any
9    rulings today.  I just -- I always ask to know -- curiosity
10   if nothing else -- what's happening in the -- in the State
11   Court.

12         MS. MAZGANI:  Your Honor, Nazanin Mazgani on
13   behalf of the Debtor.  There are actually a few things that
14   are going on that I think that the Bankruptcy Court should
15   as part of the status conference address today.

16         Number one is the grant deeds that Mr. --

17         THE COURT:  We're not going to -- I -- I saw that
18   there was a grant deed selling it.  I'm not going to address
19   that today.  It's not before me today.  It's an interesting
20   fact, but I'm not -- I'm not going to decide anything.
21   There's no motion for me in regard to that.  No doubt there
22   will be, but, yes, is it -- yes, okay.  That -- that's a
23   fact.  It's interesting.

24         MS. MAZGANI:  But, your Honor, those --

25         THE COURT:  And then --

9

1          MS. MAZGANI:  Those grant deeds, the --

2          MR. MODA:  There's no motion to --

3          MS. MAZGANI:  Excuse me.  I'm --

4          THE COURT:  Stop.

5          MS. MAZGANI:  -- speaking.

6          THE COURT:  Stop.  Please, Mr. Moda.

7          MS. MAZGANI:  The person that he is purporting to

8   grant deed these properties to, the properties that are part

9   of this bankruptcy estate, he's -- he's claiming that he's

10  going to be filing unlawful detainers against the tenants.

11         THE COURT:  Well, okay.  Then, again, you -- I

12  hear what you're saying.  And then I will -- if motions are

13  made either by Mr. Moda or by -- by the Debtor, then I'll

14  deal with them, but I'm not going to deal with them today.

15  This is just for me, status.  I want to know what's going

16  on.  I hear what you're saying.

17         And then is there a hearing in the State Court?

18         MS. MAZGANI:  Yes, your Honor.  There --

19         THE COURT:  And what is --

20         MS. MAZGANI:  There is a hearing set for March

21  19th in which --

22         THE COURT:  Okay.

23         MS. MAZGANI:  -- Mr. Moda has asked the State

24  Court to unstay the stay that's been put in place by --

25         THE COURT:  Okay.  All right.

10

1          MS. MAZGANI:  -- this Court.  I don't know what's

2   going to happen there, but I would -- I would assume that

3   that would be a violation of the bankruptcy stay.

4          THE COURT:  I assume you -- you would think that.

5   I'm not -- I'm not ruling on it at this point.  So, there's

6   really nothing more for me today.  I just want to know

7   what's going on.

8          MS. MAZGANI:  So --

9          THE COURT:  That's all we're doing.  What I plan

10  on doing, as far as the adversary proceeding, that is, the

11  523 and the 727, I'm just going to continue that along with

12  the status conference on the case, because clearly the case

13  that -- the case is all about that, as I've indicated from

14  day one.  As I've indicated before, it has to be a final

15  order of the Superior Court, but, yes, I understand.

16         Any other things -- again, you may be filing

17  something.  Mr. Moda may be filing something, has filed

18  something.  I don't want to get into what.  I just want to

19  know what's happening.

20         MS. MAZGANI:  That -- that is, but, your Honor,

21  isn't the purpose of status conferences in order for you as

22  the Judge to be able to look at what is going on in the case

23  and looking at the conduct of the Debtor and any of the

24  creditors to make sure that the case is going forward

25  expeditiously without the loss of, you know --

11

1          THE COURT:  Well, that's --

2          MS. MAZGANI:  -- unnecessary --

3          THE COURT:  -- correct.

4          MS. MAZGANI:  -- attorneys' fees?

5          THE COURT:  But I'm not going to make any ruling.

6  You would like me to no doubt rule that they're doing

7  something improper.  And, if you feel that way, then you

8  will have to file something.

9          MS. MAZGANI:  Okay, your Honor.

10          THE COURT:  That's it.

11          MS. MAZGANI:  I'll file something.

12          THE COURT:  Yeah, I know, but that -- I think that

13  counsel knows, but the status is -- yes, the status is not

14  unimportant.  I like to know what's going on, but as far as

15  what you -- the parties will act on what's going on.  I will

16  -- I will hear them.  I know there's a -- we have in April

17  the -- I've glanced at it, literally just who filed it and

18  what -- and, but I haven't read it.  So, that's by my -- I

19  don't know.

20          Did Mr. Bhola file that as your attorney or did

21  you?  I don't -- I honestly don't remember.

22          MR. MODA:  The motion for the sanctions are before

23  the Court on April 2nd.  The complete --

24          THE COURT:  Who filed?  That's my question.

25  Simple.

12

1          MR. MODA:  Oh, it was Mr. Bhola.

2          THE COURT:  Okay.  That's all I wanted to know.

3    Okay.  Then I'm going to give you a date right now for the

4    continuance, for the next status conference, about probably

5    sometime in late May or June, same as this, just to find out

6    what's the status.  And at some point, what -- what is -- by

7    the way, far as the appeal, I -- is that -- I just don't

8    remember.  Somebody made some comment about it, that all the

9    arguments have been made.  Is that it?  I just don't

10   remember.

11         MR. MODA:  Your Honor, there was a motion --

12         THE COURT:  Yes?

13         MR. MODA:  -- a motion that was brought to your

14   attention in complete transparency that was filed with --

15         THE COURT:  Just tell me what's -- what are you

16   talking about?

17         MR. MODA:  The motion has been filed before the

18   Court of Appeals --

19         THE COURT:  Yeah.

20         MR. MODA:  -- to dismiss the appeal for lack of

21   leave.

22         THE COURT:  Okay.  All right.  All right.  Do --

23         MR. SELTH:  It has not been briefed yet.

24         THE COURT:  Okay.

25         MR. MODA:  It has been briefed.

13

1          MR. SELTH:  No, the appeals --

2          THE COURT:  What about -- what about -- let me

3 stop you.

4          MR. SELTH:  The appeals.

5          THE COURT:  What about the merits of the appeal?

6          MR. MODA:  It has not been -- the record is

7 incomplete.

8          MR. SELTH:  It's not been briefed.

9          THE COURT:  Okay.  Well, all right.  All right.

10 Then it's going to be a while.  Okay.  All right.

11          MR. MODA:  Not if they dismiss it.

12          THE COURT:  Well, whatever.  I -- I know what you

13 want.  I know what they want.  So, no sense repeating that.

14          Do we have a date for the continued status

15 conference?

16          THE CLERK:  We have June 4th at 10:00.

17          THE COURT:  Okay.  I'm going to continue the

18 status conference on both the adversary proceeding as well

19 as the -- as the case itself to June 4th at 10:00, but I

20 will see you I guess next week on this -- on this contempt

21 citation.

22          MS. MAZGANI:  Okay, your Honor.  Thank you so

23 much.

24          MR. MODA:  Thank you, your Honor.

25          MR. SELTH:  Thank you, your Honor.

14

1          THE COURT:  Okay.  Thank you.

2       (Proceedings concluded.)

3

4          I certify that the foregoing is a correct

5   transcript from the electronic sound recording of the

6   proceedings in the above-entitled matter.

7

8   /s/Jordan Keilty_____          10/2/2024_____
    Transcriber                           Dates
9

10  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

11

12  /s/L.L. Francisco_____
    L.L. Francisco, President
13  Echo Reporting, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

**ER-1004**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| FELIX T. WOO (CA SBN 208107)<br>fwoo@ftwlawgroup.com<br>FTW LAW GROUP<br>601 South Figueroa Street, Suite 1950<br>Los Angeles, California 90017<br>Telephone: (213) 335-3960<br>Facsimile: (213) 344-4498<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Kevin Moda | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| In re:<br><br>MAHVASH MAZGANI<br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-21655<br><br>ADVERSARY NO.: 2:20-ap-01637-BR<br>(*if applicable*)<br><br>CHAPTER: 1**Select Chapter** |
|---|---|
| KEVIN MODA,<br><br><br><br>Plaintiff(s) (*if applicable*).<br><br>vs.<br><br>MAHVASH MAZGANI,<br><br><br><br>Defendant(s) (*if applicable*). | <div align="center"><br><br>**NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION**</div> |

**Part 1:  Identify the appellant(s)**

1.   Name(s) of appellant(s):  Kevin Moda

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☒ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**ER-1005**

**Part 2:  Identify the subject of this appeal**

1.  Describe the judgment—or the appealable order or decree—from which the appeal is taken:
    Order Dismissing Adversary Proceeding [ECF No. 97]; Memorandum of Decision Denying Kevin Moda's
    Motion for Reconsideration (Docket No. 104) [ECF Nos. 119, 120].

2.  State the date on which the judgment—or the appealable order or decree—was entered: 10/15/2024

**Part 3:  Identify the other parties to the appeal**

Order Dismissing Adversary Proceeding was entered on 10/15/2024, and
Memorandum of Decision Denying Kevin Moda's Motion for Reconsideration of
the Order Dismissing Adversary Proceeding was entered on 03/05/2025.

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the
names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party:  Mahvash Mazgani

    Attorney:

    Nazanin Mazgani
    Law Offices of Nazanin Mazgani
    10954 Massachusetts Ave
    Los Angeles, CA 90024
    Tel: 310-892-0820
    Fax: 424-832-7331

2.  Party:  Gregory Kent Jones (TR)

    Attorney:

    Nazanin Mazgani
    Law Offices of Nazanin Mazgani
    10954 Massachusetts Ave
    Los Angeles, CA 90024
    Tel: 310-892-0820
    Fax: 424-832-7331

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal
unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If
an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not
check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy
    Appellate Panel.

**Part 5:  Sign below**

/s/ Felix T. Woo                                                    Date: 03/11/2025
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in
§ 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P.
8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of
Appeal.]

**ER-1006**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

601 South Figueroa Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 03/11/2025  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

• Gregory Kent Jones {TR} gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
• Betty Luu bluu@duanemorris.com • United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• James R Selth
jselth@wztslaw.com,jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com • Nazanin
Mazgani mazganilaw@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  03/11/2025  , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Judge Barry Russell, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Suite 1660, Los Angeles,
CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/11/2025 | Felix T. Woo | /s/ Felix T. Woo |
| *Date* | *Printed Name* | *Signature* |

ER-1007

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| FELIX T. WOO (CA SBN 208107)<br>fwoo@ftwlawgroup.com<br>FTW LAW GROUP<br>601 South Figueroa Street, Suite 1950<br>Los Angeles, California 90017<br>Telephone: (213) 335-3960<br>Facsimile: (213) 344-4498<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Kevin Moda | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>MAHVASH MAZGANI<br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-21655<br><br>ADVERSARY NO.: 2:20-ap-01637-BR<br>(*if applicable*)<br><br>CHAPTER: 1 **Select Chapter** |
|---|---|
| KEVIN MODA,<br><br><br><br>Plaintiff(s) (*if applicable*).<br>vs.<br><br>MAHVASH MAZGANI,<br><br><br><br>Defendant(s) (*if applicable*). | **AMENDED NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1.   Name(s) of appellant(s):  Kevin Moda

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☒ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**ER-1008**

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order Dismissing Adversary Proceeding [ECF No. 97]; Memorandum of Decision Denying Kevin Moda's
   Motion for Reconsideration (Docket No. 104) [ECF Nos. 119, 120].

2. State the date on which the judgment—or the appealable order or decree—was entered: 10/15/2024

## Part 3: Identify the other parties to the appeal

Order Dismissing Adversary Proceeding was entered on 10/15/2024, and
Memorandum of Decision Denying Kevin Moda's Motion for Reconsideration of
the Order Dismissing Adversary Proceeding was entered on 03/05/2025.

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the
names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Mahvash Mazgani

   Attorney:

   Nazanin Mazgani
   Law Offices of Nazanin Mazgani
   10954 Massachusetts Ave
   Los Angeles, CA 90024
   Tel: 310-892-0820
   Fax: 424-832-7331

2. Party: Gregory Kent Jones (TR)

   Attorney:

   Nazanin Mazgani
   Law Offices of Nazanin Mazgani
   10954 Massachusetts Ave
   Los Angeles, CA 90024
   Tel: 310-892-0820
   Fax: 424-832-7331

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal
unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If
an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not
check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy
   Appellate Panel.

## Part 5: Sign below

/s/ Felix T. Woo                                    Date: 03/12/2025
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in
§ 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P.
8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of
Appeal.]

**ER-1009**

ECF 97

1  Nazanin Mazgani, Esq. (SBN 270258)
   Law Offices of Nazanin Mazgani
2  10954 Massachusetts Avenue
   Los Angeles, CA 90024
3  Phone: (310)892-0820
   Email: mazganilaw@gmail.com
4

5  Attorney for Debtor and Defendant in Adversary Proceeding
   MAHVASH MAZGANI
6

FILED & ENTERED

OCT 15 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

7        UNITED STATES BANKRUPTCY ~~COURT~~ CHANGES MADE BY COURT

8        CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

9

10  In re:                                    Case No. 2:19-bk-21655-BR

11  MAHVASH MAZGANI,                          Adv. No. 2:20-ap-01637-BR

12                                            Chapter 11

13        Debtor and Debtor in Possession.

14  _____           ORDER DISMISSING ADVERSARY
                                              PROCEEDING
15  KEVIN MODA,

16        Plaintiff,                          Date:      September 24, 2024
                                              Time:      10:00 a.m.
17     vs.                                    Courtroom: 1668

18  MAHVASH MAZGANI,

19        Defendant.

20  _____

21        On March 12, 2024, a Status Conference was held in the above-captioned adversary

22  proceeding.  Plaintiff Kevin Moda appeared in pro per and Nazanin Mazgani appeared for

23  Defendant Mahvash Mazgani.  The Court continued the Status Conference on the record to June 4,

24  2024 (Adv. Doc. No. 75).

25        Plaintiff did not file a Status Report for the June 4, 2024 status conference.  Defendant

26  timely filed a Unilateral Status Report on May 21, 2024 (Adv. Doc. No. 76).

27        On June 4, 2024, the continued Status Conference was held.  Plaintiff did not appear and

28  James R. Selth specially appeared for Nazanin Mazgani for Defendant.  The Court entered an Order

-1-

**ER-1011**

1  To Show Cause set for August 6, 2024 why the adversary proceeding should not be dismissed for

2  plaintiff's failure to file a Status Report or appear at the status conference and ordered plaintiff to

3  file any response to the OSC no later than July 23, 2024 (Adv. Doc. No. 77).

4  　　　　On June 6, 2024, the Bankruptcy Court Noticing Center served plaintiff at his address of

5  record with the OSC set for August 6, 2024 (Adv. Doc. No. 79).  Plaintiff did not file a response to

6  the OSC even though plaintiff had been served with the OSC.

7  　　　　In Court on August 6, 2024, the Court being unaware that the OSC had been served by the

8  Noticing Center, believed plaintiff had not been served with the OSC.  At that hearing, plaintiff

9  stated he had not been served with the OSC despite the fact that he was properly served by the

10  Noticing Center.  The Court finds his denial of not being served not to be credible and does not

11  rebut the presumption that he received the OSC.

12  　　　　Then, the Court set a new OSC to be heard on September 24, 2024, why the adversary

13  proceeding should not be dismissed and ordered plaintiff to file any response to the OSC no later

14  than September 10, 2024.

15  　　　　On August 9, 2024, the Noticing Center served plaintiff at his address of record with the

16  OSC set for September 24, 2024 (Adv. Doc. No. 87). On August 12, 2024, defendant's counsel also

17  served plaintiff with the OSC, see Proof of Service filed August 12, 2024 (Adv. Doc. No. 88).

18  　　　　Plaintiff did not file a response to the OSC despite being served by both defendant's counsel

19  and the Noticing Center.

20  　　　　Based on the foregoing, and for good cause,

21  　　　　**IT IS HEREBY ORDERED** that plaintiff's adversary proceeding is dismissed with

22  prejudice for lack of prosecution.

23

24  Date: October 15, 2024

25  　　　　　　　　　　　　　　　　　　　　Barry Russell
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

26

27

28

**ER-1012**

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

Kevin Moda
18324 Clark St.
#310
Tarzana, CA 91356

Felix T Woo
FTW Law Group
601 South Figueroa St Ste 1950
Los Angeles, CA 90017

Mahvash Mazgani
10954 Massachusetts Ave.
Los Angeles, CA 90024

Nazanin Mazgani
Law Offices of Nazanin Mazgani
10954 Massachusetts Ave
Los Angeles, CA 90024

☐ Service information continued on attached page

Date: 10/15/2024          Signature: _____

                         Deputy Clerk [printed name]: STACEY FORTIER

**ER-1013**

ECF 119

ER-1014

FILED & ENTERED

MAR 05 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:19-bk-21655-BR |
| MAHVASH MAZGANI, | Chapter 11 |
| Debtor. | Adv. No. 2:20-ap-01637-BR |
| KEVIN MODA, | **MEMORANDUM OF DECISION DENYING KEVIN MODA'S MOTION FOR RECONSIDERATION (DOCKET NO. 104)** |
| Plaintiff, | |
| v. | |
| MAHVASH MAZGANI, | |
| Defendant. | |

This matter is before the Court on the motion for reconsideration of this Court's September 24, 2024 order dismissing with prejudice Kevin Moda's October 2, 2020 complaint for non-dischargeability of debt and denial of discharge against the debtor (Docket No. 104).

Moda's willful failure to file a status report or appear at the June 4, 2024 status hearing resulting in the dismissal did not occur in a vacuum. Rather, it was a continuation of months of his abusive conduct, including knowingly violating Court orders, filing numerous frivolous pleadings in both this Court and in the District Court and being found in contempt of this Court's orders, which will be discussed in detail herein.

-1-

ER-1015

His history of defiance of numerous court orders resulting in sanctions now in the amount of approximately $500,000, without a dollar being paid, has not acted as a deterrent to Moda's abuse of the judicial system. As discussed below, the only appropriate sanction for Moda's conduct was the dismissal of his adversary proceeding with prejudice.

Therefore, his motion for reconsideration, for the reasons stated herein, will be denied.

## HISTORY OF THE BANKRUPTCY CASE

On October 2, 2019, an involuntary petition was filed in this Court against the debtor Mahvash Mazgani. At the time, the debtor and Kevin Moda (the debtor's nephew) were involved in litigation in Los Angeles County Superior Court involving the ownership of two properties: one at 141 South Clark Drive, Unit 320, Los Angeles, California 90048 and another at 10950 Massachusetts Avenue, Los Angeles, California 90024.

On May 12, 2020, an order for relief was entered in the involuntary chapter 7 case and on the same day (Docket No. 174), the debtor moved to convert the case to a chapter 11 reorganization (Docket No. 175). On July 15, 2020, the case was converted to chapter 11 (Docket No. 250).

On July 16, 2020, Moda filed a motion for relief from the automatic stay (Docket No. 257) so the state court action could proceed. The motion specified that Moda "agree[d] that the *stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate,*" except that Moda would be able to file a proof of claim and/or an adversary proceeding in this Court. On September 16, 2020, the Court granted the motion (Docket No. 356).

On October 2, 2020, Moda filed a cross-complaint in the state court action, asserting that the Mazganis owed him a non-dischargeable debt arising out of Mahvash

-2-

ER-1016

Mazgani's alleged defrauding of Moda and mishandling of a trust held for Moda's benefit. The same day, Moda filed this adversary proceeding against the debtor alleging actions under §§ 523(a)(2)(A), (a)(4) and (a)(6), and §§ 727 (a)(2), (a)(3) and (a)(4).

On July 7, 2023, Moda obtained a judgment against the debtor in the state court action. The state court judgment awarded Moda both the Clark Property and the Massachusetts Property, and over $30 million in damages (including treble damages). On July 12, 2023, the debtor appealed the state court judgment.

On September 21, 2023, Moda filed a motion for an "Order Confirming Termination of Stay" (Docket No. 835). Moda argued that the State Court Judgment "led to excluding the [Clark and Massachusetts] properties from the automatic stay." (Docket No. 835). Therefore, Moda argued, he could enforce the State Court Judgment regardless of the bankruptcy stay. On October 18, 2023, this Court denied Moda's motion and confirmed that "the automatic stay remains in effect as to enforcement of any judgment in the Superior Court case." Moda then appealed that order. On September 4, 2024, the District Court affirmed this Court's October 18, 2023 order.

On June 10, 2024, in a related appeal, Case No. 2:24-cv-02762-WLH, the District Court commented on Moda's and his then attorney Vipan Bhola's continued violation of the automatic stay:

> Despite the pending appeal, and in complete disregard of Judge Russell's order, Moda and his attorney, Vipan Bhola, violated the stay. In an order dated January 19, 2024, Judge Russell found that Moda and Bhola had
>> "attempt[ed] to enforce Mr. Moda's non-final Superior Court judgment by: 1) Mr. Moda sending letters to Debtor [Mahvash Mazgani]'s tenants identifying himself as owner of Debtor's property and directing them to suspend payment of rents to Debtor; and 2) by Mr. Bhola filing an Ex Parte

ER-1017

Application for Mr. Moda in the Superior Court seeking such
an order."

Judge Russell ordered Moda and Bhola to pay compensatory
sanctions and punitive damages for their violation of the stay. Nevertheless,
Moda continued to violate the stay. . . .

(Order Holding Moda in Contempt, Bkr. Docket No. 1081 at 2–3).

Among other remedial actions, Judge Russell ordered Moda to
record recissions of both grant deeds recorded on February 26, 2024, that
purported to deliver the Clark and Massachusetts Properties to Aslan (the
"Grant Deeds"). (Id. at 3). Judge Russell further ordered Moda to provide
proof of his remedial actions by March 25, 2024, or "pay sanctions of $1,000
per day to Debtor's attorneys of record from and after March 25, 2024 until
proof of all the Remedial Actions is provided." (Id.).

On April 4, 2024, Aslan, represented by Bhola, initiated this action
against Defendants Nazanin Mazgani, Neyaz Mazgani, and Clemente R.
Cuevas, seeking to enforce the State Court Judgment.4 (See generally
Compl.). Defendants Nazanin and Neyaz Mazgani filed the instant Motion
to Dismiss on April 26, 2024. The Clerk of Court entered default against
Defendant Cuevas on May 8, 2024.

On June 4, 2024, Judge Russell issued an Order to Show Cause
Why Additional Punitive Measures Should Not Be Imposed on Kevin Moda
for His Failure to Remediate His Actions Taken in Violation of the Automatic
Stay. (Order to Show Cause, Bkr. Docket No. 1124). That order explains
that Moda has never provided proof of the remedial measures Judge
Russell ordered him to take in the Order Holding Moda in Contempt. (Id. at
2). Nor has Moda paid any of the ordered sanctions. (Id.).

II. DISCUSSION

Like each of Moda's bankruptcy appeals in this Court, this case is
another clear attempt by Moda and Bhola to circumvent the authority of the
Bankruptcy Court, enforce the State Court Judgment that is currently on
appeal, and take possession of the Massachusetts and Clark Properties.
Though there are many reasons to dismiss this case with prejudice, the
Court will explain the simplest reason so as not to further waste judicial
resources on Moda. Aslan does not have standing to bring this case. "The
constitutional standing doctrine… prohibits a litigant from asserting another
person's legal rights." Frank v. Wells Fargo Bank, N.A., 620 F. Supp. 3d
1024, 1027 (C.D. Cal. 2022) (citing City of Rialto v. W. Coast Loading Corp.,
581 F.3d 865, 877 (9th Cir. 2009)). Aslan is not the rightful owner of the
Massachusetts or Clark Properties. Moda's execution of Grant Deeds

ER-1018

purporting to transfer the Properties to Aslan was a violation of the automatic stay and in contravention of Judge Russell's orders. <u>Moda has no right to the Properties while the State Court Judgment is being appealed and the bankruptcy stay is still in effect.  Moreover, Judge Russell has already ordered Moda to record recissions of the Grant Deeds upon which this entire action is based.  Since Aslan has no standing to bring this action,</u> the case must be dismissed.  (Emphasis added.)

The Motion is GRANTED, and the case is DISMISSED with prejudice.

(Emphasis added.)  (District Court Case No. 2:24-cv-02762-WLH, Docket No. 43, page 4, lines 3-24 through page 6, line 22).

## THE NON-APPEARANCE AT THE JUNE 4, 2024 STATUS CONFERENCE

On March 1, 2024, Vip Bhola withdrew as Moda's attorney in the adversary proceeding.  On March 12, 2024, a status conference was held in the adversary proceeding.  Moda appeared in pro per.  The court continued the status conference on the record to June 4, 2024 (Docket No. 75).

Moda did not file a status report for the June 4, 2024 status conference.  Debtor timely filed a unilateral status report on May 21, 2024 (Docket No. 76).

On May 24, 2024, Moda (through Vip Bhola) filed an "Updated Status Conference Report Of Creditor, Kevin Moda Regarding State Court Litigation".  This document was not actually a report regarding the state court litigation but rather defiant and bizarre statements that he was not going to abide by this Court's orders regarding his violation of the automatic stay.  The report stated:

This Status Conference Report is filed by plaintiff/creditor, Kevin Moda, by and through his counsel.

This court recognizes that it lacks the jurisdiction and the authority to do anything else besides declare that "there is a stay" (which there is not).  Creditor, Mr. Moda, made it abundantly clear that he is not going to abide by a void admonition to relinquish the real property and put himself in jeopardy of violating banking laws and lender laws.

While we sympathize with the court's lack of jurisdiction, that is something for the Article III court to decide, and we are ready to have that issue considered.

ER-1019

The Debtor claims that she incurring $375,000 per year for fees and expenses, while Mr. Moda is incurring $280.000 per month in interest for the Debtor's lack of payment of the Judgment.

(Bk. Case No. 2:19-bk-21655-BR, Docket No. 1123, page 2, lines 1-12)

This report is bizarre because almost two months prior to this May 24, 2024 status report, on March 27, 2024, the District Court dismissed Moda's appeal from this Court's January 19, 2024 order sanctioning Moda and his attorney, Vip Bhola, for violations of the automatic stay.

Considering this statement of defiance, it is no surprise that Moda did not file a status report or appear at the June 4, 2024 status conference.

Although Moda had previously filed numerous status reports and had appeared at prior status conferences, the Court finds that he did not intend to appear or have Bhola appear on his behalf on June 4, 2024. He no doubt felt that this Court might impose another monetary sanction which he would simply ignore as he had previously done numerous times. As will be further discussed herein, this Court has already imposed almost $500,000 in sanctions against Moda, of which not one dollar has been paid.

On June 4, 2024, the continued status conference was held. Moda did not appear. The Court entered an Order to Show Cause set for August 6, 2024 as to why the adversary proceeding should not be dismissed for Moda's failure to file a status report or appear at the status conference and ordered Moda to file any response to the OSC no later than July 23, 2024 (Docket No. 77).

On June 6, 2024, the Bankruptcy Court Noticing Center served Moda at his address of record with the OSC set for August 6, 2024 (Docket No. 79). Moda did not file a response to the OSC even though Moda had been served with the OSC.

On August 6, 2024, the Court, being unaware that the OSC had been served by the Noticing Center, believed Moda had not been served with the OSC. At that hearing,

ER-1020

1  Moda stated he had not been served with the OSC despite the fact that he was properly

2  served by the Noticing Center.  The Court finds his denial of not being served not to be

3  credible and does not rebut the presumption that he received the OSC.

4        The Court then set a new OSC to be heard on September 24, 2024 as to why the

5  adversary proceeding should not be dismissed and ordered Moda to file any response to

6  the OSC no later than September 10, 2024.

7        On August 9, 2024, the Noticing Center served Moda at his address of record with

8  the OSC set for September 24, 2024 (Docket No. 87).  On August 12, 2024, debtor's

9  counsel also served Moda with the OSC (see, Proof of Service filed on August 12, 2024

10  (Docket No. 88).

11        Moda did not file a response to the OSC despite being served by both debtor's

12  counsel and the Noticing Center.

13        On September 10, 2024, Vip Bhola, Moda's prior attorney, filed an unauthorized

14  response to the OSC allegedly on behalf of Moda (Docket No. 89).  His six page response

15  consisted of his declaration and an Exhibit "A" which reflected a June 8, 2024 office visit

16  to the Santa Clarita Imaging And Interventional Center, with no mention of an alleged fall

17  by Bhola on June 4, 2024.

18        Most of his declaration, except for a short paragraph, did not deal with the failure

19  of Moda to appear for the June 4 hearing, but rather, Bhola's apology for his prior improper

20  conduct before this Court relating to his violation of the stay for which he was sanctioned

21  as discussed below.

22        His declaration stated:

23        10.    On June 4, 2024, I arrived at the Los Angeles Courthouse
       wheelchair ramp with nearly 25 minutes to spare to make it from that
24     building to the Courthouse.  On the way up the wheelchair ramp, I tipped
       sideways and fell off my chair and my chair landed atop me.  I could not
25     move and had no way of alerting anyone of my fall as the chair was atop
       me.
26

27        11.    My failure to appear at the June 4, 2014, status conference,
       which resulting in Mr. Moda's subsequent nonappearance, was due to a
28     physical disability that required urgent medical attention.  I have attached

-7-

the corresponding medical record hereto and incorporate it herein by reference as **Exhibit A**.

(Docket No. 89, page 4, lines 3-11)

Bhola's story about falling on his way to Court on June 4 was clearly fabricated.

There was never an explanation as to what happened after Bhola's alleged fall. For instance, how did he finally get up?  Why didn't he call the Court to notify it that he could not come?  Everytime Bhola attended Court in his wheelchair, there was someone with him to assist him.  Why didn't the person assist him?

One would have thought that Bhola within a few days would have notified the Court as to why he did not appear.  Indeed, Bhola's only notification of his alleged fall was his September 10, 2024 declaration, over three months after his alleged fall on June 4 and after the OSC was issued.  Rather than attach an exhibit that demonstrated a need for urgent medical attention, his Exhibit A appears to be of a doctor's appointment of a regular office visit at 2:48 p.m. on June 8, 2024, four days after the June 4, 2024 at 10:00 a.m. status conference.

On September 24, 2024, the Court held the hearing on the OSC.  Although Moda had not filed a response to the OSC, he appeared with his new attorney, Felix J. Woo.

///
///
///
///
///
///
///
///

-8-

ER-1022

Moda's failure to appear at the June 4 status conference was a continuance of his

many months of his abuse of the judicial system.  The Court has concluded that Moda

intentionally failed to file the required[1] status report for the June 4 status conference for

the adversary proceeding and intentionally failed to attend the status conference.   On

September 24, 2024, this Court dismissed Moda's adversary proceeding with prejudice.

**PRIOR MONETARY SANCTIONS BY THIS COURT AGAINST MODA**

On January 19, 2024, this Court ordered sanctions against  Moda and Bhola in the

sum of $34,956 for their violations of the automatic stay [Doc. No. 993].1[2] When these

sanctions were not paid by the deadline of February 6, 2024 set forth in the Order, the

_____

[1]      Local Rule 7016-1 "Status Conference, Pretrial, And Trial Procedure" provides in pertinent part:

        (1)  Who Must Appear.   Each party  appearing at any status conference must be represented by either the attorney (or party, if not represented by counsel) who is responsible for trying the case or the attorney who is responsible for preparing the case for trial.

                               \* \* \*

        (2)  Contents of Joint Status Report.  Unless otherwise ordered by the court, at least 14 days before the date set for each status conference the parties are required to file a joint status report using mandatory court form F 7016-1.STATUS.REPORT (and F 7016-1.STATUS.REPORT.ATTACH, if applicable).

                               \* \* \*

    (g)      Failure to Appear at Hearing or Prepare for Trial.  The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

[2]      Moda filed an untimely appeal of this Order on February 5, 2024 (Docket No. 1013), and the appeal was dismissed by the District Court on March 27, 2024 (Case No. 2:24-cv-01011-WLH).

ER-1023

Court issued an Order to Show Cause why Moda and Bhola should not be held in contempt for failure to pay the sanctions [Doc. No. 1035].

The January 19, 2024 order provided:

1. The Motion for Sanctions is granted.

2. Kevin Moda and Vipan K. Bhola violated the automatic stay by attempting to enforce Mr. Moda's non-final Superior Court judgment by: 1) Mr. Moda sending letters to Debtor's tenants identifying himself as owner of Debtor's property and directing them to suspend payment of rents to Debtor; and 2) by Mr. Bhola filing an Ex Parte Application for Mr. Moda in the Superior Court seeking such an order.

3. Compensatory sanctions are awarded in favor of Debtor jointly and severally against Kevin Moda and Vipan K. Bhola in the amount of $11,652.00, and punitive damages are awarded in favor of Debtor jointly and severally against Kevin Moda and Vipan K. Bhola in the amount of $23,304.00, for a total sanctions award of $34,956.00.

4. Said sanctions of $34,956.00 must be paid in certified funds to Debtor's attorneys of record Weintraub Zolkin Talerico & Selth LLP no later than February 6, 2024.

(Docket No. 993, page 2, lines 7-19)

On March 20, 2024, the Court entered its Order Holding Kevin Moda and Vipan K. Bhola in Contempt for Their Failure to Pay Sanctions Ordered by the Court for Willful Violation of the Automatic Stay [Doc. No. 1080], in which the Court ordered that:

1. Kevin Moda and Vipan K. Bhola are in contempt for their failure to pay the sanctions of $34,956.00 ("Sanctions") ordered by this Court on January 19, 2024 [Doc. No. 993];

2. Said Sanctions are ordered to be be paid in certified funds to Debtor's attorneys of record Weintraub Zolkin Talerico & Selth LLP no later than 12:00 noon on March 25, 2024;

3. If said Sanctions are not paid by 12:00 noon on March 25, 2024, then Kevin Moda and Vipan K. Bhola are ordered to pay additional sanctions

ER-1024

1   of $1,000 per day to Debtor's attorneys of record after March 25, 2024

2   until paid in full.

3   (Docket No. 1080, page 2, lines 3-10)

4   Additionally, on October 4, 2024, the Court ordered sanctions against Moda and

5   Bhola in the sum of $3,001.58 for the filing of a frivolous motion to convert or dismiss

6

7   debtor's case (Docket No. 1181).

8   As of this date, no payment towards these sanctions has been paid, which now

9   exceed over $350,000.

10   **SANCTIONS AND IMMINENT ORDER OF INCARCERATION OF MODA**

11   On March 20, 2024,[3] this Court issued an "Order Holding Kevin Moda In Contempt

12   For His Continued Violation Of The Automatic Stay" (Docket No. 1081). The March 20,

13

14   2024 order ordered Moda to remediate his numerous actions taken in violation of the

15   automatic stay, and ordered that if proof of said Remedial Actions is not provided to the

16   Court and Debtor's counsel by 12:00 noon on March 25, 2024, then Kevin Moda is

17

18   ordered to pay sanctions of $1,000 per day to Debtor's attorney of record from and after

19   March 25, 2024 until proof of the Remedial Actions is provided." (Docket No. 1081).

20   Moda was ordered to:

21       A. Record a Rescission of the Grant Deed recorded on February

22          26, 2024 (Recorded Doc. No. 20240122024);

23       B. Record a Rescission of the Grant Deed recorded on February

24          26, 2024 (Recorded Doc. No. 20240122023);

25       C. Deliver to each of Debtor's tenants residing at 10950-10954

26          Massachusetts Ave., Los Angeles, CA 90024 a written notice

27   _____

28       [3]   Moda filed an appeal of this Order on March 20, 2024 (Docket No. 1085) and the
    appeal was dismissed by the District Court for lack of prosecution on September 9, 2024 (Case
    No. 2:24-cv-02529-WLH).

-11-

cancelling and rescinding the Notice of Ownership Change
dated February 29, 2024 purportedly signed by "V. Aslan";

D.   Deliver to each of Debtor's tenants residing at 10950-10954
Massachusetts Ave., Los Angeles, CA 90024 a written notice
cancelling and rescinding the Three Day Notice to Pay Rent
or Quit dated March 6, 2024 purportedly signed by Mehmet
Veli Aslan, M.D.;

E.   Deliver to each of Debtor's tenants residing at 10950-10954
Massachusetts Ave., Los Angeles, CA 90024 a written notice
cancelling and rescinding the "Notice to Tenants and
Trespassers" dated March 6, 2024 purportedly signed by
Mehmet Veli Aslan, M.D. delivered to Debtor's tenants
residing at 10952 and 10954 Massachusetts Ave., Los
Angeles, CA 90024.

4.     If proof of said Remedial Actions is not provided to the Court and
Debtor's counsel by 12:00 noon on March 25, 2024, then Kevin Moda is
ordered to pay sanctions of $1,000 per day to Debtor's attorneys of record
from and after March 25, 2024 until proof of all the Remedial Actions is
provided.

5.     The failure of Moda to provide proof of the Remedial Actions set forth
in Paragraph 3 and/or pay the sanctions as set forth in Paragraph 4 may
result in additional punitive measures to be determined by the Court.

(Docket No. 1081, page 3, lines 1-28 through page 4, lines 1-4).

On June 4, 2024, this Court issued an "Order To Show Cause Why Additional
Punitive Damages Should Not Be Imposed On Kevin Moda For His Failure To Remediate
His Actions Taken In Violation Of The Automatic Stay (Docket No. 1124) to be heard on
August 6, 2024 at 10:00 a.m.  Moda appeared at the August 6 hearing with his new
attorney Felix T. Woo.

At the August 6 hearing, the Court stated that it found Moda in further contempt of
the March 20, 2024 order and stated that it would grant the debtor's request to incarcerate
Moda until he complied with the remedial order.

On August 9, 2024, the debtor filed a proposed order (Docket No. 1157) (which
the Court was prepared to issue) which provided in pertinent part:

-12-

ER-1026

Mr. Moda having failed to provide proof of any of said Remedial Actions to the Court or to pay any of the ordered sanctions, on June 4, 2024, this Court entered its Order to Show Cause Why Additional Punitive Measures Should Not be Imposed on Kevin Moda for His Failure to Remediate His Actions Taken in Violation of the Automatic Stay ("OSC re Punitive Measures", Doc. No. 1124).

On August 6, 2024, a hearing was held on the Court's OSC re Punitive Measures. Personal appearances in Court were made by Kevin Moda, James R. Selth for Debtor, Mahvash Mazgani and Subchapter V Trustee Gregory Jones.

Having considered the evidence submitted and the oral arguments in open Court, for the reasons stated in the Contempt Order and the OSC re Punitive Measures, and good cause appearing therefore,

**IT IS ORDERED THAT:**

1) Kevin Moda remains in civil contempt of the Contempt Order entered on March 20, 2024;

2) Pursuant to the Bankruptcy Court's civil contempt powers, a writ of body attachment and warrant for civil arrest is hereby issued and the Office of the United States Marshal is authorized and directed to arrest and incarcerate Kevin Moda until such time as he complies with the Contempt Order by providing proof to the Court of all the required Remedial Actions set forth above.

3) Once Kevin Moda complies with the Contempt Order by providing proof to the Court of all the required Remedial Actions set forth above, he shall be released from custody.

(Docket No. 1157, page 5, lines 2-22).

On August 16, 2024, Moda, represented by Mr. Woo, filed a declaration that he had taken all of the remedial action ordered by this Court.

On August 23, 2024, debtor filed her "Reply To Objection To Proposed Order On Order To Show Cause Why Additional Punitive Damages Should Not Be Imposed On Kevin Moda For His Failure To Remediate His Actions Taken In Violation Of The Automatic Stay And Proposed Alternative Order" (Docket No. 1164) which stated:

-13-

ER-1027

Debtor's counsel has confirmed that Mr. Moda has now performed the Remedial Actions ordered by the Court on March 20, 2024 ("March 20 Order", Doc. No. 1081), and agrees with the Moda Objection to Proposed Order that his incarceration is no longer necessary or appropriate.

Debtor also agrees that the monetary sanctions of $1,000 per day ordered against Mr. Moda in the March 20 Order should terminate as of August 16, 2024, for a total sanctions order of $144,000 (144 days x $1,000).

Based on the foregoing, Debtor consents to entry of the Alternative Proposed Order lodged by Mr. Moda's new counsel on August 16, 2024.

(Docket No. 1164, page 2, lines 3-10).

On August 23, 2024, this Court entered an order (Docket No. 1165):

1. Kevin Moda provided proof of the Remedial Actions and is no longer in civil contempt of the Order Holding Kevin Moda in Contempt for His Continued and Willful Violation of the Automatic Stay. ECF No. 1081.

2. Any further monetary sanctions are terminated.

(Docket No. 1165, page 2, lines 26-28 through page 3, lines 1-2).

It is important to emphasize that Moda failed to comply with this Court's March 20 order for almost five months, and then complied only because an order for his incarceration was about to be issued.  It is also important to note that he has not paid any of the $144,000 sanctions owed by him, resulting in a total amount of sanctions against Moda of approximately $500,000, of which none have been paid.

## ABUSIVE CONDUCT IN THE DISTRICT COURT

### IT IS CLEAR THAT MODA'S ABUSIVE CONDUCT HAS NOT BEEN LIMITED TO THIS COURT

On February 7, 2024, the District Court Judge Wesley L. Hsu issued an order "Denying Appellant Kevin Moda's Motion To Remove And Replace Bankruptcy Judge" (District Court Case No. 23-cv-08894-WLH (Docket No. 29).  In his Order, Judge Hsu expressed his concern about Moda's and his attorney Vip Bhola's conduct in the District Court:

-14-

ER-1028

1
2
3
4
5

        Fourth, the conduct of Moda and his attorney in filing this Motion continues a pattern of frivolous attempts to relitigate issues that are not on appeal in this Court. As discussed above, this is Moda's third motion in this Court alone to remove Judge Russell from the bankruptcy action. The Court has already denied two of those attempts as meritless. Yet Moda and Bhola continue to waste the time and resources of the Court and opposing counsel by filing another repetitive motion.

6
7
8
9
10
11

        Fifth, and finally, Moda and Bhola clearly attempted to mislead the Court when they stated in the Motion that '[a]pplications pursuant to 28 U.S.C. 455 may be made in the first instance to the District Court'—which is directly contrary to the law—without disclosing that the Bankruptcy Court had already denied Moda's original Motion to Disqualify pursuant to 28 U.S.C. § 455. "This omission is an unreasonable and irresponsible breach of [Bhola's] duty of good faith and candor in dealing with the judiciary." _Blixseth v. Yellowstone Mountain Club, LLC_, 796 F.3d 1004, 1008 (9th Cir. 2015).

12
13

(Emphasis added.) (Adv. Case No. 2:23-cv-08894-WLH) (District Court Order, Docket No. 29, page 4, lines 13-26).

14
15

        Additionally, during the short time since this appeal commenced, Moda has filed several motions that seem designed to harass opposing counsel and create unnecessary emergencies for everyone involved.

16

(Emphasis added.) (District Court Order, Docket No. 29, page 3, footnote 1, lines 19-21).

17
18

In denying the Motion, Judge Hsu stated:

19
20
21
22
23
24

        In sum, the Motion is procedurally improper, factually and legally meritless, and a waste of judicial resources. Moreover, though the Court is not imposing sanctions at this time, Moda and Bhola are on notice that the Court my impose significant sanctions for the filing of further frivolous motions and briefs as well as any intentionally misleading arguments. _See_ Fed. R. Bankr. P. 9011 (bankruptcy courts may impose sanctions for filings that are frivolous and/or presented for an improper purpose); _Hedges v. Resol. Tr. Corp._, 32 F.3d 1360, 1364 (9th Cir. 1994) (district courts may impose sanctions under Rule 9011 in appeal from bankruptcy court).

25

(Emphasis added.) (District Court Order, Docket No. 29, page 5, lines 1-8).

26
27
28

///
///
///

ER-1029

**THE APPROPRIATE SANCTION FOR MODA'S WILLFUL FAILURE TO FILE**

**A STATUS CONFERENCE REPORT AND APPEAR AT THE JUNE 4, 2024 STATUS**

**CONFERENCE**

In his motion, Moda cites Ninth Circuit case law which holds that a court should consider the following factors relating to a failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

Unlike the cases cited by Moda generally dealing with the negligent conduct of a party resulting in the delay of the prosecution of civil cases, the dismissal with prejudice of Moda's adversary proceeding does not deal with merely the negligent conduct of Moda, but rather a willful defiance of this Court by Moda not filing the required status report or not appearing at the status conference, evidencing a continuation of defiance of orders of this Court.

1.  The Public's Interest In Expeditious Resolution Of Litigation

Under the unusual facts of this matter, the dismissal of the adversary proceeding with prejudice will have no practical effect on either the debtor or Moda and therefore there would be no public interest in the expeditious resolution of the litigation.  As discussed infra, the rights of the parties will be determined by a final judgment of the Superior Court, not in the adversary proceeding.  If the judgment is affirmed and the adversary proceeding is not dismissed, the two properties will be awarded to Moda and

-16-

ER-1030

Moda will have an uncollectible multi-million dollar non-dischargeable judgment against the debtor.

If the debtor prevails in the Superior Court, she would own the two properties and Moda would not have a monetary judgment and therefore would not be a creditor in this case. At oral argument, Moda's counsel argued that it is possible for a split State Court judgment, where the debtor would be awarded the properties and Moda would be awarded a multi-million dollar judgment. Given the fact that any judgment would be the result of debtor's wrongful conversion of the properties, such a result would not be possible. Therefore, there is no public interest in the expeditious resolution of this litigation.

2. The Court's Need To Manage Its Docket

This Court has spent a huge amount of time and resources having to deal with Moda's abusive conduct, not only dealing with the adversary proceeding, but as discussed *infra*, resulting in almost $500,000 in sanctions, none of which have been paid. Dismissal of this adversary proceeding with prejudice will relieve the Court of the possibility of having to deal with future abuses of Moda regarding the adversary proceeding.

3. The Risk Of Prejudice To The Defendant

The risk of prejudice to the defendant is obvious and serious as discussed *infra*. The abusive conduct of Moda has resulted in damages to the defendant of approximately $500,000, none of which have been paid. Under these circumstances, it would be a manifest injustice for the debtor to have to deal with future possible abuses of Moda regarding the adversary proceeding.

-17-

ER-1031

4.  <u>Public Policy Favoring The Disposition Of Cases On Their Merits</u>

As discussed above, this is not just a case of a mere negligent failure to prosecute civil litigation, but is rather a willful continuation of Moda's defiance of this Court's orders. There is clearly no public policy which would allow Moda to continue prosecuting his adversary proceeding, given his abuse of the bankruptcy legal system in the administration of the bankruptcy case, resulting in approximately $500,000 in unpaid sanctions and his willful abusive conduct resulting in the dismissal of his adversary proceeding with prejudice.

5.  <u>The Unavailability Of Less Drastic Sanctions</u>

As discussed, *infra*, Moda's history of defiance of numerous court orders has resulted in sanctions now in the amount of approximately $500,000 with not a dollar being paid. The only order finally complied with was five months after it was issued and only to avoid incarceration, but with a final sanction of $144,000 still unpaid.

Clearly under these circumstances, the only appropriate sanction is the dismissal of the adversary proceeding, with prejudice, there being no less drastic sanctions being available.

<center><b><u>CONCLUSION</u></b></center>

Moda's claims that terminating sanctions are not warranted because there is no evidence of willfullness and that the dismissal of the adversary proceeding was manifestly unjust is belied by the history of his abuse of the legal system both in this Court and the District Court and the burden his improper conduct had on both this Court and the debtor, as discussed *infra*.

<center>-18-</center>

<center>ER-1032</center>

1      Indeed, it would be manifestly unjust to allow Moda to continue with his abuse of

2  the judicial system by his willful conduct where the only possible effective sanction was

3  dismissal with prejudice, where he has not paid a single dollar of this Court's sanctions,

4  now approximately $500,000.

5

6      Therefore, no good cause having been shown, Moda's Motion for Reconsideration

7  will be **DENIED**.  A separate order denying the motion will be entered.

8      **IT IS SO ORDERED.**

9  ###

Date: March 5, 2025

Barry Russell
United States Bankruptcy Judge

ER-1033

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

FELIX T WOO
FTW Law Group
601 South Figueroa St Ste 1950
Los Angeles, CA 90017

KEVIN MODA
18324 CLARK ST SE 310
TARZANA, CA 91356

NAZANIN MAZGANI, ESQ.
LAW OFFICE OF NAZANIN MAZGANI
10954 MASSACHUSETTS AVE
LOS ANGELES, CA 90024

David B Zolkin
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Ste 730
Los Angeles, CA 90025

☐ Service information continued on attached page

Date:    3/5/2025          Signature: _____

Deputy Clerk [*printed name*]: STACEY FORTIER

**ER-1034**

ECF 120

FILED & ENTERED

MAR 05 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MAHVASH MAZGANI,<br><br>                                    Debtor.<br>_____<br><br>KEVIN MODA,<br><br>                                    Plaintiff,<br><br>        v.<br><br>MAHVASH MAZGANI,<br><br>                                    Defendant. | Case No. 2:19-bk-21655-BR<br><br>Chapter 11<br><br>Adv. No. 2:20-ap-01637-BR<br><br>**ORDER DENYING KEVIN MODA'S<br>MOTION FOR RECONSIDERATION<br>(DOCKET NO. 104)** |

This matter is before the Court on the motion for reconsideration of this Court's September 24, 2024 order dismissing Kevin Moda's October 2, 2020 complaint for non-dischargeability of debt and denial of discharge against the debtor.

For the reasons stated in the concurrently filed Memorandum of Decision, no good cause having been shown, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Date: March 5, 2025

Barry Russell
United States Bankruptcy Judge

-1-

ER-1036

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

FELIX T WOO
FTW Law Group
601 South Figueroa St Ste 1950
Los Angeles, CA 90017

KEVIN MODA
18324 CLARK ST SE 310
TARZANA, CA 91356

NAZANIN MAZGANI, ESQ.
LAW OFFICE OF NAZANIN MAZGANI
10954 MASSACHUSETTS AVE
LOS ANGELES, CA 90024

David B Zolkin
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Ste 730
Los Angeles, CA 90025

☐ Service information continued on attached page

Date:    3/5/2025

Signature: _____

Deputy Clerk [*printed name*]:  STACEY FORTIER

**ER-1037**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

601 South Figueroa Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 03/12/2025 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

• Gregory Kent Jones {TR} gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
• Betty Luu bluu@duanemorris.com • United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• James R Selth
jselth@wztslaw.com,jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com • Nazanin
Mazgani mazganilaw@gmail.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/11/2025 , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Judge Barry Russell, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Suite 1660, Los Angeles,
CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/12/2025 | Felix T. Woo | /s/ Felix T. Woo |
| *Date* | *Printed Name* | *Signature* |

**ER-1038**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Adversary Proceeding #: 2:20-ap-01637-BR

*Assigned to:* Barry Russell                              *Date Filed:* 10/02/20
*Lead BK Case:* 19-21655                                  *Date Dismissed:* 10/15/24
*Lead BK Title:* Mahvash Mazgani
*Lead BK Chapter:* 11
*Demand:*

*Nature[s] of Suit:* 62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud
                     67 Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny
                     68 Dischargeability - 523(a)(6), willful and malicious injury
                     41 Objection / revocation of discharge - 727(c),(d),(e)

**Plaintiff**
-----------------------
**Kevin Moda**                          represented by **Vipan Bhola**
18324 Clark St.                                         Law office of Vip Bhola
#310                                                    5429 Cahuenga Blvd Ste 101
Tarzana, CA 91356                                       North Hollywood, CA 91601
310 880 1529                                            818-347-5297
                                                       Email: vbhola@icloud.com
                                                       *TERMINATED: 02/28/2024*

                                                       **Betty Luu**
                                                       Duane Morris LLP
                                                       865 S Figueroa St Ste 3100
                                                       90017
                                                       Los Angeles, CA 90071
                                                       213-689-7421
                                                       Email: bluu@duanemorris.com

                                                       **Donald W Reid**
                                                       Law Office of Donald W. Reid
                                                       PO Box 2227
                                                       Fallbrook, CA 92088
                                                       951-777-2460
                                                       Email: don@donreidlaw.com
                                                       *TERMINATED: 11/30/2023*

                                                       **Felix T Woo**
                                                       FTW Law Group
                                                       601 South Figueroa St Ste 1950
                                                       Los Angeles, CA 90017
                                                       213-335-3960
                                                       Fax : 213-344-4498
                                                       Email: fwoo@ftwlawgroup.com

V.

*Defendant*
----------------------

**Mahvash Mazgani**                                     represented by **Nazanin Mazgani**
10954 Massachusetts Ave.                                Law Offices of Nazanin Mazgani
Los Angeles, CA 90024                                   10954 Massachusetts Ave
SSN / ITIN: xxx-xx-0000                                 Los Angeles, CA 90024
                                                        310-892-0820
                                                        Fax : 424-832-7331
                                                        Email: mazganilaw@gmail.com


*Trustee*
----------------------

**Gregory Kent Jones (TR)**                             represented by **Nazanin Mazgani**
Stradling Yocca Carlson & Rauth                         (See above for address)
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067
424-214-7044


*U.S. Trustee*
----------------------

**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 10/02/2020 | 1<br>(176 pgs; 2 docs) | Adversary case 2:20-ap-01637. Complaint by Kevin Moda against Mahvash Mazgani. Fee Amount $350 (Attachments: # 1 Exhibit 1 - Cross-Complaint) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Reid, Donald) (Entered: 10/02/2020) |
| 10/02/2020 | | Receipt of Complaint(2:20-ap-01637-BR) [cmp,cmp] ( 350.00) Filing Fee. Receipt number 51833798. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/02/2020) |
| 10/07/2020 | 2<br>(6 pgs; 2 docs) | Summons Issued on Mahvash Mazgani Date Issued 10/7/2020, Answer Due 11/6/2020 (RE: related document(s)1 Complaint filed by Plaintiff Kevin Moda) Status hearing to be held on 12/1/2020 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 10/07/2020) |
| 10/08/2020 | 3<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Selth, James. (Selth, James) (Entered: 10/08/2020) |

**ER-1040**

| | | |
|---|---|---|
| 10/14/2020 | **4**<br>(3 pgs) | Summons Service Executed on Mahvash Mazani 10/14/2020 (Reid, Donald) (Entered: 10/14/2020) |
| 11/06/2020 | **5**<br>(25 pgs) | Motion *to Stay Adversary Proceedings* Filed by Defendant Mahvash Mazani (Mazani, Nazanin) (Entered: 11/06/2020) |
| 11/06/2020 | **6**<br>(52 pgs) | Motion *to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazani* Filed by Defendant Mahvash Mazani (Mazani, Nazanin) (Entered: 11/06/2020) |
| 11/06/2020 | **7**<br>(29 pgs) | Notice of Hearing *Motion to Stay Adversary Proceedings* Filed by Defendant Mahvash Mazani (RE: related document(s)**5** Motion *to Stay Adversary Proceedings* Filed by Defendant Mahvash Mazani filed by Defendant Mahvash Mazani). (Mazani, Nazanin) (Entered: 11/06/2020) |
| 11/06/2020 | **8**<br>(52 pgs) | Notice of Hearing *Motion to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazani* Filed by Trustee Gregory Kent Jones (TR) (RE: related document(s)**6** Motion *to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazani* Filed by Defendant Mahvash Mazani filed by Defendant Mahvash Mazani). (Mazani, Nazanin) (Entered: 11/06/2020) |
| 11/06/2020 | 9 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)**8** Notice of Hearing filed by Trustee Gregory Kent Jones (TR)) (Fortier, Stacey) (Entered: 11/06/2020) |
| 11/06/2020 | **10**<br>(56 pgs) | Notice of Hearing *Motion to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazani* Filed by Defendant Mahvash Mazani (RE: related document(s)**6** Motion *to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazani* Filed by Defendant Mahvash Mazani filed by Defendant Mahvash Mazani). (Mazani, Nazanin) (Entered: 11/06/2020) |
| 11/12/2020 | 11 | Hearing Set (RE: related document(s)**5** Generic Motion filed by Defendant Mahvash Mazani) The Hearing date is set for 12/1/2020 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 11/12/2020) |
| 11/12/2020 | 12 | Hearing Set (RE: related document(s)**6** Generic Motion filed by Defendant Mahvash Mazani) The Hearing date is set for 12/1/2020 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 11/12/2020) |
| 11/17/2020 | **13**<br>(3 pgs) | Stipulation By Kevin Moda and *Mahvash Mazani to Continue December 1, 2020 Hearings* Filed by Plaintiff Kevin Moda (Reid, Donald) (Entered: 11/17/2020) |

**ER-1041**

| | | |
|---|---|---|
| 11/17/2020 | [14](#)<br>(3 pgs) | Declaration re: *Declaration of Donald W. Reid in Support of Stipulation to Continue Hearings Scheduled on December 1, 2020* Filed by Plaintiff Kevin Moda (RE: related document(s)[13](#) Stipulation By Kevin Moda and *Mahvash Mazgani to Continue December 1, 2020 Hearings*). (Reid, Donald) (Entered: 11/17/2020) |
| 11/17/2020 | [15](#)<br>(2 pgs) | Order approving stipulation to continue hearings scheduled on 12/1/2020 Re: (BNC-PDF) (Related Doc # [13](#) ) Signed on 11/17/2020 (Fortier, Stacey) (Entered: 11/17/2020) |
| 11/19/2020 | [16](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[15](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 11/19/2020. (Admin.) (Entered: 11/19/2020) |
| 11/30/2020 | | Hearing (Adv Other) Continued (RE: related document(s) [1](#) COMPLAINT filed by Kevin Moda) Status Hearing to be held on 12/15/2020 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [1](#) , (Fortier, Stacey) (Entered: 11/30/2020) |
| 11/30/2020 | | Hearing (Adv Motion) Continued (RE: related document(s) [6](#) GENERIC MOTION filed by Mahvash Mazgani) Hearing to be held on 12/15/2020 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [6](#) , (Fortier, Stacey) (Entered: 11/30/2020) |
| 11/30/2020 | | Hearing (Adv Motion) Continued (RE: related document(s) [5](#) GENERIC MOTION filed by Mahvash Mazgani) Hearing to be held on 12/15/2020 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [5](#) , (Fortier, Stacey) (Entered: 11/30/2020) |
| 12/01/2020 | [17](#)<br>(87 pgs; 13 docs) | Opposition to (related document(s): [6](#) Motion *to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazgani* filed by Defendant Mahvash Mazgani) Filed by Plaintiff Kevin Moda (Attachments: # [1](#) Exhibit 1 - Grant Deed dated 08-08-01 # [2](#) Exhibit 2 - Trust Transfer Deed dated 05-15-07 # [3](#) Exhibit 3 - Grant Deed dated 02-29-16 # [4](#) Exhibit 4 - Involuntary Petition dated 10-02-19 # [5](#) Exhibit 5 - Notice of Consent dated 05-05-20 # [6](#) Exhibit 6 - Order for Relief 05-12-20 # [7](#) Exhibit 7 - Initial Schedule AB dated 05-26-20 # [8](#) Exhibit 8 - 1A Schedule AB dated 06-05-20 # [9](#) Exhibit 9 - Grant Deed dated 06-24-20 (1) # [10](#) Exhibit 10 - Grant Deed dated 06-24-20 (2) # [11](#) Exhibit 11 - 2A Schedule AB dated 06-26-20 # [12](#) Exhibit 12 - W&S Employment Application dated 07-31-20) (Reid, Donald) (Entered: 12/01/2020) |
| 12/01/2020 | [18](#)<br>(4 pgs) | Opposition to (related document(s): [5](#) Motion *to Stay Adversary Proceedings* filed by Defendant Mahvash Mazgani) Filed by Plaintiff Kevin Moda (Reid, Donald) (Entered: 12/01/2020) |
| 12/01/2020 | [19](#)<br>(5 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing (Adv Other) Continued). (Reid, Donald) (Entered: 12/01/2020) |

**ER-1042**

| | | |
|---|---|---|
| 12/08/2020 | [20](#)<br>(34 pgs; 3 docs) | Reply to (related document(s): [17](#) Opposition filed by Plaintiff Kevin Moda) *Plaintiff's Opposition to Motion to Dismiss Plaintiff's Claims for Relief in his Claim for Nondischargeability Under 11USC 727(a)(2) &(a)(4)(A)* Filed by Defendant Mahvash Mazgani (Attachments: # [1](#) Exhibit 1 to Declaration of Nazanin Mazgani # [2](#) Exhibit 2 to Declaration of Nazanin Mazgani) (Mazgani, Nazanin) (Entered: 12/08/2020) |
| 12/08/2020 | [21](#)<br>(3 pgs) | Reply to (related document(s): [18](#) Opposition filed by Plaintiff Kevin Moda) *Plaintiff's Limited Opposition to Motion to Stay Plaintiff's Adversary Proceedings* Filed by Defendant Mahvash Mazgani (Mazgani, Nazanin) (Entered: 12/08/2020) |
| 12/08/2020 | [22](#)<br>(2 pgs) | Proof of service *Debtor/Defendant's Reply to Plaintiff's Limited Opposition to Motion to Stay Adversary Proceedings* Filed by Defendant Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 12/08/2020) |
| 12/08/2020 | [23](#)<br>(1 pg) | Proof of service *Debtor/Defendant Mahvash Mazgani's Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Claims for Relief of His Complaint for Nondischargeability Under 11 USC 727(a)(2) & (a)(4)(A)* Filed by Defendant Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 12/08/2020) |
| 12/09/2020 | 24 | Notice to Filer of Error and/or Deficient Document **Other -** [Attorney needs to refile these two documents and file a cover sheet with each proof of services, and the documents should be in flatten form] (RE: related document(s)[22](#) Proof of service filed by Defendant Mahvash Mazgani, [23](#) Proof of service filed by Defendant Mahvash Mazgani) (Fortier, Stacey) (Entered: 12/09/2020) |
| 12/09/2020 | [25](#)<br>(3 pgs) | Proof of service *Debtor/Defendant Mahvash Mazgani's Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Claims for Relief of His Complaint for Nondischargeability Under 11 USC 727(a)(2) & (a)(4)(A)* Filed by Defendant Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 12/09/2020) |
| 12/09/2020 | [26](#)<br>(3 pgs) | Proof of service *Of Debtor/Defendant's Reply to Plaintiff's Limited Opposition to Motion to Stay Plaintiff's Adversary Proceeding* Filed by Defendant Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 12/09/2020) |
| 12/16/2020 | [27](#)<br>(4 pgs; 2 docs) | Notice of lodgment *of Order Denying Motion to Dismiss 727 Claims* Filed by Plaintiff Kevin Moda (RE: related document(s)[6](#) Motion *to Dismiss Plaintiff's Claims for Relief in His Complaint For Denial of Discharge Under 11 USC 727(a)(2) & (a)(4)(A); Declaration of Mahvash Mazgani*). (Attachments: # [1](#) Proposed Order) (Reid, Donald) (Entered: 12/16/2020) |
| 12/16/2020 | | Hearing (Adv Other) Continued (RE: related document(s) [1](#) COMPLAINT filed by Kevin Moda) Status Hearing to be held on 03/16/2021 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [1](#) , (Fortier, Stacey) (Entered: 12/16/2020) |
| 12/17/2020 | [28](#)<br>(3 pgs) | Notice of lodgment Filed by Defendant Mahvash Mazgani (RE: related document(s)[5](#) Motion *to Stay Adversary Proceedings* Filed by Defendant Mahvash Mazgani filed by Defendant Mahvash Mazgani). (Mazgani, Nazanin) (Entered: 12/17/2020) |

**ER-1043**

| | | |
|---|---|---|
| 12/28/2020 | [29](#)<br>(2 pgs) | Order Denying Motion to dismiss adversary proceeding; (see order for details) (BNC-PDF) (Related Doc # [6](#) ) Signed on 12/28/2020 (Fortier, Stacey) (Entered: 12/28/2020) |
| 12/28/2020 | [30](#)<br>(2 pgs) | Order Granting Motion to stay plaintiff's adversary proceeding; (see order for details) (BNC-PDF) (Related Doc # [5](#) ) Signed on 12/28/2020 (Fortier, Stacey) (Entered: 12/28/2020) |
| 12/30/2020 | [31](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[29](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 2. Notice Date 12/30/2020. (Admin.) (Entered: 12/30/2020) |
| 12/30/2020 | [32](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[30](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 2. Notice Date 12/30/2020. (Admin.) (Entered: 12/30/2020) |
| 01/14/2021 | [33](#)<br>(21 pgs) | Answer to Complaint *Debtor/Defendant Mahvash Mazgani's Answer to Plaintiff's Complaint for Non-Dischargeability of Debts and Denial of Discharge* Filed by Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 01/14/2021) |
| 01/22/2021 | [34](#)<br>(55 pgs) | Transcript regarding Hearing Held 12/01/20 RE: Motion to dismiss plaintiff's claims for relief. Remote electronic access to the transcript is restricted until 04/22/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number 8584537590.]. Notice of Intent to Request Redaction Deadline Due By 1/29/2021. Redaction Request Due By 02/12/2021. Redacted Transcript Submission Due By 02/22/2021. Transcript access will be restricted through 04/22/2021. (Jauregui, Tara) (Entered: 01/22/2021) |
| 02/28/2021 | [35](#)<br>(3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing (Adv Other) Continued). (Reid, Donald) (Entered: 02/28/2021) |
| 03/01/2021 | 36 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)[35](#) Status report filed by Plaintiff Kevin Moda) (Fortier, Stacey) (Entered: 03/01/2021) |
| 03/01/2021 | [37](#)<br>(3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) 36 Notice to Filer of Error and/or Deficient Document). (Reid, Donald) (Entered: 03/01/2021) |
| 03/17/2021 | | Hearing (Adv Other) Continued (RE: related document(s) [1](#) COMPLAINT filed by Kevin Moda) Status Hearing to be held on 06/22/2021 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [1](#) , (Fortier, Stacey) (Entered: 03/17/2021) |
| 06/10/2021 | [38](#)<br>(3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing (Adv Other) Continued). (Reid, Donald) (Entered: 06/10/2021) |

**ER-1044**

| | | |
|---|---|---|
| 06/24/2021 | | Hearing (Adv Other) Continued (RE: related document(s) 1 COMPLAINT filed by Kevin Moda) Status Hearing to be held on 09/21/2021 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 1 , (Fortier, Stacey) (Entered: 06/24/2021) |
| 09/07/2021 | 39 (3 pgs) | Status report *re State Court Litigation* Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing (Adv Other) Continued). (Reid, Donald) (Entered: 09/07/2021) |
| 09/23/2021 | 40 (2 pgs) | Status report *Notice of Continued Status Conference* Filed by Defendant Mahvash Mazgani (RE: related document(s)39 Status report). (Mazgani, Nazanin) (Entered: 09/23/2021) |
| 10/19/2021 | 41 | Hearing Continued (RE: related document(s)40 Status report filed by Defendant Mahvash Mazgani) Status hearing to be held on 11/30/2021 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 10/19/2021) |
| 11/15/2021 | 42 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) 41 Hearing (Adv Other) Continued). (Reid, Donald) (Entered: 11/15/2021) |
| 01/25/2022 | 43 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s)1 Complaint). (Reid, Donald) (Entered: 01/25/2022) |
| 04/12/2022 | 44 | Hearing Set (RE: related document(s)1 Complaint filed by Plaintiff Kevin Moda) Status hearing to be held on 5/17/2022 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 04/12/2022) |
| 05/02/2022 | 45 (3 pgs) | Status report *re State Court Litigation* Filed by Plaintiff Kevin Moda (RE: related document(s) 44 Hearing Set (Other) (AP Case)). (Reid, Donald) (Entered: 05/02/2022) |
| 06/22/2022 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by Kevin Moda) Status Hearing to be held on 07/26/2022 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 1 , (SF) (Entered: 06/22/2022) |
| 06/24/2022 | 46 (32 pgs) | Transcript regarding Hearing Held 05/17/22 RE: CONT'D STATUS CONFERENCE RE COMPLAINT FOR: NONDISCHARGEABILITY OF DEBT PURSUANT TO: 11 U.S.C. SECTION 523(A)(2)(A) 11 U.S.C. SECTION 523(A)(4) 11 U.S.C. SECTION 523(A)(6) DENIAL OF DISCHARGE PURSUANT TO: 11 U.S.C. SECTION 727(A)(2) 11 U.S.C. SECTION 727(A)(3) 11 U.S.C. SECTION 727(A)(4) FR. 12-1-2020, 12-15-2020, 3-16-2021, 6-22-2021, 9-21-2021, 11-30-2021, 2-1-2022 ORDER TO SHOW CAUSE WHY KEVIN MODA SHOULD NOT BE DETERMINED TO BE A VEXATIOUS LITIGANT HRG. RE MOTION FOR SANCTIONS AGAINST KEVIN MODA CONT'D HRG. RE DEBTOR'S MOTION FOR ORDER DISALLOWING CLAIM NO. 10-PARK AVE INVESTMENT CAPITAL LLC FR. 9-21-2021, 12-14-2021, 2-1-2022 CONT'D HRG. RE DEBTOR'S MOTION FOR ORDER DISALLOWING CLAIM NO. 12-BEVERLY HILLS LENDERS LLC FR. 9-21-2021, 12-14-2021, 2-1-2022 CONT'D HRG. RE DEBTOR'S MOTION FOR ORDER DISALLOWING CLAIM NO. 15 HOWARD KAPP FR. 9-21-2021,12-14-2021, 2-1-2022 CONT'D HRG. RE DEBTOR'S MOTION FOR ORDER DISALLOWING CLAIM NO. 18-CESA KRAUSS FR. 9-21-2021, 12-14-2021, 2-1-2022. |

| | | Remote electronic access to the transcript is restricted until 09/22/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 7/1/2022. Redaction Request Due By 07/15/2022. Redacted Transcript Submission Due By 07/25/2022. Transcript access will be restricted through 09/22/2022. (Steinhauer, Holly) (Entered: 06/24/2022) |
|---|---|---|
| 07/11/2022 | 47 (3 pgs) | Stipulation By Kevin Moda and *Mahvash Mazgani to Continue Status Conference* Filed by Plaintiff Kevin Moda (Reid, Donald) (Entered: 07/11/2022) |
| 07/11/2022 | 48 (2 pgs) | Order Granting Stipulation to continue status conference to 10/11/2022 at 10:00 a.m. in courtroom 1668 Re: (BNC-PDF) (Related Doc # 47 ) Signed on 7/11/2022 (SF) (Entered: 07/11/2022) |
| 07/13/2022 | 49 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)48 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 07/13/2022. (Admin.) (Entered: 07/13/2022) |
| 07/27/2022 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by Kevin Moda) Status Hearing to be held on 10/11/2022 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 1 , (SF) (Entered: 07/27/2022) |
| 09/27/2022 | 50 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing Rescheduled/Continued (Other) (AP Case)). (Reid, Donald) (Entered: 09/27/2022) |
| 10/17/2022 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by Kevin Moda) Status Hearing to be held on 12/13/2022 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 1 , (SF) (Entered: 10/17/2022) |
| 11/29/2022 | 51 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing Rescheduled/Continued (Other) (AP Case)). (Reid, Donald) (Entered: 11/29/2022) |
| 12/14/2022 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by Kevin Moda) Status Hearing to be held on 01/24/2023 at 11:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 1, (SF) Modified on 12/14/2022 (SF). (Entered: 12/14/2022) |
| 01/17/2023 | 52 (5 pgs) | Status report *re State Court Litigation* Filed by Plaintiff Kevin Moda (RE: related document(s) Hearing Rescheduled/Continued (Other) (AP Case)). (Reid, Donald) (Entered: 01/17/2023) |
| 03/21/2023 | 53 (3 pgs) | Status report *re State Court Litigation* Filed by Plaintiff Kevin Moda (RE: related document(s)1 Complaint). (Reid, Donald) (Entered: 03/21/2023) |
| 03/21/2023 | 54 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO** |

ER-1046

Hearing date is 4/4/2023 at 10 a.m. (RE: related document(s)53 Status report filed by Plaintiff Kevin Moda) (SF) (Entered: 03/21/2023)

| 06/13/2023 | 55 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s)1 Complaint). (Reid, Donald) (Entered: 06/13/2023) |
|---|---|---|
| 06/21/2023 | 56 | Hearing Rescheduled/Continued (RE: related document(s)55 Status report filed by Plaintiff Kevin Moda) Status hearing to be held on 8/29/2023 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 06/21/2023) |
| 08/15/2023 | 57 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) 56 Hearing Rescheduled/Continued (Other) (AP Case)). (Reid, Donald) (Entered: 08/15/2023) |
| 08/24/2023 | 58 (3 pgs) | Status report *(Updated)* Filed by Plaintiff Kevin Moda (RE: related document(s)57 Status report). (Bhola, Yipan) (Entered: 08/24/2023) |
| 08/25/2023 | 59 | Hearing Rescheduled/Continued from August 29, 2023 to September 19, 2023 at 10 am (per tentative) (RE: related document(s)58 Status report filed by Plaintiff Kevin Moda) Status hearing to be held on 9/19/2023 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 08/25/2023) |
| 09/05/2023 | 60 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s) 59 Hearing Rescheduled/Continued (Other) (AP Case)). (Reid, Donald) (Entered: 09/05/2023) |
| 10/27/2023 | 61 (33 pgs) | Transcript regarding Hearing Held 09/19/23 RE: Status Conference. Remote electronic access to the transcript is restricted until 01/25/2024. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 11/3/2023. Redaction Request Due By 11/17/2023. Redacted Transcript Submission Due By 11/27/2023. Transcript access will be restricted through 01/25/2024. (Jauregui, Tara) (Entered: 10/27/2023) |
| 11/14/2023 | 62 (3 pgs) | Status report Filed by Plaintiff Kevin Moda (RE: related document(s)1 Complaint). (Reid, Donald) (Entered: 11/14/2023) |
| 11/21/2023 | 63 | Hearing Rescheduled/Continued (RE: related document(s)62 Status report filed by Plaintiff Kevin Moda) Status hearing to be held on 1/9/2024 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 11/21/2023) |
| 11/21/2023 | 64 (5 pgs) | Motion to Withdraw as Attorney Filed by Plaintiff Kevin Moda (Reid, Donald) (Entered: 11/21/2023) |
| 11/30/2023 | 65 (1 pg) | Order Granting Motion To Withdraw As Attorney- Donald Reid, Esq. (BNC-PDF) (Related Doc # 64) Signed on 11/30/2023. (SF) (Entered: 11/30/2023) |

| | | |
|---|---|---|
| 12/02/2023 | [66](#) <br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[65](#) Order on Motion to Withdraw as Attorney (BNC-PDF)) No. of Notices: 2. Notice Date 12/02/2023. (Admin.) (Entered: 12/02/2023) |
| 12/26/2023 | [67](#) <br>(3 pgs) | Status report *Re State Court Litigation* Filed by Defendant Mahvash Mazgani (RE: related document(s)[1](#) Complaint). (Mazgani, Nazanin) (Entered: 12/26/2023) |
| 12/27/2023 | [68](#) <br>(4 pgs) | Status report *IN RESPONSE TO MAHVASH MAZGANIS UNILATERAL STATUS REPORT IN ADVERSARY PROCEEDING* Filed by Plaintiff Kevin Moda (RE: related document(s)[1](#) Complaint). (Bhola, Vipan) (Entered: 12/27/2023) |
| 01/10/2024 | 69 | Hearing Rescheduled/Continued (RE: related document(s)[68](#) Status report filed by Plaintiff Kevin Moda) Status hearing to be held on 3/12/2024 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. Status report is due fourteen days before the hearing date. The case judge is Barry Russell (SF) (Entered: 01/10/2024) |
| 01/24/2024 | [70](#) <br>(20 pgs) | Transcript regarding Hearing Held 01/09/24 RE: Status Conference. Remote electronic access to the transcript is restricted until 04/23/2024. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 1/31/2024. Redaction Request Due By 02/14/2024. Redacted Transcript Submission Due By 02/26/2024. Transcript access will be restricted through 04/23/2024. (Jauregui, Tara) (Entered: 01/24/2024) |
| 02/28/2024 | [72](#) <br>(3 pgs) | Substitution of attorney Filed by Plaintiff Kevin Moda . [EDB] (SF) (Entered: 03/01/2024) |
| 02/28/2024 | [73](#) <br>(9 pgs) | Status report (Unilateral) Filed by Plaintiff Kevin Moda (RE: related document(s) 69 Hearing Rescheduled/Continued (Other) (AP Case)). [EDB] (SF) (Entered: 03/01/2024) |
| 02/29/2024 | [71](#) <br>(3 pgs) | Status report *DEFENDANT MAHVASH MAZGANIS UNILATERAL STATUS REPORT RE STATE COURT LITIGATION* Filed by Defendant Mahvash Mazgani (RE: related document(s) 69 Hearing Rescheduled/Continued (Other) (AP Case)). (Mazgani, Nazanin) (Entered: 02/29/2024) |
| 03/01/2024 | [74](#) <br>(3 pgs) | Notice of Change of Address *Attorney James R. Selth.* (Selth, James) (Entered: 03/01/2024) |
| 03/15/2024 | 75 | Hearing Rescheduled/Continued (RE: related document(s)[73](#) Status report filed by Plaintiff Kevin Moda) Status hearing to be held on 6/4/2024 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 03/15/2024) |
| 05/21/2024 | [76](#) <br>(4 pgs) | Status report *DEFENDANT MAHVASH MAZGANI'S UNILATERAL STATUS REPORT RE STATE COURT LITIGATION* Filed by Defendant Mahvash Mazgani (RE: related document(s) 75 Hearing |

**ER-1048**

| | | |
|---|---|---|
| | | Rescheduled/Continued (Other) (AP Case)). (Mazgani, Nazanin) (Entered: 05/21/2024) |
| 06/04/2024 | 77 (2 pgs) | Order to Appear and Show Cause why complaint should not be dismissed for plaintiff's failure to attend status conference (see order for details) (BNC-PDF) Signed on 6/4/2024. (SF) (Entered: 06/04/2024) |
| 06/04/2024 | 78 | Hearing Set Show Cause hearing to be held on 8/6/2024 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 06/04/2024) |
| 06/06/2024 | 79 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)77 Order to Show Cause (BNC-PDF)) No. of Notices: 2. Notice Date 06/06/2024. (Admin.) (Entered: 06/06/2024) |
| 06/10/2024 | 80 | Hearing Set (RE: related document(s)76 Status report filed by Defendant Mahvash Mazgani) Status hearing to be held on 8/6/2024 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. Status report is due fourteen days before the hearing The case judge is Barry Russell (SF) (Entered: 06/10/2024) |
| 07/09/2024 | 81 (19 pgs) | Transcript regarding Hearing Held 06/24/24 RE: Status Conference. Remote electronic access to the transcript is restricted until 10/7/2024. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 7/16/2024. Redaction Request Due By 07/30/2024. Redacted Transcript Submission Due By 08/9/2024. Transcript access will be restricted through 10/7/2024. (Jauregui, Tara) (Entered: 07/09/2024) |
| 07/29/2024 | 82 (3 pgs) | Status report *DEFENDANT MAHVASH MAZGANIS UNILATERAL STATUS REPORT IN ADVERSARY PROCEEDING RE STATE COURT LITIGATION* Filed by Defendant Mahvash Mazgani (RE: related document(s) 80 Hearing Set (Other) (AP Case)). (Mazgani, Nazanin) (Entered: 07/29/2024) |
| 07/31/2024 | 83 (3 pgs) | Notice *NOTICE OF NO RESPONSE TO ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR PLAINTIFFS FAILURE TO ATTEND STATUS CONFERENCE* Filed by Defendant Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 07/31/2024) |
| 08/07/2024 | 84 | Transcript regarding Hearing Held 08/06/24 RE: Order to show cause why complaint should not be dismissed for plaintiff's failure to attend status conference. Remote electronic access to the transcript is restricted until 11/5/2024. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 8/14/2024. Redaction Request Due By 08/28/2024. Redacted Transcript Submission Due By 09/9/2024. Transcript access will be restricted through 11/5/2024. (Jauregui, Tara) (Entered: 08/07/2024) |

**ER-1049**

| | 85<br>(2 pgs) | Order to Appear and Show Cause why complaint should not be dismissed for plaintiff's failure to attend status conference (see order for details) (BNC-PDF) (Related Doc # 77 ) Signed on 8/7/2024 (SF) (Entered: 08/07/2024) |
|---|---|---|
| 08/07/2024 | | |
| 08/07/2024 | 86 | Hearing Set (RE: related document(s)1 Complaint filed by Plaintiff Kevin Moda) Show Cause hearing to be held on 9/24/2024 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 08/07/2024) |
| 08/09/2024 | 87<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)85 Order to Show Cause (BNC-PDF)) No. of Notices: 2. Notice Date 08/09/2024. (Admin.) (Entered: 08/09/2024) |
| 08/12/2024 | 88<br>(2 pgs) | Proof of service *for Order to Show Cause Why Complaint Should Not be Dismissed for Plaintiff's Failure to Attend Status Conference* Filed by Defendant Mahvash Mazgani (RE: related document(s)85 Order to Show Cause (BNC-PDF)). (Mazgani, Nazanin) (Entered: 08/12/2024) |
| 09/10/2024 | 89<br>(13 pgs) | Declaration re: *RESPONSE TO OSC ISSUED ON AUGUST 6, 2024, FOR FAILING TO APPEAR ON JUNE 4, 2024, AT STATUS CONFERENCES SET ON THAT DAY; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF VIP BHOLA, ESQ., AND EXHIBIT* Filed by Plaintiff Kevin Moda (RE: related document(s)85 Order to Show Cause (BNC-PDF)). (Bhola, Vipan) (Entered: 09/10/2024) |
| 09/16/2024 | 90<br>(4 pgs) | Declaration re: *1.REPLY DECLARATION OF ATTORNEY NAZANIN MAZGANI TO RESPONSE OF VIP BHOLA IN RESPONSE ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR PLAINTIFFS FAILURE TO ATTEND STATUS CONFERENCE 2.NOTICE OF NON-RESPONSE TO OSC BY PLAINTIFF KEVIN MODA IN THE ADVERSARY PROCEEDINGS* Filed by Defendant Mahvash Mazgani. (Mazgani, Nazanin) (Entered: 09/16/2024) |
| 09/26/2024 | 91<br>(6 pgs) | Notice of lodgment *Order Dismissing Adversary Complaint* Filed by Defendant Mahvash Mazgani (RE: related document(s)85 Order to Appear and Show Cause why complaint should not be dismissed for plaintiff's failure to attend status conference (see order for details)(BNC-PDF) (Related Doc # 77 ) Signed on 8/7/2024 (SF)). (Mazgani, Nazanin) (Entered: 09/26/2024) |
| 09/26/2024 | 92<br>(1 pg) | Transcript Order Form, regarding Hearing Date 09/24/2024 Filed by Plaintiff Kevin Moda (RE: related document(s) 86 Hearing Set (Other) (AP Case)). (Luu, Betty) (Entered: 09/26/2024) |
| 09/26/2024 | 93 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 24-BR-28. RE Hearing Date: 9/24/24, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 8584537590.] (RE: related document(s)92 Transcript Order Form (Public Request) filed by Plaintiff Kevin Moda) (WT) (Entered: 09/26/2024) |
| 10/03/2024 | 94<br>(3 pgs) | Notice of Appearance and Request for Notice by Felix T Woo Filed by Plaintiff Kevin Moda. (Woo, Felix) (Entered: 10/03/2024) |

**ER-1050**

| Date | Document | Description |
|---|---|---|
| 10/03/2024 | 95 (8 pgs) | Objection (related document(s): 91 Notice of Lodgment filed by Defendant Mahvash Mazgani by Plaintiff Kevin Moda (Woo, Felix) (Entered: 10/03/2024) |
| 10/03/2024 | 96 (4 pgs) | Notice of lodgment *of Alternative Proposed Order* Filed by Plaintiff Kevin Moda (RE: related document(s)95 Objection (related document(s): 91 Notice of Lodgment filed by Defendant Mahvash Mazgani) Filed by Plaintiff Kevin Moda filed by Plaintiff Kevin Moda). (Woo, Felix) (Entered: 10/03/2024) |
| 10/15/2024 | 97 (3 pgs) | ORDER Dismissing Adversary Proceeding with prejudice for lack of prosecution; with certificate of service (BNC-PDF) Signed on 10/15/2024 (RE: related document(s)1 Complaint (sf) (Entered: 10/15/2024) |
| 10/17/2024 | 98 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)97 Order Dismissing Adversary Proceeding (BNC-PDF)) No. of Notices: 2. Notice Date 10/17/2024. (Admin.) (Entered: 10/17/2024) |
| 10/24/2024 | 99 (4 pgs) | Certificate of Service (Served to the address on the yellow label of the return address) (RE: related document(s)97 Order Dismissing Adversary Proceeding (BNC-PDF)). (SF) (Entered: 10/24/2024) |
| 10/26/2024 | 100 (39 pgs) | Transcript regarding Hearing Held 09/21/21 RE: Status Conference. Remote electronic access to the transcript is restricted until 01/24/2025. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 11/4/2024. Redaction Request Due By 11/18/2024. Redacted Transcript Submission Due By 11/26/2024. Transcript access will be restricted through 01/24/2025. (Jauregui, Tara) (Entered: 10/26/2024) |
| 10/26/2024 | 101 (6 pgs) | Transcript regarding Hearing Held 10/11/22 RE: Status Conference. Remote electronic access to the transcript is restricted until 01/24/2025. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 11/4/2024. Redaction Request Due By 11/18/2024. Redacted Transcript Submission Due By 11/26/2024. Transcript access will be restricted through 01/24/2025. (Jauregui, Tara) (Entered: 10/26/2024) |
| 10/26/2024 | 102 (7 pgs) | Transcript regarding Hearing Held 12/13/22 RE: Status Conference. Remote electronic access to the transcript is restricted until 01/24/2025. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 11/4/2024. Redaction Request Due By 11/18/2024. Redacted Transcript Submission Due By 11/26/2024. |

| | | |
|---|---|---|
| | | Transcript access will be restricted through 01/24/2025. (Jauregui, Tara) (Entered: 10/26/2024) |
| 10/26/2024 | [103](#) (23 pgs) | Transcript regarding Hearing Held 12/15/20 RE: Status Conference. Remote electronic access to the transcript is restricted until 01/24/2025. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 11/4/2024. Redaction Request Due By 11/18/2024. Redacted Transcript Submission Due By 11/26/2024. Transcript access will be restricted through 01/24/2025. (Jauregui, Tara) (Entered: 10/26/2024) |
| 10/29/2024 | [104](#) (192 pgs; 13 docs) | Motion to Reconsider (related documents [97](#) Order Dismissing Adversary Proceeding (BNC-PDF)) Filed by Plaintiff Kevin Moda (Attachments: # [1](#) Memorandum of Points and Authorities in Support of Motion for Reconsideration # [2](#) Declaration of Felix T Woo # [3](#) Exhibit Ex A to Woo Declaration # [4](#) Exhibit Ex B to Woo Declaration # [5](#) Exhibit Ex C to Woo Declaration # [6](#) Exhibit Ex D to Woo Declaration # [7](#) Exhibit Ex E to Woo Declaration # [8](#) Exhibit Ex F to Woo Declaration # [9](#) Exhibit Ex G to Woo Declaration # [10](#) Exhibit Ex H to Woo Declaration # [11](#) Proposed Order # [12](#) Proof of Service) (Woo, Felix) (Entered: 10/29/2024) |
| 10/30/2024 | [105](#) (2 pgs) | Order Re: Plaintiff Kevin Moda's Motion For Reconsideration and Setting A Briefing Schedule (see order for details) (BNC-PDF) Signed on 10/30/2024 (RE: related document(s)[104](#) Motion to Reconsider filed by Plaintiff Kevin Moda). (SF) (Entered: 10/30/2024) |
| 10/31/2024 | [106](#) (6 pgs; 3 docs) | Notice of entry of order re plaintiff Kevin Moda's Motion for reconsideration and setting briefing schedule Filed by Plaintiff Kevin Moda (RE: related document(s)[105](#) Order Re: Plaintiff Kevin Moda's Motion For Reconsideration and Setting A Briefing Schedule (see order for details) (BNC-PDF) Signed on 10/30/2024 (RE: related document(s)[104](#) Motion to Reconsider filed by Plaintiff Kevin Moda). (SF)). (Attachments: # [1](#) Exhibit A to Notice # [2](#) Proof of Service)(Woo, Felix) Modified on 10/31/2024 (SF). (Entered: 10/31/2024) |
| 11/01/2024 | [107](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[105](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 11/01/2024. (Admin.) (Entered: 11/01/2024) |
| 11/12/2024 | [108](#) (9 pgs) | Motion to Reconsider (related documents [104](#) Motion to Reconsider) *DEFENDANT MAHVASH MAZGANIS OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION* Filed by Defendant Mahvash Mazgani (Mazgani, Nazanin) (Entered: 11/12/2024) |
| 11/12/2024 | 109 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT. Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** Need to flatten the form (RE: related document(s)[108](#) Motion to Reconsider filed by Defendant Mahvash Mazgani) (SF) (Entered: 11/12/2024) |

| | 110<br>(9 pgs) | Opposition to (related document(s): 104 Motion to Reconsider (related documents 97 Order Dismissing Adversary Proceeding (BNC-PDF)) filed by Plaintiff Kevin Moda) *DEFENDANT MAHVASH MAZGANIS OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION* Filed by Defendant Mahvash Mazgani (Mazgani, Nazanin) (Entered: 11/13/2024) |
|---|---|---|
| 11/13/2024 | | |
| 11/20/2024 | 111<br>(10 pgs) | Reply to (related document(s): 104 Motion to Reconsider (related documents 97 Order Dismissing Adversary Proceeding (BNC-PDF)) filed by Plaintiff Kevin Moda) Filed by Plaintiff Kevin Moda (Woo, Felix) (Entered: 11/20/2024) |
| 12/03/2024 | 112<br>(2 pgs) | Order setting hearing on "Plaintiff Kevin Moda's motion for reconsideration" Re: (BNC-PDF) Signed on 12/3/2024 (RE: related document(s)104 Motion (SF) (Entered: 12/03/2024) |
| 12/03/2024 | 113 | Hearing Set (RE: related document(s)104 Motion to Reconsider filed by Plaintiff Kevin Moda) The Hearing date is set for 1/21/2025 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 12/03/2024) |
| 12/04/2024 | 114<br>(6 pgs) | Notice *of Order Setting Hearing* Filed by Plaintiff Kevin Moda (RE: related document(s)112 Order setting hearing on "Plaintiff Kevin Moda's motion for reconsideration" Re: (BNC-PDF) Signed on 12/3/2024 (RE: related document(s)104 Motion (SF)). (Woo, Felix) (Entered: 12/04/2024) |
| 12/05/2024 | 115<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)112 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 12/05/2024. (Admin.) (Entered: 12/05/2024) |
| 01/21/2025 | 116<br>(1 pg) | Transcript Order Form, regarding Hearing Date 01/21/2025 Filed by Plaintiff Kevin Moda (RE: related document(s)104 Motion to Reconsider (related documents 97 Order Dismissing Adversary Proceeding (BNC-PDF)) ). (Bhola, Vipan) (Entered: 01/21/2025) |
| 01/22/2025 | 117 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 25-BR-01. RE Hearing Date: 1/21/25, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 8584537590.] (RE: related document(s)116 Transcript Order Form (Public Request) filed by Plaintiff Kevin Moda) (WT) (Entered: 01/22/2025) |
| 01/27/2025 | 118<br>(69 pgs) | Transcript regarding Hearing Held 01/21/25 RE: Motion to Reconsider. Remote electronic access to the transcript is restricted until 04/28/2025. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 2/3/2025. Redaction Request Due By 02/18/2025. Redacted Transcript Submission Due By 02/27/2025. Transcript access will be restricted through 04/28/2025. (Jauregui, Tara) (Entered: 01/27/2025) |

**ER-1053**

| | | |
|---|---|---|
| 03/05/2025 | [119](#)<br>(20 pgs) | Memorandum of decision denying Kevin Moda's Motion for reconsideration with certificate of service (BNC-PDF) Signed on 3/5/2025. relates to [104](#) (SF) (Entered: 03/05/2025) |
| 03/05/2025 | [120](#)<br>(2 pgs) | Order Denying Motion To Reconsider with certificate of service (BNC-PDF) (Related Doc # [104](#) and [119](#)) Signed on 3/5/2025. (SF) (Entered: 03/05/2025) |
| 03/07/2025 | [121](#)<br>(22 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[119](#) Memorandum of decision (BNC-PDF)) No. of Notices: 2. Notice Date 03/07/2025. (Admin.) (Entered: 03/07/2025) |
| 03/07/2025 | [122](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[120](#) Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 2. Notice Date 03/07/2025. (Admin.) (Entered: 03/07/2025) |
| 03/11/2025 | [123](#)<br>(3 pgs) | Notice of Appeal and Statement of Election to U.S. District Court. (Official Form 417A) . Fee Amount $298 Filed by Plaintiff Kevin Moda (RE: related document(s)[97](#) Order Dismissing Adversary Proceeding (BNC-PDF), [119](#) Memorandum of decision (BNC-PDF), [120](#) Order on Motion To Reconsider (BNC-PDF)). Appellant Designation due by 03/25/2025. (Woo, Felix) (Entered: 03/11/2025) |
| 03/11/2025 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)( [2:20-ap-01637-BR](#)) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number A58142221. Fee amount 298.00. (re: Doc# [123](#)) (U.S. Treasury) (Entered: 03/11/2025) |
| 03/11/2025 | [124](#)<br>(12 pgs; 2 docs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)[123](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Kevin Moda) (Attachments: # [1](#) Notice of Appeal and Statement of Election) (SM) (Entered: 03/11/2025) |
| 03/11/2025 | [125](#)<br>(1 pg) | Deficiency Notice to Appellant - does not include entered stamped copy of order, judgment, or decree. (RE: related document(s)[123](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Kevin Moda) (SM) (Entered: 03/11/2025) |
| 03/12/2025 | [126](#)<br>(31 pgs) | Amended notice of appeal Filed by Plaintiff Kevin Moda (RE: related document(s)[123](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Woo, Felix) (Entered: 03/12/2025) |
| 03/18/2025 | [127](#)<br>(2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) re: 2:25-cv-02230-GW (Originally filed at District Court 03/17/2025). (RE: related document(s)[123](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Kevin Moda) (SM) (Entered: 03/18/2025) |
| 03/21/2025 | [128](#)<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 03/12/2024 Filed by Plaintiff Kevin Moda. Referred to Echo. Transcript previously ordered- Order #24BR29. (Woo, Felix)Modified on 3/24/2025 (WT). (Entered: 03/21/2025) |
| 03/24/2025 | [129](#)<br>(8 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Plaintiff Kevin Moda (RE: related document(s)[123](#) Notice of Appeal and Statement of Election (Official Form 417A), [126](#) Amended |

**ER-1054**

| | | notice of appeal). Appellee designation due by 04/7/2025. Transmission of Designation Due by 04/23/2025. (Woo, Felix) (Entered: 03/24/2025) |
|---|---|---|
| 03/24/2025 | 130 (2 pgs) | Notice of transcripts Filed by Plaintiff Kevin Moda (RE: related document(s)123 Notice of Appeal and Statement of Election (Official Form 417A)). (Woo, Felix) (Entered: 03/24/2025) |
| 04/29/2025 | 131 (2 pgs) | Certificate of Readiness of Record on Appeal to District Court. Case Number: 2:25-cv-02230-SSS. (RE: related document(s)123 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Kevin Moda (SM) (Entered: 04/29/2025) |
| 04/29/2025 | 132 (1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:25-cv-02230-SSS (Originally filed at District Court 04/29/2025). (RE: related document(s)123 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Kevin Moda (SM) (Entered: 04/29/2025) |
| 05/08/2025 | 133 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Zolkin, David. (Zolkin, David) (Entered: 05/08/2025) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/28/2025 16:59:20 | | |
| **PACER Login:** | duanemorris | **Client Code:** | 99999-00091 |
| **Description:** | Docket Report | **Search Criteria:** | 2:20-ap-01637-BR Fil or Ent: filed To: 5/28/2025 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

**ER-1055**