**NAZANIN MAZGANI, ESQ.  (SBN 270258)**
**LAW OFFICES OF NAZANIN MAZGANI**
10954 Massachusetts Avenue
Los Angeles, CA  90024
Phone: (310) 892-0892
Email: mazganilaw@gmail.com

Attorney for Appellee,
Mahvash Mazgani

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | ) **District Court Case No: 25-cv-02230-WLH** |
| | ) |
| MAHVASH MAZGANI, | ) **BK Case No.:  2:19-bk-21655-BR** |
| | ) |
| Debtor. | ) **Adv. No.: 2:20-ap-01637-BR** |
| _____ | ) |
| | ) |
| | ) APPELLEE, MAHVASH MAZGANI'S, |
| KEVIN MODA | ) BRIEF IN RESPONSE TO APPELLANT'S |
| | ) OPENING BRIEF |
| Appellant, | ) |
| v. | ) |
| | ) |
| MAHVASH MAZGANI, | ) Judge:  Hon. Wesley L. Hsu |
| | ) |
| | ) |
| Appellee. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING
BRIEF

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. CORPORATE DISCLOSURE STATEMENT ............................................................. 2

II.  STATEMENT OF THE CASE ........................................................................ 2

III.  SUMMARY OF ARGUMENT .................................................................... 9

IV.  ARGUMENT ....................................................................................... 11

  1.  Judge Russell's Order of Dismissal and His Nineteen Page (19) Memorandum of Decision Relating to Appellant's Motion to Reconsider the Dismissal of Appellant's Adversary Complaint is Well-Reasoned and is Not Unreasonable, Arbitrary or Capricious Under the Law. ........................................................................... 11

  2.  Appellant Has Engaged in Extreme Misconduct in Disobeying Court Orders Issued by Judge Russell. ..................................................................................... 14

  3.   In Judge Russell's 19-Page Memorandum of  Decision Relating to the Motion for Reconsideration, He Discusses Why Alternatives to Dismissal for Lack of Prosecution are Infeasible. ........................................................................................ 18

  4.  Appellant has Engaged in Intentional and Willful Abusive, Egregious and Harassing Conduct Both Judicially and to the Mazgani Family With Respect to the Filing of Frivolous Motions, Appeals and Cases Related to Mahvash Mazgani's Bankruptcy Action. ................................................................................. 20

V.  CONCLUSION ...................................................................................... 25

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Chamorro v. Puerto Rican Cars, Inc.,* (1st Cir. 2002)
304 F.3d 1, 5.................................................................................................. 16

*Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.,*
556 F.3d 1232, 1240 (11th Cir. 2009) ......................................................... 12

*Glo Co. v. Murchison & Co.,* (3rd Cir. 1967)
397 F.2d 928, 929........................................................................................ 16

*In re Acosta,* (2013)
497 B.R. 25 ..................................................................................... 9, 15, 16

*In re Eisen,* (1994)
31 F.3d 1447................................................................................ 10, 13, 18

*In re McCutcheon,* (2021)
629 B.R. 311 ........................................................................................ 9, 11

*In re Osinga,* (9th Cir. BAP 1988)
91 B.R. at 893.............................................................................................. 18

*Konst v. Fla. E. Coast Ry. Co.,* (11th Cir. 19960
71 F.3d 850, 851.......................................................................................... 12

*Limerick v. Greenwald,* (1st Cir. 1984)
749 F.2d 97.................................................................................................... 3

*Malone v. United States Postal Serv.* (9th Cir. 1987)
833 F.2d 128................................................................................................ 18

*Nevijel v. North Coast Life Ins. Co.,* (9th Cir.1981)
651 F.2d 671, 674........................................................................................ 16

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S
OPENING BRIEF

*Rivera Diaz v. American Airlines, Inc.,* (1st Cir.2005)
    433 F.3d 120, 123.................................................................................... 16

*Roman v. Carrion (In re Rodriguez Gonzalez),* (1st Cir. BAP 2008)
    396 B.R. 790, 798 ................................................................................. 16

*Seith v. Atl. Fin. Sav. Bank,* (9th Cir. 1994)
    15 F.3d 1089........................................................................................... 4

*Torres–Alamo v. Puerto Rico,* (1st Cir.2007)
    502 F.3d 20, 25...................................................................................... 16

*Young v. Gordon,* (1st Cir.2003)
    330 F.3d 76, 81...................................................................................... 16

## **Statutes**

28 U.S.C. §1927 ........................................................................................ 3

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S
OPENING BRIEF

# I. CORPORATE DISCLOSURE STATEMENT

Appellee is not required to submit a corporate disclosure statement.

# II.  STATEMENT OF THE CASE

This appeal will now be the **seventh appeal[1]**, filed by Kevin Moda, that this Court has heard relating to various and similar issues with respect to Mahvash Mazgani's bankruptcy, a state court judgment from the Los Angeles Superior Court and the following parties: Kevin Moda, Mahvash Mazgani, Nazanin Mazgani, Neyaz Mazgani, Dr. Mehmet Aslan and one of Mr. Moda's attorneys, Vipan Bhola.

This Court is likely aware of the facts in this appeal as this Court has summarily denied most motions and/or affirmed orders in the prior six (6) appeals which basically involve the same issues.  The determination by the Court in this case should be the same. In at least one prior ruling, this Court has stated that Mr. Moda's frivolous filings in this court are a serious form of harassment. And so it continues with this appeal.  Moreover, in case no. 2:24-cv-02762-WLH, Mr. Aslan and Mr. Moda have filed a Notice of Appeal to the 9th Circuit.

Appellee sets forth her own statement of facts as Appellant's statement is more than meets the eye as it has left out serious pertinent facts including Mr. Moda's willful

---

[1] The following cases have been denied, dismissed or closed by the Hon. Wesley L. Hsu: 2:24-cv-01011; 2:24-cv-02529; 2:24-cv-02230; 2:24-cv-02762; 2:24-cv-05798; 24-cv-08894.

2

and intentional violation of the automatic stay on many occasions, his willful and intentional failure to pay more than $500,000 in sanctions, a court order that he be incarcerated for his blatant violation of the stay, and his continued abusive litigation harassment against the Mazgani family.  The way the Appellant's statement of facts reads, you would think he is a principled, honest, ethical and moral person.  As this court knows, this is simply not the case.  Appellee would argue that the Court has likely never encountered a litigant such as Mr. Moda – a case of first impression.

On September 4, 2024, Hon. Wesley L. Hsu issued an Order in the instant case (Case No. 2:23-cv-08894).  [Appellee's Appendix, ECF No. 64, Page Nos. MM 1-15].  The Order was related to Moda's request for an appeal of three orders of the U.S. Bankruptcy Court: (1) an Order Granting Application of Chapter 11 Debtor and DIP to Employ Klapach & Klapach, P.C.; (2) Order Denying Disgorgement of Professional Fees; and (3) Order Denying Motion for Order Confirming Termination of Stay.  In the Order, the Court sets forth four (4) pages (MM-5 – MM-9) of litigation actions that Moda has taken in the various cases he has filed.  In the Order, the Court set an Order to Show Cause re: Sanctions stating:

> "Finally, the Court sets an Order to Show Cause re Sanctions to address Moda and Bhola's pattern of bringing frivolous motions, rehashing issues that have already been decided, and filing voluminous, irrelevant exhibits. Their conduct bears a strong resemblance to the conduct of the appellant's attorneys in *Limerick v. Greenwald*, 749 F.2d 97 (1st Cir. 1984), in which the First Circuit imposed attorney's fees against appellants' counsel under 28 U.S.C. § 1927 and imposed double costs against appellants under Federal Rule of Appellate Procedure 38. As the First Circuit explained,

3

Counsel's course of conduct in the filing of hundreds of pages of irrelevant documents, in citing to dozens of cases unrelated to the real issues in these appeals, in bringing repetitive motions without a shred of rational basis, and in seeking to resurrect matters long since finally concluded has been at least irresponsible and has come perilously close to an abuse of process.

Lawsuits are expensive and time consuming to courts and litigants alike. When an attorney fails to take an objective look at his case and appeals simply because the rules allow him to appeal, he commits a wrong against the courts and against the parties who must respond to his appeal. Despite exploding caseloads we have been very reluctant to enter sanctions for frivolous or vexatious appeals because we do not wish to chill the right to appeal. **Where, as here, though, the counsel for appellant has not simply filed a frivolous and vexatious appeal but is before this court for the fourth time raising fundamentally the same issues, the need to impose sanctions is obvious. To fail to do so would be to permit counsel to continue a course of conduct which has passed the border of advocacy and entered the realm of harassment.** (Emphasis added).

Id. at 101. This Court similarly finds that Moda and Bhola's conduct has 'come perilously close to an abuse of process' and has 'entered the realm of harassment' to the point that sanctions are warranted.

The Court explained to Moda and Bhola that it would set an order to show cause why sanctions should not be imposed under Federal Rule of Bankruptcy Procedure 9011 if they filed any future frivolous motions. That was four frivolous motions ago. The Court therefore finds it necessary to set an Order to Show Cause re Sanctions so that Moda and Bhola may be heard as to why sanctions should not be imposed against them and allocated between them. See *Seith v. Atl. Fin. Sav. Bank*, 15 F.3d 1089 (9th Cir. 1994) (stating that 'sanctions are to be allocated between counsel and client according to their relative culpability')."

On October 15, 2024, the bankruptcy court dismissed Moda's adversary

proceeding based on lack of prosecution. [Appellant's Appendix, Vol. 1, ECF 97, ER 2-

4].   On February 28, 2024, Plaintiff filed a substitution of attorney in the case advising the court he was proceeding in the case in Pro Per.  A continued status conference in the matter was set for June 4, 2024.  Plaintiff, in Pro Per, did not file a Status Report for the status conference and did not appear at the June 4, 2024 status conference.  At the June 4, 2024 status conference, the Court issued an Order to Show Cause (OSC) set for August 6, 2024 as to why the adversary proceeding should not be dismissed for Plaintiff's failure to file a status report and appear.  Moda was ordered to file a response to the OSC by July 23, 2024.  The Bankruptcy Court Noticing Center served Plaintiff on June 6, 2024 with the OSC at his address of record. Plaintiff failed to file a response to the OSC.

At the August 6, 2024 status conference Plaintiff appeared in person and when asked by the Court if he received the OSC document, **Plaintiff lied** and said he did not receive the document.  The Court, unaware that Plaintiff had actually been served with the OSC document on June 6, 2024, set a new OSC hearing on September 24, 2024 and advised that Plaintiff was to file a response to the OSC no later than September 10, 2024.  The new OSC document was served on Plaintiff on August 9, 2024 by the Bankruptcy Noticing Center at his address of record and Defendant's counsel also served Plaintiff with the OSC document on August 12, 2024.  Ultimately, Plaintiff failed to file a response to the OSC.   Consequently, the bankruptcy court dismissed the adversary proceeding with prejudice for lack of prosecution. [Appellant's Appendix,

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING BRIEF

Vol. 1, ECF 97, ER 2-4].

On or about October 29, 2024, Moda filed a Motion for Reconsideration of the dismissal of the adversary complaint in the bankruptcy court. The matter was heard on September 24, 2024 and on March 5, 2025, Hon. Barry Russell issued a 19- page Memorandum of Decision Denying Kevin Moda's Motion for Reconsideration. [Appellant's Appendix, Vol. 6, ECF No. 119, ER-1015-1034]. The most relevant parts of Judge Russell's Memorandum of Decision relating to this appeal are the following:

> "**Moda's willful failure to file a status report or appear at the June 4, 2024 status hearing resulting in the dismissal did not occur in a vacuum. Rather, it was a continuation of months of his abusive conduct, including knowingly violating Court orders, filing numerous frivolous pleadings in both this Court and in the District Court and being found in contempt of this Court's orders**, which will be discussed in detail herein. [ER-1015]

> "His history of defiance of numerous court orders resulting in sanctions now in the amount of approximately $500,000, without a dollar being paid, has not acted as a deterrent to Moda's abuse of the judicial system. As discussed below, the only appropriate sanction for Moda's conduct was the dismissal of his adversary proceeding with prejudice. [ER-1016]

> "Therefore, his motion for reconsideration, for the reasons stated herein, will be denied." [ER-1016]

> *****

> "On March 1, 2024, Vip Bhola withdrew as Moda's attorney in the adversary proceeding. On March 12, 2024, a status conference was held in the adversary proceeding. Moda appeared in pro per. The court continued the status conference on the record to June 4, 2024 (Docket No. 75). [ER-1019]

> "Moda did not file a status report for the June 4, 2024 status conference. Debtor timely filed a unilateral status report on May 21, 2024 (Docket No.

76). [ER-1019]

" On May 24, 2024, Moda (through Vip Bhola) filed an "Updated Status Conference Report Of Creditor, Kevin Moda Regarding State Court Litigation". This document was not actually a report regarding the state court litigation but rather **defiant and bizarre statements that he was not going to abide by this Court's orders regarding his violation of the automatic stay.** The report stated:

> This Status Conference Report is filed by plaintiff/creditor, Kevin Moda, by and through his counsel.
>
> This court recognizes that it lacks the jurisdiction and the authority to do anything else besides declare that "there is a stay" (which there is not). **Creditor, Mr. Moda, made it abundantly clear that he is not going to abide by a void admonition to relinquish the real property and put himself in jeopardy** of violating banking laws and lender laws.
>
> While we sympathize with the court's lack of jurisdiction, that is something for the Article Ill court to decide, and we are ready to have that issue considered.

*****

"This report is bizarre because almost two months prior to this May 24, 2024 status report, on March 27, 2024, the District Court dismissed Moda's appeal from this Court's January 19, 2024 order sanctioning Moda and his attorney, Vip Bhola, for violations of the automatic stay.

"Considering this statement of defiance, it is no surprise that Moda did not file a status report or appear at the June 4, 2024 status conference. Although Moda had previously filed numerous status reports and had appeared at prior status conferences, **the Court finds that he did not intend to appear or have Bhola appear on his behalf on June 4, 2024.** He no doubt felt that this Court might impose another monetary sanction which he would simply' ignore as he had previously done numerous times**.** As will be further discussed herein, this Court has already imposed almost $500,000 in sanctions against Moda, of which not one dollar has been

---

7

paid." [ER-1019-1020]

\*\*\*\*

"Moda's failure to appear at the June 4 status conference was a **continuance of his many months of his abuse of the judicial system**. The Court has concluded that Moda intentionally failed to file the required status report for the June 4 status conference for the adversary proceeding and intentionally failed to attend the status conference. On September 24, 2024, this Court dismissed Moda's adversary proceeding with prejudice." [ER-1023]

\*\*\*\*

"On March 20, 2024, this Court issued an "Order Holding Kevin Moda In Contempt For His Continued Violation Of The Automatic Stay" (Docket No. 1081). The March 20, 14 2024 order ordered Moda to remediate his numerous actions taken in violation of the automatic stay, and ordered that if proof of said Remedial Actions is not provided to the Court and Debtor's counsel by 12:00 noon on March 25, 2024, then Kevin Moda is ordered to pay sanctions of $1,000 per day to Debtor's attorney of record from and after March 25, 2024 until proof of the Remedial Actions is provided." [ER-1025]

"On June 4, 2024, this Court issued an "Order To Show Cause Why Additional Punitive Damages Should Not Be Imposed On Kevin Moda For His Failure To Remediate His Actions Taken In Violation Of The Automatic Stay (Docket No. 1124) to be heard on August 6, 2024 at 10:00 a.m. Moda appeared at the August 6 hearing with his new attorney Felix T. Woo. At the August 6 hearing, the Court stated that it found Moda in further contempt of the March 20, 2024 order and stated that it would grant the debtor's request to incarcerate Moda until he complied with the remedial order. [ER-1026]

"On August 16, 2024, Moda, represented by Mr. Woo, filed a declaration that he had taken all of the remedial action ordered by this Court. [ER-1026]

"It is important to emphasize that Moda failed to comply with this Court's March 20 order for almost five months, and then complied only **because an order for his incarceration was about to be issued.** It is also important to note that he has not paid any of the $144,000 sanctions owed by him,

8

resulting in a total amount of sanctions against Moda of approximately $500,000, of which none have been paid." [ER-1028]

As the Court will see in reviewing Appellant's Statement of the Case, it fails to mention any of the abusive, sanctioned and harassing conduct on behalf of Moda. Moda has clearly abused not only the Mazgani family, but also the judicial system in filing so many wasteful appeals and motions that the Courts just continue to deny. To date, Appellant has still failed to pay any of the sanctions issued against him by the Court.

### III.  SUMMARY OF ARGUMENT

The Court should affirm the bankruptcy court's ruling dismissing with prejudice Appellant's adversary complaint against Mahvash Mazgani for the following reasons:

(1)  In dismissing the adversary action with prejudice and denying Moda's motion reconsidering the dismissal, Judge Russell outlined his reasonings for the dismissal in a nineteen (19) page Memorandum of Decision, which contained a thorough analysis of his findings which were not unreasonable, arbitrary or capricious.  *In re McCutcheon*, 629 B.R. 311 (2021).  Thus, any argument that the dismissal was manifestly unjust or that there was a lack of due process, either substantively or procedurally, is without merit.

(2)  Judge Russell's dismissal of the adversary proceeding for lack of prosecution is appropriate without consideration of lesser sanctions where a party "has engaged in

'extreme conduct,' such as knowing disobedience of a court order." *In re: Acosta*, 497
B.R. 25 (2013). As this Court is well aware, many court orders have been disobeyed by
Appellant. Specifically, two (2) Orders to Show Cause why the adversary complaint
should not be dismissed for lack of prosecution. Judge Russell explains in his
Memorandum of Decision that Moda knowingly disobeyed the orders.

(3) It is unnecessary for the court to discuss why alternatives to dismissal for lack
of prosecution are infeasible, although it may be helpful. *In re: Eisen*, 31 F.3d 1447
(1994). Judge Russell discusses all the alternatives in his 19-page Memorandum of
Decision in which it is clear that the only way to stop Moda from continuing his judicial
abuses is to terminate and dismiss the adversary proceeding.

(4) Moda's willful, intentional and abusive conduct, relating to the Mahvash
Mazgani's bankruptcy action, has resulted in the dozens of frivolous pleadings filed in
this Court and the bankruptcy court which has wasted substantial judicial resources;
Moda has willfully and intentionally disobeyed numerous court orders and has failed to
pay more than $500,000 in court sanctions. Moda's conduct has been documented in
many, many court orders in this court and the bankruptcy court. Appellant's argument
that terminating sanctions are not warranted has absolutely no merit. [Appellant's brief,
12:20-28].

\ \ \

\ \ \

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING
BRIEF

# IV.  ARGUMENT

**1.**  **<u>Judge Russell's Order of Dismissal and His Nineteen Page (19) Memorandum of Decision Relating to Appellant's Motion to Reconsider the Dismissal of Appellant's Adversary Complaint is Well-Reasoned and is Not Unreasonable, Arbitrary or Capricious Under the Law.</u>**

*In re McCutcheon,* 629 B.R. 311 (2021), Plaintiff brought an adversary action seeking to revoke a debtor's Chapter 13 discharge.  The Court granted debtor's motion to dismiss for failure to prosecute and the Plaintiff moved to reconsider the motion.  The Court held that the Plaintiff failed to demonstrate any manifest error in law or any excusable neglect that may warrant relief from the dismissal.  The Court also held that it did not violate plaintiff's procedural or substantive due process rights.

In the *McCutcheon* case, the movant claimed that the Court acted in a "biased and unconstitutional" manner when it dismissed the adversary case.  The Court presumed this was the Movant's way of saying that his procedural and substantive due process rights were violated.  However, after a thorough review of the arguments at the hearing and the docket, "the Court outlined in a memorandum opinion its finding that the Movant failed to prosecute his case and why dismissal was appropriate under Rule 41(b). The Court's thorough analysis of the Movant's delay demonstrates its findings were not unreasonable, arbitrary, or capricious." *In re McCutcheon, supra,* 629 B.R. at 320.

The *McCutcheon* court further stated:

"The Court has "the inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." [Citation omitted] In accordance with that power, 'a court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.' *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Congress enacted the Rules of Civil Procedure, including Rule 41(b), 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1. Dismissal for failure to comply with a court order and clear delays in judicial proceedings directly advances Congress's stated objective. Because the challenged act was not unreasonable, arbitrary, or capricious and advanced a permissible legislative objective, the Court does not find the Movant was denied substantive due process." *In re McCutcheon, supra,* 629 B.R. at 320.

In addition, in *McCutcheon,* the movant claimed:

"[H]e did not receive notice of the ongoing proceedings including the failure of Mr. Madigan to produce the documents. The docket shows the Bankruptcy Noticing Center, the 'BNC', mailed copies of the Consolidated Pretrial Order, the Order Scheduling Trial, and the Order Amending the Scheduling Order to the Movant's home address. . . . Mr. Woodall also mailed copies of the Respondent's motion to compel, motion to dismiss, and motion for sanctions to the Movant as well as the Movant's attorney. Def.'s Mot. to Compel, ECF No. 132; Def.'s Mot. for Sanctions, ECF No. 142, Ex. 17. 'The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee.' *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996). Because the Movant offered no evidence to rebut the presumption that the aforementioned properly mailed documents were not received by the Movant, the Court cannot find the Movant did not have notice of the proceedings." *In re McCutcheon, supra,* 629 B.R. at 321.

Here, Appellant argues in his brief that terminating sanctions were not warranted under LBR 7016-1 because there is:

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING BRIEF

"[N]o evidence of willfulness, bad faith, or gross negligence and the punishment is not proportionate to Appellant not appearing at a single status conference as which no substantive activity was intended to be taken in the matter.  Indeed, while respect for the Bankruptcy Court's docket, schedule and status conference should always be maintained, as reflected in the case filings, the setting of the status conferences in the Adversary Proceeding was purely a formality given no substantive activity was expected to occur while the State Court Action remained on appeal." [Appellant's Brief, 12:20-24]

It seems the Appellant has completely missed the point on why Judge Russell dismissed his adversary proceeding.  In Judge Russell's Memorandum of Decision and in his original Order of Dismissal, the key issues for dismissal were that Appellant Moda, failed to file a status report, failed to appear at the status conference on June 4, 2024, disobeyed two (2) court orders, by failing to respond, to show cause as to why the case should not be dismissed and then he lied to the Court stating that he was never served with the first OSC, but in fact he had been served by the bankruptcy Noticing Center.  Due to these issues, the Court found that Moda's denial of not being served not to be credible and he did not rebut the presumption that he received the OSC. [Appellant's Appendix, Vol. 1, ECF 97, ER-3; 2:7-10].

Judge Russell's Memorandum of Decision also thoroughly lays out an explanation for all the factors to discuss as referenced in *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994) which includes (1)  The Public's Interest in Expeditious Resolution of Litigation; (2) The Court's Need to Manage Its Docket; (3) The Risk of Prejudice to the Defendant; and (4) Public Policy Favoring the Disposition of Cases on Their Merits; and (5) The

Unavailability of Less Drastic Sanctions.  [See Appellant's Appendix, Vol. 6, ECF No. 119, ER-1030-1032].

It should be noted in Judge Russell's conclusion in the Memorandum of Decision he states:

> "Moda's claims that terminating sanctions are now warranted because there is no evidence of willfulness and that the dismissal of the adversary proceeding was manifestly unjust is belied by the history of his abuse of the legal system both in this Court and the District Court and the burden is improper conduct had on both this Court and the debtor as discussed *infra.*"

The facts, law and analysis in the Memorandum of Decision are certainly not unreasonable given the circumstances and neither is it arbitrary or capricious under the law.

### 2. **Appellant Has Engaged in Extreme Misconduct in Disobeying Court Orders Issued by Judge Russell.**

Appellant Moda's version of the facts relating to Judge Russell's dismissal reads as if he has been an ethical, honest and "star" litigant in this case.  That cannot be farther from the truth.  Moda argues in his opening brief:

> "Furthermore, the Bankruptcy Court's finding that dismissal of the Adversary Proceeding 'with prejudice will relieve the Court of the possibility of having to deal with future abuses of Moda regarding the adversary proceeding' is unsupported by the record.  Aside from a single non-appearance at a status conference where no substantive activity was going to take place, Appellant prosecuted the Adversary Proceeding diligently by attending status conference and filing status report, all while the Adversary Proceeding remained stayed.  There is no evidence of any abusive conduct by Appellant in the Adversary Proceeding.  The Appellant's conduct in the Bankruptcy Court is not at issue here and was

14

not the result of Appellant's failure to prosecute." [Appellant's Brief, 17:12-18:2]

Again, Moda misses the point here and fails to state the true facts. As stated above, Moda failed to attend a status conference on June 4, 2024 and failed to file a status report. An Order to Show Cause Why the Case Should not be Dismissed ("OSC") was set by Judge Russell for August 6, 2024. At the hearing, Moda lied about being served with the OSC paperwork. He actually was served with the OSC on June 6, 2024 by the Bankruptcy Noticing Center. Judge Russell set another OSC hearing on September 24, 2024 and Moda was required to respond to the OSC in writing by September 10, 2024. Moda again filed no response. Instead of Moda filing a response, his prior attorney Mr. Bhola (who had been substituted out of the case by this time) filed an unauthorized response to the OSC.

In *In re Acosta,* 497 B.R. 25 (2013), Debtors reopened their Chapter 7 case and brought an adversary proceeding alleging a creditor had violated the discharge injunction by filing, recording, and registering mortgage deed and initiating foreclosure proceedings against debtors post-discharge. (Sound familiar?) The court granted debtors' motion for partial summary judgment, ruling that the creditor had violated the discharge. The adversary proceeding was subsequently dismissed for lack of prosecution and the debtors filed a motion for reconsideration. The court held that the debtors' failed to comply with court orders which constituted extreme misconduct warranting dismissal of the adversary proceeding for failure to prosecute.

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING BRIEF

In the *Acosta* case, the Court also held the following:

"The trial court has wide discretion to dismiss for lack of prosecution under Fed. R. Civ. P. 41(b). *Glo Co. v. Murchison & Co.,* 397 F.2d 928, 929 (3rd Cir.1967), *cert. denied* 393 U.S. 939, 89 S.Ct. 290, 21 L.Ed.2d 276 (1968). "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case. *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981). "Dismissal for lack of prosecution is appropriate even absent consideration of lesser sanctions where the plaintiff has engaged in 'extreme conduct', such as knowing disobedience of a court order. *See Roman v. Carrion (In re Rodriguez Gonzalez),* 396 B.R. 790, 798 (1st Cir. BAP 2008), citing *Rivera Diaz v. American Airlines, Inc.,* 433 F.3d 120, 123 (1st Cir.2005) explaining that appellant challenging dismissal for disobedience of court order is confronted with a 'heavy burden'). [See also *Torres–Alamo v. Puerto Rico,* 502 F.3d 20, 25 (1st Cir.2007) **concluding that the trial court did not abuse its discretion in dismissing claims where appellant disregarded the court's previous order to show cause why claims should not be dismissed**). (Emphasis added.)

" '[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.' *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir.2003). Defiance of court orders and ignoring previous warnings made by the court are also examples of extreme misconduct. *Chamorro v. Puerto Rican Cars, Inc.,* 304 F.3d 1, 5 (1st Cir.2002), [Citation omitted].'" *In re Acosta*, 497 B.R. 25, 35 (2013).

Here, Appellant knowingly disobeyed two court Orders to Show cause and lied to the Court about getting served with one of them. This is extreme misconduct and is enough justification for Judge Russell to dismiss the adversary proceeding. In Judge Russell's Memorandum of Decision for the motion for reconsideration, he discusses that

on May 24, 2024 Moda filed a bizarre updated Status Conference Report wherein he

states:

> "This court recognizes that it lacks the jurisdiction and the authority
> to do anything else besides declare that 'there is a stay' (which there
> is not).  Creditor, Mr. Moda, made it abundantly clear that he is not
> going to abide by a void admonition to relinquish the real property
> and put himself in jeopardy of violating banking laws and lender
> laws.

> "While we sympathize with the court's lack of jurisdiction, that is
> something for the Article Ill court to decide, and we are ready to
> have that issue considered."

Judge Russell goes on to explain:

> "This report is bizarre because almost two months prior to this May 24,
> 2024 status report, on March 27, 2024, the District Court [Judge Hsu]
> dismissed Moda's appeal from this Court's January 19, 2024 order
> sanctioning Moda and his attorney, Vip Bhola, for violations of the
> automatic stay.

> "Considering this statement of defiance, it is no surprise that Moda did not
> file a status report or appear at the June 4, 2024 status conference.
> Although Moda had previously filed numerous status reports and had
> appeared at prior status conferences, **the Court finds that he did not
> intend to appear or have Bhola appear on his behalf on June 4, 2024.**
> He no doubt felt that this Court might impose another monetary sanction
> which he would simply' ignore as he had previously done numerous times.
> As will be further discussed herein, this Court has already imposed almost
> $500,000 in sanctions against Moda, of which not one dollar has been
> paid." [ER-1019-1020]

Finally, Judge Russell states:

> "Unlike the cases cited by Moda generally dealing with the negligent
> conduct of a party resulting in the delay of the prosecution of civil cases,
> the dismissal with prejudice of Moda's adversary proceeding does not deal
> with merely the negligent conduct of Moda but rather a **willful defiance of**

---

17

this Court by Moda not filing the required status report or not
appearing at the status conference, evidencing a continuation of
defiance of orders of this Court."

### 3.  In Judge Russell's 19-Page Memorandum of  Decision Relating to the Motion for Reconsideration, He Discusses Why Alternatives to Dismissal for Lack of Prosecution are Infeasible.

In *In re Eisen,* 31 F.3d 1447(1994), the court held that "explicit discussion of

alternatives is" never "necessary for an order of dismissal to be upheld. *Malone,* 833

F.2d at 132.  As the BAP stated in *Osinga,* '[u]nder egregious circumstances, it is

unnecessary (although helpful) for a trial court to discuss why alternatives to dismissal

are infeasible.'  *Osinga,* 91 B.R. at 895."

Judge Russell's 19-Page Memorandum of Decision [Appellant's Appendix, Vol.

6, ECF No. 119, ER-1015-1034] provides a thorough discussion all the factors that

should be considered relating to his Order of Dismissal for Moda's failure to prosecute

the Adversary Proceeding.  These factors are set out in *In re Eisen*, 31 F.3d 1447, 1451

(9th Cir. 1994) [ER-1030 – 1032].  The most important factor here is the one relating to

the alternative sanctions that could have been issued.  Specifically, Judge Russell states

the following pertinent analysis:

"5.  **The Unavailability of Less Drastic Sanctions** – As discussed, *infra,*
Moda's history of defiance of numerous court orders has resulted in
sanctions now in the amount of approximately $500,000 with not a dollar
being paid.  The only **order** finally complied with was the five months after

18

it was issued and only to avoid incarceration, but with a final sanction of $144,000 still unpaid.

"Clearly under these circumstances, the only appropriate sanction is the dismissal of the adversary proceeding, with prejudice, there being no less drastic sanctions being available." [ER-1032, 18:11-19].

The **order** referred to above relates to a June 4, 2024 "Order to Show Cause Why Additional Punitive Damages Should Not be Imposed on Kevin Moda for his Failure to Remediate his Actions Taken in Violation of the Automatic Stay (Docket No.1124) to be heard on August 6, 2024 at 10:00 a.m." [ER-1026, 12:18-21] This order was issued in the main bankruptcy case.

Judge Russell further states in the Memorandum of Decision that:

"At the August 6 hearing, the Court stated that if it found Moda in further contempt of the March 20, 2024 order and stated that it would grant the debtor's request to incarcerate Moda until he complied with the remedial order." [ER-1026, 12:23-26].  "On August 16, 2024 (5 months after the March 20, 2024 original order to remediate his actions was issued), Moda, represented by Mr. Woo, filed a declaration that he had taken all of the remedial action ordered by this Court." [ER-1027; 13:22-23]

**4.  Appellant has Engaged in Intentional and Willful Abusive, Egregious and Harassing Conduct Both Judicially and to the Mazgani Family With Respect to the Filing of Frivolous Motions, Appeals and Cases Related to Mahvash Mazgani's Bankruptcy Action.**

Appellant's conduct in intentionally harassing both this Court, the Bankruptcy Court and the Mazgani Family with respect to the Mahvash Mazgani's bankruptcy should be taken into account in affirming Judge Russell's decision to dismiss the subject

19

Adversary Action.  There must be an end to Mr. Moda's abusive judicial conduct in trying to do a "work around" to enforce the subject state court judgment.  Appellee believes Moda has engaged in filing more than twenty or thirty frivolous appeals, motions and cases which have either affirmed a ruling by Judge Russell, been denied or have been dismissed.  The following is a sample of his egregious, harassing and abusive misconduct:

(1)    It all started in September 2023 when Moda filed a motion in the bankruptcy court for an Order Confirming the Termination of Stay.  This order was denied by Judge Russell in October 2023.  Moda then appealed Judge Rusell's order to this Court.

(2)    While the appeal was pending in this Court, Moda (and his attorney Vipan Bhola) violated the stay by attempting to enforce Moda's non-final state court judgment against Mahvash Mazgani.  Moda's violation of the stay included sending letters to the Debtor's tenants identifying himself as the owner of the Debtor's property and directing them to suspend rent payments to the Debtor and delivering eviction notices to the tenants. Moda continued to violate the stay by recording grant deeds on the two properties owned by the Debtor and filing and recording a Notice of Change of Ownership on the subject Properties to a third party named Mr. Aslan.

(3)    The bankruptcy court ordered Moda to record recissions of the Grant Deed and ordered sanctions against Moda and Vipan Bhola in the sum of $34,956.  The

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING BRIEF

sanctions have not been paid and accrue at $1,000 per day.  It wasn't until five (5)

months later that he rescinded the deeds.  At this time the sanctions owed by Moda are

over $500,000.

(4)    Moda then filed a series of appeals, a new case and a myriad of motions

in this court including:

- An appeal in the subject adversary action for three orders relating
  to the employment of Klapach & Klapach; an Order Denying
  Disgorgement of Fees; and the Order Denying Moda's Motion
  Confirming the Termination of the Stay.  The Order Denying
  Termination of Stay was affirmed.  This Court had no jurisdiction
  over the other two orders.

- An appeal relating to Judge Russell's Order Granting Damages
  and Sanctions against Moda for violation of the stay.  The order of
  the bankruptcy court was affirmed.

- A new district court case, on April 4, 2024,  based on diversity
  which was initiated by a third party, Mr. Aslan, and was filed
  against Nazanin and Neyaz Mazgani.  The Mazganis filed a
  Motion to Dismiss the case which was granted after determining
  the grant deeds were invalid as they violated the automatic stay
  and Mr. Aslan had no standing.  In addition, Moda filed a "Motion

for Relief Under Rule 60(b)(d)" which was also denied by this Court. **On June 16, 2025, Moda filed a Notice of Appeal of this case to the 9th Circuit.**

- A Motion for Reconsideration of the denial of the *Aslan v. Mazgani* case. This was denied.

- Another appeal of two (2) orders issued by the Bankruptcy Court on March 20, 2024. The Bankruptcy Orders held Kevin Moda and Vipan Bhola in Contempt for their Failure to Pay Sanctions for Violation of the Stay and an Order Holding Kevin Moda in Contempt for his Continued and Willful Violation of the Automatic Stay.

- Another appeal of the Bankruptcy Court's April 11, 2024 Order Denying Creditor Kevin Moda's Motion for Damages and Sanctions Against Mahvash Mazgani, Felton Newell, Joseph Klapach and James Selth for Willful Violation of the Automatic Stay. (The violation was about the filing of the appeal of the State Court Judgment). This Court denied this motion as "frivolous on its face."

\ \ \

\ \ \

- Another appeal being taken from an alleged order imposing contempt sanctions against Moda.  There was no such order on the bankruptcy docket.

- In each of the appeals Moda filed a series of unrelated motions, briefs and *ex parte* applications, most of which have hundreds of pages and none of them had any merit.  They were all denied by this Court.  For instance, Moda filed several motions from this adversary action requesting to remove Judge Russell from the underlying bankruptcy action, despite this Court entering multiple orders denying his request.

- Moda then began requesting this Court to compel the dismissal of the Mazganis' appeal of the State Court Judgment.  Moda file an *ex parte* application on April 18, 2004 for an Order that the Debtor Must Dismiss the Unauthorized Appeals She Filed.  This order was denied and the order of this Court explained that "[I]n light of Appellant's repeated abuse of the *ex parte* procedures, the absolute lack of merit to the instant *Ex Parte* Application, and the consistency with which Appellant filed frivolous motions," the *ex parte* is denied.  This Court further stated: "[I]f Appellant files any future motions that the Court determines to be frivolous, the Court

23

will set an order to show cause why sanctions should not be imposed under Rule 9011(c)(1)(B).

- Despite the above order being entered, Moda still filed two more motions including a "Motion to Dismiss the Appeals Filed from State Court Judgments" and a "Motion to Order All Related Matters Dismissed for Lack of Jurisdiction." Those motions were denied.

This all must stop. It is a waste of judicial resources, waste of money, it is causing extreme prejudice to the Debtor and her family and their financial resources. Appellee respectfully requests this Court to affirm Judge Russell's Order dismissing the subject adversary complaint.

## V. CONCLUSION

In light of all this Court's work, the Bankruptcy Court's work and the Mazgani's work to deflect and hopefully end Moda's litigation nightmare for all involved, Appellee respectfully request that this Court affirm Judge Russell's Order dismissing the adversary complaint. The abusive and seriously egregious litigation misconduct of Moda must end. The facts, evidence and reasoning in Judge Russell's Memorandum of Decision should be made final.

Dated: June 25, 2025

/s/ Nazanin Mazgani

Nazanin Mazgani, Attorney for Appellee, Mahvash Mazgani

24

# VI.  CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FRBP Rule 8015(a)(7)(B) because it contains 6351 words and 24 pages, excluding the parts of the brief exempted by FRBP Rule 8015(g).

Dated:  June 25, 2025                    /s/ Nazanin Mazgani

Nazanin Mazgani, Attorney for Appellee, Mahvash Mazgani

APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING BRIEF

## PROOF OF SERVICE OF DOCUMENT

I, Nazanin Mazgani, declare that I am over the age of 18 and a party to this action. my address is: 10954 Massachusetts Ave, Los Angeles, California 90024

On **June 25, 2025**, I served a copy of the following documents described as

**APPELLEE, MAHVASH MAZGANI'S, BRIEF IN RESPONSE TO APPELLANT'S OPENING BRIEF**

on the interested party(ies) in this action as follows: in the manner set forth below:

**[ x ] TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**   On June 25, 2025, I checked the CM/ECF docket for this proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) state below:

ATTORNEY FOR PLAINTIFF FELIX T WOO fwoo@ftwlawgroup.com

**[ ]   SERVED BY UNITED STATES MAIL**:   On June 25, 2025, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy of the above-indicated document(s) in a sealed envelope and deposited with the United States Postal Service, California, with First Class postage thereon fully prepaid, and addressed as follows:

**[ ]   SERVED BY OVERNIGHT DELIVERY OR PERSONAL SERVICE:** On June 26, 2025, I served the following persons and/or entities by personal delivery or overnight mail service by depositing true and correct copies of the above-indicated document(s) in an envelope or package designated by said service with delivery fees paid and placing same in a box or other facility regularly maintained by: [ ] GSO OVERNITE; [ ] U.S. EXPRESS MAIL SERVICE; [   ] FEDERAL EXPRESS; [ ] PERSONAL SERVICE.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 25, 2025, at Los Angeles, California.

_/s/Nazanin Mazgani_____
Nazanin Mazgani